**CA02db Intake**

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Thursday, December 12, 2019 9:48 AM |
| **To:** | NYSD CourtMail |
| **Subject:** | Activity in Case 1:11-cv-00691-LAK-RWL Chevron Corporation v. Donziger et al Appeal Record Sent to USCA - Electronic File |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 12/12/2019 at 9:47 AM EST and filed on 12/12/2019

| | |
|---|---|
| **Case Name:** | Chevron Corporation v. Donziger et al |
| **Case Number:** | [1:11-cv-00691-LAK-RWL](#) |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for [2420] Notice of Appeal filed by Steven Donziger were transmitted to the U.S. Court of Appeals. (nd)**

**1:11-cv-00691-LAK-RWL Notice has been electronically mailed to:**

Stuart Alan Krause     skrause@zeklaw.com, 8389256420@filings.docketbird.com, mantonivich@zeklaw.com

Charles MacNeil Mitchell     cmitchel@winston.com, docketny@winston.com

Steven J. Hyman (Terminated)     Shyman@mclaughlinstern.com

Gordon Mehler (Terminated)     gmehler@mehlerlaw.com

Andrew James Frisch     afrisch@andrewfrisch.com

Benjamin H. Green     bgreen@zeklaw.com

James J. Rohn     jrohn@conradobrien.com

F. Gerald Maples (Terminated)    federal@fgmapleslaw.com, gmaples@fgmapleslaw.com

James Duncan Bailey    james@baileyduquette.com

Rita Marie Glavin    glavin@sewkis.com

S. Alyssa Young    ayoung@leaderberkon.com

Thomas Key Richards    trichards@singhtraubenlaw.com

Randy M. Mastro    rmastro@gibsondunn.com, MAO@gibsondunn.com, aarias@gibsondunn.com,
asantamaria@gibsondunn.com, cpico@gibsondunn.com, tmorgan2@gibsondunn.com

Robert C. Blume    rblume@gibsondunn.com

Steven Robert Donziger    StevenRDonziger@gmail.com, sdonziger@donzigerandassociates.com

Frederick Reed Kessler    Fkessler@wmd-law.com

Reed Michael Brodsky    rbrodsky@gibsondunn.com, MAO@gibsondunn.com, aarias@gibsondunn.com

James Kenneth Leader    jkleader@leaderberkon.com

Norman H Siegel (Terminated)    siegelnorman@aol.com

Julio Cesar Gomez    jgomez@gomezllc.com, jgomez@stonemagnalaw.com

Michael Erik Sims    msims@zeklaw.com

Michael Lloyd Yaeger    myaeger@carltonfields.com, courtfilings@srz.com, ecf-1822127e5d6b@ecf.pacerpro.com,
evan.melluzzo@srz.com

Joel Michael Silverstein    jsilverstein@sgklaw.com, dshephard@sgklaw.com, hstern@sgklaw.com,
mdinger@sgklaw.com

Paula Lenore Blizzard (Terminated)    paula.blizzard@doj.ca.gov, laura.namba@doj.ca.gov,
michael.battaglia@doj.ca.gov

Brian Paul Maloney    maloney@sewkis.com

Jefferson Eliot Bell    jbell@gibsondunn.com, MAO@gibsondunn.com, aarias@gibsondunn.com,
lfanady@gibsondunn.com

Anne Marie Champion    achampion@gibsondunn.com, MAO@gibsondunn.com, aarias@gibsondunn.com,
rdudley@gibsondunn.com

Caroline Curtiss Marino    cmarino@leaderberkon.com

Zoe Littlepage    zoe@littlepagebooth.com

Scott A Edelman    sedelman@gibsondunn.com

Seth D. Ard    sard@susmangodfrey.com, ecf-7bb0ee8b6051@ecf.pacerpro.com, ecf-cb051334f073@ecf.pacerpro.com, mritter@susmangodfrey.com

William Edward Thomson    wthomson@gibsondunn.com

Andrea Ellen Neuman    aneuman@gibsondunn.com, MAO@gibsondunn.com

Jeffrey David Coren    jcoren@phillipslytle.com, lvaughn@phillipslytle.com, shoover@phillipslytle.com

Nikki H. Vo (Terminated)    nvo@keker.com, efiling@keker.com, nikki-vo-4446@ecf.pacerpro.com, rcirelli@keker.com, roseann-cirelli-2838@ecf.pacerpro.com

Joshua J. Voss    jvoss@conradobrien.com, jpaulukas@conradobrien.com

Patricia Mary Hamill    PHAMILL@CONRADOBRIEN.COM, kphy@conradobrien.com

Tyler Geoffrey Doyle (Terminated)    tydoyle@skv.com, cbryan@skv.com, fbernier@skv.com, francoise-bernier-1433@ecf.pacerpro.com, hchavez@skv.com, jstewart@skv.com, lcasas@skv.com, lmurphy@skv.com, madams@skv.com, ssloan@skv.com

Jason B. Stavers    jstavers@gibsondunn.com, dluca@gibsondunn.com

Justina K. Sessions (Terminated)    jsessions@keker.com, efiling@keker.com, jselby@keker.com, julie-selby-5502@ecf.pacerpro.com, justina-sessions-8149@ecf.pacerpro.com

Richard Henry Friedman    rfriedman@friedmanrubin.com, dwatkins@friedmanrubin.com

Alex Brian Silverman    ASilverman@carltonfields.com, sabdallah@carltonfields.com

Mary Beth Maloney    mmaloney@gibsondunn.com, mao@gibsondunn.com

Herbert J Stern    hstern@sgklaw.com, dshephard@sgklaw.com, njdocketcontrol@sgklaw.com

Sareen Karla Armani    armani@sewkis.com

Aaron M. Page    aaron@forumnobis.org

**1:11-cv-00691-LAK-RWL Notice has been delivered by other means to:**

John Rodgers


Laura Belanger

APPEAL,CASREF,ECF,PRO–SE,RELATED

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:11–cv–00691–LAK–RWL

| | |
|---|---|
| Chevron Corporation v. Donziger et al | Date Filed: 02/01/2011 |
| Assigned to: Judge Lewis A. Kaplan | Jury Demand: None |
| Referred to: Magistrate Judge Robert W. Lehrburger | Nature of Suit: 470 Racketeer/Corrupt Organization |
| Related Cases: 1:10–mc–00002–LAK | Jurisdiction: Federal Question |

Related Cases:  1:10–mc–00002–LAK
     1:11–cv–03718–LAK–JCF
     1:12–cv–09176–LAK–JCF
     1:12–cv–05570–LAK
     1:14–mc–00144–LAK
     1:14–mc–00392–LAK
Related Case:  1:19–cr–00561–LAP–1
Case in other court:  US Court of Appeals, Second Circuit,
      14–00826–cv
      US Court of Appeals, Second Circuit,
      14–00832
Cause: 18:1962 Racketeering (RICO) Act

**Special Master**

**Max Gitter**

**Special Master**

**Theodore H. Katz**

**Plaintiff**

**Chevron Corporation**        represented by **Andrea Ellen Neuman**
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212)–351–3883
Fax: (212)–351–4035
Email: aneuman@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Anne Marie Champion**
Gibson, Dunn & Crutcher, LLP
200 Park Avenue, 48th Floor
New York, NY 10166
(212)–351–4000
Fax: (212)–351–5281
Email: achampion@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Avi Weitzman**
Gibson, Dunn & Crutcher, LLP (NY)
200 Park Avenue, 48th Floor
New York, NY 10166
(212)–637–1205
Fax: (212)–637–2527
Email: aweitzman@gibsondunn.com
*TERMINATED: 07/30/2019*

**Christopher Michael Joralemon**
Gibson, Dunn & Crutcher, LLP (NY)
200 Park Avenue
New York, NY 10166
(212) 351–4000

Fax: (212) 351−4035
Email: cjoralemon@gibsondunn.com
*TERMINATED: 07/30/2019*

**Georgia K. Winston**
Gibson, Dunn & Crutcher, LLP (NY)
200 Park Avenue
New York, NY 10166
(212) 351−4000
Fax: (212) 351−4035
Email: gwinston@wmhlaw.com
*TERMINATED: 07/30/2019*

**Herbert J Stern**
Stern & Kilcullen LLC
325 Columbia Tpke, Ste 110, Po Box 992
Florham Park, NJ 07932
(973)−535−2600
Fax: (973)−535−9664
Email: hstern@sgklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason B. Stavers**
Gibson, Dunn & Crutcher LLP
1801 California St
Denver, CO 80202
(303)−298−5700
Fax: (303)−313−2818
Email: jstavers@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jefferson Eliot Bell**
Gibson, Dunn & Crutcher, LLP (NY)
200 Park Avenue
New York, NY 10166
(212)−351−4000
Fax: (212)−351−4035
Email: jbell@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Jeffrey David Coren**
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351−2674
Fax: (212) 351−6374
Email: jcoren@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Joel Michael Silverstein**
Stern & Kilcullen
75 Livingston Ave
Roseland, NJ 07068
(973)−535−2608
Fax: (973)−535−9644
Email: jsilverstein@sgklaw.com
*ATTORNEY TO BE NOTICED*

**Kristen Luise Hendricks**
Gibson, Dunn & Crutcher, LLP (NY)
200 Park Avenue
New York, NY 10166
(212)−351−4051

Fax: (212)–351–6339
Email: kristen.hendricks@gmail.com
*TERMINATED: 06/29/2012*

**Mary Beth Maloney**
Gibson, Dunn & Crutcher, LLP (NY)
200 Park Avenue
New York, NY 10166
(212)–351–2315
Email: mmaloney@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Randy M. Mastro**
Gibson, Dunn & Crutcher, LLP (NY)
200 Park Avenue, 47th Floor
New York, NY 10166
212–351–5391
Fax: 212–351–5328
Email: rmastro@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Reed Michael Brodsky**
Gibson, Dunn & Crutcher, LLP (NY)
200 Park Avenue
New York, NY 10166
(212)–351–4000
Fax: (212)–352–4035
Email: rbrodsky@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Robert C. Blume**
Gibson, Dunn & Crutcher, LLp (Denver)
1801 California Street, Suite 4200
Denver, CO 80202
(303)–298–5758
Fax: (303)–313–2870
Email: rblume@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Scott A Edelman**
Gibson Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067
(310)–552–8500
Fax: (310)–551–8741
Email: sedelman@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Edward Thomson**
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213)–229–7891
Fax: (213)–229–6891
Email: wthomson@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**United States of America**                represented by **Brian Paul Maloney**
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004

(212) 574–1448
Fax: (212) 480–8421
Email: maloney@sewkis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rita Marie Glavin**
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
212–574–1309
Fax: 212–480–8421
Email: glavin@sewkis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sareen Karla Armani**
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
(212)–574–1403
Email: armani@sewkis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Petitioner**

**Patricio Salazar Cordova**                    represented by **James Duncan Bailey**
Bailey Duquette P.C.
104 Charlton Street
Suite 1w
New York, NY 10011
917–797–5948
Email: james@baileyduquette.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**John Rodgers**                    represented by **John Rodgers**
PRO SE

**Movant**

**Laura Belanger**                    represented by **Laura Belanger**
PRO SE

V.

**Defendant**

**Steven Donziger**                    represented by **Elliot Remsen Peters**
*TERMINATED: 03/04/2014*                    Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415)–391–5400
Fax: (415)–397–7188
Email: epeters@keker.com
*TERMINATED: 05/17/2013*
*LEAD ATTORNEY*

**Richard Henry Friedman**
Friedman | Rubin
1126 Highland Ave.
Bremerton, WA 98337
(360)−782−4300
Email: rfriedman@friedmanrubin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew James Frisch**
Andrew J. Frisch
One Penn Plaza
Suite 5315
New York, NY 10119
212−285−8000
Email: afrisch@andrewfrisch.com
*ATTORNEY TO BE NOTICED*

**Christopher Jacob Young**
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415)−391−5400
Fax: (415)−397−7188
Email: cyoung@kvn.com *(Inactive)*
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jan Nielsen Little**
Keker & Van Nest, LLP
633 Battery Street
San Francisco, CA 94111
(415) 391−5400
Fax: (415)−397−7188
Email: jlittle@keker.com
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**John W. Keker**
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111−1704
415/391−5400
Email: jkeker@kvn.com
*TERMINATED: 05/17/2013*

**Justina K. Sessions**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111
(415)−391−5400
Fax: (415)−397−7188
Email: jsessions@keker.com
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Werdegar**
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415)−391−5400
Fax: (415)−397−7188
Email: mwerdegar@keker.com

*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**Nikki H. Vo**
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415)−391−5400
Fax: (415)−397−7188
Email: nvo@keker.com
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paula Lenore Blizzard**
Office of The Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
415−510−3765
Email: paula.blizzard@doj.ca.gov
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Robert Donziger**
Donziger & Associates
245 W104th St., Suite 7d
New York, NY 10025
(917)−678−3943
Fax: (212) 409−8628
Email: StevenRDonziger@gmail.com
*ATTORNEY TO BE NOTICED*

**William S. Hicks**
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415)−391−5400
Fax: (415)−397−7188
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zoe Littlepage**
The Littlepage Firm, P.C.
2043a W. Main Street
Houston, TX 77098
(713)−529−8000
Fax: (713)−529−8044
Email: zoe@littlepagebooth.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**The Law Offices of Steven R. Donziger**
*TERMINATED: 03/04/2014*

represented by **Elliot Remsen Peters**
(See above for address)
*TERMINATED: 05/17/2013*
*LEAD ATTORNEY*

**Richard Henry Friedman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Jacob Young**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jan Nielsen Little**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**John W. Keker**
(See above for address)
*TERMINATED: 05/17/2013*

**Justina K. Sessions**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Werdegar**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**Nikki H. Vo**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paula Lenore Blizzard**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Robert Donziger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William S. Hicks**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zoe Littlepage**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pablo Fajardo Mendoza**
*TERMINATED: 04/23/2018*

**Defendant**

**Luis Yanza**
*TERMINATED: 04/23/2018*

**Defendant**

**Frente de Defensa De La Amazonia**
*TERMINATED: 04/23/2018*

*also known as*
Amazon Defense Front
*TERMINATED: 04/23/2018*

**Defendant**

**Selva Viva Selviva CIA, Ltda**
*TERMINATED: 04/23/2018*

**Defendant**

**Stratus Consulting, Inc.**
*TERMINATED: 04/08/2013*

represented by **Benjamin H. Green**
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022
(203)–622–0900
Fax: (203)–862–9889
Email: bgreen@zeklaw.com
*ATTORNEY TO BE NOTICED*

**Gordon Mehler**
Law Offices of Gordon Mehler, P.L.L.C.
747 Third Avenue
32nd Floor
New York, NY 10017
(212) 527–7503
Fax: (212) 527–7504
Email: gmehler@mehlerlaw.com
*TERMINATED: 05/05/2011*

**Jessica R. Torbin**
Silver & Deboskey, A Professional
Corporation
1801 York Street
Denver, CO 80206
(303)–399–3000
Fax: (303)–399–2650
Email: torbinj@s–d.com
*TERMINATED: 02/06/2012*
*PRO HAC VICE*

**Joe L. Silver**
Silver & Deboskey, A Professional
Corporation
1801 York Street
Denver, CO 80206
(303)–399–3000
Fax: (303)–399–2650
Email: silverj@s–d.com
*TERMINATED: 03/12/2013*
*PRO HAC VICE*

**John W. Keker**
Keker & Van Nest, LLP
633 Battery Street
San Francisco, CA 94111–1704
(415)–391–5400
Fax: (415)–397–7188
Email: jkeker@kvn.com
*TERMINATED: 05/17/2013*

**Martin Beier**
Silver & Deboskey, A Professional
Corporation
1801 York Street
Denver, CO 80206

(303)–399–3000
Fax: (303)–399–2650
Email: beierm@s–d.com
*TERMINATED: 03/12/2013*
*PRO HAC VICE*

**Michael Erik Sims**
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022
(212) 223–0400
Fax: (212) 753–0396
Email: msims@zeklaw.com
*ATTORNEY TO BE NOTICED*

**Stuart Alan Krause**
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, NY 10036
212–223–0400
Fax: 212–753–0396
Email: skrause@zeklaw.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Stratus Consulting , Inc.**                    represented by    **Benjamin H. Green**
*TERMINATED: 04/08/2013*                                         (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Gordon Mehler**
                                                                 (See above for address)
                                                                 *TERMINATED: 05/05/2011*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Jessica R. Torbin**
                                                                 (See above for address)
                                                                 *TERMINATED: 02/06/2012*
                                                                 *PRO HAC VICE*

                                                                 **Joe L. Silver**
                                                                 (See above for address)
                                                                 *TERMINATED: 03/12/2013*
                                                                 *PRO HAC VICE*

                                                                 **Martin Beier**
                                                                 (See above for address)
                                                                 *TERMINATED: 03/12/2013*

                                                                 **Stuart Alan Krause**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Douglas Beltman**                              represented by    **Benjamin H. Green**
*TERMINATED: 04/11/2013*                                         (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Gordon Mehler**
                                                                 (See above for address)
                                                                 *TERMINATED: 05/05/2011*

                                                                 **Jessica R. Torbin**
                                                                 (See above for address)
                                                                 *TERMINATED: 02/06/2012*

*PRO HAC VICE*

**Joe L. Silver**
(See above for address)
*TERMINATED: 03/12/2013*
*PRO HAC VICE*

**Martin Beier**
(See above for address)
*TERMINATED: 03/12/2013*
*PRO HAC VICE*

**Michael Erik Sims**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart Alan Krause**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ann Maest**                    represented by    **Benjamin H. Green**
*TERMINATED: 04/11/2013*                          (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Gordon Mehler**
(See above for address)
*TERMINATED: 05/05/2011*

**Jessica R. Torbin**
(See above for address)
*TERMINATED: 02/06/2012*
*PRO HAC VICE*

**Joe L. Silver**
(See above for address)
*TERMINATED: 03/12/2013*
*PRO HAC VICE*

**Martin Beier**
(See above for address)
*TERMINATED: 03/12/2013*
*PRO HAC VICE*

**Michael Erik Sims**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart Alan Krause**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maria Aguinda Salazar**
*TERMINATED: 04/23/2018*

**Defendant**

**Carlos Grefa Huatatoca**
*TERMINATED: 04/23/2018*

**Defendant**

**Catalina Antonia Aguinda Salazar**
*TERMINATED: 04/23/2018*

**Defendant**

**Lidia Alexandra Aguinda Aguinda**
*TERMINATED: 04/23/2018*

**Defendant**

**Patricio Alberto Chimbo Yumbo**
*TERMINATED: 04/23/2018*

**Defendant**

**Clide Ramiro Aguinda Aguinda**
*TERMINATED: 04/23/2018*

**Defendant**

**Luis Armando Chimbo Yumbo**
*TERMINATED: 04/23/2018*

**Defendant**

**Beatriz Mercedes Grefa Tanguila**
*TERMINATED: 04/23/2018*

**Defendant**

**Lucio Enrique Grefa Tanguila**
*TERMINATED: 04/23/2018*

**Defendant**

**Patricio Wilson Aguinda Aguinda**
*TERMINATED: 04/23/2018*

**Defendant**

**Celia Irene Viveros Cusangua**
*TERMINATED: 04/23/2018*

**Defendant**

**Francisco Matias Alvarado Yumbo**
*TERMINATED: 04/23/2018*

**Defendant**

**Francisco Alvarado Yumbo**
*TERMINATED: 04/23/2018*

**Defendant**

**Olga Gloria Grefa Cerda**
*TERMINATED: 04/23/2018*

**Defendant**

**Lorenzo Jose Alvarado Yumbo**
*TERMINATED: 04/23/2018*

**Defendant**

**Narcisa Aida Tanguila Narvaez**
*TERMINATED: 04/23/2018*

**Defendant**

**Bertha Antonia Yumbo Tanguila**
*TERMINATED: 04/23/2018*

<u>Defendant</u>

**Gloria Lucrecia Tanguila Grefa**
*TERMINATED: 04/23/2018*

<u>Defendant</u>

**Franciso Victor Tanguilla Grefa**
*TERMINATED: 04/23/2018*

<u>Defendant</u>

**Rosa Teresa Chimbo Tanguila**
*TERMINATED: 04/23/2018*

<u>Defendant</u>

**Jose Gabriel Revelo Llore**
*TERMINATED: 04/23/2018*

<u>Defendant</u>

**Maria Clelia Reascos Revelo**
*TERMINATED: 04/23/2018*

<u>Defendant</u>

**Maria Magdalena Rodriguez Barcenes**
*TERMINATED: 04/23/2018*

<u>Defendant</u>

**Hugo Gerardo Camacho Naranjo**      represented by   **Julio Cesar Gomez**
*TERMINATED: 03/04/2014*                               Julio C. Gomez, Attorney At Law LLC
                                                       The Sturde Building
                                                       111 Quimby Street
                                                       Suite 8
                                                       Westfield, NJ 07090
                                                       (908)–490–0360
                                                       Fax: (908)–490–0362
                                                       Email: jgomez@gomezllc.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Carlos A. Zelaya , II**
                                                       Mumphrey Law Firm, L.L.C
                                                       33 Oak Harbor Blvd
                                                       Slidell, LA 70458
                                                       (985) 649–0709
                                                       Fax: (985) 649–5706
                                                       Email: czelaya@mumphreylaw.com
                                                       *TERMINATED: 12/07/2011*
                                                       *PRO HAC VICE*

                                                       **Christina A. Bryan**
                                                       Smyser Kaplan & Veselka, L.L.P.
                                                       700 Louisiana Street
                                                       Suite 2300
                                                       Houston, TX 77002
                                                       (713) 221–2345
                                                       Fax: (713) 221–2320
                                                       *TERMINATED: 05/17/2013*
                                                       *PRO HAC VICE*

                                                       **Craig Smyser**

Smyser Kaplan & Veselka, LLP
717 Texas Avenue
Ste 2800
Houston, TX 77002
713–221–2330
Email: csmyser@skv.com
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**F. Gerald Maples**
F. Gerald Maples, P.A.
365 Canal Street; Suite 2650
New Orleans, LA 70130
(504)–569–8732
Fax: (504) 525–6932
Email: federal@fgmapleslaw.com
*TERMINATED: 02/19/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Garland D Murphy , IV**
Smyser Kaplan & Veselka, LLP
700 Louisiana
Suite 2300
Houston, TX 77002
(713) 221–2345
Fax: (713) 221–2320
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**Larry R Veselka**
Smyser Kaplan & Veselka, LLP
700 Louisiana
Suite 2300
Houston, TX 77002
(713) 221–2345
Fax: (713) 221–2320
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**Norman H Siegel**
Siegel Teitelbaum & Evans LLP
260 Madison Ave 22nd Floor
New York, NY 10016
212 455–0300
Fax: 212 448–0066
Email: siegelnorman@aol.com
*TERMINATED: 03/14/2011*

**Richard Henry Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sheldon Howard Elsen**
Orans, Elsen & Lupert, LLP
875 Third Avenue, 28th Flr
New York, NY 10020
(212) 586–2211
Fax: (212) 765–3662
Email: selsen@oellaw.com
*TERMINATED: 02/16/2011*

**Steven Robert Donziger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven J. Hyman**
McLaughlin and Stern, LLP
260 Madison Ave
New York, NY 10016
(212) 448–1100
Fax: (212) 448–6273
Email: Shyman@mclaughlinstern.com
*TERMINATED: 03/14/2011*

**Tyler Geoffrey Doyle**
Smyser Kaplan & Veselka, L.L.P.
717 Texas
Ste 2800
Houston, TX 77002–2761
713–221–2358
Fax: 713–221–2320
Email: tydoyle@skv.com
*TERMINATED: 05/17/2013*

<u>**Defendant**</u>

**Jose Miguel Ipiales Chicaiza**
*TERMINATED: 04/23/2018*

<u>**Defendant**</u>

**Heleodoro Pataron Guaraca**
*TERMINATED: 04/23/2018*

<u>**Defendant**</u>

**Luisa Delia Tanguila Narvaez**
*TERMINATED: 04/23/2018*

<u>**Defendant**</u>

**Lourdes Beatriz Chimbo Tanguil**
*TERMINATED: 04/23/2018*

<u>**Defendant**</u>

**Maria Hortencia Viveros Cusangua**
*TERMINATED: 04/23/2018*

<u>**Defendant**</u>

**Segundo Angel Amanta Milan**
*TERMINATED: 04/23/2018*

<u>**Defendant**</u>

**Octavio Ismael Cordova Huanca**
*TERMINATED: 04/23/2018*

<u>**Defendant**</u>

**Elias Roberto Piyahuaje Payahuaje**
*TERMINATED: 04/23/2018*

<u>**Defendant**</u>

**Javier Piaguaje Payaguaje**          represented by  **Julio Cesar Gomez**
*TERMINATED: 03/04/2014*                                (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Carlos A. Zelaya , II**

(See above for address)
*TERMINATED: 12/07/2011*
*PRO HAC VICE*

**Christina A. Bryan**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Craig Smyser**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**F. Gerald Maples**
(See above for address)
*TERMINATED: 02/19/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Garland D Murphy , IV**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**Larry R Veselka**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**Norman H Siegel**
(See above for address)
*TERMINATED: 03/14/2011*
*ATTORNEY TO BE NOTICED*

**Richard Henry Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sheldon Howard Elsen**
(See above for address)
*TERMINATED: 02/16/2011*

**Steven Robert Donziger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven J. Hyman**
(See above for address)
*TERMINATED: 03/14/2011*
*ATTORNEY TO BE NOTICED*

**Tyler Geoffrey Doyle**
(See above for address)
*TERMINATED: 05/17/2013*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**
**Daniel Carlos Lusitande Yaiguaje**
*TERMINATED: 04/23/2018*

**<u>Defendant</u>**

**Benancio Fredy Chimbo Grefa**
*TERMINATED: 04/23/2018*

**Defendant**

**Guillermo Vicente Payaguaje Lusitante**
*TERMINATED: 04/23/2018*

**Defendant**

**Delfin Leonidas Payaguaje Payaguaje**
*TERMINATED: 04/23/2018*

**Defendant**

**Alfredo Donaldo Payaguaje Payaguaje**
*TERMINATED: 04/23/2018*

**Defendant**

**Miguel Mario Payaguaje Payaguaje**
*TERMINATED: 04/23/2018*

**Defendant**

**Teodoro Gonzalo Piaguaje Payaguaje**
*TERMINATED: 04/23/2018*

**Defendant**

**Fermin Piaguaje Payaguaje**
*TERMINATED: 04/23/2018*

**Defendant**

**Reinaldo Lusitande Yaiguaje**
*TERMINATED: 04/23/2018*

**Defendant**

**Luis Agustin Payaguaje Piaguaje**
*TERMINATED: 04/23/2018*

**Defendant**

**Emilio Martin Lusitande Yaiguaje**
*TERMINATED: 04/23/2018*

**Defendant**

**Simon Lusitande Yaiguaje**
*TERMINATED: 04/23/2018*

**Defendant**

**Armando Wilfrido Piaguaje Payaguaje**
*TERMINATED: 04/23/2018*

**Defendant**

**Angel Justino Piaguage Lucitant**
*TERMINATED: 04/23/2018*

**Defendant**

**Donziger & Associates, PLLC**
*TERMINATED: 03/04/2014*

represented by **Elliot Remsen Peters**
(See above for address)
*TERMINATED: 05/17/2013*
*LEAD ATTORNEY*

**Richard Henry Friedman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jan Nielsen Little**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**John W. Keker**
(See above for address)
*TERMINATED: 05/17/2013*

**Justina K. Sessions**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Robert Donziger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zoe Littlepage**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Aaron M. Page**                    represented by   **Aaron M. Page**
512 Clark Street
Iowa City, IA 52240
(202) 618–2218
Email: aaron@forumnobis.org
PRO SE

V.

**Respondent**

**Andrew Woods**

**Respondent**

**Laura J Garr**

**Respondent**

**H5**                                represented by   **Frederick Reed Kessler**
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue, Suite 1200
New York, NY 10110
(212) 382–3300
Fax: (212) 382–0050
Email: Fkessler@wmd–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Rizack Joshua**                     represented by   **Alex Brian Silverman**
Carlton Fields Jorden Burt, P.A.
405 Lexington Ave., 36th Floor
New York, NY 10174

(212)–785–2577
Fax: (212)–785–5203
Email: ASilverman@carltonfields.com
*ATTORNEY TO BE NOTICED*

**Michael Lloyd Yaeger**
Carlton Fields P.A.
405 Lexington Avenue
Ste 36th Fl.
New York, NY 10174
212–785–2577
Fax: 212–785–5203
Email: myaeger@carltonfields.com
*ATTORNEY TO BE NOTICED*

**Respondent**

**The Rising Group Consulting, Inc.**          represented by   **Alex Brian Silverman**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Michael Lloyd Yaeger**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Kemperi Baihua Huani**                       represented by   **Kathryn Lee Crawford**
*TERMINATED: 01/14/2013*                                        Pierce Bainbridge Beck Price & Hecht LLP
                                                                355 S. Grand Avenue
                                                                Ste 44th Floor
                                                                Los Angeles, CA 90071
                                                                213–262–9333
                                                                Fax: 213–279–2008
                                                                Email: lboyd@mckoolsmith.com
                                                                *LEAD ATTORNEY*

**Intervenor Defendant**

**Ahua Baihua Caiga**                          represented by   **Kathryn Lee Crawford**
*TERMINATED: 01/14/2013*                                        (See above for address)
                                                                *LEAD ATTORNEY*

**Intervenor Defendant**

**Pentibo Baihua Miipo**                       represented by   **Kathryn Lee Crawford**
*TERMINATED: 01/14/2013*                                        (See above for address)
                                                                *LEAD ATTORNEY*

**Intervenor Defendant**

**Dabota Tega Huani**                          represented by   **Kathryn Lee Crawford**
*TERMINATED: 01/14/2013*                                        (See above for address)
                                                                *LEAD ATTORNEY*

**Intervenor Defendant**

**Ahuame Huani Baihua**                        represented by   **Kathryn Lee Crawford**
*TERMINATED: 01/14/2013*                                        (See above for address)
                                                                *LEAD ATTORNEY*

**Intervenor Defendant**

**Apara Quemperi Yate**                        represented by   **Kathryn Lee Crawford**
*TERMINATED: 01/14/2013*                                        (See above for address)
                                                                *LEAD ATTORNEY*

**Intervenor Defendant**

**Bai Baihua Miipo**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Bebanca Tega Huani**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Comita Huani Yate**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Cope Tega Huani**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Ehuenguinto Tega**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**gaware Tega Huani**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Martin Baihua Miipo**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Mencay Baihua Tega**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**menemo Huani Baihua**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Miipo Yatehue Kemperi**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Minihua Huani Yate**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Nama Baihua Huani**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)

*LEAD ATTORNEY*

**Intervenor Defendant**

**Namo Huani Yate**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Omari Apica Huani**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Omene Baihua Huani**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Yehua Tega Huani**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Wagui Coba Huani**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Weica Apica Huani**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Tepaa Quimontari Waiwa**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Nenquimo Venancio Nihua**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Compa Guiquita**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Conta Nenquimo Quimontari**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Daniel Ehuengei**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Nantoqui Nenquimo**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Okata Quipa Nihua**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Cai Baihua Quemperi**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Omayihue Baihua**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Tapare Ahua Yete**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Teweyene Luciana Nam Tega**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Abamo Omene**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Onenca Enomenga**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Pego Enomenga**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Wane Ima**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Wina Enomenga**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**Intervenor Defendant**

**Cahuiya Omaca**
*TERMINATED: 01/14/2013*

represented by **Kathryn Lee Crawford**
(See above for address)
*LEAD ATTORNEY*

**<u>Intervenor Defendant</u>**

**Mima Yeti**                                 represented by  **Kathryn Lee Crawford**
*TERMINATED: 01/14/2013*                                      (See above for address)
                                                              *LEAD ATTORNEY*


**<u>Miscellaneous</u>**

**Laura Miller**

**<u>Interested Party</u>**

**Patton Boggs LLP**                          represented by  **Caroline Curtiss Marino**
                                                              Leader & Berkon LLP
                                                              630 Third Avenue, 17th Floor
                                                              New York, NY 10017
                                                              (212)–486–2400
                                                              Fax: (212)–486–3099
                                                              Email: cmarino@leaderberkon.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **James Kenneth Leader**
                                                              Leader & Berkon LLP
                                                              630 Third Avenue, 17th Floor
                                                              New York, NY 10017
                                                              212–486–2400
                                                              Fax: 212 486–3099
                                                              Email: jkleader@leaderberkon.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **S. Alyssa Young**
                                                              Leader & Berkon LLP
                                                              630 Third Avenue, 17th Floor
                                                              New York, NY 10017
                                                              212–486–2400
                                                              Fax: 212–486–3099
                                                              Email: ayoung@leaderberkon.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Thomas Key Richards**
                                                              Leader & Berkon LLP
                                                              630 Third Avenue, 17th Floor
                                                              New York, NY 10017
                                                              (212)486–2400
                                                              Fax: (212) 486–3099
                                                              Email: trichards@leaderberkon.com
                                                              *ATTORNEY TO BE NOTICED*


**<u>Interested Party</u>**

**Joseph C. Kohn**                            represented by  **Stephen D. Susman**
                                                              Susman Godfrey LLP (TX)
                                                              1000 Louisiana Street
                                                              Suite 5100
                                                              Houston, TX 77002
                                                              (713)–653–7801
                                                              Fax: (713)–654–6666
                                                              Email: ssusman@susmangodfrey.com
                                                              *LEAD ATTORNEY*

                                                              **James J. Rohn**
                                                              Conrad O'brien PC
                                                              1500 Market Street Center Square W.
                                                              Tower., Suite 3900
                                                              Philadelphia, PA 19102
                                                              (215) 864–9600

Fax: (215)–864–9620
Email: jrohn@conradobrien.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua J. Voss**
Conrad O'brien PC
1500 Market Street Center Square W.
Tower., Suite 3900
Philadelphia, PA 19102
717–943–1211
Fax: (215)–864–7401
Email: jvoss@conradobrien.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patricia Mary Hamill**
Conrad O'brien PC
1500 Market Street Center Square W.
Tower., Suite 3900
Philadelphia, PA 19102
(215)–864–8071
Fax: (215)–864–0793
Email: PHAMILL@CONRADOBRIEN.COM
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Seth D. Ard**
Susman Godfrey LLP (NYC)
654 Madison Avenue
New York, NY 10065
(212)–336–8330
Fax: (212)–336–8340
Email: sard@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Kohn Swift & Graf, P.C.**          represented by   **Stephen D. Susman**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*

                                                      **James J. Rohn**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Joshua J. Voss**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Patricia Mary Hamill**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Seth D. Ard**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Interested Party**

**Republic of Ecuador**              represented by   **Charles MacNeil Mitchell**
                                                      Winston & Strawn LLP (NY)
                                                      200 Park Avenue

New York, NY 10166
(212) 294–6700
Fax: (212) 294–4700
Email: cmitchel@winston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Donziger & Associates, PLLC**          represented by   **Elliot Remsen Peters**
*TERMINATED: 07/29/2013*                                   (See above for address)
                                                          *TERMINATED: 05/17/2013*
                                                          *LEAD ATTORNEY*

                                                          **Jan Nielsen Little**
                                                          (See above for address)
                                                          *TERMINATED: 05/17/2013*
                                                          *PRO HAC VICE*

                                                          **John W. Keker**
                                                          (See above for address)
                                                          *TERMINATED: 05/17/2013*

                                                          **Justina K. Sessions**
                                                          (See above for address)
                                                          *TERMINATED: 05/17/2013*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Richard Henry Friedman**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Steven Donziger**                       represented by   **Elliot Remsen Peters**
*TERMINATED: 07/29/2013*                                   (See above for address)
                                                          *TERMINATED: 05/17/2013*
                                                          *LEAD ATTORNEY*

                                                          **Christopher Jacob Young**
                                                          (See above for address)
                                                          *TERMINATED: 05/17/2013*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jan Nielsen Little**
                                                          (See above for address)
                                                          *TERMINATED: 05/17/2013*
                                                          *PRO HAC VICE*

                                                          **John W. Keker**
                                                          (See above for address)
                                                          *TERMINATED: 05/17/2013*

                                                          **Justina K. Sessions**
                                                          (See above for address)
                                                          *TERMINATED: 05/17/2013*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Matthew M. Werdegar**
                                                          (See above for address)
                                                          *TERMINATED: 05/17/2013*
                                                          *PRO HAC VICE*

                                                          **Nikki H. Vo**

(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paula Lenore Blizzard**
(See above for address)
*TERMINATED: 05/17/2013*
*ATTORNEY TO BE NOTICED*

**Richard Henry Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William S. Hicks**
(See above for address)
*TERMINATED: 05/17/2013*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

| | | |
|---|---|---|
| **The Law Offices of Steven R. Donziger**<br>*TERMINATED: 07/29/2013* | represented by | **Elliot Remsen Peters**<br>(See above for address)<br>*TERMINATED: 05/17/2013*<br>*LEAD ATTORNEY* |

**Christopher Jacob Young**
(See above for address)
*TERMINATED: 05/17/2013*
*ATTORNEY TO BE NOTICED*

**Jan Nielsen Little**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**John W. Keker**
(See above for address)
*TERMINATED: 05/17/2013*

**Justina K. Sessions**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Werdegar**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*

**Nikki H. Vo**
(See above for address)
*TERMINATED: 05/17/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paula Lenore Blizzard**
(See above for address)
*TERMINATED: 05/17/2013*
*ATTORNEY TO BE NOTICED*

**William S. Hicks**
(See above for address)
*TERMINATED: 05/17/2013*

*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

| | | |
|---|---|---|
| **Chevron Corporation**<br>*TERMINATED: 07/29/2013* | represented by | **Andrea Ellen Neuman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Anne Marie Champion**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Jason B. Stavers**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kristen Luise Hendricks**<br>(See above for address)<br>*TERMINATED: 06/29/2012* |
| | | **Randy M. Mastro**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Scott A Edelman**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **William Edward Thomson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Stratus Consulting, Inc.**<br>*TERMINATED: 04/08/2013* | represented by | **Benjamin H. Green**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Gordon Mehler**<br>(See above for address)<br>*TERMINATED: 05/05/2011* |
| | | **Jessica R. Torbin**<br>(See above for address)<br>*TERMINATED: 02/06/2012* |
| | | **Joe L. Silver**<br>(See above for address)<br>*TERMINATED: 03/12/2013* |
| | | **Martin Beier**<br>(See above for address)<br>*TERMINATED: 03/12/2013* |
| | | **Michael Erik Sims**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Stuart Alan Krause**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

**Douglas Beltman**
*TERMINATED: 04/11/2013*

represented by **Benjamin H. Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gordon Mehler**
(See above for address)
*TERMINATED: 05/05/2011*

**Jessica R. Torbin**
(See above for address)
*TERMINATED: 02/06/2012*

**Joe L. Silver**
(See above for address)
*TERMINATED: 03/12/2013*

**Martin Beier**
(See above for address)
*TERMINATED: 03/12/2013*

**Michael Erik Sims**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart Alan Krause**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Ann Maest**
*TERMINATED: 04/11/2013*

represented by **Benjamin H. Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gordon Mehler**
(See above for address)
*TERMINATED: 05/05/2011*

**Jessica R. Torbin**
(See above for address)
*TERMINATED: 02/06/2012*

**Joe L. Silver**
(See above for address)
*TERMINATED: 03/12/2013*

**Martin Beier**
(See above for address)
*TERMINATED: 03/12/2013*

**Michael Erik Sims**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart Alan Krause**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

represented by

**Chevron Corporation**
*TERMINATED: 04/11/2013*

**Andrea Ellen Neuman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anne Marie Champion**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Michael Joralemon**
(See above for address)
*TERMINATED: 07/30/2019*

**Jason B. Stavers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristen Luise Hendricks**
(See above for address)
*TERMINATED: 06/29/2012*

**Randy M. Mastro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott A Edelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Edward Thomson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/01/2011 | 1 | COMPLAINT against Clide Ramiro Aguinda Aguinda, Lidia Alexandra Aguinda Aguinda, Patricio Wilson Aguinda Aguinda, Francisco Matias Alvarado Yumbo, Lorenzo Jose Alvarado Yumbo, Segundo Angel Amanta Milan, Douglas Beltman, Hugo Gerardo Camacho Naranjo, Benancio Fredy Chimbo Grefa, Lourdes Beatriz Chimbo Tanguil, Rosa Teresa Chimbo Tanguila, Luis Armando Chimbo Yumbo, Octavio Ismael Cordova Huanca, Steven Donziger, Frente de Defensa De La Amazonia, Olga Gloria Grefa Cerda, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Heleodoro Pataron Guaraca, Carlos Grefa Huatatoca, Jose Miguel Ipiales Chicaiza, Daniel Carlos Lusitande Yaiguaje, Emilio Martin Lusitande Yaiguaje, Reinaldo Lusitande Yaiguaje, Ann Maest, Pablo Fajardo Mendoza, Guillermo Vicente Payaguaje Lusitante, Alfredo Donaldo Payaguaje Payaguaje, Delfin Leonidas Payaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Luis Agustin Payaguaje Piaguaje, Angel Justino Piaguage Lucitant, Teodoro Gonzalo Piaguaje Payaguaje, Armando Wilfrido Piaguaje Payaguaje, Fermin Piaguaje Payaguaje, Javier Piaguaje Payaguaje, Elias Roberto Piyahuaje Payahuaje, Maria Clelia Reascos Revelo, Jose Gabriel Revelo Llore, Maria Magdalena Rodriguez Barcenes, Catalina Antonia Aguinda Salazar, Maria Aguinda Salazar, Selva Viva Selviva CIA, Ltda, Stratus Consulting, Inc., Stratus Consulting, Inc., Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Luisa Delia Tanguila Narvaez, Narcisa Aida Tanguila Narvaez, Franciso Victor Tanguilla Grefa, The Law Offices of Steven R. Donziger, Celia Irene Viveros Cusangua, Maria Hortencia Viveros Cusangua, Simon Lusitande Yaiguaje, Luis Yanza, Francisco Alvarado Yumbo, Patricio Alberto Chimbo Yumbo. (Filing Fee $ 350.00, Receipt Number 928066)Document filed by Chevron Corporation. (Attachments: # 1 Exhibit, # 2 Exhibit)(rdz) (Entered: 02/02/2011) |
| 02/01/2011 | | SUMMONS ISSUED as to All Defendants. (rdz) (Entered: 02/02/2011) |

| 02/01/2011 | | CASE REFERRED TO Judge Lewis A. Kaplan as possibly related to 10–mc–00002. (rdz) (Entered: 02/02/2011) |
|---|---|---|
| 02/01/2011 | | Case Designated ECF. (rdz) (Entered: 02/02/2011) |
| 02/01/2011 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Chevron Corporation.(rdz) (Entered: 02/02/2011) |
| 02/03/2011 | | CASE ACCEPTED AS RELATED. Create association to 1:10–mc–00002–LAK. Notice of Assignment to follow. (sjo) (Entered: 02/03/2011) |
| 02/03/2011 | 3 | NOTICE OF CASE ASSIGNMENT to Judge Lewis A. Kaplan. Judge Unassigned is no longer assigned to the case. (sjo) (Entered: 02/03/2011) |
| 02/03/2011 | | Magistrate Judge James C. Francis IV is so designated. (sjo) (Entered: 02/03/2011) |
| 02/03/2011 | 4 | ORDER TO SHOW CAUSE WHY A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION SHOULD NOT BE ENTERED; ORDERED that the defendants listed herein, and their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, show cause on 2/8/2011 at 02:00 PM in Courtroom 12D, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan, why an order should not be issued, pursuant to Rule 65(b) of the F.R.C.P., temporarily enjoining and restraining, until after the Court has had an opportunity to rule on Chevron's application for a preliminary injunction, as further set forth in this Order. It is further ORDERED that Chevron is granted permission to file an oversized brief of up to 70 pages in support of its Application by Order to Show Cause for a Temporary Restraining Order and Preliminary ; and Defendants may file one or more briefs collectively totaling up to 70 pages, as further set forth in this Order. (Signed by Judge Lewis A. Kaplan on 2/3/2011) (tro) (Entered: 02/03/2011) |
| 02/05/2011 | 5 | MEMORANDUM OF LAW in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Part 1, # 2 Exhibit A – Part 2, # 3 Exhibit A – Part 3, # 4 Exhibit A – Part 4)(Mastro, Randy) (Entered: 02/05/2011) |
| 02/06/2011 | 6 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 1, # 3 Exhibit 2, part 1, # 4 Exhibit 2, part 2, # 5 Exhibit 2, part 3, # 6 Exhibit 2, part 4, # 7 Exhibit 2, part 5, # 8 Exhibit 2, part 6, # 9 Exhibit 2, part 7, # 10 Exhibit 2, part 8)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 7 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2, part 9, # 2 Exhibit 2, part 10, # 3 Exhibit 2, part 11, # 4 Exhibit 2, part 12, # 5 Exhibit 2, part 13, # 6 Exhibit 2, part 14, # 7 Exhibit 2, part 15, # 8 Exhibit 2, part 16, # 10 Exhibit 2, part 17)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 8 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 2, part 18, # 3 Exhibit 2, part 19, # 4 Exhibit 2, part 20, # 5 Exhibit 2, part 21, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, part 1, # 11 Exhibit 7, part 2, # 12 Exhibit 7, part 3, # 13 Exhibit 7, part 4)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 9 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 8, part 1, # 3 Exhibit 8, part 2, # 4 Exhibit 9, # 5 Exhibit 10, # 6 Exhibit 11, # 7 Exhibit 12, # 8 Exhibit 13, # 9 Exhibit 14, # 10 Exhibit 15, part 1, # 11 Exhibit 15, part 2, # 12 Exhibit 15, part 3, # 13 Exhibit 15, part 4, # 14 Exhibit 15, part 5)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 10 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 16, part, # 3 Exhibit 16, part 2, # 4 Exhibit 16, part 3, # 5 Exhibit 16, part 4, # 6 Exhibit 16, part 5, # 7 Exhibit 16, part 6, # 8 Exhibit 16, part 7, # 9 Exhibit 16, part 8, # 10 Exhibit 16, part 9)(Mastro, Randy) (Entered: 02/06/2011) |

| | | |
|---|---|---|
| 02/06/2011 | <u>11</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 16, part 10, # <u>3</u> Exhibit 16, part 11, # <u>4</u> Exhibit 16, part 12, # <u>5</u> Exhibit 16, part 13, # <u>6</u> Exhibit 16, part 14, # <u>7</u> Exhibit 16, part 15, # <u>8</u> Exhibit 16, part 16, # <u>9</u> Exhibit 16, part 17)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>12</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 16, part 18, # <u>3</u> Exhibit 16, part 19, # <u>4</u> Exhibit 16, part 20, # <u>5</u> Exhibit 16, part 21, # <u>6</u> Exhibit 16, part 22, # <u>7</u> Exhibit 16, part 23, # <u>8</u> Exhibit 16, part 24, # <u>9</u> Exhibit 16, part 25, # <u>10</u> Exhibit 16, part 26, # <u>11</u> Exhibit 16, part 27, # <u>12</u> Exhibit 16, part 28)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>13</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 16, part 29, # <u>3</u> Exhibit 16, part 30, # <u>4</u> Exhibit 16, part 31, # <u>5</u> Exhibit 16, part 32, # <u>6</u> Exhibit 16, part 33, # <u>7</u> Exhibit 16, part 34, # <u>8</u> Exhibit 16, part 35, # <u>9</u> Exhibit 16, part 36, # <u>10</u> Exhibit 16, part 37, # <u>11</u> Exhibit 16, part 38, # <u>12</u> Exhibit 16, part 39, # <u>13</u> Exhibit 16, part 40, # <u>14</u> Exhibit 16, part 41)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>14</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 16, part 42, # <u>3</u> Exhibit 16, part 43, # <u>4</u> Exhibit 16, part 44, # <u>5</u> Exhibit 16, part 45, # <u>6</u> Exhibit 16, part 46, # <u>7</u> Exhibit 16, part 47, # <u>8</u> Exhibit 16, part 48, # <u>9</u> Exhibit 16, part 49, # <u>10</u> Exhibit 16, part 50, # <u>11</u> Exhibit 16, part 51, # <u>12</u> Exhibit 16, part 52, # <u>13</u> Exhibit 16, part 53, # <u>14</u> Exhibit 16, part 54)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>15</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 16, part 55, # <u>3</u> Exhibit 16, part 56, # <u>4</u> Exhibit 16, part 57, # <u>5</u> Exhibit 16, part 58, # <u>6</u> Exhibit 16, part 59, # <u>7</u> Exhibit 16, part 60, # <u>8</u> Exhibit 16, part 61, # <u>9</u> Exhibit 16, part 62, # <u>10</u> Exhibit 16, part 63, # <u>11</u> Exhibit 16, part 64, # <u>12</u> Exhibit 16, part 65, # <u>13</u> Exhibit 16, part 66, # <u>14</u> Exhibit 16, part 67)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>16</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 16, part 68, # <u>3</u> Exhibit 16, part 69, # <u>4</u> Exhibit 16, part 70, # <u>5</u> Exhibit 16, part 71, # <u>6</u> Exhibit 16, part 72, # <u>7</u> Exhibit 16, part 73, # <u>8</u> Exhibit 16, part 74, # <u>9</u> Exhibit 16, part 75, # <u>10</u> Exhibit 16, part 76)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>17</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 16, part 77, # <u>3</u> Exhibit 16, part 78, # <u>4</u> Exhibit 16, part 79, # <u>5</u> Exhibit 16, part 80, # <u>6</u> Exhibit 16, part 81, # <u>7</u> Exhibit 16, part 82, # <u>8</u> Exhibit 16, part 83, # <u>9</u> Exhibit 16, part 84)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>18</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 16, part 85, # <u>3</u> Exhibit 16, part 86, # <u>4</u> Exhibit 16, part 87, # <u>5</u> Exhibit 16, part 88, # <u>6</u> Exhibit 16, part 89, # <u>7</u> Exhibit 16, part 90, # <u>8</u> Exhibit 16, part 91, # <u>9</u> Exhibit 16, part 92, # <u>10</u> Exhibit 16, part 93, # <u>11</u> Exhibit 16, part 94, # <u>12</u> Exhibit 16, part 95, # <u>13</u> Exhibit 16, part 96, # <u>14</u> Exhibit 17, part 1, # <u>15</u> Exhibit 17, part 2)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>19</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 17, part 3, # <u>3</u> Exhibit 17, part 4, # <u>4</u> Exhibit 17, part 5, # <u>5</u> Exhibit 17, part 6, # <u>6</u> Exhibit 18, # <u>7</u> Exhibit 19, part 1, # <u>8</u> Exhibit 19, part 2)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>20</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 19, part 3, # <u>3</u> Exhibit 19, part 4, # <u>4</u> Exhibit 20, # <u>5</u> Exhibit 21, # <u>6</u> Exhibit 22, part 1, # <u>7</u> Exhibit 22, part 2, # <u>8</u> Exhibit 23, # <u>9</u> Exhibit 24, # <u>10</u> Exhibit 25, # <u>11</u> |

| | | |
|---|---|---|
| | | Exhibit 26, # 12 Exhibit 27, # 13 Exhibit 28, # 14 Exhibit 29, # 15 Exhibit 30, # 16 Exhibit 31)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 21 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 32, part 1, # 3 Exhibit 32, part 2, # 4 Exhibit 33, # 5 Exhibit 34, # 6 Exhibit 35, # 7 Exhibit 36, # 8 Exhibit 37, # 9 Exhibit 38, # 10 Exhibit 39, # 11 Exhibit 40, # 12 Exhibit 41, # 13 Exhibit 42, # 14 Exhibit 43, # 15 Exhibit 44, # 16 Exhibit 45, # 17 Exhibit 46, # 18 Exhibit 47, part 1, # 19 Exhibit 47, part 2, # 20 Exhibit 47, part 3, # 21 Exhibit 47, part 4, # 22 Exhibit 47, part 5)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 22 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 47, part 6, # 3 Exhibit 47, part 7, # 4 Exhibit 47, part 8, # 5 Exhibit 47, part 9, # 6 Exhibit 47, part 10, # 7 Exhibit 47, part 11, # 8 Exhibit 47, part 12, # 9 Exhibit 47, part 13, # 10 Exhibit 47, part 14, # 11 Exhibit 47, part 15, # 12 Exhibit 48, # 13 Exhibit 49, part 1, # 14 Exhibit 49, part 2)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 23 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 49, part 3, # 3 Exhibit 49, part 4, # 4 Exhibit 50, part1, # 5 Exhibit 50, part 2, # 6 Exhibit 51, # 7 Exhibit 52, part 1, # 8 Exhibit 52, part 2, # 9 Exhibit 52, part 3, # 10 Exhibit 53)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 24 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 54, part 1, # 3 Exhibit 54, part 2, # 4 Exhibit 54, part 3, # 5 Exhibit 54, part 4, # 6 Exhibit 55, part 1, # 7 Exhibit 55, part 2, # 8 Exhibit 55, part 3)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 25 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 56, # 3 Exhibit 57, # 4 Exhibit 58, # 5 Exhibit 59, part 1, # 6 Exhibit 59, part 2, # 7 Exhibit 59, part 3, # 8 Exhibit 59, part 4, # 9 Exhibit 60, part 1, # 10 Exhibit 60, part 2, # 11 Exhibit 60, part 3, # 12 Exhibit 61)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 26 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 62, part 1, # 3 Exhibit 62, part 2, # 4 Exhibit 63, part 1, # 5 Exhibit 63, part 2, # 6 Exhibit 63, part 3, # 7 Exhibit 64, # 8 Exhibit 65, # 9 Exhibit 65, # 10 Exhibit 66)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 27 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 67, # 3 Exhibit 68, # 4 Exhibit 69, part 1, # 5 Exhibit 69, part 2, # 6 Exhibit 69, part 3, # 7 Exhibit 69, part 4, # 8 Exhibit 69, part 5, # 9 Exhibit 70, part 1, # 10 Exhibit 70, part 2)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 28 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 71, # 3 Exhibit 72, # 4 Exhibit 73, # 5 Exhibit 74, # 6 Exhibit 75, # 7 Exhibit 76, part 1, # 8 Exhibit 76, part 2, # 9 Exhibit 76, part 3)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 29 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 76, part 4, # 3 Exhibit 76, part 5, # 4 Exhibit 77, # 5 Exhibit 78, # 6 Exhibit 79, # 7 Exhibit 80, # 8 Exhibit 81, # 9 Exhibit 82, # 10 Exhibit 83, # 11 Exhibit 84, # 12 Exhibit 85, part 1, # 13 Exhibit 85, part 2, # 14 Exhibit 85, part 3, # 15 Exhibit 85, part 4, # 16 Exhibit 85, part 5, # 17 Exhibit 86, # 18 Exhibit 87, # 19 Exhibit 88, # 20 Exhibit 89, # 21 Exhibit 90)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 30 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 91, # 3 Exhibit 92, # 4 Exhibit 93, # 5 Exhibit 94, # 6 Exhibit 95, # 7 Exhibit 96, # 8 Exhibit 97, # 9 Exhibit 98, # 10 Exhibit 99, # 11 Exhibit 100, # 12 Exhibit 101, # 13 Exhibit 102, # 14 Exhibit 103, # 15 Exhibit 104, # 16 Exhibit 105, # 17 |

| | | |
|---|---|---|
| | | Exhibit 106, # <u>18</u> Exhibit 107, # <u>19</u> Exhibit 108, # <u>20</u> Exhibit 109, # <u>21</u> Exhibit 110, # <u>22</u> Exhibit 111, # <u>23</u> Exhibit 112, part 1, # <u>24</u> Exhibit 112, part 2, # <u>25</u> Exhibit 113, # <u>26</u> Exhibit 114, # <u>27</u> Exhibit 115, # <u>28</u> Exhibit 116, # <u>29</u> Exhibit 117, # <u>30</u> Exhibit 118, # <u>31</u> Exhibit 119, # <u>32</u> Exhibit 120)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>31</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 121, part 1, # <u>3</u> Exhibit 121, part 2, # <u>4</u> Exhibit 121, part 3, # <u>5</u> Exhibit 121, part 4, # <u>6</u> Exhibit 122, # <u>7</u> Exhibit 122A, # <u>8</u> Exhibit 123, # <u>9</u> Exhibit 124, # <u>10</u> Exhibit 125, # <u>11</u> Exhibit 126, # <u>12</u> Exhibit 127, # <u>13</u> Exhibit 128, # <u>14</u> Exhibit 129, # <u>15</u> Exhibit 130, # <u>16</u> Exhibit 131, # <u>17</u> Exhibit 132, # <u>18</u> Exhibit 133, # <u>19</u> Exhibit 134, # <u>20</u> Exhibit 135, # <u>21</u> Exhibit 136, # <u>22</u> Exhibit 137, # <u>23</u> Exhibit 138, # <u>24</u> Exhibit 139, # <u>25</u> Exhibit 140, # <u>26</u> Exhibit 141, # <u>27</u> Exhibit 142, # <u>28</u> Exhibit 143, # <u>29</u> Exhibit 144, # <u>30</u> Exhibit 145, # <u>31</u> Exhibit 146)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>32</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 147, # <u>3</u> Exhibit 148, # <u>4</u> Exhibit 149, # <u>5</u> Exhibit 150, # <u>6</u> Exhibit 151, # <u>7</u> Exhibit 152, # <u>8</u> Exhibit 153, # <u>9</u> Exhibit 154, part 1, # <u>10</u> Exhibit 154, part 2, # <u>11</u> Exhibit 155, # <u>12</u> Exhibit 156, # <u>13</u> Exhibit 157, # <u>14</u> Exhibit 158, # <u>15</u> Exhibit 159, # <u>16</u> Exhibit 160, # <u>17</u> Exhibit 161, # <u>18</u> Exhibit 162, # <u>19</u> Exhibit 163, # <u>20</u> Exhibit 164, # <u>21</u> Exhibit 165, # <u>22</u> Exhibit 166, # <u>23</u> Exhibit 167)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>33</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 168, # <u>3</u> Exhibit 169, # <u>4</u> Exhibit 170, # <u>5</u> Exhibit 171, # <u>6</u> Exhibit 172, # <u>7</u> Exhibit 173, # <u>8</u> Exhibit 174, # <u>9</u> Exhibit 175, # <u>10</u> Exhibit 176, # <u>11</u> Exhibit 177, # <u>12</u> Exhibit 178, part 1, # <u>13</u> Exhibit 178, part 2, # <u>14</u> Exhibit 178, part 3, # <u>15</u> Exhibit 178, part 4, # <u>16</u> Exhibit 178, part 5, # <u>17</u> Exhibit 178, part 6, # <u>18</u> Exhibit 178, part 7)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>34</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 178, part 8, # <u>3</u> Exhibit 178, part 9, # <u>4</u> Exhibit 179, # <u>5</u> Exhibit 180, # <u>6</u> Exhibit 181, # <u>7</u> Exhibit 182, # <u>8</u> Exhibit 183, # <u>9</u> Exhibit 184, # <u>10</u> Exhibit 185, # <u>11</u> Exhibit 186, # <u>12</u> Exhibit 187, # <u>13</u> Exhibit 188, # <u>14</u> Exhibit 189, # <u>15</u> Exhibit 190, # <u>16</u> Exhibit 191, # <u>17</u> Exhibit 192, # <u>18</u> Exhibit 193, # <u>19</u> Exhibit 194, # <u>20</u> Exhibit 195, # <u>21</u> Exhibit 196, # <u>22</u> Exhibit 197, # <u>23</u> Exhibit 198, # <u>24</u> Exhibit 199, # <u>25</u> Exhibit 200, # <u>26</u> Exhibit 201, # <u>27</u> Exhibit 202, # <u>28</u> Exhibit 203, # <u>29</u> Exhibit 204, # <u>30</u> Exhibit 205)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>35</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 206, part 1, # <u>3</u> Exhibit 206, part 2, # <u>4</u> Exhibit 206, part 3, # <u>5</u> Exhibit 206, part 4, # <u>6</u> Exhibit 206, part 5, # <u>7</u> Exhibit 206, part 6, # <u>8</u> Exhibit 207, # <u>9</u> Exhibit 208, # <u>10</u> Exhibit 209)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>36</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 210, part 1, # <u>3</u> Exhibit 210, part 2, # <u>4</u> Exhibit 211, # <u>5</u> Exhibit 212, # <u>6</u> Exhibit 213, # <u>7</u> Exhibit 214, # <u>8</u> Exhibit 215, # <u>9</u> Exhibit 216, # <u>10</u> Exhibit 217, # <u>11</u> Exhibit 218, # <u>12</u> Exhibit 219, # <u>13</u> Exhibit 220, # <u>14</u> Exhibit 221, # <u>15</u> Exhibit 222, # <u>16</u> Exhibit 223, # <u>17</u> Exhibit 224, # <u>18</u> Exhibit 224A, # <u>19</u> Exhibit 225, # <u>20</u> Exhibit 225A, # <u>21</u> Exhibit 226, # <u>22</u> Exhibit 226A, # <u>23</u> Exhibit 227, # <u>24</u> Exhibit 227A, # <u>25</u> Exhibit 228, # <u>26</u> Exhibit 228A)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>37</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 229, # <u>3</u> Exhibit 229A, # <u>4</u> Exhibit 230, # <u>5</u> Exhibit 230A, # <u>6</u> Exhibit 231, # <u>7</u> Exhibit 231A, # <u>8</u> Exhibit 232, # <u>9</u> Exhibit 232A, # <u>10</u> Exhibit 233, # <u>11</u> Exhibit 233A, # <u>12</u> Exhibit 234, # <u>13</u> Exhibit 235, # <u>14</u> Exhibit 237, # <u>16</u> Exhibit 238, # <u>17</u> Exhibit 239, # <u>18</u> Exhibit 240, # <u>19</u> Exhibit 241, # <u>20</u> Exhibit 242, part 1, # <u>21</u> Exhibit 242, part 2, # <u>22</u> Exhibit 242, part 3, # <u>23</u> Exhibit 242, part 4, # <u>24</u> Exhibit 242, part 5, # <u>25</u> Exhibit 242, part 6, # <u>26</u> Exhibit 242, part 7, # <u>27</u> Exhibit |

| | | |
|---|---|---|
| | | 242, part 8)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 38 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,, Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 242, part 9, # 3 Exhibit 242, part 10, # 4 Exhibit 242, part 11a, # 5 Exhibit 242, part 11b, # 6 Exhibit 242, part 12, # 7 Exhibit 242, part 13a, # 8 Exhibit 242, part 13b, # 9 Exhibit 242, part 14)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 39 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,, Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 242, part 15, # 3 Exhibit 242, part 16, # 4 Exhibit 242, part 18, # 5 Exhibit 242, part 19, # 6 Exhibit 242, part 20, # 7 Exhibit 242, part 21)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 40 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,, Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 242, part 21, # 3 Exhibit 242, part 23, # 4 Exhibit 242, part 24, # 5 Exhibit 242, part 25, # 6 Exhibit 242, part 26, # 7 Exhibit 242, part 27)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 41 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,, Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 242, part 28, # 3 Exhibit 242, part 29, # 4 Exhibit 242, part 30, # 5 Exhibit 242, part 31, # 6 Exhibit 242, part 32, # 7 Exhibit 242, part 33, # 8 Exhibit 242, part 34)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 42 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,, Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 242, part 35, # 3 Exhibit 242, part 36, # 4 Exhibit 242, part 37, # 5 Exhibit 242, part 38, # 6 Exhibit 242, part 39, # 7 Exhibit 242, part 40, # 8 Exhibit 242, part 41, # 9 Exhibit 242, part 42, # 10 Exhibit 242, part 43)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 43 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,, Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 242, part 44, # 3 Exhibit 242, part 45, # 4 Exhibit 242, part 46, # 5 Exhibit 242, part 47, # 6 Exhibit 242, part 48, # 7 Exhibit 242, part 49, # 8 Exhibit 242, part 50)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 44 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,, Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 242, part 51, # 3 Exhibit 242, part 52, # 4 Exhibit 242, part 53, # 5 Exhibit 242, part 54, # 6 Exhibit 242, part 55, # 7 Exhibit 242, part 56, # 8 Exhibit 242, part 57, # 9 Exhibit 242, part 58)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 45 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,, Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 242, part 59, # 3 Exhibit 242, part 60, # 4 Exhibit 242, part 61, # 5 Exhibit 242, part 62, # 6 Exhibit 242, part 63, # 7 Exhibit 242, part 64, # 8 Exhibit 242, part 65, # 9 Exhibit 242, part 66)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 46 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,, Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 242, part 67, # 3 Exhibit 242, part 68, # 4 Exhibit 242, part 69, # 5 Exhibit 242, part 70, # 6 Exhibit 242, part 71, # 7 Exhibit 242, part 72, # 8 Exhibit 242, part 73, # 9 Exhibit 242, part 74, # 10 Exhibit 242, part 75)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | 47 | DECLARATION of Kristin Hendricks in Support re: 4 Order to Show Cause,,,, Document filed by Chevron Corporation. (Attachments: # 1 Declaration, part 2, # 2 Exhibit 242, part 76, # 3 Exhibit 242, part 77, # 4 Exhibit 243, # 5 Exhibit 244, # 6 Exhibit 245, # 7 Exhibit 246, # 8 Exhibit 247, # 9 Exhibit 248, # 10 Exhibit 249, # 11 Exhibit 250, # 12 Exhibit 251, # 13 Exhibit 252, # 14 Exhibit 253, # 15 Exhibit 254, # 16 Exhibit 255, # 17 Exhibit 256, # 18 Exhibit 257, # 19 Exhibit 258, # 20 Exhibit 259, # 21 Exhibit 260, # 22 Exhibit 261, # 23 Exhibit 262, # 24 Exhibit 263, # 25 Exhibit 264, # 26 Exhibit 265, # 27 Exhibit 266, # 28 Exhibit 267, # 29 Exhibit 268, # 30 Exhibit 269, # 31 Exhibit 270, # 32 Exhibit 270A, # 33 Exhibit 271, # 34 Exhibit |

|  |  |  |
|---|---|---|
|  |  | 272, # <u>35</u> Exhibit 273, # <u>36</u> Exhibit 274, # <u>37</u> Exhibit 275, # <u>38</u> Exhibit 276, # <u>39</u> Exhibit 277, # <u>40</u> Exhibit 278, # <u>41</u> Exhibit 279, # <u>42</u> Exhibit 280, # <u>43</u> Exhibit 281, # <u>44</u> Exhibit 282, # <u>45</u> Exhibit 283, # <u>46</u> Exhibit 284, # <u>47</u> Exhibit 285, # <u>48</u> Exhibit 286, # <u>49</u> Exhibit 287, # <u>50</u> Exhibit 288, # <u>51</u> Exhibit 289, # <u>52</u> Exhibit 290, # <u>53</u> Exhibit 291, # <u>54</u> Exhibit 292, # <u>55</u> Exhibit 293, # <u>56</u> Exhibit 294, # <u>57</u> Exhibit 295, # <u>58</u> Exhibit 296, # <u>59</u> Exhibit 297, # <u>60</u> Exhibit 298, # <u>61</u> Exhibit 299, # <u>62</u> Exhibit 300, # <u>63</u> Exhibit 301, # <u>64</u> Exhibit 302, # <u>65</u> Exhibit 303, # <u>66</u> Exhibit 304)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>48</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 305, # <u>3</u> Exhibit 306, # <u>4</u> Exhibit 307, # <u>5</u> Exhibit 308, # <u>6</u> Exhibit 309, # <u>7</u> Exhibit 310, # <u>8</u> Exhibit 311, # <u>9</u> Exhibit 312, # <u>10</u> Exhibit 313, # <u>11</u> Exhibit 314, # <u>12</u> Exhibit 315, # <u>13</u> Exhibit 316, part 1, # <u>14</u> Exhibit 316, part 2, # <u>15</u> Exhibit 317, # <u>16</u> Exhibit 318, # <u>17</u> Exhibit 319, # <u>18</u> Exhibit 320, # <u>19</u> Exhibit 321, # <u>20</u> Exhibit 322, # <u>21</u> Exhibit 323, # <u>22</u> Exhibit 324, # <u>23</u> Exhibit 325, # <u>24</u> Exhibit 326, # <u>25</u> Exhibit 327, # <u>26</u> Exhibit 328, # <u>27</u> Exhibit 329, # <u>28</u> Exhibit 330, # <u>29</u> Exhibit 331, # <u>30</u> Exhibit 332, # <u>31</u> Exhibit 333, # <u>32</u> Exhibit 334, # <u>33</u> Exhibit 335, # <u>34</u> Exhibit 336, # <u>35</u> Exhibit 337)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>49</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 338, # <u>3</u> Exhibit 339, # <u>4</u> Exhibit 340, # <u>5</u> Exhibit 341, # <u>6</u> Exhibit 342, # <u>7</u> Exhibit 343, # <u>8</u> Exhibit 344, # <u>9</u> Exhibit 345, # <u>10</u> Exhibit 346, # <u>11</u> Exhibit 347, # <u>12</u> Exhibit 348, # <u>13</u> Exhibit 349, # <u>14</u> Exhibit 350, # <u>15</u> Exhibit 351, # <u>16</u> Exhibit 352, # <u>17</u> Exhibit 353, # <u>18</u> Exhibit 354, # <u>19</u> Exhibit 355, # <u>20</u> Exhibit 356, # <u>21</u> Exhibit 357, # <u>22</u> Exhibit 358, # <u>23</u> Exhibit 359, # <u>24</u> Exhibit 360, # <u>25</u> Exhibit 361, # <u>26</u> Exhibit 362, # <u>27</u> Exhibit 363, # <u>28</u> Exhibit 364, # <u>29</u> Exhibit 365, # <u>30</u> Exhibit 366, # <u>31</u> Exhibit 367, # <u>32</u> Exhibit 368, # <u>33</u> Exhibit 369, # <u>34</u> Exhibit 370, # <u>35</u> Exhibit 371, # <u>36</u> Exhibit 372, # <u>37</u> Exhibit 373, # <u>38</u> Exhibit 374, part 1)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>50</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 374, part 2, # <u>3</u> Exhibit 375, part 1, # <u>4</u> Exhibit 375, part 2, # <u>5</u> Exhibit 376, # <u>6</u> Exhibit 377, # <u>7</u> Exhibit 378, # <u>8</u> Exhibit 379, part 1, # <u>9</u> Exhibit 379, part 2, # <u>10</u> Exhibit 380, # <u>11</u> Exhibit 381, part 1, # <u>12</u> Exhibit 381, part 2)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>51</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 381, part 3, # <u>3</u> Exhibit 381, part 4, # <u>4</u> Exhibit 382, part 1, # <u>5</u> Exhibit 382, part 2, # <u>6</u> Exhibit 383, # <u>7</u> Exhibit 384, # <u>8</u> Exhibit 385, # <u>9</u> Exhibit 386, # <u>10</u> Exhibit 387, # <u>11</u> Exhibit 388, # <u>12</u> Exhibit 389, # <u>13</u> Exhibit 390, # <u>14</u> Exhibit 391, # <u>15</u> Exhibit 392, # <u>16</u> Exhibit 393, # <u>17</u> Exhibit 394)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>52</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 395, # <u>3</u> Exhibit 396, # <u>4</u> Exhibit 397, # <u>5</u> Exhibit 398, part 1, # <u>6</u> Exhibit 398, part 2, # <u>7</u> Exhibit 399, # <u>8</u> Exhibit 400, part 1, # <u>9</u> Exhibit 400, part 2, # <u>10</u> Exhibit 400, part 3, # <u>11</u> Exhibit 400, part 4, # <u>12</u> Exhibit 400, part, # <u>13</u> Exhibit 401)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>53</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 402, # <u>3</u> Exhibit 403, # <u>4</u> Exhibit 404, # <u>5</u> Exhibit 405, # <u>6</u> Exhibit 406, # <u>7</u> Exhibit 407, # <u>8</u> Exhibit 408, # <u>9</u> Exhibit 409, # <u>10</u> Exhibit 410, # <u>11</u> Exhibit 411, # <u>12</u> Exhibit 412, # <u>13</u> Exhibit 413, part 1, # <u>14</u> Exhibit 413, part 2, # <u>15</u> Exhibit 414, # <u>16</u> Exhibit 415, # <u>17</u> Exhibit 416, # <u>18</u> Exhibit 417, # <u>19</u> Exhibit 418, # <u>20</u> Exhibit 419, # <u>21</u> Exhibit 420, # <u>22</u> Exhibit 421, # <u>23</u> Exhibit 422, # <u>24</u> Exhibit 423, # <u>25</u> Exhibit 424, # <u>26</u> Exhibit 425, # <u>27</u> Exhibit 426, # <u>28</u> Exhibit 427, # <u>29</u> Exhibit 428, # <u>30</u> Exhibit 429, # <u>31</u> Exhibit 430)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>54</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> |

| | | |
|---|---|---|
| | | Exhibit 430, # <u>3</u> Exhibit 431, # <u>4</u> Exhibit 432, # <u>5</u> Exhibit 433, # <u>6</u> Exhibit 434, # <u>7</u> Exhibit 435, # <u>8</u> Exhibit 436, # <u>9</u> Exhibit 437, # <u>10</u> Exhibit 438, # <u>11</u> Exhibit 439, # <u>12</u> Exhibit 440, # <u>13</u> Exhibit 441, # <u>14</u> Exhibit 442, # <u>15</u> Exhibit 443, # <u>16</u> Exhibit 444, # <u>17</u> Exhibit 445, # <u>18</u> Exhibit 446, # <u>19</u> Exhibit 447, # <u>20</u> Exhibit 448, # <u>21</u> Exhibit 449, # <u>22</u> Exhibit 450, # <u>23</u> Exhibit 451, # <u>24</u> Exhibit 452, # <u>25</u> Exhibit 453, # <u>26</u> Exhibit 454, # <u>27</u> Exhibit 455, # <u>28</u> Exhibit 456, # <u>29</u> Exhibit 457, # <u>30</u> Exhibit 458, # <u>31</u> Exhibit 459)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>55</u> | DECLARATION of Kristin Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration, part 2, # <u>2</u> Exhibit 242, part 17, # <u>3</u> Exhibit 333)(Mastro, Randy) (Main Document 55 replaced on 10/1/2019) (rro). (Entered: 02/06/2011) |
| 02/06/2011 | <u>56</u> | DECLARATION of Vladimir Alvarez Grau in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Tab A, # <u>2</u> Exhibits 1 – 3, # <u>3</u> Exhibit 4, part 1, # <u>4</u> Exhibit 4, part 2, # <u>5</u> Exhibits 5 – 9, # <u>6</u> Exhibits 10 – 13, # <u>7</u> Exhibits 14 – 18, # <u>8</u> Exhibits 19 – 26, # <u>9</u> Exhibits 27 – 34)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>57</u> | DECLARATION of Vladimiro Alvarez Grau in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibits 35 – 39, # <u>2</u> Exhibits 40 – 41, # <u>3</u> Exhibits 42 – 47, # <u>4</u> Exhibit 48, # <u>5</u> Exhibits 49 – 67, # <u>6</u> Exhibits 68 – 73, # <u>7</u> Exhibits 74 – 82, # <u>8</u> Exhibits 83 – 95)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/06/2011 | <u>58</u> | DECLARATION of Vladimiro Alvarez Grau in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibits 96 – 103, # <u>2</u> Exhibits 104 – 111, # <u>3</u> Exhibits 112 – 113, # <u>4</u> Exhibits 114 – 130)(Mastro, Randy) (Entered: 02/06/2011) |
| 02/07/2011 | <u>59</u> | NOTICE OF APPEARANCE by Kristen Luise Hendricks on behalf of Chevron Corporation (Hendricks, Kristen) (Entered: 02/07/2011) |
| 02/08/2011 | <u>60</u> | NOTICE OF APPEARANCE by Sheldon Howard Elsen on behalf of Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje (Elsen, Sheldon) (Entered: 02/08/2011) |
| 02/08/2011 | <u>61</u> | MEMORANDUM OF LAW in Opposition *to Order to Show Cause....* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Memorandum of Law 2 of 2)(Elsen, Sheldon) (Entered: 02/08/2011) |
| 02/08/2011 | <u>62</u> | AFFIRMATION of Sheldon Elsen in Opposition re: <u>61</u> Memorandum of Law in Opposition. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Exhibit Exhibit A, # <u>2</u> Exhibit Exhibit B–1, # <u>3</u> Exhibit Exhibit B–2, # <u>4</u> Exhibit Exhibit C, # <u>5</u> Exhibit Exhibit D, # <u>6</u> Exhibit Exhibit E, # <u>7</u> Exhibit Exhibit F)(Elsen, Sheldon) (Entered: 02/08/2011) |
| 02/08/2011 | <u>63</u> | AFFIRMATION of Sheldon Elsen in Opposition re: <u>4</u> Order to Show Cause,,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Exhibit Exhibit G–1, # <u>2</u> Exhibit Exhibit G–2, # <u>3</u> Exhibit Exhibit G–3, # <u>4</u> Exhibit Exhibit G–4, # <u>5</u> Exhibit Exhibit H–1, # <u>6</u> Exhibit Exhibit H–2, # <u>7</u> Exhibit Exhibit H–3, # <u>8</u> Exhibit Exhibit I, # <u>9</u> Exhibit Exhibit J, # <u>10</u> Exhibit Exhibit K)(Elsen, Sheldon) (Entered: 02/08/2011) |
| 02/08/2011 | <u>64</u> | AFFIRMATION of Sheldon Elsen in Opposition re: <u>4</u> Order to Show Cause,,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Exhibit Exhibit L–1, # <u>2</u> Exhibit Exhibit L–2, # <u>3</u> Exhibit Exhibit L–3, # <u>4</u> Exhibit Exhibit L–4, # <u>5</u> Exhibit Exhibit M, # <u>6</u> Exhibit Exhibit N–1, # <u>7</u> Exhibit Exhibit N–2, # <u>8</u> Exhibit Exhibit O, # <u>9</u> Exhibit Exhibit P, # <u>10</u> Exhibit Exhibit Q)(Elsen, Sheldon) (Entered: 02/08/2011) |
| 02/08/2011 | <u>65</u> | AFFIRMATION of Sheldon Elsen in Opposition re: <u>4</u> Order to Show Cause,,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Exhibit Exhibit R–1, # <u>2</u> Exhibit Exhibit R–2, # <u>3</u> Exhibit Exhibit R–3, # <u>4</u> Exhibit Exhibit S–1, # <u>5</u> Exhibit Exhibit S–2, # <u>6</u> Exhibit Exhibit T, # <u>7</u> Exhibit Exhibit U, # <u>8</u> Exhibit Exhibit V, # <u>9</u> Exhibit Exhibit W, # <u>10</u> Exhibit Exhibit X, # <u>11</u> Exhibit Exhibit Y, # <u>12</u> Exhibit Exhibit Z)(Elsen, Sheldon) (Entered: 02/08/2011) |

| | | |
|---|---|---|
| 02/08/2011 | 66 | AFFIRMATION of Sheldon Elsen in Opposition re: 4 Order to Show Cause,,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit AA, # 2 Exhibit BB, # 3 Exhibit CC, # 4 Exhibit DD, # 5 Exhibit EE, # 6 Exhibit FF, # 7 Exhibit GG, # 8 Exhibit HH, # 9 Exhibit II, # 10 Exhibit JJ, # 11 Exhibit KK, # 12 Exhibit LL, # 13 Exhibit MM, # 14 Exhibit NN, # 15 Exhibit OO–1, # 16 Exhibit OO–2, # 17 Exhibit OO–3, # 18 Exhibit PP, # 19 Exhibit QQ, # 20 Exhibit RR, # 21 Exhibit SS, # 22 Exhibit TT, # 23 Exhibit UU)(Elsen, Sheldon) (Entered: 02/08/2011) |
| 02/08/2011 | 67 | AFFIRMATION of Sheldon Elsen in Opposition re: 4 Order to Show Cause,,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit VV, # 2 Exhibit WW, # 3 Exhibit XX, # 4 Exhibit YY, # 5 Exhibit ZZ, # 6 Exhibit AAA)(Elsen, Sheldon) (Entered: 02/08/2011) |
| 02/08/2011 | 68 | AFFIDAVIT OF SERVICE of Summons and Complaint,,,,,,,. Steven Donziger served on 2/3/2011, answer due 2/24/2011; The Law Offices of Steven R. Donziger served on 2/3/2011, answer due 2/24/2011. Service was accepted by Rafael Quinetine, Doorman. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/08/2011) |
| 02/08/2011 | 69 | AFFIDAVIT OF SERVICE of Summons and Complaint,,,,,,,. Douglas Beltman served on 2/1/2011, answer due 2/22/2011. Service was accepted by Douglas Beltman. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/08/2011) |
| 02/08/2011 | 70 | AFFIDAVIT OF SERVICE of Summons and Complaint,,,,,,,. Ann Maest served on 2/1/2011, answer due 2/22/2011. Service was accepted by Ann Maest. Document filed by Ann Maest. (Mastro, Randy) (Entered: 02/08/2011) |
| 02/08/2011 | 71 | AFFIDAVIT OF SERVICE of Summons and Complaint,,,,,,,. Stratus Consulting, Inc. served on 2/1/2011, answer due 2/22/2011. Service was accepted by Douglas Beltman, Authorized Agent. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/08/2011) |
| 02/08/2011 | 72 | AFFIDAVIT OF SERVICE of Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction, Proposed Order to Show Cause, Memorandum of Law dated February 3, 2011, Declaration of Kristen L. Hendricks with supporting exhibits dated February 3, 2011, and Declaration of Vladimiro Alvarez Grau with supporting exhibits dated February 3, 2011 (Doc No. 4 to 58) served on Douglas Beltman on 02/03/2011. Service was accepted by Douglas Beltman. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/08/2011) |
| 02/08/2011 | 73 | AFFIDAVIT OF SERVICE of Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction, Proposed Order to Show Cause, Memorandum of Law dated February 3, 2011, Declaration of Kristen L. Hendricks with supporting exhibits dated February 3, 2011, and Declaration of Vladimiro Alvarez Grau with supporting exhibits dated February 3, 2011 (Doc No. 4 to 58) served on Ann Maest on 02/03/2011. Service was accepted by Ann Maest. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/08/2011) |
| 02/08/2011 | 74 | AFFIDAVIT OF SERVICE of Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction, Proposed Order to Show Cause, Memorandum of Law dated February 3, 2011, Declaration of Kristen L. Hendricks with supporting exhibits dated February 3, 2011, and Declaration of Vladimiro Alvarez Grau with supporting exhibits dated February 3, 2011 (Doc No. 4 to 58) served on Stratus Consulting, Inc. on 02/03/2011. Service was accepted by Douglas Beltman, Authorized Agent. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/08/2011) |
| 02/08/2011 | 75 | AFFIDAVIT OF SERVICE of 1) Summons in a Civil Action, filed February 1, 2011; 2) Civil Cover Sheet and Related Case Explanation, filed February 1, 2011; 3) Complaint, filed February 1, 2011; 4) Chevron Corporation's Rule 7.1 Statement, filed February 1, 2011; 5) Order to Show Cause Why a Temporary Restraining Order and Preliminary Injunction Should Not Be Entered, issued February 3, 2011; 6) Chevron's Memorandum of Law in Support of Its Application by Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction, filed February 3, 2011; 7) Declaration of Kristen L. Hendricks in Support of Chevron Corporation's Motion for |

| | | |
|---|---|---|
| | | Preliminary Injunction, filed February 3, 2011; 8) Declaration of Vladimiro lvarez Grau in Support of Chevron Corporation's Motion for a Temporary Restraining Order and Preliminary Injunction, filed February 3, 2011; and 9) a cover letter from Randy M. Mastro to the Court, dated February 3, 2011, enclosing documents 58 served on Steven Donziger, Pablo Fajardo Mendoza, Luis Yanza, the Frente de Defensa de la Amazonia a/k/a Amazon Defense Front, Selva Viva Selviva CIA, LTDA, and Fajardo as agent for the 47 Individual Lago Agrio Plaintiffs (See Declaration for Individually Named Defendants) on 02/04/2011. Service was made by Electronic Mail, By Hand Delivery and Overnight Mail Delivery. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A through F, # 2 Exhibit G through L)(Mastro, Randy) (Entered: 02/08/2011) |
| 02/08/2011 | 76 | FILING ERROR – ELECTRONIC FILING FOR NON–ECF DOCUMENT(LETTER) – NOTICE of Request for Adjournment and Other Relief re: 4 Order to Show Cause. Document filed by Steven Donziger. (Donziger, Steven) Modified on 2/10/2011 (ka). (Entered: 02/08/2011) |
| 02/08/2011 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Oral Argument held on 2/8/2011. (mro) (Entered: 03/02/2011) |
| 02/09/2011 | 77 | ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER: Accordingly, the motion for a temporary restraining order is granted. Defendants, their officers, agents, servants, employees and attorneys and all other persons in active concert or participation with any of the foregoing be and they hereby are restrained, to and including 11:59 p.m. on February 22, 2011, from funding, commencing, prosecuting, advancing in any way, or receiving benefit from, directly or indirectly, any action or proceeding for recognition or enforcement of any judgment entered against Chevron in Maria Aguinda y Otros v. Chevron Corporation, No. 002–2003 (the "Lago Agrio Litigation") currently pending in the Provincial Court of Justice of Sucumbios in Ecuador, or for prejudgment seizure or attachment of assets based on any such judgment. The continuation of the temporary restraining order beyond noon on February 11, 2011 is conditioned upon Chevron having posted a bond in the amount of $10,000 prior to that time. It is further ordered as follows: 1. All papers in opposition to plaintiff s motion for a preliminary injunction shall be filed and served no later than February 11, 2011 at 5 p.m., and any reply papers in support of that motion shall be filed and served no later than February 15, 2011 at 5 p.m. 2. Unless otherwise ordered, the Court will hear argument on the motion for preliminary injunction on February 18, 2011 at 9:30 a.m. 3. The parties shall hold the period beginning on February 22, 2011 available for an evidentiary hearing in the event the Court determines that such a hearing is necessary or appropriate. (Responses due by 2/11/2011. Replies due by 2/15/2011. Oral Argument set for 2/18/2011 at 09:30 AM before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 2/8/2011) (tro) Modified on 2/16/2011 (tro). (Entered: 02/09/2011) |
| 02/09/2011 | 78 | ORDER: Chevron should file with the Court a DVD or CD–Rom containing the exhibits presented at the February 8, 2011 oral argument. (Signed by Judge Lewis A. Kaplan on 2/9/2011) (jpo) (Entered: 02/09/2011) |
| 02/09/2011 | 79 | ORDER: The Court yesterday granted a temporary restraining order and has scheduled argument on the motion for a preliminary injunction for 9:30 a.m. on February 18, 2011. the Court hereby solicits the views, if any, of the U,S, Department of State with respect to the pending motion. Should the Department wish to express a position, the Court would appreciate receiving its submission on or before February 15, 2010 or, in any case, as soon thereafter as possible. The parties are directed to provide copies of (1) this order, (2) all papers filed herein, and (3) this Court's and the Court of Appeals' decision in In re Chevron Corp., Nos, 10 Mc 0001 and 10 Mc 002 to the Legal Advisor of the Department of State no later than the close of business on February 10, 2011. (Signed by Judge Lewis A. Kaplan on 2/9/2011) (jpo) (Entered: 02/09/2011) |
| 02/09/2011 | | Set/Reset Hearings: Oral Argument set for 2/18/2011 at 09:30 AM before Judge Lewis A. Kaplan. (tro) (Entered: 02/09/2011) |
| 02/09/2011 | | ***DELETED DOCUMENT. Deleted document number 80 Order as a duplicate of 79 . The document was incorrectly filed in this case. (tro) (Entered: 02/09/2011) |

| 02/10/2011 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 76 HAS BEEN REJECTED. Note to Attorney Steven R. Donziger : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (ka) (Entered: 02/10/2011) |
|---|---|---|
| 02/11/2011 | 80 | NOTICE OF APPEARANCE by Steven J. Hyman on behalf of Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje (Hyman, Steven) (Entered: 02/11/2011) |
| 02/11/2011 | 81 | MEMORANDUM OF LAW in Opposition re: 4 Order to Show Cause,,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Hyman, Steven) (Entered: 02/11/2011) |
| 02/11/2011 | 82 | NOTICE of Substitution of Attorney. Old Attorney: Shelden Elsen, Esq., New Attorney: Steven J. Hyman, Esq. and Norman Siegel, Esq., Address: McLaughlin and Stern, LLP, 260 Madison Ave., 18th Fl., New York, NY, USA 10016, 212–448–1100. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Hyman, Steven) (Entered: 02/11/2011) |
| 02/11/2011 | 83 | FILING ERROR – DEFICIENT DOCKET ENTRY – (SEE DOCUMENT #85) – CERTIFICATE OF SERVICE of Notice of Substitution of Counsel served on Chevron Corporation on February 11, 2011. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Hyman, Steven) Modified on 2/18/2011 (lb). (Entered: 02/11/2011) |
| 02/11/2011 | 84 | CERTIFICATE OF SERVICE of Notice of Appearance served on Chevron Corporation on Feburary 11, 2011. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Hyman, Steven) (Entered: 02/11/2011) |
| 02/11/2011 | 85 | CERTIFICATE OF SERVICE of Memorandum of Law in Opposition to Preliminary Injunction served on Chevron Corporation on February 11, 2011. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Hyman, Steven) (Entered: 02/11/2011) |
| 02/11/2011 | 86 | CERTIFICATE OF SERVICE of Notice of Substitution of Counsel served on Chevron Corporation on February 11, 2011. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Hyman, Steven) (Entered: 02/11/2011) |
| 02/14/2011 | 87 | ORDER. Papers in opposition to Chevron's motion for preliminary injunction were due by 5 p.m. on February 11, 2011. None ofthe defendants, except for Hugo Gerado Camacho Naranjo and Javier Piaguaje Payaguaje, have filed opposition papers. Nevertheless, in order to facilitate careful consideration of the motion for preliminary injunction, the temporary restraining order is hereby extended to 11:59 p.m. on March 8, 2011. (Signed by Judge Lewis A. Kaplan on 2/14/11) (djc) (Entered: 02/14/2011) |
| 02/14/2011 | 88 | ORDER: Proposed new counsel for defendants Camacho Naranjo and Piaguaje Payaguaje have filed a proposed stipulation of substitution and requested, in light of the extension today of the temporary restraining order until March 8, 2011, an adjournment until the week of February 28 of the argument of and any evidentiary hearing with respect to the preliminary injunction motion now scheduled for argument on February 22. In view of the fact that the temporary restraining order now expires on March 8, 2011 and perhaps cannot be extended further except on consent, the effect of granting the proposed adjournment could be to leave the Court with a maximum of six business days following the requested adjourned argument, and perhaps less, within which to reflect on the argument and the record, hold any evidentiary hearing that may be appropriate, and render a considered decision before the TRO expires. The purpose of extending the temporary restraining order was to ease precisely such time pressure. It would be defeated if the proposed adjournment were granted. Thus, while the Court would like to accommodate counsel if possible, the request for an adjournment is denied. This result is all the more important to reach in light of the reported entry of judgment in Ecuador against Chevron. This order is without prejudice to a renewed application provided that all defendants consent to an extension of the TRO for a satisfactory period beyond March 8, 2011 or, alternatively, plaintiff agrees. (Signed by Judge Lewis A. Kaplan on 2/14/2011) (tro) (Entered: 02/14/2011) |

| | | |
|---|---|---|
| 02/14/2011 | 89 | NOTICE OF APPEARANCE by Norman H. Siegel on behalf of Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje (Siegel, Norman) (Entered: 02/14/2011) |
| 02/14/2011 | 113 | MOTION for Scott A. Edelman, William E. Thomson and Andrea E. Neuman to Appear Pro Hac Vice. Document filed by Chevron Corporation.(mro) (Entered: 02/16/2011) |
| 02/15/2011 | 90 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 2/14/2011 re: Requesting permission to file a single reply brief of no more than 35 pages responding to both of these oppositions. ENDORSEMENT: Granted. (Signed by Judge Lewis A. Kaplan on 2/15/2011) (jpo) (Entered: 02/15/2011) |
| 02/15/2011 | 91 | REPLY MEMORANDUM OF LAW in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 92 | DECLARATION of Rene Enrique Recalde Mera in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 93 | DECLARATION of Enrique Carvajal Salas in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 94 | DECLARATION of Randy M. Mastro in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 95 | DECLARATION of Cesar Coronel Jones in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 96 | DECLARATION of Kirsten Galler in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 97 | DECLARATION of Rex J. Mitchell in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Part 1, # 2 Exhibit 1 – Part 2, # 3 Exhibit 1 – Part 3, # 4 Exhibit 1 – Part 4, # 5 Exhibit 2 – Part 1, # 6 Exhibit 2 – Part 2, # 7 Exhibit 2 – Part 3)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 98 | DECLARATION of Ivan Alberto Racines Enrique in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 99 | DECLARATION of Cesar Coronel Jones in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 100 | DECLARATION of Maria Gabriela Davila Cueva in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 101 | DECLARATION of Pablo Salvador Defina Bucaram in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 102 | DECLARATION of Jan Paulsson in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Curriculum Vitae, # 2 Index to Paulsson Declaration, # 3 Exhibit 1 – 1, # 4 Exhibit 1 – 2, # 5 Exhibit 1 – 3, # 6 Exhibit 1 – 4, # 7 Exhibit 1 – 5, Part 1, # 8 Exhibit 1 – 5, Part 2, # 9 Exhibit 1 – 5, Part 3, # 10 Exhibit 1 – 6)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | 103 | DECLARATION of Jan Paulsson in Support re: 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Index to Paulsson Declaration, # 2 Exhibit 1 –7, # 3 Exhibit 1 – 8, # 4 Exhibit 1 – 9, # 5 Exhibit 1 – 10, # 6 Exhibit 1 – 11, # 7 Exhibit 1 – 12, Part 1, # 8 Exhibit 1 – 12, Part 2, # 9 Exhibit 1 – 12, Part 3, # 10 Exhibit 1 – 13, # 11 Exhibit 1 – 14, # 12 Exhibit 1 – 15, # 13 Exhibit 1 – 16)(Mastro, Randy) (Entered: 02/15/2011) |

| | | |
|---|---|---|
| 02/15/2011 | <u>104</u> | DECLARATION of Kristen L. Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 114, # <u>2</u> Exhibit 407, # <u>3</u> Exhibit 445, # <u>4</u> Exhibit 453, # <u>5</u> Exhibit 454)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | <u>105</u> | DECLARATION of Kristen L. Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 465, # <u>2</u> Exhibit 466, Part1, # <u>3</u> Exhibit 466, Part 2, # <u>4</u> Exhibit 466, Part 3, # <u>5</u> Exhibit 466, Part 4, # <u>6</u> Exhibit 467, # <u>7</u> Exhibit 468, # <u>8</u> Exhibit 469, # <u>9</u> Exhibit 470, # <u>10</u> Exhibit 471, # <u>11</u> Exhibit 472, # <u>12</u> Exhibit 473, # <u>13</u> Exhibit 474, Part 1, # <u>14</u> Exhibit 474, Part 2, # <u>15</u> Exhibit 475)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | <u>106</u> | DECLARATION of Kristen L. Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 476, # <u>2</u> Exhibit 477, # <u>3</u> Exhibit 478, # <u>4</u> Exhibit 479, # <u>5</u> Exhibit 480, # <u>6</u> Exhibit 481, Part 1, # <u>7</u> Exhibit 481, Part 2, # <u>8</u> Exhibit 481, Part 3, # <u>9</u> Exhibit 481, Part 4, # <u>10</u> Exhibit 482, # <u>11</u> Exhibit 483, # <u>12</u> Exhibit 484, # <u>13</u> Exhibit 485, # <u>14</u> Exhibit 486)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | <u>107</u> | DECLARATION of Kristen L. Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 487, # <u>2</u> Exhibit 488, # <u>3</u> Exhibit 489, # <u>4</u> Exhibit 490, # <u>5</u> Exhibit 491, # <u>6</u> Exhibit 492, # <u>7</u> Exhibit 493, # <u>8</u> Exhibit 494, # <u>9</u> Exhibit 495, # <u>10</u> Exhibit 496, # <u>11</u> Exhibit 497, # <u>12</u> Exhibit 498, # <u>13</u> Exhibit 499, # <u>14</u> Exhibit 500, # <u>15</u> Exhibit 501, # <u>16</u> Exhibit 502, # <u>17</u> Exhibit 503, # <u>18</u> Exhibit 504)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | <u>108</u> | DECLARATION of Kristen L. Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 505, # <u>2</u> Exhibit 506, Part 1, # <u>3</u> Exhibit 506, Part 2, # <u>4</u> Exhibit 506, Part 3, # <u>5</u> Exhibit 506, Part 4, # <u>6</u> Exhibit 506, Part 5, # <u>7</u> Exhibit 507, # <u>8</u> Exhibit 508, # <u>9</u> Exhibit 509, # <u>10</u> Exhibit 510, # <u>11</u> Exhibit 511, # <u>12</u> Exhibit 512, # <u>13</u> Exhibit 513, # <u>14</u> Exhibit 514)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | <u>109</u> | DECLARATION of Kristen L. Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 515, # <u>2</u> Exhibit 516, # <u>3</u> Exhibit 517, # <u>4</u> Exhibit 518, # <u>5</u> Exhibit 519, # <u>6</u> Exhibit 520, Part 1, # <u>7</u> Exhibit 520, Part 2, # <u>8</u> Exhibit 520, Part 3, # <u>9</u> Exhibit 520, Part 4, # <u>10</u> Exhibit 521, # <u>11</u> Exhibit 522, # <u>12</u> Exhibit 523, # <u>13</u> Exhibit 524, # <u>14</u> Exhibit 525)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | <u>110</u> | DECLARATION of Kristen L. Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 526, # <u>2</u> Exhibit 527, # <u>3</u> Exhibit 528, # <u>4</u> Exhibit 529, # <u>5</u> Exhibit 530, # <u>6</u> Exhibit 531, # <u>7</u> Exhibit 532, # <u>8</u> Exhibit 533, # <u>9</u> Exhibit 534, # <u>10</u> Exhibit 535, # <u>11</u> Exhibit 536, # <u>12</u> Exhibit 537, # <u>13</u> Exhibit 538, # <u>14</u> Exhibit 539, # <u>15</u> Exhibit 540, # <u>16</u> Exhibit 541, # <u>17</u> Exhibit 542, # <u>18</u> Exhibit 543, # <u>19</u> Exhibit 544, # <u>20</u> Exhibit 545)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/15/2011 | <u>111</u> | DECLARATION of Kristen L. Hendricks in Support re: <u>4</u> Order to Show Cause,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 546, # <u>2</u> Exhibit 547, # <u>3</u> Exhibit 548, # <u>4</u> Exhibit 549, # <u>5</u> Exhibit 550, # <u>6</u> Exhibit 551, # <u>7</u> Exhibit 552, # <u>8</u> Exhibit 553, # <u>9</u> Exhibit 554, Part 1, # <u>10</u> Exhibit 554, Part 2, # <u>11</u> Exhibit 555, # <u>12</u> Exhibit 556, # <u>13</u> Exhibit 557, # <u>14</u> Exhibit 558, # <u>15</u> Exhibit 559, # <u>16</u> Exhibit 560, # <u>17</u> Exhibit 561, # <u>18</u> Exhibit 562, # <u>19</u> Exhibit 563)(Mastro, Randy) (Entered: 02/15/2011) |
| 02/16/2011 | <u>112</u> | SUBSTITUTION OF COUNSEL that Norman Siegel and Steven J. Hyman be substituted in the place and stead of Orans Elsen Lupert & Brown, LLP as attorneys for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje. (Signed by Judge Lewis A. Kaplan on 2/14/11) (cd) (Entered: 02/16/2011) |
| 02/16/2011 | <u>114</u> | Letter addressed to Judge Lewis A. Kaplan from John Clopper dated 2/15/11 re: The Department of State doe not have any specific comment at this time regarding plaintiff's pending motion for a preliminary injunction and relations between the US and Ecuador. (cd) (Entered: 02/16/2011) |

| | | |
|---|---|---|
| 02/17/2011 | 115 | DECLARATION of Maria Gabriela Davila Cueva in Support re: 100 Declaration in Support, 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/17/2011) |
| 02/17/2011 | 116 | DECLARATION of Pablo Salvador Defina Bacuram in Support re: 101 Declaration in Support, 4 Order to Show Cause,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/18/2011) |
| 02/18/2011 | 117 | DECLARATION of Kirsten Galler re: 1 Complaint,,,,,,, Summons Issued *to various defendants*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mastro, Randy) (Entered: 02/18/2011) |
| 02/18/2011 | 118 | DECLARATION of Elaine K. Kim *Regarding Service of Chevron's Reply in Support of the Motion for Preliminary Injunction and Supporting Declarations*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/18/2011) |
| 02/18/2011 | 119 | DECLARATION of Elaine K. Kim *Regarding Service of the Order Dated February 8, 2011 on Plaintiff's Motion for Temporary Restraining Order*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/18/2011) |
| 02/18/2011 | 120 | DECLARATION of Jason E. Morrow *Regarding Service of Chevron's Reply in Support of Motion for Preliminary Injunction and Supporting Declarations*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/18/2011) |
| 02/18/2011 | 121 | DECLARATION of Kristen L. Hendricks *Regarding Service of Chevron's Reply in Support of Motion for Preliminary Injunction and Supporting Declarations*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/18/2011) |
| 02/18/2011 | 122 | DECLARATION of Kristen L. Hendricks *Regarding Service of the Order dated February 8, 2011 on Plaintiff's Motion for a Temporary Restraining Order*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/18/2011) |
| 02/18/2011 | 123 | DECLARATION of Kristen L. Hendricks *Regarding Service of Order dated February 14, 2011*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/18/2011) |
| 02/18/2011 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Oral Argument held on 2/18/2011. Expert affidavits are due 2/24/11 before 4pm. Each side may submit one such affidavit. (mro) (Entered: 03/07/2011) |
| 02/23/2011 | 124 | NOTICE OF APPEARANCE by Elliot Remsen Peters on behalf of Steven Donziger, The Law Offices of Steven R. Donziger (Peters, Elliot) (Entered: 02/23/2011) |
| 02/23/2011 | 125 | CERTIFICATE OF SERVICE of CERTIFICATE OF SERVICE on 02/11/11. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Peters, Elliot) (Entered: 02/23/2011) |
| 02/23/2011 | 126 | MEMO ENDORSEMENT ON 113 Motion for Scott A. Edelman, William E. Thomson and Andrea E. Neuman to Appear Pro Hac Vice. ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/23/2011) (lnl) (Entered: 02/23/2011) |
| 02/24/2011 | 127 | ORDER: Mr. Fajardo' s application, insofar as it is made on behalf of himself, is granted to the extent that his time to answer, move or otherwise respond to the complaint is extended to and including March 1, 2011. The application, insofar as it is brought on his behalf, is denied in all other respects without prejudice to a timely motion for a further extension made on notice to all parties. Insofar as the application is made on behalf of Ecuadorian defendants other than Messrs. Camacho Naranjo and Piaguaje Payaguaje, it is denied without prejudice to a renewed motion made on notice to all parties by duly admitted counsel by the individuals in question pro se. The Court, on its own motion, extends the time of the Ecuadorian defendants other than Messrs. Camacho Naranjo and Piaguaje Payaguaje to answer, moved or otherwise respond to the complaint to and including March 1, 2011. It will consider a further extension in the event a stipulation or proper application seeking one is properly presented. Insofar as the application is made on behalf of Messrs. Camacho Naranjo and Piaguaje Payaguaje, it is denied as moot. Pablo Fajardo Mendoza answer due 3/1/2011. (Signed by Judge Lewis A. Kaplan on 2/24/2011) (tro) (Entered: 02/24/2011) |

| 02/24/2011 | 128 | Letter addressed to Judge Lewis A. Kaplan from Pablo Fajardo Mendoza dated 2/23/2011 re: Mr. Pablo Fajardo Mendoza along with the Ecuadorian defendants, request an extension of time to respond to the complaint. Document filed by Pablo Fajardo Mendoza.(tro) (Entered: 02/24/2011) |
|---|---|---|
| 02/24/2011 | 129 | STIPULATION AND ORDER: The time for defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje to answer, move against, or otherwise respond to the complaint herein be and hereby is adjourned to 3/16/2011. (Signed by Judge Lewis A. Kaplan on 2/24/2011) (tro) (Entered: 02/24/2011) |
| 02/24/2011 | 130 | NOTICE OF APPEARANCE by Gordon Mehler on behalf of Douglas Beltman, Ann Maest, Stratus Consulting, Inc., Stratus Consulting, Inc. (Mehler, Gordon) (Entered: 02/24/2011) |
| 02/24/2011 | 131 | NOTICE of NOTICE OF FILING. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Peters, Elliot) (Entered: 02/24/2011) |
| 02/24/2011 | 132 | DECLARATION of Alejandro Garro in Opposition re: 5 Memorandum of Law in Support, 4 Order to Show Cause,,,,. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Peters, Elliot) (Entered: 02/24/2011) |
| 02/24/2011 | 133 | AFFIDAVIT of Dr. Farith Ricardo Simon in Opposition re: 4 Order to Show Cause,,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Hyman, Steven) (Entered: 02/24/2011) |
| 02/24/2011 | 134 | AFFIDAVIT of Dr. Cesar Coronel Jones re: 4 Order to Show Cause,,,, *Affidavit of Dr. Cesar Coronel Jones Regarding Appellate Remedies and Judgment Enforcement in Ecuador*. Document filed by Chevron Corporation. (Attachments: # 1 Appendix Cover and Table of Tabs, # 2 Tabs 1 through 10, # 3 Tabs 11 through 20, # 4 Tabs 21 through 27, # 5 Tab 28, # 6 Tabs 29 through 34)(Mastro, Randy) (Entered: 02/24/2011) |
| 02/24/2011 | 135 | CERTIFICATE OF SERVICE of Affidavit of Dr. Farith Ricardo Simon in Opposition to Preliminary Injunction served on Chevron Corporation on February 24, 2011. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Hyman, Steven) (Entered: 02/24/2011) |
| 02/24/2011 | 136 | STIPULATION AND ORDER, Steven Donziger answer due 3/16/2011; The Law Offices of Steven R. Donziger answer due 3/16/2011 or Motion due by 3/16/2011, and as further set forth in this document. (Signed by Judge Lewis A. Kaplan on 2/24/11) (cd) (Entered: 02/24/2011) |
| 02/25/2011 | 137 | MEMORANDUM OF LAW in Opposition re: 77 Order, Set Deadlines/Hearings,,,,,,,,,,,,,. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Peters, Elliot) (Entered: 02/25/2011) |
| 02/25/2011 | 138 | DECLARATION of Elliot R. Peters in Support re: 137 Memorandum of Law in Opposition. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, Part 1, # 5 Exhibit 4, Part 2, # 6 Exhibit 4, Part 3, # 7 Exhibit 4, Part 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13)(Peters, Elliot) (Entered: 02/25/2011) |
| 02/25/2011 | | CASHIERS OFFICE REMARK on 113 Motion to Appear Pro Hac Vice in the amount of $75.00, paid on 02/14/2011, Receipt Number 930015. (jd) (Entered: 02/25/2011) |
| 02/25/2011 | 139 | DECLARATION of Elliot R. Peters in Support re: 137 Memorandum of Law in Opposition. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 14, Part 1, # 2 Exhibit 14, Part 2, # 3 Exhibit 14, Part 3, # 4 Exhibit 14, Part 4, # 5 Exhibit 14, Part 5, # 6 Exhibit 14, Part 6, # 7 Exhibit 14, Part 7, # 8 Exhibit 14, Part 8, # 9 Exhibit 14, Part 9)(Peters, Elliot) (Entered: 02/25/2011) |
| 02/25/2011 | 140 | DECLARATION of Elliot R. Peters in Support re: 137 Memorandum of Law in Opposition. Document filed by Steven Donziger, The Law Offices of Steven R. |

| | | |
|---|---|---|
| | | Donziger. (Attachments: # 1 Exhibit 15, # 2 Exhibit 16, # 3 Exhibit 17, # 4 Exhibit 18, # 5 Exhibit 19, # 6 Exhibit 20, # 7 Exhibit 21, # 8 Exhibit 22, Part 1, # 9 Exhibit 22, Part 2, # 10 Exhibit 22, Part 3, # 11 Exhibit 22, Part 4, # 12 Exhibit 22, Part 5, # 13 Exhibit 22, Part 6, # 14 Exhibit 23, # 15 Exhibit 24, # 16 Exhibit 25)(Peters, Elliot) (Entered: 02/25/2011) |
| 02/25/2011 | 141 | DECLARATION of Elliot R. Peters in Support re: 137 Memorandum of Law in Opposition. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 26, Part 1, # 2 Exhibit 26, Part 2, # 3 Exhibit 26, Part 3, # 4 Exhibit 26, Part 4, # 5 Exhibit 27, Part 1, # 6 Exhibit 27, Part 2, # 7 Exhibit 27, Part 3, # 8 Exhibit 27, Part 4, # 9 Exhibit 28, Part 1, # 10 Exhibit 28, Part 2, # 11 Exhibit 28, Part 3, # 12 Exhibit 28, Part 4, # 13 Exhibit 28, Part 5)(Peters, Elliot) (Entered: 02/25/2011) |
| 02/25/2011 | 142 | DECLARATION of Elliot R. Peters in Support re: 137 Memorandum of Law in Opposition. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 29, # 2 Exhibit 30, # 3 Exhibit 31, # 4 Exhibit 32, # 5 Exhibit 33)(Peters, Elliot) (Entered: 02/25/2011) |
| 02/27/2011 | 143 | NOTICE OF APPEARANCE by Julio Cesar Gomez on behalf of Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje (Gomez, Julio) (Entered: 02/27/2011) |
| 02/27/2011 | 144 | FILING ERROR – DEFICIENT DOCKET ENTRY – MOTION to Increase Bond Amount (On Short Notice). Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Memorandum of Law, # 2 Proposed Order, # 3 Certificate of Service)(Gomez, Julio) Modified on 2/28/2011 (ka). (Entered: 02/27/2011) |
| 02/27/2011 | 145 | FILING ERROR – DEFICIENT DOCKET ENTRY – DECLARATION of Juan Pablo Saenz M. in Support re: 144 MOTION to Increase Bond Amount (On Short Notice). Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15 (Part 1), # 16 Exhibit 15 (Part 2), # 17 Exhibit 15 (Part 3), # 18 Exhibit 15 (Part 4), # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32)(Gomez, Julio) Modified on 2/28/2011 (ka). (Entered: 02/28/2011) |
| 02/28/2011 | 146 | FILING ERROR – ELECTRONIC FILING FOR NON–ECF DOCUMENT(EXHIBITS) – DECLARATION of Juan Pablo Saenz M. in Support re: 144 MOTION to Increase Bond Amount *(On Short Notice)*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 33, # 2 Exhibit 34, # 3 Exhibit 35, # 4 Exhibit 36, # 5 Exhibit 37, # 6 Exhibit 38, # 7 Exhibit 39, # 8 Exhibit 40, # 9 Exhibit 41, # 10 Exhibit 42, # 11 Exhibit 43, # 12 Exhibit 44, # 13 Exhibit 45, # 14 Exhibit 46, # 15 Exhibit 47, # 16 Exhibit 48, # 17 Exhibit 49, # 18 Exhibit 50, # 19 Exhibit 51, # 20 Exhibit 52, # 21 Exhibit 53, # 22 Exhibit 54)(Gomez, Julio) Modified on 2/28/2011 (ka). (Entered: 02/28/2011) |
| 02/28/2011 | 147 | FILING ERROR – ELECTRONIC FILING FOR NON–ECF DOCUMENT(EXHIBITS) – DECLARATION of Juan Pablo Saenz M. in Support re: 144 MOTION to Increase Bond Amount *(On Short Notice)*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 55, # 2 Exhibit 56, # 3 Exhibit 57, # 4 Exhibit 58, # 5 Exhibit 59, # 6 Exhibit 60, # 7 Exhibit 61, # 8 Exhibit 62, # 9 Exhibit 63, # 10 Exhibit 64, # 11 Exhibit 65, # 12 Exhibit 66, # 13 Exhibit 67, # 14 Exhibit 68, # 15 Exhibit 69, # 16 Exhibit 70, # 17 Exhibit 71 (Part 1), # 18 Exhibit 71 (Part 2), # 19 Exhibit 71 (Part 3), # 20 Exhibit 71 (Part 4))(Gomez, Julio) Modified on 2/28/2011 (ka). (Entered: 02/28/2011) |
| 02/28/2011 | 148 | FILING ERROR – ELECTRONIC FILING FOR NON–ECF DOCUMENT(EXHIBITS) – DECLARATION of Juan Pablo Saenz M. in Support re: 144 MOTION to Increase Bond Amount *(On Short Notice)*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 71 (Part 5), # 2 Exhibit 71 (Part 6), # 3 Exhibit 71 (Part 7), # 4 Exhibit 71 (Part 8), # 5 Exhibit 71 (Part 9), # 6 Exhibit 71 (Part 10), # 7 Exhibit 71 (Part 11), # 8 Exhibit 72, # |

| | | |
|---|---|---|
| | | 9 Exhibit 73)(Gomez, Julio) Modified on 2/28/2011 (ka). (Entered: 02/28/2011) |
| 02/28/2011 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Julio Cesar Gomez to RE–FILE Document 144 MOTION to Increase Bond Amount (On Short Notice). MOTION to Increase Bond Amount (On Short Notice). ERROR(S): Filing Error of Attachments. Supporting Memorandum must be filed individually. Event code located under Replies, Opposition and Supporting Documents. ***NOTE: Email pdf of Proposed Order to judgments@nysd.uscourts.gov. (ka) (Entered: 02/28/2011) |
| 02/28/2011 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Julio Cesar Gomez to RE–FILE Document 145 Declaration in Support of Motion. ERROR(S): Link to incorrect filing of document#144. (ka) (Entered: 02/28/2011) |
| 02/28/2011 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – NON–ECF DOCUMENT ERROR. Note to Attorney FILING ERROR – ELECTRONIC FILING FOR NON–ECF DOCUMENT(EXHIBITS) – to MANUALLY RE–FILE Document No. 146 Exhibits. This document is not filed via ECF. (ka) (Entered: 02/28/2011) |
| 02/28/2011 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – NON–ECF DOCUMENT ERROR. Note to Attorney Julio Cesar Gomez to MANUALLY RE–FILE Document No. 147 Exhibits. This document is not filed via ECF. (ka) (Entered: 02/28/2011) |
| 02/28/2011 | 149 | FILING ERROR – DEFICIENT DOCKET ENTRY – MEMORANDUM OF LAW in Support re: 144 MOTION to Increase Bond Amount (On Short Notice). MOTION to Increase Bond Amount (On Short Notice). Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) Modified on 2/28/2011 (ka). (Entered: 02/28/2011) |
| 02/28/2011 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – NON–ECF DOCUMENT ERROR. Note to Attorney Julio Cesar Gomez to MANUALLY RE–FILE Document No. 148 Exhibits. This document is not filed via ECF. (ka) (Entered: 02/28/2011) |
| 02/28/2011 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Julio Cesar Gomez to RE–FILE Document 149 Memorandum of Law in Support of Motion. ERROR(S): Link to incorrect filing of document#144.***NOTE: Refile Motion(doc.#144 first and then refile supporting memorandum(doc.#149) and link to refiled motion). (ka) (Entered: 02/28/2011) |
| 02/28/2011 | 150 | MOTION Increase the Bond (on Short Notice). Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Certificate of Service)(Gomez, Julio) (Entered: 02/28/2011) |
| 02/28/2011 | 151 | MEMORANDUM OF LAW in Support re: 150 MOTION Increase the Bond (on Short Notice).. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 02/28/2011) |
| 02/28/2011 | 152 | DECLARATION of Juan Pablo Saenz M. in Support re: 150 MOTION Increase the Bond (on Short Notice).. Document filed by Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 4, # 5 Exhibit Ex. 5, # 6 Exhibit Ex. 6, # 7 Exhibit Ex. 7, # 8 Exhibit Ex. 8, # 9 Exhibit Ex. 9, # 10 Exhibit Ex. 10, # 11 Exhibit Ex. 11, # 12 Exhibit Ex. 12, # 13 Exhibit Ex. 13, # 14 Exhibit Ex. 14, # 15 Exhibit Ex. 15 –part 1, # 16 Exhibit Ex. 15– part 2, # 17 Exhibit Ex. 15–part 3, # 18 Exhibit Ex. 15 – part 4, # 19 Exhibit Ex. 16, # 20 Exhibit Ex. 17, # 21 Exhibit Ex. 18, # 22 Exhibit Ex. 19, # 23 Exhibit Ex. 20, # 24 Exhibit Ex. 21, # 25 Exhibit Ex. 22, # 26 Exhibit Ex. 23, # 27 Exhibit Ex. 24, # 28 Exhibit Ex. 25, # 29 Exhibit Ex. 26, # 30 Exhibit Ex. 27, # 31 Exhibit Ex. 28, # 32 Exhibit Ex. 29, # 33 Exhibit Ex. 30, # 34 Exhibit Ex. 31, # 35 Exhibit Ex. 32)(Gomez, Julio) (Entered: 02/28/2011) |
| 02/28/2011 | 153 | DECLARATION of Juan Pablo Saenz M. in Support re: 150 MOTION Increase the Bond (on Short Notice).. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Ex. 33, # 2 Exhibit Ex. 34, # 3 Exhibit Ex. 35, # 4 Exhibit Ex. 36, # 5 Exhibit Ex. 37, # 6 Exhibit Ex. 38, # 7 Exhibit Ex. 39, |

| | | |
|---|---|---|
| | | # <u>8</u> Exhibit Ex. 40, # <u>9</u> Exhibit Ex. 41, # <u>10</u> Exhibit Ex. 42, # <u>11</u> Exhibit Ex. 43, # <u>12</u> Exhibit Ex. 44, # <u>13</u> Exhibit Ex. 45, # <u>14</u> Exhibit Ex. 46, # <u>15</u> Exhibit Ex. 47, # <u>16</u> Exhibit Ex. 48, # <u>17</u> Exhibit Ex. 49, # <u>18</u> Exhibit Ex. 50, # <u>19</u> Exhibit Ex. 51, # <u>20</u> Errata Ex. 52, # <u>21</u> Exhibit Ex. 53, # <u>22</u> Exhibit Ex. 54)(Gomez, Julio) (Entered: 02/28/2011) |
| 02/28/2011 | <u>154</u> | DECLARATION of Juan Pablo Saenz M. in Support re: <u>150</u> MOTION Increase the Bond (on Short Notice).. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Exhibit Ex. 55, # <u>2</u> Exhibit Ex. 56, # <u>3</u> Exhibit Ex. 57, # <u>4</u> Exhibit Ex. 58, # <u>5</u> Exhibit Ex. 59, # <u>6</u> Exhibit Ex. 60, # <u>7</u> Exhibit Ex. 61, # <u>8</u> Exhibit Ex. 62, # <u>9</u> Exhibit Ex. 63, # <u>10</u> Exhibit Ex. 64, # <u>11</u> Exhibit Ex. 65, # <u>12</u> Exhibit Ex. 66, # <u>13</u> Exhibit Ex. 67, # <u>14</u> Exhibit Ex. 68, # <u>15</u> Exhibit Ex. 69, # <u>16</u> Exhibit Ex. 70, # <u>17</u> Exhibit Ex. 71 –part 1, # <u>18</u> Exhibit Ex. 71 –part 2, # <u>19</u> Exhibit Ex. 71– part 3, # <u>20</u> Exhibit Ex. 71 – part 4)(Gomez, Julio) (Entered: 02/28/2011) |
| 02/28/2011 | <u>155</u> | DECLARATION of Juan Pablo Saenz M. in Support re: <u>150</u> MOTION Increase the Bond (on Short Notice).. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Exhibit Ex. 71–part 5, # <u>2</u> Exhibit Ex. 71–part 6, # <u>3</u> Exhibit Ex. 71–part 7, # <u>4</u> Exhibit Ex. 71–part 8, # <u>5</u> Exhibit Ex. 71– part 9, # <u>6</u> Exhibit Ex. 71–part 10, # <u>7</u> Exhibit Ex. 71–part 11, # <u>8</u> Exhibit Ex. 72, # <u>9</u> Exhibit Ex. 73)(Gomez, Julio) (Entered: 02/28/2011) |
| 02/28/2011 | <u>156</u> | NOTICE of Substitution of Attorney. Old Attorney: Norman Siegel and Steven Hyman, New Attorney: Julio C. Gomez, Address: Gomez LLC, Attorney at Law, The Trump Building, 40 Wall Street, 28th Floor, New York, New York, US 10005, 212–400–7150. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Certificate of Service)(Gomez, Julio) (Entered: 02/28/2011) |
| 02/28/2011 | <u>157</u> | STIPULATION AND ORDER: It is hereby stipulated and agreed by and between the parties that the time of defendants Stratus Consulting, Inc., Douglas Beltman, and Ann Maest to answer, move against, or otherwise respond to the complaint is hereby adjourned to March 16, 2011. (Signed by Judge Lewis A. Kaplan on 2/28/2011) (jpo) (Entered: 02/28/2011) |
| 02/28/2011 | <u>158</u> | Letter addressed to Judge Lewis A. Kaplan from Steven R. Donziger dated 2/8/2011 re: I write with respect to the above referenced matter to address issues of considerable urgency. (jpo) (Entered: 02/28/2011) |
| 02/28/2011 | <u>159</u> | NOTICE of Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et al., 93–CV–07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Peters, Elliot) (Entered: 02/28/2011) |
| 02/28/2011 | <u>160</u> | MOTION to Transfer Case – *Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et al., 93–CV–07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District*. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger.(Peters, Elliot) (Entered: 02/28/2011) |
| 02/28/2011 | <u>161</u> | DECLARATION of Elliot R. Peters in Support re: <u>160</u> MOTION to Transfer Case – *Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et al., 93–CV–07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District*.. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, Part 1, # <u>4</u> Exhibit C, Part 2, # <u>5</u> Exhibit C, Part 3, # <u>6</u> Exhibit C, Part 4, # <u>7</u> Exhibit C, Part 5, # <u>8</u> Exhibit D, # <u>9</u> Exhibit E, # <u>10</u> Exhibit F, # <u>11</u> Exhibit G, # <u>12</u> Exhibit H, # <u>13</u> Exhibit I, # <u>14</u> Exhibit J, # <u>15</u> Exhibit K, # <u>16</u> Exhibit L, # <u>17</u> Exhibit M)(Peters, Elliot) (Entered: 02/28/2011) |
| 02/28/2011 | <u>162</u> | CERTIFICATE OF SERVICE of Affidavit of Dr. Cesar Coronel Jones and three (3) letters to Honorable Lewis A. Kaplan, dated February 24, 2011 served on Defendants and Co–Conspirators on 02/24/2011. Service was made by ECF Notification, overnight mail, by hand, Electronic Mail. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/28/2011) |

| 02/28/2011 | 163 | CERTIFICATE OF SERVICE of Affidavit of Dr. Cesar Coronel Jones and three (3) letters to Honorable Lewis A. Kaplan, dated February 24, 2011 served on Defendants and Co–Conspirators on 02/24/2011. Service was made by Overnight Mail, By Hand, Electronic Mail, Regular Mail. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/28/2011) |
|---|---|---|
| 02/28/2011 | 166 | MOTION for John W. Keker to Appear Pro Hac Vice. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger.(mbe) (Entered: 03/01/2011) |
| 03/01/2011 | 164 | TRANSCRIPT of proceedings held on 2/18/2011 before Judge Lewis A. Kaplan. (mbe) (Entered: 03/01/2011) |
| 03/01/2011 | 165 | TRANSCRIPT of proceedings held on 2/8/2011 before Judge Lewis A. Kaplan. (mbe) (Entered: 03/01/2011) |
| 03/01/2011 | 190 | MOTION for Carlos A Zelaya, II to Appear Pro Hac Vice. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(mro) (Entered: 03/09/2011) |
| 03/01/2011 | 197 | MOTION for Jan Nielsen Little to Appear Pro Hac Vice. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger,mbe) Modified on 3/11/2011 (mbe). (Entered: 03/11/2011) |
| 03/02/2011 | 167 | NOTICE of Joinder in Defendant Steven Donziger's Application for Transfer of Case as Related to Aguinda, et al., 93 cv 07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 03/02/2011) |
| 03/02/2011 | 171 | MOTION for Martin D. Beier, Joe L. Silver and Jessica R. Torbin to Appear Pro Hac Vice. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc., Stratus Consulting, Inc..(mbe) (Entered: 03/04/2011) |
| 03/03/2011 | 168 | LETTER: addressed to Judge Lewis A. Kaplan from The Law Firm of Gibson Dunn dated 2/24/2011 re: As Your Honor requested at the preliminary injunction hearing, enclosed please find two copies of the certified translation of the 188–page Lago Agrio judgment. It awards approximately $18.2 billion in total damages. The Lago Agrio court imposes $8.646 billion in damages for "reparation measures" derived from the following categories $600 million for groundwater remediation (p. 179). $5.396 billion for soil remediation (p.181); $200 million to implement a potable water system in the allegedly affected areas (p. 183); $1.4 billion to establish a healthcare system to serve the general population of the allegedly affected communities (p. 183); $800 million for "a plan of health," including potential cancer treatment (p. 184); and $100 million to rebuild ethnic communities and indigenous culture (pp. 183–184). All other provisions as further set forth in this order. So Ordered. Document filed by Chevron Corporation.(js) (ae). (Entered: 03/03/2011) |
| 03/03/2011 | 169 | LETTER: addressed to Judge Lewis A. Kaplan from Steven Hyman dated 2/23/2011 re: Counsel represents defendants Hugo Gerado Camacho Naranjo and Javier Piaguaje Payaguaje. This responds to Your Honor's inquiry at the hearing on February 18, 2011, as to whether we will consent to a severance and trial of the declaratory judgment cause of action in the Complaint. This is to advise Your Honor, respectfully, that we will not consent to such a severance and trial.(js) (Entered: 03/03/2011) |
| 03/04/2011 | 170 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy Mastro dated 2/24/11 re: Request to deliver to the Clerk copies of the listed exhibits, which are CD or DVD discs and could not electronically filed. ENDORSEMENT: Granted. (Signed by Judge Lewis A. Kaplan on 3/4/11) (cd) (Entered: 03/04/2011) |
| 03/04/2011 | 172 | MOTION for Leave to File Supplemental Opposition to Chevron Corporation's Motion for Preliminary Injunction. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 03/04/2011) |
| 03/04/2011 | 177 | CERTIFICATE OF SERVICE of Notice of Motion on Short Notice of Defs Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje Seeking Leave of Court to File Supplemental Opposition to Chevron Corp.'s Motion for Preliminary Injunction; Supp. Memorandum of Law for which leave is sought to file; and Declaration of Julio C. Gomez served on ALL Counsel of Record on 3/4/2011. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 03/04/2011) |

| 03/04/2011 | | ***DELETED DOCUMENT. Deleted document number 173 SUPPLEMENTAL MEMORANDUM OF LAW in Opposition re: 172 MOTION. The document is deleted in regards to docket entry No. 187. (jfe) (Entered: 03/09/2011) |
|---|---|---|
| 03/04/2011 | | ***DELETED DOCUMENT. Deleted document number 174 DECLARATION of Julio C. Gomez in Support re: 172 MOTION. The document is deleted in regards to docket entry No. 187. (jfe) (Entered: 03/09/2011) |
| 03/04/2011 | | ***DELETED DOCUMENT. Deleted document number 175 DECLARATION of Julio C. Gomez in Support re: 172 MOTION. The document is deleted in regards to docket entry No. 187. (jfe) (Entered: 03/09/2011) |
| 03/04/2011 | | ***DELETED DOCUMENT. Deleted document number 176 DECLARATION of Julio C. Gomez in Support re: 172 MOTION. The document is deleted in regards to docket entry No. 187. (jfe) (Entered: 03/09/2011) |
| 03/05/2011 | 178 | MEMORANDUM OF LAW in Opposition re: 166 MOTION for John W. Keker to Appear Pro Hac Vice.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/05/2011) |
| 03/05/2011 | 179 | DECLARATION of Kristen L. Hendricks in Opposition re: 166 MOTION for John W. Keker to Appear Pro Hac Vice.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17)(Mastro, Randy) (Entered: 03/05/2011) |
| 03/07/2011 | 180 | LETTER: addressed to Judge Lewis A. Kaplan from John W. Keker dated 2/17/2011 re: Counsel for defendant requests that the Preliminary Injunction hearing(s) be continued 60 days. Mr. Donziger is willing to stipulate to the TRO being extended to cover that time period. Counsel has asked opposing counsel for Chevron to agree to such a continuance, and they have declined, on the grounds that all defendants (whom we do not represent) must consent too. While failure to grant such a continuance would be prejudicial to Mr. Donziger, granting this continuance as to Mr. Donziger, with the present TRO in place, preserves the status quo and visits no harm whatever on Chevron. (js) (Entered: 03/07/2011) |
| 03/07/2011 | 181 | OPINION #100038 granting in part and denying in part motion for preliminary injunction. (re: DI 4 Order to Show Cause) (Signed by Judge Lewis A. Kaplan on 3/7/2011) (jar) Modified on 3/16/2011 (ajc). (Entered: 03/07/2011) |
| 03/07/2011 | 182 | MEMORANDUM AND ORDER denying 160 Motion to Transfer Case. The motion to transfer this case [DI 160] is denied. (Signed by Judge Lewis A. Kaplan on 3/7/2011) (jar) (Entered: 03/07/2011) |
| 03/07/2011 | 183 | ORDER denying 172 Motion for Leave to File Document. The motion for leave to supplement the record [DI 172] is denied. (Signed by Judge Lewis A. Kaplan on 3/7/2011) (jar) (Entered: 03/07/2011) |
| 03/08/2011 | 184 | Letter addressed to Judge Lewis A. Kaplan from Julio C. Gomez dated 3/7/2011 re: Counsel respectfully request that Your Honor seal Dockets 173, 174, 175 and 176. (jfe) (Entered: 03/08/2011) |
| 03/08/2011 | 185 | Letter addressed to Judge Lewis A. Kaplan from Michael W. Anderson dated 3/7/2011 re: Counsel respectfully ask the Court to Order that the Gomez declaration and the attached documents be placed under seal, or otherwise stricken from the docket. (jfe) (Entered: 03/08/2011) |
| 03/08/2011 | 186 | LETTER TRANSMITTING COPY OF MARCH 4, 2011 RULING OF ECUADORIAN COURT: addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 3/7/2011 re: Counsel writes to inform Your Honor that this past Friday, March 4, the Lago Agrio court in Ecuador denied Chevron's February 17 motion seeking clarification and amplification of the judgment in Maria Aguinda y Otros v. Chevron Corporation, No. 002–2003.(jfe) (Entered: 03/08/2011) |
| 03/08/2011 | 187 | ORDER: Accordingly, the Clerk shall print out copies of DI 173 through 176, file those copies under seal, and delete the corresponding electronic versions from the CM/ECF system as promptly as possible. (Signed by Judge Lewis A. Kaplan on |

| | | |
|---|---|---|
| | | 3/8/2011) (jfe) (Entered: 03/08/2011) |
| 03/08/2011 | | Transmission to Sealed Records Clerk. Transmitted re: 187 Order,, to the Sealed Records Clerk for the sealing or unsealing of document or case. (jfe) (Entered: 03/08/2011) |
| 03/08/2011 | 188 | MEMO ENDORSEMENT re: 150 Motion to Increase the Bond (on Short Notice). ENDORSEMENT: The motion is denied as moot. So ordered. (Signed by Judge Lewis A. Kaplan on 3/8/2011) (mro) Modified on 3/9/2011 (mro). (Entered: 03/08/2011) |
| 03/08/2011 | 189 | REPLY MEMORANDUM OF LAW in Support re: 166 MOTION for John W. Keker to Appear Pro Hac Vice.. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Peters, Elliot) (Entered: 03/08/2011) |
| 03/09/2011 | 191 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/09/2011) |
| 03/09/2011 | 192 | ORDER. Granting 166 Motion for John W. Keker to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 3/9/11) (rjm) (Entered: 03/09/2011) |
| 03/09/2011 | 193 | ORDER. The Court is in receipt of letters, both dated March 8, 2011, from counsel to Chevron and Donziger requesting that the Court schedule a discovery conference. Donziger's counsel requests sufficient lead time to permit them to travel in order to attend. The Court will conduct such a conference in Courtroom 12D at 4:30 p.m. on March 15, 2011, and as further set forth. (Discovery Conference set for 3/15/2011 at 04:30 PM in Courtroom 12D, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 3/9/11) (rjm) Modified on 3/9/2011 (rjm). (Entered: 03/09/2011) |
| 03/09/2011 | 194 | MEMO ENDORSEMENT Re: NOTICE OF MOTION TO ADMIT COUNSEL PRO HAC VICE. ENDORSEMENT: Granted. So ordered. Granting 171 Motion for Martin D. Beier, Joe L. Silver and Jessica R. Torbin to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 3/9/11) (rjm) (Entered: 03/09/2011) |
| 03/10/2011 | 195 | ORDER: The opinion issued on March 7, 2011 [DI 181 ], in this matter is corrected in the following manner: 1. Footnote 338, on page 91, is replaced with "Id. at 439–40." 2. The semicolon at the end of footnote 381, on page 104, is replaced with a period. 3. In the final sentence of the second paragraph on page 121, the word "they" is inserted in front ofthe word "made." SO ORDERED. (Signed by Judge Lewis A. Kaplan on 3/10/2011) (lnl) (Entered: 03/10/2011) |
| 03/10/2011 | 196 | MEMO ENDORSEMENT ON 190 Motion for Carlos A. Zelaya, II to Appear Pro Hac Vice. ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 3/10/2011) (lnl) (Entered: 03/10/2011) |
| 03/11/2011 | | CASHIERS OFFICE REMARK on 166 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 02/28/2011, Receipt Number 930696. (jd) (Entered: 03/11/2011) |
| 03/11/2011 | | CASHIERS OFFICE REMARK on 190 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 03/01/2011, Receipt Number 930832. (jd) (Entered: 03/11/2011) |
| 03/11/2011 | | CASHIERS OFFICE REMARK on 197 Motion to Appear Pro Hac Vice,,,,,,, in the amount of $25.00, paid on 03/01/2011, Receipt Number 930784. (jd) (Entered: 03/11/2011) |
| 03/11/2011 | | CASHIERS OFFICE REMARK on 171 Motion to Appear Pro Hac Vice in the amount of $75.00, paid on 03/02/2011, Receipt Number 930903. (jd) (Entered: 03/11/2011) |
| 03/11/2011 | 198 | Preliminary Injunction BOND # 6729431 in the amount of $ 21,800,000.00 posted by Chevron Corporation. (ml) (Entered: 03/11/2011) |
| 03/11/2011 | 199 | ORDER TO SHOW CAUSE WHY THE DECLARATORY JUDGMENT CLAIM SHOULD NOT BE BIFURCATED IN WHOLE OR IN PART Chevron shall serve counsel for Defendants, who have appeared in this action with the Memorandum of Law and Declaration of Kristen L. Hendricks in Support of its Motion and this Order, on or before 4:00 on 3/11/11. Defendants must show cause before this Court on |

| | | |
|---|---|---|
| | | 3/22/11 why an order should not be made to bifurcate for expedited discovery and trial within six months or less Chevron's Ninth Claim for Relief (its Declaratory Judgment claim), in whole or in part, and to stay resolution of Chevron's other claims and any related discovery, pending resolution of Chevron's Declaratory Judgment Claim; and it is further ordered that the motion will be taken on submission without the need for any argument in open court unless otherwise ordered. Show Cause Response due by 3/18/2011. (Signed by Judge Lewis A. Kaplan on 3/11/11) (cd) (Entered: 03/11/2011) |
| 03/11/2011 | 200 | MEMORANDUM OF LAW in Support re: 199 Order to Show Cause,,, *WHY THE DECLARATORY JUDGMENT CLAIM SHOULD NOT BE BIFURCATED IN WHOLE OR IN PART*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/11/2011) |
| 03/11/2011 | 201 | DECLARATION of Kristen L. Hendricks in Support re: 199 Order to Show Cause,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Mastro, Randy) (Entered: 03/11/2011) |
| 03/11/2011 | 202 | CERTIFICATE OF SERVICE of ORDER TO SHOW CAUSE WHY THE DECLARATORY JUDGMENT CLAIM SHOULD NOT BE BIFURCATED IN WHOLE OR IN PART, MEMORANDUM OF LAW INSUPPORT AND DECLARATION OF KRISTEN L. HENDRICKS IN SUPPORT served on Counsel for Defendants that have appeared on 03/11/2011. Service was made by via Electronic Mail. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/11/2011) |
| 03/11/2011 | 203 | CERTIFICATE OF SERVICE of Order Granting Chevron's Motion for Preliminary Injunction served on Defendants and Co−Conspirators on 03/08/2011. Service was made by Electronic Mail, By Hand, Overnight Mail and Express Mail. Document filed by Chevron Corporation. (Attachments: # 1 Service Declaration)(Mastro, Randy) (Entered: 03/11/2011) |
| 03/11/2011 | 204 | CERTIFICATE OF SERVICE of Opposition to the Motion to Admit John W. Keker pro hac vice and the Declaration of Kristen L. Hendricks in Support of the Opposition served on Defendants and Co−Conspirators on 03/05/2011 and 03/07/2011. Service was made by ECF Notice, Electronic Mail, By Hand, Overnight Mail and Express Mail. Document filed by Chevron Corporation. (Attachments: # 1 Service Declaration)(Mastro, Randy) (Entered: 03/11/2011) |
| 03/11/2011 | 205 | NOTICE of of Entry of Default against Defendants Pablo Fajardo Mendoza, Luis Yanza, Frente de Defensa de la Amazonia a/k/a Amazon Defense Front, Selva Viva Selviva Cia, Ltda., and the 45 defaulting Lago Agrio Plaintiffs. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/11/2011) |
| 03/11/2011 | 206 | DECLARATION of Kristen L. Hendricks in Support re: 205 Notice (Other), Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 − Part 1, # 2 Exhibit 1 − Part 2, # 3 Exhibit 1 − Part 3, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16)(Mastro, Randy) (Entered: 03/11/2011) |
| 03/11/2011 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Pre−Motion Conference held on 3/11/2011. Judge's Decision: See docket item No. 199. Exparte application with plaintiff's counsel only present. (mro) (Entered: 03/16/2011) |
| 03/11/2011 | 217 | MOTION for Paula L. Blizzard, Matthew M. Werdegar, William S. Hicks, Christopher J. Young, and Nikki H. Vo to Appear Pro Hac Vice. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger.(mro) (Entered: 03/18/2011) |
| 03/11/2011 | 469 | CLERK'S CERTIFICATE OF DEFAULT as to Fajardo, Yanza, the Frente, SelvaViva, and the 45 defaulting Lago Agrio Plaintiffs. (ml) (Entered: 05/14/2012) |
| 03/14/2011 | 207 | NOTICE OF APPEARANCE by Martin Beier on behalf of Douglas Beltman, Ann Maest, Stratus Consulting, Inc. (Beier, Martin) (Entered: 03/14/2011) |

| | | |
|---|---|---|
| 03/14/2011 | 208 | NOTICE OF APPEARANCE by Jessica R. Torbin on behalf of Douglas Beltman, Ann Maest, Stratus Consulting, Inc. (Torbin, Jessica) (Entered: 03/14/2011) |
| 03/14/2011 | 209 | SUBSTITUTION OF COUNSEL: We the undersigned, hereby consent and agree that Julio C. Gomez, Esq. of GOMEZ LLC Attorney At Law, located at 40 Wall Street, 28th Floor, New York, NY 10005 and Carlos A. Zelaya, II, Esq. (pro hac vice forthcoming) of F. Gerald Maples, PA, 365 Canal Street, Suite 2650, New Orleans, LA 70130 be substituted in the place of the undersigned, Norman Siegel, Esq. and Steven Hyman, Esq. (Signed by Judge Lewis A. Kaplan on 3/14/2011) (jpo) (Entered: 03/14/2011) |
| 03/14/2011 | 210 | MEMO ENDORSEMENT on 197 Motion for Jan Nielsen Little to Appear Pro Hac Vice. ENDORSEMENT: Granted. So Ordered. (Signed by Judge Lewis A. Kaplan on 3/14/2011) (jpo) (Entered: 03/14/2011) |
| 03/14/2011 | 211 | FILING ERROR – ELECTRONIC FILING FOR NON–ECF DOCUMENT – NOTICE of Filing Of Stipulation And Order. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc. (Attachments: # 1 Stipulation And Proposed Order)(Mehler, Gordon) Modified on 3/16/2011 (db). (Entered: 03/14/2011) |
| 03/14/2011 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – NON–ECF DOCUMENT ERROR. Note to Attorney Gordon Mehler to E–MAIL Document No. 211 Stipulation to judgments@nysd.uscourts.gov. This document is not filed via ECF. (db) (Entered: 03/16/2011) |
| 03/14/2011 | | ***DELETED DOCUMENT. Deleted document number 214 Order. The document was incorrectly filed in this case. (tro) (Entered: 03/17/2011) |
| 03/15/2011 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Scheduling Conference held on 3/15/2011. The date to respond to the opposition of the motion set by Order docket item #199 is extended to Monday, 3/21/11 at 1pm. (mro) (Entered: 03/16/2011) |
| 03/16/2011 | 212 | DEMAND for Trial by Jury. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger(Little, Jan) (Entered: 03/16/2011) |
| 03/16/2011 | 213 | STIPULATION AND ORDER: the time for defendants Douglas Beltman; Hugo Gerardo Camacho Naranjo; Steven Donziger; Ann Maest; Javier Piaguaje Payaguaje; Stratus Consulting, Inc.; and The Law Offices of Steven R. Donziger to answer, move against, or otherwise respond to the complaint herein shall be and hereby is adjourned to 3/30/2011. (Signed by Judge Lewis A. Kaplan on 3/15/2011) (tro) Modified on 3/16/2011 (tro). (Entered: 03/16/2011) |
| 03/17/2011 | 214 | CERTIFICATE OF SERVICE of Order to Show Cause on the Action should not be Bifurcated and supporting papers served on Defendants and Co–Conspirators on 03/11/2011. Service was made by ECF Notification, Electronic Mail, By Hand, Overnight Mail. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/18/2011) |
| 03/17/2011 | 219 | MOTION for F. Gerald Maples to Appear Pro Hac Vice. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(mbe) (Entered: 03/21/2011) |
| 03/18/2011 | 215 | CERTIFICATE OF SERVICE of Notice Requesting Entry of Default served on Defendants on 03/11/2011. Service was made by ECF Notification, Electronic Mail, By Hand, Overnight Mail. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/18/2011) |
| 03/18/2011 | 216 | CERTIFICATE OF SERVICE of Notice Requesting Entry of Default served on Defendants on 03/14/2011. Service was made by Overnight Mail, By Hand, Electronic Mail. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/18/2011) |
| 03/18/2011 | | CASHIERS OFFICE REMARK on 217 Motion to Appear Pro Hac Vice in the amount of $125.00, paid on 03/11/2011, Receipt Number 931702. (jd) (Entered: 03/18/2011) |
| 03/18/2011 | 232 | TRANSCRIPT of proceedings held on February 8, 2011 2:20 p.m. before Judge Lewis A. Kaplan. (ajc) (Entered: 03/24/2011) |

| 03/20/2011 | 218 | DEMAND for Trial by Jury. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc..(Mehler, Gordon) (Entered: 03/20/2011) |
|---|---|---|
| 03/21/2011 | 220 | RESPONSE TO ORDER TO SHOW CAUSE re: 199 Order to Show Cause,,,. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 03/21/2011) |
| 03/21/2011 | 221 | DECLARATION of Elliot R. Peters in Support re: 220 Response to Order to Show Cause. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Keker, John) (Entered: 03/21/2011) |
| 03/21/2011 | 222 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Stratus Consulting, Inc..(Mehler, Gordon) (Entered: 03/21/2011) |
| 03/21/2011 | 223 | MEMORANDUM OF LAW in Opposition re: 200 Memorandum of Law in Support. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Attachments: # 1 Exhibit A)(Mehler, Gordon) (Entered: 03/21/2011) |
| 03/21/2011 | 224 | RESPONSE TO ORDER TO SHOW CAUSE re: 199 Order to Show Cause,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 03/21/2011) |
| 03/21/2011 | 225 | MOTION for Oral Argument *REQUEST for Oral Argument in Connection with Chevron's Motion to Bifurcate Declaratory Judgment Claim in Whole or in Part*. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger.(Peters, Elliot) (Entered: 03/21/2011) |
| 03/21/2011 | 226 | DEMAND for Trial by Jury. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje(Gomez, Julio) (Entered: 03/21/2011) |
| 03/22/2011 | 227 | ORDER: The Opinion dated March 7, 2011 is corrected as set forth in this Order. (Signed by Judge Lewis A. Kaplan on 3/22/2011) (jpo) (Entered: 03/22/2011) |
| 03/22/2011 | 228 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 3/21/2011 re: Requesting permission to fie a single reply brief of no more than 25 pages responding to all three of these opposition submissions. ENDORSEMENT: Granted. (Signed by Judge Lewis A. Kaplan on 3/22/2011) (jpo) (Entered: 03/22/2011) |
| 03/22/2011 | 229 | REPLY MEMORANDUM OF LAW in Support re: 199 Order to Show Cause,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/22/2011) |
| 03/22/2011 | 230 | DECLARATION of Kristen L. Hendricks in Support re: 199 Order to Show Cause,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Mastro, Randy) (Entered: 03/22/2011) |
| 03/23/2011 | 231 | ORDER: The Court will hold a scheduling conference on March 30, 2011 at 3:00 p.m. by conference call. Counsel shall confer in advance of that conference and formulate discovery plans and schedules for the disposition of this case on each of three possibilities. as set forth in this order. The discovery plans and proposed schedules, which shall explain the bases for the parties' estimates as to the time desired, shall be filed no later than March 29, 2011, at 4 p.m. They shall be free of any further argument and shall be responsive only to this order. They shall not exceed ten double spaced pages each. So Ordered (Signed by Judge Lewis A. Kaplan on 3/23/2011) (js) (Entered: 03/23/2011) |
| 03/24/2011 | 233 | NOTICE OF APPEAL from 181 Opinion, 195 Order, 227 Order, 183 Order on Motion for Leave to File Document, 188 Order on Motion for Miscellaneous Relief. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. Filing fee $ 455.00, receipt number E 933063. (nd) (Entered: 03/25/2011) |
| 03/24/2011 | 247 | TRANSCRIPT of proceedings held on 3/15/11, 3:40 p.m. before Judge Lewis A. Kaplan. (rjm) (Entered: 03/31/2011) |
| 03/25/2011 | | Transmission of Notice of Appeal to the District Judge re: 233 Notice of Appeal,. (nd) (Entered: 03/25/2011) |

| 03/25/2011 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 233 Notice of Appeal,. (nd) (Entered: 03/25/2011) |
|---|---|---|
| 03/25/2011 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 24 Declaration in Support, filed by Chevron Corporation, 141 Declaration in Support,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 139 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 194 Order on Motion to Appear Pro Hac Vice, 96 Declaration in Support, filed by Chevron Corporation, 168 Letter,,,, filed by Chevron Corporation, 71 Affidavit of Service Complaints filed by Chevron Corporation, 179 Declaration in Opposition to Motion, filed by Chevron Corporation, 107 Declaration in Support, filed by Chevron Corporation, 109 Declaration in Support, filed by Chevron Corporation, 199 Order to Show Cause,,, 134 Affidavit, filed by Chevron Corporation, 80 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 74 Affidavit of Service Other,, filed by Chevron Corporation, 117 Declaration filed by Chevron Corporation, 150 MOTION Increase the Bond (on Short Notice). filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 93 Declaration in Support filed by Chevron Corporation, 78 Order, Set Deadlines/Hearings, 26 Declaration in Support, filed by Chevron Corporation, 132 Declaration in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, 102 Declaration in Support, filed by Chevron Corporation, 12 Declaration in Support, filed by Chevron Corporation, 111 Declaration in Support,, filed by Chevron Corporation, 62 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 138 Declaration in Support,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 177 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 30 Declaration in Support,,, filed by Chevron Corporation, 151 Memorandum of Law in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 82 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 204 Certificate of Service Other, filed by Chevron Corporation, 160 MOTION to Transfer Case − *Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et al., 93−CV−07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District*. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 230 Declaration in Support, filed by Chevron Corporation, 163 Certificate of Service Other, filed by Chevron Corporation, 43 Declaration in Support, filed by Chevron Corporation, 133 Affidavit in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 25 Declaration in Support, filed by Chevron Corporation, 17 Declaration in Support, filed by Chevron Corporation, 207 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 178 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 159 Notice (Other), Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 162 Certificate of Service Other, filed by Chevron Corporation, 32 Declaration in Support,, filed by Chevron Corporation, 213 Stipulation and Order, Set Deadlines,,, 193 Order, Set Deadlines/Hearings,,,, 116 Declaration in Support filed by Chevron Corporation, 65 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 140 Declaration in Support,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 212 Jury Demand filed by The Law Offices of Steven R. Donziger, Steven Donziger, 161 Declaration in Support of Motion,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 130 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 75 Affidavit of Service Other,,,,, filed by Chevron Corporation, 91 Reply Memorandum of Law in Support filed by Chevron Corporation, 208 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 170 Endorsed Letter, 98 Declaration in Support filed by Chevron Corporation, 29 Declaration in Support,, filed by Chevron Corporation, 77 Order, Set Deadlines/Hearings,,,,,,,,,,,,, 172 MOTION for Leave to File Supplemental Opposition to Chevron Corporation's Motion for Preliminary Injunction. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 171 MOTION for Martin D. Beier, Joe L. Silver and Jessica R. Torbin to Appear Pro Hac Vice. filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 226 Jury Demand filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 210 Order on Motion to Appear Pro Hac Vice, 69 Affidavit of Service Complaints filed by Chevron Corporation, 48 Declaration in Support,,, filed by Chevron Corporation, 121 Declaration filed by Chevron Corporation, 68 Affidavit of Service Complaints, filed by Chevron |

Corporation, 8 Declaration in Support, filed by Chevron Corporation, 10 Declaration in Support, filed by Chevron Corporation, 115 Declaration in Support filed by Chevron Corporation, 224 Response to Order to Show Cause filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 180 Letter,, 136 Stipulation and Order, Set Deadlines/Hearings, 190 MOTION for Carlos A Zelaya, II to Appear Pro Hac Vice. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 166 MOTION for John W. Keker to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 119 Declaration in Support filed by Chevron Corporation, 182 Order on Motion to Transfer Case, 64 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 127 Order, Set Deadlines,,,,,,, 27 Declaration in Support, filed by Chevron Corporation, 31 Declaration in Support,, filed by Chevron Corporation, 227 Order, 92 Declaration in Support filed by Chevron Corporation, 156 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 100 Declaration in Support filed by Chevron Corporation, 112 Order, 5 Memorandum of Law in Support filed by Chevron Corporation, 22 Declaration in Support,, filed by Chevron Corporation, 158 Letter, 44 Declaration in Support, filed by Chevron Corporation, 203 Certificate of Service Other, filed by Chevron Corporation, 97 Declaration in Support, filed by Chevron Corporation, 184 Letter, 218 Jury Demand filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 23 Declaration in Support, filed by Chevron Corporation, 105 Declaration in Support, filed by Chevron Corporation, 45 Declaration in Support, filed by Chevron Corporation, 53 Declaration in Support,,, filed by Chevron Corporation, 154 Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 61 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 38 Declaration in Support, filed by Chevron Corporation, 217 MOTION for Paula L. Blizzard, Matthew M. Werdegar, William S. Hicks, Christopher J. Young, and Nikki H. Vo to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 7 Declaration in Support, filed by Chevron Corporation, 36 Declaration in Support,, filed by Chevron Corporation, 41 Declaration in Support, filed by Chevron Corporation, 181 Memorandum & Opinion, 113 MOTION for Scott A. Edelman, William E. Thomson and Andrea E. Neuman to Appear Pro Hac Vice. filed by Chevron Corporation, 57 Declaration in Support, filed by Chevron Corporation, 126 Order on Motion to Appear Pro Hac Vice, 195 Order, 131 Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 186 Letter, 46 Declaration in Support, filed by Chevron Corporation, 6 Declaration in Support, filed by Chevron Corporation, 200 Memorandum of Law in Support filed by Chevron Corporation, 128 Letter, filed by Pablo Fajardo Mendoza, 135 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 39 Declaration in Support, filed by Chevron Corporation, 87 Order, 198 Bond filed by Chevron Corporation, 206 Declaration in Support,, filed by Chevron Corporation, 222 Rule 7.1 Corporate Disclosure Statement filed by Stratus Consulting, Inc., 59 Notice of Appearance filed by Chevron Corporation, 197 MOTION for Jan Nielsen Little to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 125 Certificate of Service Other filed by The Law Offices of Steven R. Donziger, Steven Donziger, 35 Declaration in Support, filed by Chevron Corporation, 47 Declaration in Support,,,,, filed by Chevron Corporation, 231 Order, Set Deadlines/Hearings,,,, 90 Endorsed Letter, 94 Declaration in Support filed by Chevron Corporation, 110 Declaration in Support,, filed by Chevron Corporation, 185 Letter, 3 Notice of Case Assignment/Reassignment, 49 Declaration in Support,,, filed by Chevron Corporation, 106 Declaration in Support, filed by Chevron Corporation, 34 Declaration in Support,,, filed by Chevron Corporation, 104 Declaration in Support filed by Chevron Corporation, 33 Declaration in Support,, filed by Chevron Corporation, 223 Memorandum of Law in Opposition filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 202 Certificate of Service Other, filed by Chevron Corporation, 11 Declaration in Support, filed by Chevron Corporation, 63 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 95 Declaration in Support filed by Chevron Corporation, 192 Order on Motion to Appear Pro Hac Vice, 99 Declaration in Support filed by Chevron Corporation, 103 Declaration in Support, filed by Chevron Corporation, 40 Declaration in Support, filed by Chevron Corporation, 21 Declaration in Support,, filed by Chevron Corporation, 54 Declaration in Support,,, filed by Chevron Corporation, 67 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 189 Reply Memorandum of Law in Support of Motion filed by

The Law Offices of Steven R. Donziger, Steven Donziger, 122 Declaration filed by Chevron Corporation, 152 Declaration in Support of Motion,,,, filed by Javier Piaguaje Payaguaje, 20 Declaration in Support, filed by Chevron Corporation, 101 Declaration in Support filed by Chevron Corporation, 52 Declaration in Support, filed by Chevron Corporation, 120 Declaration filed by Chevron Corporation, 19 Declaration in Support, filed by Chevron Corporation, 214 Certificate of Service Other, filed by Chevron Corporation, 60 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 183 Order on Motion for Leave to File Document, 196 Order on Motion to Appear Pro Hac Vice, 4 Order to Show Cause,,,, 129 Stipulation and Order, Set Deadlines,, 155 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 219 MOTION for F. Gerald Maples to Appear Pro Hac Vice. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 124 Notice of Appearance filed by The Law Offices of Steven R. Donziger, Steven Donziger, 233 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 37 Declaration in Support,,, filed by Chevron Corporation, 118 Declaration filed by Chevron Corporation, 72 Affidavit of Service Other,, filed by Chevron Corporation, 85 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 18 Declaration in Support,, filed by Chevron Corporation, 2 Rule 7.1 Corporate Disclosure Statement filed by Chevron Corporation, 188 Order on Motion for Miscellaneous Relief, 123 Declaration filed by Chevron Corporation, 66 Affirmation in Opposition,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 229 Reply Memorandum of Law in Support filed by Chevron Corporation, 169 Letter, 42 Declaration in Support, filed by Chevron Corporation, 16 Declaration in Support, filed by Chevron Corporation, 13 Declaration in Support,, filed by Chevron Corporation, 14 Declaration in Support,, filed by Chevron Corporation, 86 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 58 Declaration in Support, filed by Chevron Corporation, 50 Declaration in Support, filed by Chevron Corporation, 56 Declaration in Support, filed by Chevron Corporation, 70 Affidavit of Service Complaints filed by Ann Maest, 88 Order,,,,,, 216 Certificate of Service Other filed by Chevron Corporation, 209 Stipulation and Order, Add and Terminate Attorneys,, 157 Stipulation and Order, Set Deadlines/Hearings,, 205 Notice (Other), Notice (Other) filed by Chevron Corporation, 15 Declaration in Support,, filed by Chevron Corporation, 1 Complaint,,,,,,, filed by Chevron Corporation, 73 Affidavit of Service Other, filed by Chevron Corporation, 89 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 201 Declaration in Support, filed by Chevron Corporation, 220 Response to Order to Show Cause filed by The Law Offices of Steven R. Donziger, Steven Donziger, 114 Letter, 142 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 167 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 137 Memorandum of Law in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, 28 Declaration in Support, filed by Chevron Corporation, 108 Declaration in Support, filed by Chevron Corporation, 143 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 221 Declaration in Support filed by The Law Offices of Steven R. Donziger, Steven Donziger, 55 Declaration in Support filed by Chevron Corporation, 215 Certificate of Service Other filed by Chevron Corporation, 51 Declaration in Support,, filed by Chevron Corporation, 79 Order, Set Deadlines/Hearings,,,,, 9 Declaration in Support, filed by Chevron Corporation, 225 MOTION for Oral Argument *REQUEST for Oral Argument in Connection with Chevron's Motion to Bifurcate Declaratory Judgment Claim in Whole or in Part*. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 153 Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 81 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 84 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo were transmitted to the U.S. Court of Appeals. (nd) (Entered: 03/25/2011)

| | | |
|---|---|---|
| 03/28/2011 | 234 | NOTICE OF APPEARANCE by Joe L. Silver on behalf of Douglas Beltman, Ann Maest, Stratus Consulting, Inc. (Silver, Joe) (Entered: 03/28/2011) |
| 03/28/2011 | 235 | MEMO ENDORSMENT on 219 Motion for F. Gerald Maples to Appear Pro Hac Vice. ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 3/28/2011) (lnl) (Entered: 03/28/2011) |

| 03/29/2011 | 236 | ORDER: The Court recognizes that the parties presumably have assumed since the stipulation was signed on March 24, 2011 that the Court would approve it and that the appearing defendants therefore have lost three business and five calendar days that were available to them between the date of the stipulation and today. Accordingly, the Court on its own motion extends the time of the appearing defendants to answer the complaint (but not to file any Rule 12(b) motion) to and including April 4, 2011. So Ordered (Signed by Judge Lewis A. Kaplan on 3/29/2011) (js) (Entered: 03/29/2011) |
|---|---|---|
| 03/29/2011 | 237 | ORDER TO SHOW CAUSE filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. Plaintiff Chevron Corporation shall show cause as to why proceedings and certain portions of the March 7, 2011 Order should not be stayed pending Appeal, dated March 29, 2011; and the Declaration of Julio C. Gomez and supporting exhibits, dated March 29, 2011 and notwithstanding their delay of 22 days in seeking this relief and their failure to comply with the SDNY Civ. R. 6.1(d). Chevron must show cause before this court at Room 12D on 4/4/11. The motion will be taken on submission unless otherwise ordered. Show Cause Response due by 4/1/2011. Show cause reply due by 4/4/11. (Signed by Judge Lewis A. Kaplan on 3/29/11) (djc) Modified on 4/1/2011 (djc). (Entered: 03/29/2011) |
| 03/29/2011 | | CASHIERS OFFICE REMARK on 219 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 03/17/2011, Receipt Number 932037. (jd) (Entered: 03/29/2011) |
| 03/29/2011 | 238 | JOINT PRE–CONFERENCE STATEMENT *for March 30, 2011 Conference*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Gomez, Julio) (Entered: 03/29/2011) |
| 03/29/2011 | 239 | RULE 26(f) DISCOVERY PLAN REPORT.Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc., Stratus Consulting, Inc..(Beier, Martin) (Entered: 03/29/2011) |
| 03/29/2011 | 240 | PRE–CONFERENCE STATEMENT – *CHEVRON CORPORATION'S PROPOSED DISCOVERY PLANS AND SCHEDULES*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 03/29/2011) |
| 03/29/2011 | 241 | MEMORANDUM AND ORDER. The parties are directed to confer promptly on this issue. The Court would be surprised if any dispute could not be resolved or, at least, narrowed by agreement. If the parties cannot resolve the matter entirely, they are to report to the Court in writing no later than April 4,2011 as to their respective positions. Their respective submissions (one on each side) shall not exceed seven double spaced pages absent leave of the Court.(Signed by Judge Lewis A. Kaplan on 3/29/11) (djc) (Entered: 03/29/2011) |
| 03/29/2011 | | Set Deadlines/Hearings:Clide Ramiro Aguinda Aguinda answer due 4/4/2011; Lidia Alexandra Aguinda Aguinda answer due 4/4/2011; Patricio Wilson Aguinda Aguinda answer due 4/4/2011; Francisco Matias Alvarado Yumbo answer due 4/4/2011; Lorenzo Jose Alvarado Yumbo answer due 4/4/2011; Segundo Angel Amanta Milan answer due 4/4/2011; Douglas Beltman answer due 4/4/2011; Hugo Gerardo Camacho Naranjo answer due 4/4/2011; Benancio Fredy Chimbo Grefa answer due 4/4/2011; Lourdes Beatriz Chimbo Tanguil answer due 4/4/2011; Rosa Teresa Chimbo Tanguila answer due 4/4/2011; Luis Armando Chimbo Yumbo answer due 4/4/2011; Octavio Ismael Cordova Huanca answer due 4/4/2011; Steven Donziger answer due 4/4/2011; Frente de Defensa De La Amazonia answer due 4/4/2011; Olga Gloria Grefa Cerda answer due 4/4/2011; Beatriz Mercedes Grefa Tanguila answer due 4/4/2011; Lucio Enrique Grefa Tanguila answer due 4/4/2011; Heleodoro Pataron Guaraca answer due 4/4/2011; Carlos Grefa Huatatoca answer due 4/4/2011; Jose Miguel Ipiales Chicaiza answer due 4/4/2011; Daniel Carlos Lusitande Yaiguaje answer due 4/4/2011; Emilio Martin Lusitande Yaiguaje answer due 4/4/2011; Reinaldo Lusitande Yaiguaje answer due 4/4/2011; Ann Maest answer due 4/4/2011; Pablo Fajardo Mendoza answer due 4/4/2011; Guillermo Vicente Payaguaje Lusitante answer due 4/4/2011; Alfredo Donaldo Payaguaje Payaguaje answer due 4/4/2011; Delfin Leonidas Payaguaje Payaguaje answer due 4/4/2011; Miguel Mario Payaguaje Payaguaje answer due 4/4/2011; Luis Agustin Payaguaje Piaguaje answer due 4/4/2011; Angel Justino Piaguage Lucitant answer due 4/4/2011; Teodoro Gonzalo Piaguaje Payaguaje answer due 4/4/2011; Armando Wilfrido Piaguaje Payaguaje answer due 4/4/2011; Fermin Piaguaje Payaguaje answer due 4/4/2011; Javier |

| | | |
|---|---|---|
| | | Piaguaje Payaguaje answer due 4/4/2011; Elias Roberto Piyahuaje Payahuaje answer due 4/4/2011; Maria Clelia Reascos Revelo answer due 4/4/2011; Jose Gabriel Revelo Llore answer due 4/4/2011; Maria Magdalena Rodriguez Barcenes answer due 4/4/2011; Catalina Antonia Aguinda Salazar answer due 4/4/2011; Maria Aguinda Salazar answer due 4/4/2011; Selva Viva Selviva CIA, Ltda answer due 4/4/2011; Stratus Consulting, Inc. answer due 4/4/2011; Stratus Consulting, Inc. answer due 4/4/2011; Bertha Antonia Yumbo Tanguila answer due 4/4/2011; Gloria Lucrecia Tanguila Grefa answer due 4/4/2011; Luisa Delia Tanguila Narvaez answer due 4/4/2011; Narcisa Aida Tanguila Narvaez answer due 4/4/2011; Franciso Victor Tanguilla Grefa answer due 4/4/2011; The Law Offices of Steven R. Donziger answer due 4/4/2011; Celia Irene Viveros Cusangua answer due 4/4/2011; Maria Hortencia Viveros Cusangua answer due 4/4/2011; Simon Lusitande Yaiguaje answer due 4/4/2011; Luis Yanza answer due 4/4/2011; Francisco Alvarado Yumbo answer due 4/4/2011; Patricio Alberto Chimbo Yumbo answer due 4/4/2011. (js) (Entered: 04/04/2011) |
| 03/30/2011 | 242 | MOTION to Dismiss *(Notice of Motion to Dismiss)*. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger.(Peters, Elliot) (Entered: 03/30/2011) |
| 03/30/2011 | 243 | MEMORANDUM OF LAW in Support re: 242 MOTION to Dismiss *(Notice of Motion to Dismiss)*.. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Peters, Elliot) (Entered: 03/30/2011) |
| 03/30/2011 | 244 | FILING ERROR – DEFICIENT DOCKET ENTRY – MEMORANDUM OF LAW in Support re: 237 Order to Show Cause,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) Modified on 3/31/2011 (ka). (Entered: 03/30/2011) |
| 03/30/2011 | 245 | FILING ERROR – DEFICIENT DOCKET ENTRY – DECLARATION of Julio C. Gomez in Support re: 237 Order to Show Cause,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A (Part 1), # 2 Exhibit A (Part 2), # 3 Exhibit A (Part 3), # 4 Exhibit A (Part 4), # 5 Exhibit A (Part 5), # 6 Exhibit A (Part 6), # 7 Exhibit A (Part 7), # 8 Exhibit A (Part 8), # 9 Exhibit B, # 10 Exhibit C, # 11 Exhibit D, # 12 Exhibit E)(Gomez, Julio) Modified on 3/31/2011 (ka). (Entered: 03/30/2011) |
| 03/30/2011 | 246 | CERTIFICATE OF SERVICE of Supporting Papers for Order to Show Cause Why Proceedings and Certain Portions of Mar. 7, 2011 Order Should Not Be Stayed Pending Appeal served on Plaintiff Chevron Corporation on 03/29/2011. Service was made by Electronic Mail. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 03/30/2011) |
| 03/30/2011 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Scheduling Conference held on 3/30/2011. (mbe) (Entered: 03/31/2011) |
| 03/31/2011 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Julio Cesar Gomez to RE–FILE Document 244 Memorandum of Law in Support. ERROR(S): Attorney signature or s/ signature missing from document. (ka) (Entered: 03/31/2011) |
| 03/31/2011 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Julio Cesar Gomez to RE–FILE Document 245 Declaration in Support. ERROR(S): Attorney signature or s/ signature missing from document. (ka) (Entered: 03/31/2011) |
| 03/31/2011 | 248 | MEMORANDUM OF LAW in Support re: 237 Order to Show Cause,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 03/31/2011) |
| 03/31/2011 | 249 | DECLARATION of Julio C. Gomez in Support re: 237 Order to Show Cause,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A (Part 1), # 2 Exhibit A (Part 2), # 3 Exhibit A (Part 3), # 4 Exhibit A (Part 4), # 5 Exhibit A (Part 5), # 6 Exhibit A (Part 6), # 7 Exhibit A (Part 7), # 8 Exhibit A (Part 8), # 9 Exhibit B, # 10 Exhibit C, # 11 Exhibit D, # 12 Exhibit E)(Gomez, Julio) (Entered: 03/31/2011) |

| 04/01/2011 | 250 | NOTICE OF APPEAL from 181 Opinion, 195 Order, 227 Order. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. Filing fee $ 455.00, receipt number E 933704. (nd) (Entered: 04/01/2011) |
|---|---|---|
| 04/01/2011 | | Transmission of Notice of Appeal to the District Judge re: 250 Notice of Appeal. (nd) (Entered: 04/01/2011) |
| 04/01/2011 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 250 Notice of Appeal. (nd) (Entered: 04/01/2011) |
| 04/01/2011 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 239 Rule 26(f) Discovery Plan Report filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 240 Pre–Conference Statement filed by Chevron Corporation, 248 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 237 Order to Show Cause, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 249 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 235 Order on Motion to Appear Pro Hac Vice, 238 Pre–Conference Statement filed by Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, Note to Attorney to Re–File Document – Deficient Docket Entry Error, 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 246 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 242 MOTION to Dismiss *(Notice of Motion to Dismiss).* filed by The Law Offices of Steven R. Donziger, Steven Donziger, 236 Order, Set Deadlines/Hearings,,,, 243 Memorandum of Law in Support of Motion filed by The Law Offices of Steven R. Donziger, Steven Donziger, 234 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 241 Order,, 24 Declaration in Support, filed by Chevron Corporation, 141 Declaration in Support,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 139 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 194 Order on Motion to Appear Pro Hac Vice, 96 Declaration in Support, filed by Chevron Corporation, 168 Letter,,,, filed by Chevron Corporation, 71 Affidavit of Service Complaints filed by Chevron Corporation, 179 Declaration in Opposition to Motion, filed by Chevron Corporation, 107 Declaration in Support, filed by Chevron Corporation, 109 Declaration in Support, filed by Chevron Corporation, 199 Order to Show Cause,,, 134 Affidavit, filed by Chevron Corporation, 80 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 74 Affidavit of Service Other,, filed by Chevron Corporation, 117 Declaration filed by Chevron Corporation, 150 MOTION Increase the Bond (on Short Notice). filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 93 Declaration in Support filed by Chevron Corporation, 78 Order, Set Deadlines/Hearings, 26 Declaration in Support, filed by Chevron Corporation, 132 Declaration in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, 102 Declaration in Support, filed by Chevron Corporation, 12 Declaration in Support, filed by Chevron Corporation, 111 Declaration in Support,, filed by Chevron Corporation, 62 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 138 Declaration in Support,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 177 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 30 Declaration in Support,,, filed by Chevron Corporation, 151 Memorandum of Law in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 82 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 204 Certificate of Service Other, filed by Chevron Corporation, 160 MOTION to Transfer Case – Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et al., 93–CV–07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 230 Declaration in Support, filed by Chevron Corporation, 163 Certificate of Service Other, filed by Chevron Corporation, 43 Declaration in Support, filed by Chevron Corporation, 133 Affidavit in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 25 Declaration in Support, filed by Chevron Corporation, 17 Declaration in Support, filed by Chevron Corporation, 207 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 178 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 159 Notice (Other), Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 162 |

Certificate of Service Other, filed by Chevron Corporation, 32 Declaration in Support,, filed by Chevron Corporation, 213 Stipulation and Order, Set Deadlines,, 193 Order, Set Deadlines/Hearings,,,, 116 Declaration in Support filed by Chevron Corporation, 65 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 140 Declaration in Support,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 212 Jury Demand filed by The Law Offices of Steven R. Donziger, Steven Donziger, 161 Declaration in Support of Motion,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 130 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 75 Affidavit of Service Other,,,,, filed by Chevron Corporation, 91 Reply Memorandum of Law in Support filed by Chevron Corporation, 208 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 170 Endorsed Letter, 98 Declaration in Support filed by Chevron Corporation, 29 Declaration in Support,, filed by Chevron Corporation, 77 Order, Set Deadlines/Hearings,,,,,,,,,,,,, 172 MOTION for Leave to File Supplemental Opposition to Chevron Corporation's Motion for Preliminary Injunction. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 171 MOTION for Martin D. Beier, Joe L. Silver and Jessica R. Torbin to Appear Pro Hac Vice. filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 226 Jury Demand filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 210 Order on Motion to Appear Pro Hac Vice, 69 Affidavit of Service Complaints filed by Chevron Corporation, 48 Declaration in Support,,, filed by Chevron Corporation, 121 Declaration filed by Chevron Corporation, 68 Affidavit of Service Complaints, filed by Chevron Corporation, 8 Declaration in Support, filed by Chevron Corporation, 10 Declaration in Support, filed by Chevron Corporation, 115 Declaration in Support filed by Chevron Corporation, 224 Response to Order to Show Cause filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 180 Letter,, 136 Stipulation and Order, Set Deadlines/Hearings, 190 MOTION for Carlos A Zelaya, II to Appear Pro Hac Vice. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 166 MOTION for John W. Keker to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 119 Declaration filed by Chevron Corporation, 182 Order on Motion to Transfer Case, 64 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 127 Order, Set Deadlines,,,,,,,, 27 Declaration in Support, filed by Chevron Corporation, 31 Declaration in Support,,, filed by Chevron Corporation, 227 Order, 92 Declaration in Support filed by Chevron Corporation, 156 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 100 Declaration in Support filed by Chevron Corporation, 112 Order, 5 Memorandum of Law in Support filed by Chevron Corporation, 22 Declaration in Support,, filed by Chevron Corporation, 158 Letter, 44 Declaration in Support, filed by Chevron Corporation, 203 Certificate of Service Other, filed by Chevron Corporation, 97 Declaration in Support, filed by Chevron Corporation, 184 Letter, 218 Jury Demand filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 23 Declaration in Support, filed by Chevron Corporation, 105 Declaration in Support, filed by Chevron Corporation, 45 Declaration in Support, filed by Chevron Corporation, 53 Declaration in Support,,, filed by Chevron Corporation, 154 Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 61 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 38 Declaration in Support, filed by Chevron Corporation, 217 MOTION for Paula L. Blizzard, Matthew M. Werdegar, William S. Hicks, Christopher J. Young, and Nikki H. Vo to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 7 Declaration in Support, filed by Chevron Corporation, 36 Declaration in Support,, filed by Chevron Corporation, 41 Declaration in Support, filed by Chevron Corporation, 181 Memorandum & Opinion, 113 MOTION for Scott A. Edelman, William E. Thomson and Andrea E. Neuman to Appear Pro Hac Vice. filed by Chevron Corporation, 57 Declaration in Support, filed by Chevron Corporation, 126 Order on Motion to Appear Pro Hac Vice, 195 Order, 131 Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 186 Letter, 46 Declaration in Support, filed by Chevron Corporation, 6 Declaration in Support, filed by Chevron Corporation, 200 Memorandum of Law in Support filed by Chevron Corporation, 128 Letter, filed by Pablo Fajardo Mendoza, 135 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 39 Declaration in Support, filed by Chevron Corporation, 87 Order, 198 Bond filed by Chevron Corporation, 206

Declaration in Support,, filed by Chevron Corporation, 222 Rule 7.1 Corporate
Disclosure Statement filed by Stratus Consulting, Inc., 59 Notice of Appearance filed
by Chevron Corporation, 197 MOTION for Jan Nielsen Little to Appear Pro Hac
Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 125
Certificate of Service Other filed by The Law Offices of Steven R. Donziger, Steven
Donziger, 35 Declaration in Support, filed by Chevron Corporation, 47 Declaration in
Support,,,,, filed by Chevron Corporation, 231 Order, Set Deadlines/Hearings,,,, 90
Endorsed Letter, 94 Declaration in Support filed by Chevron Corporation, 110
Declaration in Support,, filed by Chevron Corporation, 185 Letter, 3 Notice of Case
Assignment/Reassignment, 49 Declaration in Support,,, filed by Chevron
Corporation, 106 Declaration in Support, filed by Chevron Corporation, 34
Declaration in Support,,, filed by Chevron Corporation, 104 Declaration in Support
filed by Chevron Corporation, 33 Declaration in Support,, filed by Chevron
Corporation, 223 Memorandum of Law in Opposition filed by Ann Maest, Douglas
Beltman, Stratus Consulting, Inc., 202 Certificate of Service Other, filed by Chevron
Corporation, 11 Declaration in Support, filed by Chevron Corporation, 63 Affirmation
in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo,
95 Declaration in Support filed by Chevron Corporation, 192 Order on Motion to
Appear Pro Hac Vice, 99 Declaration in Support filed by Chevron Corporation, 103
Declaration in Support, filed by Chevron Corporation, 40 Declaration in Support,
filed by Chevron Corporation, 21 Declaration in Support,, filed by Chevron
Corporation, 54 Declaration in Support,,, filed by Chevron Corporation, 67
Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo
Camacho Naranjo, 189 Reply Memorandum of Law in Support of Motion filed by
The Law Offices of Steven R. Donziger, Steven Donziger, 122 Declaration filed by
Chevron Corporation, 152 Declaration in Support of Motion,,,, filed by Javier
Piaguaje Payaguaje, 20 Declaration in Support, filed by Chevron Corporation, 101
Declaration in Support filed by Chevron Corporation, 52 Declaration in Support, filed
by Chevron Corporation, 120 Declaration filed by Chevron Corporation, 19
Declaration in Support, filed by Chevron Corporation, 214 Certificate of Service
Other, filed by Chevron Corporation, 60 Notice of Appearance filed by Javier
Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 183 Order on Motion for
Leave to File Document, 196 Order on Motion to Appear Pro Hac Vice, 4 Order to
Show Cause,,,, 129 Stipulation and Order, Set Deadlines,, 155 Declaration in Support
of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 219
MOTION for F. Gerald Maples to Appear Pro Hac Vice. filed by Javier Piaguaje
Payaguaje, Hugo Gerardo Camacho Naranjo, 124 Notice of Appearance filed by The
Law Offices of Steven R. Donziger, Steven Donziger, 233 Notice of Appeal, filed by
Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 37 Declaration in
Support,,, filed by Chevron Corporation, 118 Declaration filed by Chevron
Corporation, 72 Affidavit of Service Other,, filed by Chevron Corporation, 85
Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo
Camacho Naranjo, 18 Declaration in Support,, filed by Chevron Corporation, 2 Rule
7.1 Corporate Disclosure Statement filed by Chevron Corporation, 188 Order on
Motion for Miscellaneous Relief, 123 Declaration filed by Chevron Corporation, 66
Affirmation in Opposition,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo
Camacho Naranjo, 229 Reply Memorandum of Law in Support filed by Chevron
Corporation, 169 Letter, 42 Declaration in Support, filed by Chevron Corporation, 16
Declaration in Support, filed by Chevron Corporation, 13 Declaration in Support,,
filed by Chevron Corporation, 14 Declaration in Support,, filed by Chevron
Corporation, 86 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo
Gerardo Camacho Naranjo, 58 Declaration in Support, filed by Chevron Corporation,
50 Declaration in Support, filed by Chevron Corporation, 228 Endorsed Letter, 56
Declaration in Support, filed by Chevron Corporation, 70 Affidavit of Service
Complaints filed by Ann Maest, 88 Order,,,,,, 216 Certificate of Service Other filed by
Chevron Corporation, 209 Stipulation and Order, Add and Terminate Attorneys,, 157
Stipulation and Order, Set Deadlines/Hearings,, 205 Notice (Other), Notice (Other)
filed by Chevron Corporation, 15 Declaration in Support,, filed by Chevron
Corporation, 1 Complaint,,,,,, filed by Chevron Corporation, 73 Affidavit of Service
Other, filed by Chevron Corporation, 89 Notice of Appearance filed by Javier
Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 201 Declaration in Support,
filed by Chevron Corporation, 220 Response to Order to Show Cause filed by The
Law Offices of Steven R. Donziger, Steven Donziger, 114 Letter, 142 Declaration in
Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 167

| | | Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>137</u> Memorandum of Law in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>28</u> Declaration in Support, filed by Chevron Corporation, <u>108</u> Declaration in Support, filed by Chevron Corporation, <u>143</u> Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>221</u> Declaration in Support filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>55</u> Declaration in Support filed by Chevron Corporation, <u>215</u> Certificate of Service Other filed by Chevron Corporation, <u>51</u> Declaration in Support,, filed by Chevron Corporation, <u>79</u> Order, Set Deadlines/Hearings,,,,,, <u>9</u> Declaration in Support, filed by Chevron Corporation, <u>225</u> MOTION for Oral Argument REQUEST for Oral Argument in Connection with Chevron's Motion to Bifurcate Declaratory Judgment Claim in Whole or in Part. filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>153</u> Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>81</u> Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>84</u> Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo were transmitted to the U.S. Court of Appeals. (nd) (Entered: 04/01/2011) |
|---|---|---|
| 04/01/2011 | <u>251</u> | MEMORANDUM OF LAW in Opposition re: <u>237</u> Order to Show Cause,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/01/2011) |
| 04/01/2011 | <u>252</u> | DECLARATION of Kristen L. Hendricks in Opposition re: <u>237</u> Order to Show Cause,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 1, Part 1, # <u>2</u> Exhibit 1, Part 2, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11)(Mastro, Randy) (Entered: 04/01/2011) |
| 04/01/2011 | 253 | TRANSCRIPT of proceedings held on 3/30/2011 before Judge Lewis A. Kaplan. (ja) (Entered: 04/04/2011) |
| 04/01/2011 | 261 | TRANSCRIPT of proceedings held on 2/18/2011 before Judge Lewis A. Kaplan. (ja) (Entered: 04/05/2011) |
| 04/01/2011 | 265 | TRANSCRIPT of proceedings held on 3/30/2011 before Judge Lewis A. Kaplan. (dnd) (Entered: 04/07/2011) |
| 04/04/2011 | <u>254</u> | REPLY MEMORANDUM OF LAW in Support re: <u>237</u> Order to Show Cause,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 04/04/2011) |
| 04/04/2011 | <u>255</u> | RESPONSE re: <u>241</u> Order,, *CHEVRON CORPORATION'S STATEMENT REGARDING DEFENDANTS' PROPOSAL TO MODIFY THE PRELIMINARY INJUNCTION ORDER*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/04/2011) |
| 04/04/2011 | <u>256</u> | DECLARATION of Randy M. Mastro in Support re: <u>255</u> Response. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Mastro, Randy) (Entered: 04/04/2011) |
| 04/04/2011 | <u>257</u> | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc..(Beier, Martin) (Entered: 04/04/2011) |
| 04/04/2011 | <u>258</u> | ANSWER to Complaint with JURY DEMAND. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc..(Beier, Martin) (Entered: 04/04/2011) |
| 04/04/2011 | <u>259</u> | ANSWER to Complaint with JURY DEMAND. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 04/04/2011) |
| 04/04/2011 | <u>260</u> | RESPONSE re: <u>241</u> Order,, *Regarding Defendants' Proposal to Modify the Preliminary Injunction Order*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Exhibit Ex. A, # <u>2</u> Exhibit Ex. B, # <u>3</u> Exhibit Ex. C)(Gomez, Julio) (Entered: 04/04/2011) |
| 04/04/2011 | <u>268</u> | MOTION for Nikki K. Vo to Appear Pro Hac Vice. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger.(mbe) (Entered: 04/11/2011) |

| 04/04/2011 | 269 | MOTION for Christopher J. Young to Appear Pro Hac Vice. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger.(mbe) (Entered: 04/11/2011) |
|---|---|---|
| 04/04/2011 | 270 | MOTION for Matthew M. Werdegar to Appear Pro Hac Vice. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger.(mbe) (Entered: 04/11/2011) |
| 04/06/2011 | 262 | First Supplemental ROA Sent to USCA (Index). Notice that the Supplemental Index to the record on Appeal for 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger; 233 Notice of Appeal filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. USCA Case Number 11–1150, 3 Copies of the index, Certified Supplemental Clerk Certificate and Certified Docket Sheet were transmitted to the U.S. Court of Appeals. (tp) Modified on 4/6/2011 (tp). (nd). (Entered: 04/06/2011) |
| 04/06/2011 | 263 | MEMORANDUM AND ORDER: The LAP Representatives are not likely to prevail on appeal. The balance of the equities strongly favors Chevron. The public interest does not alter the balance in favor of a stay pending appeal. Accordingly, so much of the LAP Representatives' motion as seeks a stay of the preliminary injunction pending appeal is denied. The Court reserves decision on the balance of the motion. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 4/6/2011) (lnl) (Entered: 04/06/2011) |
| 04/07/2011 | 264 | Letter addressed to Judge Lewis A. Kaplan from John Keker dated 4/6/11 re: In response to Chevron's 4/5/11 letter. Document filed by Steven Donziger.(cd) (Entered: 04/07/2011) |
| 04/07/2011 | 266 | MEMO ENDORSEMENT on re: 225 Motion for Oral Argument ENDORSEMENT: Denied. So Ordered. (Signed by Judge Lewis A. Kaplan on 4/7/2011) (jfe) (Entered: 04/07/2011) |
| 04/08/2011 | 267 | ORDER, that the "Court does not consider the parties' efforts to date to have been reasonable or conducted in a good faith effort to reach agreement. They are directed to make a further effort and report back to the Court by the close of business next Wednesday, April 13, 2011. Should they fail to resolve the differences between them, the Lago Agrio Representatives then may move to modify the preliminary injunction or seek to stay pending appeal so much of it as may remain at issue. (Signed by Judge Lewis A. Kaplan on 4/8/11) (pl) Modified on 4/18/2011 (pl). Modified on 4/18/2011 (pl). (Entered: 04/08/2011) |
| 04/11/2011 | 271 | AMENDED ANSWER to 1 Complaint,,,,,,, with JURY DEMAND. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 04/11/2011) |
| 04/13/2011 | 272 | MEMO ENDORSEMENT granting 268 Motion for Nikki K. Vo to Appear Pro Hac Vice. ENDORSEMENT: Granted. (Signed by Judge Lewis A. Kaplan on 4/13/2011) (jpo) (Entered: 04/13/2011) |
| 04/13/2011 | 273 | MEMO ENDORSEMENT granting 269 Motion for Christopher J. Young to Appear Pro Hac Vice. ENDORSEMENT: Granted. (Signed by Judge Lewis A. Kaplan on 4/13/2011) (jpo) (Entered: 04/13/2011) |
| 04/13/2011 | 274 | MEMO ENDORSEMENT granting 270 Motion for Matthew M. Werdegar to Appear Pro Hac Vice. ENDORSEMENT: Granted. (Signed by Judge Lewis A. Kaplan on 4/13/2011) (jpo) (Entered: 04/13/2011) |
| 04/13/2011 | 275 | SUPPLEMENTAL RESPONSE re: 267 Order, Set Scheduling Order Deadlines,,,,,,,,,,,,,,,,,,,,,,,,, *CHEVRON CORPORATION'S SUPPLEMENTAL STATEMENT REGARDING THE LAP REPRESENTATIVES' PROPOSAL TO MODIFYTHE PRELIMINARY INJUNCTION ORDER*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/13/2011) |
| 04/13/2011 | 276 | DECLARATION of Randy M. Mastro re: 275 Response, – *DECLARATION IN SUPPORT OF CHEVRON CORPORATION'S SUPPLEMENTAL STATEMENT REGARDING THE LAP REPRESENTATIVES' PROPOSAL TO MODIFYTHE PRELIMINARY INJUNCTION ORDER*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit |

| | | |
|---|---|---|
| | | E, # 6 Exhibit F, # 7 Exhibit G)(Mastro, Randy) (Entered: 04/13/2011) |
| 04/13/2011 | 277 | RESPONSE re: 267 Order, Set Scheduling Order Deadlines,,,,,,,,,,,,,,,,,,,,,,,, *Regarding Defendants' Proposal to Modify the Preliminary Injunction Order.* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Gomez, Julio) (Entered: 04/13/2011) |
| 04/15/2011 | 278 | MEMORANDUM OPINION: #100253 The interests of justice, convenience, the avoidance of prejudice, and the desirability of an expedited resolution of Count 9 all support conducting a separate trial on that claim. Chevrons motion to bifurcate Count 9 therefore is granted. The Court, however, retains complete flexibility to ensure that the matter is handled appropriately and that any Seventh Amendment rights are preserved. It therefore will stand ready to consider changes to this order, should circumstances warrant, as the matter proceeds. Additional relief as set forth in this Order. (Signed by Judge Lewis A. Kaplan on 4/15/11) (pl) Modified on 4/27/2011 (ajc). (Entered: 04/15/2011) |
| 04/15/2011 | 279 | SCHEDULING ORDER: that, Unless otherwise ordered, the following schedule shall govern proceedings with respect to Count Nine of the complaint in this action: Any amendments or motions for leave to amend pleadings shall be filed on or before May 13, 2011. Any motions for leave to add parties shall be filed on or before May 13, 2011. All discovery shall be completed by September 15, 2011. All summary judgment or other dispositive motions shall be filed no later than September 23, 2011. All papers in opposition to any summary judgment or other dispositive motions shall be filed no later than October 10, 2011. All reply papers in support of any summary judgment or other dispositive motions shall be filed no later than October 19, 2011. Unless Count Nine is sooner disposed of by other means, the trial will commence on November 14, 2011. In view of the desirability of joining issue for the purpose, among others, of determining the scope of discovery with respect to Count Nine and the somewhat uninformative nature of the list of affirmative defenses provided voluntarily by defendant Donziger, the Court, pursuant to Fed. R. Civ. P. 12(a)(4), directs defendant Donziger, notwithstanding the pendency of his motion to dismiss, to file an answer to the complaint no later than April 28, 2011. Amended Pleadings due by 5/13/2011. Motions due by 9/23/2011. Responses due by 10/10/2011 Replies due by 10/19/2011. Discovery due by 9/15/2011. (Signed by Judge Lewis A. Kaplan on 4/15/11) (pl) (Entered: 04/15/2011) |
| 04/15/2011 | | Set/Reset Deadlines: Steven Donziger answer due 4/28/2011. (pl) (Entered: 04/15/2011) |
| 04/15/2011 | | Set/Reset Deadlines: Ready for Trial by 11/14/2011. (pl) (Entered: 04/15/2011) |
| 04/18/2011 | 280 | MEMORANDUM AND ORDER: To the extent not already ruled upon, the motion of the LAP Representatives [DI 237] is denied. (Signed by Judge Lewis A. Kaplan on 4/18/2011) (jfe) (Entered: 04/18/2011) |
| 04/20/2011 | 283 | AMENDED COMPLAINT amending 1 Complaint, against Clide Ramiro Aguinda Aguinda, Lidia Alexandra Aguinda Aguinda, Patricio Wilson Aguinda Aguinda, Francisco Matias Alvarado Yumbo, Lorenzo Jose Alvarado Yumbo, Segundo Angel Amanta Milan, Douglas Beltman, Hugo Gerardo Camacho Naranjo, Benancio Fredy Chimbo Grefa, Lourdes Beatriz Chimbo Tanguil, Rosa Teresa Chimbo Tanguila, Luis Armando Chimbo Yumbo, Octavio Ismael Cordova Huanca, Steven Donziger, Frente de Defensa De La Amazonia, Olga Gloria Grefa Cerda, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Heleodoro Pataron Guaraca, Carlos Grefa Huatatoca, Jose Miguel Ipiales Chicaiza, Daniel Carlos Lusitande Yaiguaje, Emilio Martin Lusitande Yaiguaje, Reinaldo Lusitande Yaiguaje, Ann Maest, Pablo Fajardo Mendoza, Guillermo Vicente Payaguaje Lusitante, Alfredo Donaldo Payaguaje Payaguaje, Delfin Leonidas Payaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Luis Agustin Payaguaje Piaguaje, Angel Justino Piaguage Lucitant, Teodoro Gonzalo Piaguaje Payaguaje, Armando Wilfrido Piaguaje Payaguaje, Fermin Piaguaje Payaguaje, Javier Piaguaje Payaguaje, Elias Roberto Piyahuaje Payahuaje, Maria Clelia Reascos Revelo, Jose Gabriel Revelo Llore, Maria Magdalena Rodriguez Barcenes, Catalina Antonia Aguinda Salazar, Maria Aguinda Salazar, Selva Viva Selviva CIA, Ltda, Stratus Consulting, Inc., Stratus Consulting, Inc., Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Luisa Delia Tanguila Narvaez, |

| | | Narcisa Aida Tanguila Narvaez, Franciso Victor Tanguilla Grefa, The Law Offices of Steven R. Donziger, Celia Irene Viveros Cusangua, Maria Hortencia Viveros Cusangua, Simon Lusitande Yaiguaje, Luis Yanza, Francisco Alvarado Yumbo, Patricio Alberto Chimbo Yumbo with JURY DEMAND.Document filed by Chevron Corporation. Related document: 1 Complaint, filed by Chevron Corporation.(rdz) (Additional attachment(s) added on 4/26/2011: # 1 Exhibit A, # 2 Exhibit B) (ama). (Entered: 04/26/2011) |
|---|---|---|
| 04/22/2011 | 281 | NOTICE OF APPEARANCE by Stuart Alan Krause on behalf of Douglas Beltman, Ann Maest, Stratus Consulting, Inc. (Krause, Stuart) (Entered: 04/22/2011) |
| 04/22/2011 | 282 | NOTICE OF APPEARANCE by Benjamin H. Green on behalf of Douglas Beltman, Ann Maest, Stratus Consulting, Inc. (Green, Benjamin) (Entered: 04/22/2011) |
| 04/26/2011 | 284 | ORDER TO SHOW CAUSE WHY THE PRESIDING DISTRICT JUDGE SHOULD NOT BE RECUSED PURSUANT TO 28 U.S.C. § 455(a). Plaintiff Chevron Corporation shall show cause as to why the Presiding District Judge Should Not Be Recused Pursuant to 28 U.S.C. § 455(a), dated April 22, 2011. ORDERED that service of a copy of this Order and of all of the papers submitted in support thereof, by hand, facsimile, or email, upon counsel for Plaintiff Chevron Corporation on or before 1:00 p.m. EDT on Tuesday, April 26, 2011, shall be deemed good and sufficient service thereof. Show Cause Response due by 5/2/2011. Ordered that reply papers, if any, shall be served and filed electronically on or before 4:00 p.m. EDT on Wednesday, May 4, 2011, and as further set forth. (Signed by Judge Lewis A. Kaplan on 4/25/2011) (rjm) Modified on 4/26/2011 (rjm). (Entered: 04/26/2011) |
| 04/26/2011 | 285 | MEMORANDUM OF LAW in Support re: 284 Order to Show Cause,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 04/26/2011) |
| 04/26/2011 | 286 | AFFIDAVIT of Julio C. Gomez in Support re: 284 Order to Show Cause,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 04/26/2011) |
| 04/26/2011 | 287 | DECLARATION of Julio C. Gomez in Support re: 284 Order to Show Cause,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40)(Gomez, Julio) (Entered: 04/26/2011) |
| 04/26/2011 | 288 | CERTIFICATE OF SERVICE of Supporting Papers for Order to Show Cause Why the Presiding District Judge Should Not Be Recused Pursuant to 28 U.S.C. § 455(a) served on Plaintiff Chevron Corporation on 4/26/2011. Service was made by Electronic Mail. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 04/26/2011) |
| 04/28/2011 | 289 | ORDER Donziger shall file an answer to the amended complaint on or before May 4, 2011. This is without prejudice any application for a reasonable extension of the May 4, 2011 date if Donziger wishes additional time. He is free to file a Rule 12 motion as well as an answer should he be so advised. SO ORDERED. Steven Donziger answer due 5/4/2011. (Signed by Judge Lewis A. Kaplan on 4/28/2011) (jmi) (Entered: 04/28/2011) |
| 04/28/2011 | 290 | TRANSCRIPT of Proceedings re: ARGUMENT held on 3/15/11 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Khristine Sellin, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/23/2011. Redacted Transcript Deadline set for 6/3/2011. Release of Transcript Restriction set for 8/1/2011.(McGuirk, Kelly) (Entered: 04/28/2011) |

| 04/28/2011 | 291 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 3/15/11 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 04/28/2011) |
|---|---|---|
| 04/29/2011 | 292 | ORDER TO SHOW CAUSE WHY STEVEN DONZIGER, LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER & ASSOCIATES, PLLC SHOULD NOT BE PERMITTED TO INTERVENE IN THE DECLARATORY JUDGMENT CLAIM PURSUANT TO FED. R. CIV. P. 24, that service of a copy of this Order and of all of the papers submitted in support thereof, in accordance with Fed. R. Civ. P. 5, upon counsel for Plaintiff Chevron Corporation ("Chevron"), on or before 11:00 a.m. EDT on Monday May 2, 2011, shall be deemed good and sufficient service thereof; and it further: ORDERED that papers in opposition to Donziger's application for an order permitting him to intervene in Chevron's Ninth Claim for Relief, if any, shall be served and filed electronically on or before 4:00 p.m. EDT on Thursday, May 12, 2011; and it is further: ORDERED that reply papers, if any, shall be served and filed electronically on or before 4:00 p.m. EDT on Monday May 16, 2011; and it is further: ORDERED that Chevron show cause before this Court, on May 16, 2011, why an order should not be issued, pursuant to Rule 24 of the Federal Rules of Civil Procedure, granting Donziger's request to intervene in Chevron's Ninth Claim for Relief. Unless otherwise ordered, the motion will be taken on submission, and no appearance of counsel if required. SO ORDERED. Show Cause Response due by 5/16/2011. (Signed by Judge Lewis A. Kaplan on 4/29/2011) (lnl) (Entered: 04/29/2011) |
| 04/29/2011 | 293 | FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU – MOTION to Intervene *Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates, PLLC's Memorandum of Law In Support of Application by Order to Show Cause Why They Should Not be Permitted to Intervene in the Declaratory Judgment Claim Pursuant to Fed.R.Civ.P.24*. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger.(Little, Jan) Modified on 5/2/2011 (ldi). (Entered: 04/29/2011) |
| 04/29/2011 | 294 | FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU – DECLARATION of Elliot R. Peters in Support re: 293 MOTION to Intervene *Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates, PLLC's Memorandum of Law In Support of Application by Order to Show Cause Why They Should Not be Permitted to Intervene in the Declaratory Jud. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Peters, Elliot) Modified on 5/2/2011 (ldi). (Entered: 04/29/2011)* |
| 04/29/2011 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Jan Nielsen Little to RE–FILE Document 293 MOTION to Intervene *Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates, PLLC's Memorandum of Law In Support of Application by Order to Show Cause Why They Should Not be Permitted to Intervene in the Declaratory Jud. Use the event type Memorandum of Law in Support (non–motion) found under the event list Other Answers. (ldi) (Entered: 05/02/2011)* |
| 04/29/2011 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Elliot Remsen Peters to RE–FILE Document 294 Declaration in Support of Motion. Use the event type Declaration in Support (non–motion) found under the event list Other Answers. (ldi) (Entered: 05/02/2011) |
| 05/02/2011 | | First Supplemental ROA Sent to USCA (File). Supplemental Indexed record on Appeal Files for 233 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo USCA Case Number 11–1150–cv, were transmitted to the U.S. Court of Appeals. (nd) (Entered: 05/02/2011) |
| 05/02/2011 | 295 | MEMORANDUM OF LAW in Support *Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC's Memorandum of Law in Support of Their Application by Order to Show Cause Why They Should Not be Permitted to Intervene in the Declaratory Judgment Claim Pursuant to Fed. R. Civ. P. 24*. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Little, |

| | | Jan) (Entered: 05/02/2011) |
|---|---|---|
| 05/02/2011 | 296 | DECLARATION of Elliot R. Peters in Support re: 295 Memorandum of Law in Support,. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Peters, Elliot) (Entered: 05/02/2011) |
| 05/02/2011 | 297 | MEMORANDUM OF LAW in Opposition re: 284 Order to Show Cause,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/02/2011) |
| 05/02/2011 | 298 | DECLARATION of Randy M. Mastro in Opposition re: 284 Order to Show Cause,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30)(Mastro, Randy) (Entered: 05/02/2011) |
| 05/02/2011 | 299 | DECLARATION of Seth A. Leone in Opposition re: 284 Order to Show Cause,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A through D)(Mastro, Randy) (Entered: 05/02/2011) |
| 05/02/2011 | 300 | DECLARATION of Michael L. Younger in Opposition re: 284 Order to Show Cause,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A and B)(Mastro, Randy) (Entered: 05/02/2011) |
| 05/04/2011 | 301 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying No as Corporate Parent. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC.(Werdegar, Matthew) (Entered: 05/04/2011) |
| 05/04/2011 | 302 | MOTION to Dismiss (Notice of Motion to Dismiss Chevron Corporation's Amended Complaint). Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Keker, John) (Entered: 05/04/2011) |
| 05/04/2011 | 303 | MEMORANDUM OF LAW in Support re: 302 MOTION to Dismiss (Notice of Motion to Dismiss Chevron Corporation's Amended Complaint).. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 05/04/2011) |
| 05/04/2011 | 304 | DECLARATION of John W. Keker in Support re: 302 MOTION to Dismiss (Notice of Motion to Dismiss Chevron Corporation's Amended Complaint).. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Keker, John) (Entered: 05/04/2011) |
| 05/04/2011 | 305 | REPLY MEMORANDUM OF LAW in Support re: 284 Order to Show Cause,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 05/04/2011) |
| 05/04/2011 | 306 | DECLARATION of Julio C. Gomez in Support re: 305 Reply Memorandum of Law in Support. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Ex. A, # 2 Exhibit Ex. B, # 3 Exhibit Ex. C, # 4 Exhibit Ex. D, # 5 Exhibit Ex. E, # 6 Exhibit Ex. F, # 7 Exhibit Ex. G, # 8 Exhibit Ex. H, # 9 Exhibit Ex. I, # 10 Exhibit Ex. J, # 11 Exhibit Ex. K, # 12 Exhibit Ex. L)(Gomez, Julio) (Entered: 05/04/2011) |
| 05/04/2011 | 307 | ANSWER to Amended Complaint with JURY DEMAND. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. Related document: 283 Amended Complaint,,,,,,, filed by Chevron Corporation.(Keker, John) (Entered: 05/04/2011) |
| 05/05/2011 | 308 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Benjamin H. Green dated 4/29/2011 re: Counsel writes on behalf of Defendants Stratus Consulting, Inc., Douglas Beltman and Ann Maest, to request a 30 day extension of time until 6/8/2011 to answer or otherwise respond to plaintiff's amended complaint. ENDORSEMENT: Time extended to and including 5/17/2011. (Signed by Judge Lewis A. Kaplan on 5/5/2011) (ab) (Entered: 05/05/2011) |

| | | |
|---|---|---|
| 05/05/2011 | <u>309</u> | CONSENT TO CHANGE COUNSEL: Zeichner Ellman & Krause LLP shall be substituted as attorneys of record for defendants Stratus Consulting, Inc., Douglas Beltman and Ann Maest in place and stead of the undersigned attorneys. Attorney Stuart Alan Krause,Benjamin H. Green for Stratus Consulting, Inc. Douglas Beltman and Ann Maest added. Attorney Gordon Mehler terminated. (Signed by Judge Lewis A. Kaplan on 5/5/2011) (tro) (Entered: 05/05/2011) |
| 05/09/2011 | <u>310</u> | MEMORANDUM OPINION. #100300 This Court has considered this motion with the great care that it deserves. Informed persons, knowing and understanding all of the myriad and complex facts of these extensive proceedings, and putting aside the rhetoric and other devices deployed here by the LAP Representatives, readily would see that the Court's rulings have been firmly grounded in the law and the evidence. There is no objective reason to think that it has been anything less than entirely impartial. The motion to recuse the undersigned [DI 284] is denied. (Signed by Judge Lewis A. Kaplan on 5/9/11) (rjm) Modified on 5/9/2011 (rjm). Modified on 5/10/2011 (ajc). (Entered: 05/09/2011) |
| 05/10/2011 | <u>311</u> | ANSWER to Amended Complaint with JURY DEMAND. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. Related document: <u>283</u> Amended Complaint,,,,,,, filed by Chevron Corporation.(Gomez, Julio) (Entered: 05/10/2011) |
| 05/12/2011 | <u>312</u> | MEMORANDUM OF LAW in Opposition re: <u>292</u> Order to Show Cause,,,,, *CHEVRON CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO THE APPLICATION BY ORDER TO SHOW CAUSE OF DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER & ASSOCIATES, PLLC WHY THEY SHOULD NOT BE PERMITTED TO INTERVENE IN THE DECLARATORY JUDGMENT CLAIM PURSUANT TO FED. R. CIV. P. 24.* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/12/2011) |
| 05/12/2011 | <u>313</u> | DECLARATION of Kristen L. Hendricks in Support re: <u>312</u> Memorandum of Law in Opposition,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2)(Mastro, Randy) (Entered: 05/12/2011) |
| 05/12/2011 | <u>314</u> | ORDER of USCA (Certified Copy) as to <u>250</u> Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>233</u> Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo USCA Case Number 11–1150–cv(L), 11–1264–cv(con). It is ORDERED that the request to stay the district court's proceedings is DENIED without prejudice to renew before the merits panel. It is further ORDERED that the motion for a partial stay, pending resolution of the appeal of the preliminary injunction is GRANTED. It is further ORDERED that Appellants' motions to expedite the appeal and to file oversized briefs are GRANTED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 05/12/2011. (nd) (Entered: 05/12/2011) |
| 05/13/2011 | <u>315</u> | NOTICE of Intent to Rely on Foreign Law Pursuant to Fed. R. Civ. P. 44.1. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 05/13/2011) |
| 05/13/2011 | <u>316</u> | NOTICE of Intent To Rely on Foreign Law Per FRCP 44.1 re: <u>279</u> Scheduling Order,,,,,. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Peters, Elliot) (Entered: 05/13/2011) |
| 05/13/2011 | <u>317</u> | NOTICE of PURSUANT TO RULE 44.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE OF INTENT TO RAISE ISSUES OF FOREIGN LAW. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/13/2011) |
| 05/13/2011 | <u>318</u> | NOTICE of PURSUANT TO RULE 44.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE OF INTENT TO RAISE ISSUES OF FOREIGN LAW. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/14/2011) |
| 05/16/2011 | <u>319</u> | REPLY MEMORANDUM OF LAW in Support re: <u>292</u> Order to Show Cause,,,,, *Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC's Reply In Support Of Application By Order To Show Cause Why They Should Not Be Permitted to Intervene In The Declaratory Judgment Claim Pursuant to Fed. R. Civ. P. 24.* Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 05/16/2011) |

| 05/17/2011 | 320 | MOTION to Dismiss *Amended complaint*. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc..(Krause, Stuart) (Entered: 05/17/2011) |
|---|---|---|
| 05/17/2011 | 321 | DECLARATION of Benjamin H. Green in Support re: 320 MOTION to Dismiss *Amended complaint*.. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Attachments: # 1 Exhibit A)(Krause, Stuart) (Entered: 05/17/2011) |
| 05/17/2011 | 322 | MEMORANDUM OF LAW in Support re: 320 MOTION to Dismiss *Amended complaint*.. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 05/17/2011) |
| 05/18/2011 | 323 | NOTICE of Joinder in Support of Defendants Steven Donziger's, The Law Offices of Steven R. Donziger's and Donziger & Associates, PLLC'S Application by Order to Show Cause Why They Should Not be Permitted to Intervene in the Declaratory Judgment Claim Pursuant to Fed. R. Civ. P. 24. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 05/18/2011) |
| 05/18/2011 | 324 | MEMORANDUM OF LAW in Opposition re: 302 MOTION to Dismiss *(Notice of Motion to Dismiss Chevron Corporation's Amended Complaint)*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/18/2011) |
| 05/25/2011 | 325 | REPLY MEMORANDUM OF LAW in Support re: 302 MOTION to Dismiss *(Notice of Motion to Dismiss Chevron Corporation's Amended Complaint)*.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 05/25/2011) |
| 05/26/2011 | 326 | ORDER: Defendant Donziger earlier today submitted a proposed order to show cause why discovery should not be stayed pending this Court's decision on his motion to intervene on Count 9, which has been fully submitted for about a week. The proposed order, if signed, would have required that opposing papers be served no later than May 31. The Court conducted a conference call with counsel for all parties this afternoon. As the Court understands it, none of the noticed discovery is scheduled to occur before June 3. The Court presently anticipates ruling on the intervention motion in advance of that date. The question of a stay of discovery pending that ruling therefore is likely to be academic. In all the circumstances, the Court declines to sign the proposed order to show cause. Should circumstances change, Donziger is free to renew the application next week. (Signed by Judge Lewis A. Kaplan on 5/26/2011) (tro) (Entered: 05/26/2011) |
| 05/26/2011 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Status Conference held on 5/26/2011. Court Reporter Vincent Bologna present. (mbe) (Entered: 05/31/2011) |
| 05/31/2011 | 327 | MEMORANDUM OPINION: #100386 Donzigers motion to intervene [DI 292] is granted to the limited extent, and on the limited basis, set forth above. It is denied in all other respects. The Court, however, retains flexibility over the scope of intervention to ensure that it does not unduly delay the resolution of the Count 9 Action or prejudice the parties. It stands ready to consider changes to this order, should circumstances warrant, as the matter proceeds. (Signed by Judge Lewis A. Kaplan on 5/31/2011) (tro) Modified on 6/1/2011 (ajc). (Entered: 05/31/2011) |
| 05/31/2011 | 328 | ORDER: Count 9 of the amended complaint is hereby severed from the remainder of the action pursuant to Fed. R. Civ. P. 21 and shall proceed as a separate action. The plaintiff in the Count 9 Action is Chevron Corporation. The defendants are the forty−seven individuals listed in Appendix A to the amended complaint in No. 11 Civ. 0691 (LAK) and Frente de Defensa de la Amazonia a/k/a Amazon Defense Front. The intervenors the Danziger Defendants. The Clerk shall assign a separate docket number to the Count 9 Action, the caption of which shall include the parties listed in paragraph 1 of this order. The short form of that caption shall be as further set forth in this Order. All decisions, orders and rulings and other determinations heretofore made in 11 Civ. 0691 (LAK), including without limitation the certificate of default, the preliminary injunction and the scheduling order, shall remain in effect in the Count 9 Action. The Danziger Defendants are excused from filing a proposed pleading in intervention. (Signed by Judge Lewis A. Kaplan on 5/31/2011) (tro) (Entered: 05/31/2011) |

| 05/31/2011 | 329 | ORDER: The filing fee for the previously ordered [DI 328] separate docket number for the Count 9 Action is hereby waived. (Signed by Judge Lewis A. Kaplan on 5/31/2011) (tro) (Entered: 05/31/2011) |
|---|---|---|
| 05/31/2011 | 330 | MOTION to Strike – *CHEVRON CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTAIN DEFENSES ASSERTED BY DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN DONZIGER, DONZIGER & ASSOCIATES, PLLC, HUGO GERARDO CAMACHO NARANJO, AND JAVIER PIAGUAJE PAYAGUAJE OR, IN THE ALTERNATIVE, TO STRIKE THOSE DEFENSES.* Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 05/31/2011) |
| 05/31/2011 | 331 | MEMORANDUM OF LAW in Support re: 330 MOTION to Strike – *CHEVRON CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTAIN DEFENSES ASSERTED BY DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN DONZIGER, DONZIGER & ASSOCIATES, PLLC, HUGO. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/31/2011)* |
| 06/03/2011 | 332 | NOTICE OF APPEAL from 327 Memorandum Opinion. Document filed by Steven Donziger, The Law Offices of Steven R. Donziger. Filing fee $ 455.00, receipt number 465401008316. (nd) (Entered: 06/03/2011) |
| 06/03/2011 | | Transmission of Notice of Appeal to the District Judge re: 332 Notice of Appeal. (nd) (Entered: 06/03/2011) |
| 06/03/2011 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 332 Notice of Appeal. (nd) (Entered: 06/03/2011) |
| 06/03/2011 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 239 Rule 26(f) Discovery Plan Report filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 240 Pre–Conference Statement filed by Chevron Corporation, 248 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 237 Order to Show Cause, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 249 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 235 Order on Motion to Appear Pro Hac Vice, 238 Pre–Conference Statement filed by Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, Note to Attorney to Re–File Document – Deficient Docket Entry Error, 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 246 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 242 MOTION to Dismiss (Notice of Motion to Dismiss). filed by The Law Offices of Steven R. Donziger, Steven Donziger, 236 Order, Set Deadlines/Hearings,,,, 243 Memorandum of Law in Support of Motion filed by The Law Offices of Steven R. Donziger, Steven Donziger, 234 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 241 Order,, 24 Declaration in Support, filed by Chevron Corporation, 141 Declaration in Support,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 139 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 194 Order on Motion to Appear Pro Hac Vice, 96 Declaration in Support, filed by Chevron Corporation, 168 Letter,,,, filed by Chevron Corporation, 71 Affidavit of Service Complaints filed by Chevron Corporation, 179 Declaration in Opposition to Motion, filed by Chevron Corporation, 107 Declaration in Support, filed by Chevron Corporation, 109 Declaration in Support, filed by Chevron Corporation, 199 Order to Show Cause,,, 134 Affidavit, filed by Chevron Corporation, 80 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 74 Affidavit of Service Other,, filed by Chevron Corporation, 117 Declaration filed by Chevron Corporation, 150 MOTION Increase the Bond (on Short Notice). filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 93 Declaration in Support filed by Chevron Corporation, 78 Order, Set Deadlines/Hearings, 26 Declaration in Support, filed by Chevron Corporation, 132 Declaration in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, 102 Declaration in Support, filed by Chevron Corporation, 12 Declaration in Support, filed by Chevron Corporation, 111 Declaration in Support,, filed by Chevron Corporation, 62 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 138 Declaration |

in Support,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>177</u> Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>30</u> Declaration in Support,,, filed by Chevron Corporation, <u>151</u> Memorandum of Law in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>82</u> Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>204</u> Certificate of Service Other, filed by Chevron Corporation, <u>160</u> MOTION to Transfer Case – Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et al., 93–CV–07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District. filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>230</u> Declaration in Support, filed by Chevron Corporation, <u>163</u> Certificate of Service Other, filed by Chevron Corporation, <u>43</u> Declaration in Support, filed by Chevron Corporation, <u>133</u> Affidavit in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>25</u> Declaration in Support, filed by Chevron Corporation, <u>17</u> Declaration in Support, filed by Chevron Corporation, <u>207</u> Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>178</u> Memorandum of Law in Opposition to Motion filed by Chevron Corporation, <u>159</u> Notice (Other), Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>162</u> Certificate of Service Other, filed by Chevron Corporation, <u>32</u> Declaration in Support,, filed by Chevron Corporation, <u>213</u> Stipulation and Order, Set Deadlines,, <u>193</u> Order, Set Deadlines/Hearings,,,, <u>116</u> Declaration in Support filed by Chevron Corporation, <u>65</u> Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>140</u> Declaration in Support,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>212</u> Jury Demand filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>161</u> Declaration in Support of Motion,, filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>130</u> Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., <u>75</u> Affidavit of Service Other,,,,, filed by Chevron Corporation, <u>91</u> Reply Memorandum of Law in Support filed by Chevron Corporation, <u>208</u> Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>170</u> Endorsed Letter, <u>98</u> Declaration in Support filed by Chevron Corporation, <u>29</u> Declaration in Support,, filed by Chevron Corporation, <u>77</u> Order, Set Deadlines/Hearings,,,,,,,,,,,,, <u>172</u> MOTION for Leave to File Supplemental Opposition to Chevron Corporation's Motion for Preliminary Injunction. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>171</u> MOTION for Martin D. Beier, Joe L. Silver and Jessica R. Torbin to Appear Pro Hac Vice. filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., <u>226</u> Jury Demand filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>210</u> Order on Motion to Appear Pro Hac Vice, <u>69</u> Affidavit of Service Complaints filed by Chevron Corporation, <u>48</u> Declaration in Support,,, filed by Chevron Corporation, <u>121</u> Declaration filed by Chevron Corporation, <u>68</u> Affidavit of Service Complaints, filed by Chevron Corporation, <u>8</u> Declaration in Support, filed by Chevron Corporation, <u>10</u> Declaration in Support, filed by Chevron Corporation, <u>115</u> Declaration in Support filed by Chevron Corporation, <u>224</u> Response to Order to Show Cause filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>180</u> Letter,, <u>136</u> Stipulation and Order, Set Deadlines/Hearings, <u>190</u> MOTION for Carlos A Zelaya, II to Appear Pro Hac Vice. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>166</u> MOTION for John W. Keker to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>119</u> Declaration filed by Chevron Corporation, <u>182</u> Order on Motion to Transfer Case, <u>64</u> Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>127</u> Order, Set Deadlines,,,,,,, <u>27</u> Declaration in Support, filed by Chevron Corporation, <u>31</u> Declaration in Support,,, filed by Chevron Corporation, <u>227</u> Order, <u>92</u> Declaration in Support filed by Chevron Corporation, <u>156</u> Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>100</u> Declaration in Support filed by Chevron Corporation, <u>112</u> Order, <u>5</u> Memorandum of Law in Support filed by Chevron Corporation, <u>22</u> Declaration in Support,, filed by Chevron Corporation, <u>158</u> Letter, <u>44</u> Declaration in Support, filed by Chevron Corporation, <u>203</u> Certificate of Service Other, filed by Chevron Corporation, <u>97</u> Declaration in Support, filed by Chevron Corporation, <u>184</u> Letter, <u>218</u> Jury Demand filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>23</u> Declaration in Support, filed by Chevron Corporation, <u>105</u> Declaration in Support, filed by Chevron Corporation, <u>45</u> Declaration in Support, filed by Chevron Corporation, <u>53</u> Declaration in Support,,, filed by Chevron Corporation, <u>154</u>

Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 61 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 38 Declaration in Support, filed by Chevron Corporation, 217 MOTION for Paula L. Blizzard, Matthew M. Werdegar, William S. Hicks, Christopher J. Young, and Nikki H. Vo to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 7 Declaration in Support, filed by Chevron Corporation, 36 Declaration in Support,, filed by Chevron Corporation, 41 Declaration in Support, filed by Chevron Corporation, 181 Memorandum & Opinion, 113 MOTION for Scott A. Edelman, William E. Thomson and Andrea E. Neuman to Appear Pro Hac Vice. filed by Chevron Corporation, 57 Declaration in Support, filed by Chevron Corporation, 126 Order on Motion to Appear Pro Hac Vice, 195 Order, 131 Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 186 Letter, 46 Declaration in Support, filed by Chevron Corporation, 6 Declaration in Support, filed by Chevron Corporation, 200 Memorandum of Law in Support filed by Chevron Corporation, 128 Letter, filed by Pablo Fajardo Mendoza, 135 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 39 Declaration in Support, filed by Chevron Corporation, 87 Order, 198 Bond filed by Chevron Corporation, 206 Declaration in Support,, filed by Chevron Corporation, 222 Rule 7.1 Corporate Disclosure Statement filed by Stratus Consulting, Inc., 59 Notice of Appearance filed by Chevron Corporation, 197 MOTION for Jan Nielsen Little to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 125 Certificate of Service Other filed by The Law Offices of Steven R. Donziger, Steven Donziger, 35 Declaration in Support, filed by Chevron Corporation, 47 Declaration in Support,,,, filed by Chevron Corporation, 231 Order, Set Deadlines/Hearings,,,, 90 Endorsed Letter, 94 Declaration in Support filed by Chevron Corporation, 110 Declaration in Support,, filed by Chevron Corporation, 185 Letter, 3 Notice of Case Assignment/Reassignment, 49 Declaration in Support,,, filed by Chevron Corporation, 106 Declaration in Support, filed by Chevron Corporation, 34 Declaration in Support,,, filed by Chevron Corporation, 104 Declaration in Support filed by Chevron Corporation, 33 Declaration in Support,, filed by Chevron Corporation, 223 Memorandum of Law in Opposition filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 202 Certificate of Service Other, filed by Chevron Corporation, 11 Declaration in Support, filed by Chevron Corporation, 63 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 95 Declaration in Support filed by Chevron Corporation, 192 Order on Motion to Appear Pro Hac Vice, 99 Declaration in Support filed by Chevron Corporation, 103 Declaration in Support, filed by Chevron Corporation, 40 Declaration in Support, filed by Chevron Corporation, 21 Declaration in Support,, filed by Chevron Corporation, 54 Declaration in Support,,, filed by Chevron Corporation, 67 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 189 Reply Memorandum of Law in Support of Motion filed by The Law Offices of Steven R. Donziger, Steven Donziger, 122 Declaration filed by Chevron Corporation, 152 Declaration in Support of Motion,,,, filed by Javier Piaguaje Payaguaje, 20 Declaration in Support, filed by Chevron Corporation, 101 Declaration in Support filed by Chevron Corporation, 52 Declaration in Support, filed by Chevron Corporation, 120 Declaration filed by Chevron Corporation, 19 Declaration in Support, filed by Chevron Corporation, 214 Certificate of Service Other, filed by Chevron Corporation, 60 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 183 Order on Motion for Leave to File Document, 196 Order on Motion to Appear Pro Hac Vice, 4 Order to Show Cause,,,, 129 Stipulation and Order, Set Deadlines,, 155 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 219 MOTION for F. Gerald Maples to Appear Pro Hac Vice. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 124 Notice of Appearance filed by The Law Offices of Steven R. Donziger, Steven Donziger, 233 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 37 Declaration in Support,,, filed by Chevron Corporation, 118 Declaration filed by Chevron Corporation, 72 Affidavit of Service Other,, filed by Chevron Corporation, 85 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 18 Declaration in Support,, filed by Chevron Corporation, 2 Rule 7.1 Corporate Disclosure Statement filed by Chevron Corporation, 188 Order on Motion for Miscellaneous Relief, 123 Declaration filed by Chevron Corporation, 66 Affirmation in Opposition,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo

Camacho Naranjo, 229 Reply Memorandum of Law in Support filed by Chevron Corporation, 169 Letter, 42 Declaration in Support, filed by Chevron Corporation, 16 Declaration in Support, filed by Chevron Corporation, 13 Declaration in Support,, filed by Chevron Corporation, 14 Declaration in Support,, filed by Chevron Corporation, 86 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 58 Declaration in Support, filed by Chevron Corporation, 50 Declaration in Support, filed by Chevron Corporation, 228 Endorsed Letter, 56 Declaration in Support, filed by Chevron Corporation, 70 Affidavit of Service Complaints filed by Ann Maest, 88 Order,,,,,, 216 Certificate of Service Other filed by Chevron Corporation, 209 Stipulation and Order, Add and Terminate Attorneys,, 157 Stipulation and Order, Set Deadlines/Hearings,, 205 Notice (Other), Notice (Other) filed by Chevron Corporation, 15 Declaration in Support,, filed by Chevron Corporation, 1 Complaint,,,,,,, filed by Chevron Corporation, 73 Affidavit of Service Other, filed by Chevron Corporation, 89 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 201 Declaration in Support, filed by Chevron Corporation, 220 Response to Order to Show Cause filed by The Law Offices of Steven R. Donziger, Steven Donziger, 114 Letter, 142 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 167 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 137 Memorandum of Law in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, 28 Declaration in Support, filed by Chevron Corporation, 108 Declaration in Support, filed by Chevron Corporation, 143 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 221 Declaration in Support filed by The Law Offices of Steven R. Donziger, Steven Donziger, 55 Declaration in Support filed by Chevron Corporation, 215 Certificate of Service Other filed by Chevron Corporation, 51 Declaration in Support,, filed by Chevron Corporation, 79 Order, Set Deadlines/Hearings,,,,, 9 Declaration in Support, filed by Chevron Corporation, 225 MOTION for Oral Argument REQUEST for Oral Argument in Connection with Chevron's Motion to Bifurcate Declaratory Judgment Claim in Whole or in Part. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 153 Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 81 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 84 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo 325 Reply Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 290 Transcript,, 292 Order to Show Cause,,,, 304 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 254 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 273 Order on Motion to Appear Pro Hac Vice, 116 Notice (Other) filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 302 MOTION to Dismiss *(Notice of Motion to Dismiss Chevron Corporation's Amended Complaint)*. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 284 Order to Show Cause,,, 305 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 286 Affidavit in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 251 Memorandum of Law in Opposition filed by Chevron Corporation, 268 MOTION for Nikki K. Vo to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 277 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 255 Response filed by Chevron Corporation, 313 Declaration in Support filed by Chevron Corporation, 282 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 267 Order, Set Scheduling Order Deadlines,,,, 308 Endorsed Letter, Set Deadlines,, 260 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 299 Declaration in Opposition filed by Chevron Corporation, 279 Scheduling Order,,,,, 319 Reply Memorandum of Law in Support, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 307 Answer to Amended Complaint filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 270 MOTION for Matthew M. Werdegar to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 317 Notice (Other) filed by Chevron Corporation, 272 Order on Motion to Appear Pro Hac Vice, 276 Declaration, filed by Chevron Corporation, 332 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 269 MOTION for Christopher J. Young to Appear Pro Hac Vice. filed by The Law

Offices of Steven R. Donziger, Steven Donziger, <u>323</u> Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>274</u> Order on Motion to Appear Pro Hac Vice, <u>291</u> Notice of Filing Transcript, <u>278</u> Memorandum & Opinion,, <u>327</u> Memorandum & Opinion,, <u>318</u> Notice (Other) filed by Chevron Corporation, <u>266</u> Order on Motion for Oral Argument, <u>289</u> Order, Set Deadlines,, <u>271</u> Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>288</u> Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>312</u> Memorandum of Law in Opposition, filed by Chevron Corporation, <u>295</u> Memorandum of Law in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>296</u> Declaration in Support filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>259</u> Answer to Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>252</u> Declaration in Opposition, filed by Chevron Corporation, <u>309</u> Order, Add and Terminate Attorneys,, <u>281</u> Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>330</u> MOTION to Strike – *CHEVRON CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTAIN DEFENSES ASSERTED BY DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN DONZIGER, DONZIGER & ASSOCIATES, PLLC, HUGO filed by Chevron Corporation, <u>301</u> Rule 7.1 Corporate Disclosure Statement filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, <u>300</u> Declaration in Opposition filed by Chevron Corporation, <u>322</u> Memorandum of Law in Support of Motion filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>285</u> Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>303</u> Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, <u>264</u> Letter filed by Steven Donziger, <u>257</u> Rule 7.1 Corporate Disclosure Statement filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>315</u> Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>275</u> Response, filed by Chevron Corporation, <u>306</u> Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>314</u> USCA Order – Other,, <u>287</u> Declaration in Support,,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>256</u> Declaration in Support filed by Chevron Corporation, <u>329</u> Order, <u>262</u> Supplemental ROA Sent to USCA – Index, <u>263</u> Order, <u>324</u> Memorandum of Law in Opposition to Motion filed by Chevron Corporation, <u>331</u> Memorandum of Law in Support of Motion, filed by Chevron Corporation, <u>320</u> MOTION to Dismiss Amended complaint. filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>326</u> Order, Set Deadlines,,,,,, <u>280</u> Order, <u>310</u> Memorandum & Opinion,, <u>297</u> Memorandum of Law in Opposition filed by Chevron Corporation, <u>328</u> Order,,,, <u>298</u> Declaration in Opposition,, filed by Chevron Corporation, <u>311</u> Answer to Amended Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo were transmitted to the U.S. Court of Appeals. (nd) (Entered: 06/03/2011)*

| | | |
|---|---|---|
| 06/03/2011 | <u>333</u> | MEMORANDUM OF LAW in Opposition re: <u>320</u> MOTION to Dismiss *Amended complaint*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/03/2011) |
| 06/03/2011 | <u>334</u> | CERTIFICATE OF SERVICE of Chevron Corporation's Notice of Motion for Partial Judgment on the Pleadings Regarding Certain Defenses Asserted by Defendants Steven Donziger, the Law Offices of Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, and Javier Piaguaje Payaguaje or, in the Alternative, to Strike Those Defenses, and the supporting memorandum served on Defendants Hugo Gerardo Camacho Naranjo, and Javier Piaguaje Payaguaje, Steven Donziger, The Law Offices of Steven Donziger, and Donziger & Associates PLLC on 06/01/2011. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Mastro, Randy) (Entered: 06/03/2011) |
| 06/07/2011 | <u>335</u> | ORDER – Until further notice, the procedure for applications for orders to show cause in these actions shall be as follows: 1) The proposed order to show cause and all papers in support of the order to show cause (including without limitation affidavits, declarations, exhibits and memoranda of law) shall be filed electronically through the ECF system, and the movant shall notify chambers of the filing by telephone. The filer shall use the Motion to Show Cause event code for the proposed order to show cause itself. 2) The movant shall deliver the originals and two copies of the proposed order to show cause and supporting papers to chambers at substantially the same time. |

| | | |
|---|---|---|
| | | (Signed by Judge Lewis A. Kaplan on 6/7/2011) (ab) (Entered: 06/07/2011) |
| 06/07/2011 | 336 | AMENDED NOTICE OF APPEAL re: 332 Notice of Appeal, 327 Memorandum Opinion,,. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (nd) (Entered: 06/07/2011) |
| 06/07/2011 | | Transmission of Amended Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 336 Amended Notice of Appeal. (nd) (Entered: 06/07/2011) |
| 06/13/2011 | 337 | STIPULATION AND ORDER: It is hereby stipulated and agreed by and between the parties that the time for defendants Stratus Consulting, Inc., Ann Maest and Douglas Beltman to reply to plaintiff's opposition to the Stratus Defendants' motion to dismiss plaintiff's amended complaint is extended to and including June 17, 2011. (Signed by Judge Lewis A. Kaplan on 6/13/2011) (jpo) (Entered: 06/13/2011) |
| 06/14/2011 | | ***DELETED DOCUMENT. Deleted document number 338 MEMORANDUM OF LAW. The document was incorrectly filed in this case. (ae) (Entered: 06/14/2011) |
| 06/17/2011 | 338 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 5/31/2011 re: Counsel for the Plaintiff writes to request that the Count 9 may proceed to trial without the unnecessary delays and complications of the discovery process threatened by the LAP Representatives' assertion of meritless defenses, Chevron requests that the Court set an early hearing on its motion. Document filed by Chevron Corporation. (ab) (Entered: 06/17/2011) |
| 06/17/2011 | 339 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 5/31/2011 re: Counsel for the Plaintiff writes to request that the Count 9 may proceed to trial without the unnecessary delays and complications of the discovery process threatened by the LAP Representatives' assertion of meritless defenses, Chevron requests that the Court set an early hearing on its motion. Document filed by Chevron Corporation. (ab) (Entered: 06/17/2011) |
| 06/17/2011 | 340 | REPLY MEMORANDUM OF LAW in Support re: 320 MOTION to Dismiss *Amended complaint*.. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 06/17/2011) |
| 06/21/2011 | 341 | AMENDED ANSWER to 283 Amended Complaint,,,,,,, with JURY DEMAND. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 06/21/2011) |
| 06/28/2011 | 342 | MEMO ENDORSEMENT ON STEVEN DONZIGER'S AND THE LAW OFFICES OF STEVEN R. DONZIGER'S NOTICE OF MOTION TO DISMISS CHEVRON'S COMPLAINT. ENDORSEMENT: Donziger's motion to dismiss the complaint [DI 242] was mooted by the subsequent filing of an amended complaint [DI 283], which Donziger has moved to dismiss [DI 302] as well. Accordingly, the motion to dismiss the complaint [DI 242] is denied as moot. (ORDER denying 242 Motion to Dismiss) (Signed by Judge Lewis A. Kaplan on 6/28/11) (djc) (Entered: 06/28/2011) |
| 06/28/2011 | 343 | MEMORANDUM OPINION re: (40 in 1:11–cv–03718–LAK –JCF) MOTION to Compel Pablo Fajardo Mendoza, Juan Pablo Senz, Julio Prieto Mndez, and Luis Yanza to appear for deposition filed by Chevron Corporation. For the foregoing reasons, plaintiff's motion to compel [DI 40] is denied. (Signed by Judge Lewis A. Kaplan on 6/28/2011) (tro) (Entered: 06/28/2011) |
| 06/29/2011 | 344 | ORDER; that the Opinion dated May 31, 2011 [DI327] is corrected in the following respects: Page 9, carryover paragraph, line 7: Delete first "acting." Page 9, first full paragraph, line 1: Change "with" to "of." (Signed by Judge Lewis A. Kaplan on 6/29/11) (pl) (Entered: 06/29/2011) |
| 07/19/2011 | 345 | TRANSCRIPT of Proceedings re: Conference held on 5/26/2011 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/12/2011. Redacted Transcript Deadline set for 8/22/2011. Release of Transcript Restriction set for 10/20/2011.(McGuirk, Kelly) (Entered: 07/19/2011) |

| | | |
|---|---|---|
| 07/19/2011 | 346 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 5/26/11 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 07/19/2011) |
| 07/29/2011 | 347 | NOTICE OF CHANGE OF ADDRESS by Elliot Remsen Peters on behalf of Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. New Address: Keker & Van Nest LLP, 633 Battery Street, San Francisco, California, U.S.A. 94111, 415–391–5400. (Peters, Elliot) (Entered: 07/29/2011) |
| 08/17/2011 | 348 | MEMORANDUM OPINION re: (49 in 1:11–cv–03718–LAK –JCF) MOTION to Strike CHEVRON CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTAIN DEFENSES ASSERTED BY DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN DONZIGER, DONZIGER & ASSOCIATES, PLLC, HUGO G filed by Chevron Corporation, (42 in 1:11–cv–03718–LAK –JCF) MOTION for Leave to File Amended Answer to Amended Complaint, Separate Defenses and Jury Trial Demand filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo. For the foregoing reasons, (1) the LAP Representatives amended answer to the amended complaint, improperly filed without leave of Court [DI 63] is stricken; (2) the LAP Representatives motion for leave to file an amended answer to the amended complaint [DI 42] is granted. Chevrons motion for judgment on the pleadings dismissing certain defenses of the LAPs answer to the amended complaint or for other relief [DI 49] is deemed applicable to the amended answer to the amended complaint and granted to the extent that the twenty–eighth and thirty–first defenses and so much of the thirtieth defense as is (a) based upon anything other than the points noted in the text and (b) addressed to anything other than Chevrons claim for injunctive is granted. The latter motion is otherwise denied. These rulings are made only with respect to Action No. 2 and thus do not resolve this motion with respect to Donzigers defenses because he is not a party to this action. To the extent, if any, that these issues are pertinent to Action No. 1, the Court reserves decision. (Signed by Judge Lewis A. Kaplan on 8/17/2011) (mro) (Entered: 08/17/2011) |
| 08/18/2011 | 349 | MANDATE of USCA (Certified Copy) as to 332 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 336 Amended Notice of Appeal filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger USCA Case Number 11–2260–cv. Appellants Steven R. Donziger and The Law Offices of Steven R. Donziger, through counsel, moveto expedite the appeal docketed under 11–2260–cv, and to consolidate that appeal with the appeals docketed under 11–1150–cv(L) and 11–1264–cv(con). Appellee, through counsel, moves to dismiss the appeal docketed under 11–2260–cv for lack of jurisdiction. Upon due consideration, it is herebyORDERED that Appellees motion is GRANTED and the appeal docketed under 11–2260–cv is DISMISSED. See Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370 (1987); Eng v. Coughlin, 865 F.2d 521 (2d Cir. 1989). By virtue of their permissive intervention, Appellants can obtain adequate review of their claims on appeal from a final judgment, thus foreclosing any argument that the present appeal fits within the collateral order doctrine. Insofar as Appellantsalternatively seek to couch the present appeal as sounding in mandamus, it is further ORDERED that mandamus relief is DENIED. See Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380–81 (2004). It is therefore ORDERED that Appellants motion is DENIED as moot. Lastly, it is further ORDERED that Appellants motion to stay the proceedings in the district court pendingour resolution of this appeal is DENIED as moot. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 8/18/2011. (tp) (Entered: 08/18/2011) |
| 08/18/2011 | | Transmission of USCA Mandate/Order to the District Judge re: 349 USCA Mandate.(tp) (Entered: 08/18/2011) |
| 08/24/2011 | 350 | AMENDED ANSWER to with JURY DEMAND. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 08/24/2011) |
| 09/19/2011 | 351 | TRUE COPY ORDER of USCA as to 233 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo USCA Case Number 11–1150–cv(L); |

| | | |
|---|---|---|
| | | 11−1264−cv(con); 11−2259−cv(con). Upon due consideration, it is hereby ORDERED that the mandamus petition, docketed under 11−2259−op is DENIED. IT IS FURTHER ORDERED that in the appeal form the issuance of a preliminary injunction issued in *Chevron Corp v. Donziger,* 768 F. Supp. 2d 58a, 660 (S.D.N.Y. 2011), docketed in this Court under 11−1150−cv, the preliminary injunction issued by the District Court on Marcy 7, 2011 is VACATED in its entirety upon entry of this Order. IT IS FURTHER ORDERED that the motion for a stay of the District Court's proceedings on Count 9 of the Compliant, renewed by counsel at oral argument before this Court on Sep. 16, 2011 is GRANTED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 9/19/2011. (nd) (Entered: 09/20/2011) |
| 09/20/2011 | | Transmission of USCA Mandate/Order to the District Judge re: 351 USCA Order,,,.. (nd) (Entered: 09/20/2011) |
| 10/20/2011 | 352 | MANDATE of USCA (Certified Copy) as to 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 233 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo USCA Case Number 11−1150−cv(L), 11−1264−cv(con), 11−2259−op(con). Petitioners Hugo Gerardo Camacho Naranjo and Javier Piaguaje, through counsel, petition this Court for a writ of mandamus, seeking to compel the recusal of District Court Judge Lewis A. Kaplan. Upon due consideration, it is hereby ORDERED that the mandamus petition is DENIED. IT IS FURTHER ORDERED that the appeal from the issuance of a preliminary injunction issued, docketed in this Court under 11−1150−cv, the preliminary injunction issued by the District Court on March 7, 2011 is VACATED in its entirety upon entry of this Order. IT IS FURTHER ORDERED that the motion for a stay of the District Court's proceedings on Count 9 of the Complaint, renewed by counsel at oral argument before this Court on September 16, 2011, is GRANTED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 10/20/2011. (nd) (Entered: 10/21/2011) |
| 10/21/2011 | | Transmission of USCA Mandate/Order to the District Judge re: 352 USCA Mandate,,,,.. (nd) (Entered: 10/21/2011) |
| 11/29/2011 | 353 | MOTION for Attachment Defendants' Assets */ CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF*. Document filed by Chevron Corporation. (Attachments: # 1 Text of Proposed Order)(Mastro, Randy) (Entered: 11/29/2011) |
| 11/29/2011 | 354 | MEMORANDUM OF LAW in Support re: 353 MOTION for Attachment Defendants' Assets */ CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/29/2011) |
| 11/29/2011 | 355 | DECLARATION of Kristen L. Hendricks in Support re: 353 MOTION for Attachment Defendants' Assets */ CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1000 to 1010, # 2 Exhibit 1011 to 1022, # 3 Exhibit 1023, Part 1, # 4 Exhibit 1023, Part 2, # 5 Exhibit 1023, Part 3, # 6 Exhibit 1024, # 7 Exhibit 1025, # 8 Exhibit 1026, # 9 Exhibit 1027, # 10 Exhibit 1028, # 11 Exhibit 1029, # 12 Exhibit 1030, # 13 Exhibit 1031, # 14 Exhibit 1032, # 15 Exhibit 1033, Part 1, # 16 Exhibit 1033, Part 2, # 17 Exhibit 1034 to 1037, # 18 Exhibit 1038, # 19 Exhibit 1039, # 20 Exhibit 1040, Part 1, # 21 Exhibit 1040, Part 2, # 22 Exhibit 1041 to 1044, # 23 Exhibit 1045, # 24 Exhibit 1046, # 25 Exhibit 1047 to 1060, # 26 Exhibit 1061 to 1075, # 27 Exhibit 1076 to 1085, # 28 Exhibit 1086 to 1095, # 29 Exhibit 1096, # 30 Exhibit 1097, # 31 Exhibit 1098, # 32 Exhibit 1099 to 1106, # 33 Exhibit 1107 to 1111, # 34 Exhibit 1112, # 35 Exhibit 1113, # 36 Exhibit 1114 to 1119, # 37 Exhibit 1120 to 1124, # 38 Exhibit 1125 to 1132, # 39 Exhibit 1133 to 1143, # 40 Exhibit 1144, # 41 Exhibit 1145, # 42 Exhibit 1146, # 43 Exhibit 1147, # 44 Exhibit 1148 to 1152, # 45 Exhibit 1153 to 1163, # 46 Exhibit 1164 to 1168)(Mastro, Randy) (Entered: 11/29/2011) |
| 11/29/2011 | 356 | DECLARATION of Kristen L. Hendricks in Support re: 353 MOTION for Attachment Defendants' Assets */ CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C − Part 1, # 4 Exhibit C − Part 2, # 5 Exhibit C − Part 3, # 6 Exhibit C − Part 4, # 7 |

| | | |
|---|---|---|
| | | Exhibit C – Part 5, # 8 Exhibit C – Part 6, # 9 Exhibit D to Z, # 10 Exhibit AA to AZ, # 11 Exhibit BA to BB, # 12 Exhibit BC to BZ, # 13 Exhibit CA to CZ, # 14 Exhibit DA to DM, # 15 Exhibit DN, # 16 Exhibit DO to DZ, # 17 Exhibit EA to EO, # 18 Exhibit EP to EZ)(Mastro, Randy) (Entered: 11/29/2011) |
| 11/29/2011 | 357 | CERTIFICATE OF SERVICE of CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF, PROPOSED ORDER, MEMORANDUM OF LAW IN SUPPORT, DECLARATION OF KRISTEN L. HENDRICKS and SUPPLEMENTAL DECLARATION OF KRISTEN L. HENDRICKS served on defendants on 11/29/2011. Service was made by Hand Delivery. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/29/2011) |
| 11/30/2011 | 358 | ORDER: On November 29, 2011, Chevron filed a motion for an order of attachment and other relief [DI 354]. In the event that the motion is opposed, the Court anticipates that arguments in opposition will overlap substantially with arguments made previously in motions to dismiss filed by defendant Donziger and the Stratus defendants. [DI 302, DI 320].Any papers in opposition to this motion shall avoid repetition of, but may incorporate by reference, arguments already before the Court on the Donziger and Stratus motions. (Signed by Judge Lewis A. Kaplan on 11/30/2011) (pl) Modified on 11/30/2011 (pl). (Entered: 11/30/2011) |
| 11/30/2011 | 359 | NOTICE OF CHANGE OF ADDRESS by Carlos A. Zelaya, II on behalf of Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. New Address: Mumphrey Law Firm, L.L.C., 330 Oak Harbor Blvd., Suite D, Slidell, LA, 70458, 985–649–0709. (Zelaya, Carlos) (Entered: 11/30/2011) |
| 12/06/2011 | 360 | MOTION for Carlos A. Zelaya, II to Withdraw as Attorney. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Zelaya, Carlos) (Entered: 12/06/2011) |
| 12/06/2011 | 361 | AFFIDAVIT of Carlos A. Zelaya, II in Support re: 360 MOTION for Carlos A. Zelaya, II to Withdraw as Attorney.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Zelaya, Carlos) (Entered: 12/06/2011) |
| 12/07/2011 | 362 | MEMO ENDORSEMENT on MOTION TO WITHDRAW AS ATTORNEY. ENDORSEMENT: Granted. So ordered. Granting 360 Motion to Withdraw as Attorney. Attorney Carlos A. Zelaya, II terminated. (Signed by Judge Lewis A. Kaplan on 12/6/2011) (rjm) (Entered: 12/07/2011) |
| 12/12/2011 | 363 | NOTICE OF APPEARANCE by Tyler Geoffrey Doyle on behalf of Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje (Doyle, Tyler) (Entered: 12/12/2011) |
| 12/13/2011 | 364 | MEMORANDUM OF LAW in Opposition re: 353 MOTION for Attachment Defendants' Assets / *CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF*.. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Attachments: # 1 Exhibit A)(Krause, Stuart) (Entered: 12/13/2011) |
| 12/13/2011 | 365 | RESPONSE in Opposition re: 353 MOTION for Attachment Defendants' Assets / *CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Text of Proposed Order)(Doyle, Tyler) (Entered: 12/13/2011) |
| 12/13/2011 | 366 | DECLARATION of Tyler G. Doyle in Opposition re: 353 MOTION for Attachment Defendants' Assets / *CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # |

| | | |
|---|---|---|
| | | 33 Exhibit GG, # 34 Exhibit HH, # 35 Exhibit II, # 36 Exhibit JJ, # 37 Exhibit KK, # 38 Exhibit LL)(Doyle, Tyler) (Entered: 12/13/2011) |
| 12/14/2011 | 367 | CERTIFICATE OF SERVICE of Opposition and Declaration served on all counsel of record on 12/14/2011. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 12/14/2011) |
| 12/15/2011 | 368 | MEMO ENDORSEMENT on Motion to Withdraw as Attorney: Carlos A. Zelaya, II is no longer affiliated with F. Gerald Maples, P.A., and therefore moves to withdraw his appearance as counsel for Javier Piaguaje Payaguaje and Hugo Gerardo Camacho Naranjo in the above–captioned action. Messrs. Piaguaje Payaguaje and Camacho Naranjo continue to be represented by Gomez LLC, Smyser, Kaplan &Veselka, and F. Gerald Maples, P.A., and this Notice is being served on the parties through those counsel. This proceeding is presently stayed. (Signed by Judge Lewis A. Kaplan on 12/15/2011) (ae) (Entered: 12/15/2011) |
| 12/20/2011 | 369 | REPLY MEMORANDUM OF LAW in Support re: 353 MOTION for Attachment Defendants' Assets / *CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/20/2011) |
| 12/20/2011 | 370 | DECLARATION of Mary Beth Maloney in Support re: 353 MOTION for Attachment Defendants' Assets / *CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit Exhibits 1169 to 1172, # 2 Exhibit Exhibit 1173, # 3 Exhibit Exhibits 1174 to 1182, # 4 Exhibit Exhibit 1183, Part 1, # 5 Exhibit Exhibit 1183, Part 2, # 6 Exhibit Exhibits 1184 to 1200, # 7 Exhibit Exhibits 1201 to 1210, # 8 Exhibit Exhibits 1211 to 1225, # 9 Exhibit Exhibits 1226 to 1231, # 10 Exhibit Exhibits 1232 to 1237)(Mastro, Randy) (Entered: 12/20/2011) |
| 12/23/2011 | 371 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 12/22/2011 re: Counsel for Plaintiff requests that part of Exhibit 1182 of transcript pages 252 and 287–88 (Doc. #370) be "formally sealed by the Court," as provided for by Section 21.8 of the S.D.N.Y.'s ECF handbook. ENDORSEMENT: Granted. (Signed by Judge Lewis A. Kaplan on 12/23/2011) (ae) (Entered: 12/23/2011) |
| 12/29/2011 | 372 | MOTION for Leave to File Sur Reply to Motion for Attachment *and Other Relief*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Javier Piaguaje Payaguaje.(Doyle, Tyler) (Entered: 12/29/2011) |
| 12/29/2011 | 373 | RESPONSE in Opposition re: 353 MOTION for Attachment Defendants' Assets / *CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF*. *Sur–Reply*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 12/29/2011) |
| 12/29/2011 | 374 | MOTION to Strike Document No. [355, 356, 370] *Declarations of Hendricks and Maloney*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Javier Piaguaje Payaguaje.(Doyle, Tyler) (Entered: 12/29/2011) |
| 01/03/2012 | 375 | MEMORANDUM OF LAW in Opposition re: 372 MOTION for Leave to File Sur Reply to Motion for Attachment *and Other Relief*.., 374 MOTION to Strike Document No. [355, 356, 370] *Declarations of Hendricks and Maloney*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/03/2012) |
| 01/05/2012 | 376 | RESPONSE in Support re: 372 MOTION for Leave to File Sur Reply to Motion for Attachment *and Other Relief*.., 374 MOTION to Strike Document No. [355, 356, 370] *Declarations of Hendricks and Maloney*. *Reply in Further Support*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 01/05/2012) |
| 01/06/2012 | 377 | MEMORANDUM AND OPINION re:#101267 353 MOTION for Attachment Defendants' Assets / *CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF* filed by Chevron Corporation. For the foregoing reason, Chevrons motion for an order of attachment and other relief [DI 353] is denied. Insofar as this order declines to lift the stay of proceedings in this |

| | | | |
|---|---|---|---|
| | | | action, it is without prejudice to renewal following the Circuits ruling on Chevrons pending motion in No. 11–1150 and receipt of a certified translation of the Ecuadorian appellate decision. (Signed by Judge Lewis A. Kaplan on 1/6/2012) (mro) Modified on 1/11/2012 (jab). (Entered: 01/06/2012) |
| 01/06/2012 | 378 | | ORDER denying as moot 372 Motion for Leave to File Document; denying as moot 374 Motion to Strike. The motions of certain defendants for leave to file a sur reply to the motion for an order of attachment [DI 372] and to strike certain documents [DI 374] are denied as moot. In any case, they lacked merit. (Signed by Judge Lewis A. Kaplan on 1/6/2012) (mro) (Entered: 01/06/2012) |
| 01/06/2012 | 379 | | DECLARATION of Anne Champion regarding the January 3, 2012 Ecuadorian Appellate Court Judgment. (mro) (Entered: 01/06/2012) |
| 01/06/2012 | 380 | | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 1/5/12 re: Counsel for the Plaintiff Chevron Corporation writes to request immediate entry of a temporary restraining order barring Defendants, their agents, employees, and attorneys from transferring any interest in the Ecuadorian judgment or seeking to convert it into proceeds, until Your Honor rules on Chevron's fully–submitted Motion for Attachment, pursuant to New York Civil Practice Law and Rules 6210 and Federal Rule of Civil Procedure 64. Document filed by Chevron Corporation.(mro) (Entered: 01/06/2012) |
| 01/06/2012 | 381 | | Letter addressed to Judge Lewis A. Kaplan from Craig Smyser dated 1/6/12 re: Counsel writes to state that Chevron is not entitled to attachment, much less entry of the temporary restraining order requested in Chevron's January 5, 2012 letter to the Court. (mro) (Entered: 01/06/2012) |
| 01/06/2012 | 382 | | NOTICE of Decision in Related Proceeding. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 01/06/2012) |
| 01/07/2012 | 383 | | NOTICE of Lodging of Certified Translation of Ecuadorian Appellate Judgment. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 01/07/2012) |
| 01/15/2012 | 384 | | NOTICE of LODGING OF ECUADORIAN APPELLATE DETERMINATION. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 01/15/2012) |
| 01/27/2012 | 385 | | TRUE COPY OPINION of USCA as to 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 233 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo USCA Case Number 11–1150–cv(L), 11–1264–cv(con). Accordingly, for the foregoing reason and consistent with our September 19, 201 order, the judgment of the District Court is REVERSED and the preliminary injunction VACATED. WE REMAND to the District Court with the instructions to DISMISS Chevron's claim for injunctive and declaratory relief under the Recognition Act in its entirety. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 01/26/2012. (nd) (Entered: 01/27/2012) |
| 02/02/2012 | 386 | | MOTION for Jessica R. Torbin to Withdraw as Attorney of Record. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Attachments: # 1 Text of Proposed Order)(Torbin, Jessica) (Entered: 02/02/2012) |
| 02/02/2012 | 387 | | CERTIFICATE OF SERVICE of Motion for Withdrawl served on see Certificate on 2/2/12. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Torbin, Jessica) (Entered: 02/02/2012) |
| 02/06/2012 | 388 | | ORDER granting 386 Motion to Withdraw as Attorney. Attorney Jessica R. Torbin terminated. (Signed by Judge Lewis A. Kaplan on 2/06/2012) (ama) (Entered: 02/06/2012) |
| 02/16/2012 | 389 | | ORDER: The parties shall meet and confer no later than February 29, 2012, a date on which defense counsel have indicated that they are available, with respect to proposed discovery, scheduling and further proceedings. On or before March 7, 2012, they shall file a joint report indicating any agreements reached and any areas of disagreement. The joint report shall not exceed 15 double spaced pages. The stay of proceedings entered on April 15, 2011 is vacated. While the parties henceforth may propound |

| | | | |
|---|---|---|---|
| | | | discovery requests and may assert any objections to any requests propounded, deposition testimony shall not be given, nor interrogatories and requests for admissions substantively answered (save for the assertion of any objections), nor requested or subpoenaed documents produced pending further order of the Court. On or before March 7, 2012, the parties shall provide the Court with an agreed translation of the decision and any subsequent rulings of the Provincial Court in Ecuador. If full agreement cannot be reached as to any part of any translation, they shall specifically identify the disputed portion(s) of the Spanish language documents. On or before March 7, 2012, the parties shall file a complete joint report as to the status of court proceedings in Ecuador, including the enforceability in Ecuador of the judgment and the status of any further appellate proceedings. To the extent, if any, that they cannot agree, they shall file their separate positions and supporting material with respect to their differences. The Court will notify counsel if it concludes that a conference would be useful. (Signed by Judge Lewis A. Kaplan on 2/16/2012) (mro) (Entered: 02/16/2012) |
| 02/16/2012 | 390 | | MANDATE of USCA (Certified Copy) as to 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 332 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 336 Amended Notice of Appeal filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger USCA Case Number 11–1150–cv(L), 11–1264–cv(con). Ordered, Adjudged and Decreed that the preliminary injunction of the District Court is VACATED and REMANDED to the District Court with instructions in accordance with the opinion of this Court. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 02/16/2012. (nd) (Entered: 02/16/2012) |
| 02/16/2012 | | | Transmission of USCA Mandate/Order to the District Judge re: 390 USCA Mandate,,. (nd) (Entered: 02/16/2012) |
| 02/17/2012 | 391 | | MOTION for Recusal. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Keker, John) (Entered: 02/17/2012) |
| 02/21/2012 | 393 | | MOTION for Craig Smyser to Appear Pro Hac Vice. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(bwa) (Entered: 02/28/2012) |
| 02/23/2012 | 394 | | MOTION for Christina A. Bryan to Appear Pro Hac Vice. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(arc) (Entered: 02/29/2012) |
| 02/24/2012 | 392 | | MEMO ENDORSEMENT denying 391 Motion for Recusal: The motion is denied. See Chevron Corp. v. Danziger, 783 F. Supp.2d 713 (S.D.N.Y. 2011), mandamus denied sub nom., Chevron Corp. v. Naranjo, Nos. 11– 1150–cv(L), 11–1264–cv(con), 11– 2259–op(con), 2011 WL 4375022 (2d Cir. Sept. 19, 2011). The new suggestion that the Court of Appeals' decision, which vacated the preliminary injunction but denied the LAP Representatives' petition for a writ of mandamus requiring recusal, somehow nevertheless warrants recusal is untimely. Movants waited five months after the Court of Appeals decision before raising it for the first time in this motion. During that period, they actively litigated motions in this case, both defensively and offensively (DI 365–366, DI 372–74, DI 376), without raising the question. Neither the delay nor their conduct was consistent with raising the issue "as soon as the facts on which it is premised are known to the parties." See United States v. Bayless, 201 F.3d 116, 127 (2d Cir.), cert. denied, 529 U.S. 1061 (2000). Even if the suggestion were timely, its lack of merit would be apparent. (Signed by Judge Lewis A. Kaplan on 2/24/2012) (lmb) (Entered: 02/24/2012) |
| 02/24/2012 | 395 | | MOTION for Larry R. Veselka to Appear Pro Hac Vice. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(bwa) (Entered: 02/29/2012) |
| 02/27/2012 | 403 | | MOTION for Garland D. Murphy IV to Appear Pro Hac Vice. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(bwa) (Entered: 03/02/2012) |
| 02/29/2012 | | | CASHIERS OFFICE REMARK on 394 Motion to Appear Pro Hac Vice in the amount of $200.00, paid on 02/23/2012, Receipt Number 1030539. (jd) (Entered: 02/29/2012) |
| 03/01/2012 | 396 | | MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON* |

| | | |
|---|---|---|
| | | *DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL.* Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 03/01/2012) |
| 03/01/2012 | [397](#) | MEMORANDUM OF LAW in Support re: [396](#) MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/01/2012) |
| 03/01/2012 | [398](#) | RULE 56.1 STATEMENT. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/01/2012) |
| 03/02/2012 | [399](#) | DECLARATION of Kari Endries in Support re: [396](#) MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL..* Document filed by Chevron Corporation. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3)(Mastro, Randy) (Entered: 03/02/2012) |
| 03/02/2012 | [400](#) | DECLARATION of Anne Champion in Support re: [396](#) MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL..* Document filed by Chevron Corporation. (Attachments: # [1](#) Exhibit 2001 to 2010, # [2](#) Exhibit 2011 to 2020, # [3](#) Exhibit 2021 to 2040, # [4](#) Exhibit 2041 to 2049, # [5](#) Exhibit 2050, # [6](#) Exhibit 2051, # [7](#) Exhibit 2052, # [8](#) Exhibit 2053 to 2055, # [9](#) Exhibit 2056, # [10](#) Exhibit 2057 to 2067, # [11](#) Exhibit 2068 to 2076, # [12](#) Exhibit 2077 Part 1, # [13](#) Exhibit 2077 Part 2, # [14](#) Exhibit 2078 to 2086, # [15](#) Exhibit 2087 to 2094, # [16](#) Exhibit 2095 to 2110, # [17](#) Exhibit 2111 to 2117, # [18](#) Exhibit 2118, # [19](#) Exhibit 2119 to 2123, # [20](#) Exhibit 2124 to 2133, # [21](#) Exhibit 2134 to 2138, # [22](#) Exhibit 2139 to 2144, # [23](#) Exhibit 2145, # [24](#) Exhibit 2146 to 2147 Part 1, # [25](#) Exhibit 2146 to 2147 Part 2, # [26](#) Exhibit 2148 to 2151)(Mastro, Randy) (Entered: 03/02/2012) |
| 03/02/2012 | [401](#) | DECLARATION of Anne Champion in Support re: [396](#) MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL..* Document filed by Chevron Corporation. (Attachments: # [1](#) Exhibit 2152 Part 1, # [2](#) Exhibit 2152 Part 2, # [3](#) Exhibit 2153, # [4](#) Exhibit 2154, # [5](#) Exhibit 2155 to 2170 Part 1, # [6](#) Exhibit 2155 to 2170 Part 2, # [7](#) Exhibit 2171 to 2180, # [8](#) Exhibit 2181 to 2190, # [9](#) Exhibit 2191, # [10](#) Exhibit 2192, # [11](#) Exhibit 2193 to 2200)(Mastro, Randy) Modified on 3/5/2012 (db). Modified on 3/6/2012 (db)(as per chambers). (Entered: 03/02/2012) |
| 03/02/2012 | [402](#) | DECLARATION of Anne Champion in Support re: [396](#) MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL..* Document filed by Chevron Corporation. (Attachments: # [1](#) Exhibit 2201 to 2210, # [2](#) Exhibit 2211 to 2230, # [3](#) Exhibit 2231 to 2240, # [4](#) Exhibit 2241 to 2250, # [5](#) Exhibit 2251 to 2254, # [6](#) Exhibit 2255 to 2264, # [7](#) Exhibit 2265, # [8](#) Exhibit 2266, # [9](#) Exhibit 2267 to 2270, # [10](#) Exhibit 2271 to 2280, # [11](#) Exhibit 2281 to 2300, # [12](#) Exhibit 2301 to 2310, # [13](#) Exhibit 2311 to 2320, # [14](#) Exhibit 3221 to 2325, # [15](#) Exhibit 2326 to 2340, # [16](#) Exhibit 2341 to 2350, # [17](#) Exhibit 2351 to 2355, # [18](#) Exhibit 2356, # [19](#) Exhibit 2357, # [20](#) Exhibit 2358, # [21](#) Exhibit 2359, # [22](#) Exhibit 2360)(Mastro, Randy) Modified on 3/5/2012 (db). Modified on 3/6/2012 (db)(as per chambers). (Entered: 03/02/2012) |
| 03/05/2012 | | CASHIERS OFFICE REMARK on 403 Motion to Appear Pro Hac Vice in the amount of $200.00, paid on 02/28/2012, Receipt Number 1031001. (jd) (Entered: 03/05/2012) |
| 03/05/2012 | [404](#) | MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.* Document filed by Chevron Corporation. (Attachments: # [1](#) Text of Proposed Order [Proposed] Order of Attachment)(Mastro, Randy) (Entered: 03/05/2012) |

| 03/05/2012 | 405 | MEMORANDUM OF LAW in Support re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/05/2012) |
|---|---|---|
| 03/05/2012 | 406 | AFFIDAVIT of Steven R. Grenadier in Support re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mastro, Randy) (Entered: 03/05/2012) |
| 03/05/2012 | 407 | DECLARATION of Louise Heckert in Support re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 03/05/2012) |
| 03/05/2012 | 408 | DECLARATION of Veronica Jones in Support re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 03/05/2012) |
| 03/05/2012 | 409 | AFFIDAVIT of Steven M. Shavell in Support re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mastro, Randy) (Entered: 03/05/2012) |
| 03/05/2012 | 410 | DECLARATION of Anne Champion in Support re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1238–1244, # 2 Exhibit 1245–1248, # 3 Exhibit 1249–1250, # 4 Exhibit 1251 (Part1), # 5 Exhibit 1251 (Part 2), # 6 Exhibit 1251 (Part 3), # 7 Exhibit 1251 (Part 4), # 8 Exhibit 1252–1264, # 9 Exhibit 1265–1269, # 10 Exhibit 1270–1274)(Mastro, Randy) (Entered: 03/05/2012) |
| 03/06/2012 | | CASHIERS OFFICE REMARK in the amount of $200.00, paid on 02/21/2012, Receipt Number 1030325. PRO HAC VICE PAYMENT FOR TYLER DOYLE. (jd) (Entered: 03/06/2012) |
| 03/06/2012 | 411 | DECLARATION of Anne Champion in Support re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1275, # 2 Exhibit 1276, # 3 Exhibit 1277)(Champion, Anne) (Entered: 03/07/2012) |
| 03/07/2012 | 412 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Craig Smyser, Ty Doyle, Julio C. Gomez, and John Keker dated 3/5/2012 re: Counsel for the defendants request that the Court deny Chevron's request for an Order to Show Cause, strike both Chevron's renewed Motion for Attachment and Motion for Summary judgment as prematurely filed under the Court's Order, without prejudice to refiling once the parties have completed their meet and confer and the Court has set its schedule for dispositive and other motions. ENDORSEMENT: The request to strike Chevron's motions for an order of attachment and for partial summary judgment as prematurely filed under the Court's order of February 16, 2012 (the "Order") is without merit and denied in all respects. While the Order required the parties to meet and confer "with respect to proposed discovery, scheduling and further proceedings," it did not prohibit the filing of these motions. To the contrary, it vacated a previous stay of proceedings in this action with the sole exception that the Order provided also that no deposition testimony should be given, substantive answers to interrogatories and requests for admissions provided, nor requested or subpoenaed documents produced pending further order of the Court. Any concerns regarding briefing schedules may be dealt with by other means, including further discussions among the parties. (Signed by Judge Lewis A. Kaplan on 3/7/2012) (ft) (Entered: 03/07/2012) |
| 03/07/2012 | 413 | ORDER TO SHOW CAUSE WHY ATTACHMENT OF DEFENDANTS' ASSETS SHOULD NOT BE ORDERED (1) IN AN AMOUNT CERTAIN TO BE DETERMINED BY THIS COURT AND (2) DIRECTING THE UNITED STATES MARSHAL TO TAKE ANY DEBTS AND PROPERTY IN WHICH DEFENDANTS CLAIM A RIGHT, INCLUDING THE JUDGMENT ENTERED BY THE LAGO AGRIO COURT, INTO THE MARSHAL'S CONSTRUCTIVE POSSESSION, AND ENTERING A TEMPORARY RESTRAINING ORDER: Defendants shall show cause as to why a temporary restraining order, pursuant to Fed. |

R. Civ. P. 64 and N.Y. CPLR § 6210, should not be entered enjoining Defendants, their agents, employees, attorneys, servants, officers, and others in active concert or participation with them and who receive actual notice of this order, and each of them, from transferring or attempting to transfer any of his, her or its assets, including any debts and property in which he, she or it claims any right, including the judgment entered by the Lago Agrio Court, pending determination of Chevron's Renewed Motion for Attachment. Defendants show cause, at the United States Courthouse, Room 21B, 500 Pearl Street, New York, New York, on March 27,2012 why (a) an order of attachment, pursuant to Fed. R. Civ. P. 64 and N.Y. CPLR Article 62, should not be entered against Defendants, attaching all the assets, including any debts and property in which he, she or it claims any right, including the judgment entered by the Lago Agrio Court, to the extent of $780 million, of each of them and (b) the United States Marshal should not be directed to take into his constructive possession any debts and property of the Defendants, or in which they claim any right. Show Cause Hearing set for 3/15/2012 at 10:00 AM in Courtroom 21B, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan. Show Cause Response due by 3/27/2012. (Signed by Judge Lewis A. Kaplan on 3/7/2012) (ft) (Entered: 03/07/2012)

| 03/07/2012 | 414 | STATUS REPORT. *Concerning Status of Court Proceedings in Ecuador* Document filed by Douglas Beltman, Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Ann Maest, Javier Piaguaje Payaguaje, Stratus Consulting, Inc., Stratus Consulting, Inc., The Law Offices of Steven R. Donziger.(Doyle, Tyler) (Entered: 03/07/2012) |
| --- | --- | --- |
| 03/07/2012 | 415 | NOTICE of JOINT REPORT CONCERNING SCHEDULING AND DISCOVERY MATTERS. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/07/2012) |
| 03/07/2012 | 416 | STATUS REPORT. *SEPARATE STATEMENT OF CHEVRON CORPORATION ON THE STATUS OF COURT PROCEEDINGS IN ECUADOR.* Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 03/07/2012) |
| 03/07/2012 | 417 | NOTICE of JOINT NOTICE OF AGREED–UPON TRANSLATIONS. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mastro, Randy) (Entered: 03/07/2012) |
| 03/07/2012 | 418 | Costs Taxed as to 390 USCA Mandate,, USCA Case Number 11–1150–cv(L). in the amount of $14,038.57. Docketed as Judgment #12,0362 on 3/7/2012 in favor of Appellants Hugo Gerardo Camacho Naranjo, and Javier Piaguaje Payaguaje against Appellee Chevron Corporation. (nd) (Entered: 03/08/2012) |
| 03/08/2012 | 419 | CERTIFICATE OF SERVICE of Order to Show Cause and Supporting Documents served on Defendants on 3/7/2012. Service was accepted by hand delivery. Document filed by Chevron Corporation. (Champion, Anne) (Entered: 03/08/2012) |
| 03/11/2012 | 420 | RESPONSE TO ORDER TO SHOW CAUSE re: 413 Order to Show Cause,,,,,,,. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 03/11/2012) |
| 03/11/2012 | 421 | DECLARATION of Tyler G. Doyle in Support re: 420 Response to Order to Show Cause. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A KVN Correspondence, # 2 Exhibit B SKV Correspondence, # 3 Exhibit C)(Doyle, Tyler) (Entered: 03/11/2012) |
| 03/11/2012 | 422 | DECLARATION of Tyler G. Doyle re: 421 Declaration in Support, 420 Response to Order to Show Cause *Corrected Declaration*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A KVN Correspondence, # 2 Exhibit B SKV Correspondence, # 3 Exhibit C)(Doyle, Tyler) (Entered: 03/11/2012) |
| 03/13/2012 | 423 | MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND.* Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 03/13/2012) |

| | | |
|---|---|---|
| 03/13/2012 | 424 | MEMORANDUM OF LAW in Support re: 423 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/13/2012) |
| 03/13/2012 | 425 | DECLARATION of Randy M. Mastro in Support re: 423 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18)(Mastro, Randy) (Entered: 03/13/2012) |
| 03/13/2012 | 426 | MEMO ENDORSEMENT on re: (423 in 1:11–cv–00691–LAK) MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND* filed by Chevron Corporation, (381 in 1:11–cv–03718–LAK–JCF) MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND* filed by Chevron Corporation: Plaintiff has presented the Court with a proposed order to show cause why the preliminary injunction bond posted by Chevron in connection with the preliminary injunction entered in this case should not be exonerated. Its papers, however, do not make the requisite clear and specific showing of good and sufficient reasons why a procedure other than notice of motion is necessary. See S.D.N.Y. Civ. R. 6.1(d). Accordingly, the Court declines to sign the order to show cause. As the order to show cause and supporting papers already have been filed electronically, the proposed order to show cause is deemed to be a notice of motion. The filing of answering and reply papers shall be governed by the schedule establish by that Rule. (Signed by Judge Lewis A. Kaplan on 3/13/2012) (lmb) (Entered: 03/13/2012) |
| 03/13/2012 | 427 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from John W. Keker dated 3/8/2012 re: We respectfully request that an additional 9 days, until March 20, to file papers responding to the request for Temporary Restraining Order, with the TRO hearing to be held March 27. ENDORSEMENT: Denied. (Signed by Judge Lewis A. Kaplan on 3/13/2012) (lmb) (Entered: 03/13/2012) |
| 03/13/2012 | 428 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Craig Smyser dated 3/8/2012 re: On behalf of our clients, Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje, we join in the request filed today by the Donziger defendants for additional time to prepare a response to the Order to Show Cause served on us yesterday. ENDORSEMENT: Denied. (Signed by Judge Lewis A. Kaplan on 3/13/2012) (lmb) (Entered: 03/13/2012) |
| 03/13/2012 | 429 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 3/9/2012 re: I write on behalf of Plaintiff Chevron Corporation ("Chevron") in response to the requests from counsel for Defendants Steven Donziger and the LAPs to extend the briefing and hearing schedule set by this Court on Chevron's request for a temporary restraining order in connection with its renewed attachment application by order to show cause. For the reasons explained here, Chevron opposes Defendants' request. Document filed by Chevron Corporation.(lmb) (Entered: 03/13/2012) |
| 03/14/2012 | 430 | REPLY re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered*., 413 Order to Show Cause,,,,,,, *PLAINTIFF CHEVRON CORPORATION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS REQUEST FOR A TEMPORARY RESTRAINING ORDER PENDING A DETERMINATION OF ITS RENEWED MOTION FOR AN ORDER OF ATTACHMENT*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/14/2012) |
| 03/14/2012 | 431 | DECLARATION of Anne Champion in Support re: 430 Reply,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1278, # 2 Exhibit 1279, # 3 Exhibit 1280, # 4 Exhibit 1281, # 5 Exhibit 1282, # 6 Exhibit 1283, # 7 Exhibit 1284, # 8 Exhibit 1285)(Mastro, Randy) (Entered: 03/14/2012) |
| 03/15/2012 | 432 | CERTIFICATE OF SERVICE. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/15/2012) |

| | | |
|---|---|---|
| 03/15/2012 | 433 | MEMO ENDORSED granting 403 Motion for Garland D Murphy IV to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 2/15/2012) (cd) (Entered: 03/15/2012) |
| 03/15/2012 | 434 | ORDER: The application of the LAP Representatives and the Donziger Defendants for an extension of time to serve and file papers in response to Chevron's motion for partial summary judgment dismissing certain defenses is granted to the extent that the time within which responsive papers shall be served and filed is extended from March 19, 2012 to and including March 26, 2012 and denied in all other respects. Set Deadlines/Hearing as to 396 MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL.*:( Responses due by 3/26/2012) (Signed by Judge Lewis A. Kaplan on 3/15/2012) (mro) (Entered: 03/15/2012) |
| 03/15/2012 | 435 | MEMO ENDORSED granting 393 Motion for Craig Smyser to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 3/15/2012) (cd) (Entered: 03/15/2012) |
| 03/15/2012 | 436 | MEMO ENDORSED granting 394 Motion for Christina A Bryan to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 3/15/2012) (cd) (Entered: 03/15/2012) |
| 03/15/2012 | 437 | MEMO ENDORSED granting 395 Motion for Larry R Veselka to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 3/15/2012) (cd) (Entered: 03/15/2012) |
| 03/15/2012 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Show Cause Hearing held on 3/15/2012. Judge's Decision: Reserved. Regarding DI #423 (djc) (Entered: 03/22/2012) |
| 03/16/2012 | 438 | MOTION to Strike *CHEVRON CORPORATION'S MARCH 16, 2012 LETTER BRIEF*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Little, Jan) (Entered: 03/16/2012) |
| 03/16/2012 | 439 | MEMORANDUM OF LAW in Support re: 438 MOTION to Strike *CHEVRON CORPORATION'S MARCH 16, 2012 LETTER BRIEF.*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Text of Proposed Order Proposed Order)(Little, Jan) (Entered: 03/16/2012) |
| 03/16/2012 | 440 | DECLARATION of Jan Nielsen Little in Support re: 438 MOTION to Strike *CHEVRON CORPORATION'S MARCH 16, 2012 LETTER BRIEF.*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A to Declaration of Jan Nielsen Little, # 2 Exhibit B to Declaration of Jan Nielsen Little)(Little, Jan) (Entered: 03/16/2012) |
| 03/16/2012 | 441 | AMENDED MEMORANDUM OF LAW in Support re: 438 MOTION to Strike *CHEVRON CORPORATION'S MARCH 16, 2012 LETTER BRIEF.*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Little, Jan) (Entered: 03/16/2012) |
| 03/19/2012 | 442 | MEMORANDUM OF LAW in Opposition re: 438 MOTION to Strike *CHEVRON CORPORATION'S MARCH 16, 2012 LETTER BRIEF.*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/19/2012) |
| 03/19/2012 | 443 | MEMO ENDORSEMENT denying 438 Motion to Strike Chevron Corporation's March 16, 2012 Letter Brief. ENDORSEMENT: The LAP Representatives move to strike a two–page letter Chevron wrote to the Court after oral argument of so much of its pending motion as seeks a temporary restraining order pending determination of its prayer for an order of attachment. They argue that Chevron's letter constituted an improper surreply filed without leave of Court. Chevron counters that the letter simply gave a fuller answer to a question raised for the first time at oral argument. In the circumstances, it is well to note that the LAP Representatives' motion, in addition to objecting to Chevron's letter as an improper surreply, advances additional argument on other points. It does so without leave of court. In consequence, to whatever extent, if any, that Chevron's letter was an improper surreply, the LAP Representatives' actions in this respect were at least equally improper. In any case, no purpose is served by this exchange. The Court will consider Chevron's letter and so much of the LAP Representatives' submissions as are responsive to it. (Signed by Judge Lewis A. Kaplan on 3/19/2012) (mro) (Entered: 03/20/2012) |

| | | | |
|---|---|---|---|
| 03/20/2012 | 444 | MEMORANDUM OF LAW in Opposition re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 03/20/2012) |
| 03/20/2012 | 445 | DECLARATION of Craig Smyser in Opposition re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O1, # 16 Exhibit O2, # 17 Exhibit O3, # 18 Exhibit O4, # 19 Exhibit P1a, # 20 Exhibit P1b, # 21 Exhibit P2, # 22 Exhibit P2b, # 23 Exhibit P3, # 24 Exhibit P4, # 25 Exhibit P5a, # 26 Exhibit P5b, # 27 Exhibit P6, # 28 Exhibit P7, # 29 Exhibit P8, # 30 Exhibit Q)(Doyle, Tyler) (Entered: 03/20/2012) |
| 03/20/2012 | 446 | DECLARATION of Hugo Gerardo Camacho Naranjo in Opposition re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 03/20/2012) |
| 03/20/2012 | 447 | DECLARATION of Javier Piaguaje Payaguaje in Opposition re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 03/20/2012) |
| 03/22/2012 | 448 | TRANSCRIPT of Proceedings re: Argument held on 3/15/2012 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Samuel Mauro, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/16/2012. Redacted Transcript Deadline set for 4/26/2012. Release of Transcript Restriction set for 6/25/2012.(McGuirk, Kelly) (Entered: 03/22/2012) |
| 03/22/2012 | 449 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Argument proceeding held on 3/15/2012 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 03/22/2012) |
| 03/26/2012 | 450 | RESPONSE in Opposition re: 396 MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL.*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 03/26/2012) |
| 03/26/2012 | 451 | DECLARATION of Craig Smyser in Opposition re: 396 MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL.*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Doyle, Tyler) (Entered: 03/26/2012) |
| 03/26/2012 | 452 | REPLY MEMORANDUM OF LAW in Support re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/26/2012) |

| 03/26/2012 | 453 | DECLARATION of Anne Champion in Support re: 404 MOTION for Order to Show Cause *Why Attachment of Defendants' Assets Should Not Be Ordered.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1286, # 2 Exhibit 1287, # 3 Exhibit 1288, # 4 Exhibit 1289, # 5 Exhibit 1290, # 6 Exhibit 1291, # 7 Exhibit 1292, # 8 Exhibit 1293, # 9 Exhibit 1294, # 10 Exhibit 1295, # 11 Exhibit 1296, # 12 Exhibit 1297, # 13 Exhibit 1298)(Mastro, Randy) (Entered: 03/26/2012) |
|---|---|---|
| 03/27/2012 | 454 | RESPONSE in Opposition re: 423 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND.*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 03/27/2012) |
| 03/27/2012 | 455 | DECLARATION of Craig Smyser in Opposition re: 423 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND.*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Doyle, Tyler) (Entered: 03/27/2012) |
| 03/27/2012 | 456 | JOINDER to join re: 454 Response in Opposition to Motion, *PLAINTIFF CHEVRON CORPORATION'S MOTION TO EXONERATE CHEVRON'S $21.8 MILLION BOND.* Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Keker, John) (Entered: 03/27/2012) |
| 04/02/2012 | 457 | REPLY MEMORANDUM OF LAW in Support re: 423 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND.*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/02/2012) |
| 04/02/2012 | 458 | DECLARATION of Randy M. Mastro in Support re: 423 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Mastro, Randy) (Entered: 04/02/2012) |
| 04/02/2012 | 459 | MEMORANDUM OPINION: #101673 Chevrons motion to exonerate the preliminary injunction bond issued by this Court [DI 423] is granted in all respects. The bond is exonerated and discharged. (Signed by Judge Lewis A. Kaplan on 4/2/2012) (ft) (Main Document 459 replaced on 4/5/2012) (ft). Modified on 4/5/2012 (jab). (Entered: 04/02/2012) |
| 04/03/2012 | 460 | NOTICE of JOINT NOTICE OF AGREED UPON TRANSLATION re: 417 Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit D)(Mastro, Randy) (Entered: 04/03/2012) |
| 04/03/2012 | 461 | REPLY MEMORANDUM OF LAW in Support re: 396 MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL.*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/03/2012) |
| 04/03/2012 | 462 | DECLARATION of Anne Champion in Support re: 396 MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2361, # 2 Exhibit 2362, # 3 Exhibit 2363, # 4 Exhibit 2364, # 5 Exhibit 2365, # 6 Exhibit 2366, # 7 Exhibit 2367, # 8 Exhibit 2368, # 9 Exhibit 2369, # 10 Exhibit 2370, # 11 Exhibit 2371, # 12 Exhibit 2372, # 13 Exhibit 2373, # 14 Exhibit 2374, # 15 Exhibit 2375, # 16 Exhibit 2376, # 17 Exhibit 2377, # 18 Exhibit 2378, # 19 Exhibit 2379, # 20 Exhibit 2380, # 21 Exhibit 2381, # 22 Exhibit 2382, # 23 Exhibit 2383, # 24 Exhibit 2384, # 25 Exhibit 2385, # 26 Exhibit 2386, # 27 Exhibit 2387, # 28 Exhibit 2388, # 29 Exhibit 2389, # 30 Exhibit 2390, # 31 Exhibit 2391, # 32 Exhibit 2392, # 33 Exhibit 2393, # 34 Exhibit 2394, # 35 Exhibit 2395, # 36 Exhibit 2396, # 37 Exhibit 2397, # 38 Exhibit 2010, # 39 Exhibit 2082, # 40 Exhibit 2091, # 41 Exhibit 2136, # 42 Exhibit 2267, # 43 Exhibit 2368, # 44 Exhibit 2349)(Champion, Anne) (Entered: |

| | | |
|---|---|---|
| | | 04/04/2012) |
| 04/04/2012 | | First Supplemental ROA Returned. Supplemental Indexed record on Appeal Files for 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger USCA Case Number 11–1150, returned from the U.S. Court of Appeals. (nd) (Entered: 04/04/2012) |
| 04/09/2012 | 463 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 4/5/2012 re: Counsel for Chevron write to object to the Defendants' improper surreply submitted by letter yesterday on Chevron's summary judgment motion. Document filed by Chevron Corporation.(tro) (Entered: 04/09/2012) |
| 04/09/2012 | 464 | Letter addressed to Judge Lewis A. Kaplan from Craig Smyser and John Keker dated 4/4/2012 re: Counsel write to correct several misstatements and misimpressions fostered by Chevron Corporation's Reply in Support of it's Motion for Summary Judgment or Partial Summary Judgment on Defendants' Affirmative Defenses of Res Judicata and Collateral Estoppel (Dkt #461). Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje.(tro) (Entered: 04/09/2012) |
| 05/02/2012 | 465 | NOTICE OF APPEAL from 459 Memorandum & Opinion,. Document filed by Patton Boggs LLP. Filing fee $ 455.00, receipt number 0208–7433408. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Young, S. Alyssa) (Entered: 05/02/2012) |
| 05/02/2012 | 466 | NOTICE OF APPEAL from 459 Memorandum & Opinion. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. Filing fee $ 455.00, receipt number 465401037034. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (tp) (Entered: 05/03/2012) |
| 05/03/2012 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 465 Notice of Appeal. (tp) (Entered: 05/03/2012) |
| 05/03/2012 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 438 MOTION to Strike *CHEVRON CORPORATION'S MARCH 16, 2012 LETTER BRIEF* filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 24 Declaration in Support, filed by Chevron Corporation, 141 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 239 Rule 26(f) Discovery Plan Report filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 388 Order on Motion to Withdraw as Attorney, 139 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 254 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 194 Order on Motion to Appear Pro Hac Vice, 96 Declaration in Support, filed by Chevron Corporation, 168 Letter, filed by Chevron Corporation, 434 Order, Set Motion and R&R Deadlines/Hearings, 237 Order to Show Cause, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 249 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 107 Declaration in Support, filed by Chevron Corporation, 284 Order to Show Cause, 109 Declaration in Support, filed by Chevron Corporation, 430 Reply, filed by Chevron Corporation, 199 Order to Show Cause, 134 Affidavit, filed by Chevron Corporation, 80 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 268 MOTION for Nikki K. Vo to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 93 Declaration in Support filed by Chevron Corporation, 78 Order, Set Deadlines/Hearings, 132 Declaration in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, 102 Declaration in Support, filed by Chevron Corporation, 282 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 111 Declaration in Support, filed by Chevron Corporation, 138 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 267 Order, Set Scheduling Order Deadlines, 30 Declaration in Support, filed by Chevron Corporation, 82 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 360 MOTION for Carlos A. Zelaya, II to Withdraw as Attorney. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 230 Declaration in Support, filed by Chevron Corporation, 307 Answer to Amended Complaint filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 163 |

Certificate of Service Other, filed by Chevron Corporation, <u>420</u> Response to Order to Show Cause filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, <u>454</u> Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>270</u> MOTION for Matthew M. Werdegar to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>461</u> Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, <u>409</u> Affidavit in Support of Motion, filed by Chevron Corporation, <u>339</u> Letter, filed by Chevron Corporation, <u>460</u> Notice (Other) filed by Chevron Corporation, <u>357</u> Certificate of Service Other, filed by Chevron Corporation, <u>405</u> Memorandum of Law in Support of Motion filed by Chevron Corporation, <u>17</u> Declaration in Support, filed by Chevron Corporation, <u>178</u> Memorandum of Law in Opposition to Motion filed by Chevron Corporation, <u>241</u> Order, <u>374</u> MOTION to Strike Document No. [355, 356, 370] *Declarations of Hendricks and Maloney* filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, <u>370</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>146</u> Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>359</u> Notice of Change of Address filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>32</u> Declaration in Support, filed by Chevron Corporation, <u>193</u> Order, Set Deadlines/Hearings, <u>341</u> Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>318</u> Notice (Other) filed by Chevron Corporation, <u>416</u> Status Report filed by Chevron Corporation, <u>140</u> Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>212</u> Jury Demand filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>384</u> Notice (Other) filed by Chevron Corporation, <u>161</u> Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>75</u> Affidavit of Service Other, filed by Chevron Corporation, <u>248</u> Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>91</u> Reply Memorandum of Law in Support filed by Chevron Corporation, <u>208</u> Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>170</u> Endorsed Letter, <u>309</u> Order, Add and Terminate Attorneys, <u>330</u> MOTION to Strike − *CHEVRON CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTAIN DEFENSES ASSERTED BY DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN DONZIGER, DONZIGER & ASSOCIATES, PLLC, HUGO filed by Chevron Corporation, <u>457</u> Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, <u>226</u> Jury Demand filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>121</u> Declaration filed by Chevron Corporation, <u>68</u> Affidavit of Service Complaints, filed by Chevron Corporation, <u>285</u> Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>361</u> Affidavit in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>257</u> Rule 7.1 Corporate Disclosure Statement filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>180</u> Letter, <u>136</u> Stipulation and Order, Set Deadlines/Hearings, <u>435</u> Order on Motion to Appear Pro Hac Vice, <u>315</u> Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>250</u> Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>443</u> Order on Motion to Strike, <u>166</u> MOTION for John W. Keker to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>211</u> Notice (Other), Notice (Other) filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>445</u> Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, <u>182</u> Order on Motion to Transfer Case, <u>64</u> Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>127</u> Order, Set Deadlines, <u>31</u> Declaration in Support, filed by Chevron Corporation, <u>92</u> Declaration in Support filed by Chevron Corporation, <u>314</u> USCA Order − Other, <u>100</u> Declaration in Support filed by Chevron Corporation, <u>439</u> Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, <u>437</u> Order on Motion to Appear Pro Hac Vice, <u>369</u> Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, <u>22</u> Declaration in Support, filed by Chevron Corporation, <u>381</u> Letter, <u>320</u> MOTION to Dismiss Amended complaint filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>326</u> Order, Set Deadlines, <u>280</u> Order, <u>97</u> Declaration in Support, filed by Chevron Corporation, <u>458</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>297</u> Memorandum of Law in Opposition filed*

by Chevron Corporation, 234 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 448 Transcript, 218 Jury Demand filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 433 Order on Motion to Appear Pro Hac Vice, 53 Declaration in Support, filed by Chevron Corporation, 154 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 217 MOTION for Paula L. Blizzard, Matthew M. Werdegar, William S. Hicks, Christopher J. Young, and Nikki H. Vo to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, 304 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 181 Memorandum & Opinion, 57 Declaration in Support, filed by Chevron Corporation, 195 Order, 131 Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 337 Stipulation and Order, Set Deadlines/Hearings, 397 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 355 Declaration in Support of Motion, filed by Chevron Corporation, 235 Order on Motion to Appear Pro Hac Vice, 286 Affidavit in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 39 Declaration in Support, filed by Chevron Corporation, 401 Declaration in Support of Motion, filed by Chevron Corporation, 87 Order, 198 Bond filed by Chevron Corporation, 206 Declaration in Support, filed by Chevron Corporation, 125 Certificate of Service Other filed by The Law Offices of Steven R. Donziger, Steven Donziger, 418 Costs Taxed, 35 Declaration in Support, filed by Chevron Corporation, 231 Order, Set Deadlines/Hearings, 449 Notice of Filing Transcript, 185 Letter, 3 Notice of Case Assignment/Reassignment, 49 Declaration in Support, filed by Chevron Corporation, 106 Declaration in Support, filed by Chevron Corporation, 399 Declaration in Support of Motion, filed by Chevron Corporation, 382 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 34 Declaration in Support, filed by Chevron Corporation, 33 Declaration in Support, filed by Chevron Corporation, 202 Certificate of Service Other, filed by Chevron Corporation, 427 Endorsed Letter, 333 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 417 Notice (Other) filed by Chevron Corporation, 412 Endorsed Letter, 406 Affidavit in Support of Motion, filed by Chevron Corporation, 95 Declaration in Support filed by Chevron Corporation, 462 Declaration in Support of Motion, filed by Chevron Corporation, 421 Declaration in Support, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 40 Declaration in Support, filed by Chevron Corporation, 21 Declaration in Support,, filed by Chevron Corporation, 67 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 346 Notice of Filing Transcript, 122 Declaration filed by Chevron Corporation, 152 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, 319 Reply Memorandum of Law in Support, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 390 USCA Mandate, 400 Declaration in Support of Motion, filed by Chevron Corporation, 52 Declaration in Support, filed by Chevron Corporation, 120 Declaration filed by Chevron Corporation, 83 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 19 Declaration in Support, filed by Chevron Corporation, 214 Certificate of Service Other, filed by Chevron Corporation, 60 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 317 Notice (Other) filed by Chevron Corporation, 272 Order on Motion to Appear Pro Hac Vice, 196 Order on Motion to Appear Pro Hac Vice, 183 Order on Motion for Leave to File Document, 332 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 219 MOTION for F. Gerald Maples to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 124 Notice of Appearance filed by The Law Offices of Steven R. Donziger, Steven Donziger, 441 Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 269 MOTION for Christopher J. Young to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 243 Memorandum of Law in Support of Motion filed by The Law Offices of Steven R. Donziger, Steven Donziger, 425 Declaration in Support of Motion, filed by Chevron Corporation, 37 Declaration in Support, filed by Chevron Corporation, 323 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 118 Declaration filed by Chevron Corporation, 85 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 2 Rule 7.1 Corporate Disclosure Statement filed by Chevron Corporation, 354 Memorandum of Law in Support of

*Motion filed by Chevron Corporation, 123 Declaration filed by Chevron Corporation, 278 Memorandum & Opinion, 229 Reply Memorandum of Law in Support filed by Chevron Corporation, 42 Declaration in Support, filed by Chevron Corporation, 14 Declaration in Support, filed by Chevron Corporation, 86 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 271 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 452 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 244 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 367 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 338 Letter, filed by Chevron Corporation, 50 Declaration in Support, filed by Chevron Corporation, 343 Memorandum & Opinion, 375 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 228 Endorsed Letter, 358 Order, 56 Declaration in Support, filed by Chevron Corporation, 281 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 70 Affidavit of Service Complaints filed by Ann Maest, 365 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 300 Declaration in Opposition filed by Chevron Corporation, 88 Order, 391 MOTION for Recusal. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 157 Stipulation and Order, Set Deadlines/Hearings, 1 Complaint, filed by Chevron Corporation, 73 Affidavit of Service Other, filed by Chevron Corporation, 201 Declaration in Support, filed by Chevron Corporation, 377 Memorandum & Opinion, 220 Response to Order to Show Cause filed by The Law Offices of Steven R. Donziger, Steven Donziger, 114 Letter, 142 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 287 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 28 Declaration in Support, filed by Chevron Corporation, 256 Declaration in Support filed by Chevron Corporation, 262 Supplemental ROA Sent to USCA – Index, 143 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 263 Order, 149 Memorandum of Law in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 345 Transcript, 215 Certificate of Service Other filed by Chevron Corporation, 79 Order, Set Deadlines/Hearings, 76 Notice (Other) filed by Steven Donziger, 153 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 298 Declaration in Opposition, filed by Chevron Corporation, 293 MOTION to Intervene Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates, PLLC's Memorandum of Law In Support of Application by Order to Show Cause Why They Should Not be Permitted to Intervene in the Declaratory Jud filed by The Law Offices of Steven R. Donziger, Steven Donziger, 81 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 379 Declaration, 290 Transcript, 294 Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 349 USCA Mandate, 71 Affidavit of Service Complaints filed by Chevron Corporation, 179 Declaration in Opposition to Motion, filed by Chevron Corporation, 302 MOTION to Dismiss (Notice of Motion to Dismiss Chevron Corporation's Amended Complaint) filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 305 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 74 Affidavit of Service Other, filed by Chevron Corporation, 117 Declaration filed by Chevron Corporation, 238 Pre–Conference Statement filed by Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 150 MOTION Increase the Bond (on Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 376 Response in Support of Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 26 Declaration in Support, filed by Chevron Corporation, 277 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 255 Response filed by Chevron Corporation, 383 Notice (Other) filed by Chevron Corporation, 392 Order on Motion for Recusal,,,, 335 Order,, 313 Declaration in Support filed by Chevron Corporation, 362 Order on Motion to Withdraw as Attorney, 356 Declaration in Support of Motion, filed by Chevron Corporation, 347 Notice of Change of Address, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 12 Declaration in Support, filed by Chevron Corporation, 442 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 62 Affirmation in Opposition,*

*filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 147 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 177 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 308 Endorsed Letter, Set Deadlines, 386 MOTION for Jessica R. Torbin to Withdraw as Attorney of Record filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 151 Memorandum of Law in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 260 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 279 Scheduling Order, 204 Certificate of Service Other, filed by Chevron Corporation, 160 MOTION to Transfer Case – Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et. al., 93–CV–07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District filed by The Law Offices of Steven R. Donziger, Steven Donziger, 334 Certificate of Service Other, filed by Chevron Corporation, 43 Declaration in Support, filed by Chevron Corporation, 242 MOTION to Dismiss (Notice of Motion to Dismiss) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 350 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 245 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 133 Affidavit in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 25 Declaration in Support, filed by Chevron Corporation, 419 Certificate of Service Other filed by Chevron Corporation, 414 Status Report, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Stratus Consulting, Inc., Hugo Gerardo Camacho Naranjo, Steven Donziger, Stratus Consulting, Inc., The Law Offices of Steven R. Donziger, Douglas Beltman, Ann Maest, 336 Amended Notice of Appeal filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 431 Declaration in Support, filed by Chevron Corporation, 415 Notice (Other) filed by Chevron Corporation, 207 Notice of Appearance filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 274 Order on Motion to Appear Pro Hac Vice, 371 Endorsed Letter, 159 Notice (Other), Notice (Other) filed by Steven Donziger, The Law Offices of Steven R. Donziger, 162 Certificate of Service Other, filed by Chevron Corporation, 144 MOTION to Increase Bond Amount (On Short Notice) MOTION to Increase Bond Amount (On Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 213 Stipulation and Order, Set Deadlines, 327 Memorandum & Opinion, 463 Letter, filed by Chevron Corporation, 65 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 116 Declaration in Support filed by Chevron Corporation, 240 Pre–Conference Statement filed by Chevron Corporation, 266 Order on Motion for Oral Argument, 289 Order, Set Deadlines, 368 Memo Endorsement, 130 Notice of Appearance filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 252 Declaration in Opposition, filed by Chevron Corporation, 98 Declaration in Support filed by Chevron Corporation, 353 MOTION for Attachment Defendants' Assets / CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF filed by Chevron Corporation, 29 Declaration in Support, filed by Chevron Corporation, 77 Order, Set Deadlines/Hearings, 171 MOTION for Martin D. Beier, Joe L. Silver and Jessica R. Torbin to Appear Pro Hac Vice. filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 172 MOTION for Leave to File Supplemental Opposition to Chevron Corporation's Motion for Preliminary Injunction. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 210 Order on Motion to Appear Pro Hac Vice, 69 Affidavit of Service Complaints filed by Chevron Corporation, 48 Declaration in Support, filed by Chevron Corporation, 322 Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 402 Declaration in Support of Motion, filed by Chevron Corporation, 8 Declaration in Support, filed by Chevron Corporation, 10 Declaration in Support, filed by Chevron Corporation, 303 Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 115 Declaration in Support filed by Chevron Corporation, 348 Memorandum & Opinion, 447 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 352 USCA Mandate, 224 Response to Order to Show Cause filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 413 Order to Show Cause, 340 Reply Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 190 MOTION for Carlos A*

*Zelaya, II to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 408 Declaration in Support of Motion filed by Chevron Corporation, 440 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 119 Declaration filed by Chevron Corporation, 27 Declaration in Support, filed by Chevron Corporation, 227 Order, 283 Amended Complaint, filed by Chevron Corporation, 156 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 275 Response, filed by Chevron Corporation, 422 Declaration, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 112 Order, 5 Memorandum of Law in Support filed by Chevron Corporation, 324 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 158 Letter, 389 Order, 410 Declaration in Support of Motion, filed by Chevron Corporation, 44 Declaration in Support, filed by Chevron Corporation, 331 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 373 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 428 Endorsed Letter, 258 Answer to Complaint filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 203 Certificate of Service Other, filed by Chevron Corporation, 184 Letter, 310 Memorandum & Opinion, 328 Order, 23 Declaration in Support, filed by Chevron Corporation, 105 Declaration in Support, filed by Chevron Corporation, 45 Declaration in Support, filed by Chevron Corporation, 429 Letter, filed by Chevron Corporation, 456 Joinder, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 61 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 38 Declaration in Support, filed by Chevron Corporation, 444 Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 424 Memorandum of Law in Support of Motion filed by Chevron Corporation, 7 Declaration in Support, filed by Chevron Corporation, 325 Reply Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 292 Order to Show Cause, 36 Declaration in Support, filed by Chevron Corporation, 41 Declaration in Support, filed by Chevron Corporation, 113 MOTION for Scott A. Edelman, William E. Thomson and Andrea E. Neuman to Appear Pro Hac Vice filed by Chevron Corporation, 411 Declaration in Support of Motion, filed by Chevron Corporation, 126 Order on Motion to Appear Pro Hac Vice, 426 Memo Endorsement, 186 Letter, 46 Declaration in Support, filed by Chevron Corporation, 273 Order on Motion to Appear Pro Hac Vice, 6 Declaration in Support, filed by Chevron Corporation, 200 Memorandum of Law in Support filed by Chevron Corporation, 135 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 128 Letter, filed by Pablo Fajardo Mendoza, 316 Notice (Other) filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 251 Memorandum of Law in Opposition filed by Chevron Corporation, 59 Notice of Appearance filed by Chevron Corporation, 222 Rule 7.1 Corporate Disclosure Statement filed by Stratus Consulting, Inc., 423 MOTION for Order to Show Cause / [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND. filed by Chevron Corporation, 197 MOTION for Jan Nielsen Little to Appear Pro Hac Vice filed by Steven Donziger, The Law Offices of Steven R. Donziger, 464 Letter, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 47 Declaration in Support, filed by Chevron Corporation, 366 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 94 Declaration in Support filed by Chevron Corporation, 90 Endorsed Letter, 110 Declaration in Support, filed by Chevron Corporation, 432 Certificate of Service Other filed by Chevron Corporation, 104 Declaration in Support filed by Chevron Corporation, 223 Memorandum of Law in Opposition filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 11 Declaration in Support, filed by Chevron Corporation, 63 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 192 Order on Motion to Appear Pro Hac Vice, 99 Declaration in Support filed by Chevron Corporation, 103 Declaration in Support, filed by Chevron Corporation, 189 Reply Memorandum of Law in Support of Motion filed by Steven Donziger, The Law Offices of Steven R. Donziger, 54 Declaration in Support, filed by Chevron Corporation, 299 Declaration in Opposition*

filed by Chevron Corporation, <u>20</u> Declaration in Support, filed by Chevron Corporation, <u>101</u> Declaration in Support filed by Chevron Corporation, <u>155</u> Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>129</u> Stipulation and Order, Set Deadlines, <u>4</u> Order to Show Cause, <u>276</u> Declaration, filed by Chevron Corporation, <u>436</u> Order on Motion to Appear Pro Hac Vice, <u>233</u> Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>72</u> Affidavit of Service Other, filed by Chevron Corporation, <u>321</u> Declaration in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>18</u> Declaration in Support, filed by Chevron Corporation, <u>188</u> Order on Motion for Miscellaneous Relief, <u>66</u> Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>291</u> Notice of Filing Transcript, <u>342</u> Order on Motion to Dismiss, <u>363</u> Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>385</u> USCA Order, <u>169</u> Letter, <u>404</u> MOTION for Order to Show Cause Why Attachment of Defendants' Assets Should Not Be Ordered filed by Chevron Corporation, <u>16</u> Declaration in Support, filed by Chevron Corporation, <u>13</u> Declaration in Support, filed by Chevron Corporation, <u>58</u> Declaration in Support, filed by Chevron Corporation, <u>344</u> Order, <u>288</u> Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>312</u> Memorandum of Law in Opposition, filed by Chevron Corporation, <u>295</u> Memorandum of Law in Support, filed by Steven Donziger, The Law Offices of Steven R. Donziger, <u>296</u> Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, <u>396</u> MOTION for Summary Judgment CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL. filed by Chevron Corporation, <u>259</u> Answer to Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>372</u> MOTION for Leave to File Sur Reply to Motion for Attachment and Other Relief.. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, <u>465</u> Notice of Appeal filed by Patton Boggs LLP, <u>450</u> Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, <u>301</u> Rule 7.1 Corporate Disclosure Statement filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>453</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>451</u> Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, <u>148</u> Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>209</u> Stipulation and Order, Add and Terminate Attorneys,, <u>216</u> Certificate of Service Other filed by Chevron Corporation, <u>364</u> Memorandum of Law in Opposition to Motion, filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>459</u> Memorandum & Opinion, <u>351</u> USCA Order, <u>387</u> Certificate of Service Other filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>145</u> Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>264</u> Letter filed by Steven Donziger, <u>15</u> Declaration in Support, filed by Chevron Corporation, <u>205</u> Notice (Other), Notice (Other) filed by Chevron Corporation, <u>246</u> Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>446</u> Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, <u>89</u> Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>167</u> Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>398</u> Rule 56.1 Statement filed by Chevron Corporation, <u>407</u> Declaration in Support of Motion filed by Chevron Corporation, <u>380</u> Letter,, filed by Chevron Corporation, <u>137</u> Memorandum of Law in Opposition filed by Steven Donziger, The Law Offices of Steven R. Donziger, <u>306</u> Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>187</u> Order, <u>329</u> Order, <u>108</u> Declaration in Support, filed by Chevron Corporation, <u>378</u> Order on Motion for Leave to File Document, Order on Motion to Strike,, <u>221</u> Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, <u>236</u> Order, Set Deadlines/Hearings, <u>55</u> Declaration in Support filed by Chevron Corporation, <u>51</u> Declaration in Support, filed by Chevron Corporation, <u>9</u> Declaration in Support, filed by Chevron Corporation, <u>455</u> Declaration in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo

| | | |
|---|---|---|
| | | *Gerardo Camacho Naranjo, 225 MOTION for Oral Argument REQUEST for Oral Argument in Connection with Chevron's Motion to Bifurcate Declaratory Judgment Claim in Whole or in Part filed by Steven Donziger, The Law Offices of Steven R. Donziger, 311 Answer to Amended Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 84 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/03/2012)* |
| 05/03/2012 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 466 Notice of Appeal. (tp) (Entered: 05/03/2012) |
| 05/03/2012 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 438 MOTION to Strike CHEVRON CORPORATION'S MARCH 16, 2012 LETTER BRIEF filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 24 Declaration in Support, filed by Chevron Corporation, 141 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 239 Rule 26(f) Discovery Plan Report filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 388 Order on Motion to Withdraw as Attorney, 139 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 254 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 194 Order on Motion to Appear Pro Hac Vice, 96 Declaration in Support, filed by Chevron Corporation, 168 Letter, filed by Chevron Corporation, 434 Order, Set Motion and R&R Deadlines/Hearings, 237 Order to Show Cause, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 249 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 107 Declaration in Support, filed by Chevron Corporation, 284 Order to Show Cause, 109 Declaration in Support, filed by Chevron Corporation, 430 Reply, filed by Chevron Corporation, 199 Order to Show Cause, 134 Affidavit, filed by Chevron Corporation, 80 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 268 MOTION for Nikki K. Vo to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 93 Declaration in Support filed by Chevron Corporation, 78 Order, Set Deadlines/Hearings, 132 Declaration in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, 102 Declaration in Support, filed by Chevron Corporation, 282 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 111 Declaration in Support, filed by Chevron Corporation, 138 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 267 Order, Set Scheduling Order Deadlines, 30 Declaration in Support, filed by Chevron Corporation, 82 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 360 MOTION for Carlos A. Zelaya, II to Withdraw as Attorney. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 230 Declaration in Support, filed by Chevron Corporation, 307 Answer to Amended Complaint filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 163 Certificate of Service Other, filed by Chevron Corporation, 420 Response to Order to Show Cause filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 454 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 270 MOTION for Matthew M. Werdegar to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 461 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 409 Affidavit in Support of Motion, filed by Chevron Corporation, 339 Letter, filed by Chevron Corporation, 460 Notice (Other) filed by Chevron Corporation, 357 Certificate of Service Other, filed by Chevron Corporation, 405 Memorandum of Law in Support of Motion filed by Chevron Corporation, 17 Declaration in Support, filed by Chevron Corporation, 178 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 241 Order, 374 MOTION to Strike Document No. [355, 356, 370] Declarations of Hendricks and Maloney filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 370 Declaration in Support of Motion, filed by Chevron Corporation, 146 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 359 Notice of Change of Address filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 32 Declaration in Support, filed by Chevron Corporation, 193 Order, Set Deadlines/Hearings, 341 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 318 Notice (Other) filed by Chevron |

Corporation, 416 Status Report filed by Chevron Corporation, 140 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 212 Jury Demand filed by The Law Offices of Steven R. Donziger, Steven Donziger, 384 Notice (Other) filed by Chevron Corporation, 161 Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 75 Affidavit of Service Other, filed by Chevron Corporation, 248 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 91 Reply Memorandum of Law in Support filed by Chevron Corporation, 208 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 170 Endorsed Letter, 309 Order, Add and Terminate Attorneys, 330 MOTION to Strike – CHEVRON CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTAIN DEFENSES ASSERTED BY DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN DONZIGER, DONZIGER & ASSOCIATES, PLLC, HUGO filed by Chevron Corporation, 457 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 226 Jury Demand filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 121 Declaration filed by Chevron Corporation, 68 Affidavit of Service Complaints, filed by Chevron Corporation, 285 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 361 Affidavit in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 257 Rule 7.1 Corporate Disclosure Statement filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 180 Letter, 136 Stipulation and Order, Set Deadlines/Hearings, 435 Order on Motion to Appear Pro Hac Vice, 315 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 443 Order on Motion to Strike, 166 MOTION for John W. Keker to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, 211 Notice (Other), Notice (Other) filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 445 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 182 Order on Motion to Transfer Case, 64 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 127 Order, Set Deadlines, 31 Declaration in Support, filed by Chevron Corporation, 92 Declaration in Support filed by Chevron Corporation, 314 USCA Order – Other, 100 Declaration in Support filed by Chevron Corporation, 439 Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 437 Order on Motion to Appear Pro Hac Vice, 369 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 22 Declaration in Support, filed by Chevron Corporation, 381 Letter, 320 MOTION to Dismiss Amended complaint filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 326 Order, Set Deadlines, 280 Order, 97 Declaration in Support, filed by Chevron Corporation, 458 Declaration in Support of Motion, filed by Chevron Corporation, 297 Memorandum of Law in Opposition filed by Chevron Corporation, 234 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 448 Transcript, 218 Jury Demand filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 433 Order on Motion to Appear Pro Hac Vice, 53 Declaration in Support, filed by Chevron Corporation, 154 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 217 MOTION for Paula L. Blizzard, Matthew M. Werdegar, William S. Hicks, Christopher J. Young, and Nikki H. Vo to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, 304 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 181 Memorandum & Opinion, 57 Declaration in Support, filed by Chevron Corporation, 195 Order, 131 Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 337 Stipulation and Order, Set Deadlines/Hearings, 397 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 355 Declaration in Support of Motion, filed by Chevron Corporation, 235 Order on Motion to Appear Pro Hac Vice, 286 Affidavit in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 39 Declaration in Support, filed by Chevron Corporation, 401 Declaration in Support of Motion, filed by Chevron Corporation, 87 Order, 198 Bond filed by Chevron Corporation, 206 Declaration in Support, filed by Chevron Corporation, 125 Certificate of Service Other filed by The Law Offices of Steven R. Donziger, Steven Donziger, 418 Costs Taxed, 35 Declaration in Support, filed by Chevron Corporation, 231 Order, Set

Deadlines/Hearings, 449 Notice of Filing Transcript, 185 Letter, 3 Notice of Case Assignment/Reassignment, 49 Declaration in Support, filed by Chevron Corporation, 106 Declaration in Support, filed by Chevron Corporation, 399 Declaration in Support of Motion, filed by Chevron Corporation, 382 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 34 Declaration in Support, filed by Chevron Corporation, 33 Declaration in Support, filed by Chevron Corporation, 202 Certificate of Service Other, filed by Chevron Corporation, 427 Endorsed Letter, 333 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 417 Notice (Other) filed by Chevron Corporation, 412 Endorsed Letter, 406 Affidavit in Support of Motion, filed by Chevron Corporation, 95 Declaration in Support filed by Chevron Corporation, 462 Declaration in Support of Motion, filed by Chevron Corporation, 421 Declaration in Support, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 40 Declaration in Support, filed by Chevron Corporation, 21 Declaration in Support,, filed by Chevron Corporation, 67 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 346 Notice of Filing Transcript, 122 Declaration filed by Chevron Corporation, 152 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, 319 Reply Memorandum of Law in Support, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 390 USCA Mandate, 400 Declaration in Support of Motion, filed by Chevron Corporation, 52 Declaration in Support, filed by Chevron Corporation, 120 Declaration filed by Chevron Corporation, 83 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 19 Declaration in Support, filed by Chevron Corporation, 214 Certificate of Service Other, filed by Chevron Corporation, 60 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 317 Notice (Other) filed by Chevron Corporation, 272 Order on Motion to Appear Pro Hac Vice, 196 Order on Motion to Appear Pro Hac Vice, 183 Order on Motion for Leave to File Document, 332 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 219 MOTION for F. Gerald Maples to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 124 Notice of Appearance filed by The Law Offices of Steven R. Donziger, Steven Donziger, 441 Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 269 MOTION for Christopher J. Young to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 243 Memorandum of Law in Support of Motion filed by The Law Offices of Steven R. Donziger, Steven Donziger, 425 Declaration in Support of Motion, filed by Chevron Corporation, 37 Declaration in Support, filed by Chevron Corporation, 323 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 118 Declaration filed by Chevron Corporation, 85 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 2 Rule 7.1 Corporate Disclosure Statement filed by Chevron Corporation, 354 Memorandum of Law in Support of Motion filed by Chevron Corporation, 123 Declaration filed by Chevron Corporation, 278 Memorandum & Opinion, 229 Reply Memorandum of Law in Support filed by Chevron Corporation, 42 Declaration in Support, filed by Chevron Corporation, 14 Declaration in Support, filed by Chevron Corporation, 86 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 271 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 452 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 244 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 367 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 338 Letter, filed by Chevron Corporation, 50 Declaration in Support, filed by Chevron Corporation, 343 Memorandum & Opinion, 375 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 228 Endorsed Letter, 358 Order, 56 Declaration in Support, filed by Chevron Corporation, 281 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 70 Affidavit of Service Complaints filed by Ann Maest, 365 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 300 Declaration in Opposition filed by Chevron Corporation, 88 Order, 391 MOTION for Recusal. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 157 Stipulation and Order, Set

Deadlines/Hearings, 1 Complaint, filed by Chevron Corporation, 73 Affidavit of Service Other, filed by Chevron Corporation, 201 Declaration in Support, filed by Chevron Corporation, 377 Memorandum & Opinion, 220 Response to Order to Show Cause filed by The Law Offices of Steven R. Donziger, Steven Donziger, 114 Letter, 142 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 287 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 28 Declaration in Support, filed by Chevron Corporation, 256 Declaration in Support filed by Chevron Corporation, 262 Supplemental ROA Sent to USCA – Index, 143 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 263 Order, 149 Memorandum of Law in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 345 Transcript, 215 Certificate of Service Other filed by Chevron Corporation, 79 Order, Set Deadlines/Hearings, 76 Notice (Other) filed by Steven Donziger, 153 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 298 Declaration in Opposition, filed by Chevron Corporation, 293 MOTION to Intervene Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates, PLLC's Memorandum of Law In Support of Application by Order to Show Cause Why They Should Not be Permitted to Intervene in the Declaratory Jud filed by The Law Offices of Steven R. Donziger, Steven Donziger, 81 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 379 Declaration, 290 Transcript, 294 Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 349 USCA Mandate, 71 Affidavit of Service Complaints filed by Chevron Corporation, 179 Declaration in Opposition to Motion, filed by Chevron Corporation, 302 MOTION to Dismiss (Notice of Motion to Dismiss Chevron Corporation's Amended Complaint) filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 305 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 74 Affidavit of Service Other, filed by Chevron Corporation, 117 Declaration filed by Chevron Corporation, 238 Pre–Conference Statement filed by Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 150 MOTION Increase the Bond (on Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 376 Response in Support of Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 26 Declaration in Support, filed by Chevron Corporation, 277 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 255 Response filed by Chevron Corporation, 383 Notice (Other) filed by Chevron Corporation, 392 Order on Motion for Recusal,,,, 335 Order,, 313 Declaration in Support filed by Chevron Corporation, 362 Order on Motion to Withdraw as Attorney, 356 Declaration in Support of Motion, filed by Chevron Corporation, 347 Notice of Change of Address, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 12 Declaration in Support, filed by Chevron Corporation, 442 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 62 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 147 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 177 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 308 Endorsed Letter, Set Deadlines, 386 MOTION for Jessica R. Torbin to Withdraw as Attorney of Record filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 151 Memorandum of Law in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 260 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 279 Scheduling Order, 204 Certificate of Service Other, filed by Chevron Corporation, 160 MOTION to Transfer Case – Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et al., 93–CV–07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District filed by The Law Offices of Steven R. Donziger, Steven Donziger, 334 Certificate of Service Other, filed by Chevron Corporation, 43 Declaration in Support, filed by Chevron Corporation, 242 MOTION to Dismiss (Notice of Motion to Dismiss) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 350 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 245 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 133 Affidavit in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 25 Declaration in Support, filed by Chevron Corporation, 419 Certificate of Service

Other filed by Chevron Corporation, 414 Status Report, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Stratus Consulting, Inc., Hugo Gerardo Camacho Naranjo, Steven Donziger, Stratus Consulting, Inc., The Law Offices of Steven R. Donziger, Douglas Beltman, Ann Maest, 336 Amended Notice of Appeal filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 431 Declaration in Support, filed by Chevron Corporation, 415 Notice (Other) filed by Chevron Corporation, 207 Notice of Appearance filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 274 Order on Motion to Appear Pro Hac Vice, 371 Endorsed Letter, 159 Notice (Other), Notice (Other) filed by Steven Donziger, The Law Offices of Steven R. Donziger, 162 Certificate of Service Other, filed by Chevron Corporation, 144 MOTION to Increase Bond Amount (On Short Notice) MOTION to Increase Bond Amount (On Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 213 Stipulation and Order, Set Deadlines, 327 Memorandum & Opinion, 463 Letter, filed by Chevron Corporation, 65 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 116 Declaration in Support filed by Chevron Corporation, 240 Pre–Conference Statement filed by Chevron Corporation, 266 Order on Motion for Oral Argument, 289 Order, Set Deadlines, 368 Memo Endorsement, 130 Notice of Appearance filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 252 Declaration in Opposition, filed by Chevron Corporation, 98 Declaration in Support filed by Chevron Corporation, 353 MOTION for Attachment Defendants' Assets / CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF filed by Chevron Corporation, 29 Declaration in Support, filed by Chevron Corporation, 77 Order, Set Deadlines/Hearings, 171 MOTION for Martin D. Beier, Joe L. Silver and Jessica R. Torbin to Appear Pro Hac Vice. filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 172 MOTION for Leave to File Supplemental Opposition to Chevron Corporation's Motion for Preliminary Injunction. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 210 Order on Motion to Appear Pro Hac Vice, 69 Affidavit of Service Complaints filed by Chevron Corporation, 48 Declaration in Support, filed by Chevron Corporation, 322 Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 402 Declaration in Support of Motion, filed by Chevron Corporation, 8 Declaration in Support, filed by Chevron Corporation, 10 Declaration in Support, filed by Chevron Corporation, 303 Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 115 Declaration in Support filed by Chevron Corporation, 348 Memorandum & Opinion, 447 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 352 USCA Mandate, 224 Response to Order to Show Cause filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 413 Order to Show Cause, 340 Reply Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 190 MOTION for Carlos A Zelaya, II to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 408 Declaration in Support of Motion filed by Chevron Corporation, 440 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 119 Declaration filed by Chevron Corporation, 27 Declaration in Support, filed by Chevron Corporation, 227 Order, 283 Amended Complaint, filed by Chevron Corporation, 156 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 275 Response, filed by Chevron Corporation, 422 Declaration, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 112 Order, 5 Memorandum of Law in Support filed by Chevron Corporation, 324 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 158 Letter, 389 Order, 410 Declaration in Support of Motion, filed by Chevron Corporation, 44 Declaration in Support, filed by Chevron Corporation, 331 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 373 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 428 Endorsed Letter, 258 Answer to Complaint filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 203 Certificate of Service Other, filed by Chevron Corporation, 184 Letter, 310 Memorandum & Opinion, 328 Order, 23 Declaration in Support, filed by Chevron Corporation, 105 Declaration in Support, filed by Chevron Corporation, 45

Declaration in Support, filed by Chevron Corporation, 429 Letter, filed by Chevron Corporation, 456 Joinder, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 61 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 38 Declaration in Support, filed by Chevron Corporation, 444 Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 424 Memorandum of Law in Support of Motion filed by Chevron Corporation, 7 Declaration in Support, filed by Chevron Corporation, 325 Reply Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 292 Order to Show Cause, 36 Declaration in Support, filed by Chevron Corporation, 41 Declaration in Support, filed by Chevron Corporation, 113 MOTION for Scott A. Edelman, William E. Thomson and Andrea E. Neuman to Appear Pro Hac Vice filed by Chevron Corporation, 411 Declaration in Support of Motion, filed by Chevron Corporation, 126 Order on Motion to Appear Pro Hac Vice, 426 Memo Endorsement, 186 Letter, 46 Declaration in Support, filed by Chevron Corporation, 273 Order on Motion to Appear Pro Hac Vice, 6 Declaration in Support, filed by Chevron Corporation, 200 Memorandum of Law in Support filed by Chevron Corporation, 135 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 128 Letter, filed by Pablo Fajardo Mendoza, 316 Notice (Other) filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 251 Memorandum of Law in Opposition filed by Chevron Corporation, 59 Notice of Appearance filed by Chevron Corporation, 222 Rule 7.1 Corporate Disclosure Statement filed by Stratus Consulting, Inc., 423 MOTION for Order to Show Cause / [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND. filed by Chevron Corporation, 197 MOTION for Jan Nielsen Little to Appear Pro Hac Vice filed by Steven Donziger, The Law Offices of Steven R. Donziger, 464 Letter, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 47 Declaration in Support, filed by Chevron Corporation, 366 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 94 Declaration in Support filed by Chevron Corporation, 90 Endorsed Letter, 110 Declaration in Support, filed by Chevron Corporation, 432 Certificate of Service Other filed by Chevron Corporation, 104 Declaration in Support filed by Chevron Corporation, 223 Memorandum of Law in Opposition filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 11 Declaration in Support, filed by Chevron Corporation, 63 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 192 Order on Motion to Appear Pro Hac Vice, 99 Declaration in Support filed by Chevron Corporation, 103 Declaration in Support, filed by Chevron Corporation, 189 Reply Memorandum of Law in Support of Motion filed by Steven Donziger, The Law Offices of Steven R. Donziger, 54 Declaration in Support, filed by Chevron Corporation, 299 Declaration in Opposition filed by Chevron Corporation, 20 Declaration in Support, filed by Chevron Corporation, 101 Declaration in Support filed by Chevron Corporation, 155 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 129 Stipulation and Order, Set Deadlines, 4 Order to Show Cause, 276 Declaration, filed by Chevron Corporation, 436 Order on Motion to Appear Pro Hac Vice, 233 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 72 Affidavit of Service Other, filed by Chevron Corporation, 321 Declaration in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 18 Declaration in Support, filed by Chevron Corporation, 188 Order on Motion for Miscellaneous Relief, 66 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 291 Notice of Filing Transcript, 342 Order on Motion to Dismiss, 363 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 385 USCA Order, 169 Letter, 404 MOTION for Order to Show Cause Why Attachment of Defendants' Assets Should Not Be Ordered filed by Chevron Corporation, 16 Declaration in Support, filed by Chevron Corporation, 13 Declaration in Support, filed by Chevron Corporation, 58 Declaration in Support, filed by Chevron Corporation, 344 Order, 288 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 312 Memorandum of Law in Opposition, filed by Chevron Corporation, 295 Memorandum of Law in Support, filed

by Steven Donziger, The Law Offices of Steven R. Donziger, 296 Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, 396 MOTION for Summary Judgment CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL. filed by Chevron Corporation, 259 Answer to Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 372 MOTION for Leave to File Sur Reply to Motion for Attachment and Other Relief.. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 465 Notice of Appeal filed by Patton Boggs LLP, 450 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 301 Rule 7.1 Corporate Disclosure Statement filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 453 Declaration in Support of Motion, filed by Chevron Corporation, 451 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 148 Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 209 Stipulation and Order, Add and Terminate Attorneys,, 216 Certificate of Service Other filed by Chevron Corporation, 364 Memorandum of Law in Opposition to Motion, filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 459 Memorandum & Opinion, 351 USCA Order, 387 Certificate of Service Other filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 145 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 264 Letter filed by Steven Donziger, 15 Declaration in Support, filed by Chevron Corporation, 205 Notice (Other), Notice (Other) filed by Chevron Corporation, 246 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 446 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 89 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 167 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 398 Rule 56.1 Statement filed by Chevron Corporation, 407 Declaration in Support of Motion filed by Chevron Corporation, 380 Letter,, filed by Chevron Corporation, 137 Memorandum of Law in Opposition filed by Steven Donziger, The Law Offices of Steven R. Donziger, 306 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 187 Order, 329 Order, 108 Declaration in Support, filed by Chevron Corporation, 378 Order on Motion for Leave to File Document, Order on Motion to Strike,, 221 Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, 236 Order, Set Deadlines/Hearings, 55 Declaration in Support filed by Chevron Corporation, 51 Declaration in Support, filed by Chevron Corporation, 9 Declaration in Support, filed by Chevron Corporation, 455 Declaration in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 225 MOTION for Oral Argument REQUEST for Oral Argument in Connection with Chevron's Motion to Bifurcate Declaratory Judgment Claim in Whole or in Part filed by Steven Donziger, The Law Offices of Steven R. Donziger, 311 Answer to Amended Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 84 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 466 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/03/2012)

| | | |
|---|---|---|
| 05/14/2012 | 467 | MEMORANDUM AND ORDER ORDER denying 404 Motion for Order of attachment. For the foregoing reasons, Chevron's renewed motion for an order of attachment is denied. (Signed by Judge Lewis A. Kaplan on 5/14/2012) (djc) Modified on 5/23/2012 (djc). (Entered: 05/14/2012) |
| 05/14/2012 | 468 | OPINION ON MOTION TO DISMISS AMENDED COMPLAINT # 101798 re: 302 MOTION to Dismiss *(Notice of Motion to Dismiss Chevron Corporation's Amended Complaint).* filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger. For the foregoing reasons, the Donziger Defendants motion to dismiss the amended complaint [DI 302] is granted to the extent that so much of the third claim for relief as is premised on detrimental reliance by Chevron and the fourth through sixth claims for relief all are dismissed, provided, however, |

| | | |
|---|---|---|
| | | that the dismissal of the claim for damages asserted in the sixth claim for relief is dismissed only as premature. The motion is denied in all other respects. (Signed by Judge Lewis A. Kaplan on 5/14/2012) (djc) (Entered: 05/14/2012) |
| 05/17/2012 | 470 | Letter addressed to Judge Lewis A. Kaplan from Craig Smyser and John Keker dated 3/11/2012 re: We write on behalf of our respective clients Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje; and Steven Danziger, the Law Offices of Steven R. Danziger, and Danziger & Associates, PLLC to ask the Court to give defendants a total of thirty days to respond to Chevron's Motion for Partial Summary Judgment, i.e. a fourteen–day extension from March 19, 2012 to April 2, 2012. We conferred with Chevron's counsel, who refused to agree to the requested extension. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje.(lmb) (Entered: 05/17/2012) |
| 05/21/2012 | 471 | MEMORANDUM AND ORDER (Corrected): Chevron's renewed motion for an order of attachment is denied. (Signed by Judge Lewis A. Kaplan on 5/21/2012) (ft) (Entered: 05/21/2012) |
| 05/24/2012 | 472 | MEMORANDUM AND ORDER granting in part and denying in part 320 Motion to Dismiss. For the foregoing reasons and those outlined in this Court's opinion on the Donziger Defendants' motion to dismiss, the Stratus Defendants' motion to dismiss the amended complaint [DI 320] is granted to the extent that so much of the third claim for relief as is premised on detrimental reliance by Chevron and the fourth through sixth claims for relief all are dismissed. It is denied in all other respects. (Signed by Judge Lewis A. Kaplan on 5/24/2012) (lmb) (Entered: 05/24/2012) |
| 06/01/2012 | 473 | NOTICE of Joint Notice of Agreed–Upon Translations re: 417 Notice (Other), 460 Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit E, # 2 Exhibit F)(Mastro, Randy) (Entered: 06/01/2012) |
| 06/07/2012 | 474 | ANSWER to 283 Amended Complaint,,,,,,, with JURY DEMAND. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc..(Krause, Stuart) (Entered: 06/07/2012) |
| 06/07/2012 | 475 | MOTION for Discovery *to Carry Over and Calendar Chevron's Motions to Compel Directed to Joseph Kohn, Andrew Woods, and Laura Garr*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mastro, Randy) (Entered: 06/07/2012) |
| 06/08/2012 | 476 | NOTICE OF APPEARANCE by Seth D. Ard on behalf of Joseph C. Kohn, Kohn Swift & Graf, P.C. (Ard, Seth) (Entered: 06/08/2012) |
| 06/11/2012 | 477 | NOTICE OF APPEARANCE by Stephen D. Susman on behalf of Joseph C. Kohn, Kohn Swift & Graf, P.C. (Susman, Stephen) (Entered: 06/11/2012) |
| 06/11/2012 | 478 | RESPONSE to Motion re: 475 MOTION for Discovery *to Carry Over and Calendar Chevron's Motions to Compel Directed to Joseph Kohn, Andrew Woods, and Laura Garr*.. Document filed by Joseph C. Kohn, Kohn Swift & Graf, P.C.. (Susman, Stephen) (Entered: 06/11/2012) |
| 06/11/2012 | 479 | RESPONSE in Opposition re: 475 MOTION for Discovery *to Carry Over and Calendar Chevron's Motions to Compel Directed to Joseph Kohn, Andrew Woods, and Laura Garr*.. Document filed by Andrew Woods, Laura J Garr. (Attachments: # 1 Affidavit Declaration of Non–Party Andrew Woods)(Keker, John) (Entered: 06/11/2012) |
| 06/11/2012 | 480 | RESPONSE in Opposition re: 475 MOTION for Discovery *to Carry Over and Calendar Chevron's Motions to Compel Directed to Joseph Kohn, Andrew Woods, and Laura Garr*.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 06/11/2012) |
| 06/11/2012 | 481 | RESPONSE in Opposition re: 475 MOTION for Discovery *to Carry Over and Calendar Chevron's Motions to Compel Directed to Joseph Kohn, Andrew Woods, and Laura Garr*.. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 06/11/2012) |
| 06/12/2012 | 482 | NOTICE of Supplemental Authority re: 480 Response in Opposition to Motion,. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices |

| | | of Steven R. Donziger. (Keker, John) (Entered: 06/12/2012) |
|---|---|---|
| 06/13/2012 | 483 | MOTION for Summary Judgment. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 06/13/2012) |
| 06/13/2012 | 484 | MEMORANDUM OF LAW in Support re: 483 MOTION for Summary Judgment.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/13/2012) |
| 06/13/2012 | 485 | DECLARATION of Anne Champion in Support re: 483 MOTION for Summary Judgment.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 06/13/2012) |
| 06/13/2012 | 486 | RULE 56.1 STATEMENT. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/13/2012) |
| 06/15/2012 | 487 | MOTION for Patricia M. Hamill to Appear Pro Hac Vice. Document filed by Joseph C. Kohn, Kohn Swift & Graf, P.C.(pgu) (pgu). (Entered: 06/15/2012) |
| 06/15/2012 | 488 | MOTION for James J. Rohn to Appear Pro Hac Vice. Document filed by Joseph C. Kohn, Kohn Swift & Graf, P.C.(pgu) (pgu). (Entered: 06/15/2012) |
| 06/15/2012 | 489 | MOTION for Joshua J. Voss to Appear Pro Hac Vice. Document filed by Joseph C. Kohn, Kohn Swift & Graf, P.C.(pgu) (pgu). (Entered: 06/15/2012) |
| 06/20/2012 | 490 | ORDER granting 487 Motion for Patricia M. Hamill to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 6/20/2012) (ama) (Entered: 06/20/2012) |
| 06/20/2012 | 491 | ORDER granting 488 Motion for James J. Rohn to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 6/20/2012) (ama) (Entered: 06/20/2012) |
| 06/20/2012 | 492 | ORDER granting 489 Motion for Joshua J. Voss to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 6/20/2012) (ama) (Entered: 06/20/2012) |
| 06/20/2012 | | CASHIERS OFFICE REMARK on 488 Motion to Appear Pro Hac Vice, 487 Motion to Appear Pro Hac Vice, 489 Motion to Appear Pro Hac Vice in the amount of $600.00, paid on 06/15/2012, Receipt Number 1041125, 1041128, 1041129. (jd) (Entered: 06/20/2012) |
| 06/22/2012 | 493 | MOTION for Discovery *for Miscellaneous Relief in Connection with Responding to Non−Party Subpoena propounded by Chevron Corporation*. Document filed by Patton Boggs LLP. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Leader, James) (Entered: 06/22/2012) |
| 06/25/2012 | 494 | ORDER: Applications for leave to amend or to add additional parties shall bemade no later than August 1, 2012. Absent leave of Court, no interrogatories, document requests, or requests for admissions shall be served after December 1, 2012. Initial expert disclosures shall be served no later than February 1, 2013. Rebuttal expert disclosures shall be served no later than March 15, 2013. All discovery shall be completed no later than May 31, 2013. The joint pretrial order, requests to charge, and any motions for summary judgment shall be filed no later than June 30, 2013. (Signed by Judge Lewis A. Kaplan on 6/25/2012) (jar) (Entered: 06/25/2012) |
| 06/25/2012 | 495 | ORDER denying 475 Motion for Discovery. The subpoenas previously served on Mr. Kohn, his firm and Ms. Garr in the prior action are deemed to have been served today in this action except to the extent that any of these witnesses demonstrates, on or before July 7, 2012, that the witness or witnesses no longer is within the geographic range of subpoenas issued by this Court. In the case of Mr. Woods, the subpoena previously served on him is not deemed to have been served today as he already has demonstrated that he no longer is within the geographic range of subpoenas issued by this Court. Chevron is deemed to have moved to compel Mr. Kohn, his firm and Ms. Garr to comply with the subpoenas addressed to them. The Court takes judicial notice of the papers submitted in support of and in opposition to the motion to compel that was made in the prior action. Mr. Kohn, his firm, Ms. Garr and the defendants in this action on or before July 12, 2012 may supplement the opposing papers submitted in the prior action. Chevron may respond to any such additional filings on or before July 21,2012. Mr. Kohn, his firm, Ms. Garr, and the defendants in this action may reply to any such response by Chevron on or before July 28, 2012.. (Signed by Judge Lewis A. Kaplan on 6/25/2012) (jar) (Entered: 06/25/2012) |

| 06/25/2012 | | Set/Reset Deadlines: Responses due by 7/21/2012 Replies due by 7/28/2012. (jar) (Entered: 06/25/2012) |
|---|---|---|
| 06/26/2012 | 496 | RESPONSE in Opposition re: 493 MOTION for Discovery *for Miscellaneous Relief in Connection with Responding to Non−Party Subpoena propounded by Chevron Corporation..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Mastro, Randy) (Entered: 06/26/2012) |
| 06/27/2012 | 497 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 6/26/2012 re: I write as Plaintiff Chevron Corporation's counsel regarding Your Honor's order of yesterday setting a schedule in this action. Dkt. 494. Paragraph 3 of Your Honor's order states: "Compliance with Rule 26(a)(l)(iii) is deferred pending further order of the Court." Because the reference to "Rule 26(a)(1)(iii)" seems to be missing a lettered subparagraph reference after "(1)," we respectfully request clarification whether the Court intended to defer compliance only to Rule 26(a)(1)(A)(iii), which requires that parties include "a computation of each category of damages claimed" in their initial disclosures, or to the entirety of Rule 26(a)(1)(A), which requires initial disclosures generally (including damages). ENDORSEMENT: The order is corrected by substituting "Rule 26(a)(1)(A)(iii)" for "Rule 26(a)(1)(iii)". (Signed by Judge Lewis A. Kaplan on 6/27/2012) (djc) (Entered: 06/28/2012) |
| 06/28/2012 | 498 | MEMO ENDORSEMENT ON NON−PARTY PATTON BOGGS LLP'S MOTION FOR MISCELLANEOUS RELIEF IN CONNECTION WITH RESPONDING TO NON−PARTY SUBPOENA PROPOUNDED BY CHEVRON CORPORATION: granting in part and denying in part 493 Motion for Discovery. The motion of non−party Patton Boggs LLP ("PB") [DI 493] is disposed of as follows: 1. PB' s application for additional time to respond to the subpoena served on it is granted. Objections to and any motion to quash or modify, or for a protective order with respect to, it shall be served and, to the extent permitted by the local rules, filed on or before July 20, 2012.Any documents the production of which is not objected to shall be produced no later than July 20, 2012. This schedule shall apply also to objections and/or motions on behalf of the defendants with respect to this subpoena. 2. The effect of the extension set forth in paragraph 1 at least substantially moots PB's application for temporary relief from the requirements of S.D.N.Y. Crv. R. 26.2, as the extension of time to respond to the subpoena extends PB's time within which to furnish its privilege log. 3. PB' s application for an expansion of page limits on briefs with respect to the subpoena is granted to the extent that PB may file an oversized moving or opposition brief (depending upon whether it is the movant or responds to a motion by plaintiff to compel compliance with the subpoena) not to exceed 35 pages on the condition that the brief is filed jointly with defendants Naranjo, Payaguaje, and Donziger and the other Donziger defendants. In the event that two or more briefs are filed on behalf of these parties, their aggregate length shall not exceed 35 pages. Plaintiff's moving or opposition brief (depending upon whether it responds to a motion by PB or is filed in support of a motion by plaintiff to compel) likewise shall not exceed 35 pages. Accordingly, the motion is granted to the extent set forth herein and denied in all other respects. SO ORDERED.(Signed by Judge Lewis A. Kaplan on 6/28/2012) (djc) (Entered: 06/28/2012) |
| 06/28/2012 | | Set/Reset Deadlines: Motions due by 7/20/2012. (djc) (Entered: 06/28/2012) |
| 06/28/2012 | 499 | AMENDED ANSWER to 283 Amended Complaint,,,,,,,, with JURY DEMAND. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 06/28/2012) |
| 06/29/2012 | 500 | NOTICE OF APPEARANCE: PLEASE TAKE NOTICE that Kristen L. Hendricks of Gibson, Dunn & Crutcher LLP hereby withdraws her appearance in the above−captioned case on behalf of Plaintiff Chevron Corporation. Gibson, Dunn & Crutcher LLP and its attorneys that have appeared will continue to appear on behalf of Plaintiff Chevron Corporation in this action. (Signed by Judge Lewis A. Kaplan on 6/29/2012) (cd) (Entered: 07/02/2012) |
| 07/02/2012 | 501 | DECLARATION of Stuart A. Krause in Opposition re: 483 MOTION for Summary Judgment.. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Attachments: # 1 Exhibit A Amended answer)(Krause, Stuart) (Entered: 07/02/2012) |

| | | |
|---|---|---|
| 07/02/2012 | 502 | MEMORANDUM OF LAW in Opposition re: 483 MOTION for Summary Judgment.. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 07/02/2012) |
| 07/03/2012 | 503 | NOTICE OF APPEARANCE by Anne Marie Champion on behalf of Chevron Corporation (Champion, Anne) (Entered: 07/03/2012) |
| 07/03/2012 | 504 | MOTION for Jason B. Stavers to Appear Pro Hac Vice. Document filed by Chevron Corporation.(pgu) (Entered: 07/06/2012) |
| 07/06/2012 | 505 | REPLY MEMORANDUM OF LAW in Support re: 483 MOTION for Summary Judgment. *CHEVRON CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON STRATUS DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL.* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 07/06/2012) |
| 07/06/2012 | 506 | DECLARATION of Anne Champion in Support re: 483 MOTION for Summary Judgment.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2398, # 2 Exhibit 2399)(Champion, Anne) (Entered: 07/06/2012) |
| 07/09/2012 | 507 | MEMO ENDORSEMENT granting 504 Motion for Jason B. Stavers to Appear Pro Hac Vice: Granted. (Signed by Judge Lewis A. Kaplan on 7/9/2012) (lmb) (Entered: 07/09/2012) |
| 07/10/2012 | | CASHIERS OFFICE REMARK on 504 Motion to Appear Pro Hac Vice in the amount of $200.00, paid on 07/03/2012, Receipt Number 1042691. (jd) (Entered: 07/10/2012) |
| 07/11/2012 | 508 | SECOND MOTION for Discovery *for Miscellaneous Relief in Connection with Responding to Non−Party Subpoena Propounded by Chevron Corporation.* Document filed by Patton Boggs LLP.(Leader, James) (Entered: 07/11/2012) |
| 07/11/2012 | 509 | AFFIDAVIT of Jon Kessler in Support re: 508 SECOND MOTION for Discovery *for Miscellaneous Relief in Connection with Responding to Non−Party Subpoena Propounded by Chevron Corporation..* Document filed by Patton Boggs LLP. (Leader, James) (Entered: 07/11/2012) |
| 07/12/2012 | 510 | RESPONSE *to Chevron Corporation's Motion to Compel.* Document filed by Joseph C. Kohn, Kohn Swift & Graf, P.C.. (Hamill, Patricia) (Entered: 07/12/2012) |
| 07/12/2012 | 511 | DECLARATION of Joshua J. Voss. Document filed by Joseph C. Kohn, Kohn Swift & Graf, P.C.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Voss, Joshua) (Entered: 07/12/2012) |
| 07/12/2012 | 512 | JOINT OPPOSITION BRIEF re: 495 Order on Motion for Discovery,,,,, *Joint Supplemental Opposition to Plaintiff Chevron Corporation's Motions to Compel.* Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Keker, John) (Entered: 07/12/2012) |
| 07/12/2012 | 513 | SUPPLEMENTAL OPPOSITION BRIEF re: 495 Order on Motion for Discovery,,,,, *Supplemental Opposition to Plaintiff Chevron Corporation's Motion to Compel.* Document filed by Laura J Garr.(Keker, John) (Entered: 07/12/2012) |
| 07/13/2012 | 514 | RESPONSE to Motion re: 508 SECOND MOTION for Discovery *for Miscellaneous Relief in Connection with Responding to Non−Party Subpoena Propounded by Chevron Corporation. PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO PATTON BOGGS LLP'S "SECOND MOTION FOR MISCELLANEOUS RELIEF" IN CONNECTION WITH THE NON−PARTY SUBPOENA SERVED BY CHEVRON CORPORATION ON PATTON BOGGS LLP.* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 07/13/2012) |
| 07/18/2012 | 515 | ORDER: The motion of Patton Boggs for miscellaneous relief [DI 508] is granted to the extent that its time to furnish its privilege log with respect to the subpoena served upon it by plaintiff is extended to and including August 10, 2012 or, if Patton Boggs moves by July 20, 2012 to quash that subpoena and the motion to quash is not granted in its entirety, the twentieth day following entry of the order determining the motion to quash. The motion is denied to the extent it seeks any other relief. Having disposed of the motion, the Court notes briefly that it has received letters from counsel for |

| | | |
|---|---|---|
| | | plaintiff and for Patton Boggs that suggest some amount of ill will between plaintiffs counsel and Patton Boggs (as distinguished from its present counsel of record). All concerned are reminded that these communications are not necessary and the overheated rhetoric they contain serves no useful purpose. (Signed by Judge Lewis A. Kaplan on 7/18/2012) (js) (Entered: 07/18/2012) |
| 07/18/2012 | 516 | NOTICE of Motion to Dismiss for Lack of Personal Jurisdiction. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 07/18/2012) |
| 07/18/2012 | 517 | MOTION to Dismiss for Lack of Jurisdiction. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Doyle, Tyler) (Entered: 07/18/2012) |
| 07/18/2012 | 518 | MEMORANDUM OF LAW in Support re: 517 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 07/18/2012) |
| 07/18/2012 | 519 | AFFIDAVIT of Craig Smyser in Support re: 517 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Doyle, Tyler) (Entered: 07/18/2012) |
| 07/20/2012 | 520 | NOTICE OF APPEARANCE by S. Alyssa Young on behalf of Patton Boggs LLP (Young, S. Alyssa) (Entered: 07/20/2012) |
| 07/20/2012 | 521 | NOTICE OF APPEARANCE by Caroline Curtiss Marino on behalf of Patton Boggs LLP (Marino, Caroline) (Entered: 07/20/2012) |
| 07/20/2012 | 522 | MOTION to Quash Subpoena Duces Tecum of Patton Boggs. Document filed by Patton Boggs LLP.(Leader, James) (Entered: 07/20/2012) |
| 07/20/2012 | 523 | DECLARATION of Ari Perlstein in Support re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 07/20/2012) |
| 07/20/2012 | 524 | DECLARATION of Jon Kessler in Support re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 07/20/2012) |
| 07/20/2012 | 525 | DECLARATION of Charles E. Talisman in Support re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 07/20/2012) |
| 07/20/2012 | 526 | JOINDER to join re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 07/20/2012) |
| 07/20/2012 | 527 | MEMORANDUM OF LAW in Support re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 07/20/2012) |
| 07/20/2012 | 528 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE DOCUMENT #532) –** DECLARATION of S. Alyssa Young in Support re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs. Document filed by Patton Boggs LLP. (Attachments: # 1 Exhibit A–C, # 2 Exhibit D–J, # 3 Exhibit K–O, # 4 Exhibit P–V, # 5 Exhibit W–X, # 6 Exhibit Y part I, # 7 Exhibit Y part II, # 8 Exhibit Z–GG)(Leader, James) Modified on 7/26/2012 (ldi). (Entered: 07/21/2012) |
| 07/21/2012 | 529 | DECLARATION of Caroline C. Marino in Support re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Patton Boggs LLP. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3–4, # 4 Exhibit 5–10, # 5 Exhibit 11–15, # 6 Exhibit 16–20, # 7 Exhibit 21–25, # 8 Exhibit 26–30, # 9 Exhibit 31–38, # 10 Exhibit 39–40, # 11 Exhibit 41–44, # 12 Exhibit 45–50, # 13 Exhibit 51–54, # 14 Exhibit 55–60, # 15 Exhibit 61–67)(Leader, James) (Entered: 07/21/2012) |
| 07/21/2012 | 530 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** SUPPLEMENTAL BRIEF re: 495 Order on Motion for Discovery,,,,, *Supplemental Brief In Support of Chevron Corporation's Motion to Compel*. Document filed by |

| | | |
|---|---|---|
| | | Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Mastro, Randy) Modified on 7/23/2012 (ka). (Entered: 07/21/2012) |
| 07/23/2012 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Randy M. Mastro to RE–FILE Document 530 Brief. Use the event type Response(non–motion) found under the event list Other Answers. (ka)** (Entered: 07/23/2012) |
| 07/23/2012 | 531 | SUPPLEMENTAL RESPONSE re: 495 Order on Motion for Discovery,,,,, *Supplemental Brief In Support of Chevron Corporation's Motion to Compel.* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Affidavit 7, # 8 Appendix 8)(Mastro, Randy) (Entered: 07/23/2012) |
| 07/24/2012 | 532 | DECLARATION of S. Alyssa Young in Support re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Patton Boggs LLP. (Attachments: # 1 Exhibit A–C, # 2 Exhibit D–J, # 3 Exhibit K–O, # 4 Exhibit P–V, # 5 Exhibit W–X, # 6 Exhibit Y Part I, # 7 Exhibit Y Part II, # 8 Exhibit Z–GG, # 9 Exhibit HH)(Leader, James) (Entered: 07/24/2012) |
| 07/24/2012 | 533 | ENDORSED LETTER addressed to Judge Lewis A Kaplan from Randy M Mastro dated 7/23/2012 re: Request to extend time to 7/27/2012 for Chevron to file opposition to Patton Boggs's Motion to Quash Subpoena. ENDORSEMENT: Granted. Set Deadlines/Hearing as to 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs. ( Responses due by 7/27/2012) (Signed by Judge Lewis A. Kaplan on 7/23/2012) (cd) (Entered: 07/24/2012) |
| 07/25/2012 | 534 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from John W. Keker dated 7/23/2012 re: the deadline for motions to amend or to add additional parties is August 1,2012. we respectfully request the Court for a two–week extension of the deadline until August 15. ENDORSEMENT: GRANTED. SO ORDERED., ( Motions due by 8/15/2012.) (Signed by Judge Lewis A. Kaplan on 7/25/2012) (ama) (Entered: 07/25/2012) |
| 07/25/2012 | 535 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Craig Smyser dated 7/23/2012 re: I write on behalf of my clients Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje to ask the Court conditionally for a brief extension of the August 1, 2012 deadline to seek leave to amend or add additional parties, if necessary. ENDORSEMENT: The application for an extension of time – until after the Court rules on the July 17, 2012 motion by defendants Camach and Piaguaje to dismiss for lack of personal jurisdiction – to seek leave to amend or to add additional parties is denied. (See order for further endorsement.) (Signed by Judge Lewis A. Kaplan on 7/25/2012) (lmb) (Entered: 07/25/2012) |
| 07/25/2012 | 536 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 7/23/2012 re: I write as counsel for Plaintiff Chevron Corporation ("Chevron") in opposition to the request of the LAP representatives, Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje, for an extension of the August 1 deadline to file motions for leave to amend or add parties until an indefinite date two weeks after this Court decides their pending motion to dismiss lack of personal jurisdiction. Document filed by Chevron Corporation.(lmb) (Entered: 07/25/2012) |
| 07/25/2012 | 537 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 7/23/2012 re: Chevron hereby requests that, if the Court grants the Donziger defendants' request for an extension of time to file an amended pleading or add parties, it extend Chevron's time as well, affording it an additional week beyond that time until August 22, 2012, to file any amended pleading or add parties. ENDORSEMENT: Granted., ( Amended Pleadings due by 8/22/2012., Joinder of Parties due by 8/22/2012.) (Signed by Judge Lewis A. Kaplan on 7/25/2012) (lmb) (Entered: 07/25/2012) |
| 07/25/2012 | 538 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from S. Alyssa Young dated 7/24/2012 re:In light of Chevron's request for an extension – and perhaps equally so, in view of Chevron's July 13 filing, which previewed its intent to direct salacious attacks at Patton Boggs in its opposition papers, to support application of the "crime–fraud" exception, (Dkt. 14) – Patton Boggs renews its request that the pending |

| | | |
|---|---|---|
| | | Motion to Quash be governed by the "Briefs and Motion Papers" section of Your Honor's individual Motion Rules and Procedures, rather than a "Discovery Dispute." ENDORSEMENT: Granted to the extent that Patton Boggs may submit a reply memo not to exceed 10 double spaced pages within 7 days after the filing of Chevron's opposition. (Signed by Judge Lewis A. Kaplan on 7/25/2012) (djc) (Entered: 07/26/2012) |
| 07/27/2012 | 539 | REPLY *to Chevron Corporation's Response in Support of its Motion to Compel.* Document filed by Joseph C. Kohn, Kohn Swift & Graf, P.C.. (Hamill, Patricia) (Entered: 07/27/2012) |
| 07/27/2012 | 540 | JOINT OPPOSITION BRIEF re: 495 Order on Motion for Discovery,,,,, *To Plaintiff Chevron Corproation's Motions to Compel Directed to Joseph Kohn and Laura Garr.* Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Keker, John) (Entered: 07/27/2012) |
| 07/27/2012 | 541 | MEMORANDUM OF LAW in Opposition re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 07/27/2012) |
| 07/27/2012 | 542 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** DECLARATION of Jason Stavers in Opposition re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2400, # 2 Exhibit 2401, # 3 Exhibit 2402, # 4 Exhibit 2403, # 5 Exhibit 2404, # 6 Exhibit 2405, # 7 Exhibit 2406, # 8 Exhibit 2407, # 9 Exhibit 2408, # 10 Exhibit 2409)(Mastro, Randy) Modified on 7/31/2012 (lb). (Entered: 07/27/2012) |
| 07/27/2012 | 543 | **FILING ERROR – DUPLICATE DOCKET ENTRY –** DECLARATION of Jason Stavers in Opposition re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2410, # 2 Exhibit 2411, # 3 Exhibit 2412, # 4 Exhibit 2413, # 5 Exhibit 2414, # 6 Exhibit 2415, # 7 Exhibit 2416, # 8 Exhibit 2417, # 9 Exhibit 2418, # 10 Exhibit 2419, # 11 Exhibit 2420)(Mastro, Randy) Modified on 7/30/2012 (db). (Entered: 07/27/2012) |
| 07/27/2012 | 544 | **FILING ERROR – DUPLICATE DOCKET ENTRY –** DECLARATION of Jason Stavers in Opposition re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2421, # 2 Exhibit 2422, # 3 Exhibit 2423, # 4 Exhibit 2424, # 5 Exhibit 2425, # 6 Exhibit 2426, # 7 Exhibit 2427, # 8 Exhibit 2428, # 9 Exhibit 2429, # 10 Exhibit 2430)(Mastro, Randy) Modified on 7/30/2012 (db). (Entered: 07/27/2012) |
| 07/27/2012 | 545 | **FILING ERROR – DUPLICATE DOCKET ENTRY –** DECLARATION of Jason Stavers in Opposition re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2431, # 2 Exhibit 2432, # 3 Exhibit 2433, # 4 Exhibit 2434, # 5 Exhibit 2435, # 6 Exhibit 2436, # 7 Exhibit 2437, # 8 Exhibit 2438, # 9 Exhibit 2439, # 10 Exhibit 2440, # 11 Exhibit 2441)(Mastro, Randy) Modified on 7/30/2012 (db). (Entered: 07/27/2012) |
| 07/27/2012 | 546 | DECLARATION of Lauren Elliot in Opposition re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Mastro, Randy) (Entered: 07/27/2012) |
| 07/27/2012 | 547 | AFFIDAVIT of David Garrett in Opposition re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Chevron Corporation. (Attachments: # 1 Attachment A, # 2 Attachment B)(Mastro, Randy) (Entered: 07/27/2012) |
| 07/27/2012 | 548 | AFFIDAVIT of Samuel Hernandez, Jr. in Opposition re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Chevron Corporation. (Attachments: # 1 Tab 1, # 2 Tab 2)(Mastro, Randy) (Entered: 07/27/2012) |
| 07/30/2012 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Randy M. Mastro to RE–FILE Document 543 Declaration in Opposition to Motion, 544 Declaration in Opposition to Motion, 545 Declaration in Opposition to Motion. ERROR(S):** |

| | | |
|---|---|---|
| | | **Duplicated Declarations in Support. File a Supplemental Declaration in Support and attach ALL exhibits to it. (db)** (Entered: 07/30/2012) |
| 07/31/2012 | <u>549</u> | DECLARATION of Jason Stavers in Opposition re: <u>522</u> MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 2400, # <u>2</u> Exhibit 2401, # <u>3</u> Exhibit 2402 to 2409, # <u>4</u> Exhibit 2410 to 2425, # <u>5</u> Exhibit 2426 to 2428, # <u>6</u> Exhibit 2429, # <u>7</u> Exhibit 2430, # <u>8</u> Exhibit 2431, # <u>9</u> Exhibit 2432, # <u>10</u> Exhibit 2433 to 2441)(Mastro, Randy) (Entered: 07/31/2012) |
| 07/31/2012 | <u>550</u> | OPINION ON PARTIAL SUMMARY JUDGMENT MOTION: #102124 The issues before the Court are whether (a) there is a genuine issue as to any fact material to the bases on which Chevron seeks dismissal of the res judicata–collateral estoppel defense, and (b) Chevron is entitled to that relief as a matter of law, and (c) Chevron in any case is entitled to judgment based on the law of former adjudication without regard to the recognizability or enforceability of the Judgment. Thus, the question is not whether the Court thinks it likely that Chevron ultimately will prevail on these arguments. The crux of the motion is the contention that the Lago Agrio Judgment should not be recognized or enforced by reason of fraud. As the foregoing demonstrates, the LAPs' procurement of the termination of judicial inspections, the adoption of the global assessment, and the appointment of Cabrera all unquestionably were tainted. The secret participation of the LAP team in Cabreras activities and its secret drafting of the bulk of Cabrera's report were tainted as well. Moreover, there are serious questions concerning the preparation of the Judgment itself in view of the identity between some portions of the Judgment and the Unfiled Fusion Memo, especially in light of the undisputed pattern of ex parte advocacy in the Lago Agrio Litigation and the undisputed instance of the LAP team's coercion of and duress on one of the judges to obtain a desired result. But it cannot be said at this stage of the proceedings that Chevron is entitled to a determination in its favor as to the recognizability and enforceability of the Judgment or the collateral estoppel defense in view of the issues as to whether any of this materially affected Chevron's ability fully to present its defense or corrupted the judicial process so as to warrant such a determination. The Court, however, has reached a different conclusion as to res judicata. Accordingly, Chevron's motion for partial summary judgment dismissing the LAP Representatives and the Donziger Defendants' affirmative defenses of res judicata and collateral estoppel [DI 396] is granted to the extent that the res judicata defenses are dismissed but otherwise denied. Re: <u>396</u> MOTION for Summary Judgment *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL* filed by Chevron Corporation. (Signed by Judge Lewis A. Kaplan on 7/31/2012) (rjm) Modified on 8/1/2012 (jab). (Entered: 07/31/2012) |
| 07/31/2012 | <u>551</u> | MEMO ENDORSEMENT ON CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON THE STRATUS DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL: denying <u>483</u> Motion for Summary Judgment. ENDORSEMENT: Motion denied. (Signed by Judge Lewis A. Kaplan on 7/31/2012) (djc) (Entered: 07/31/2012) |
| 08/01/2012 | <u>552</u> | **FILING ERROR – DEFICIENT DOCKET ENTRY – Motions for Pro Hac Vice are to be electronically filed by the attorney applying for admission.** MOTION for Justina K. Sessions to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–7694775. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # <u>1</u> Declaration of Elliot R. Peters in Support of Motion to Admit Counsel Pro Hac Vice, # <u>2</u> Exhibit Certificate of Standing, # <u>3</u> Text of Proposed Order)(Peters, Elliot) Modified on 8/2/2012 (wb). (Entered: 08/01/2012) |
| 08/01/2012 | <u>553</u> | MOTION for Leave to File Second Amended Answer to Amended Complaint Separate Defenses, and Jury Trial Demand. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Exhibit A Second Amended Answer, # <u>2</u> Exhibit B NY Times Article)(Doyle, Tyler) (Entered: 08/01/2012) |

| | | |
|---|---|---|
| 08/02/2012 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice regarding Document No. 552 MOTION for Justina K. Sessions to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208−7694775. Motion and supporting papers to be reviewed by Clerk's Office staff.. The filing is deficient for the following reason(s): the Wrong Filer was Selected. Re−file the document as a Corrected Motion to Appear Pro Hac Vice event and select the correct Filer. (wb)** (Entered: 08/02/2012) |
| 08/02/2012 | 554 | MOTION for Justina K. Sessions to Appear Pro Hac Vice *Corrected*. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Declaration of Elliot R. Peters in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Exhibit Certificate of Standing, # 3 Text of Proposed Order)(Sessions, Justina) (Entered: 08/02/2012) |
| 08/02/2012 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 554 MOTION for Justina K. Sessions to Appear Pro Hac Vice *Corrected*. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (pgu)** (Entered: 08/02/2012) |
| 08/03/2012 | 555 | DECLARATION of Ari Perlstein in Support re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 08/03/2012) |
| 08/03/2012 | 556 | DECLARATION of Jon Kessler in Support re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 08/03/2012) |
| 08/03/2012 | 557 | DECLARATION of S. Alyssa Young in Support re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Patton Boggs LLP. (Attachments: # 1 Exhibit 1−7, # 2 Exhibit 8−12, # 3 Exhibit 13−18, # 4 Exhibit 19−24, # 5 Exhibit 25−33)(Leader, James) (Entered: 08/03/2012) |
| 08/03/2012 | 558 | REPLY MEMORANDUM OF LAW in Support re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs.. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 08/03/2012) |
| 08/06/2012 | 559 | MEMORANDUM OF LAW in Opposition re: 517 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/06/2012) |
| 08/06/2012 | 560 | **FILING ERROR − DEFICIENT DOCKET ENTRY − (SEE DOCUMENT #561)** − DECLARATION of Anne Champion in Opposition re: 517 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2442−2454, # 2 Exhibit 2455−2464, # 3 Exhibit 2465−2475, # 4 Exhibit 2476−2486, # 5 Exhibit 2487−2500, # 6 Exhibit 2501−2515, # 7 Exhibit 2516−2530, # 8 Exhibit 2531−2545, # 9 Exhibit 2546−2560, # 10 Exhibit 2561−2572, # 11 Exhibit 2573−2586, # 12 Exhibit 2587−2591, # 13 Exhibit 2592−Part 1 of 3, # 14 Exhibit 2592−Part 2 of 3, # 15 Exhibit 2592−Part 3 of 3, # 16 Exhibit 2593−2607, # 17 Exhibit 2608−2622, # 18 Exhibit 2623−2637, # 19 Exhibit 2638−2652, # 20 Exhibit 2653−2667, # 21 Exhibit 2668−2682, # 22 Exhibit 2683−2697, # 23 Exhibit 2698−2704, # 24 Exhibit 2705−Part 1 of 2, # 25 Exhibit 2705−Part 2 of 2, # 26 Exhibit 2706−2717)(Mastro, Randy) Modified on 8/7/2012 (lb). (Entered: 08/07/2012) |
| 08/07/2012 | 561 | DECLARATION of Anne Champion in Opposition re: 517 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2442−2454, # 2 Exhibit 2455−2464, # 3 Exhibit 2465−2475, # 4 Exhibit 2476−2486, # 5 Exhibit 2487−2500, # 6 Exhibit 2501−2515, # 7 Exhibit 2516−2530, # 8 Exhibit 2531−2545, # 9 Exhibit 2546−2560, # 10 Exhibit 2561−2572, # 11 Exhibit 2573−2586, # 12 Exhibit 2587−2591, # 13 Exhibit 2592 Part 1 of 3, # 14 Exhibit 2592 Part 2 of 3, # 15 Exhibit 2592 Part 3 of 3, # 16 Exhibit 2593−2607, # 17 Exhibit 2608−2622, # 18 Exhibit 2623−2637, # 19 Exhibit 2638−2652, # 20 Exhibit 2653−2667, # 21 Exhibit 2668−2682, # 22 Exhibit 2683−2697, # 23 Exhibit 2698−2704, # 24 Exhibit 2705 Part 1 of 2, # 25 Exhibit 2705 Part 2 of 2, # 26 Exhibit 2706−2717)(Mastro, Randy) (Entered: 08/07/2012) |

| 08/13/2012 | 562 | MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mastro, Randy) (Entered: 08/13/2012) |
|---|---|---|
| 08/15/2012 | 563 | RESPONSE in Opposition re: 562 MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Doyle, Tyler) (Entered: 08/15/2012) |
| 08/15/2012 | 564 | RESPONSE in Opposition re: 562 MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1)(Werdegar, Matthew) (Entered: 08/15/2012) |
| 08/15/2012 | 565 | DECLARATION of Matthew M. Werdegar in Opposition re: 562 MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Werdegar, Matthew) (Entered: 08/15/2012) |
| 08/15/2012 | 566 | MOTION for Leave to File Amended Answer and Counterclaims. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Keker, John) (Entered: 08/15/2012) |
| 08/15/2012 | 567 | MEMORANDUM OF LAW in Support re: 566 MOTION for Leave to File Amended Answer and Counterclaims.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Keker, John) (Entered: 08/15/2012) |
| 08/16/2012 | 568 | REPLY MEMORANDUM OF LAW in Support re: 517 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 08/16/2012) |
| 08/20/2012 | 569 | MEMORANDUM OF LAW in Opposition re: 553 MOTION for Leave to File Second Amended Answer to Amended Complaint Separate Defenses, and Jury Trial Demand.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/20/2012) |
| 08/20/2012 | 570 | DECLARATION of Randy M. Mastro in Opposition re: 553 MOTION for Leave to File Second Amended Answer to Amended Complaint Separate Defenses, and Jury Trial Demand.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mastro, Randy) (Entered: 08/20/2012) |
| 08/24/2012 | 571 | MEMORANDUM AND ORDER: denying 522 Motion to Quash. This ruling is without prejudice to PB's privilege and burden claims, which will be considered, if necessary, in the context of ruling on any Rule 45(c)(2)(8) objections to the subpoena, which PB shall file on or before September 7, 2012. The obligation to produce a privilege log is deferred pending further order of the Court save that PB's Rule 45(c)(2)(B) objections shall specify each category of document as to which it claims privilege or other protection in sufficient detail to permit evaluation of the claim to the extent that may be done categorically. Counsel shall meet in person and confer for as long as is necessary to discuss each of the subpoena specifications and each of PB's objections if any. They shall provide the Court with a joint letter, no later than September 14, 2012, setting out in the fashion employed in paragraph 22 of the supplemental declaration of S. Alyssa Young each remaining point in dispute. (Signed by Judge Lewis A. Kaplan on 8/23/2012) (pl) Modified on 8/27/2012 (mt). (Entered: 08/24/2012) |
| 08/24/2012 | 572 | ORDER denying 517 Motion to Dismiss for Lack of Jurisdiction. These issues best would be decided after the completion of discovery. Accordingly,the LAP Representatives' motion to dismiss for lack of personal jurisdiction [DI 517] is denied |

| | | |
|---|---|---|
| | | without prejudice to renewal after the completion of discovery. (Signed by Judge Lewis A. Kaplan on 8/23/2012) (pl) Modified on 8/28/2012 (pl). (Entered: 08/24/2012) |
| 08/30/2012 | 573 | REPLY MEMORANDUM OF LAW in Support re: 553 MOTION for Leave to File Second Amended Answer to Amended Complaint Separate Defenses, and Jury Trial Demand.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 08/30/2012) |
| 09/04/2012 | 574 | MEMORANDUM OF LAW in Opposition re: 566 MOTION for Leave to File Amended Answer and Counterclaims.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/04/2012) |
| 09/04/2012 | 575 | DECLARATION of Jason B. Stavers in Opposition re: 566 MOTION for Leave to File Amended Answer and Counterclaims.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2718, # 2 Exhibit 2719, # 3 Exhibit 2720, # 4 Exhibit 2721)(Mastro, Randy) (Entered: 09/04/2012) |
| 09/05/2012 | 576 | MEMO ENDORSEMENT on 554 Motion for Justina K. Sessions to Appear Pro Hac Vice. Granted. (Signed by Judge Lewis A. Kaplan on 9/5/2012) (ft) (Entered: 09/05/2012) |
| 09/05/2012 | 577 | DISCOVERY STIPULATION: The parties hereby stipulate to the following agreements concerning discovery in the above–referenced matter. The Parties agree to move jointly for approval of this stipulation to the extent certain of the terms agreed upon herein require the Court's approval. The parties have agreed to a general schedule governing document productions. Specifically, each party will begin producing non–objectionable materials: (a) within twenty–one (21) days of serving written responses to another party's requests for production ("RFPs"); and/or (b) within twenty–one (21) days of successful meet–and–confer efforts resolving objections to the production of broad identifiable categories of materials as further set forth in this order. (Signed by Judge Lewis A. Kaplan on 9/4/2012) (lmb) (Entered: 09/05/2012) |
| 09/07/2012 | 578 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from John W. Keker dated 9/6/12 re: Counsel for Donziger requests permission to file a reply brief of no longer than 30 pages and requests a short extension of the filing deadline to 9/20/12. ENDORSEMENT: Time extended to and including 9/18/2012. Reply memo not to exceed 15 pages. ( Replies due by 9/18/2012.) (Signed by Judge Lewis A. Kaplan on 9/7/2012) (mro) (Entered: 09/07/2012) |
| 09/07/2012 | 579 | RESPONSE to Discovery Request from Chevron.Document filed by Patton Boggs LLP.(Young, S. Alyssa) (Entered: 09/08/2012) |
| 09/14/2012 | 580 | REPLY MEMORANDUM OF LAW in Opposition re: 562 MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Doyle, Tyler) (Entered: 09/14/2012) |
| 09/18/2012 | 581 | REPLY MEMORANDUM OF LAW in Support re: 566 MOTION for Leave to File Amended Answer and Counterclaims.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 09/18/2012) |
| 09/19/2012 | 582 | ORDER: The Court will hear argument on Patton Boggs LLC's objections to the subpoena served upon it by plaintiff commencing at 11:00 a.m. on September 25, 2012 in Courtroom 21B. SO ORDERED.( Oral Argument set for 9/25/2012 at 11:00 AM in Courtroom 21B, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 9/19/2012) (ama) (Entered: 09/19/2012) |
| 09/25/2012 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Motion Hearing held on 9/25/2012 re: 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs filed by Patton Boggs LLP. To be continued on 9/27/12. (lmb) (Entered: |

| | | |
|---|---|---|
| | | 10/11/2012) |
| 09/27/2012 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Motion Hearing held on 9/27/2012: Case called for continued motion argument. Argument held. Argument concluded. The court will enter an order with rulings, general objections and further instructions. Within 2 weeks after theorder is entered, the additional submissions to be filed not to exceed 15 pages w/out leave of the court. Plaintiff to respond within 10 days. (cd) (Entered: 10/04/2012) |
| 10/05/2012 | 583 | MOTION for Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW § 487)*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/05/2012) |
| 10/05/2012 | 584 | MEMORANDUM OF LAW in Support re: 583 MOTION for Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW § 487)*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/05/2012) |
| 10/05/2012 | 585 | RULE 56.1 STATEMENT. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/05/2012) |
| 10/05/2012 | 586 | DECLARATION of Randy M. Mastro in Support re: 583 MOTION for Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW § 487)*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2800, # 2 Exhibit 2801, # 3 Exhibit 2802, # 4 Exhibit 2803, # 5 Exhibit 2804, # 6 Exhibit 2805, # 7 Exhibit 2806, # 8 Exhibit 2807, # 9 Exhibit 2808, # 10 Exhibit 2809, # 11 Exhibit 2810, # 12 Exhibit 2811, # 13 Exhibit 2812, # 14 Exhibit 2813, # 15 Exhibit 2814, # 16 Exhibit 2815, # 17 Exhibit 2816, # 18 Exhibit 2817, # 19 Exhibit 2818, # 20 Exhibit 2819, # 21 Exhibit 2820, # 22 Exhibit 2821, # 23 Exhibit 2822, # 24 Exhibit 2823, # 25 Exhibit 2824, # 26 Exhibit 2825)(Mastro, Randy) (Entered: 10/05/2012) |
| 10/09/2012 | 587 | ORDER: The Court will hold a conference on the status of the parties' efforts to reach resolution on disputes concerning Chevron's Requests for the Production of Documents at 10 a.m. on October 18,2012 in Courtroom 21B. SO ORDERED. ( Status Conference set for 10/18/2012 at 10:00 AM in Courtroom 21B, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 10/09/2012) (ama) (Entered: 10/09/2012) |
| 10/10/2012 | 591 | NONPARTY'S MOTION TO QUASH OR LIMIT CHEVRON SUBPOENA. Document filed by John Rodgers.(rjm) (Entered: 10/17/2012) |
| 10/10/2012 | 592 | NONPARTY'S MOTION TO QUASH OR LIMIT CHEVRON SUBPOENA. Document filed by Laura Belanger.(rjm) (Entered: 10/17/2012) |
| 10/11/2012 | 588 | MEMO ENDORSEMENT ON NONPARTY'S MOTION TO QUASH OR LIMIT CHEVRON SUBPOENA: I am representing myself pro se, and provide this Motion to Quash and/or Limit Subpoena. Google was served a subpoena in case no. 11–civ–0691 to turn over personal and account information regarding my gmail account including: (A) detailed account information; and (B) usage of my gmail, among other information. ENDORSEMENT: Fed. R. Civ. P. 45(c)(3) provides that "the issuing court must quash or modify a subpoena" on timely motion in circumstances there specified. Any motion to quash or modify therefore must be made in the issuing court, which was the United States District Court for the Northern District of California and not this Court. 9 MOORE'S FEDERAL PRACTICE § 45.50 4 (4th ed. 2012) ("only the issuing court has the power to grant a motion to quash or modify the subpoena"). Accordingly, this motion to quash or modify the subpoena is denied without prejudice to a proper filing in the issuing court. (Signed by Judge Lewis A. Kaplan on 10/11/2012) (ja) (Entered: 10/11/2012) |
| 10/12/2012 | 589 | STIPULATION AND ORDER: Set Deadlines/Hearing as to 583 MOTION for Summary Judgment: Responses due by 11/5/2012. Chevron Corporation shall have up to 14 days, plus any additional days afforded due to the method of service, to file a reply brief. (Signed by Judge Lewis A. Kaplan on 10/12/2012) (cd) (Entered: |

| | | |
|---|---|---|
| | | 10/12/2012) |
| 10/16/2012 | 590 | ENDORSED LETTER: addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 10/15/2012 re: Counsel for Plaintiff requests that this Court authorize Counsels colleagues Andrea Neuman and Jason Stavers to bring an iPad and Laptop, respectively, to court in order to access materials relevant to the conference. ENDORSEMENT: Denied. The Court sees no such need. So Ordered. (Signed by Judge Lewis A. Kaplan on 10/16/2012) (js) (Entered: 10/16/2012) |
| 10/17/2012 | 593 | NOTICE OF APPEARANCE by Michael Erik Sims on behalf of Douglas Beltman, Ann Maest, Stratus Consulting, Inc. (Sims, Michael) (Entered: 10/17/2012) |
| 10/18/2012 | 594 | ORDER: In connection with their efforts to resolve outstanding discovery disputes, the parties' attention is drawn to OS Recovery, Inc. v. One Group International, Inc., No. 02 Civ. 8993 (LAK), 2005 WL 1828736, at *2 n.1 (S.D.N.Y. Aug. 3,2005). (Signed by Judge Lewis A. Kaplan on 10/18/2012) (ft) (Entered: 10/18/2012) |
| 10/18/2012 | 595 | TRANSCRIPT of Proceedings re: CONFERENCE held on 9/25/2012 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/13/2012. Redacted Transcript Deadline set for 11/26/2012. Release of Transcript Restriction set for 1/22/2013.(Moya, Goretti) (Entered: 10/18/2012) |
| 10/18/2012 | 596 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 9/25/2012 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Moya, Goretti) (Entered: 10/18/2012) |
| 10/18/2012 | 597 | MEMO ENDORSEMENT on 591 Motion to Quash. Fed. R. Civ. P. 45(c)(3) provides that "the issuing court must quash ormodify a subpoena" on timely motion in circumstances there specified. Any motion to quash or modify therefore must be made in the issuing court. 9 MOORE'S FEDERAL PRACTICE § 45.50 4 (4th ed. 2012) ("only the issuing court has the power to grant a motion to quash or modify the subpoena"). While this motion neither attaches the subpoena nor identifies the court that issued it, it does state that it is the same subpoena issued to Google that called for information with respect to Laura Belinger. That subpoena was issued by the United States District Court for the Northern District of California. In any case, there is no reason to suppose that the subpoena in question was issued by this Court. Accordingly, this motion to quash or modify the subpoena is denied without prejudice to a proper filing in the issuing court. (Signed by Judge Lewis A. Kaplan on 10/18/2012) (ft) (Entered: 10/18/2012) |
| 10/18/2012 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Scheduling Conference held on 10/18/2012. Trial scheduled to begin either on 10/15/2013 or to follow USA v. Fawwaz and Bary, 98cr1023(LAK). (tro) (Entered: 10/22/2012) |
| 10/23/2012 | 598 | TRANSCRIPT of Proceedings re: CONFERENCE held on 10/18/2012 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Thomas Murray, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/16/2012. Redacted Transcript Deadline set for 11/29/2012. Release of Transcript Restriction set for 1/25/2013.(Moya, Goretti) (Entered: 10/23/2012) |
| 10/23/2012 | 599 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 10/18/12 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Moya, Goretti) (Entered: 10/23/2012) |

| | | |
|---|---|---|
| 10/23/2012 | 600 | MOTION for Judgment on the Pleadings *Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje's Notice of Motion for Judgment on the Pleadings*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Doyle, Tyler) (Entered: 10/23/2012) |
| 10/23/2012 | 601 | MEMORANDUM OF LAW in Support re: 600 MOTION for Judgment on the Pleadings *Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje's Notice of Motion for Judgment on the Pleadings.*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 10/23/2012) |
| 10/24/2012 | 602 | TRANSCRIPT of Proceedings re: ARGUMENT held on 9/27/2012 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/19/2012. Redacted Transcript Deadline set for 11/29/2012. Release of Transcript Restriction set for 1/25/2013.(McGuirk, Kelly) (Entered: 10/24/2012) |
| 10/24/2012 | 603 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 9/27/12 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 10/24/2012) |
| 10/24/2012 | 604 | TRANSCRIPT of Proceedings re: CONFERENCE CORRECTED held on 9/25/2012 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/19/2012. Redacted Transcript Deadline set for 11/29/2012. Release of Transcript Restriction set for 1/25/2013.(McGuirk, Kelly) (Entered: 10/24/2012) |
| 10/24/2012 | 605 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CORRECTED TRANCRIPT proceeding held on 9/25/12 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 10/24/2012) |
| 10/25/2012 | 606 | TRIAL ORDER: This case is on the Court's ready trial calendar. The Court currently expects to reach this case on 10/15/13 but you must be ready to proceed either earlier or later than that date. The Court Clerk, Andrew Mohan, will give counsel as much notice as possible and keep them advised of the progress of the calendar. You are instructed to take the following steps in connection with the trial. 1. At the commencement of trial, a complete set of documentary exhibits should be handed to the Judge for his use during the trial, and a list of all exhibits should be supplied to the Court Clerk and to the Judge, with all exhibits numbered in uniformity with the pretrial order. Counsel should also have for the Judge copies of any depositions which are to be read in a jury case. 2. Counsel are expected to have all necessary witnesses on hand to commence and continue trial. The court cannot commit itself to wait for witnesses. THE FAILURE TO HAVE A WITNESS READY TO PROCEED MAY RESULT IN THE PARTY RESTING ITS CASE. 3. PRIOR TO THE TRIAL, ALL EXHIBITS MUST BE PRE–MARKED AND EXCHANGED BETWEEN COUNSEL. 4. Lastly, counsel will schedule an appointment with the courtroom deputy in order to familiarize themselves with the electronic courtroom evidence presentation system in courtroom 21B. (Signed by Judge Lewis A. Kaplan on 10/25/2012) (ft) Modified on 10/25/2012 (ft). (Entered: 10/25/2012) |
| 10/25/2012 | | Set/Reset Deadlines: Ready for Trial by 10/15/2013. (ft) (Entered: 10/25/2012) |
| 10/25/2012 | 607 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from John W. Keker dated 10/23/2012 re: Counsel requests that Court continue Donziger's deadline to respond to Chevron's Motion for Summary judgment until after May 31, 2013. |

| | | ENDORSEMENT: Denied without prejudice to a 56(d) application. (Signed by Judge Lewis A. Kaplan on 10/25/2012) (ft) (Entered: 10/25/2012) |
|---|---|---|
| 11/05/2012 | 609 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED that the time for Defendants Steven Donziger, The Law Offices of Steven R. Donziger and Donziger & Associates, PLLC to file papers in opposition to Chevron Corporation's Motion for Summary Judgment on its Eighth Claim for Relief(Dkt. No. 583), and its related Statement of Material Facts, is extended by three days, to November 7, 2012., ( Responses due by 11/7/2012.) (Signed by Judge Lewis A. Kaplan on 11/5/2012) (lmb) (Entered: 11/07/2012) |
| 11/06/2012 | 608 | MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21)(Mastro, Randy) (Entered: 11/06/2012) |
| 11/08/2012 | 610 | CORRECTED STIPULATION AND ORDER: that the time for Defendants Steven Donziger, The Law Offices of Steven R. Donziger and Donziger & Associates, PLLC to file papers in opposition to Chevron Corporation's Motion for Summary Judgment on its Eighth Claim for Relief (Dkt. No. 583), and its related Statement of Material Facts, is extended by three days, to November 8, 2012, Set Deadlines/Hearing as to 583 MOTION for Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW § 487)*. ( Responses due by 11/8/2012) (Signed by Judge Lewis A. Kaplan on 11/7/2012) (ae) (Entered: 11/08/2012) |
| 11/08/2012 | 611 | MEMORANDUM OF LAW in Opposition re: 583 MOTION for Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW § 487)*.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 11/08/2012) |
| 11/08/2012 | 612 | COUNTER STATEMENT TO 585 Rule 56.1 Statement. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 11/09/2012) |
| 11/09/2012 | 613 | DECLARATION of MATTHEW M. WERDEGAR in Support re: 583 MOTION for Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW § 487)*.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T)(Keker, John) (Entered: 11/09/2012) |
| 11/09/2012 | 614 | COUNTER STATEMENT TO 585 Rule 56.1 Statement. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 11/09/2012) |
| 11/09/2012 | 615 | MEMORANDUM OF LAW in Opposition re: 600 MOTION for Judgment on the Pleadings *Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje's Notice of Motion for Judgment on the Pleadings*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/09/2012) |
| 11/12/2012 | 616 | RESPONSE in Opposition re: 608 MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS.. Document filed |

| | | |
|---|---|---|
| | | by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 part 1, # 3 Exhibit 2 part 2, # 4 Exhibit 2 part 3, # 5 Exhibit 2 part 4, # 6 Exhibit 2 part 5, # 7 Exhibit 2 part 6, # 8 Exhibit 3)(Doyle, Tyler) (Entered: 11/12/2012) |
| 11/12/2012 | 617 | RESPONSE in Opposition re: 608 MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Keker, John) (Entered: 11/12/2012) |
| 11/15/2012 | 618 | MOTION for Protective Order *to Strike the LAPs Requests for Production*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Mastro, Randy) (Entered: 11/15/2012) |
| 11/16/2012 | 619 | MOTION for Protective Order *Striking the LAPs Request for Production (CORRECTED)*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Mastro, Randy) (Entered: 11/16/2012) |
| 11/16/2012 | 620 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED that the time for Defendants Steven Donziger, The Law Offices of Steven R. Donziger and Donziger & Associates, PLLC to file papers in opposition to Chevron Corporation's Motion to Compel (Dkt. No. 680), is extended to Monday, November 12, 2012. IT IS SO ORDERED. ( Responses due by 11/12/2012) (Signed by Judge Lewis A. Kaplan on 11/16/2012) (ama) (Entered: 11/16/2012) |
| 11/16/2012 | 621 | ORDER: On the basis and subject to the limitations set forth on the record on September 25, 2012 (Tr. 3:22–7:24) and to existing or subsequent agreements between plaintiff and Patton Boggs LLC ("PB"), PB's responses and objections to plaintiffs subpoena to produce documents (the "Subpoena") are disposed of as follows: As set forth herein. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 11/16/2012) (ama) (Entered: 11/16/2012) |
| 11/19/2012 | 622 | REPLY MEMORANDUM OF LAW in Support re: 600 MOTION for Judgment on the Pleadings *Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje's Notice of Motion for Judgment on the Pleadings*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A)(Doyle, Tyler) (Entered: 11/19/2012) |
| 11/19/2012 | 623 | RESPONSE to Motion re: 619 MOTION for Protective Order *Striking the LAPs Request for Production (CORRECTED)*. MOTION for Protective Order *Striking the LAPs Request for Production (CORRECTED)*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4 (pt 1), # 5 Exhibit 4 (pt 2), # 6 Exhibit 5)(Doyle, Tyler) (Entered: 11/19/2012) |
| 11/19/2012 | 624 | MOTION to Compel Chevron Corporation to Produce. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10 – Part 1, # 11 Exhibit 10 – Part 2, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16)(Keker, John) (Entered: 11/19/2012) |
| 11/20/2012 | 625 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 11/19/2012 re: counsel for Plaintiff Chevron Corporation ("Chevron") to provide the Court with a definition of "NGO," as the Court directed in its November 16 order, thereby permitting it to resolve remaining issues relating to Request No. 54 in Chevron's subpoena to Patton Boggs. We propose accepting the definition for "NGO" used by the USAID. We provided this same definition to Patton Boggs' counsel in open court during the September 27 hearing before Your Honor. It reads as follows: "The term nongovernmental organization (NGO) encompasses any private or nonprofit organization that is formed or organized independently from a national or local |

| | | |
|---|---|---|
| | | government entity." PVO Registration Frequently Asked Questions, USAID Office of Innovation and Development Alliances, http://idea.usaid.gov/ls/pvo/faq#q1 (last visited Nov. 18, 2012). Document filed by Chevron Corporation.(js) (Entered: 11/21/2012) |
| 11/20/2012 | 626 | ENDORSED LETTER: addressed to Judge Lewis A. Kaplan from S. Alyssa Young dated 11/19/2012 re: Counsel write on behalf of Patton Boggs LLP ("Patton Boggs") in response to Chevron Corporation's ("Chevron") letter of today proposing a definition of the term "NGO," in connection with request 54 of Chevron's subpoena to Patton Boggs. ENDORSEMENT: "The objection to the proposed definition of "NGO" is sustained. Chevron may provide Patton Boggs with the names of organizations it has in mind."(Signed by Judge Lewis A. Kaplan on 11/20/2012) (js) (Entered: 11/21/2012) |
| 11/21/2012 | 627 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 11/14/2012 re: Counsel to Chevron Corporation requests the Court's permission to submit this letter to correct certain misstatements in Defendants recently filed opposition to Chevron's motion to compel. Document filed by Chevron Corporation.(js) (Entered: 11/21/2012) |
| 11/21/2012 | 628 | Letter addressed to Judge Lewis A. Kaplan from Jan Little dated 11/16/2012 re: Counsel for defendants write once again, Chevron flouts this Court's Individual Practices regarding discovery disputes in ECF cases by effectively submitting an unauthorized reply in the form of a letter brief. Defendants request that the Court reject the letter or, alternatively, accept this letter as surreply. Document filed by Hugo Gerardo Camacho Naranjo.(js) (Entered: 11/21/2012) |
| 11/21/2012 | 629 | MEMORANDUM OF LAW in Opposition re: 624 MOTION to Compel Chevron Corporation to Produce.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Mastro, Randy) (Entered: 11/21/2012) |
| 11/26/2012 | 630 | REPLY MEMORANDUM OF LAW in Support re: 583 MOTION for Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW § 487)..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/26/2012) |
| 11/26/2012 | 631 | DECLARATION of Jason B. Stavers in Support re: 583 MOTION for Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW § 487)..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2900, # 2 Exhibit 2901, # 3 Exhibit 2902, # 4 Exhibit 2903, # 5 Exhibit 2904, # 6 Exhibit 2905, # 7 Exhibit 2906, # 8 Exhibit 2907, # 9 Exhibit 2908, # 10 Exhibit 2909, # 11 Exhibit 2910, # 12 Exhibit 2911)(Mastro, Randy) (Entered: 11/26/2012) |
| 11/26/2012 | 632 | REPLY re: 630 Reply Memorandum of Law in Support of Motion, *CHEVRON CORPORATIONS REPLY IN SUPPORT OF LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS.* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/26/2012) |
| 11/27/2012 | 633 | ORDER terminating 608 Motion to Compel; denying 619 Motion for Protective Order; terminating 624 Motion to Compel. Plaintiff's motion for a protective order to strike certain requests for production of documents and things [DI 619] is denied without prejudice to its objections to the requests, which will be addressed in a more appropriate fashion. The parties shall meet and confer concerning Chevron's objections and shall complete that process no later than December 7, 2012. No later than December 12, 2012 they shall provide the Court with a joint submission setting out the issues and requests that remain in dispute and their respective positions as to each. Also by December 12, 2012, the parties shall provide the Court with joint submissions regarding plaintiff's motion to compel defendants to produce documents [DI 608] and defendant Danziger's motion to compel Chevron to produce documents [DI 624]. The parties shall set out the issues and requests that remain in dispute and their respective positions as to each. The Court will hear the parties orally beginning at 10:30 a.m. on December 19, 2012 and shall continue on December 20 and 21 if needed. The Clerk shall terminate DI 608 and DI 624 administratively, as the matters |

| | | |
|---|---|---|
| | | with which they deal will be handled in this fashion. (Signed by Judge Lewis A. Kaplan on 11/27/2012) (mro) (Entered: 11/27/2012) |
| 11/27/2012 | | Set/Reset Hearings: Oral Argument set for 12/19/2012 at 10:30 AM before Judge Lewis A. Kaplan. (mro) (Entered: 11/27/2012) |
| 11/27/2012 | 634 | MEMO ENDORSEMENT granting in part and denying in part 600 Motion for Judgment on the Pleadings. ENDORSEMENT: The motion of the LAP Representatives for judgment on the pleadings dismissing the amended complaint [DI 600] is granted to the extent that so much of the third claim for relief as is premised on detrimental reliance by Chevron and the fourth through the sixth claims for relief all are dismissed, provided, however, that the dismissal of the claim for damages asserted in the sixth claim is dismissed only as premature. Chevron Corp. v. Donziger, _F. Supp.2d_,No. 11 Civ. 0691 (LAK), 2012 WL 1711521 (S.D.N.Y. May 14, 2012). It is denied in all other respects. The Court adds only this: The LAP Representatives use this motion to attempt to reargue the point decided adversely to their point off view on the similar motion of their attorney, Steven Donziger, viz. whether, as a matter of New York law, a claim for common law fraud lies based on third–party reliance to the injury of the plaintiff; as further set forth herein. (Signed by Judge Lewis A. Kaplan on 11/27/2012) (mro) (Entered: 11/27/2012) |
| 11/27/2012 | 635 | MEMO ENDORSEMENT on re: 591 NONPARTY'S MOTION TO QUASH OR LIMIT CHEVRON SUBPOENA filed by John Rodgers. ENDORSEMENT: John Rodgers moves pro se to quash or limit a subpoena served upon Google in this case. The motion does not contain a copy of the subpoena or identify the court by which it was issued. It states, however, that Mr. Rodgers is the husband of Laura Belanger and says that she also was listed on the subpoena. She too moved to quash [DI 592], and her motion attached the subpoena, which was issued by the United States District Court for the Northern District of California. Fed. R. Civ. P. 45(c)(3) provides that "the issuing court must quash or modify a subpoena" on timely motion in circumstances there specified. Any motion to quash or modify therefore must be made in the issuing court, which was the United States District Court for the Northern District of California and not this Court. 9 MOORE'S FEDERAL PRACTICE § 45.50 4 (4th ed. 2012) ("only the issuing court has the power to grant a motion to quash or modify the subpoena"). Accordingly, this motion to quash or modify the subpoena is denied without prejudice to a proper filing in the issuing court. (Signed by Judge Lewis A. Kaplan on 11/27/2012) (mro) (Entered: 11/27/2012) |
| 11/27/2012 | 636 | ORDER: Chevron's proposed definition of "NGO" as used in Specification 54 of the subpoena to Patton Boggs, at least given the context of a subpoena to a non–party, is too broad. Accordingly, the Court's ruling on Patton Boggs' objection to that Specification [DI 621, paragraph 7] stands. (Signed by Judge Lewis A. Kaplan on 11/27/2012) (mro) (Entered: 11/27/2012) |
| 11/27/2012 | 637 | ORDER: denying 553 Motion for Leave to File Document for all the reasons stated in the Court's opinion on plaintiff's motion for partial summary judgment. (Signed by Judge Lewis A. Kaplan on 11/27/2012) (pl) (Entered: 11/27/2012) |
| 11/27/2012 | 638 | ORDER: granting in part and denying in part 566 Motion for Leave to File Document. Defendant Donziger' s motion for leave to file an amended answer [DI 566] is granted to the extent it seeks to assert counterclaims. It is otherwise denied for the reasons set forth in the Court's order on the LAP Representatives' motion for leave to amend their answer. To the extent that the motion is granted, the ruling is without prejudice to a motion to dismiss the newly–added counterclaims, which is a preferable vehicle for a challenge to the sufficiency of the claims. (Signed by Judge Lewis A. Kaplan on 11/27/2012) (pl) (Entered: 11/27/2012) |
| 11/28/2012 | 639 | NOTICE OF APPEARANCE by Kathryn Lee Crawford on behalf of Kemperi Baihua Huani, Ahua Baihua Caiga, Pentibo Baihua Miipo, Dabota Tega Huani, Ahuame Huani Baihua, Apara Quemperi Yate, Bai Baihua Miipo, Bebanca Tega Huani, Comita Huani Yate, Cope Tega Huani, Ehuenguinto Tega, gaware Tega Huani, Martin Baihua Miipo, Mencay Baihua Tega, menemo Huani Baihua, Miipo Yatehue Kemperi, Minihua Huani Yate, Nama Baihua Huani, Namo Huani Yate, Omari Apica Huani, Omene Baihua Huani, Yehua Tega Huani, Wagui Coba Huani, Weica Apica Huani, Tepaa Quimontari Waiwa, Nenquimo Venancio Nihua, Compa Guiquita, Conta Nenquimo Quimontari, Daniel Ehuengei, Nantoqui Nenquimo, Okata Quipa |

| | | |
|---|---|---|
| | | Nihua, Cai Baihua Quemperi, Omayihue Baihua, Tapare Ahua Yete, Teweyene Luciana Nama Tega, Abamo Omene, Onenca Enomenga, Pego Enomenga, Wane Ima, Wina Enomenga, Cahuiya Omaca, Mima Yeti (Crawford, Kathryn) (Entered: 11/28/2012) |
| 11/28/2012 | 640 | NOTICE OF APPEARANCE by Kathryn Lee Crawford on behalf of Ahuame Huani Baihua, Omayihue Baihua, menemo Huani Baihua, Ahua Baihua Caiga, Daniel Ehuengei, Onenca Enomenga, Pego Enomenga, Wina Enomenga, Compa Guiquita, Bebanca Tega Huani, Cope Tega Huani, Dabota Tega Huani, Kemperi Baihua Huani, Nama Baihua Huani, Omari Apica Huani, Omene Baihua Huani, Wagui Coba Huani, Weica Apica Huani, Yehua Tega Huani, gaware Tega Huani, Wane Ima, Miipo Yatehue Kemperi, Bai Baihua Miipo, Martin Baihua Miipo, Pentibo Baihua Miipo, Nantoqui Nenquimo, Nenquimo Venancio Nihua, Okata Quipa Nihua, Cahuiya Omaca, Abamo Omene, Cai Baihua Quemperi, Conta Nenquimo Quimontari, Ehuenguinto Tega, Mencay Baihua Tega, Teweyene Luciana Nam Tega, Tepaa Quimontari Waiwa, Apara Quemperi Yate, Comita Huani Yate, Minihua Huani Yate, Namo Huani Yate, Tapare Ahua Yete, Mima Yeti (Crawford, Kathryn) (Entered: 11/28/2012) |
| 11/28/2012 | 641 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION to Intervene. Document filed by Ahuame Huani Baihua, Omayihue Baihua, menemo Huani Baihua, Ahua Baihua Caiga, Daniel Ehuengei, Onenca Enomenga, Pego Enomenga, Wina Enomenga, Compa Guiquita, Bebanca Tega Huani, Cope Tega Huani, Dabota Tega Huani, Kemperi Baihua Huani, Nama Baihua Huani, Omari Apica Huani, Omene Baihua Huani, Wagui Coba Huani, Weica Apica Huani, Yehua Tega Huani, gaware Tega Huani, Wane Ima, Miipo Yatehue Kemperi, Bai Baihua Miipo, Martin Baihua Miipo, Pentibo Baihua Miipo, Nantoqui Nenquimo, Nenquimo Venancio Nihua, Okata Quipa Nihua, Cahuiya Omaca, Abamo Omene, Cai Baihua Quemperi, Conta Nenquimo Quimontari, Ehuenguinto Tega, Mencay Baihua Tega, Teweyene Luciana Nam Tega, Tepaa Quimontari Waiwa, Apara Quemperi Yate, Comita Huani Yate, Namo Huani Yate, Tapare Ahua Yete, Mima Yeti. (Attachments: # 1 Motion to Intervene, # 2 Appendix Appendix of Unreported Cases, # 3 Appendix Exhibit 1 to Appendix, # 4 Appendix Exhibit 2 to Appendix)(Crawford, Kathryn) Modified on 11/29/2012 (db). (Entered: 11/28/2012) |
| 11/28/2012 | 642 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** DECLARATION of Judith Kimerling in Support re: 641 MOTION to Intervene. Document filed by Ahuame Huani Baihua, Omayihue Baihua, menemo Huani Baihua, Ahua Baihua Caiga, Daniel Ehuengei, Onenca Enomenga, Pego Enomenga, Wina Enomenga, Compa Guiquita, Bebanca Tega Huani, Cope Tega Huani, Dabota Tega Huani, Kemperi Baihua Huani, Nama Baihua Huani, Omari Apica Huani, Omene Baihua Huani, Wagui Coba Huani, Weica Apica Huani, Yehua Tega Huani, gaware Tega Huani, Wane Ima, Miipo Yatehue Kemperi, Bai Baihua Miipo, Martin Baihua Miipo, Pentibo Baihua Miipo, Nantoqui Nenquimo, Nenquimo Venancio Nihua, Okata Quipa Nihua, Cahuiya Omaca, Abamo Omene, Cai Baihua Quemperi, Conta Nenquimo Quimontari, Ehuenguinto Tega, Mencay Baihua Tega, Teweyene Luciana Nam Tega, Tepaa Quimontari Waiwa, Apara Quemperi Yate, Comita Huani Yate, Minihua Huani Yate, Namo Huani Yate, Tapare Ahua Yete, Mima Yeti. (Attachments: # 1 Exhibit A to Kimerling Declaration – Cross–Complaint of Intervention, # 2 Exhibit B to Kimerling Declaration, # 3 Exhibit C to Kimerling Declaration, # 4 Exhibit D to Kimerling Declaration)(Crawford, Kathryn) Modified on 11/29/2012 (db). (Entered: 11/28/2012) |
| 11/28/2012 | 643 | COUNTERCLAIM against Chevron Corporation.Document filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger.(Keker, John) (Entered: 11/28/2012) |
| 11/29/2012 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Kathryn Lee Crawford to RE–FILE Document 641 MOTION to Intervene. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 11/29/2012) |
| 11/29/2012 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Kathryn Lee Crawford to RE–FILE Document 642 Declaration in Support of Motion. ERROR(S):** |

| | | |
|---|---|---|
| | | **Document linked to filing error. (db)** (Entered: 11/29/2012) |
| 11/30/2012 | 644 | ORDER: Chevron and Patton Boggs shall file their supplemental briefs regarding Patton Boggs' Motion to Quash Subpoena Duces Tecum [DI 522] no later than December 12, 2012. Any oppositions thereto shall be filed no later than December 21, 2012. The supplemental briefs and any oppositions thereto shall be limited to 25 pages. (Signed by Judge Lewis A. Kaplan on 11/30/2012) (ft) (Entered: 11/30/2012) |
| 11/30/2012 | 645 | MOTION to Intervene. Document filed by Ahuame Huani Baihua, Omayihue Baihua, menemo Huani Baihua, Ahua Baihua Caiga, Daniel Ehuengei, Onenca Enomenga, Pego Enomenga, Wina Enomenga, Compa Guiquita, Bebanca Tega Huani, Cope Tega Huani, Dabota Tega Huani, Kemperi Baihua Huani, Nama Baihua Huani, Omari Apica Huani, Omene Baihua Huani, Wagui Coba Huani, Weica Apica Huani, Yehua Tega Huani, gaware Tega Huani, Wane Ima, Miipo Yatehue Kemperi, Bai Baihua Miipo, Martin Baihua Miipo, Pentibo Baihua Miipo, Nantoqui Nenquimo, Nenquimo Venancio Nihua, Okata Quipa Nihua, Cahuiya Omaca, Abamo Omene, Cai Baihua Quemperi, Conta Nenquimo Quimontari, Ehuenguinto Tega, Mencay Baihua Tega, Teweyene Luciana Nam Tega, Tepaa Quimontari Waiwa, Apara Quemperi Yate, Comita Huani Yate, Minihua Huani Yate, Namo Huani Yate, Tapare Ahua Yete, Mima Yeti.(Crawford, Kathryn) (Entered: 11/30/2012) |
| 11/30/2012 | 646 | MEMORANDUM OF LAW in Support re: 645 MOTION to Intervene.. Document filed by Ahuame Huani Baihua, Omayihue Baihua, menemo Huani Baihua, Ahua Baihua Caiga, Daniel Ehuengei, Onenca Enomenga, Pego Enomenga, Wina Enomenga, Compa Guiquita, Bebanca Tega Huani, Cope Tega Huani, Dabota Tega Huani, Kemperi Baihua Huani, Nama Baihua Huani, Omari Apica Huani, Omene Baihua Huani, Wagui Coba Huani, Weica Apica Huani, Yehua Tega Huani, gaware Tega Huani, Wane Ima, Miipo Yatehue Kemperi, Bai Baihua Miipo, Martin Baihua Miipo, Pentibo Baihua Miipo, Nantoqui Nenquimo, Nenquimo Venancio Nihua, Okata Quipa Nihua, Cahuiya Omaca, Abamo Omene, Cai Baihua Quemperi, Conta Nenquimo Quimontari, Ehuenguinto Tega, Mencay Baihua Tega, Teweyene Luciana Nam Tega, Tepaa Quimontari Waiwa, Apara Quemperi Yate, Comita Huani Yate, Minihua Huani Yate, Namo Huani Yate, Tapare Ahua Yete, Mima Yeti. (Attachments: # 1 Appendix, # 2 Exhibit to Appendix, # 3 Exhibit to Appendix)(Crawford, Kathryn) (Entered: 11/30/2012) |
| 11/30/2012 | 647 | DECLARATION of Judith Kimerling in Support re: 645 MOTION to Intervene.. Document filed by Ahuame Huani Baihua, Omayihue Baihua, menemo Huani Baihua, Ahua Baihua Caiga, Daniel Ehuengei, Onenca Enomenga, Pego Enomenga, Wina Enomenga, Compa Guiquita, Bebanca Tega Huani, Cope Tega Huani, Dabota Tega Huani, Kemperi Baihua Huani, Nama Baihua Huani, Omari Apica Huani, Omene Baihua Huani, Wagui Coba Huani, Weica Apica Huani, Yehua Tega Huani, gaware Tega Huani, Wane Ima, Miipo Yatehue Kemperi, Bai Baihua Miipo, Martin Baihua Miipo, Pentibo Baihua Miipo, Nantoqui Nenquimo, Nenquimo Venancio Nihua, Okata Quipa Nihua, Cahuiya Omaca, Abamo Omene, Cai Baihua Quemperi, Conta Nenquimo Quimontari, Ehuenguinto Tega, Mencay Baihua Tega, Teweyene Luciana Nam Tega, Tepaa Quimontari Waiwa, Apara Quemperi Yate, Comita Huani Yate, Minihua Huani Yate, Namo Huani Yate, Tapare Ahua Yete, Mima Yeti. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Crawford, Kathryn) (Entered: 11/30/2012) |
| 12/03/2012 | 648 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy A. Mastro dated 11/28/2012 re: Plaintiff's counsel writes to request that the hearing to resolve the parties' outstanding discovery disputes, that this Court yesterday ordered to commence on Wednesday, December 19, commence, instead on Thursday, December 20. ENDORSEMENT: Granted. 12/20 9:30 a.m. ( Status Conference set for 12/20/2012 at 09:30 AM before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 12/3/2012) (ago) (Entered: 12/03/2012) |
| 12/04/2012 | 649 | MOTION for Certificate of Appealability *Notice of Motion for Certification of the Court's November 27, 2012 Order for Interlocutory Appeal*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Doyle, Tyler) (Entered: 12/04/2012) |
| 12/04/2012 | 650 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MEMORANDUM OF LAW in Support re: 649 MOTION for Certificate of Appealability *Notice of Motion* |

| | | |
|---|---|---|
| | | *for Certification of the Court's November 27, 2012 Order for Interlocutory Appeal..* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) Modified on 12/5/2012 (db). (Entered: 12/04/2012) |
| 12/04/2012 | 651 | MEMORANDUM OF LAW in Support re: 649 MOTION for Certificate of Appealability *Notice of Motion for Certification of the Court's November 27, 2012 Order for Interlocutory Appeal*. *CORRECTED*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 12/04/2012) |
| 12/05/2012 | 652 | STIPULATION REGARDING CRUDE MATERIALS: Chevron at its cost will provide to all Defendants in this action: (a) a copy of the Crude Digitized Outtakes secured on hard drives; (b) a copy of the Berlinger Log; (c) copies of all Crude Clips selected from the Crude Digitized Outtakes; and (d) all Crude Transcriptions and Translations. To the extent any Party seeks to have admitted into evidence at trial in this action any portions of the Crude Digitized Outtakes or Crude Clips, all Parties agree that such evidence: (a) is presumptively authentic in satisfaction of Rule 901 of the Federal Rules of Evidence and does not require any extrinsic evidence of authenticity in order to be admitted; and (b) is admissible to the same extent as the original Crude Raw Outtakes in satisfaction of Rules 1002 and 1003 of the Federal Rules of Evidence. Nothing herein: (a) shall be deemed to effect a waiver of any work product protection or other privilege beyond the production of materials specifically set forth above; or (b) precludes any Party from challenging the ultimate admissibility at trial of any Crude Digitized Outtakes or Crude Clips pursuant to other Federal Rules of Evidence not addressed above. (Signed by Judge Lewis A. Kaplan on 12/5/2012) (ft) Modified on 12/5/2012 (ft). (Entered: 12/05/2012) |
| 12/12/2012 | 653 | ORDER: Faisal Baki moves to quash a subpoena issued by the United States District Court for the Northern District of New York and served upon Microsoft Corporation insofar as the subpoena seeks information relating to Mr. Baki. Motions to quash or modify subpoenas must be made to the courts that issue them, in this case the United States District Court for the Northern District of New York. The motion therefore is denied without prejudice to the filing of such a motion in that court. (Signed by Judge Lewis A. Kaplan on 12/12/2012) (lmb) (Entered: 12/12/2012) |
| 12/12/2012 | 654 | Letter addressed to Judge Lewis A. Kaplan from Faisal Baki dated 9/24/2012 re: Non Party Pro Se Motion to Quash Subpoena for Documents. (lmb) (Entered: 12/12/2012) |
| 12/12/2012 | 655 | STATUS REPORT. *Joint Report Concerning The Donziger Defendants' Motion To Compel Chevron To Produce Documents* Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Werdegar, Matthew) (Entered: 12/12/2012) |
| 12/12/2012 | 656 | **FILING ERROR – DEFICIENT DOCKET ENTRY – (LINKED TO THE WRONG ORDER, SEE DOCUMENT #657) –** RESPONSE re: 633 Order on Motion to Compel, Order on Motion for Protective Order,,,,,,,,,,,,,, *PLAINTIFF CHEVRON CORPORATION'S SUPPLEMENTAL BRIEF IN RESPONSE TO PATTON BOGGSS OBJECTIONS TO SUBPOENA*. Document filed by Chevron Corporation. (Mastro, Randy) Modified on 12/13/2012 (lb). (Entered: 12/12/2012) |
| 12/12/2012 | 657 | RESPONSE re: 644 Order, *PLAINTIFF CHEVRON CORPORATION'S SUPPLEMENTAL BRIEF IN RESPONSE TO PATTON BOGGS'S OBJECTIONS TO SUBPOENA*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/12/2012) |
| 12/12/2012 | 658 | DECLARATION of Randy M. Mastro in Support re: 657 Response. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3000, # 2 Exhibit 3001, # 3 Exhibit 3002, # 4 Exhibit 3003, # 5 Exhibit 3004, Part 1, # 6 Exhibit 3004, Part 2, # 7 Exhibit 3005, Part 1, # 8 Exhibit 3005, Part 2, # 9 Exhibit 3006, # 10 Exhibit 3007, # 11 Exhibit 3008, # 12 Exhibit 3009, Part 1, # 13 Exhibit 3009, Part 2, # 14 Exhibit 3010, # 15 Exhibit 3011, # 16 Exhibit 3012, # 17 Exhibit 3013, # 18 Exhibit 3014, Part 1, # 19 Exhibit 3014, Part 2, # 20 Exhibit 3014, Part 3, # 21 Exhibit 3014, Part 4, # 22 Exhibit 3015, # 23 Exhibit 3016, # 24 Exhibit 3017, # 25 Exhibit 3018, # 26 Exhibit 3019, # 27 Exhibit 3020, # 28 Exhibit 3021, # 29 Exhibit 3022, # 30 Exhibit 3023, # 31 Exhibit 3024, # 32 Exhibit 3025, # 33 Exhibit 3026, # 34 Exhibit 3027, # 35 Exhibit 3028, # 36 Exhibit 3029, # 37 Exhibit 3030, # 38 Exhibit 3031, # 39 Exhibit 3032, # 40 Exhibit 3033)(Mastro, Randy) (Entered: 12/12/2012) |

| | | |
|---|---|---|
| 12/12/2012 | 659 | DECLARATION of Ari Perlstein in Support re: 644 Order,. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 12/12/2012) |
| 12/12/2012 | 660 | DECLARATION of S. Alyssa Young re: 644 Order,. Document filed by Patton Boggs LLP. (Attachments: # 1 Exhibit 1–5, # 2 Exhibit 6–8, # 3 Exhibit 9–11, # 4 Exhibit 12–13, # 5 Exhibit 14.1, # 6 Exhibit 14.2, # 7 Exhibit 15, # 8 Exhibit 16.1, # 9 Exhibit 16.2, # 10 Exhibit 17–19, # 11 Exhibit 20, # 12 Exhibit 21, # 13 Exhibit 22–24, # 14 Exhibit 25–27, # 15 Exhibit 28–30, # 16 Exhibit 31–32, # 17 Exhibit 33.1, # 18 Exhibit 33.2, # 19 Exhibit 34–35, # 20 Exhibit 36)(Leader, James) (Entered: 12/13/2012) |
| 12/12/2012 | 661 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU (SEE DOCUMENT #666)** – MOTION to Compel Chevron to Produce Documents. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Doyle, Tyler) Modified on 12/13/2012 (ldi). (Entered: 12/13/2012) |
| 12/12/2012 | 663 | STATUS REPORT. *JOINT REPORT CONCERNING CHEVRON'S MOTION TO COMPEL THE DONZIGER DEFENDANTS AND HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE TO PRODUCE DOCUMENTS* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 12/13/2012) |
| 12/13/2012 | 662 | DECLARATION of Charles E. Talisman in Support re: 644 Order,. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 12/13/2012) |
| 12/13/2012 | 664 | DECLARATION of Adam Seskis re: 644 Order,. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 12/13/2012) |
| 12/13/2012 | 665 | MEMORANDUM OF LAW in Support re: 644 Order, *Memorandum of Law in Support of Non−Party Patton Boggs LLP's Renewed Submission Regarding Undue Burden Imposed by Chveron Corporation's Modified Subpoena and for Other Relief.* Document filed by Patton Boggs LLP. (Leader, James) (Entered: 12/13/2012) |
| 12/13/2012 | 666 | STATUS REPORT. *Joint Report Concerning Resolution of Disputes Regarding Defendants Camacho and Piaguaje's First Set of Requests to Chevron to Produce Documents* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Doyle, Tyler) (Entered: 12/13/2012) |
| 12/13/2012 | 667 | MOTION for Protective Order */ CHEVRON'S MOTION FOR PROTECTIVE ORDER TO STRIKE DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES.* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, Part1, # 2 Exhibit 1, Part 2, # 3 Exhibit 1, Part 3, # 4 Exhibit 1, Part 4, # 5 Exhibit 1, Part 5, # 6 Exhibit 1, Part 6, # 7 Exhibit 1, Part 7, # 8 Exhibit 2, # 9 Exhibit 3, # 10 Exhibit 4, # 11 Exhibit 5, # 12 Exhibit 6, # 13 Exhibit 7, # 14 Exhibit 8)(Mastro, Randy) (Entered: 12/13/2012) |
| 12/17/2012 | 668 | NOTICE OF APPEARANCE by Christopher Michael Joralemon on behalf of Chevron Corporation (Joralemon, Christopher) (Entered: 12/17/2012) |
| 12/17/2012 | 669 | NOTICE OF APPEARANCE by Charles MacNeil Mitchell on behalf of Republic of Ecuador (Mitchell, Charles) (Entered: 12/17/2012) |
| 12/17/2012 | 670 | NOTICE OF INTERLOCUTORY APPEAL from 621 Order,. Document filed by Republic of Ecuador. Filing fee $ 455.00, receipt number 0208−8071126. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Mitchell, Charles) (Entered: 12/17/2012) |
| 12/17/2012 | 671 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan, from James K. Leader, dated 12/13/2012, re: request an extension of time up to and including January 7, 2012, four business days following the New Years' holiday, for Patton Boggs to file its response to Chevron Corporation's Supplemental Brief in Response to Patton Boggs's Objections to Subpoena (Dkts. 656−00 − 658−40). ENDORSEMENT: Time extended until and including Jan. 4, 2013. ( Responses due by 1/4/2013) (Signed by Judge Lewis A. Kaplan on 12/17/2012) (ja) (Entered: 12/17/2012) |

| | | |
|---|---|---|
| 12/17/2012 | 672 | RESPONSE in Opposition re: 667 MOTION for Protective Order / *CHEVRON'S MOTION FOR PROTECTIVE ORDER TO STRIKE DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMIS. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Doyle, Tyler) (Entered: 12/17/2012)* |
| 12/17/2012 | 673 | NOTICE OF INTERLOCUTORY APPEAL from 621 Order,. Document filed by Patton Boggs LLP. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Leader, James) (Entered: 12/17/2012) |
| 12/17/2012 | 674 | MEMORANDUM OF LAW in Opposition re: 645 MOTION to Intervene. *CHEVRON CORPORATION'S OPPOSITION TO THE HUAORANI INTERVENORS' MOTION TO INTERVENE*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/17/2012) |
| 12/17/2012 | 675 | DECLARATION of Jason B. Stavers in Opposition re: 645 MOTION to Intervene.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3034, # 2 Exhibit 3035, # 3 Exhibit 3036, # 4 Exhibit 3037, # 5 Exhibit 3038, # 6 Exhibit 3039, # 7 Exhibit 3040, # 8 Exhibit 3041, # 9 Exhibit 3042, # 10 Exhibit 3043, # 11 Exhibit 3044, # 12 Exhibit 3045)(Mastro, Randy) (Entered: 12/17/2012) |
| 12/17/2012 | 676 | JOINT MOTION for Protective Order. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 12/17/2012) |
| 12/17/2012 | | Appeal Fee Due: for 673 Notice of Interlocutory Appeal. $455.00 Appeal fee due by 1/2/2013. (nd) (Entered: 12/18/2012) |
| 12/18/2012 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 673 Notice of Interlocutory Appeal. (nd) (Entered: 12/18/2012) |
| 12/18/2012 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 438 MOTION to Strike CHEVRON CORPORATION'S MARCH 16, 2012 LETTER BRIEF filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 24 Declaration in Support, filed by Chevron Corporation, 141 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 239 Rule 26(f) Discovery Plan Report filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 388 Order on Motion to Withdraw as Attorney, 139 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 254 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 194 Order on Motion to Appear Pro Hac Vice, 96 Declaration in Support, filed by Chevron Corporation, 168 Letter, filed by Chevron Corporation, 434 Order, Set Motion and R&R Deadlines/Hearings, 237 Order to Show Cause, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 249 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 107 Declaration in Support, filed by Chevron Corporation, 284 Order to Show Cause, 109 Declaration in Support, filed by Chevron Corporation, 430 Reply, filed by Chevron Corporation, 199 Order to Show Cause, 134 Affidavit, filed by Chevron Corporation, 80 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 268 MOTION for Nikki K. Vo to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 93 Declaration in Support filed by Chevron Corporation, 78 Order, Set Deadlines/Hearings, 132 Declaration in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, 102 Declaration in Support, filed by Chevron Corporation, 282 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 111 Declaration in Support, filed by Chevron Corporation, 138 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 267 Order, Set Scheduling Order Deadlines, 30 Declaration in Support, filed by Chevron Corporation, 82 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 360 MOTION for Carlos A. Zelaya, II to Withdraw as Attorney. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 230 Declaration in Support, filed by Chevron Corporation, 307 Answer to Amended Complaint filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 163 Certificate of Service Other, filed by Chevron Corporation, 420 Response to Order to Show Cause filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The |

Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 454 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 270 MOTION for Matthew M. Werdegar to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 461 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 409 Affidavit in Support of Motion, filed by Chevron Corporation, 339 Letter, filed by Chevron Corporation, 460 Notice (Other) filed by Chevron Corporation, 357 Certificate of Service Other, filed by Chevron Corporation, 405 Memorandum of Law in Support of Motion filed by Chevron Corporation, 17 Declaration in Support, filed by Chevron Corporation, 178 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 241 Order, 374 MOTION to Strike Document No. [355, 356, 370] Declarations of Hendricks and Maloney filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 370 Declaration in Support of Motion, filed by Chevron Corporation, 146 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 359 Notice of Change of Address filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 32 Declaration in Support, filed by Chevron Corporation, 193 Order, Set Deadlines/Hearings, 341 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 318 Notice (Other) filed by Chevron Corporation, 416 Status Report filed by Chevron Corporation, 140 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 212 Jury Demand filed by The Law Offices of Steven R. Donziger, Steven Donziger, 384 Notice (Other) filed by Chevron Corporation, 161 Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 75 Affidavit of Service Other, filed by Chevron Corporation, 248 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 91 Reply Memorandum of Law in Support filed by Chevron Corporation, 208 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 170 Endorsed Letter, 309 Order, Add and Terminate Attorneys, 330 MOTION to Strike – CHEVRON CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTAIN DEFENSES ASSERTED BY DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN DONZIGER, DONZIGER & ASSOCIATES, PLLC, HUGO filed by Chevron Corporation, 457 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 226 Jury Demand filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 121 Declaration filed by Chevron Corporation, 68 Affidavit of Service Complaints, filed by Chevron Corporation, 285 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 361 Affidavit in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 257 Rule 7.1 Corporate Disclosure Statement filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 180 Letter, 136 Stipulation and Order, Set Deadlines/Hearings, 435 Order on Motion to Appear Pro Hac Vice, 315 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 443 Order on Motion to Strike, 166 MOTION for John W. Keker to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, 211 Notice (Other), Notice (Other) filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 445 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 182 Order on Motion to Transfer Case, 64 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 127 Order, Set Deadlines, 31 Declaration in Support, filed by Chevron Corporation, 92 Declaration in Support filed by Chevron Corporation, 314 USCA Order – Other, 100 Declaration in Support filed by Chevron Corporation, 439 Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 437 Order on Motion to Appear Pro Hac Vice, 369 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 22 Declaration in Support, filed by Chevron Corporation, 381 Letter, 320 MOTION to Dismiss Amended complaint filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 326 Order, Set Deadlines, 280 Order, 97 Declaration in Support, filed by Chevron Corporation, 458 Declaration in Support of Motion, filed by Chevron Corporation, 297 Memorandum of Law in Opposition filed by Chevron Corporation, 234 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 448 Transcript, 218 Jury Demand filed by Ann

Maest, Douglas Beltman, Stratus Consulting, Inc., <u>433</u> Order on Motion to Appear Pro Hac Vice, <u>53</u> Declaration in Support, filed by Chevron Corporation, <u>154</u> Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>217</u> MOTION for Paula L. Blizzard, Matthew M. Werdegar, William S. Hicks, Christopher J. Young, and Nikki H. Vo to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>304</u> Declaration in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, <u>181</u> Memorandum & Opinion, <u>57</u> Declaration in Support, filed by Chevron Corporation, <u>195</u> Order, <u>131</u> Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>337</u> Stipulation and Order, Set Deadlines/Hearings, <u>397</u> Memorandum of Law in Support of Motion, filed by Chevron Corporation, <u>355</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>235</u> Order on Motion to Appear Pro Hac Vice, <u>286</u> Affidavit in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>39</u> Declaration in Support, filed by Chevron Corporation, <u>401</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>87</u> Order, <u>198</u> Bond filed by Chevron Corporation, <u>206</u> Declaration in Support, filed by Chevron Corporation, <u>125</u> Certificate of Service Other filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>418</u> Costs Taxed, <u>35</u> Declaration in Support, filed by Chevron Corporation, <u>231</u> Order, Set Deadlines/Hearings, <u>449</u> Notice of Filing Transcript, <u>185</u> Letter, <u>3</u> Notice of Case Assignment/Reassignment, <u>49</u> Declaration in Support, filed by Chevron Corporation, <u>106</u> Declaration in Support, filed by Chevron Corporation, <u>399</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>382</u> Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>34</u> Declaration in Support, filed by Chevron Corporation, <u>33</u> Declaration in Support, filed by Chevron Corporation, <u>202</u> Certificate of Service Other, filed by Chevron Corporation, <u>427</u> Endorsed Letter, <u>333</u> Memorandum of Law in Opposition to Motion filed by Chevron Corporation, <u>417</u> Notice (Other) filed by Chevron Corporation, <u>412</u> Endorsed Letter, <u>406</u> Affidavit in Support of Motion, filed by Chevron Corporation, <u>95</u> Declaration in Support filed by Chevron Corporation, <u>462</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>421</u> Declaration in Support, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, <u>40</u> Declaration in Support, filed by Chevron Corporation, <u>21</u> Declaration in Support,, filed by Chevron Corporation, <u>67</u> Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>346</u> Notice of Filing Transcript, <u>122</u> Declaration filed by Chevron Corporation, <u>152</u> Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, <u>319</u> Reply Memorandum of Law in Support, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, <u>390</u> USCA Mandate, <u>400</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>52</u> Declaration in Support, filed by Chevron Corporation, <u>120</u> Declaration filed by Chevron Corporation, <u>83</u> Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>19</u> Declaration in Support, filed by Chevron Corporation, <u>214</u> Certificate of Service Other, filed by Chevron Corporation, <u>60</u> Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>317</u> Notice (Other) filed by Chevron Corporation, <u>272</u> Order on Motion to Appear Pro Hac Vice, <u>196</u> Order on Motion to Appear Pro Hac Vice, <u>183</u> Order on Motion for Leave to File Document, <u>332</u> Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>219</u> MOTION for F. Gerald Maples to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>124</u> Notice of Appearance filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>441</u> Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, <u>269</u> MOTION for Christopher J. Young to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>243</u> Memorandum of Law in Support of Motion filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>425</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>37</u> Declaration in Support, filed by Chevron Corporation, <u>323</u> Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>118</u> Declaration filed by Chevron Corporation, <u>85</u> Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>2</u> Rule 7.1 Corporate Disclosure Statement filed by Chevron Corporation, <u>354</u> Memorandum of Law in Support of Motion filed by Chevron Corporation, <u>123</u> Declaration filed by Chevron Corporation, <u>278</u> Memorandum & Opinion, <u>229</u> Reply Memorandum of

Law in Support filed by Chevron Corporation, 42 Declaration in Support, filed by Chevron Corporation, 14 Declaration in Support, filed by Chevron Corporation, 86 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 271 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 452 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 244 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 367 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 338 Letter, filed by Chevron Corporation, 50 Declaration in Support, filed by Chevron Corporation, 343 Memorandum & Opinion, 375 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 228 Endorsed Letter, 358 Order, 56 Declaration in Support, filed by Chevron Corporation, 281 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 70 Affidavit of Service Complaints filed by Ann Maest, 365 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 300 Declaration in Opposition filed by Chevron Corporation, 88 Order, 391 MOTION for Recusal. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 157 Stipulation and Order, Set Deadlines/Hearings, 1 Complaint, filed by Chevron Corporation, 73 Affidavit of Service Other, filed by Chevron Corporation, 201 Declaration in Support, filed by Chevron Corporation, 377 Memorandum & Opinion, 220 Response to Order to Show Cause filed by The Law Offices of Steven R. Donziger, Steven Donziger, 114 Letter, 142 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 287 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 28 Declaration in Support, filed by Chevron Corporation, 256 Declaration in Support filed by Chevron Corporation, 262 Supplemental ROA Sent to USCA – Index, 143 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 263 Order, 149 Memorandum of Law in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 345 Transcript, 215 Certificate of Service Other filed by Chevron Corporation, 79 Order, Set Deadlines/Hearings, 76 Notice (Other) filed by Steven Donziger, 153 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 298 Declaration in Opposition, filed by Chevron Corporation, 293 MOTION to Intervene Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates, PLLC's Memorandum of Law In Support of Application by Order to Show Cause Why They Should Not be Permitted to Intervene in the Declaratory Jud filed by The Law Offices of Steven R. Donziger, Steven Donziger, 81 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 379 Declaration, 290 Transcript, 294 Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 349 USCA Mandate, 71 Affidavit of Service Complaints filed by Chevron Corporation, 179 Declaration in Opposition to Motion, filed by Chevron Corporation, 302 MOTION to Dismiss (Notice of Motion to Dismiss Chevron Corporation's Amended Complaint) filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 305 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 74 Affidavit of Service Other, filed by Chevron Corporation, 117 Declaration filed by Chevron Corporation, 238 Pre–Conference Statement filed by Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 150 MOTION Increase the Bond (on Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 376 Response in Support of Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 26 Declaration in Support, filed by Chevron Corporation, 277 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 255 Response filed by Chevron Corporation, 383 Notice (Other) filed by Chevron Corporation, 392 Order on Motion for Recusal,,,, 335 Order,, 313 Declaration in Support filed by Chevron Corporation, 362 Order on Motion to Withdraw as Attorney, 356 Declaration in Support of Motion, filed by Chevron Corporation, 347 Notice of Change of Address, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 12 Declaration in Support, filed by Chevron Corporation, 442 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 62 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 147 Declaration in Support of Motion,

filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>177</u> Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>308</u> Endorsed Letter, Set Deadlines, <u>386</u> MOTION for Jessica R. Torbin to Withdraw as Attorney of Record filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>151</u> Memorandum of Law in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>260</u> Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>279</u> Scheduling Order, <u>204</u> Certificate of Service Other, filed by Chevron Corporation, <u>160</u> MOTION to Transfer Case – Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et al., 93–CV–07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>334</u> Certificate of Service Other, filed by Chevron Corporation, <u>43</u> Declaration in Support, filed by Chevron Corporation, <u>242</u> MOTION to Dismiss (Notice of Motion to Dismiss) filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>350</u> Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>245</u> Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>133</u> Affidavit in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>25</u> Declaration in Support, filed by Chevron Corporation, <u>419</u> Certificate of Service Other filed by Chevron Corporation, <u>414</u> Status Report, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Stratus Consulting, Inc., Hugo Gerardo Camacho Naranjo, Steven Donziger, Stratus Consulting, Inc., The Law Offices of Steven R. Donziger, Douglas Beltman, Ann Maest, <u>336</u> Amended Notice of Appeal filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>431</u> Declaration in Support, filed by Chevron Corporation, <u>415</u> Notice (Other) filed by Chevron Corporation, <u>207</u> Notice of Appearance filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>274</u> Order on Motion to Appear Pro Hac Vice, <u>371</u> Endorsed Letter, <u>159</u> Notice (Other), Notice (Other) filed by Steven Donziger, The Law Offices of Steven R. Donziger, <u>162</u> Certificate of Service Other, filed by Chevron Corporation, <u>144</u> MOTION to Increase Bond Amount (On Short Notice) MOTION to Increase Bond Amount (On Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>213</u> Stipulation and Order, Set Deadlines, <u>327</u> Memorandum & Opinion, <u>463</u> Letter, filed by Chevron Corporation, <u>65</u> Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>116</u> Declaration in Support filed by Chevron Corporation, <u>240</u> Pre–Conference Statement filed by Chevron Corporation, <u>266</u> Order on Motion for Oral Argument, <u>289</u> Order, Set Deadlines, <u>368</u> Memo Endorsement, <u>130</u> Notice of Appearance filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>252</u> Declaration in Opposition, filed by Chevron Corporation, <u>98</u> Declaration in Support filed by Chevron Corporation, <u>353</u> MOTION for Attachment Defendants' Assets / CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF filed by Chevron Corporation, <u>29</u> Declaration in Support, filed by Chevron Corporation, <u>77</u> Order, Set Deadlines/Hearings, <u>171</u> MOTION for Martin D. Beier, Joe L. Silver and Jessica R. Torbin to Appear Pro Hac Vice. filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>172</u> MOTION for Leave to File Supplemental Opposition to Chevron Corporation's Motion for Preliminary Injunction. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>210</u> Order on Motion to Appear Pro Hac Vice, <u>69</u> Affidavit of Service Complaints filed by Chevron Corporation, <u>48</u> Declaration in Support, filed by Chevron Corporation, <u>322</u> Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>402</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>8</u> Declaration in Support, filed by Chevron Corporation, <u>10</u> Declaration in Support, filed by Chevron Corporation, <u>303</u> Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>115</u> Declaration in Support filed by Chevron Corporation, <u>348</u> Memorandum & Opinion, <u>447</u> Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, <u>352</u> USCA Mandate, <u>224</u> Response to Order to Show Cause filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>413</u> Order to Show Cause, <u>340</u> Reply Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>190</u> MOTION for Carlos A Zelaya, II to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>408</u>

Declaration in Support of Motion filed by Chevron Corporation, 440 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 119 Declaration filed by Chevron Corporation, 27 Declaration in Support, filed by Chevron Corporation, 227 Order, 283 Amended Complaint, filed by Chevron Corporation, 156 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 275 Response, filed by Chevron Corporation, 422 Declaration, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 112 Order, 5 Memorandum of Law in Support filed by Chevron Corporation, 324 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 158 Letter, 389 Order, 410 Declaration in Support of Motion, filed by Chevron Corporation, 44 Declaration in Support, filed by Chevron Corporation, 331 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 373 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 428 Endorsed Letter, 258 Answer to Complaint filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 203 Certificate of Service Other, filed by Chevron Corporation, 184 Letter, 310 Memorandum & Opinion, 328 Order, 23 Declaration in Support, filed by Chevron Corporation, 105 Declaration in Support, filed by Chevron Corporation, 45 Declaration in Support, filed by Chevron Corporation, 429 Letter, filed by Chevron Corporation, 456 Joinder, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 61 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 38 Declaration in Support, filed by Chevron Corporation, 444 Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 424 Memorandum of Law in Support of Motion filed by Chevron Corporation, 7 Declaration in Support, filed by Chevron Corporation, 325 Reply Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 292 Order to Show Cause, 36 Declaration in Support, filed by Chevron Corporation, 41 Declaration in Support, filed by Chevron Corporation, 113 MOTION for Scott A. Edelman, William E. Thomson and Andrea E. Neuman to Appear Pro Hac Vice filed by Chevron Corporation, 411 Declaration in Support of Motion, filed by Chevron Corporation, 126 Order on Motion to Appear Pro Hac Vice, 426 Memo Endorsement, 186 Letter, 46 Declaration in Support, filed by Chevron Corporation, 273 Order on Motion to Appear Pro Hac Vice, 6 Declaration in Support, filed by Chevron Corporation, 200 Memorandum of Law in Support filed by Chevron Corporation, 135 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 128 Letter, filed by Pablo Fajardo Mendoza, 316 Notice (Other) filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 251 Memorandum of Law in Opposition filed by Chevron Corporation, 59 Notice of Appearance filed by Chevron Corporation, 222 Rule 7.1 Corporate Disclosure Statement filed by Stratus Consulting, Inc., 423 MOTION for Order to Show Cause / [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND. filed by Chevron Corporation, 197 MOTION for Jan Nielsen Little to Appear Pro Hac Vice filed by Steven Donziger, The Law Offices of Steven R. Donziger, 464 Letter, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 47 Declaration in Support, filed by Chevron Corporation, 366 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 94 Declaration in Support filed by Chevron Corporation, 90 Endorsed Letter, 110 Declaration in Support, filed by Chevron Corporation, 432 Certificate of Service Other filed by Chevron Corporation, 104 Declaration in Support filed by Chevron Corporation, 223 Memorandum of Law in Opposition filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 11 Declaration in Support, filed by Chevron Corporation, 63 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 192 Order on Motion to Appear Pro Hac Vice, 99 Declaration in Support filed by Chevron Corporation, 103 Declaration in Support, filed by Chevron Corporation, 189 Reply Memorandum of Law in Support of Motion filed by Steven Donziger, The Law Offices of Steven R. Donziger, 54 Declaration in Support, filed by Chevron Corporation, 299 Declaration in Opposition filed by Chevron Corporation, 20

Declaration in Support, filed by Chevron Corporation, <u>101</u> Declaration in Support filed by Chevron Corporation, <u>155</u> Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>129</u> Stipulation and Order, Set Deadlines, <u>4</u> Order to Show Cause, <u>276</u> Declaration, filed by Chevron Corporation, <u>436</u> Order on Motion to Appear Pro Hac Vice, <u>233</u> Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>72</u> Affidavit of Service Other, filed by Chevron Corporation, <u>321</u> Declaration in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>18</u> Declaration in Support, filed by Chevron Corporation, <u>188</u> Order on Motion for Miscellaneous Relief, <u>66</u> Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>291</u> Notice of Filing Transcript, <u>342</u> Order on Motion to Dismiss, <u>363</u> Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>385</u> USCA Order, <u>169</u> Letter, <u>404</u> MOTION for Order to Show Cause Why Attachment of Defendants' Assets Should Not Be Ordered filed by Chevron Corporation, <u>16</u> Declaration in Support, filed by Chevron Corporation, <u>13</u> Declaration in Support, filed by Chevron Corporation, <u>58</u> Declaration in Support, filed by Chevron Corporation, <u>344</u> Order, <u>288</u> Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>312</u> Memorandum of Law in Opposition, filed by Chevron Corporation, <u>295</u> Memorandum of Law in Support, filed by Steven Donziger, The Law Offices of Steven R. Donziger, <u>296</u> Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, <u>396</u> MOTION for Summary Judgment CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL. filed by Chevron Corporation, <u>259</u> Answer to Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>372</u> MOTION for Leave to File Sur Reply to Motion for Attachment and Other Relief.. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, <u>465</u> Notice of Appeal filed by Patton Boggs LLP, <u>450</u> Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, <u>301</u> Rule 7.1 Corporate Disclosure Statement filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>453</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>451</u> Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, <u>148</u> Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>209</u> Stipulation and Order, Add and Terminate Attorneys,, <u>216</u> Certificate of Service Other filed by Chevron Corporation, <u>364</u> Memorandum of Law in Opposition to Motion, filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>459</u> Memorandum & Opinion, <u>351</u> USCA Order, <u>387</u> Certificate of Service Other filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>145</u> Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>264</u> Letter filed by Steven Donziger, <u>15</u> Declaration in Support, filed by Chevron Corporation, <u>205</u> Notice (Other), Notice (Other) filed by Chevron Corporation, <u>246</u> Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>446</u> Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, <u>89</u> Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>167</u> Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>398</u> Rule 56.1 Statement filed by Chevron Corporation, <u>407</u> Declaration in Support of Motion filed by Chevron Corporation, <u>380</u> Letter,, filed by Chevron Corporation, <u>137</u> Memorandum of Law in Opposition filed by Steven Donziger, The Law Offices of Steven R. Donziger, <u>306</u> Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>187</u> Order, <u>329</u> Order, <u>108</u> Declaration in Support, filed by Chevron Corporation, <u>378</u> Order on Motion for Leave to File Document, Order on Motion to Strike,, <u>221</u> Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, <u>236</u> Order, Set Deadlines/Hearings, <u>55</u> Declaration in Support filed by Chevron Corporation, <u>51</u> Declaration in Support, filed by Chevron Corporation, <u>9</u> Declaration in Support, filed by Chevron Corporation, <u>455</u> Declaration in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>225</u> MOTION for Oral Argument REQUEST for Oral Argument in

Connection with Chevron's Motion to Bifurcate Declaratory Judgment Claim in Whole or in Part filed by Steven Donziger, The Law Offices of Steven R. Donziger, 311 Answer to Amended Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 84 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 626 Endorsed Letter,, 624 MOTION to Compel Chevron Corporation to Produce. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 676 JOINT MOTION for Protective Order. filed by Chevron Corporation, 674 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 607 Endorsed Letter, 646 Memorandum of Law in Support of Motion,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Yehua Tega Huani, Nenquimo Venancio Nihua, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 477 Notice of Appearance filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 525 Declaration in Support of Motion filed by Patton Boggs LLP, 675 Declaration in Opposition to Motion, filed by Chevron Corporation, 618 MOTION for Protective Order *to Strike the LAPs Requests for Production*. filed by Chevron Corporation, 482 Notice (Other) filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 599 Notice of Filing Transcript, 643 Counterclaim filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 498 Order on Motion for Discovery,,,,,,, 471 Order, 653 Order,, 588 Memo Endorsement,,,, 625 Letter,,, filed by Chevron Corporation, 647 Declaration in Support of Motion,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 556 Declaration in Support of Motion filed by Patton Boggs LLP, 659 Declaration in Support filed by Patton Boggs LLP, 549 Declaration in Opposition to Motion, filed by Chevron Corporation, 575 Declaration in Opposition to Motion, filed by Chevron Corporation, 567 Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 601 Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 576 Order on Motion to Appear Pro Hac Vice, 562 MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS. filed by Chevron Corporation, 559 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 629 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 496 Response in Opposition to Motion, filed by Chevron Corporation, 487 MOTION for Patricia M. Hamill to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 621 Order, 536 Letter,, filed by Chevron Corporation, 495 Order on Motion for Discovery,,,,, 555 Declaration in Support of Motion filed by Patton Boggs LLP, 649 MOTION for Certificate of Appealability *Notice of Motion for Certification of the Court's November 27, 2012 Order for Interlocutory Appeal*. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 539 Reply filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 611 Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 632 Reply filed by Chevron Corporation, 505 Reply Memorandum of Law in Support of

Motion, filed by Chevron Corporation, <u>668</u> Notice of Appearance filed by Chevron Corporation, <u>513</u> Opposition Brief filed by Laura J Garr, <u>475</u> MOTION for Discovery *to Carry Over and Calendar Chevron's Motions to Compel Directed to Joseph Kohn, Andrew Woods, and Laura Garr.* filed by Chevron Corporation, <u>540</u> Opposition Brief, filed by Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, <u>596</u> Notice of Filing Transcript,, <u>522</u> MOTION to Quash Subpoena Duces Tecum of Patton Boggs. filed by Patton Boggs LLP, <u>499</u> Amended Answer to Complaints filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, <u>614</u> Counter Statement to Rule 56.1 filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>566</u> MOTION for Leave to File Amended Answer and Counterclaims. filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>533</u> Endorsed Letter, Set Motion and R&R Deadlines/Hearings,, <u>563</u> Response in Opposition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>639</u> Notice of Appearance,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, <u>635</u> Memo Endorsement,,,,, <u>504</u> MOTION for Jason B. Stavers to Appear Pro Hac Vice. filed by Chevron Corporation, <u>503</u> Notice of Appearance filed by Chevron Corporation, <u>483</u> MOTION for Summary Judgment. filed by Chevron Corporation, <u>472</u> Order on Motion to Dismiss,, <u>518</u> Memorandum of Law in Support of Motion filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>595</u> Transcript,, <u>594</u> Order, <u>631</u> Declaration in Support of Motion,, filed by Chevron Corporation, <u>554</u> MOTION for Justina K. Sessions to Appear Pro Hac Vice *Corrected*. **Motion and supporting papers to be reviewed by Clerk's Office staff.** filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>648</u> Endorsed Letter, Set Hearings,,,, <u>604</u> Transcript,, <u>506</u> Declaration in Support of Motion filed by Chevron Corporation, <u>636</u> Order, <u>617</u> Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>548</u> Affidavit in Opposition to Motion filed by Chevron Corporation, <u>502</u> Memorandum of Law in Opposition to Motion filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, <u>657</u> Response filed by Chevron Corporation, <u>608</u> MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS. filed by Chevron Corporation, <u>602</u> Transcript,, <u>538</u> Endorsed Letter,,, <u>660</u> Declaration,, filed by Patton Boggs LLP, <u>537</u> Endorsed Letter, Set Deadlines,,,, <u>577</u> Stipulation and Order,,, <u>485</u> Declaration in Support of Motion filed by Chevron Corporation, <u>665</u> Memorandum of Law in Support, filed by Patton Boggs LLP, <u>553</u> MOTION for Leave to File Second Amended Answer to Amended Complaint Separate Defenses, and Jury Trial Demand. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>667</u> MOTION for Protective Order */ CHEVRON'S MOTION FOR PROTECTIVE ORDER TO STRIKE DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMIS filed by Chevron Corporation, 473 Notice (Other) filed by Chevron Corporation, 519 Affidavit in Support of Motion filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 488 MOTION for James J. Rohn to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 591 MOTION to Quash. filed by John Rodgers, 507 Order on Motion to Appear Pro Hac Vice, 652 Stipulation and Order,,,,, 587 Order, Set Deadlines/Hearings,, 593 Notice of Appearance filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 664 Declaration filed by Patton Boggs LLP, 582 Order, Set Deadlines/Hearings,, 494 Order, Set Deadlines/Hearings,,,, 564 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R.*

Donziger, *619* MOTION for Protective Order Striking the LAPs Request for Production (CORRECTED). MOTION for Protective Order Striking the LAPs Request for Production (CORRECTED). filed by Chevron Corporation, *622* Reply Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, *638* Order on Motion for Leave to File Document,, *673* Notice of Interlocutory Appeal filed by Patton Boggs LLP, *672* Response in Opposition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, *584* Memorandum of Law in Support of Motion, filed by Chevron Corporation, *561* Declaration in Opposition to Motion,,, filed by Chevron Corporation, *508* SECOND MOTION for Discovery for Miscellaneous Relief in Connection with Responding to Non−Party Subpoena Propounded by Chevron Corporation. filed by Patton Boggs LLP, *645* MOTION to Intervene. filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, *535* Endorsed Letter,, *669* Notice of Appearance filed by Republic of Ecuador, *585* Rule 56.1 Statement filed by Chevron Corporation, *541* Memorandum of Law in Opposition to Motion filed by Chevron Corporation, *474* Answer to Amended Complaint filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, *616* Response in Opposition to Motion,, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, *583* MOTION for Summary Judgment − CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW § 487). filed by Chevron Corporation, *620* Stipulation and Order, Set Deadlines/Hearings,, *550* Memorandum & Opinion,,,,,,,,, *655* Status Report filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, *633* Order on Motion to Compel, Order on Motion for Protective Order,,,,,,,,,,,,, *527* Memorandum of Law in Support of Motion filed by Patton Boggs LLP, *640* Notice of Appearance,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, *531* Response, filed by Chevron Corporation, *644* Order, *609* Stipulation and Order, Set Deadlines,, *612* Counter Statement to Rule 56.1 filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, *592* MOTION to Quash. filed by Laura Belanger, *581* Reply Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, *557* Declaration in Support of Motion, filed by Patton Boggs LLP, *670* Notice of Interlocutory Appeal filed by Republic of Ecuador, *476* Notice of Appearance filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., *579* Response to Discovery filed by Patton Boggs LLP, *523* Declaration in Support of Motion filed by Patton Boggs LLP, *529* Declaration in Support of Motion, filed by Patton Boggs LLP, *605* Notice of Filing Transcript,, *491* Order on Motion to Appear Pro Hac Vice, *479* Response in Opposition to Motion, filed by Andrew Woods, Laura J Garr, *600* MOTION for Judgment on the Pleadings Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje's Notice of Motion for Judgment on the Pleadings. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, *497* Endorsed Letter,,, *551* Order on Motion for Summary Judgment, *558* Reply Memorandum of Law in Support of Motion filed by Patton Boggs LLP, *580* Reply Memorandum of Law in Oppisition to Motion, filed by

*Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 663 Status Report, filed by Chevron Corporation, 510 Response filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 615 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 470 Letter,, filed by Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, 666 Status Report, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 654 Letter, 468 Memorandum & Opinion,,, 489 MOTION for Joshua J. Voss to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 501 Declaration in Opposition to Motion filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 469 Certificate of Clerk, 598 Transcript,, 478 Response to Motion filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 613 Declaration in Support of Motion,, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 597 Order on Motion to Quash,,,, 547 Affidavit in Opposition to Motion filed by Chevron Corporation, 484 Memorandum of Law in Support of Motion filed by Chevron Corporation, 534 Endorsed Letter, Set Deadlines/Hearings,, 493 MOTION for Discovery for Miscellaneous Relief in Connection with Responding to Non–Party Subpoena propounded by Chevron Corporation. filed by Patton Boggs LLP, 586 Declaration in Support of Motion,,, filed by Chevron Corporation, 546 Declaration in Opposition to Motion, filed by Chevron Corporation, 517 MOTION to Dismiss for Lack of Jurisdiction. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 532 Declaration in Support of Motion, filed by Patton Boggs LLP, 610 Stipulation and Order, Set Motion and R&R Deadlines/Hearings,,,, 467 Order on Motion for Order to Show Cause, 509 Affidavit in Support of Motion filed by Patton Boggs LLP, 606 Order,,,,, 481 Response in Opposition to Motion, filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 486 Rule 56.1 Statement filed by Chevron Corporation, 480 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 524 Declaration in Support of Motion filed by Patton Boggs LLP, 630 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 565 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 500 Order, 627 Letter, filed by Chevron Corporation, 514 Response to Motion, filed by Chevron Corporation, 662 Declaration in Support filed by Patton Boggs LLP, 658 Declaration in Support,,,, filed by Chevron Corporation, 511 Declaration filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 634 Order on Motion for Judgment on the Pleadings,,,, 623 Response to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 656 Response, filed by Chevron Corporation, 492 Order on Motion to Appear Pro Hac Vice, 490 Order on Motion to Appear Pro Hac Vice, 526 Joinder filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 671 Endorsed Letter, Set Deadlines,,,, 590 Endorsed Letter, 651 Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 512 Opposition Brief, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 637 Order on Motion for Leave to File Document, 589 Stipulation and Order, Set Motion and R&R Deadlines/Hearings,, were transmitted to the U.S. Court of Appeals. (nd) (Entered: 12/18/2012)*

| | | |
|---|---|---|
| 12/18/2012 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 670 Notice of Interlocutory Appeal. (nd) (Entered: 12/18/2012) |
| 12/18/2012 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 670 Notice of Interlocutory Appeal filed by Republic of Ecuador, 438 MOTION to Strike CHEVRON CORPORATION'S MARCH 16, 2012 LETTER BRIEF filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 24 Declaration in Support, filed by Chevron Corporation, 141 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 239 Rule 26(f) Discovery Plan Report filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 388 Order on Motion to Withdraw as Attorney, 139 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 254 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 194 Order on Motion to Appear Pro Hac Vice, 96 Declaration in Support, filed by Chevron Corporation, 168 Letter, filed by Chevron Corporation, 434 Order, Set Motion and R&R Deadlines/Hearings, 237 Order to Show Cause, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 249 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 107 Declaration in |

Support, filed by Chevron Corporation, 284 Order to Show Cause, 109 Declaration in Support, filed by Chevron Corporation, 430 Reply, filed by Chevron Corporation, 199 Order to Show Cause, 134 Affidavit, filed by Chevron Corporation, 80 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 268 MOTION for Nikki K. Vo to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 93 Declaration in Support filed by Chevron Corporation, 78 Order, Set Deadlines/Hearings, 132 Declaration in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, 102 Declaration in Support, filed by Chevron Corporation, 282 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 111 Declaration in Support, filed by Chevron Corporation, 138 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 267 Order, Set Scheduling Order Deadlines, 30 Declaration in Support, filed by Chevron Corporation, 82 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 360 MOTION for Carlos A. Zelaya, II to Withdraw as Attorney. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 230 Declaration in Support, filed by Chevron Corporation, 307 Answer to Amended Complaint filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 163 Certificate of Service Other, filed by Chevron Corporation, 420 Response to Order to Show Cause filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 454 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 270 MOTION for Matthew M. Werdegar to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 461 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 409 Affidavit in Support of Motion, filed by Chevron Corporation, 339 Letter, filed by Chevron Corporation, 460 Notice (Other) filed by Chevron Corporation, 357 Certificate of Service Other, filed by Chevron Corporation, 405 Memorandum of Law in Support of Motion filed by Chevron Corporation, 17 Declaration in Support, filed by Chevron Corporation, 178 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 241 Order, 374 MOTION to Strike Document No. [355, 356, 370] Declarations of Hendricks and Maloney filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 370 Declaration in Support of Motion, filed by Chevron Corporation, 146 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 359 Notice of Change of Address filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 32 Declaration in Support, filed by Chevron Corporation, 193 Order, Set Deadlines/Hearings, 341 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 318 Notice (Other) filed by Chevron Corporation, 416 Status Report filed by Chevron Corporation, 140 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 212 Jury Demand filed by The Law Offices of Steven R. Donziger, Steven Donziger, 384 Notice (Other) filed by Chevron Corporation, 161 Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 75 Affidavit of Service Other, filed by Chevron Corporation, 248 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 91 Reply Memorandum of Law in Support filed by Chevron Corporation, 208 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 170 Endorsed Letter, 309 Order, Add and Terminate Attorneys, 330 MOTION to Strike – CHEVRON CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTAIN DEFENSES ASSERTED BY DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN DONZIGER, DONZIGER & ASSOCIATES, PLLC, HUGO filed by Chevron Corporation, 457 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 226 Jury Demand filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 121 Declaration filed by Chevron Corporation, 68 Affidavit of Service Complaints, filed by Chevron Corporation, 285 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 361 Affidavit in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 257 Rule 7.1 Corporate Disclosure Statement filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 180 Letter, 136 Stipulation and Order, Set Deadlines/Hearings, 435 Order on Motion to Appear Pro Hac Vice, 315 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger,

443 Order on Motion to Strike, 166 MOTION for John W. Keker to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, 211 Notice (Other), Notice (Other) filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 445 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 182 Order on Motion to Transfer Case, 64 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 127 Order, Set Deadlines, 31 Declaration in Support, filed by Chevron Corporation, 92 Declaration in Support filed by Chevron Corporation, 314 USCA Order – Other, 100 Declaration in Support filed by Chevron Corporation, 439 Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 437 Order on Motion to Appear Pro Hac Vice, 369 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 22 Declaration in Support, filed by Chevron Corporation, 381 Letter, 320 MOTION to Dismiss Amended complaint filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 326 Order, Set Deadlines, 280 Order, 97 Declaration in Support, filed by Chevron Corporation, 458 Declaration in Support of Motion, filed by Chevron Corporation, 297 Memorandum of Law in Opposition filed by Chevron Corporation, 234 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 448 Transcript, 218 Jury Demand filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 433 Order on Motion to Appear Pro Hac Vice, 53 Declaration in Support, filed by Chevron Corporation, 154 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 217 MOTION for Paula L. Blizzard, Matthew M. Werdegar, William S. Hicks, Christopher J. Young, and Nikki H. Vo to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, 304 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 181 Memorandum & Opinion, 57 Declaration in Support, filed by Chevron Corporation, 195 Order, 131 Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 337 Stipulation and Order, Set Deadlines/Hearings, 397 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 355 Declaration in Support of Motion, filed by Chevron Corporation, 235 Order on Motion to Appear Pro Hac Vice, 286 Affidavit in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 39 Declaration in Support, filed by Chevron Corporation, 401 Declaration in Support of Motion, filed by Chevron Corporation, 87 Order, 198 Bond filed by Chevron Corporation, 206 Declaration in Support, filed by Chevron Corporation, 125 Certificate of Service Other filed by The Law Offices of Steven R. Donziger, Steven Donziger, 418 Costs Taxed, 35 Declaration in Support, filed by Chevron Corporation, 231 Order, Set Deadlines/Hearings, 449 Notice of Filing Transcript, 185 Letter, 3 Notice of Case Assignment/Reassignment, 49 Declaration in Support, filed by Chevron Corporation, 106 Declaration in Support, filed by Chevron Corporation, 399 Declaration in Support of Motion, filed by Chevron Corporation, 382 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 34 Declaration in Support, filed by Chevron Corporation, 33 Declaration in Support, filed by Chevron Corporation, 202 Certificate of Service Other, filed by Chevron Corporation, 427 Endorsed Letter, 333 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 417 Notice (Other) filed by Chevron Corporation, 412 Endorsed Letter, 406 Affidavit in Support of Motion, filed by Chevron Corporation, 95 Declaration in Support filed by Chevron Corporation, 462 Declaration in Support of Motion, filed by Chevron Corporation, 421 Declaration in Support, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 40 Declaration in Support, filed by Chevron Corporation, 21 Declaration in Support,, filed by Chevron Corporation, 67 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 346 Notice of Filing Transcript, 122 Declaration filed by Chevron Corporation, 152 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, 319 Reply Memorandum of Law in Support, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 390 USCA Mandate, 400 Declaration in Support of Motion, filed by Chevron Corporation, 52 Declaration in Support, filed by Chevron Corporation, 120 Declaration filed by Chevron Corporation, 83 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 19 Declaration in Support, filed by Chevron Corporation, 214 Certificate of Service Other, filed by

Chevron Corporation, 60 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 317 Notice (Other) filed by Chevron Corporation, 272 Order on Motion to Appear Pro Hac Vice, 196 Order on Motion to Appear Pro Hac Vice, 183 Order on Motion for Leave to File Document, 332 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 219 MOTION for F. Gerald Maples to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 124 Notice of Appearance filed by The Law Offices of Steven R. Donziger, Steven Donziger, 441 Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 269 MOTION for Christopher J. Young to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 243 Memorandum of Law in Support of Motion filed by The Law Offices of Steven R. Donziger, Steven Donziger, 425 Declaration in Support of Motion, filed by Chevron Corporation, 37 Declaration in Support, filed by Chevron Corporation, 323 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 118 Declaration filed by Chevron Corporation, 85 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 2 Rule 7.1 Corporate Disclosure Statement filed by Chevron Corporation, 354 Memorandum of Law in Support of Motion filed by Chevron Corporation, 123 Declaration filed by Chevron Corporation, 278 Memorandum & Opinion, 229 Reply Memorandum of Law in Support filed by Chevron Corporation, 42 Declaration in Support, filed by Chevron Corporation, 14 Declaration in Support, filed by Chevron Corporation, 86 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 271 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 452 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 244 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 367 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 338 Letter, filed by Chevron Corporation, 50 Declaration in Support, filed by Chevron Corporation, 343 Memorandum & Opinion, 375 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 228 Endorsed Letter, 358 Order, 56 Declaration in Support, filed by Chevron Corporation, 281 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 70 Affidavit of Service Complaints filed by Ann Maest, 365 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 300 Declaration in Opposition filed by Chevron Corporation, 88 Order, 391 MOTION for Recusal. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 157 Stipulation and Order, Set Deadlines/Hearings, 1 Complaint, filed by Chevron Corporation, 73 Affidavit of Service Other, filed by Chevron Corporation, 201 Declaration in Support, filed by Chevron Corporation, 377 Memorandum & Opinion, 220 Response to Order to Show Cause filed by The Law Offices of Steven R. Donziger, Steven Donziger, 114 Letter, 142 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 287 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 28 Declaration in Support, filed by Chevron Corporation, 256 Declaration in Support filed by Chevron Corporation, 262 Supplemental ROA Sent to USCA – Index, 143 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 263 Order, 149 Memorandum of Law in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 345 Transcript, 215 Certificate of Service Other filed by Chevron Corporation, 79 Order, Set Deadlines/Hearings, 76 Notice (Other) filed by Steven Donziger, 153 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 298 Declaration in Opposition, filed by Chevron Corporation, 293 MOTION to Intervene Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates, PLLC's Memorandum of Law In Support of Application by Order to Show Cause Why They Should Not be Permitted to Intervene in the Declaratory Jud filed by The Law Offices of Steven R. Donziger, Steven Donziger, 81 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 379 Declaration, 290 Transcript, 294 Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 349 USCA Mandate, 71 Affidavit of Service Complaints filed by Chevron Corporation, 179 Declaration in Opposition to Motion, filed by Chevron Corporation, 302 MOTION to Dismiss (Notice of Motion to Dismiss Chevron Corporation's Amended Complaint) filed by

Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 305 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 74 Affidavit of Service Other, filed by Chevron Corporation, 117 Declaration filed by Chevron Corporation, 238 Pre−Conference Statement filed by Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 150 MOTION Increase the Bond (on Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 376 Response in Support of Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 26 Declaration in Support, filed by Chevron Corporation, 277 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 255 Response filed by Chevron Corporation, 383 Notice (Other) filed by Chevron Corporation, 392 Order on Motion for Recusal,,,, 335 Order,, 313 Declaration in Support filed by Chevron Corporation, 362 Order on Motion to Withdraw as Attorney, 356 Declaration in Support of Motion, filed by Chevron Corporation, 347 Notice of Change of Address, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 12 Declaration in Support, filed by Chevron Corporation, 442 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 62 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 147 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 177 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 308 Endorsed Letter, Set Deadlines, 386 MOTION for Jessica R. Torbin to Withdraw as Attorney of Record filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 151 Memorandum of Law in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 260 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 279 Scheduling Order, 204 Certificate of Service Other, filed by Chevron Corporation, 160 MOTION to Transfer Case − Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et al., 93−CV−07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District filed by The Law Offices of Steven R. Donziger, Steven Donziger, 334 Certificate of Service Other, filed by Chevron Corporation, 43 Declaration in Support, filed by Chevron Corporation, 242 MOTION to Dismiss (Notice of Motion to Dismiss) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 350 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 245 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 133 Affidavit in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 25 Declaration in Support, filed by Chevron Corporation, 419 Certificate of Service Other filed by Chevron Corporation, 414 Status Report, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Stratus Consulting, Inc., Hugo Gerardo Camacho Naranjo, Steven Donziger, Stratus Consulting, Inc., The Law Offices of Steven R. Donziger, Douglas Beltman, Ann Maest, 336 Amended Notice of Appeal filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 431 Declaration in Support, filed by Chevron Corporation, 415 Notice (Other) filed by Chevron Corporation, 207 Notice of Appearance filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 274 Order on Motion to Appear Pro Hac Vice, 371 Endorsed Letter, 159 Notice (Other), Notice (Other) filed by Steven Donziger, The Law Offices of Steven R. Donziger, 162 Certificate of Service Other, filed by Chevron Corporation, 144 MOTION to Increase Bond Amount (On Short Notice) MOTION to Increase Bond Amount (On Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 213 Stipulation and Order, Set Deadlines, 327 Memorandum & Opinion, 463 Letter, filed by Chevron Corporation, 65 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 116 Declaration in Support filed by Chevron Corporation, 240 Pre−Conference Statement filed by Chevron Corporation, 266 Order on Motion for Oral Argument, 289 Order, Set Deadlines, 368 Memo Endorsement, 130 Notice of Appearance filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 252 Declaration in Opposition, filed by Chevron Corporation, 98 Declaration in Support filed by Chevron Corporation, 353 MOTION for Attachment Defendants' Assets / CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF filed by Chevron Corporation, 29 Declaration in Support, filed by Chevron Corporation, 77 Order, Set Deadlines/Hearings, 171 MOTION for Martin D. Beier, Joe L. Silver and Jessica R.

Torbin to Appear Pro Hac Vice. filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>172</u> MOTION for Leave to File Supplemental Opposition to Chevron Corporation's Motion for Preliminary Injunction. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>210</u> Order on Motion to Appear Pro Hac Vice, <u>69</u> Affidavit of Service Complaints filed by Chevron Corporation, <u>48</u> Declaration in Support, filed by Chevron Corporation, <u>322</u> Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>402</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>8</u> Declaration in Support, filed by Chevron Corporation, <u>10</u> Declaration in Support, filed by Chevron Corporation, <u>303</u> Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>115</u> Declaration in Support filed by Chevron Corporation, <u>348</u> Memorandum & Opinion, <u>447</u> Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, <u>352</u> USCA Mandate, <u>224</u> Response to Order to Show Cause filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>413</u> Order to Show Cause, <u>340</u> Reply Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>190</u> MOTION for Carlos A Zelaya, II to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>408</u> Declaration in Support of Motion filed by Chevron Corporation, <u>440</u> Declaration in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>119</u> Declaration filed by Chevron Corporation, <u>27</u> Declaration in Support, filed by Chevron Corporation, <u>227</u> Order, <u>283</u> Amended Complaint, filed by Chevron Corporation, <u>156</u> Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>275</u> Response, filed by Chevron Corporation, <u>422</u> Declaration, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, <u>112</u> Order, <u>5</u> Memorandum of Law in Support filed by Chevron Corporation, <u>324</u> Memorandum of Law in Opposition to Motion filed by Chevron Corporation, <u>158</u> Letter, <u>389</u> Order, <u>410</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>44</u> Declaration in Support, filed by Chevron Corporation, <u>331</u> Memorandum of Law in Support of Motion, filed by Chevron Corporation, <u>373</u> Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, <u>428</u> Endorsed Letter, <u>258</u> Answer to Complaint filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>203</u> Certificate of Service Other, filed by Chevron Corporation, <u>184</u> Letter, <u>310</u> Memorandum & Opinion, <u>328</u> Order, <u>23</u> Declaration in Support, filed by Chevron Corporation, <u>105</u> Declaration in Support, filed by Chevron Corporation, <u>45</u> Declaration in Support, filed by Chevron Corporation, <u>429</u> Letter, filed by Chevron Corporation, <u>456</u> Joinder, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>61</u> Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>38</u> Declaration in Support, filed by Chevron Corporation, <u>444</u> Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, <u>424</u> Memorandum of Law in Support of Motion filed by Chevron Corporation, <u>7</u> Declaration in Support, filed by Chevron Corporation, <u>325</u> Reply Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>292</u> Order to Show Cause, <u>36</u> Declaration in Support, filed by Chevron Corporation, <u>41</u> Declaration in Support, filed by Chevron Corporation, <u>113</u> MOTION for Scott A. Edelman, William E. Thomson and Andrea E. Neuman to Appear Pro Hac Vice filed by Chevron Corporation, <u>411</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>126</u> Order on Motion to Appear Pro Hac Vice, <u>426</u> Memo Endorsement, <u>186</u> Letter, <u>46</u> Declaration in Support, filed by Chevron Corporation, <u>273</u> Order on Motion to Appear Pro Hac Vice, <u>6</u> Declaration in Support, filed by Chevron Corporation, <u>200</u> Memorandum of Law in Support filed by Chevron Corporation, <u>135</u> Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>128</u> Letter, filed by Pablo Fajardo Mendoza, <u>316</u> Notice (Other) filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>251</u> Memorandum of Law in Opposition filed by Chevron Corporation, <u>59</u> Notice of Appearance filed by Chevron Corporation, <u>222</u> Rule 7.1 Corporate Disclosure Statement filed by Stratus Consulting, Inc., <u>423</u> MOTION for Order to Show Cause /

[PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND. filed by Chevron Corporation, 197 MOTION for Jan Nielsen Little to Appear Pro Hac Vice filed by Steven Donziger, The Law Offices of Steven R. Donziger, 464 Letter, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 47 Declaration in Support, filed by Chevron Corporation, 366 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 94 Declaration in Support filed by Chevron Corporation, 90 Endorsed Letter, 110 Declaration in Support, filed by Chevron Corporation, 432 Certificate of Service Other filed by Chevron Corporation, 104 Declaration in Support filed by Chevron Corporation, 223 Memorandum of Law in Opposition filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 11 Declaration in Support, filed by Chevron Corporation, 63 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 192 Order on Motion to Appear Pro Hac Vice, 99 Declaration in Support filed by Chevron Corporation, 103 Declaration in Support, filed by Chevron Corporation, 189 Reply Memorandum of Law in Support of Motion filed by Steven Donziger, The Law Offices of Steven R. Donziger, 54 Declaration in Support, filed by Chevron Corporation, 299 Declaration in Opposition filed by Chevron Corporation, 20 Declaration in Support, filed by Chevron Corporation, 101 Declaration in Support filed by Chevron Corporation, 155 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 129 Stipulation and Order, Set Deadlines, 4 Order to Show Cause, 276 Declaration, filed by Chevron Corporation, 436 Order on Motion to Appear Pro Hac Vice, 233 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 72 Affidavit of Service Other, filed by Chevron Corporation, 321 Declaration in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 18 Declaration in Support, filed by Chevron Corporation, 188 Order on Motion for Miscellaneous Relief, 66 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 291 Notice of Filing Transcript, 342 Order on Motion to Dismiss, 363 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 385 USCA Order, 169 Letter, 404 MOTION for Order to Show Cause Why Attachment of Defendants' Assets Should Not Be Ordered filed by Chevron Corporation, 16 Declaration in Support, filed by Chevron Corporation, 13 Declaration in Support, filed by Chevron Corporation, 58 Declaration in Support, filed by Chevron Corporation, 344 Order, 288 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 312 Memorandum of Law in Opposition, filed by Chevron Corporation, 295 Memorandum of Law in Support, filed by Steven Donziger, The Law Offices of Steven R. Donziger, 296 Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, 396 MOTION for Summary Judgment CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL. filed by Chevron Corporation, 259 Answer to Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 372 MOTION for Leave to File Sur Reply to Motion for Attachment and Other Relief.. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 465 Notice of Appeal filed by Patton Boggs LLP, 450 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 301 Rule 7.1 Corporate Disclosure Statement filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 453 Declaration in Support of Motion, filed by Chevron Corporation, 451 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 148 Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 209 Stipulation and Order, Add and Terminate Attorneys,, 216 Certificate of Service Other filed by Chevron Corporation, 364 Memorandum of Law in Opposition to Motion, filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 459 Memorandum & Opinion, 351 USCA Order, 387 Certificate of Service Other filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 145 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 264 Letter filed by Steven Donziger, 15 Declaration

in Support, filed by Chevron Corporation, 205 Notice (Other), Notice (Other) filed by Chevron Corporation, 246 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 446 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 89 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 167 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 398 Rule 56.1 Statement filed by Chevron Corporation, 407 Declaration in Support of Motion filed by Chevron Corporation, 380 Letter,, filed by Chevron Corporation, 137 Memorandum of Law in Opposition filed by Steven Donziger, The Law Offices of Steven R. Donziger, 306 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 187 Order, 329 Order, 108 Declaration in Support, filed by Chevron Corporation, 378 Order on Motion for Leave to File Document, Order on Motion to Strike,, 221 Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, 236 Order, Set Deadlines/Hearings, 55 Declaration in Support filed by Chevron Corporation, 51 Declaration in Support, filed by Chevron Corporation, 9 Declaration in Support, filed by Chevron Corporation, 455 Declaration in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 225 MOTION for Oral Argument REQUEST for Oral Argument in Connection with Chevron's Motion to Bifurcate Declaratory Judgment Claim in Whole or in Part filed by Steven Donziger, The Law Offices of Steven R. Donziger, 311 Answer to Amended Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 84 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 626 Endorsed Letter,, 624 MOTION to Compel Chevron Corporation to Produce. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 676 JOINT MOTION for Protective Order. filed by Chevron Corporation, 674 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 607 Endorsed Letter, 646 Memorandum of Law in Support of Motion,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Yehua Tega Huani, Nenquimo Venancio Nihua, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 477 Notice of Appearance filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 525 Declaration in Support of Motion filed by Patton Boggs LLP, 675 Declaration in Opposition to Motion, filed by Chevron Corporation, 618 MOTION for Protective Order to Strike the LAPs Requests for Production. filed by Chevron Corporation, 482 Notice (Other) filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 599 Notice of Filing Transcript, 643 Counterclaim filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 498 Order on Motion for Discovery,,,,,,, 471 Order, 653 Order,, 588 Memo Endorsement,,,, 625 Letter,,, filed by Chevron Corporation, 647 Declaration in Support of Motion,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 556 Declaration in Support of Motion filed by Patton Boggs LLP, 659 Declaration in Support filed by Patton Boggs LLP, 549 Declaration in Opposition to Motion, filed by Chevron Corporation, 575 Declaration in Opposition to Motion, filed by Chevron Corporation, 567

Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 601 Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 576 Order on Motion to Appear Pro Hac Vice, 562 MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS. filed by Chevron Corporation, 559 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 629 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 496 Response in Opposition to Motion, filed by Chevron Corporation, 487 MOTION for Patricia M. Hamill to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 621 Order, 536 Letter,, filed by Chevron Corporation, 495 Order on Motion for Discovery,,,,, 555 Declaration in Support of Motion filed by Patton Boggs LLP, 649 MOTION for Certificate of Appealability Notice of Motion for Certification of the Court's November 27, 2012 Order for Interlocutory Appeal. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 539 Reply filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 611 Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 632 Reply filed by Chevron Corporation, 505 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 668 Notice of Appearance filed by Chevron Corporation, 513 Opposition Brief filed by Laura J Garr, 475 MOTION for Discovery to Carry Over and Calendar Chevron's Motions to Compel Directed to Joseph Kohn, Andrew Woods, and Laura Garr. filed by Chevron Corporation, 540 Opposition Brief, filed by Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, 596 Notice of Filing Transcript,, 522 MOTION to Quash Subpoena Duces Tecum of Patton Boggs. filed by Patton Boggs LLP, 499 Amended Answer to Complaints filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 614 Counter Statement to Rule 56.1 filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 566 MOTION for Leave to File Amended Answer and Counterclaims. filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 533 Endorsed Letter, Set Motion and R&R Deadlines/Hearings,, 563 Response in Opposition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 639 Notice of Appearance,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 635 Memo Endorsement,,,,, 504 MOTION for Jason B. Stavers to Appear Pro Hac Vice. filed by Chevron Corporation, 503 Notice of Appearance filed by Chevron Corporation, 483 MOTION for Summary Judgment. filed by Chevron Corporation, 472 Order on Motion to Dismiss,, 518 Memorandum of Law in Support of Motion filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 595 Transcript,, 594 Order, 631 Declaration in Support of Motion,, filed by Chevron Corporation, 554 MOTION for Justina K. Sessions to Appear Pro Hac Vice Corrected. Motion and supporting papers to be reviewed by Clerk's Office staff. filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 648 Endorsed Letter, Set Hearings,,,, 604 Transcript,, 506 Declaration in Support of Motion filed by Chevron Corporation, 636 Order, 617 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 548 Affidavit in Opposition to Motion filed by Chevron Corporation, 502 Memorandum of Law in Opposition to Motion filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 657 Response filed by Chevron Corporation, 608 MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE

DOCUMENTS. filed by Chevron Corporation, <u>602</u> Transcript,, <u>538</u> Endorsed Letter,,, <u>660</u> Declaration,, filed by Patton Boggs LLP, <u>537</u> Endorsed Letter, Set Deadlines,,,, <u>577</u> Stipulation and Order,,, <u>485</u> Declaration in Support of Motion filed by Chevron Corporation, <u>665</u> Memorandum of Law in Support, filed by Patton Boggs LLP, <u>553</u> MOTION for Leave to File Second Amended Answer to Amended Complaint Separate Defenses, and Jury Trial Demand. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>667</u> MOTION for Protective Order / CHEVRON'S MOTION FOR PROTECTIVE ORDER TO STRIKE DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMIS filed by Chevron Corporation, <u>473</u> Notice (Other) filed by Chevron Corporation, <u>519</u> Affidavit in Support of Motion filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>488</u> MOTION for James J. Rohn to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., <u>591</u> MOTION to Quash. filed by John Rodgers, <u>507</u> Order on Motion to Appear Pro Hac Vice, <u>652</u> Stipulation and Order,,,,, <u>587</u> Order, Set Deadlines/Hearings,, <u>593</u> Notice of Appearance filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, <u>664</u> Declaration filed by Patton Boggs LLP, <u>582</u> Order, Set Deadlines/Hearings,, <u>494</u> Order, Set Deadlines/Hearings,,,, <u>564</u> Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>619</u> MOTION for Protective Order Striking the LAPs Request for Production (CORRECTED). MOTION for Protective Order Striking the LAPs Request for Production (CORRECTED). filed by Chevron Corporation, <u>622</u> Reply Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>638</u> Order on Motion for Leave to File Document,, <u>673</u> Notice of Interlocutory Appeal filed by Patton Boggs LLP, <u>672</u> Response in Opposition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>584</u> Memorandum of Law in Support of Motion, filed by Chevron Corporation, <u>561</u> Declaration in Opposition to Motion,,, filed by Chevron Corporation, <u>508</u> SECOND MOTION for Discovery for Miscellaneous Relief in Connection with Responding to Non–Party Subpoena Propounded by Chevron Corporation. filed by Patton Boggs LLP, <u>645</u> MOTION to Intervene. filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, <u>535</u> Endorsed Letter,, <u>669</u> Notice of Appearance filed by Republic of Ecuador, <u>585</u> Rule 56.1 Statement filed by Chevron Corporation, <u>541</u> Memorandum of Law in Opposition to Motion filed by Chevron Corporation, <u>474</u> Answer to Amended Complaint filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, <u>616</u> Response in Opposition to Motion,, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>583</u> MOTION for Summary Judgment – CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW § 487). filed by Chevron Corporation, <u>620</u> Stipulation and Order, Set Deadlines/Hearings,, <u>550</u> Memorandum & Opinion,,,,,,,,, <u>655</u> Status Report filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>633</u> Order on Motion to Compel, Order on Motion for Protective Order,,,,,,,,,,,,,,, <u>527</u> Memorandum of Law in Support of Motion filed by Patton Boggs LLP, <u>640</u> Notice of Appearance,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca,

Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 531 Response, filed by Chevron Corporation, 644 Order, 609 Stipulation and Order, Set Deadlines,, 612 Counter Statement to Rule 56.1 filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 592 MOTION to Quash. filed by Laura Belanger, 581 Reply Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 557 Declaration in Support of Motion, filed by Patton Boggs LLP, 670 Notice of Interlocutory Appeal filed by Republic of Ecuador, 476 Notice of Appearance filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 579 Response to Discovery filed by Patton Boggs LLP, 523 Declaration in Support of Motion filed by Patton Boggs LLP, 529 Declaration in Support of Motion, filed by Patton Boggs LLP, 605 Notice of Filing Transcript,, 491 Order on Motion to Appear Pro Hac Vice, 479 Response in Opposition to Motion, filed by Andrew Woods, Laura J Garr, 600 MOTION for Judgment on the Pleadings Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje's Notice of Motion for Judgment on the Pleadings. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 497 Endorsed Letter,,,, 551 Order on Motion for Summary Judgment, 558 Reply Memorandum of Law in Support of Motion filed by Patton Boggs LLP, 580 Reply Memorandum of Law in Oppisition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 663 Status Report, filed by Chevron Corporation, 510 Response filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 615 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 470 Letter,, filed by Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, 666 Status Report, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 654 Letter, 468 Memorandum & Opinion,,, 489 MOTION for Joshua J. Voss to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 501 Declaration in Opposition to Motion filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 469 Certificate of Clerk, 598 Transcript,, 478 Response to Motion filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 613 Declaration in Support of Motion,, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 597 Order on Motion to Quash,,,, 547 Affidavit in Opposition to Motion filed by Chevron Corporation, 484 Memorandum of Law in Support of Motion filed by Chevron Corporation, 534 Endorsed Letter, Set Deadlines/Hearings,, 493 MOTION for Discovery for Miscellaneous Relief in Connection with Responding to Non–Party Subpoena propounded by Chevron Corporation. filed by Patton Boggs LLP, 586 Declaration in Support of Motion,,, filed by Chevron Corporation, 546 Declaration in Opposition to Motion, filed by Chevron Corporation, 517 MOTION to Dismiss for Lack of Jurisdiction. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 532 Declaration in Support of Motion, filed by Patton Boggs LLP, 610 Stipulation and Order, Set Motion and R&R Deadlines/Hearings,,,, 467 Order on Motion for Order to Show Cause, 509 Affidavit in Support of Motion filed by Patton Boggs LLP, 606 Order,,,,, 481 Response in Opposition to Motion, filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 486 Rule 56.1 Statement filed by Chevron Corporation, 480 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 524 Declaration in Support of Motion filed by Patton Boggs LLP, 630 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 565 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 500 Order, 627 Letter, filed by Chevron Corporation, 514 Response to Motion, filed by Chevron Corporation, 662 Declaration in Support filed by Patton Boggs LLP, 658 Declaration in Support,,,, filed by Chevron Corporation, 511 Declaration filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 634 Order on Motion for Judgment on the Pleadings,,,, 623 Response to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 656 Response, filed by Chevron Corporation, 492 Order on Motion to Appear Pro Hac Vice, 490 Order on Motion to Appear Pro Hac Vice, 526 Joinder filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 671 Endorsed Letter, Set Deadlines,,,, 590 Endorsed Letter, 651 Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 512 Opposition Brief, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 637 Order on Motion for Leave to File Document, 589 Stipulation and

| | | |
|---|---|---|
| | | Order, Set Motion and R&R Deadlines/Hearings were transmitted to the U.S. Court of Appeals. (nd) (Entered: 12/18/2012) |
| 12/18/2012 | | Appeal Fee Paid electronically via Pay.gov: for 673 Notice of Interlocutory Appeal. Filing fee $ 455.00. Pay.gov receipt number 0208–8071541, paid on 12/17/2012. (nd) (Entered: 12/18/2012) |
| 12/19/2012 | 677 | JOINT MOTION for Order to Show Cause *Why Further Supplemental Briefing on Crime Fraud Exception Should Not be Stayed*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Doyle, Tyler) (Entered: 12/19/2012) |
| 12/19/2012 | 678 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** JOINT MOTION for Order to Show Cause *Declaration of Craig Smyser and Proposed Show Cause Order Why Further Supplemental Briefing on Crime Fraud Exception as to Patton Boggs Should Not be Stayed*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Text of Proposed Order Proposed Show Cause Order)(Doyle, Tyler) Modified on 12/20/2012 (db). (Entered: 12/19/2012) |
| 12/19/2012 | 679 | MEMORANDUM OPINION: #102710 Plaintiffs motion for a protective order is granted to the extent indicated herein. The LAP Representatives shall not seek to enforce the subpoenas listed in Dkt. 667 Ex. 1 nor obtain any documents or other things pursuant to them. This ruling is without prejudice to an application by the LAP Representatives, following the determination of plaintiffs objections to the outstanding requests for production of documents, for leave to seek to enforce any portions of the subpoenas directed to Beard, Kroll and Stroz enforcement of which is not foreclosed by this Courts rulings on those objections. (Signed by Judge Lewis A. Kaplan on 12/19/2012) (ft) Modified on 12/21/2012 (jab). (Entered: 12/19/2012) |
| 12/19/2012 | 680 | ORDER: The hearing tomorrow will commence at 11 a.m. rather than at 9:30 a.m. Status Conference set for 12/20/2012 at 11:00 AM before Judge Lewis A. Kaplan. (Signed by Judge Lewis A. Kaplan on 12/19/2012) (ft) (Entered: 12/19/2012) |
| 12/19/2012 | 681 | ORDER denying 677 Motion for Order to Show Cause. There is no reason whatever why further briefing of the crime–fraud issues should not proceed as scheduled. Certainly there would be no irreparable harm to anyone if that occurred. If the LAP Representatives and the Danziger Defendants wish to participate, they may do so on the same schedule. Their interests are exceptionally closely intertwined with those ofPB, which represents and has represented the LAP Representatives and the LAPs generally in virtually all of the US litigation relating to this overall controversy save that PB has sought to avoid entering a formal appearance in the district court in this particular case. The Court, however, hereby extends the date for the filing of responses to the December 12 and 13 submissions to and including January 7, thus giving PB every single moment that it asked for in order to respond to Chevron's submission. The application for an order to show cause (Dkt. 677) and for the relief sought by the motion that it would have brought on, had it been signed, both are denied. (Signed by Judge Lewis A. Kaplan on 12/19/2012) (ft) (Entered: 12/19/2012) |
| 12/19/2012 | 682 | STIPULATION: On November 30, 2012 a motion to intervene in this matter was filed. All Defendants in the case and the putative intervenors stipulate that any responses to the motion to intervene shall be filed no later than Friday, December 21, 2012 and that the putative intervenors' reply to those responses and to any response by Plaintiff shall be due no later than Monday, January 7, 2013. All parties to this Stipulation agree that this extension will not be used as grounds for opposing the intervention. Counsel for Plaintiff Chevron Corporation, Christopher Joralemon, has infonned Larry R. Veselka, Counsel for Defendants Camacho/Piaguaje, that Chevron has no opposition to the extension of dates in this Stipulation. (Signed by Judge Lewis A. Kaplan on 12/19/2012) (ft) (Entered: 12/19/2012) |
| 12/19/2012 | 683 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 12/18/2012 re: I write as counsel for Plaintiff Chevron Corporation in response to the Order is sued December 13, 2012, by Judge Sharpe of the Northern District of New York. ENDORSEMENT: Opposing papers shall be filed on or before Jan. 15, 2013. (Signed by Judge Lewis A. Kaplan on 12/19/2012) (ft) (Entered: 12/19/2012) |

| | | |
|---|---|---|
| 12/20/2012 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Tyler Geoffrey Doyle to RE–FILE Document 678 JOINT MOTION for Order to Show Cause *Declaration of Craig Smyser and Proposed Show Cause Order Why Further Supplemental Briefing on Crime Fraud Exception as to Patton Boggs Should Not be Stayed*. Use the event type Declaration in Support of Motion found under the event list Replies, Opposition and Supporting Documents, then link to 677 Motion. (db) (Entered: 12/20/2012) |
| 12/20/2012 | 684 | DECLARATION of Craig Smyser in Support re: 677 JOINT MOTION for Order to Show Cause *Why Further Supplemental Briefing on Crime Fraud Exception Should Not be Stayed*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Text of Proposed Order to Show Cause)(Doyle, Tyler) (Entered: 12/20/2012) |
| 12/20/2012 | 685 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED that Chevron withdraws its subpoena to Burford Group Limited; and IT IS FURTHER STIPULATED that Burford Group LLC and Glenavy Capital LLC (collectively, "Burford") will not, now or at a later date, contest service or jurisdiction with respect to the subpoenas; and IT IS FURTHER STIPULATED that the return date to file written responses and objections, if any, and begin rolling production in response to the subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued to Glenavy Capital LLC and Burford Group LLC on November 13,2012, is extended to December 21, 2012; and IT IS FURTHER STIPULATED that Chevron withdraws Requests 1 and 7 from its subpoenas to Burford Group LLC and Glenavy Capital LLC; and IT IS FURTHER STIPULATED that, until a final Protective Order has been entered by the Court, Chevron and Burford will be bound by the language of the Draft Protective Order, attached hereto. SO STIPULATED. IT IS SO ORDERED. ( Responses due by 12/21/2012) (Signed by Judge Lewis A. Kaplan on 12/20/2012) (ama) (Entered: 12/20/2012) |
| 12/20/2012 | 686 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 12/19/2012 re: I write as counsel for Plaintiff Chevron Corporation ("Chevron") regarding the Joint Application of Defendants Donziger and the LAPs by Order to Show Cause (Dkt. 677), filed this morning. Defendants urge the Court not to apply the crime–fraud exception in connection with Chevron's subpoena to Patton Boggs, and instead, to "defer resolution of that [crime–fraud] issue to the main case where the real parties in interest have the chance to brief and argue the issue.". (ama) (Entered: 12/20/2012) |
| 12/21/2012 | 687 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU (SEE DOCUMENT #689) –** REPLY MEMORANDUM OF LAW in Opposition re: 645 MOTION to Intervene.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A to Opposition to Motion to Intervene)(Doyle, Tyler) Modified on 12/26/2012 (ldi). (Entered: 12/21/2012) |
| 12/21/2012 | 688 | DECLARATION of Tyler G. Doyle in Opposition re: 645 MOTION to Intervene.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 12/21/2012) |
| 12/21/2012 | 689 | MEMORANDUM OF LAW in Opposition re: 645 MOTION to Intervene. *Refiling to correct category of docket no. 687*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A to Opposition to Motion to Intervene)(Doyle, Tyler) (Entered: 12/21/2012) |
| 12/21/2012 | 690 | JOINDER to join re: 689 Memorandum of Law in Opposition to Motion,. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Little, Jan) (Entered: 12/21/2012) |
| 12/21/2012 | 691 | MEMORANDUM OF LAW in Opposition re: 649 MOTION for Certificate of Appealability *Notice of Motion for Certification of the Court's November 27, 2012 Order for Interlocutory Appeal*. *PLAINTIFF CHEVRON'S OPPOSITION TO DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S MOTION FOR CERTIFICATION OF THE COURT'S NOVEMBER 27, 2012 ORDER FOR INTERLOCUTORY APPEAL*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/21/2012) |

| | | |
|---|---|---|
| 12/21/2012 | 692 | STATUS REPORT. *ADDENDUM TO THE JOINT REPORT CONCERNING CHEVRON'S MOTION TO COMPEL THE DONZIGER DEFENDANTS AND HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PA YAGUAJE TO PRODUCE DOCUMENTS, FILED DECEMBER 12,2012 (DKT. 663)* Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 12/21/2012) |
| 12/21/2012 | 693 | MOTION to Amend/Correct 499 Amended Answer to Complaints *to add counterclaims.* Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc..(Krause, Stuart) (Entered: 12/21/2012) |
| 12/21/2012 | 694 | DECLARATION of Stuart A. Krause in Support re: 693 MOTION to Amend/Correct 499 Amended Answer to Complaints *to add counterclaims..* Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Attachments: # 1 Exh. 1 (Part 1), # 2 Exh. 1 (Part 2), # 3 Exh. A to Exh. 1, # 4 Exh. B to Exh. 1, # 5 Exh. C to Exh. 1, # 6 Exh. D to Exh. 1, # 7 Exh. E to Exh. 1, # 8 Exh. F to Exh. 1, # 9 Exh. G to Exh. 1, # 10 Exh. H to Exh. 1, # 11 Exh. 2)(Krause, Stuart) (Entered: 12/21/2012) |
| 12/21/2012 | 695 | MEMORANDUM OF LAW in Support re: 693 MOTION to Amend/Correct 499 Amended Answer to Complaints *to add counterclaims..* Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 12/21/2012) |
| 12/24/2012 | 696 | MOTION to Dismiss. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 12/24/2012) |
| 12/24/2012 | 697 | MEMORANDUM OF LAW in Support re: 696 MOTION to Dismiss.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/24/2012) |
| 01/02/2013 | 698 | MOTION for Protective Order *to Strike Plaintff Chevron Corporation's Subpoenas to Produce Documents, Information, or Objects and for Clarification on the Status of Three Specific Subpoenas Issued by Defendants.* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Exhibit A, Part 1, # 2 Exhibit Exhibit A, Part 2, # 3 Exhibit Exhibit A, Part 3, # 4 Exhibit Exhibit B, # 5 Exhibit Exhibit C)(Doyle, Tyler) (Entered: 01/02/2013) |
| 01/02/2013 | 699 | MOTION for Leave to File Excess Pages. Document filed by Ahuame Huani Baihua, Omayihue Baihua, menemo Huani Baihua, Ahua Baihua Caiga, Daniel Ehuengei, Onenca Enomenga, Pego Enomenga, Wina Enomenga, Compa Guiquita, Bebanca Tega Huani, Cope Tega Huani, Dabota Tega Huani, Kemperi Baihua Huani, Nama Baihua Huani, Omari Apica Huani, Omene Baihua Huani, Wagui Coba Huani, Weica Apica Huani, Yehua Tega Huani, gaware Tega Huani, Wane Ima, Miipo Yatehue Kemperi, Bai Baihua Miipo, Martin Baihua Miipo, Pentibo Baihua Miipo, Nantoqui Nenquimo, Nenquimo Venancio Nihua, Okata Quipa Nihua, Cahuiya Omaca, Abamo Omene, Cai Baihua Quemperi, Conta Nenquimo Quimontari, Ehuenguinto Tega, Mencay Baihua Tega, Teweyene Luciana Nam Tega, Tepaa Quimontari Waiwa, Apara Quemperi Yate, Comita Huani Yate, Minihua Huani Yate, Namo Huani Yate, Tapare Ahua Yete, Mima Yeti.(Crawford, Kathryn) (Entered: 01/02/2013) |
| 01/02/2013 | 700 | REPLY to Response to Motion re: 649 MOTION for Certificate of Appealability *Notice of Motion for Certification of the Court's November 27, 2012 Order for Interlocutory Appeal..* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 01/02/2013) |
| 01/02/2013 | 701 | ORDER granting 699 Motion for Leave to File Excess Pages. (Signed by Judge Lewis A. Kaplan on 1/2/2013) (Kaplan, Lewis) (Entered: 01/02/2013) |
| 01/03/2013 | 702 | ORDER: In order to eliminate an unintended ambiguity, the second sentence of Section IV of the Memorandum Opinion dated December 19,2012 is hereby amended to read:The LAP Representatives shall not seek to enforce the subpoenas listed in Dkt. 667 Ex. 1 nor obtain any documents or other things pursuant to them, provided,however, that this sentence does not apply to those served on the Chamber of Commerce of the United States, Trevor Andrew Melby, and Ogilvy & Mather. (Signed by Judge Lewis A. Kaplan on 1/3/2013) (ago) (Entered: 01/03/2013) |
| 01/03/2013 | 703 | SECOND DISCOVERY STIPULATION: The Parties hereby stipulate to the following additional or modified agreements concerning discovery in the above–referenced matter. The Parties agree to move jointly for approval of this stipulation to the extent certain of the terms herein require the Court's approval. And as set forth herein. SO ORDERED. ( Motions due by 2/6/2013.) (Signed by Judge |

| | | |
|---|---|---|
| | | Lewis A. Kaplan on 1/02/2013) (ama) (Entered: 01/03/2013) |
| 01/03/2013 | 704 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – STATUS REPORT. *Joint Report by Plaintiff Chevron Corporation, Donziger Defendants, and Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje Regarding Scope Of Discovery in Relation To Sham Litigation Allegations* Document filed by Chevron Corporation.(Mastro, Randy) Modified on 1/4/2013 (db). (Entered: 01/03/2013) |
| 01/04/2013 | 705 | STATUS REPORT. *Joint Report by Plaintiff Chevron Corporation, Donziger Defendants, and Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje Regarding Scope Of Discovery in Relation to Sham Litigation Allegations.* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 01/04/2013) |
| 01/04/2013 | 706 | MEMORANDUM OF LAW in Opposition re: 698 MOTION for Protective Order *to Strike Plaintff Chevron Corporation's Subpoenas to Produce Documents, Information, or Objects and for Clarification on the Status of Three Specific Subpoenas Issued by Defendants..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 01/04/2013) |
| 01/07/2013 | 707 | MEMORANDUM OPINION: #102769 The questions with respect to which the LAP Representatives seek leave to appeal under Section 1292(b) are not controlling questions of law. At least one of them is not a question with respect to which there is substantial ground for difference of opinion. The Court finds no reasonable likelihood that interlocutory review of either of them would materially advance the termination of this litigation. Moreover, in the absence of a complete factual record and findings of fact, any interlocutory appeal would run a substantial risk of being an advisory opinion divorced from the facts that ultimately may be proved. Accordingly, the motion [DI 649] is denied both on the law and in the exercise of discretion. (Signed by Judge Lewis A. Kaplan on 1/7/13) (pl) (pl). Modified on 1/9/2013 (jab). (Entered: 01/07/2013) |
| 01/07/2013 | 708 | ORDER denying 698 Motion for Protective Order. In the circumstances, the Court has concluded that the appropriate course is to deny the present motion but to maintain the status quo with respect to those of the subpoenas other than those discussed in paragraphs 1 and 2 and to permit movants to attempt to make a showing sufficient to warrant the relief they seek. Accordingly, the motion [DI 698] is denied without prejudice to the filing, on or before January 17, 2013, of a renewed motion with respect to the subpoenas listed in Dkt. 698, Ex. A, excluding numbers 13a, 13b, and 20 ("Subpoenas 1–26 "). Plaintiff shall not seek to enforce the Subpoenas 1–26 nor obtain any documents or other things pursuant to them before January 17, 2013, and, if movants file a renewed motion by that date, pending further order of the Court. (Signed by Judge Lewis A. Kaplan on 1/7/2013) (pl) (Entered: 01/07/2013) |
| 01/07/2013 | 709 | REPLY MEMORANDUM OF LAW in Support re: 645 MOTION to Intervene.. Document filed by Ahuame Huani Baihua, Omayihue Baihua, menemo Huani Baihua, Ahua Baihua Caiga, Daniel Ehuengei, Onenca Enomenga, Pego Enomenga, Wina Enomenga, Compa Guiquita, Bebanca Tega Huani, Cope Tega Huani, Dabota Tega Huani, Kemperi Baihua Huani, Nama Baihua Huani, Omari Apica Huani, Omene Baihua Huani, Wagui Coba Huani, Weica Apica Huani, Yehua Tega Huani, gaware Tega Huani, Wane Ima, Miipo Yatehue Kemperi, Bai Baihua Miipo, Martin Baihua Miipo, Pentibo Baihua Miipo, Nantoqui Nenquimo, Nenquimo Venancio Nihua, Okata Quipa Nihua, Cahuiya Omaca, Abamo Omene, Cai Baihua Quemperi, Conta Nenquimo Quimontari, Ehuenguinto Tega, Mencay Baihua Tega, Teweyene Luciana Nam Tega, Tepaa Quimontari Waiwa, Comita Huani Yate, Minihua Huani Yate, Namo Huani Yate, Tapare Ahua Yete, Mima Yeti. (Attachments: # 1 Appendix, # 2 Exhibit 1 to Appendix, # 3 Exhibit 2 to Appendix, # 4 Exhibit 3 to Appendix)(Crawford, Kathryn) (Entered: 01/07/2013) |
| 01/07/2013 | 710 | DECLARATION of Judith Kimerling in Support re: 645 MOTION to Intervene.. Document filed by Ahuame Huani Baihua, Omayihue Baihua, menemo Huani Baihua, Ahua Baihua Caiga, Daniel Ehuengei, Onenca Enomenga, Pego Enomenga, Wina Enomenga, Compa Guiquita, Bebanca Tega Huani, Cope Tega Huani, Dabota Tega Huani, Kemperi Baihua Huani, Nama Baihua Huani, Omari Apica Huani, Omene Baihua Huani, Wagui Coba Huani, Weica Apica Huani, Yehua Tega Huani, gaware Tega Huani, Wane Ima, Miipo Yatehue Kemperi, Bai Baihua Miipo, Martin |

|  |  | Baihua Miipo, Pentibo Baihua Miipo, Nantoqui Nenquimo, Nenquimo Venancio Nihua, Okata Quipa Nihua, Cahuiya Omaca, Abamo Omene, Cai Baihua Quemperi, Conta Nenquimo Quimontari, Ehuenguinto Tega, Mencay Baihua Tega, Teweyene Luciana Nam Tega, Tepaa Quimontari Waiwa, Apara Quemperi Yate, Comita Huani Yate, Minihua Huani Yate, Namo Huani Yate, Tapare Ahua Yete, Mima Yeti. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C)(Crawford, Kathryn) (Entered: 01/07/2013) |
|---|---|---|
| 01/07/2013 | <u>711</u> | MEMORANDUM OF LAW in Opposition re: <u>693</u> MOTION to Amend/Correct <u>499</u> Amended Answer to Complaints *to add counterclaims. CHEVRON CORPORATION'S OPPOSITION TO STRATUS CONSULTING, INC.'S MOTION TO AMEND ITS ANSWER TO ASSERT COUNTERCLAIMS*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/07/2013) |
| 01/07/2013 | <u>712</u> | MEMORANDUM OF LAW in Opposition re: <u>657</u> Response *Memorandum of Law in Opposition to Chevron Corporation's Supplemental Brief in Response to Patton Boggs' Objections to Subpoena (Dkt. 657)*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 01/07/2013) |
| 01/07/2013 | <u>713</u> | MEMORANDUM OF LAW in Opposition re: <u>665</u> Memorandum of Law in Support, *PLAINTIFF CHEVRON CORPORATION'S OPPOSITION TO PATTON BOGGS LLP'S SUPPLEMENTAL SUBMISSION CLAIMING UNDUE BURDEN FROM COMPLIANCE WITH MODIFIED SUBPOENA*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/07/2013) |
| 01/07/2013 | <u>714</u> | DECLARATION of Lauren J. Elliot in Opposition re: <u>665</u> Memorandum of Law in Support,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16)(Mastro, Randy) (Entered: 01/07/2013) |
| 01/07/2013 | <u>715</u> | DECLARATION of S. Alyssa Young in Opposition re: <u>657</u> Response. Document filed by Patton Boggs LLP. (Attachments: # <u>1</u> Exhibit 1–9, # <u>2</u> Exhibit 10–15, # <u>3</u> Exhibit 16, # <u>4</u> Exhibit 17–18, # <u>5</u> Exhibit 19 part 1–3, # <u>6</u> Exhibit 19 part 4–6, # <u>7</u> Exhibit 20–25, # <u>8</u> Exhibit 26)(Young, S. Alyssa) (Entered: 01/07/2013) |
| 01/07/2013 | <u>716</u> | AFFIDAVIT of Thomas I. Barnett in Opposition re: <u>665</u> Memorandum of Law in Support,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/07/2013) |
| 01/07/2013 | <u>717</u> | DECLARATION of Richard Osman in Opposition re: <u>665</u> Memorandum of Law in Support,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/07/2013) |
| 01/07/2013 | <u>718</u> | MEMORANDUM OF LAW in Opposition re: <u>657</u> Response *To Plaintiff Chevron Corporation's Supplemental Brief*. Document filed by Patton Boggs LLP. (Young, S. Alyssa) (Entered: 01/07/2013) |
| 01/08/2013 | <u>719</u> | STIPULATION AND ORDER: IT IS HEREBY STIPULATED AND AGREED by and between the parties herein, that the time for Chevron to respond to the Stratus Defendants' Motion to Amend their Answer to Add Counterclaims [Dkt. 693] is extended to and includes January 28, 2013. SO ORDERED. ( Responses due by 1/28/2013) (Signed by Judge Lewis A. Kaplan on 1/08/2013) (ama) (Entered: 01/08/2013) |
| 01/08/2013 | <u>720</u> | ORDER: The amended complaint at various points refers to the Lago Agrio litigation or related matters as "sham" litigation. During argument of Chevron's objections to various document production requests, the LAP Representatives and/or the Donziger Defendants sought to justify certain requests as pertinent to their attempt to meet Chevron's contention. Chevron responded that it would clarify what it meant to convey by the "sham" allegations, clearly stating that it did not intend "to retry the Lago Agrio case" here. Under Fed. R. Civ. P. 16(c)(2) and (d), the Court has ample authority to formulate and simplify the issues, avoid unnecessary proof, and otherwise to facilitate the just, speedy and inexpensive disposition of the action. In light of Chevron's representation, the references in the amended complaint to the Lago Agrio |

| | | |
|---|---|---|
| | | litigation being a "sham" shall be construed as asserting that it was a sham in the sense or senses described above and shall not be construed as making any assertions with respect to the environmental conditions existing in the Oriente in the 1960s to the 1990s or the relative, substantive merit of scientists' expert opinions on that subject. SO ORDERED (Signed by Judge Lewis A. Kaplan on 1/08/2013) (ama) (Entered: 01/08/2013) |
| 01/09/2013 | 721 | ORDER:Consistent with its frequent practice, the Court dealt with the parties objections to requests for production of documents (RFPs) by plaintiff, the defendant LAP Representatives and the Donziger Defendants (collectively for purposes of this order, Defendants) during conferences held on December 20–21, 2012 and subsequently, largely without the need for written motions to compel production. This order formalizes the agreements among the parties and the Courts rulings as follows leaving for resolution only the outstanding dispute concerning whether and to what extent Defendants will be directed to produce documents from Ecuador as sought by Chevron in Dkt. 562 (the Ecuadorian Documents), which will be resolved shortly: 1. With respect to the LAP Representatives RFPs to Chevron (Dkt. 667, Ex. 6): (a) The parties have reached agreement with respect to the RFPs listed on Schedule 1. The Court adopts their agreement and directs Chevron to comply. (b) Schedule 2 sets out the Courts rulings with respect to certain other RFPs. To the extent that the RFPs there listed remain outstanding, whether in their original or in modified form, Chevron shall comply. 2. With respect to the Donziger Defendants RFPs to Chevron (Dkt. 667, Ex. 7): (a) The parties have reached agreement with respect to the RFPs listed on Schedule 3, which refers to Exhibits 1 through 9 from an earlier filing. The Court adopts their agreement and directs Chevron to comply. (b) Schedule 4, which refers to Exhibits 2, 3, 8, and 9 from the same earlier filing, sets out the Courts ruling with respect to certain other RFPs. To the extent that the RFPs there listed remain outstanding, whether in their original or in modified form, Chevron shall comply. 3. With respect to Chevrons RFPs to the Defendants: (a) The parties have reached agreement with respect to the RFPs listed on Schedule 5. The Court adopts their agreement and directs Defendants to comply. (b) Schedule 6 sets out the Courts rulings with respect to certain other RFPs. To the extent that the RFPs there listed remain outstanding, whether in their original or in modified form, Defendants shall comply. 4. For purposes of the second paragraph of the parties Second Discovery Stipulation, approved by the Court (Dkt. 703), this order resolves all disputes concerning all RFPs propounded by Chevron to any of the Defendants and by any of the Defendants to Chevron, thus triggering the agreed schedule for production, with the sole exception of the Ecuadorian Documents. (Signed by Judge Lewis A. Kaplan on 1/9/2013) (mro) (Entered: 01/09/2013) |
| 01/10/2013 | 722 | MEMORANDUM OF LAW in Opposition re: 696 MOTION to Dismiss.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Werdegar, Matthew) (Entered: 01/10/2013) |
| 01/11/2013 | 723 | PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Lewis A. Kaplan on 1/11/2013) (lmb) (Entered: 01/11/2013) |
| 01/14/2013 | 724 | MEMORANDUM AND ORDER denying 645 Motion to Intervene. The motion by the proposed intervenors (Dkt. 645) to intervene is denied. (Signed by Judge Lewis A. Kaplan on 1/14/2013) (lmb) (Entered: 01/14/2013) |
| 01/14/2013 | 725 | ORDER. The scheduling order (Dkt. 494) requires submission, among other things, of requested jury instructions on or before June 30, 2013. As counsel may be aware, the Court's practice in civil cases is to take special verdicts. Any proposed jury instructions shall be accompanied by a proposed verdict form. Counsel shall confer regarding their respective views as to the verdict form in advance of June 30 and, to the extent possible, shall submit an agreed proposed verdict form together with a joint status report summarizing any unresolved differences and concisely stating their respective positions with respect thereto. (Signed by Judge Lewis A. Kaplan on 1/14/2013) (rjm) (Entered: 01/15/2013) |
| 01/15/2013 | 726 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 1/8/2013 re: I write as counsel for Plaintiff Chevron Corporation ("Chevron") seeking clarification of this Court's order of yesterday denying the LAP Representatives' motion for a protective order (Dkt. 708). ENDORSEMENT: The |

| | | |
|---|---|---|
| | | order is entirely clear. It forecloses Chevron from seeking to enforce the subpoenas or from obtaining any documents or things pursuant to them from the date of the order until January 17 and, if a renewed motion is filed by that date, pending further order of the Court. Nothing in the order prevents (a) subpoenaed persons from voluntarily – i.e., without compulsion of a subpoena – from producing documents to Chevron, to defendants, or to anyone else, or (b) Chevron or anyone else from receiving or using any voluntarily produced documents. Nor, given the fact that the order is a temporary measure designed to maintain the status quo pending a possible renewed motion, does it require that any documents produced (a) pursuant to the subpoenas before the order was entered, or (b) voluntarily after it was entered be returned or destroyed. (Signed by Judge Lewis A. Kaplan on 1/15/2013) (rjm) (Entered: 01/15/2013) |
| 01/17/2013 | 727 | REPLY MEMORANDUM OF LAW in Support re: 693 MOTION to Amend/Correct 499 Amended Answer to Complaints *to add counterclaims*.. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 01/17/2013) |
| 01/17/2013 | 728 | SECOND MOTION for Protective Order *to Strike Chevron Subpoenas to Produce Documents*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Doyle, Tyler) (Entered: 01/17/2013) |
| 01/18/2013 | 729 | NOTICE OF INTERLOCUTORY APPEAL from 702 Order,, 679 Memorandum & Opinion,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. Filing fee $ 455.00, receipt number 0208–8157568. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Doyle, Tyler) (Entered: 01/18/2013) |
| 01/18/2013 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 729 Notice of Interlocutory Appeal. (tp) (Entered: 01/18/2013) |
| 01/18/2013 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 438 MOTION to Strike CHEVRON CORPORATION'S MARCH 16, 2012 LETTER BRIEF filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 24 Declaration in Support, filed by Chevron Corporation, 141 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 239 Rule 26(f) Discovery Plan Report filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 388 Order on Motion to Withdraw as Attorney, 139 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 254 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 194 Order on Motion to Appear Pro Hac Vice, 96 Declaration in Support, filed by Chevron Corporation, 168 Letter, filed by Chevron Corporation, 434 Order, Set Motion and R&R Deadlines/Hearings, 237 Order to Show Cause, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 249 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 107 Declaration in Support, filed by Chevron Corporation, 284 Order to Show Cause, 109 Declaration in Support, filed by Chevron Corporation, 430 Reply, filed by Chevron Corporation, 199 Order to Show Cause, 134 Affidavit, filed by Chevron Corporation, 80 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 268 MOTION for Nikki K. Vo to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 93 Declaration in Support filed by Chevron Corporation, 78 Order, Set Deadlines/Hearings, 132 Declaration in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, 102 Declaration in Support, filed by Chevron Corporation, 282 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 111 Declaration in Support, filed by Chevron Corporation, 138 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 267 Order, Set Scheduling Order Deadlines, 30 Declaration in Support, filed by Chevron Corporation, 82 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 360 MOTION for Carlos A. Zelaya, II to Withdraw as Attorney. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 230 Declaration in Support, filed by Chevron Corporation, 307 Answer to Amended Complaint filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 163 Certificate of Service Other, filed by Chevron Corporation, 420 Response to Order to Show Cause filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The |

Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 454 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 270 MOTION for Matthew M. Werdegar to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 461 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 409 Affidavit in Support of Motion, filed by Chevron Corporation, 339 Letter, filed by Chevron Corporation, 460 Notice (Other) filed by Chevron Corporation, 357 Certificate of Service Other, filed by Chevron Corporation, 405 Memorandum of Law in Support of Motion filed by Chevron Corporation, 17 Declaration in Support, filed by Chevron Corporation, 178 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 241 Order, 374 MOTION to Strike Document No. [355, 356, 370] Declarations of Hendricks and Maloney filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 370 Declaration in Support of Motion, filed by Chevron Corporation, 146 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 359 Notice of Change of Address filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 32 Declaration in Support, filed by Chevron Corporation, 193 Order, Set Deadlines/Hearings, 341 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 318 Notice (Other) filed by Chevron Corporation, 416 Status Report filed by Chevron Corporation, 140 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 212 Jury Demand filed by The Law Offices of Steven R. Donziger, Steven Donziger, 384 Notice (Other) filed by Chevron Corporation, 161 Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 75 Affidavit of Service Other, filed by Chevron Corporation, 248 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 91 Reply Memorandum of Law in Support filed by Chevron Corporation, 208 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 170 Endorsed Letter, 309 Order, Add and Terminate Attorneys, 330 MOTION to Strike – CHEVRON CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTAIN DEFENSES ASSERTED BY DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN DONZIGER, DONZIGER & ASSOCIATES, PLLC, HUGO filed by Chevron Corporation, 457 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 226 Jury Demand filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 121 Declaration filed by Chevron Corporation, 68 Affidavit of Service Complaints, filed by Chevron Corporation, 285 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 361 Affidavit in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 257 Rule 7.1 Corporate Disclosure Statement filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 180 Letter, 136 Stipulation and Order, Set Deadlines/Hearings, 435 Order on Motion to Appear Pro Hac Vice, 315 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 443 Order on Motion to Strike, 166 MOTION for John W. Keker to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, 211 Notice (Other), Notice (Other) filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 445 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 182 Order on Motion to Transfer Case, 64 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 127 Order, Set Deadlines, 31 Declaration in Support, filed by Chevron Corporation, 92 Declaration in Support filed by Chevron Corporation, 314 USCA Order – Other, 100 Declaration in Support filed by Chevron Corporation, 439 Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 437 Order on Motion to Appear Pro Hac Vice, 369 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 22 Declaration in Support, filed by Chevron Corporation, 381 Letter, 320 MOTION to Dismiss Amended complaint filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 326 Order, Set Deadlines, 280 Order, 97 Declaration in Support, filed by Chevron Corporation, 458 Declaration in Support of Motion, filed by Chevron Corporation, 297 Memorandum of Law in Opposition filed by Chevron Corporation, 234 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 448 Transcript, 218 Jury Demand filed by Ann

Maest, Douglas Beltman, Stratus Consulting, Inc., 433 Order on Motion to Appear Pro Hac Vice, 53 Declaration in Support, filed by Chevron Corporation, 154 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 217 MOTION for Paula L. Blizzard, Matthew M. Werdegar, William S. Hicks, Christopher J. Young, and Nikki H. Vo to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, 304 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 181 Memorandum & Opinion, 57 Declaration in Support, filed by Chevron Corporation, 195 Order, 131 Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 337 Stipulation and Order, Set Deadlines/Hearings, 397 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 355 Declaration in Support of Motion, filed by Chevron Corporation, 235 Order on Motion to Appear Pro Hac Vice, 286 Affidavit in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 39 Declaration in Support, filed by Chevron Corporation, 401 Declaration in Support of Motion, filed by Chevron Corporation, 87 Order, 198 Bond filed by Chevron Corporation, 206 Declaration in Support, filed by Chevron Corporation, 125 Certificate of Service Other filed by The Law Offices of Steven R. Donziger, Steven Donziger, 418 Costs Taxed, 35 Declaration in Support, filed by Chevron Corporation, 231 Order, Set Deadlines/Hearings, 449 Notice of Filing Transcript, 185 Letter, 3 Notice of Case Assignment/Reassignment, 49 Declaration in Support, filed by Chevron Corporation, 106 Declaration in Support, filed by Chevron Corporation, 399 Declaration in Support of Motion, filed by Chevron Corporation, 382 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 34 Declaration in Support, filed by Chevron Corporation, 33 Declaration in Support, filed by Chevron Corporation, 202 Certificate of Service Other, filed by Chevron Corporation, 427 Endorsed Letter, 333 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 417 Notice (Other) filed by Chevron Corporation, 412 Endorsed Letter, 406 Affidavit in Support of Motion, filed by Chevron Corporation, 95 Declaration in Support filed by Chevron Corporation, 462 Declaration in Support of Motion, filed by Chevron Corporation, 421 Declaration in Support, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 40 Declaration in Support, filed by Chevron Corporation, 21 Declaration in Support,, filed by Chevron Corporation, 67 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 346 Notice of Filing Transcript, 122 Declaration filed by Chevron Corporation, 152 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, 319 Reply Memorandum of Law in Support, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 390 USCA Mandate, 400 Declaration in Support of Motion, filed by Chevron Corporation, 52 Declaration in Support, filed by Chevron Corporation, 120 Declaration filed by Chevron Corporation, 83 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 19 Declaration in Support, filed by Chevron Corporation, 214 Certificate of Service Other, filed by Chevron Corporation, 60 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 317 Notice (Other) filed by Chevron Corporation, 272 Order on Motion to Appear Pro Hac Vice, 196 Order on Motion to Appear Pro Hac Vice, 183 Order on Motion for Leave to File Document, 332 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 219 MOTION for F. Gerald Maples to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 124 Notice of Appearance filed by The Law Offices of Steven R. Donziger, Steven Donziger, 441 Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 269 MOTION for Christopher J. Young to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 243 Memorandum of Law in Support of Motion filed by The Law Offices of Steven R. Donziger, Steven Donziger, 425 Declaration in Support of Motion, filed by Chevron Corporation, 37 Declaration in Support, filed by Chevron Corporation, 323 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 118 Declaration filed by Chevron Corporation, 85 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 2 Rule 7.1 Corporate Disclosure Statement filed by Chevron Corporation, 354 Memorandum of Law in Support of Motion filed by Chevron Corporation, 123 Declaration filed by Chevron Corporation, 278 Memorandum & Opinion, 229 Reply Memorandum of

Law in Support filed by Chevron Corporation, <u>42</u> Declaration in Support, filed by Chevron Corporation, <u>14</u> Declaration in Support, filed by Chevron Corporation, <u>86</u> Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>271</u> Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>452</u> Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, <u>244</u> Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>367</u> Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>338</u> Letter, filed by Chevron Corporation, <u>50</u> Declaration in Support, filed by Chevron Corporation, <u>343</u> Memorandum & Opinion, <u>375</u> Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, <u>228</u> Endorsed Letter, <u>358</u> Order, <u>56</u> Declaration in Support, filed by Chevron Corporation, <u>281</u> Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>70</u> Affidavit of Service Complaints filed by Ann Maest, <u>365</u> Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, <u>300</u> Declaration in Opposition filed by Chevron Corporation, <u>88</u> Order, <u>391</u> MOTION for Recusal. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, <u>157</u> Stipulation and Order, Set Deadlines/Hearings, <u>1</u> Complaint, filed by Chevron Corporation, <u>73</u> Affidavit of Service Other, filed by Chevron Corporation, <u>201</u> Declaration in Support, filed by Chevron Corporation, <u>377</u> Memorandum & Opinion, <u>220</u> Response to Order to Show Cause filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>114</u> Letter, <u>142</u> Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>287</u> Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>28</u> Declaration in Support, filed by Chevron Corporation, <u>256</u> Declaration in Support filed by Chevron Corporation, <u>262</u> Supplemental ROA Sent to USCA – Index, <u>143</u> Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>263</u> Order, <u>149</u> Memorandum of Law in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>345</u> Transcript, <u>215</u> Certificate of Service Other filed by Chevron Corporation, <u>79</u> Order, Set Deadlines/Hearings, <u>76</u> Notice (Other) filed by Steven Donziger, <u>153</u> Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>298</u> Declaration in Opposition, filed by Chevron Corporation, <u>293</u> MOTION to Intervene Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates, PLLC's Memorandum of Law In Support of Application by Order to Show Cause Why They Should Not be Permitted to Intervene in the Declaratory Jud filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>81</u> Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>379</u> Declaration, <u>290</u> Transcript, <u>294</u> Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>349</u> USCA Mandate, <u>71</u> Affidavit of Service Complaints filed by Chevron Corporation, <u>179</u> Declaration in Opposition to Motion, filed by Chevron Corporation, <u>302</u> MOTION to Dismiss (Notice of Motion to Dismiss Chevron Corporation's Amended Complaint) filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, <u>305</u> Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>74</u> Affidavit of Service Other, filed by Chevron Corporation, <u>117</u> Declaration filed by Chevron Corporation, <u>238</u> Pre–Conference Statement filed by Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, <u>150</u> MOTION Increase the Bond (on Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>376</u> Response in Support of Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, <u>26</u> Declaration in Support, filed by Chevron Corporation, <u>277</u> Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>255</u> Response filed by Chevron Corporation, <u>383</u> Notice (Other) filed by Chevron Corporation, <u>392</u> Order on Motion for Recusal,,,, <u>335</u> Order,, <u>313</u> Declaration in Support filed by Chevron Corporation, <u>362</u> Order on Motion to Withdraw as Attorney, <u>356</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>347</u> Notice of Change of Address, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, <u>12</u> Declaration in Support, filed by Chevron Corporation, <u>442</u> Memorandum of Law in Opposition to Motion filed by Chevron Corporation, <u>62</u> Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>147</u> Declaration in Support of Motion,

filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>177</u> Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>308</u> Endorsed Letter, Set Deadlines, <u>386</u> MOTION for Jessica R. Torbin to Withdraw as Attorney of Record filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., <u>151</u> Memorandum of Law in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>260</u> Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>279</u> Scheduling Order, <u>204</u> Certificate of Service Other, filed by Chevron Corporation, <u>160</u> MOTION to Transfer Case – Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et al., 93–CV–07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>334</u> Certificate of Service Other, filed by Chevron Corporation, <u>43</u> Declaration in Support, filed by Chevron Corporation, <u>242</u> MOTION to Dismiss (Notice of Motion to Dismiss) filed by The Law Offices of Steven R. Donziger, Steven Donziger, <u>350</u> Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>245</u> Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>133</u> Affidavit in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>25</u> Declaration in Support, filed by Chevron Corporation, <u>419</u> Certificate of Service Other filed by Chevron Corporation, <u>414</u> Status Report, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Stratus Consulting, Inc., Hugo Gerardo Camacho Naranjo, Steven Donziger, Stratus Consulting, Inc., The Law Offices of Steven R. Donziger, Douglas Beltman, Ann Maest, <u>336</u> Amended Notice of Appeal filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>431</u> Declaration in Support, filed by Chevron Corporation, <u>415</u> Notice (Other) filed by Chevron Corporation, <u>207</u> Notice of Appearance filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>274</u> Order on Motion to Appear Pro Hac Vice, <u>371</u> Endorsed Letter, <u>159</u> Notice (Other), Notice (Other) filed by Steven Donziger, The Law Offices of Steven R. Donziger, <u>162</u> Certificate of Service Other, filed by Chevron Corporation, <u>144</u> MOTION to Increase Bond Amount (On Short Notice) MOTION to Increase Bond Amount (On Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>213</u> Stipulation and Order, Set Deadlines, <u>327</u> Memorandum & Opinion, <u>463</u> Letter, filed by Chevron Corporation, <u>65</u> Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>116</u> Declaration in Support filed by Chevron Corporation, <u>240</u> Pre–Conference Statement filed by Chevron Corporation, <u>266</u> Order on Motion for Oral Argument, <u>289</u> Order, Set Deadlines, <u>368</u> Memo Endorsement, <u>130</u> Notice of Appearance filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>252</u> Declaration in Opposition, filed by Chevron Corporation, <u>98</u> Declaration in Support filed by Chevron Corporation, <u>353</u> MOTION for Attachment Defendants' Assets / CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF filed by Chevron Corporation, <u>29</u> Declaration in Support, filed by Chevron Corporation, <u>77</u> Order, Set Deadlines/Hearings, <u>171</u> MOTION for Martin D. Beier, Joe L. Silver and Jessica R. Torbin to Appear Pro Hac Vice. filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>172</u> MOTION for Leave to File Supplemental Opposition to Chevron Corporation's Motion for Preliminary Injunction. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>210</u> Order on Motion to Appear Pro Hac Vice, <u>69</u> Affidavit of Service Complaints filed by Chevron Corporation, <u>48</u> Declaration in Support, filed by Chevron Corporation, <u>322</u> Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>402</u> Declaration in Support of Motion, filed by Chevron Corporation, <u>8</u> Declaration in Support, filed by Chevron Corporation, <u>10</u> Declaration in Support, filed by Chevron Corporation, <u>303</u> Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>115</u> Declaration in Support filed by Chevron Corporation, <u>348</u> Memorandum & Opinion, <u>447</u> Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, <u>352</u> USCA Mandate, <u>224</u> Response to Order to Show Cause filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>413</u> Order to Show Cause, <u>340</u> Reply Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, <u>190</u> MOTION for Carlos A Zelaya, II to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>408</u>

Declaration in Support of Motion filed by Chevron Corporation, 440 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 119 Declaration filed by Chevron Corporation, 27 Declaration in Support, filed by Chevron Corporation, 227 Order, 283 Amended Complaint, filed by Chevron Corporation, 156 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 275 Response, filed by Chevron Corporation, 422 Declaration, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 112 Order, 5 Memorandum of Law in Support filed by Chevron Corporation, 324 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 158 Letter, 389 Order, 410 Declaration in Support of Motion, filed by Chevron Corporation, 44 Declaration in Support, filed by Chevron Corporation, 331 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 373 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 428 Endorsed Letter, 258 Answer to Complaint filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 203 Certificate of Service Other, filed by Chevron Corporation, 184 Letter, 310 Memorandum & Opinion, 328 Order, 23 Declaration in Support, filed by Chevron Corporation, 105 Declaration in Support, filed by Chevron Corporation, 45 Declaration in Support, filed by Chevron Corporation, 429 Letter, filed by Chevron Corporation, 456 Joinder, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 61 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 38 Declaration in Support, filed by Chevron Corporation, 444 Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 424 Memorandum of Law in Support of Motion filed by Chevron Corporation, 7 Declaration in Support, filed by Chevron Corporation, 325 Reply Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 292 Order to Show Cause, 36 Declaration in Support, filed by Chevron Corporation, 41 Declaration in Support, filed by Chevron Corporation, 113 MOTION for Scott A. Edelman, William E. Thomson and Andrea E. Neuman to Appear Pro Hac Vice filed by Chevron Corporation, 411 Declaration in Support of Motion, filed by Chevron Corporation, 126 Order on Motion to Appear Pro Hac Vice, 426 Memo Endorsement, 186 Letter, 46 Declaration in Support, filed by Chevron Corporation, 273 Order on Motion to Appear Pro Hac Vice, 6 Declaration in Support, filed by Chevron Corporation, 200 Memorandum of Law in Support filed by Chevron Corporation, 135 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 128 Letter, filed by Pablo Fajardo Mendoza, 316 Notice (Other) filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 251 Memorandum of Law in Opposition filed by Chevron Corporation, 59 Notice of Appearance filed by Chevron Corporation, 222 Rule 7.1 Corporate Disclosure Statement filed by Stratus Consulting, Inc., 423 MOTION for Order to Show Cause / [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND. filed by Chevron Corporation, 197 MOTION for Jan Nielsen Little to Appear Pro Hac Vice filed by Steven Donziger, The Law Offices of Steven R. Donziger, 464 Letter, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 47 Declaration in Support, filed by Chevron Corporation, 366 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 94 Declaration in Support filed by Chevron Corporation, 90 Endorsed Letter, 110 Declaration in Support, filed by Chevron Corporation, 432 Certificate of Service Other filed by Chevron Corporation, 104 Declaration in Support filed by Chevron Corporation, 223 Memorandum of Law in Opposition filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 11 Declaration in Support, filed by Chevron Corporation, 63 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 192 Order on Motion to Appear Pro Hac Vice, 99 Declaration in Support filed by Chevron Corporation, 103 Declaration in Support, filed by Chevron Corporation, 189 Reply Memorandum of Law in Support of Motion filed by Steven Donziger, The Law Offices of Steven R. Donziger, 54 Declaration in Support, filed by Chevron Corporation, 299 Declaration in Opposition filed by Chevron Corporation, 20

Declaration in Support, filed by Chevron Corporation, 101 Declaration in Support filed by Chevron Corporation, 155 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 129 Stipulation and Order, Set Deadlines, 4 Order to Show Cause, 276 Declaration, filed by Chevron Corporation, 436 Order on Motion to Appear Pro Hac Vice, 233 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 72 Affidavit of Service Other, filed by Chevron Corporation, 321 Declaration in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 18 Declaration in Support, filed by Chevron Corporation, 188 Order on Motion for Miscellaneous Relief, 66 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 291 Notice of Filing Transcript, 342 Order on Motion to Dismiss, 363 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 385 USCA Order, 169 Letter, 404 MOTION for Order to Show Cause Why Attachment of Defendants' Assets Should Not Be Ordered filed by Chevron Corporation, 16 Declaration in Support, filed by Chevron Corporation, 13 Declaration in Support, filed by Chevron Corporation, 58 Declaration in Support, filed by Chevron Corporation, 344 Order, 288 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 312 Memorandum of Law in Opposition, filed by Chevron Corporation, 295 Memorandum of Law in Support, filed by Steven Donziger, The Law Offices of Steven R. Donziger, 296 Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, 396 MOTION for Summary Judgment CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL. filed by Chevron Corporation, 259 Answer to Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 372 MOTION for Leave to File Sur Reply to Motion for Attachment and Other Relief.. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 465 Notice of Appeal filed by Patton Boggs LLP, 450 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 301 Rule 7.1 Corporate Disclosure Statement filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 453 Declaration in Support of Motion, filed by Chevron Corporation, 451 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 148 Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 209 Stipulation and Order, Add and Terminate Attorneys,, 216 Certificate of Service Other filed by Chevron Corporation, 364 Memorandum of Law in Opposition to Motion, filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 459 Memorandum & Opinion, 351 USCA Order, 387 Certificate of Service Other filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 145 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 264 Letter filed by Steven Donziger, 15 Declaration in Support, filed by Chevron Corporation, 205 Notice (Other), Notice (Other) filed by Chevron Corporation, 246 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 446 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 89 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 167 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 398 Rule 56.1 Statement filed by Chevron Corporation, 407 Declaration in Support of Motion filed by Chevron Corporation, 380 Letter,, filed by Chevron Corporation, 137 Memorandum of Law in Opposition filed by Steven Donziger, The Law Offices of Steven R. Donziger, 306 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 187 Order, 329 Order, 108 Declaration in Support, filed by Chevron Corporation, 378 Order on Motion for Leave to File Document, Order on Motion to Strike,, 221 Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, 236 Order, Set Deadlines/Hearings, 55 Declaration in Support filed by Chevron Corporation, 51 Declaration in Support, filed by Chevron Corporation, 9 Declaration in Support, filed by Chevron Corporation, 455 Declaration in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 225 MOTION for Oral Argument REQUEST for Oral Argument in

Connection with Chevron's Motion to Bifurcate Declaratory Judgment Claim in Whole or in Part filed by Steven Donziger, The Law Offices of Steven R. Donziger, 311 Answer to Amended Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 84 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 626 Endorsed Letter,, 624 MOTION to Compel Chevron Corporation to Produce. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 676 JOINT MOTION for Protective Order. filed by Chevron Corporation, 674 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 607 Endorsed Letter, 646 Memorandum of Law in Support of Motion,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Yehua Tega Huani, Nenquimo Venancio Nihua, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 477 Notice of Appearance filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 525 Declaration in Support of Motion filed by Patton Boggs LLP, 675 Declaration in Opposition to Motion, filed by Chevron Corporation, 618 MOTION for Protective Order to Strike the LAPs Requests for Production. filed by Chevron Corporation, 482 Notice (Other) filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 599 Notice of Filing Transcript, 643 Counterclaim filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 498 Order on Motion for Discovery,,,,,,, 471 Order, 653 Order,, 588 Memo Endorsement,,,, 625 Letter,,, filed by Chevron Corporation, 647 Declaration in Support of Motion,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 556 Declaration in Support of Motion filed by Patton Boggs LLP, 659 Declaration in Support filed by Patton Boggs LLP, 549 Declaration in Opposition to Motion, filed by Chevron Corporation, 575 Declaration in Opposition to Motion, filed by Chevron Corporation, 567 Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 601 Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 576 Order on Motion to Appear Pro Hac Vice, 562 MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS. filed by Chevron Corporation, 559 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 629 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 496 Response in Opposition to Motion, filed by Chevron Corporation, 487 MOTION for Patricia M. Hamill to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 621 Order, 536 Letter,, filed by Chevron Corporation, 495 Order on Motion for Discovery,,,,, 555 Declaration in Support of Motion filed by Patton Boggs LLP, 649 MOTION for Certificate of Appealability Notice of Motion for Certification of the Court's November 27, 2012 Order for Interlocutory Appeal. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 539 Reply filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 611 Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 632 Reply filed by Chevron Corporation, 505 Reply Memorandum of Law in Support of

Motion, filed by Chevron Corporation, <u>668</u> Notice of Appearance filed by Chevron Corporation, <u>513</u> Opposition Brief filed by Laura J Garr, <u>475</u> MOTION for Discovery to Carry Over and Calendar Chevron's Motions to Compel Directed to Joseph Kohn, Andrew Woods, and Laura Garr. filed by Chevron Corporation, <u>540</u> Opposition Brief, filed by Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, <u>596</u> Notice of Filing Transcript,, <u>522</u> MOTION to Quash Subpoena Duces Tecum of Patton Boggs. filed by Patton Boggs LLP, <u>499</u> Amended Answer to Complaints filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, <u>614</u> Counter Statement to Rule 56.1 filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>566</u> MOTION for Leave to File Amended Answer and Counterclaims. filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>533</u> Endorsed Letter, Set Motion and R&R Deadlines/Hearings,, <u>563</u> Response in Opposition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>639</u> Notice of Appearance,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, <u>635</u> Memo Endorsement,,,,, <u>504</u> MOTION for Jason B. Stavers to Appear Pro Hac Vice. filed by Chevron Corporation, <u>503</u> Notice of Appearance filed by Chevron Corporation, <u>483</u> MOTION for Summary Judgment. filed by Chevron Corporation, <u>472</u> Order on Motion to Dismiss,, <u>518</u> Memorandum of Law in Support of Motion filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>595</u> Transcript,, <u>594</u> Order, <u>631</u> Declaration in Support of Motion,, filed by Chevron Corporation, <u>554</u> MOTION for Justina K. Sessions to Appear Pro Hac Vice Corrected. Motion and supporting papers to be reviewed by Clerk's Office staff. filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>648</u> Endorsed Letter, Set Hearings,,,, <u>604</u> Transcript,, <u>506</u> Declaration in Support of Motion filed by Chevron Corporation, <u>636</u> Order, <u>617</u> Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>548</u> Affidavit in Opposition to Motion filed by Chevron Corporation, <u>502</u> Memorandum of Law in Opposition to Motion filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, <u>657</u> Response filed by Chevron Corporation, <u>608</u> MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS. filed by Chevron Corporation, <u>602</u> Transcript,, <u>538</u> Endorsed Letter,,, <u>660</u> Declaration,, filed by Patton Boggs LLP, <u>537</u> Endorsed Letter, Set Deadlines,,,, <u>577</u> Stipulation and Order,,, <u>485</u> Declaration in Support of Motion filed by Chevron Corporation, <u>665</u> Memorandum of Law in Support, filed by Patton Boggs LLP, <u>553</u> MOTION for Leave to File Second Amended Answer to Amended Complaint Separate Defenses, and Jury Trial Demand. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>667</u> MOTION for Protective Order / CHEVRON'S MOTION FOR PROTECTIVE ORDER TO STRIKE DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMIS filed by Chevron Corporation, <u>473</u> Notice (Other) filed by Chevron Corporation, <u>519</u> Affidavit in Support of Motion filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>488</u> MOTION for James J. Rohn to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., <u>591</u> MOTION to Quash. filed by John Rodgers, <u>507</u> Order on Motion to Appear Pro Hac Vice, <u>652</u> Stipulation and Order,,,,, <u>587</u> Order, Set Deadlines/Hearings,, <u>593</u> Notice of Appearance filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, <u>664</u> Declaration filed by Patton Boggs LLP, <u>582</u> Order, Set Deadlines/Hearings,, <u>494</u> Order, Set Deadlines/Hearings,,,, <u>564</u> Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R.

Donziger, <u>619</u> MOTION for Protective Order Striking the LAPs Request for Production (CORRECTED). MOTION for Protective Order Striking the LAPs Request for Production (CORRECTED). filed by Chevron Corporation, <u>622</u> Reply Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>638</u> Order on Motion for Leave to File Document,, <u>673</u> Notice of Interlocutory Appeal filed by Patton Boggs LLP, <u>672</u> Response in Opposition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>584</u> Memorandum of Law in Support of Motion, filed by Chevron Corporation, <u>561</u> Declaration in Opposition to Motion,,, filed by Chevron Corporation, <u>508</u> SECOND MOTION for Discovery for Miscellaneous Relief in Connection with Responding to Non–Party Subpoena Propounded by Chevron Corporation. filed by Patton Boggs LLP, <u>645</u> MOTION to Intervene. filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, <u>535</u> Endorsed Letter,, <u>669</u> Notice of Appearance filed by Republic of Ecuador, <u>585</u> Rule 56.1 Statement filed by Chevron Corporation, <u>541</u> Memorandum of Law in Opposition to Motion filed by Chevron Corporation, <u>474</u> Answer to Amended Complaint filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, <u>616</u> Response in Opposition to Motion,, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>583</u> MOTION for Summary Judgment – CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW 487). filed by Chevron Corporation, <u>620</u> Stipulation and Order, Set Deadlines/Hearings,, <u>550</u> Memorandum & Opinion,,,,,,,,,, <u>655</u> Status Report filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>633</u> Order on Motion to Compel, Order on Motion for Protective Order,,,,,,,,,,,,, <u>527</u> Memorandum of Law in Support of Motion filed by Patton Boggs LLP, <u>640</u> Notice of Appearance,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, <u>531</u> Response, filed by Chevron Corporation, <u>644</u> Order, <u>609</u> Stipulation and Order, Set Deadlines,, <u>612</u> Counter Statement to Rule 56.1 filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>592</u> MOTION to Quash. filed by Laura Belanger, <u>581</u> Reply Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, <u>557</u> Declaration in Support of Motion, filed by Patton Boggs LLP, <u>670</u> Notice of Interlocutory Appeal filed by Republic of Ecuador, <u>476</u> Notice of Appearance filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., <u>579</u> Response to Discovery filed by Patton Boggs LLP, <u>523</u> Declaration in Support of Motion filed by Patton Boggs LLP, <u>529</u> Declaration in Support of Motion, filed by Patton Boggs LLP, <u>605</u> Notice of Filing Transcript,, <u>491</u> Order on Motion to Appear Pro Hac Vice, <u>479</u> Response in Opposition to Motion, filed by Andrew Woods, Laura J Garr, <u>600</u> MOTION for Judgment on the Pleadings Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje's Notice of Motion for Judgment on the Pleadings. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, <u>497</u> Endorsed Letter,,,, <u>551</u> Order on Motion for Summary Judgment, <u>558</u> Reply Memorandum of Law in Support of Motion filed by Patton Boggs LLP, <u>580</u> Reply

Memorandum of Law in Oppisition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 663 Status Report, filed by Chevron Corporation, 510 Response filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 615 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 470 Letter,, filed by Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, 666 Status Report, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 654 Letter, 468 Memorandum & Opinion,,, 489 MOTION for Joshua J. Voss to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 501 Declaration in Opposition to Motion filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 469 Certificate of Clerk, 598 Transcript,, 478 Response to Motion filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 613 Declaration in Support of Motion,, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 597 Order on Motion to Quash,,,, 547 Affidavit in Opposition to Motion filed by Chevron Corporation, 484 Memorandum of Law in Support of Motion filed by Chevron Corporation, 534 Endorsed Letter, Set Deadlines/Hearings,, 493 MOTION for Discovery for Miscellaneous Relief in Connection with Responding to Non–Party Subpoena propounded by Chevron Corporation. filed by Patton Boggs LLP, 586 Declaration in Support of Motion,,, filed by Chevron Corporation, 546 Declaration in Opposition to Motion, filed by Chevron Corporation, 517 MOTION to Dismiss for Lack of Jurisdiction. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 532 Declaration in Support of Motion, filed by Patton Boggs LLP, 610 Stipulation and Order, Set Motion and R&R Deadlines/Hearings,,,, 467 Order on Motion for Order to Show Cause, 509 Affidavit in Support of Motion filed by Patton Boggs LLP, 606 Order,,,,, 481 Response in Opposition to Motion, filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 486 Rule 56.1 Statement filed by Chevron Corporation, 480 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 524 Declaration in Support of Motion filed by Patton Boggs LLP, 630 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 565 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 500 Order, 627 Letter, filed by Chevron Corporation, 514 Response to Motion, filed by Chevron Corporation, 662 Declaration in Support filed by Patton Boggs LLP, 658 Declaration in Support,,,, filed by Chevron Corporation, 511 Declaration filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 634 Order on Motion for Judgment on the Pleadings,,,, 623 Response to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 656 Response, filed by Chevron Corporation, 492 Order on Motion to Appear Pro Hac Vice, 490 Order on Motion to Appear Pro Hac Vice, 526 Joinder filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 671 Endorsed Letter, Set Deadlines, 590 Endorsed Letter, 651 Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 512 Opposition Brief, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 637 Order on Motion for Leave to File Document, 589 Stipulation and Order, Set Motion and R&R Deadlines/Hearings, 678 JOINT MOTION for Order to Show Cause *Declaration of Craig Smyser and Proposed Show Cause Order Why Further Supplemental Briefing on Crime Fraud Exception as to Patton Boggs Should Not be Stayed* filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 728 SECOND MOTION for Protective Order *to Strike Chevron Subpoenas to Produce Documents* filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 722 Memorandum of Law in Opposition to Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 692 Status Report, filed by Chevron Corporation, 684 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 717 Declaration in Opposition filed by Chevron Corporation, 683 Endorsed Letter, 680 Scheduling Order, 682 Stipulation and Order, 677 JOINT MOTION for Order to Show Cause *Why Further Supplemental Briefing on Crime Fraud Exception Should Not be Stayed* filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 729 Notice of Interlocutory Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 718 Memorandum of Law in Opposition filed by Patton Boggs LLP, 716 Affidavit in Opposition filed by Chevron Corporation, 686

Letter, 708 Order on Motion for Protective Order, 726 Endorsed Letter, 700 Reply to Response to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 695 Memorandum of Law in Support of Motion filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 691 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 687 Reply Memorandum of Law in Oppisition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 681 Order on Motion for Order to Show Cause, 710 Declaration in Support of Motion, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Yehua Tega Huani, Nenquimo Venancio Nihua, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 694 Declaration in Support of Motion, filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 719 Stipulation and Order, Set Deadlines/Hearings, 707 Memorandum & Opinion, 699 MOTION for Leave to File Excess Pages filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 711 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 727 Reply Memorandum of Law in Support of Motion filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 689 Memorandum of Law in Opposition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 685 Stipulation and Order, Set Deadlines/Hearings, 693 MOTION to Amend/Correct 499 Amended Answer to Complaints *to add counterclaims* filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 714 Declaration in Opposition, filed by Chevron Corporation, 723 Protective Order, 720 Order, 712 Memorandum of Law in Opposition, filed by Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, 709 Reply Memorandum of Law in Support of Motion, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 721 Order, 688 Declaration in Opposition to Motion filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 704 Status Report, filed by Chevron Corporation, 690 Joinder filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 698 MOTION for Protective Order *to Strike Plaintff Chevron Corporation's Subpoenas to Produce Documents, Information, or Objects and for Clarification on the Status of Three Specific Subpoenas Issued by Defendants* filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 702 Order, 706 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 705 Status Report, filed by Chevron Corporation, 703 Stipulation and Order, Set Deadlines/Hearings, 697 Memorandum of Law in Support of Motion filed by Chevron Corporation, 725 Order, 715 Declaration in Opposition, filed by Patton

| | | | |
|---|---|---|---|
| | | | Boggs LLP, <u>679</u> Memorandum & Opinion, <u>724</u> Order on Motion to Intervene, <u>713</u> Memorandum of Law in Opposition, filed by Chevron Corporation, <u>696</u> MOTION to Dismiss filed by Chevron Corporation were transmitted to the U.S. Court of Appeals. (tp) Modified on 1/18/2013 (tp). (Entered: 01/18/2013) |
| 01/22/2013 | <u>730</u> | | REPLY MEMORANDUM OF LAW in Support re: <u>696</u> MOTION to Dismiss. *PLAINTIFF CHEVRON CORPORATION'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER & ASSOCIATES, PLLC'S COUNTERCLAIMS.* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/22/2013) |
| 01/22/2013 | 731 | | ***STRICKEN DOCUMENT. The document was stricken from this case pursuant to <u>826</u> Order on Motion to Strike .** AMENDED ANSWER to <u>283</u> Amended Complaint,,,,,,, with JURY DEMAND. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Werdegar, Matthew) Modified on 2/20/2013 (mro). (Entered: 01/22/2013) |
| 01/22/2013 | 732 | | ***STRICKEN DOCUMENT. The document was stricken from this case pursuant to <u>826</u> Order on Motion to Strike .** ANSWER to <u>283</u> Amended Complaint,,,,,,, with JURY DEMAND. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Doyle, Tyler) Modified on 2/20/2013 (mro). (Entered: 01/22/2013) |
| 01/22/2013 | <u>733</u> | | MEMORANDUM OF LAW in Opposition re: <u>728</u> SECOND MOTION for Protective Order *to Strike Chevron Subpoenas to Produce Documents.*. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J)(Mastro, Randy) (Entered: 01/22/2013) |
| 01/23/2013 | <u>734</u> | | NOTICE of Recent Ruling re: <u>562</u> MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Exhibit Exhibit A to Notice of Recent Ruling)(Doyle, Tyler) (Entered: 01/23/2013) |
| 01/23/2013 | <u>735</u> | | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Peter E. Seley to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8167894. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Chevron Corporation. (Attachments: # <u>1</u> Text of Proposed Order)(Mastro, Randy) Modified on 1/23/2013 (bwa). (Entered: 01/23/2013) |
| 01/23/2013 | <u>736</u> | | DECLARATION of Randy M. Mastro in Support re: <u>735</u> MOTION for Peter E. Seley to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8167894. **Motion and supporting papers to be reviewed by Clerk's Office staff.**. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 1)(Mastro, Randy) (Entered: 01/23/2013) |
| 01/23/2013 | | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice regarding Document No. <u>735</u> MOTION for Peter E. Seley to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8167894. Motion and supporting papers to be reviewed by Clerk's Office staff.. The filing is deficient for the following reason(s): Missing Certificate of Good Standing. Re–file the document as a Corrected Motion to Appear Pro Hac Vice and attach a valid Certificate of Good Standing, issued within the past 30 days. (bwa)** (Entered: 01/23/2013) |
| 01/23/2013 | <u>737</u> | | MOTION for Peter E. Seley to Appear Pro Hac Vice. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Chevron Corporation. (Attachments: # <u>1</u> Declaration of Randy M. Mastro in Support, # <u>2</u> Exhibit 1 – Certificate of Good Standing of Peter E. Seley, # <u>3</u> Text of Proposed Order)(Mastro, Randy) (Entered: 01/23/2013) |
| 01/23/2013 | <u>738</u> | | MEMO ENDORSEMENT ON DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PIAGUAJE'S RENEWED MOTION FOR A PROTECTIVE ORDER TO STRIKE PLAINTIFF CHEVRON CORPORATION'S |

| | | |
|---|---|---|
| | | SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS: The LAP Representatives here move – for a second time – for a protective order with respect to certain subpoenas served by Chevron on non–party witnesses, purportedly pursuant to leave granted by the Court in its order disposing of the earlier motion. l Dkt. 708, at 3–4.Accordingly, this motion is granted to the extent that (a) Chevron shall take no action to enforce Subpoenas 2, 4,5,8, 12a, 12b, 14a, 15a, 16 and 18 listed on Dkt. 698, Ex. A (which correspond to nos. I through 10 and Exhibit 1 to Dkt. 728) nor obtain any documents or things pursuant thereto, (b) Subpoenas 14a and 15a are quashed, and (c) Chevron shall take no action to enforce specifications 3 through 7 or 14 of the Russell subpoena, specification 8 or 10 of the IE subpoena, and specifications 4,9, and 15 of the PH subpoena or obtain any documents or other things pursuant thereto. The stay contained in the final sentence of Dkt. 708 is vacated, as it has been superseded by this order as to Subpoenas 2, 4,5,8, 12a, 12b, 14a, 15a, 16 and 18 and no longer is necessary or appropriate as to the others. (Signed by Judge Lewis A. Kaplan on 1/23/2013) (ago) (Entered: 01/23/2013) |
| 01/23/2013 | 739 | ORDER granting 737 Motion for Peter E Seley to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 1/23/13) (Kaplan, Lewis) (Entered: 01/23/2013) |
| 01/24/2013 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 737 MOTION for Peter E. Seley to Appear Pro Hac Vice. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bwa)** (Entered: 01/24/2013) |
| 01/24/2013 | 740 | MEMO ENDORSEMENT on 693 Motion to Amend/Correct: The motion for leave to serve an amended answer containing new counterclaims (Dkt. 693) is granted to the extent that Stratus may serve such an amended pleading that varies from its existing answer only in that it may contain the counterclaims set forth in the proposed amended pleading to the extent, and only to the extent, that they are based entirely on (1) the video referred to in paragraph 24 of the proposed pleading, which is said to have been used to make defamatory statements in October and November 2012, (2) the communications with the Portland Harbor Trustee Council referred to in paragraphs 29–61, (3) the October 30, 2012 post on The Amazon Post that is referred to in paragraphs 62–65. and (4) the November 2012 video referred to in paragraphs 66–71. The motion is denied in all other respects. Any such amended answer shall be served no later than February 2, 2013. Any motion to dismiss or for judgment on the pleadings dismissing any such counterclaims shall be filed no later than February 18, 2013 with answering and reply papers to be filed no later than March 4 and March 11, 2013. This ruling is without prejudice to an application, after any new counterclaims are filed, to stay discovery with respect to such counterclaims pending the filing and determination ofa motion addressed to their legal sufficiency. (Signed by Judge Lewis A. Kaplan on 1/24/213) (ft) (Entered: 01/24/2013) |
| 01/24/2013 | | Set/Reset Deadlines: Motions due by 2/18/2013. Responses due by 3/11/2013. Replies due by 3/4/2013. (ft) (Entered: 01/24/2013) |
| 01/25/2013 | 741 | Letter addressed to Judge Lewis A. Kaplan from Richard Herz dated 1/23/2013 Re: Chevron's brief of January 22,2013 presents an inaccurate and utterly incomplete description of the issues surrounding the subpoena. issued to Non–Party Amazon Watch. See Dkt.733 at 4, n.2. On behalf of Non–Party Amazon Watch, I respectfully write to correct the record. I note that the Court's prior ruling suggests that the issue of when service was effected onAmazon Watch is one the Court will leave to the issuing court to ultimately decide. See Dkt. 679 at 7. To resolve that issue, the court that hears it will need to first decide whether Chevron may rescind its express agreement. Even if the Court were to permit Chevron to do so, it must then determine whether, service was proper in the first instance. These questions are neither central to the case nor extend beyond the specifics of this particular subpoepa, and a ruling is not necessary to insure that general discovery issues will receive uniform treatment. Dkt. 679 at 7. Nonetheless, should the Court choose to rule on the matter, we respectfully request the opportunity to brief these questions. (ago) (Entered: 01/25/2013) |
| 01/28/2013 | 742 | MOTION to Strike Document No. [Nos. 731 and 732] *CHEVRON CORPORATION'S NOTICE OF MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS.* Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 01/28/2013) |

| | | |
|---|---|---|
| 01/28/2013 | 743 | MEMORANDUM OF LAW in Support re: 742 MOTION to Strike Document No. [Nos. 731 and 732] *CHEVRON CORPORATION'S NOTICE OF MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS.*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/28/2013) |
| 01/28/2013 | 744 | MOTION for Partial Summary Judgment − *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPEL*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 01/28/2013) |
| 01/28/2013 | 745 | MEMORANDUM OF LAW in Support re: 744 MOTION for Partial Summary Judgment − *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/28/2013)* |
| 01/28/2013 | 746 | DECLARATION of Randy M. Mastro in Support re: 744 MOTION for Partial Summary Judgment − *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, Part 1a, # 4 Exhibit C, Part 1b, # 5 Exhibit C, Part 2, # 6 Exhibit C, Part 3, # 7 Exhibit D, Part 1, # 8 Exhibit D, Part 2, # 9 Exhibit D, Part 3, # 10 Exhibit E, # 11 Exhibit F, # 12 Exhibit G, # 13 Exhibit H, # 14 Exhibit I)(Mastro, Randy) (Entered: 01/28/2013)* |
| 01/28/2013 | 747 | TRANSCRIPT of Proceedings re: HEARING held on 12/20/2012 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Sonya Ketter Huggins, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/22/2013. Redacted Transcript Deadline set for 3/4/2013. Release of Transcript Restriction set for 5/2/2013.(McGuirk, Kelly) (Entered: 01/28/2013) |
| 01/28/2013 | 748 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a HEARING proceeding held on 12/20/12 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 01/28/2013) |
| 01/28/2013 | 749 | TRANSCRIPT of Proceedings re: HEARING held on 12/21/2012 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Jennifer Thun, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/22/2013. Redacted Transcript Deadline set for 3/4/2013. Release of Transcript Restriction set for 5/2/2013.(McGuirk, Kelly) (Entered: 01/28/2013) |
| 01/28/2013 | 750 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a HEARING proceeding held on 12/21/12 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 01/28/2013) |
| 01/28/2013 | 751 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/28/2013) |
| 01/28/2013 | 752 | RULE 56.1 STATEMENT. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/28/2013) |

| | | |
|---|---|---|
| 01/28/2013 | 753 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION for Reconsideration re; 738 Memo Endorsement, *Partial Reconsideration of Order Granting LAPs' Motion for a Protective Order*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mastro, Randy) Modified on 1/29/2013 (ldi). (Entered: 01/28/2013) |
| 01/28/2013 | 754 | DECLARATION of Jason Stavers in Support re: 744 MOTION for Partial Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3101 to 3105, # 2 Exhibit 3106, # 3 Exhibit 3107, # 4 Exhibit 3108, # 5 Exhibit 3109, # 6 Exhibit 3110 to 3115, # 7 Exhibit 3116 to 3120, # 8 Exhibit 3121, # 9 Exhibit 3122, # 10 Exhibit 3123, # 11 Exhibit 3124, # 12 Exhibit 3125, # 13 Exhibit 3126, # 14 Exhibit 3127, # 15 Exhibit 3128, # 16 Exhibit 3129, # 17 Exhibit 3130, # 18 Exhibit 3131, # 19 Exhibit 3132, # 20 Exhibit 3133, # 21 Exhibit 3134, # 22 Exhibit 3135, # 23 Exhibit 3136, # 24 Exhibit 3137, # 25 Exhibit 3138, # 26 Exhibit 3139, # 27 Exhibit 3140, # 28 Exhibit 3141, # 29 Exhibit 3142, # 30 Exhibit 3143, # 31 Exhibit 3144, # 32 Exhibit 3145, # 33 Exhibit 3146, # 34 Exhibit 3147, # 35 Exhibit 3148, # 36 Exhibit 3149, # 37 Exhibit 3150, # 38 Exhibit 3151, # 39 Exhibit 3152, # 40 Exhibit 3153, # 41 Exhibit 3154, # 42 Exhibit 3155, # 43 Exhibit 3156, # 44 Exhibit 3157, # 45 Exhibit 3158, # 46 Exhibit 3159, # 47 Exhibit 3160, # 48 Exhibit 3161, # 49 Exhibit 3162, # 50 Exhibit 3163, # 51 Exhibit 3164, # 52 Exhibit 3165, # 53 Exhibit 3166, # 54 Exhibit 3167, # 55 Exhibit 3168, # 56 Exhibit 3169, # 57 Exhibit 3170, # 58 Exhibit 3171, # 59 Exhibit 3172, # 60 Exhibit 3173, # 61 Exhibit 3174, # 62 Exhibit 3175, # 63 Exhibit 3176, # 64 Exhibit 3177, # 65 Exhibit 3178, # 66 Exhibit 3179, # 67 Exhibit 3180, # 68 Exhibit 3181, # 69 Exhibit 3182, # 70 Exhibit 3183, # 71 Exhibit 3184, # 72 Exhibit 3185, # 73 Exhibit 3186, # 74 Exhibit 3187, # 75 Exhibit 3188, # 76 Exhibit 3189, # 77 Exhibit 3190, # 78 Exhibit 3191, # 79 Exhibit 3192, # 80 Exhibit 3193, # 81 Exhibit 3194, # 82 Exhibit 3195, # 83 Exhibit 3196, # 84 Exhibit 3197, # 85 Exhibit 3198, # 86 Exhibit 3199, # 87 Exhibit 3200)(Stavers, Jason) (Entered: 01/28/2013)* |
| 01/28/2013 | 755 | DECLARATION of Jason Stavers in Support re: 744 MOTION for Partial Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3201 to 3207, # 2 Exhibit 3208, # 3 Exhibit 3209 to 3211, # 4 Exhibit 3212 to 3214, # 5 Exhibit 3215, # 6 Exhibit 3216, # 7 Exhibit 3217 to 3229, # 8 Exhibit 3230 to 3236, # 9 Exhibit 3237 to 3246, # 10 Exhibit 3247 to 3254, # 11 Exhibit 3255 to 3265, # 12 Exhibit 3266, # 13 Exhibit 3267, # 14 Exhibit 3268 to 3274, # 15 Exhibit 3275 to 3277, # 16 Exhibit 3278, Part 1, # 17 Exhibit 3278, Part 2, # 18 Exhibit 3278, Part 3, # 19 Exhibit 3278, Part 4, # 20 Exhibit 3278, Part 5, # 21 Exhibit 3278, Part 6, # 22 Exhibit 3278, Part 7, # 23 Exhibit 3278, Part 8, # 24 Exhibit 3278, Part 9, # 25 Exhibit 3278, Part 10, # 26 Exhibit 3279 to 3280, # 27 Exhibit 3281 to 3284, # 28 Exhibit 3285 to 3287)(Stavers, Jason) (Entered: 01/29/2013)* |
| 01/28/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Randy M. Mastro to RE–FILE Document 753 MOTION for Reconsideration re; 738 Memo Endorsement, *Partial Reconsideration of Order Granting LAPs' Motion for a Protective Order*. MOTION for Reconsideration re; 738 Memo Endorsement, *Partial Reconsideration of Order Granting LAPs' Motion for a Protective Order*. Use the event type Memorandum of Law in Support of Motion found under the event list Replies, Opposition and Supporting Documents. NOTE: You must file a Motion first, then re–file Memorandum and link to motion. (ldi)** (Entered: 01/29/2013) |
| 01/29/2013 | 756 | MOTION for Reconsideration re; 738 Memo Endorsement,,,,, – *MOTION IN SUPPORT OF PLAINTIFF CHEVRON CORPORATION'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER STRIKING SUBPOENAS*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mastro, Randy) (Entered: 01/29/2013) |

| | | |
|---|---|---|
| 01/30/2013 | 757 | ORDER TO SHOW CAUSE WHY AN ORDER AND TEMPORARY RESTRAINING ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATIONS OF DOE 1 OR DOE 2 SHOULD NOT BE ENTERED. Document filed by Chevron Corporation.(Mastro, Randy) Modified on 1/31/2013 (db). Modified on 1/31/2013 (db). (Entered: 01/30/2013) |
| 01/30/2013 | 758 | MEMORANDUM OF LAW in Support re: 757 MOTION for Order to Show Cause – *ORDER TO SHOW CAUSE WHY AN ORDER AND TEMPORARY RESTRAINING ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATIONS OF DOE 1 OR DOE 2 SHOULD NOT BE ENTERED.*. Document filed by Chevron Corporation. (Mastro, Randy) Modified on 1/31/2013 (db). Modified on 1/31/2013 (db). (Entered: 01/30/2013) |
| 01/30/2013 | 759 | DECLARATION of Anne M. Champion in Support re: 757 MOTION for Order to Show Cause – *ORDER TO SHOW CAUSE WHY AN ORDER AND TEMPORARY RESTRAINING ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATIONS OF DOE 1 OR DOE 2 SHOULD NOT BE ENTERED.* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Mastro, Randy) Modified on 1/31/2013 (db). Modified on 1/31/2013 (db). (Entered: 01/30/2013) |
| 01/30/2013 | 760 | ORDER TO SHOW CAUSE WHY AN ORDER AND TEMPORARY RESTRAINING ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATIONS OF DOE 1 OR DOE 2 SHOULD NOT BE ENTERED: Defendants shall show cause as to why an order should not be entered granting Chevron's Motion for Further Protective Order Regarding the Confidential Declarations of Doe 1 and Doe 2 restricting the right of access to the Doe 1 and Doe 2 declarations filed by Chevron in support of its motion for summary judgment (and any identifying information about them that has been redacted in other declarations) to counsel of record for Defendants appearing in this action. Chevron shall serve counsel for Defendants, by hand, facsimile, or e–mail a copy of this Order to Show Cause and all papers submitted in support thereof on or before 3:00 p.m. on 1/30/2013. Pending the hearing and determination of this matter, Chevron's request for a temporary restraining order is granted, and Defendants shall not disclose the Doe 1 and Doe 2 declarations filed by Chevron in support of its motion for summary judgment, or any identifying information about Doe 1 and Doe 2 that has been redacted in other declarations, with anyone other than counsel of record in this action. (Show Cause Hearing set for 2/4/2013 at 11:00 AM in Courtroom 12D, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan.) Replies due by 2/3/2013 Show Cause Response due by 2/1/2013.) (Signed by Judge Lewis A. Kaplan on 1/30/2013) (tro) Modified on 1/30/2013 (tro). (Entered: 01/30/2013) |
| 01/30/2013 | 761 | ORDER TO SHOW CAUSE WHY AN ORDER AND TEMPORARY RESTRAINING ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATIONS OF DOE 1 OR DOE 2 SHOULD NOT BE ENTERED. It is hereby Ordered that the Defendants show cause before this Court, at the United States District Courthouse, Room 12D, 500 Pearl Street, New York, New York, on Monday, February 4, 2013 at 11:00 a.m. why an order should not be entered granting Chevron's Motion for Further Protective Order Regarding the Confidential Declarations of Doe 1 and Doe 2 restricting the right of access to the Doe 1 and Doe 2 declar4ations filed by Chevron in support of its motion for summary judgment (and any identifying information about them that has been redacted in other declarations) to counsel of record for Defendants appearing in this action; and it is further Ordered that Chevron shall serve counsel for Defendants, by hand, facsimile, or e–mail a copy of this Order to Show Cause and all papers submitted in support thereof on or before 3:00 p.m. on January 30, 2013; and it is further Ordered that papers in opposition to the Motion, if any, shall be served and filed electronically on or before 2:00 p.m. on February 1, 2013; and it is further Ordered that reply papers, if any, shall be served and filed electronically on or before 10:00 a.m. on February 3, 2013; and it is further Ordered that pending the hearing and determination of this matter, Chevron's request for a temporary restraining order is granted, and Defendants shall not disclose the Doe 1 and Doe 2 declarations filed by Chevron in support of its motion for summary judgment, or any identifying information about Doe 1 and Doe 2 that has been redacted in other declarations, with anyone other than counsel of record in this action. (Show Cause Hearing set for 2/4/2013 at 11:00 AM in Courtroom 12D, U.S. |

| | | |
|---|---|---|
| | | Courthouse, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 1/30/2013) (rjm) (Entered: 01/30/2013) |
| 01/30/2013 | | Set/Reset Deadlines: Responses due by 2/1/2013. Replies due by 2/3/2013. (rjm) (Entered: 01/30/2013) |
| 01/30/2013 | 762 | ORDER: The final decretal paragraph of the order to show cause issued earlier today is corrected to read: ORDERED, that pending the hearing and determination of this motion, Chevron's request for a temporary restraining order is granted, and Defendants shall not disclose either of the Doe 1 and Doe 2 declarations filed by Chevron in support of its motion for summary judgment, or any identifying information about Doe 1 or Doe 2 that has been redacted in other declarations, to anyone other than counsel of record in this action. (Signed by Judge Lewis A. Kaplan on 1/30/2013) (mt) (Entered: 01/30/2013) |
| 01/31/2013 | 763 | DECLARATION of Jason B. Stavers in Support re: 744 MOTION for Partial Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3150, # 2 Exhibit 3247, # 3 Exhibit 3270, # 4 Exhibit 3274, # 5 Exhibit 3676, # 6 Exhibit 3289, # 7 Exhibit 3290, # 8 Exhibit 3291, # 9 Exhibit 3292)(Stavers, Jason) (Entered: 01/31/2013)* |
| 01/31/2013 | 764 | RULE 56.1 STATEMENT. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/31/2013) |
| 02/01/2013 | 765 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** DECLARATION of Benjamin H. Green in Opposition re: 757 MOTION for Order to Show Cause – *ORDER TO SHOW CAUSE WHY AN ORDER AND TEMPORARY RESTRAINING ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATIONS OF DOE 1 OR DOE 2 SHOULD NOT BE ENTERED..* Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Attachments: # 1 Exh. A, # 2 Exh. B)(Green, Benjamin) Modified on 2/4/2013 (db). (Entered: 02/01/2013) |
| 02/01/2013 | 766 | REDACTION to 758 Memorandum of Law in Support of Motion, 760 Order to Show Cause, Set Deadlines,,,,,,,,,,, 761 Order to Show Cause,,,,,,, by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje(Doyle, Tyler) (Entered: 02/01/2013) |
| 02/01/2013 | 767 | JOINDER to join re: 766 Redacted Document *Defendants Steven Donziger, The Law Offices of Steven R. Donziger and Donziger & Associates, PLLC's Notice of Joinder and Joinder in Defendants Hugo Gerardo Camacho Naranjo's and Javier Piaguaje Payaguaje's Response to Order to Show Cause Why an Order Further Protecting the Declarations of Doe 1 or Doe 2 Should Not Be Entered.* Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Little, Jan) (Entered: 02/01/2013) |
| 02/01/2013 | 768 | ANSWER to Complaint with JURY DEMAND., COUNTERCLAIM against Chevron Corporation. Document filed by Stratus Consulting, Inc., Douglas Beltman, Ann Maest. (Attachments: # 1 Exh. A, # 2 Exh. B, # 3 Exh. C, # 4 Exh. D, # 5 Exh. E, # 6 Exh. F, # 7 Exh. G)(Krause, Stuart) (Entered: 02/01/2013) |
| 02/03/2013 | 769 | REPLY MEMORANDUM OF LAW in Support re: 757 MOTION for Order to Show Cause – *ORDER TO SHOW CAUSE WHY AN ORDER AND TEMPORARY RESTRAINING ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATIONS OF DOE 1 OR DOE 2 SHOULD NOT BE ENTERED. REDACTED PUBLIC VERSION. Document filed by Chevron Corporation. (Mastro, Randy)* (Entered: 02/03/2013) |
| 02/03/2013 | 770 | DECLARATION of Anne M. Champion in Support re: 757 MOTION for Order to Show Cause – *ORDER TO SHOW CAUSE WHY AN ORDER AND TEMPORARY RESTRAINING ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATIONS OF DOE 1 OR DOE 2 SHOULD NOT BE ENTERED..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Mastro, Randy) (Entered: 02/03/2013) |

| 02/04/2013 | 771 | MOTION to Strike Document No. [152, 154–5, 154–6]. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit)(Mastro, Randy) (Entered: 02/04/2013) |
|---|---|---|
| 02/04/2013 | 772 | SEALED DOCUMENT placed in vault.(nm) (Entered: 02/04/2013) |
| 02/04/2013 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Benjamin H. Green to RE–FILE Document 765 Declaration in Opposition to Motion. Use the event type Declaration in Opposition (non–motion) found under the event list Other Answers. (db) (Entered: 02/04/2013) |
| 02/04/2013 | 773 | DECLARATION of Benjamin H. Green in Opposition re: 757 MOTION for Order to Show Cause – *ORDER TO SHOW CAUSE WHY AN ORDER AND TEMPORARY RESTRAINING ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATIONS OF DOE 1 OR DOE 2 SHOULD NOT BE ENTERED*.. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Green, Benjamin) (Entered: 02/04/2013) |
| 02/04/2013 | 774 | ORDER: As stated in open court today, Patton Boggs shall complete production of responsive, non–privileged, non–electronically stored documents by February 28, 2013. To the extent any responsive documents are withheld based on claims of work product and/or privilege, Patton Boggs shall provide the parties and the Court with a privilege log scheduling those documents by March 15, 2013. (Signed by Judge Lewis A. Kaplan on 2/4/2013) (cd) (Entered: 02/04/2013) |
| 02/04/2013 | 775 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/04/2013) |
| 02/04/2013 | 776 | Letter addressed to Judge Lewis A. Kaplan from John W, Keker dated 2/1/2013 re: Accordingly, the Donziger defendants are submitting this matter on the pleadings. Document filed by Steven Donziger, Donziger & Associates, PLLC.(cd) (Entered: 02/04/2013) |
| 02/04/2013 | 777 | Letter addressed to Judge Lewis A. Kaplan from John W. Keker dated 02/01/2013 re: We have received Mr. Mastro's letter of January 31 indicating that he will not be able to attend Monday morning's hearing on the Order to Show Cause concerning Chevron's two sealed declarations, with Ms. Neuman appearing in his stead. We have also received the Court's email of January 31 denying Donziger's counsel's request to appear telephonically at Monday's hearing. Given the short notice, Donziger's counsel of record are unable to travel to New York to appear at the hearing Monday morning, February 4, at 11 :OOam. Accordingly, the Donziger defendants are submitting this matter on the pleadings.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(jcs) (Entered: 02/04/2013) |
| 02/06/2013 | 778 | RESPONSE in Opposition re: 771 MOTION to Strike Document No. [152, 154–5, 154–6].. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 02/06/2013) |
| 02/06/2013 | 779 | DECLARATION of Larry Veselka in Opposition re: 771 MOTION to Strike Document No. [152, 154–5, 154–6].. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Doyle, Tyler) (Entered: 02/06/2013) |
| 02/08/2013 | 780 | ORDER: Defendants' applications for extensions of time within which to file papers in opposition to the plaintiffs motion for partial summary judgment is granted to the extent that any such papers shall be served and filed no later than March 8, 2013. They are denied in all other respects. (Responses due by 3/8/2013) (Signed by Judge Lewis A. Kaplan on 02/08/2013) (jcs) (Entered: 02/08/2013) |
| 02/11/2013 | 781 | MOTION to Compel Steven Donziger and the LAP Defendants to Answer the Interrogatories. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Mastro, Randy) (Entered: 02/11/2013) |
| 02/12/2013 | 782 | MOTION for Reconsideration re; (468) Memorandum & Opinion,,, – *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL RECONSIDERATION OF THIS COURT'S MAY 14, 2012 ORDER AND TO REINSTATE CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6)* . Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 02/12/2013) |

| | | |
|---|---|---|
| 02/12/2013 | <u>783</u> | MEMORANDUM OF LAW in Support / *CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION OF THIS COURT'S MAY 14, 2012 ORDER AND TO REINSTATE CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6)*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/12/2013) |
| 02/12/2013 | <u>784</u> | DECLARATION of Randy M. Mastro in Support. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 3293, # <u>2</u> Exhibit 3294, # <u>3</u> Exhibit 3295, # <u>4</u> Exhibit 3296, # <u>5</u> Exhibit 3297, # <u>6</u> Exhibit 3298, # <u>7</u> Exhibit 3299, # <u>8</u> Exhibit 3300, # <u>9</u> Exhibit 3301, # <u>10</u> Exhibit 3302, # <u>11</u> Exhibit 3303, # <u>12</u> Exhibit 3304, # <u>13</u> Exhibit 3305)(Mastro, Randy) (Entered: 02/12/2013) |
| 02/12/2013 | <u>785</u> | DECLARATION of Adolfo Callejas Ribadeneira in Support. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J, # <u>11</u> Exhibit K, Part 1, # <u>12</u> Exhibit K, Part 2, # <u>13</u> Exhibit K, Part 3, # <u>14</u> Exhibit K, Part 4, # <u>15</u> Exhibit L, # <u>16</u> Exhibit M, # <u>17</u> Exhibit N, # <u>18</u> Exhibit O)(Mastro, Randy) (Entered: 02/12/2013) |
| 02/12/2013 | <u>786</u> | MOTION for Protective Order *Regarding Chevron's Deposition Notices for Alban, Simon and Saenz*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit C, # <u>5</u> Exhibit E)(Doyle, Tyler) (Entered: 02/12/2013) |
| 02/13/2013 | <u>787</u> | ORDER: The Court now grants Chevron's motion (Dkt. 562) in all respects. The LA Representative and Donziger, in responding to the Chevron RFP, shall produce all responsive documents that are in the possession, custody or control of their Ecuadorian attorneys and agents.Any such responsive documents as to which no work product or attorney–client privilege is claimed shall be produced on or before March 6, 2013, which is 21 days after the date of this order and is consistent with the schedule to which the parties stipulated in Dkt. 703. In the event work product,attorney–client privilege, or other privilege is claimed with respect to any such responsive documents the LAP Representatives and Danziger shall provide a privilege log on or before February 2, 2013, the date agreed upon in the parties' Third Discovery Stipulation, dated February 11, 2013. The Court intends to file an opinion setting forth its reasoning as promptly as possible. he LAP Representatives and Danziger shall advise the Court and the other parties, on or before ebruary 20, 2013, whether they will comply in all respects with this order. (Signed by Judge Lewis A. Kaplan on 2/13/2013) (js) (Entered: 02/13/2013) |
| 02/13/2013 | <u>788</u> | ENDORSED LETTER: addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 2/11/2013 re: Counsel for Plaintiff request the Court's permission to file the enclosed Declaration of Andrea E. Neuman in Support of Chevron's Application by Order to Show Cause for an Order Protecting the Confidential Declarations of Doe 1 and Doe 2. Chevron believes that these developments underscore the need to ensure the protection of the identities of Doe 1 and Doe 2 and provide a further basis for such protection. We respectfully request Your Honor's permission to file this supplemental declaration in further support of Chevron's Order to Show Cause for Further Protection Regarding the Confidential Declarations of Doe 1 and Doe 2. ENDORSEMENT: Granted. So Ordered. (Signed by Judge Lewis A. Kaplan on 2/13/2013) (js) (Entered: 02/13/2013) |
| 02/13/2013 | <u>789</u> | THIRD DISCOVERY STIPULATION: In furtherance of the Parties! ongoing efforts to minimize or eliminate disputes arising out of written discovery in the above–referenced action, the Parties hereby stipulate to the following modification to the schedule set forth in the Second Discovery Stipulation so ordered by the Court on January 3, 2013. The Parties hereby move jointly for the Court's approval of this stipulation. Absent further relief from the Court, for all written discovery propounded before November 19, 2012, each Party will:provide a privilege log consistent with any stipulation reached by the Parties concerning the logging of materials withheld on the basis of privilege or work product by February 22, 2013. Absent further relief from the Court, for all written discovery propounded after November 19, 2012, each Party will:complete its production of any nonobjectionable materials no later than February 22, 2013. All other provisions as set forth in this order. (Signed by Judge Lewis A. Kaplan on 2/13/2012) (js) (Entered: 02/13/2013) |

| | | |
|---|---|---|
| 02/13/2013 | <u>790</u> | Letter addressed to Judge Lewis A. Kaplan from Richard Herz dated 1/30/2013 re: This Court properly concluded that the Amazon Watch subpoena, like nine other third party subpoenas Chevron issued, was untimely. Dkt. 738. Chevron's Motion for Partial Reconsideration (MFPR) should be denied. Chevron does not meet the standard for reconsideration. Document Filed By Amazon Watch.(ft) (Entered: 02/13/2013) |
| 02/13/2013 | <u>791</u> | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 2/7/2013 re: I write as counsel for Plaintiff Chevron Corporation ("Chevron") in response to counsel for the LAPs and Donziger Defendants' letter of yesterday requesting an extension of time to respond to Chevron's Motion for Partial Summary Judgment (Dkt. 744). Document filed by Chevron Corporation.(ft) (Entered: 02/13/2013) |
| 02/13/2013 | <u>792</u> | Letter addressed to Judge Lewis A. Kaplan from Craig Smyser and John Keker dated 2/6/2013 re: We write as counsel for Defendants Hugo Gerardo Camacho Naranjo ("Camacho"), Javier Piaguaje Payaguaje ("Piaguaje"), and Defendants Steven Donziger, the Law Offices of Steven R. Donziger, and Donziger & Associates, PLLC (collectively "Donziger") to jointly and respectfully request an adjournment of the deadline to respond to Chevron's Motion for Partial Summary Judgment (Dkt. 744) until May 1, 2013. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(ft) (Entered: 02/13/2013) |
| 02/13/2013 | <u>793</u> | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 2/6/2013 re: I write as counsel for Plaintiff Chevron Corporation ("Chevron") in response to counsel for the Stratus Defendants' letter of earlier today requesting an extension of time to respond to Chevron's Motion for Partial Summary Judgment (Dkt. 744). Document filed by Chevron Corporation.(ft) (Entered: 02/13/2013) |
| 02/13/2013 | <u>794</u> | Letter addressed to Judge Lewis A. Kaplan from Benjamin H. Green dated 2/6/2013 re: We represent defendants Stratus Consulting Inc., Douglas Beltman and Ann Maest (the "Stratus Defendants") in this action. We write to respectfully request an extension of time to respond to Chevron Corporation's ("Chevron")'s Motion for Partial Summary Judgment on All Claims, Counterclaims and Affirmative Defenses, and Summary Judgment On Defendants' Affirmative Defense Of Collateral Estoppel [Dkt. 744] (the "Summary Judgment Motion"). Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc. (ft) (Entered: 02/13/2013) |
| 02/13/2013 | <u>795</u> | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 1/31/2013 re: I write as Plaintiff Chevron's counsel in this action concerning Monday's hearing on Chevron's Motion by Order to Show Cause for an Order Further Protecting the Confidential Declarations of Doe 1 or Doe 1. Document filed by Chevron Corporation.(ft) (Entered: 02/13/2013) |
| 02/13/2013 | <u>796</u> | DECLARATION of Andrea E. Neuman in Support re: <u>760</u> Order to Show Cause, Set Deadlines,,,,,,,,,,,, <u>761</u> Order to Show Cause,,,,,,,. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14)(Mastro, Randy) (Entered: 02/13/2013) |
| 02/13/2013 | <u>797</u> | MOTION to Appoint Expert / *CHEVRON CORPORATION'S MOTION TO APPOINT SPECIAL MASTER TO OVERSEE PARTY AND PARTY–RELATED DEPOSITIONS IN THIS MATTER*. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D)(Mastro, Randy) (Entered: 02/13/2013) |
| 02/13/2013 | <u>798</u> | MOTION for Discovery / *PLAINTIFF CHEVRON CORPORATION'S MOTION TO RESOLVE DISPUTED ISSUE OF ADMISSIBILTY OF DEPOSITIONS TAKEN IN PRIOR ACTIONS*. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J)(Mastro, Randy) (Entered: 02/13/2013) |
| 02/14/2013 | <u>799</u> | MOTION for F. Gerald Maples to Withdraw as Attorney *of Record*. Document filed by Javier Piaguaje Payaguaje.(Maples, F.) (Entered: 02/14/2013) |

| | | | |
|---|---|---|---|
| 02/14/2013 | 800 | ORDER: The Court will hold a Rule 16 conference on February 25, 2013 at 9:30 a.m. to consider a variety of matters bearing on discovery and the conduct of this litigation. Unless earlier disposed of, counsel shall be prepared to deal with Chevron's motion to resolve disputed issue of admissibility of prior depositions (Dkt. 798), Chevron's motion to appoint special master to overseedepositions (Dkt. 797), the LAP Representatives' motion for a protective order with respect to certain Chevron deposition notices (Dkt. 786), Chevron's motion to compel answers to interrogatories (Dkt. 781), and Chevron's motion to strike certain declarations or for other relief (Dkt. 771). Answering and any reply papers with respect to Dkt. 797 and 798 shall be served and filed on or before February 19, 2013 and February 21, respectively, as further set forth in this order. (Replies due by 2/21/2013)(Status Conference set for 2/25/2013 at 09:30 AM before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 02/14/2013) (jcs) (Entered: 02/14/2013) | |
| 02/14/2013 | 801 | STIPULATION AND ORDER: that the time for Chevron to move to dismiss Stratus's counterclaims [Dkt. 768] is hereby extended to and includes February 28, 2013. It is further stipulated and agreed that the deadline for Stratus's response to Chevron's motion is extended to and includes March 21, 2013, and the deadline for Chevron's reply is extended to and includes April 4,2013. (Motions due by 2/28/2013, Responses due by 3/21/2013, Replies due by 4/4/2013.) (Signed by Judge Lewis A. Kaplan on 02/14/2013) (jcs) (Entered: 02/14/2013) | |
| 02/14/2013 | 802 | SECOND PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Lewis A. Kaplan on 02/14/2013) (jcs) (Entered: 02/14/2013) | |
| 02/14/2013 | 803 | RESPONSE in Opposition re: 781 MOTION to Compel Steven Donziger and the LAP Defendants to Answer the Interrogatories.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Appendix of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Doyle, Tyler) (Entered: 02/14/2013) | |
| 02/14/2013 | 804 | RESPONSE in Opposition re: 742 MOTION to Strike Document No. [Nos. 731 and 732] *CHEVRON CORPORATION'S NOTICE OF MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 02/14/2013) | |
| 02/14/2013 | 805 | DECLARATION of Jarod Stewart in Opposition re: 742 MOTION to Strike Document No. [Nos. 731 and 732] *CHEVRON CORPORATION'S NOTICE OF MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Doyle, Tyler) (Entered: 02/14/2013) | |
| 02/14/2013 | 806 | RESPONSE in Opposition re: 781 MOTION to Compel Steven Donziger and the LAP Defendants to Answer the Interrogatories.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Werdegar, Matthew) (Entered: 02/14/2013) | |
| 02/14/2013 | 807 | RESPONSE in Opposition re: 786 MOTION for Protective Order *Regarding Chevron's Deposition Notices for Alban, Simon and Saenz*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Mastro, Randy) (Entered: 02/14/2013) | |
| 02/15/2013 | 808 | THIRD DISCOVERY STIPULATION: In furtherance of the Parties, ongoing efforts to minimize or eliminate disputes arising out of written discovery in the above–referenced action, the Parties hereby stipulate to the following modification to the schedule set forth in the Second Discovery Stipulation so ordered by the Court on January 3, 2013. The Parties hereby move jointly for the Court's approval of this stipulation. Absent further relief from the Court, for all written discovery propounded before November 19, 2012, each Party will: provide a privilege log consistent with any stipulation reached by the Parties concerning the logging of materials withheld on the basis of privilege or work product by February 22, 2013. Absent further relief from the Court, for all written discovery propounded after November 19, 2012, each | |

| | | |
|---|---|---|
| | | Party will: complete its production of any non–objectionable materials no later than February 22, 2013. provide a privilege log consistent with any stipulation reached by the Parties concerning the logging of materials withheld on the basis of privilege or work product reflecting any materials withheld from such production by March 8, 2013. continue meet–and–confer efforts regarding any objections to such discovery through February 13, 2013; file any motion to compel concerning any objections to such discovery, other than challenges to assertions of privilege, no later than February 15, 2013 except that all Parties reserve the right to file further motions to compel with respect to any interrogatory response that is the subject of a motion to compel filed by February 15, 2013. produce any responsive materials as required by Court order resolving such motions within twenty–one (21) days of such an order; and provide a privilege log consistent with any stipulation reached by the Parties concerning the logging of materials withheld on the basis of privilege or work product reflecting any materials withheld from any Court–ordered production within fourteen (14) days of completing such production.Except as expressly set forth above, nothing herein is intended to alter any agreed–upon terms set forth in the prior Discovery Stipulation so ordered by the Court, or the overall cases chedule established by the June 25, 2012 Scheduling Order. (Signed by Judge Lewis A. Kaplan on 2/15/2013) (js) (Entered: 02/15/2013) |
| 02/15/2013 | 809 | ORDER: Accordingly, Chevron's motion to compel answers to the interrogatories (Dkt. 781)is granted in all respects. The interrogatories shall be answered in full on or before the later of(a)March 2, 2013, and (b) such other date as all parties may stipulate to provided any such stipulation is approved by the Court. (Signed by Judge Lewis A. Kaplan on 2/15/2013) (js) (Entered: 02/15/2013) |
| 02/15/2013 | 810 | MOTION to Compel The Stratus Defendants to Answer Interrogatories. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Mastro, Randy) (Entered: 02/15/2013) |
| 02/15/2013 | 811 | MOTION to Compel Chevron Corporation to Produce *Documents*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Exhibit A to Motion to Compel RFP Responses, # 2 Exhibit Exhibit B to Motion to Compel RFP Responses, # 3 Exhibit Exhibit C to Motion to Compel RFP Responses, # 4 Exhibit Exhibit D to Motion to Compel RFP Responses, # 5 Exhibit Exhibit E to Motion to Compel RFP Responses, # 6 Exhibit Exhibit F to Motion to Compel RFP Responses, # 7 Exhibit Exhibit G to Motion to Compel RFP Responses, # 8 Exhibit Exhibit H to Motion to Compel RFP Responses, # 9 Exhibit Exhibit I to Motion to Compel RFP Responses, # 10 Exhibit Exhibit J to Motion to Compel RFP Responses, # 11 Exhibit Exhibit K to Motion to Compel RFP Responses, # 12 Exhibit Exhibit L to Motion to Compel RFP Responses, # 13 Exhibit Exhibit M to Motion to Compel RFP Responses)(Doyle, Tyler) (Entered: 02/15/2013) |
| 02/15/2013 | 812 | MOTION to Compel Chevron Corporation to Respond to Interrogatories and Requests for Admission. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Doyle, Tyler) (Entered: 02/15/2013) |
| 02/15/2013 | 813 | MOTION to Compel Chevron Corporation to Produce Documents. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13)(Keker, John) (Entered: 02/15/2013) |
| 02/15/2013 | 814 | MOTION to Compel Defendant Steven Donziger to Answer Requests for Admission. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Mastro, Randy) (Entered: 02/15/2013) |
| 02/15/2013 | 815 | MOTION to Compel Defendants Camacho and Payaguaje to Answer Requests for Admission. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Mastro, Randy) (Entered: 02/15/2013) |
| 02/15/2013 | 816 | MOTION to Stay / *CHEVRON CORPORATION'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS STRATUS CONSULTING, INC.'S COUNTERCLAIMS*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mastro, Randy) (Entered: 02/15/2013) |

| 02/15/2013 | 817 | MOTION to Compel Chevron Corp. to produce documents and respond to interrogatories. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Green, Benjamin) (Entered: 02/15/2013) |
|---|---|---|
| 02/19/2013 | 818 | ORDER granting 799 Motion to Withdraw as Attorney. Attorney F. Gerald Maples terminated. (Signed by Judge Lewis A. Kaplan on 2/19/2013) (Kaplan, Lewis) (Entered: 02/19/2013) |
| 02/19/2013 | 819 | ORDER denying 728 Motion for Protective Order; granting 756 Motion for Reconsideration. Accordingly, Chevron's limited motion for reconsideration of so much of the order as granted the LAP Representatives motion for a protective order with respect to the non–party subpoena served on alleged co–conspirator AW (Dkt. 756) is granted. On reconsideration, so much of the LAP Representatives' renewed motion for a protective order as relates to the subpoena served on AW (Dkt. 728) is denied. The Court notes also that neither the parties to this case nor AW has objected to the AW subpoena on any ground other than untimeliness. In the event that there is motion practice in the issuing court with respect to the AW subpoena, this Court hereby indicates its willingness to accept transfer or remittal of the motion from the issuing court in accordance with the procedures described in Chevron Corp. v. Donziger, 2012 WL 6634680, at *2 n.18. (Signed by Judge Lewis A. Kaplan on 2/19/2013) (mro) Modified on 2/20/2013 (mro). (Entered: 02/19/2013) |
| 02/19/2013 | 820 | MEMORANDUM OF LAW in Opposition re: 798 MOTION for Discovery / *PLAINTIFF CHEVRON CORPORATION'S MOTION TO RESOLVE DISPUTED ISSUE OF ADMISSIBILTY OF DEPOSITIONS TAKEN IN PRIOR ACTIONS.*. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 02/19/2013) |
| 02/19/2013 | 821 | MEMORANDUM OF LAW in Opposition re: 797 MOTION to Appoint Expert / *CHEVRON CORPORATION'S MOTION TO APPOINT SPECIAL MASTER TO OVERSEE PARTY AND PARTY–RELATED DEPOSITIONS IN THIS MATTER.*. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 02/19/2013) |
| 02/19/2013 | 822 | JOINT MEMORANDUM OF LAW in Opposition re: 797 MOTION to Appoint Expert / *CHEVRON CORPORATION'S MOTION TO APPOINT SPECIAL MASTER TO OVERSEE PARTY AND PARTY–RELATED DEPOSITIONS IN THIS MATTER.*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Little, Jan) (Entered: 02/19/2013) |
| 02/19/2013 | 823 | RESPONSE in Opposition re: 798 MOTION for Discovery / *PLAINTIFF CHEVRON CORPORATION'S MOTION TO RESOLVE DISPUTED ISSUE OF ADMISSIBILTY OF DEPOSITIONS TAKEN IN PRIOR ACTIONS. Joint Response.* Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 02/19/2013) |
| 02/20/2013 | 824 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 2/8/13 re: Counsel writes to inform Your Honor of the Fourth Interim Award on Interim Measures entered yesterday in the Treaty Arbitration between Chevron Corporation and the Republic of Ecuador in the Hague, Permanent Court of Arbitration Case No. 2009–23. (mro) (Entered: 02/20/2013) |
| 02/20/2013 | 825 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Jan Nielsen Little dated 2/15/13 re: Counsel writes to request that the 2/25/13 be adjourned for one week. ENDORSEMENT: Adjourned to 3/4/13 at 9:30 a.m. ( Status Conference set for 3/4/2013 at 09:30 AM before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 2/20/2013) (mro) (Entered: 02/20/2013) |
| 02/20/2013 | 826 | MEMORANDUM AND ORDER granting 742 Motion to Strike. These defendants were not permitted to amend as of course under Rule 15(a)(1). They obtained neither the plaintiff's written consent nor the Court's leave as required by Rule 15(a)(2). Rule 15(a)(3) does no more than regulate the timing of the service of required responses to adversaries' amended pleadings. Accordingly, the purported amended answers filed on January 22, 2013 were filed improperly and are nullities. Plaintiff's motion to |

| | | |
|---|---|---|
| | | strike them (Dkt. 742) is granted in all respects. Moreover, defendants' actions in filing the purported amended answers, without leave after the Court (1) made clear that leave to amend in this fashion would be denied and then (2) denied the defendants' subsequent motions for leave to amend, at least borders on being and may well be indefensible. The defendants had this Court's position on this question months ago. They are entitled to disagree with it and, if they suffer an adverse judgment, to raise the point on appeal. But they are not entitled to continue to relitigate it ad infinitum.. (Signed by Judge Lewis A. Kaplan on 2/20/2013) (mro) (Entered: 02/20/2013) |
| 02/20/2013 | 827 | RESPONSE in Opposition re: 812 MOTION to Compel Chevron Corporation to Respond to Interrogatories and Requests for Admission.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/20/2013) |
| 02/20/2013 | 828 | RESPONSE in Opposition re: 813 MOTION to Compel Chevron Corporation to Produce Documents.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mastro, Randy) (Entered: 02/20/2013) |
| 02/20/2013 | 829 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** BRIEF re: 787 Order on Motion to Compel,,,, *DONZIGER DEFENDANTS' RESPONSE TO COURT ORDER OF FEBRUARY 13, 2013 RE ECUADORIAN DOCUMENTS*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Little, Jan) Modified on 2/21/2013 (ka). (Entered: 02/20/2013) |
| 02/20/2013 | 830 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** BRIEF re: 787 Order on Motion to Compel,,,, *Response to February 13, 2013 Court Order regarding Ecuadorian Documents Dkt 787*. Document filed by Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Doyle, Tyler) Modified on 2/21/2013 (ka). (Entered: 02/20/2013) |
| 02/20/2013 | 831 | RESPONSE in Opposition re: 811 MOTION to Compel Chevron Corporation to Produce *Documents*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Mastro, Randy) (Entered: 02/20/2013) |
| 02/20/2013 | 832 | RESPONSE in Opposition re: 815 MOTION to Compel Defendants Camacho and Payaguaje to Answer Requests for Admission.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Appendix of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Doyle, Tyler) (Entered: 02/20/2013) |
| 02/20/2013 | 833 | RESPONSE in Opposition re: 814 MOTION to Compel Defendant Steven Donziger to Answer Requests for Admission.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Werdegar, Matthew) (Entered: 02/20/2013) |
| 02/20/2013 | 834 | MEMORANDUM OF LAW in Opposition re: 810 MOTION to Compel The Stratus Defendants to Answer Interrogatories.. Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 02/20/2013) |
| 02/20/2013 | 835 | RESPONSE in Opposition re: 817 MOTION to Compel Chevron Corp. to produce documents and respond to interrogatories.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mastro, Randy) (Entered: 02/20/2013) |
| 02/21/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Jan Nielsen Little to RE–FILE Document 829 Brief. Use the event type Response(non–motion) found under the event list Other Answers. (ka)** (Entered: 02/21/2013) |
| 02/21/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Tyler Geoffrey Doyle to RE–FILE Document 830 Brief. Use the event type Response(non–motion) found under the event list Other Answers. (ka)** (Entered: 02/21/2013) |
| 02/21/2013 | 836 | RESPONSE re: 787 Order on Motion to Compel,,,, *Corrected filing Response to February 13 2013 Court Order Dkt 787*. Document filed by Hugo Gerardo Camacho |

| | | |
|---|---|---|
| | | Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Doyle, Tyler) (Entered: 02/21/2013) |
| 02/21/2013 | 837 | SECOND PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Lewis A. Kaplan on 2/21/2013) (mro) (Entered: 02/21/2013) |
| 02/21/2013 | 838 | MEMORANDUM OPINION #102920: On February 14, 2013, the Court granted Chevron's motion in significant part and entered a protective order barring defendants from disclosing either of the Doe declarations, or any identifying information about Doe I or Doe 2 that has been redacted from other declarations, to anyone other than counsel of record in this action except with prior leave granted on notice to plaintiff and upon such conditions as the Court may impose (the "February 14 order"). The foregoing sets forth the reasoning and amplifies the findings underlying the Court's February 14 order and constitutes findings of fact and conclusions of law for the purposes of this motion. (Signed by Judge Lewis A. Kaplan on 2/21/2013) (mro) Modified on 2/22/2013 (rsh). (Entered: 02/21/2013) |
| 02/21/2013 | 839 | TRANSCRIPT of Proceedings re: ARGUMENT held on 2/4/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Paula Speer, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/18/2013. Redacted Transcript Deadline set for 3/28/2013. Release of Transcript Restriction set for 5/28/2013.(Rodriguez, Somari) (Entered: 02/21/2013) |
| 02/21/2013 | 840 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 2/4/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Rodriguez, Somari) (Entered: 02/21/2013) |
| 02/21/2013 | 841 | RESPONSE re: 787 Order on Motion to Compel,,,, *CORRECTED FILING Donziger Defendants' Response to Court Order of February 13, 2013 Re Ecuadorian Documents*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Little, Jan) (Entered: 02/21/2013) |
| 02/21/2013 | 842 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/21/2013) |
| 02/21/2013 | 843 | MEMORANDUM OPINION: #102920 (CORRECTED): Plaintiff Chevron Corporation moved for a protective order preventing defendants from disclosing two witness declarations that have been filed under seal, from revealing or identifying information concerning the witnesses, except to counsel of record who have appeared in this action. The dispute that gave rise to the motion concerned principally whether the protection available under a previous protective order should be expanded to include, among other restrictions, the prohibition of disclosure of the witnesses' identities and statements to Ecuadorian counsel in the Lago Agrio litigation, among others. On February 14, 2013, the Court granted Chevron's motion in significant part and entered a protective order barring defendants from disclosing either of the Doe declarations, or any identifying information about Doe 1 or Doe 2 that has been redacted from other declarations, to anyone other than counsel of record in this action except with prior leave granted on notice to plaintiff and upon such conditions as the Court may impose. The foregoing sets forth the reasoning and amplifies the findings underlying the Court's February 14 order and constitutes findings of fact and conclusions of law for the purposes of this motion. (Signed by Judge Lewis A. Kaplan on 2/21/2013) (mro) Modified on 2/21/2013 (jab). (Entered: 02/21/2013) |
| 02/21/2013 | 844 | REPLY MEMORANDUM OF LAW in Support re: 797 MOTION to Appoint Expert */ CHEVRON CORPORATION'S MOTION TO APPOINT SPECIAL MASTER TO OVERSEE PARTY AND PARTY–RELATED DEPOSITIONS IN THIS MATTER..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit G)(Mastro, Randy) (Entered: 02/21/2013) |

| 02/21/2013 | 845 | REPLY MEMORANDUM OF LAW in Support re: 798 MOTION for Discovery / *PLAINTIFF CHEVRON CORPORATION'S MOTION TO RESOLVE DISPUTED ISSUE OF ADMISSIBILTY OF DEPOSITIONS TAKEN IN PRIOR ACTIONS.*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/21/2013) |
|---|---|---|
| 02/22/2013 | 846 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 2/21/2013 re: Counsel for Chevron request that the Rule 16 conference, which was originally scheduled for 2/25/2013 and, late yesterday, was rescheduled at the request of Defendants' counsel for March 4, instead be held on March 5 or any other day that week. ENDORSEMENT: Counsel shall advise the Court of the nature of the commitment and of the availability of all of the pertinent counsel on 3/15/13. (Signed by Judge Lewis A. Kaplan on 2/22/2013) (tro) (Entered: 02/22/2013) |
| 02/22/2013 | 847 | STATUS REPORT. *of Non−Party Patton Boggs LLP's Electronic Efforts in Response to Chevron Corp.'s Modified Subpoena* Document filed by Patton Boggs LLP.(Leader, James) (Entered: 02/22/2013) |
| 02/25/2013 | 848 | MEMO ENDORSEMENT granting 810 Motion to Compel. ENDORSEMENT: The Stratus Defendants' objection to identifying at this time all documents in support of the answers to Chevron's interrogatories 1−5, 10, 12−17 and 19−24 is sustained. Chevron's motion to compel, as limited by Dkt. 810, at 3 n.7 and further limited by the modification set forth below in paragraph 2, is granted in all other respects. The interrogatories as modified shall be answered within 14 days of the date hereof. (Signed by Judge Lewis A. Kaplan on 2/25/2013) (mro) (Entered: 02/25/2013) |
| 02/25/2013 | 849 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 1/28/13 re: Counsel for the plaintiff writes in response to the LAP Representatives' Notice of Recent Ruling Concerning Chevron Corporation's Motion to Compel defendants to produce documents, which was filed on 1/23, Dkt. 734. Document filed by Chevron Corporation.(mro) (Entered: 02/25/2013) |
| 02/26/2013 | 963 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 843 Memorandum & Opinion. (Attachments: # 1 Internet Citation, # 2 Internet Citation, # 3 Internet Citation, # 4 Internet Citation, # 5 Internet Citation, # 6 Internet Citation, # 7 Internet Citation) (sj) (Entered: 04/02/2013) |
| 02/27/2013 | 850 | MOTION to Compel CONSTANTINE CANNON LLP and BROWNSTEIN HYATT FARBER SCHRECK, LLP to PRODUCE DOCUMENTS. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Mastro, Randy) (Entered: 02/27/2013) |
| 02/27/2013 | 851 | ORDER: The memorandum endorsement (Dkt 848) is corrected to read as follows: "The Stratus Defendants' objection to identifying at this time all documents in support of the answers to Chevron's interrogatories 1−5, 10, 12−17 and 19−24 is sustained. Chevron's motion to compel, as limited by Dkt. 810, at 3 n.7 and as further modified by inserting into Interrogatory 10 the phrase "you contend" immediately following the words "the FORMER CONCESSION AREA," is granted in all other respects. The interrogatories as modified shall be answered within 14 days of the date hereof." (Signed by Judge Lewis A. Kaplan on 2/27/2013) (mro) (Entered: 02/27/2013) |
| 02/27/2013 | 852 | MOTION for Martin D Beier to Withdraw as Attorney *for Stratus Defendants*. Document filed by Stratus Consulting, Inc., Stratus Consulting, Inc..(Beier, Martin) (Entered: 02/27/2013) |
| 02/27/2013 | 853 | MOTION for Joe L. Silver to Withdraw as Attorney *for Stratus Defendants*. Document filed by Stratus Consulting, Inc., Stratus Consulting, Inc..(Beier, Martin) (Entered: 02/27/2013) |
| 02/27/2013 | 854 | MOTION to Compel LAP REPRESENTATIVES AND DONZIGER DEFENDANTS to PRODUCE DOCUMENTS AND RECORDINGS OF ALLEGED INTERACTIONS BETWEEN CHEVRON AND POTENTIAL WITNESSES. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Mastro, Randy) (Entered: 02/27/2013) |

| | | |
|---|---|---|
| 02/28/2013 | 855 | STIPULATION AND ORDER: IT IS STIPULATED by and between, Chevron, Donziger, and Messrs. Camacho and Piaguaje that to the extent there are documents subject to an unresolved claim of attorney–client privilege or work product protection by Donziger or Messrs. Camacho and Piaguaje, including but not limited to any documents determined by Magistrate Judge Francis to be subject to the crime fraud exception to the attorney client privilege (Salazar, Dkt. 227), Mr. Woods may produce such documents to Chevron in order to reduce disputes and avoid litigation, and Chevron shall not argue that such disclosure constitutes a subject matter waiver of any privilege or protection pursuant to Rule 502(d) of the Federal Rules of Evidence, and such disclosure shall not be deemed such a waiver; and IT IS FURTHER STIPULATED that any documents produced by Mr. Woods pursuant to this stipulation may be marked "Confidential" pursuant to the protective order in effect in this action (Dkt. 723), except that Chevron reserves its right to challenge any such designation pursuant to paragraphs 13 and 14 of that order; and IT IS FURTHER STIPULATED that Chevron may use any document produced pursuant to this stipulation for any purpose subject to the terms, conditions and restrictions of the protective order in this action and further subject to any objections to the relevance, authenticity or admissibility of any document, all of which objections are expressly reserved; and IT IS FURTHER STIPULATED that, except as explicitly stated herein, the parties to this stipulation do not waive any rights or protections afforded them by the Court's individual practices, applicable Local Civil Rules, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable authority, including, but not limited to, work product and attorney–client privileges, and this STIPULATION is without prejudice to any parties' rights thereunder. (Signed by Judge Lewis A. Kaplan on 2/28/2013) (mro) (Entered: 02/28/2013) |
| 02/28/2013 | 856 | STIPULATION: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, that (1) with respect to documents requested by the Stratus Defendants' Second Set of Requests for Production dated November 30, 2012 (the "Second RFPs"), Chevron will produce communications Chevron had with third parties concerning the Stratus Defendants for the time period August 15, 2012 through November 30, 2012 (the "Limited Counterclaim Discovery"); (2) the Stratus Defendants withdraw the Motion to Compel, without prejudice, as to Chevron's responses to all Second RFPs other than Nos. 63–65; (3) Chevron hereby confirms it has no additional responsive documents as to Second RFP No. 31; (4) Stratus' agreement to only seek Limited Counterclaim Discovery is without prejudice to its rights to seek broader discovery within the scope of its Second RFPs, or as otherwise permitted by the Court, following resolution of Chevron's motion to dismiss Stratus' counterclaims and without prejudice to Chevron's right to oppose such discovery (except that Chevron will not argue that any future motion to compel such discovery was untimely because made after February 15, 2012); (5) based on Stratus' agreement to only seek Limited Counterclaim Discovery pending disposition of Chevron's motion to dismiss, Chevron withdraws the Chevron Stay Motion and agrees to not move to stay counterclaim discovery before the Court rules on the motion to dismiss; (6) the Stratus Defendants withdraw their motion to compel responses to their First Set of Interrogatories Nos. 1–3, based on Chevron's representation that it will not withhold otherwise responsive information on the ground that it relates to a governmental investigation of Stratus; (7) Chevron agrees to supplement its responses to Interrogatories Nos. 6–9 to provide responsive information for the period August 15, 2012 through November 30, 2012 within a reasonable time after it completes its additional document production pursuant to point (1) above; (8) Chevron does not consent to any extension of the fact discovery period by entering into this stipulation and agreement; (9) the Stratus Defendants reserve all rights to seek an extension of the fact discovery period as necessary and (10) this Stipulation may be signed in counterparts and electronic/facsimile copies shall be considered originals for all purposes. (Signed by Judge Lewis A. Kaplan on 2/28/2013) (mro) (Entered: 02/28/2013) |
| 02/28/2013 | 858 | STATUS REPORT. *of Non–Party Patton Boggs LLP's Electronic Discovery Efforts in Response to Chevron Corporation's Modified Subpoena* Document filed by Patton Boggs LLP.(Leader, James) (Entered: 02/28/2013) |
| 02/28/2013 | 859 | MOTION for Protective Order *Regarding Chevron's Deposition Notices for Camacho and Piaguaje*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 |

| | | Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Doyle, Tyler) (Entered: 02/28/2013) |
|---|---|---|
| 02/28/2013 | 860 | MOTION to Dismiss / *CHEVRON CORPORATION'S NOTICE OF MOTION TO DISMISS AND/OR STRIKE STRATUS CONSULTING, INC.'S COUNTERCLAIMS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 02/28/2013) |
| 02/28/2013 | 861 | MEMORANDUM OF LAW in Support re: 860 MOTION to Dismiss / *CHEVRON CORPORATION'S NOTICE OF MOTION TO DISMISS AND/OR STRIKE STRATUS CONSULTING, INC.'S COUNTERCLAIMS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/28/2013) |
| 02/28/2013 | 862 | RULE 56.1 STATEMENT. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/28/2013) |
| 02/28/2013 | 863 | DECLARATION of Randy M. Mastro in Support re: 860 MOTION to Dismiss / *CHEVRON CORPORATION'S NOTICE OF MOTION TO DISMISS AND/OR STRIKE STRATUS CONSULTING, INC.'S COUNTERCLAIMS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3401, # 2 Exhibit 3402, # 3 Exhibit 3403, # 4 Exhibit 3404, # 5 Exhibit 3405, # 6 Exhibit 3406, # 7 Exhibit 3407, # 8 Exhibit 3408, # 9 Exhibit 3409, # 10 Exhibit 3410, # 11 Exhibit 3411, # 12 Exhibit 3412, # 13 Exhibit 3413, # 14 Exhibit 3414, # 15 Exhibit 3415, # 16 Exhibit 3416, # 17 Exhibit 3417, # 18 Exhibit 3418, # 19 Exhibit 3419, # 20 Exhibit 3420, # 21 Exhibit 3421, # 22 Exhibit 3422, # 23 Exhibit 3423, # 24 Exhibit 3424, # 25 Exhibit 3425, # 26 Exhibit 3426, # 27 Exhibit 3427, # 28 Exhibit 3428, # 29 Exhibit 3429, # 30 Exhibit 3430, # 31 Exhibit 3431, # 32 Exhibit 3432, # 33 Exhibit 3433, # 34 Exhibit 3434, # 35 Exhibit 3435, # 36 Exhibit 3436, # 37 Exhibit 3437, # 38 Exhibit 3438, # 39 Exhibit 3439)(Mastro, Randy) (Entered: 02/28/2013) |
| 02/28/2013 | 864 | MEMO ENDORSEMENT withdrawing in part and denying all all other respects 817 THE STRATUS PARTIES' MOTION TO COMPEL CHEVRON CORPORATION TO PRODUCE DOCUMENTS AND RESPOND TO INTERROGATORIES. ENDORSEMENT: 1. RFPs 63–65 of Stratus' second set of such requests seek information going to the questions whether and why there is or has been environmental pollution in the relevant area of Ecuador. Chevron quite properly points out, although more decorously, that the Court several times has ruled this subject out of bounds because this case is not a vehicle for retrying the merits of the pollution claims that were the subject of the Ecuadorian case. And while Stratus has moved to compel production of these materials, its motion has not even addressed the Court's prior rulings, let alone attempted to defend the relevance or propriety of these requests. 2. This motion, except insofar as it relates to Stratus' RFPs 63–65, was withdrawn by Stipulation dated February 26, 2013. Accordingly, this motion is denied in all respects. The denial is without prejudice to a renewed motion addressed solely to Interrogatories 1 through 3 in the event Chevron has withheld responsive information on the basis of the stated objections. Should it be renewed, the parties should address the legal merits of the objection. (Signed by Judge Lewis A. Kaplan on 2/28/2013) (mro) (Entered: 03/01/2013) |
| 03/01/2013 | 865 | MEMO ENDORSEMENT granting in part and denying in part 797 CHEVRON CORPORATION'S MOTION TO APPOINT SPECIAL MASTER TO OVERSEE PARTY AND PARTY–RELATED DEPOSITIONS IN THIS MATTER. ENDORSEMENT: Chevron moves for the appointment of a special master to oversee the depositions of parties and party–related witnesses and proposes that the special master's fees be borne 50 percent by Chevron and 50 percent by defendants. The circumstances here are extraordinary. The appointment of one or more special masters to oversee and preside at some or all of the least 42 depositions that the parties propose to take in this case between now and May 31 is essential if the matter is to proceed fairly and properly. Among the considerations that have led the Court to this conclusion are listed herein. The Court does not now determine which depositions will require direct supervision by a special master and which can proceed with more indirect supervision or even in the usual manner. That will await more information. Finally, defendants assert that they cannot afford the costs that will be incurred if a special master is appointed. Dkt. 822, at 3. This contention is not persuasive. First, a |

| | | |
|---|---|---|
| | | review of the docket sheets in the various Section 1782 proceedings, the Count 9 action, and this case suggests that they have access to very substantial resources. Indeed, it is a matter of public record that defendants have been raising funds from litigation funders for years. Second, defendants have made no showing that they are unable to pay the costs associated with the special masters' services. Nonetheless, the Court is mindful of the expense that the special masters may entail and has no intention of requiring that they preside over depositions where that is not necessary. The extent to which depositions go forward trouble free could well result in an even more limited use of the special masters than originally might seem appropriate. Accordingly, the motion is granted to the extent that the Court will appoint at least two special masters in order to have the resources necessary to handle the depositions in a manner that respects those individuals' other professional commitments and the inevitable scheduling issues arising from the parties and the witnesses. The fees and other appropriate expenses will be advanced 50 percent by Chevron and 50 percent jointly and severally by the defendants other than the Stratus Defendants. Upon conclusion of the work of the special masters, they shall recommend an allocation of costs to the parties pursuant to Rule 53(g)(3). The entry of the appointing order will take place after the proposed special masters file the affidavits required by Rule 53(b)(3)(A). (Signed by Judge Lewis A. Kaplan on 3/1/2013) (mro) (Entered: 03/01/2013) |
| 03/01/2013 | 866 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 3/1/13 re: Counsel seeks a conference with the court regarding a motion for sanctions, including contempt sanctions, against Donziger defendants and the LAP Representatives. ENDORSEMENT: The matter will be discussed on 3/5/13, time permitting. (Signed by Judge Lewis A. Kaplan on 3/1/2013) (mro) Modified on 3/4/2013 (mro). (Entered: 03/01/2013) |
| 03/01/2013 | 867 | STIPULATION AND ORDER: THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, that: 1. Stratus agrees to the production by S&D of all documents or communications, or portions thereof, in the possession, custody, or control of S&D created by or sent between or among Stratus and S&D during the period February 18, 2010–May 18, 2010, concerning: (a) statements made by Joe Silver before the U.S. District Court for the District of Colorado during an April 27, 2010 hearing in the Colorado 1782 action reflected in the hearing transcript at 40:10–16; 58:5–59:24; 69:8–21; (b) the factual basis for the statements reflected in (a); (c) any diligence, investigation, interviews or meetings concerning or referred to in the above cited portions of the April 27, 2010 hearing transcript and any subsequent investigations or diligence including that referred to in the May 18, 2010 "Status Report"; (d) Stratus's preparation of materials that may have been provided to Richard Stalin Cabrera Vega ("Cabrera"); and (e) any direct contact between Stratus and Cabrera (the "Produced Documents"). S&D agrees to immediate production of the Produced Documents upon execution of this Stipulation. 2. Chevron's agreement to the time limitation reflected in paragraph 1 is contingent on Stratus and S&D's representation, confirmed by the signatures below, that there are no documents responsive to the Subpoena that pre–date February 18, 2010. 3. The Produced Documents shall be designated as confidential under the operative protective order entered in this litigation (Dkt. 723), and Chevron reserves its right to challenge the designation of any such documents as confidential under paragraphs 13 and 14 of that protective order. 4. The disclosure of the Produced Documents shall be deemed a disclosure pursuant to Federal Rule of Evidence 502 (d) ("FRE 502(d)"), and shall to the full extent provided by FRE 502(d) effect only a limited waiver of applicable privileges to the Produced Documents or communications occurring during the period February 18, 2010–May 18, 2010 between or among Stratus and S&D regarding the topics reflected in paragraph 1. 5. Pursuant to FRE 502(d}, no party will assert in this action or any other litigation that the act of production of the Produced Documents creates a broader or general waiver of any Privileges beyond the limited waiver outlined in this Stipulation. 6. Nothing in this Stipulation prevents or limits in any way Chevron's ability to argue that events other than the act of production of the Produced Documents under this Stipulation have resulted in a waiver of the Privileges, or support application of the crime–fraud exception to the Privileges. (Signed by Judge Lewis A. Kaplan on 3/1/2013) (mro) Modified on 3/4/2013 (mro). (Entered: 03/01/2013) |

| | | |
|---|---|---|
| 03/01/2013 | 868 | DECLARATION of Stuart A. Krause *re: 782 MOTION for Reconsideration re; 468 Memorandum & Opinion,,, – PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL RECONSIDERATION OF THIS COURT'S MAY 14, 2012 ORDER AND TO REINSTATE CHEVRON'S UNJUST ENRICHMENT CLAIM (COU NT 6).* Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 03/01/2013) |
| 03/01/2013 | 869 | RESPONSE to Motion *re: 782 MOTION for Reconsideration re; 468 Memorandum & Opinion,,, – PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL RECONSIDERATION OF THIS COURT'S MAY 14, 2012 ORDER AND TO REINSTATE CHEVRON'S UNJUST ENRICHMENT CLAIM (COU NT 6).* Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 03/01/2013) |
| 03/01/2013 | 870 | RESPONSE in Opposition re: 854 MOTION to Compel LAP REPRESENTATIVES AND DONZIGER DEFENDANTS to PRODUCE DOCUMENTS AND RECORDINGS OF ALLEGED INTERACTIONS BETWEEN CHEVRON AND POTENTIAL WITNESSES.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 03/01/2013) |
| 03/01/2013 | 871 | RESPONSE in Opposition re: 854 MOTION to Compel LAP REPRESENTATIVES AND DONZIGER DEFENDANTS to PRODUCE DOCUMENTS AND RECORDINGS OF ALLEGED INTERACTIONS BETWEEN CHEVRON AND POTENTIAL WITNESSES.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 03/01/2013) |
| 03/01/2013 | 872 | NOTICE of Withdrawal of Motion to Stay re: 816 MOTION to Stay */ CHEVRON CORPORATION'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS STRATUS CONSULTING, INC.'S COUNTERCLAIMS..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/01/2013) |
| 03/01/2013 | 873 | RESPONSE in Opposition *to Chevron Corporation's Motion for Partial Reconsideration of this Court's May 14, 2012 Order and to reinstate Chevron's Unjust Enrichment Claim (Count 6).* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A)(Doyle, Tyler) (Entered: 03/01/2013) |
| 03/01/2013 | 874 | RESPONSE in Opposition re: 850 MOTION to Compel CONSTANTINE CANNON LLP and BROWNSTEIN HYATT FARBER SCHRECK, LLP to PRODUCE DOCUMENTS.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 03/01/2013) |
| 03/01/2013 | 875 | NOTICE of Supplemental Notice of Intent to Rely on Foreign Law re: 315 Notice (Other). Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 03/01/2013) |
| 03/01/2013 | 876 | RESPONSE to Motion 782 *(Motion for Reconsideration re: 468 Memorandum & Opinion filed by Chevron Corporation).* Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 03/01/2013) |
| 03/04/2013 | 877 | RESPONSE in Opposition re: 852 MOTION for Martin D Beier to Withdraw as Attorney *for Stratus Defendants*., 853 MOTION for Joe L. Silver to Withdraw as Attorney *for Stratus Defendants. PLAINTIFF CHEVRON CORPORATION'S OPPOSITION TO VERIFIED MOTIONS OF ATTORNEYS JOE L. SILVER AND MARTIN D. BEIER TO WITHDRAW AS COUNSEL FOR STRATUS DEFENDANTS.* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 03/04/2013) |
| 03/04/2013 | 878 | MEMO ENDORSEMENT denying 583 CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW § 487). ENDORSEMENT: Denied. So ordered. (Signed by Judge Lewis A. Kaplan on 3/4/2013) (mro) Modified on 3/5/2013 (mro). (Entered: 03/04/2013) |

| 03/04/2013 | 879 | Letter addressed to Judge Lewis A. Kaplan from John V. McDermott dated 3/1/13 re: Counsel states that on Wednesday, February 27, 2013, Plaintiff Chevron Corporation filed a motion seeking to compel our firm, Brownstein Hyatt Farber Schreck, LLP ("Brownstein"). to produce documents responsive to a subpoena Chevron served on Brownstein in December. Brownstein is not a party to this litigation and is not located in New York. Brownstein has not filed an appearance in this matter and does not receive ECF notices for this case. We understand that. pursuant to your Individual Practices, Brownstein's response to Chevron's motion would be due two business days following the filing of the motion–that is, today, Friday, March 1,2013. Given this time–line, Brownstein is unable to make an appearance in this matter and file a formal response to the motion. (mro) (Entered: 03/04/2013) |
|---|---|---|
| 03/04/2013 | 880 | MEMO ENDORSEMENT denying as moot 786 MOTION for Protective Order *Regarding Chevron's Deposition Notices for Alban, Simon and Saenz* filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo. ENDORSEMENT: In view of the fact that the dates for the depositions have passed, the motion for a protective order is denied as moot although, of course, the questions whether the failure to appear was appropriate and, in any case, whether a protective order would be appropriate in the event the depositions are noticed again have not been decided. (Signed by Judge Lewis A. Kaplan on 3/4/2013) (mro) Modified on 3/5/2013 (mro). (Entered: 03/04/2013) |
| 03/04/2013 | 881 | MEMORANDUM OF LAW in Opposition re: 859 MOTION for Protective Order *Regarding Chevron's Deposition Notices for Camacho and Piaguaje*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Mastro, Randy) (Entered: 03/04/2013) |
| 03/05/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Status Conference held on 3/5/2013. (js) (Entered: 03/14/2013) |
| 03/07/2013 | 882 | RULE 16 ORDER: The Court held a Rule 16 conference with counsel on March 5, 2013. It hereby issues the following order, pursuant to Fed. R. Civ. P. 16(d), reciting the action taken. The Court directed the parties to confer and to report by March 12, 2013 any agreement of all parties as to the number of depositions for each side, subject to court approval if the number proposed exceeds ten. Failing agreement, the parties shall submit their respective positions with respect to the number of depositions per side, as well as justification for any depositions beyond 10 per side and a definitive list of who the proposed deponents are. It was agreed, and the Court now directs, that all depositions of foreign resident persons or entities who do not come to the United States and submit to depositions here shall be conducted in United States Embassies in their countries of residence or in a country in South or Central America reasonably close to their countries of residence. The LAP Representatives agreed to the foregoing with respect to Ecuadorian witnesses with the reservation that those depositions should take place if at all possible at the United States embassy in Quito. The Court referred to the pending dispute as to whether any depositions should be taken within the geographic boundaries of Ecuador and granted plaintiff until March 11, 2013 to make any additional submission on that point, with the opposing side's response to be filed no later than March 18, 2013. Following those submissions, the Court will determine whether depositions of Ecuadorian witnesses shall take place at a United States Embassy in a country other than Ecuador. In the case of foreign witnesses whose depositions are taken by plaintiff outside of the home country of a witness, Chevron will reimburse the witnesses for the reasonable transportation, subsistence, lodging, and incidental expenses incurred by them with respect to the travel from Quito, Ecuador to the deposition location. Chevron, the LAP Representatives, and the Stratus Defendants agree, subject to Court approval, that no foreign witness who fails to submit to a deposition abroad in a United States Embassy as outlined in paragraph 2 shall be permitted to testify at trial or other proceedings. The Donziger Defendants requested that there be a procedure for seeking leave of the court for exceptions to this rule to permit such a witness to testify after the witness submits to deposition in the United States prior to trial. The Court directed the parties to confer and report by March 12, 2013 any agreement as to such a procedure or, in the absence of any agreement, the parties' respective positions and whether any party feels that further briefing or evidentiary submissions are necessary. Chevron's proposed motion is to be filed no later than March 12, 2013. Responsive papers shall be filed no later than March 26, 2013. Reply papers shall be filed no later than April |

|  |  |  |
|---|---|---|
|  |  | 2, 2013. The moving and answering briefs are not to exceed 25 pages and the reply brief is not to exceed 15 pages. The non–moving parties' time to file papers in opposition to Chevron's pending motion for partial summary judgment is extended to and including March 18, 2013, defendants all having agreed that there will be no further extension after that date. Counsel for Patton Boggs reported that Patton Boggs has produced all responsive hard copy documents and intends to produce a privilege log with respect to those documents by March 15, 2013, both as directed by the Court's February 4, 2013 order. The Court suggested to counsel for Patton Boggs that, upon issuance of the Court's decision of the remaining issues with respect to the subpoena, Patton Boggs will be obliged to complete production much more quickly than it had reported it expected it would. (Signed by Judge Lewis A. Kaplan on 3/7/2013) (mro) (Entered: 03/07/2013) |
| 03/07/2013 |  | Set/Reset Deadlines: Motions due by 3/12/2013. Responses due by 3/26/2013 Replies due by 4/2/2013. (mro) (Entered: 03/07/2013) |
| 03/11/2013 | 883 | REPLY to Response to Motion re: 852 MOTION for Martin D Beier to Withdraw as Attorney *for Stratus Defendants*., 853 MOTION for Joe L. Silver to Withdraw as Attorney *for Stratus Defendants*.. Document filed by Stratus Consulting, Inc.. (Beier, Martin) (Entered: 03/11/2013) |
| 03/11/2013 | 884 | MEMORANDUM OF LAW re: 882 Order,,,,,,,,,,,,, *PLAINTIFF CHEVRON CORPORATION'S SUPPLEMENTAL BRIEF ON SECURITY RISKS IN ECUADOR*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Mastro, Randy) (Entered: 03/11/2013) |
| 03/11/2013 | 885 | REPLY MEMORANDUM OF LAW in Support – *Chevron Corporation's Reply Memorandum of Law in Further Support of Its Motion for Partial Reconsideration of This Court's May 14, 2012 Order and to Reinstate Chevron's Unjust Enrichment Claim (Count 6)*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/11/2013) |
| 03/11/2013 | 886 | DECLARATION of Randy M. Mastro in Support. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3306, # 2 Exhibit 3307, # 3 Exhibit 3308, # 4 Exhibit 3309, # 5 Exhibit 3310)(Mastro, Randy) (Entered: 03/11/2013) |
| 03/11/2013 | 887 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/12/2013) |
| 03/12/2013 | 888 | ORDER granting 852 Motion to Withdraw as Attorney; granting 853 Motion to Withdraw as Attorney. The motions of Martin D. Beier and Joe L. Silber to withdraw as attorneys for the Stratus Defendants [DI 852, DI 853] are granted, provided, however, that the Court retains personal jurisdiction over both attorneys. See Logicom Inclusive, Inc. v. W.P. Stewart & Co., No. 04 Civ. 604 (CSH), 2008 WL 1777855 (S.D.N.Y. Apr. 16, 2008). (Signed by Judge Lewis A. Kaplan on 3/12/2013) (mro) (Entered: 03/12/2013) |
| 03/12/2013 | 889 | MEMO ENDORSEMENT denying 782 PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL RECONSIDERATION OF THIS COURT'S MAY 14, 2012 ORDER AND TO REINSTATE CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6). ENDORSEMENT: The only enrichment of the LAP Representatives–as opposed to restraint of Chevron or subsidiaries' assets that may or may not be released–said to have occurred to date pertains to $358.92 in a TexPet account at Banco Pichincha. Chevron's own witness claims only that "the totality of those funds, in the sum of $358.92, have been segregated by Banco Pichincha into a separate account, not controlled by TexPet, for the benefit of the LAPs" (Callejas Decl. paragraph 12)–not that the money has been paid to or placed under the control of the LAPs. Chevron's reliance on a statement made on a radio show by one of the LAPs' Ecuadorian lawyers to the effect that this is the first $350 that Chevron has paid the LAPs just does not cut it in the face of the paper record. In any event, everyone in this $18–19 billion case has more important things to do than to deal with a claim that was dismissed previously as premature simply because $358.92 now may–or may not–have changed hands. De minimis non curat lex. Chevron's motion (DI 782) is denied without prejudice on the same basis that the unjust enrichment claim previously was dismissed. If, as and when there is a substantial basis for a claim of unjust enrichment, Chevron is at liberty to move, under Rule 54, to reinstate the previously dismissed claim. (Signed by Judge Lewis A. |

| | | |
|---|---|---|
| | | Kaplan on 3/12/2013) (mro) Modified on 3/13/2013 (mro). Modified on 3/13/2013 (mro). (Entered: 03/12/2013) |
| 03/12/2013 | 890 | STATUS REPORT. *Joint Rule 16 Report of Defendants Hugo Camacho and Javier Piaguaje and the Donziger Defendants pursuant to Rule 16 Order [Dkt. 882]* Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Keker, John) (Entered: 03/12/2013) |
| 03/12/2013 | 891 | STATUS REPORT. *(Regarding Depositions pursuant to the Court's Rule 16 Order)* Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc..(Krause, Stuart) (Entered: 03/12/2013) |
| 03/12/2013 | 892 | **FILING ERROR – DEFICIENT DOCKET ENTRY – SEE DOC. #900** STATUS REPORT. *CHEVRON CORPORATION'S RULE 16 REPORT* Document filed by Chevron Corporation.(Mastro, Randy) Modified on 3/13/2013 (kco). (Entered: 03/12/2013) |
| 03/12/2013 | 893 | MOTION for Sanctions */ PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 03/12/2013) |
| 03/12/2013 | 894 | MEMORANDUM OF LAW in Support re: 893 MOTION for Sanctions */ PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/12/2013) |
| 03/12/2013 | 895 | DECLARATION of Anne Champion in Support re: 893 MOTION for Sanctions */ PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3501 to 3510, # 2 Exhibit 3511 to 3515, # 3 Exhibit 3516 to 3520, # 4 Exhibit 3521 to 3525, # 5 Exhibit 3526 to 3530, # 6 Exhibit 3531 to 3536, # 7 Exhibit A, # 8 Exhibit B)(Mastro, Randy) (Entered: 03/12/2013) |
| 03/13/2013 | 896 | AFFIDAVIT of Theodore H. Katz. (mro) (Entered: 03/13/2013) |
| 03/13/2013 | 897 | AFFIDAVIT of Max Gitter. (mro) (Entered: 03/13/2013) |
| 03/13/2013 | 898 | ORDER: The Court on March 1, 2013 granted Chevron's motion for the appointment of a special master to the extent that it ruled that it would appoint at least two special masters in order to handle depositions in this matter. Affidavits of Messrs. Max Gitter and Theodore H. Katz, whom the Court is considering for appointment, are being filed today pursuant to Fed. R. Civ. P. 53(b)(3)(A). Any objection to the appointment of either shall be made by letter to the undersigned no later than March 18, 2013 and shall not exceed five pages absent leave of the Court. (Signed by Judge Lewis A. Kaplan on 3/13/2013) (mro) (Entered: 03/13/2013) |
| 03/13/2013 | 899 | Letter addressed to Judge Lewis A. Kaplan from Craig Smyer and Larry R. Veselka dated 3/8/13 re: Counsel writes to respond to the two March 7, 2013 letters Mr. Mastro directed to the Court. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(mro) (Entered: 03/13/2013) |
| 03/13/2013 | 900 | STATUS REPORT. *CHEVRON CORPORATION'S CORRECTED RULE 16 REPORT* Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 03/13/2013) |
| 03/13/2013 | 901 | MEMO ENDORSEMENT granting in part and denying in part 812 DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S MOTION TO COMPEL PLAINTIFF CHEVRON CORPORATION'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION. ENDORSEMENT: Accordingly, the motion to compel [Dkt. 812] is granted to the extent that Chevron shall respond to Interrogatory No. 10 and produce the documents requested by RFP Nos. 262 and 263 as modified. It is denied in all other respects; as further set forth herein. (Signed by Judge Lewis A. Kaplan on |

| | | |
|---|---|---|
| | | 3/13/2013) (mro) (Entered: 03/13/2013) |
| 03/13/2013 | 902 | MEMO ENDORSEMENT denying 813 DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER AND DONZIGER & ASSOCIATES, PLLC'S MOTION TO COMPEL PLAINTIFF CHEVRON CORPORATION TO PRODUCE DOCUMENTS. ENDORSEMENT: Chevron's objection is sustained. Moreover, the representation in movants' motion that "Donziger previously propounded similar requests...but sought documents up to February 14, 2011," citing Instruction 9 to his interrogatories (DI 813, at 1 & n.1) and its reiteration later on "no parameters exist governing documents created or obtain[ed] after February 14, 2011 because Donziger has never before requested such documents" (id. at 3 n.5) both are highly misleading in light of the fact that many of Donziger's requests sought documents "through the present" and many more sought documents "unlimited as to time." There is no valid reason to upset the agreements the parties previously reached as to the time period for discovery or to relieve Donziger, at this late date, of his choices to limit the periods for which he sought discovery. Requests 224–226 seeks, in movants' words, "documents in support of [Chevron's contentions (if it makes such contentions), that drinking water, ground water, or...the soil in the Former Concession Area is not contaminated as a result of Texpet's oil exploration activities." DI 813 at 3–4. They go on to say that Chevron need not produce pursuant to these requests if "it does not intend to make [such] contentions... as part of its affirmative case at trial." Id. at 4. This Court repeatedly has ruled that this case will not retry the claims made in the Lago Agrio case. In addition, Chevron has stated, in response to this motion, that it "does not intend to relitigate the underlying merits of the Lago Agrio litigation in this proceeding, and information that relates solely to the underlying merits is not relevant." (DI 828, at 3) Accordingly, this issue is moot. Requests 325–328 seek documents, which movants claim are relevant to Donziger's counterclaims, relating to certain all allegedly false or misleading statements by Chevron with respect to health risks, environmental impacts, remediation, and the like. Donziger's counterclaim asserts that he has been injured by such statements. A motion to dismiss Donziger's counterclaims now is subjudice. Accordingly, this aspect of the motion to compel will be denied without prejudice to renewal after disposition of that motion. The motion [DI 813] is denied in all respects save that the denial is without prejudice to renewal as to Requests 325–328 after disposition of the pending motion to dismiss Donziger's counterclaims. (Signed by Judge Lewis A. Kaplan on 3/13/2013) (mro) Modified on 3/14/2013 (mro). (Entered: 03/13/2013) |
| 03/13/2013 | 903 | STIPULATION: IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties that the Stratus Defendants' time to answer Chevron's interrogatories, as modified by the Court's Orders dated February 25, 2013 [Dkt. 848] and February 27, 2013 [Dkt. 851], is extended to and including March 21, 2013. ( Answer to Interrogatories due by 3/21/2013.) (Signed by Judge Lewis A. Kaplan on 3/13/2013) (mro) (Entered: 03/13/2013) |
| 03/13/2013 | 904 | MEMO ENDORSEMENT granting in part and denying in part 811 DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S MOTION TO COMPEL PLAINTIFF CHEVRON CORPORATION TO PRODUCE DOCUMENTS. ENDORSEMENT: Insofar as the motion [DI 811] seeks to compel production of documents pursuant to RFP nos. 262 and 263 and an answer to Interrogatory No. 10, Chevron's objection to the Interrogatory is overruled and RFP is modified as stated in paragraph 2 of the memorandum endorsement on DI 812. The motion is granted to the extent that Chevron shall answer the interrogatory as modified and produce the requested documents subject to any time period limitations previously established by agreement or court order. The motion is denied in all other respects, substantially for the reasons set forth in DI 831. The LAP Representatives' assertion that "[r]ecent filings emphasize Chevron's express intent to pursue only equitable and declaratory relief (Dkt. 783 at 6, n.3)" is not accurate. The cited statement in fact was this: "Chevron is considering pursuing only equitable and declaratory relief to expedite the trial of this matter, assuming any counterclaims seeking legal remedies otherwise requiring a jury trial are dismissed and Chevron is able to pursue this pure claim in equity. On December 24, 2012, Chevron also moved to dismiss Danziger's counterclaims. See Dkt. 697. And while Chevron seeks equitable remedies under other of its claims (such as RICO and fraud), the one claim on which it can unquestionably obtain equitable relief here to prevent the LAPs and |

| | | |
|---|---|---|
| | | their agents from benefiting from this fraudulent Ecuadorian judgment is this unjust enrichment claim." (Emphasis added.) That is quite another matter. Moreover, this Court only recently admonished counsel on both sides for their inaccurate citations of cases and evidence. This is one more example. (Signed by Judge Lewis A. Kaplan on 3/13/2013) (mro) (Entered: 03/14/2013) |
| 03/14/2013 | 908 | SEALED DOCUMENT placed in vault.(nm) Modified on 3/15/2013 (nm). (Entered: 03/15/2013) |
| 03/15/2013 | 905 | OPINION: #103022 PB shall produce documents responsive to the following specifications, as modified by the November 2012 Order: 2, 14, 18, 19, 21, 22, 26, 28 through 32, 35, 49, and 55 though 58 and, in addition, specification 20 insofar as it seeks documents described in the margin. To the extent PB claims that any documents responsive to these requests are protected by the attorney–client privilege or the protection afforded to "opinion" work product, such claims shall be asserted in conformity with S.D.N.Y. Local Civil Rule 26.2. To the extent PB claims that any documents responsive to these requests constitute fact work product, Chevron has overcome its burden, and PB must produce them. Production both of documents and the privilege log shall take place on a rolling basis commencing no later than March 28, 2013, with continuing production of each to occur no less than weekly.The Court recognizes that there is some uncertainty in present circumstances as to how quickly compliance reasonably can be achieved. For the present, the complete privilege log shall be due and production of all responsive documents not scheduled on the privilege log shall be completed on or before May 1, 2013. While the Court will consider a well supported request for additional time, any motion for an extension of the May 1 date shall made no later than April 14, 2013. (Signed by Judge Lewis A. Kaplan on 3/15/2013) (mro) Modified on 4/16/2013 (jab). (Entered: 03/15/2013) |
| 03/15/2013 | | Set/Reset Deadlines: Motions due by 4/14/2013. (mro) (Entered: 03/15/2013) |
| 03/15/2013 | 906 | Letter addressed to Judge Lewis A. Kaplan from Craig Smyer and Larry R. Veselka dated 3/8/13 re: Counsel for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje to respond to the two March 7, 2013 letters Mr. Mastro directed to the Court. Mr. Smyser provides the response to the letter dealing with the timing of the Petition for Mandamus and Mr. Veselka responds to the letter regarding the declarations of our retained experts Drs. Simon and Alban. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(mro) (Entered: 03/15/2013) |
| 03/15/2013 | 907 | ORDER: The opinion of even date (DI 905) is hereby corrected by submitting for page 64 the attached, corrected page 64. (Signed by Judge Lewis A. Kaplan on 3/15/2013) (mro) (Entered: 03/15/2013) |
| 03/15/2013 | 909 | MEMO ENDORSEMENT denying 771 CHEVRON CORPORATION'S MOTION TO STRIKE DEFENDANTS' DECLARATIONS OFFERED IN RESPONSE TO CRIME–FRAUD BRIEFING, OR IN THE ALTERNATIVE TO COMPEL DEFENDANTS TO PRODUCE THE DECLARANTS FOR DEPOSITION. ENDORSEMENT: The Court today has decided the first prong of the crime–fraud issue with respect to Patton Boggs' objections to Chevron's subpoena. In any respect as to which any of these declarations might have been pertinent, the issue was resolved in Chevron's favor, the Court having given these declarations such weight as they deserved in all the circumstances. These circumstances included, among others, the fact that the probable cause prong of the relevant legal standard is satisfied by a showing that "a prudent person ha[s] a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud," In re Grand Jury Subpoena Dues Tecum Dated Sept. 15, 1983, 731 F.2d 1032, 1039 (2d Cir. 1984), and that "a finding of probable cause is not negated by an innocent explanation which may be consistent with the facts alleged." United States v. McDonald, 01–CR–1168JSWDW, 2002 WL 31956106, at *5 (E.D.N.Y. May 9, 2002) (quoting A.I.A. Holdings, S.A. v. Lehman Bros. Inc., 97 Civ. 4978 (LMM) (HBP), 1999 WL 61442, at *5 (S.D.N.Y. Feb. 3, 1999) (citing United States v. Farma, 758 F.2d 834, 838 (2d Cir. 1985)). The question whether the declarations should be stricken in connection with the determination of Patton Boggs' objections to the subpoena therefore is moot. Moreover, in light of the Rule 16 orders of March 7 and 15, 2013, these witnesses will be precluded from testifying at trial unless they first are deposed. The motion [DI 771] is denied without prejudice to renewal in the event the issue ever assumes more than theoretical relevance. (Signed by Judge Lewis A. Kaplan on 3/15/2013) (mro) Modified on |

| | | |
|---|---|---|
| | | 3/18/2013 (mro). (Main Document 909 replaced on 3/18/2013) (mro). (Entered: 03/15/2013) |
| 03/15/2013 | 910 | RULE 16 ORDER: Having considered the Rule 16 Order dated March 7, 2013 and the parties' subsequent submissions pursuant thereto, it is hereby ORDERED, as follows: There shall be no more than 21 fact witness depositions taken by plaintiff and no more than 21 fact witness depositions taken by defendants collectively. Absent agreement of the parties or leave of the Court, the witnesses to be deposed shall be those individuals and organizations. Both sides shall notify all parties on or before March 24, 2013 of the identities of the fact witnesses they will depose. Depositions of witnesses resident in South America who are unwilling to come to the United States for deposition shall take place at the United States Embassy in Lima, Peru, unless otherwise agreed to by all parties and the witness concerned or otherwise determined by the Court. There is sufficient evidence before the Court to warrant the conclusion that the safety and well being of witnesses and of lawyers and ancillary personnel is best served by the depositions taking place outside the Republic of Ecuador. Questions that might arise with respect to any service of process that may be effected or attempted, or to jurisdictional effect if any of an appearance, in a United States Embassy are not ripe for determination. This Court has no authority of which it is aware to make any advance determinations with respect thereto. Should any party disagree, it is welcome to bring relevant authority to the Court's attention. The Court notes the LAP Representatives' and the Donziger Defendants' contention that any attempt to serve process in a United States Embassy would be ineffective. DI 890, at 4 n.1. On or before April 1, 2013, the parties jointly shall submit a list of all witnesses to be deposed at the United States Embassy in Lima, Peru, and a proposed schedule for doing so that would minimize travel and accommodate the availability of the special master or masters who preside at any such depositions. The parties shall consult with the Embassy or the State Department, as appropriate, with respect to the schedule, facilities and other logistical matters in preparing the list and proposed schedule. As indicated in the Rule 16 Order of March 7, 2013 (the "Rule 16 Order") and on the record of the conference that preceded it (Tr., Mar. 5, 2013, at 10:6–12:1), the parties agreed to and the Court approved a rule that no foreign witness who fails to submit to a deposition abroad in a United States Embassy as outlined in paragraph 2 of the Rule 16 Order and paragraph 2 of this order shall be permitted to testify at trial or other proceedings subject to the resolution of the Donziger Defendants' request that there be a procedure for seeking leave of the court for exceptions to permit a foreign witness who had declined to be deposed to testify after the witness submits to deposition in the United States prior to trial. As such an application may be made by the proponent of the witness in the regular course, the Court will adhere to the rule articulated in the Rule 16 Order and agreed at the March 5 conference. Depositions taken in the United States in connection with the trial of foreign witnesses who decline to be deposed in accordance with the provisions of the Rule 16 Order and this order during pretrial discovery shall be exempt from the limitation on the numbers of fact depositions. (Signed by Judge Lewis A. Kaplan on 3/15/2013) (mro) Modified on 3/18/2013 (mro). (Entered: 03/15/2013) |
| 03/15/2013 | 911 | MEMO ENDORSEMENT denying 859 DEFENDANTS HUGO GERARDO CAMACHO NARANJO'S AND JAVIER PIAGUAJE PAYAGUAJE'S MOTION FOR PROTECTIVE ORDER REGARDING CHEVRON'S DEPOSITION NOTICES FOR CAMACHO AND PIAGUAJE. ENDORSEMENT: In view of the Rule 16 orders of March 7 and 15, 2013, this motion appears to be moot in that it is quite likely that depositions will take place in Lima, Peru, which is approximately a two hour non–stop flight from Quito, Ecuador, and that these individuals readily could be examined there in coordination with depositions of other witnesses, thus saving them a trip to the United States. Accordingly, the motion is denied without prejudice to plaintiffs right to renew its demand for depositions of these defendants in the United States and defendants' right to seek relief with respect to any such renewed demand. The Court, however, sees no reason why the parties should not be able to work this out if a modicum of good faith and effort and reasonable flexibility is invested on all sides. Motion [DI 859] denied without prejudice as above. (Signed by Judge Lewis A. Kaplan on 3/15/2013) (mro) Modified on 3/18/2013 (mro). (Entered: 03/15/2013) |
| 03/15/2013 | 912 | MEMO ENDORSEMENT granting 854 PLAINTIFF CHEVRON CORPORATION'S MOTION TO COMPEL LAP REPRESENTATIVES AND DONZIGER DEFENDANTS TO PRODUCE DOCUMENTS AND RECORDINGS OF |

|  |  | ALLEGED INTERACTIONS BETWEEN CHEVRON AND POTENTIAL WITNESSES. ENDORSEMENT: Chevron moves to compel the LAP Representatives and the Donziger Defendants to produce certain materials described in the motion or, in the alternative, for an order precluding these defendants from relying in this action, for any purpose, on the alleged documents and recordings purporting to show contacts between Chevron's representatives and Judge Zambrano or other witnesses related to the Lago Agrio Court or the Lago Agrio Litigation. The LAP Representatives initially objected that the materials were not discoverable because they were created after July 10, 2012. In their opposition to the motion, they reiterate that objection and now claim also that they "do not [now] have the recordings," never have had them, and have not decided to use them. The Donziger Defendants state simply that they "do not intend to rely on these materials, if they exist, at trial." The materials, if they exist at all, come within the defendants' continuing Rule 26 disclosure obligations as well as their obligation to supplement their responses to Chevron's request for production 23. Accordingly, the opposition to this motion, though the LAP Representatives have not said so in so many words, again raises their contention that they are not obliged to produce documents and things that are in the hands of their Ecuadorian counsel and their non–lawyer associates. This Court already has ruled on that contention. Accordingly, the motion [Dkt 854] is granted to the extent that the LAP Representatives and the Donziger Defendants shall produce the requested materials on or before March 25, 2013. In the event the materials are not timely produced, Chevron may move for sanctions, which may include the requested order of preclusion. (Signed by Judge Lewis A. Kaplan on 3/15/2013) (mro) Modified on 3/25/2013 (mro). Modified on 6/6/2013 (mro). (Entered: 03/15/2013) |
| 03/18/2013 | 913 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED AND AGREED by and between the parties herein, that the time for the Stratus Defendants to oppose Chevron's Partial Motion for Summary Judgment (Dkt. 744) is hereby extended to and includes March 21, 2013. This is the third request by the Stratus Defendants for an extension of time regarding this motion. While the Parties to this stipulation are mindful of the Court's statement that no further extensions will be granted, they believe that this short extension will promote the orderly resolution of the issues presented in Chevron's Partial Motion on Summary Judgment as to the Stratus Defendants. Set Deadlines/Hearing as to 744 MOTION for Partial Summary Judgment: ( Responses due by 3/21/2013) (Signed by Judge Lewis A. Kaplan on 3/18/2013) (mro) Modified on 3/18/2013 (mro). (Entered: 03/18/2013) |
| 03/18/2013 | 914 | RESPONSE re: 882 Order,,,,,,,,,,,,,,, *Response to Plaintiff Chevron Corporation's Supplemental Brief on Security Risks in Ecuador*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 03/18/2013) |
| 03/18/2013 | 915 | MEMO ENDORSEMENT on re: 914 STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER & ASSOCIATES, PLLC'S RESPONSE TO PLAINTIFF CHEVRON CORPORATION'S SUPPLEMENTAL BRIEF ON SECURITY RISKS IN ECUADOR. ENDORSEMENT: The Court overlooked the fact that it previously had given the defendants until March 18, 2013 to respond to Chevron's submission. Accordingly, any such response shall be filed no later than March 21, 2013. If any change in the prior order is warranted, it will be made. (Signed by Judge Lewis A. Kaplan on 3/18/2013) (mro) (Entered: 03/18/2013) |
| 03/18/2013 | 916 | MOTION to Strike Document No. 746 *Affidavits Accompanying Motion for Partial Summary Judgment*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Ex A RROG, # 2 Exhibit Ex B Sup RROG, # 3 Exhibit Ex C Callejas Depo Tr, # 4 Exhibit Ex D RRFP, # 5 Exhibit Ex E RRFP, # 6 Exhibit Ex F Donziger RFP, # 7 Exhibit Ex G Smyser ltr)(Doyle, Tyler) (Entered: 03/18/2013) |
| 03/18/2013 | 917 | MEMORANDUM OF LAW in Opposition re: 744 MOTION for Partial Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 03/18/2013)* |

| 03/18/2013 | 918 | DECLARATION of Craig Smyser in Opposition re: 744 MOTION for Partial Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17 part 1, # 18 Exhibit 17 part 2, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23 part 1, # 25 Exhibit 23 part 2, # 26 Exhibit 23 part 3, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28 part 1, # 32 Exhibit 28 part 2, # 33 Exhibit 29 public, # 34 Exhibit 30 part 1, # 35 Exhibit 30 part 2, # 36 Exhibit 30 part 3, # 37 Exhibit 30 part 4, # 38 Exhibit 30 part 5, # 39 Exhibit 30 part 6, # 40 Exhibit 31, # 41 Exhibit 32, # 42 Exhibit 33, # 43 Exhibit 34 part 1, # 44 Exhibit 34 part 2, # 45 Exhibit 35, # 46 Exhibit 36, # 47 Exhibit 37, # 48 Exhibit 38, # 49 Exhibit 39, # 50 Exhibit 40 part 1, # 51 Exhibit 40 part 2, # 52 Exhibit 41, # 53 Exhibit 42 part 1, # 54 Exhibit 42 part 2, # 55 Exhibit 43 part 1, # 56 Exhibit 43 part 2, # 57 Exhibit 43 part 3, # 58 Exhibit 43 part 4, # 59 Exhibit 43 part 5, # 60 Exhibit 44, # 61 Exhibit 45)(Doyle, Tyler) (Entered: 03/18/2013)* |
| 03/18/2013 | 919 | COUNTER STATEMENT TO 764 Rule 56.1 Statement. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 03/18/2013) |
| 03/18/2013 | 920 | MEMORANDUM OF LAW in Opposition re: 744 MOTION for Partial Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Werdegar, Matthew) (Entered: 03/18/2013)* |
| 03/18/2013 | 921 | DECLARATION of Matthew M. Werdegar in Opposition re: 744 MOTION for Partial Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Werdegar, Matthew) (Entered: 03/18/2013)* |
| 03/18/2013 | 922 | DECLARATION of STEVEN DONZIGER in Opposition re: 744 MOTION for Partial Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Werdegar, Matthew) (Entered: 03/18/2013)* |
| 03/18/2013 | 923 | RESPONSE re: 764 Rule 56.1 Statement. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Werdegar, Matthew) (Entered: 03/18/2013) |
| 03/18/2013 | 924 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Dispositive Motion (i.e., motion requiring a Report and Recommendation): DI #860 Chevron's Motion to Dismiss Stratus counterclaims. Referred to Magistrate Judge James C. Francis. Motions referred to James C. Francis. (Signed by Judge Lewis A. Kaplan on 3/18/2013) (mro) (Entered: 03/19/2013) |
| 03/18/2013 | 925 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Dispositive Motion (i.e., motion requiring a Report and Recommendation): DI #696 Chevron's |

| | | |
|---|---|---|
| | | Motion to Dismiss Donziger counterclaims. Referred to Magistrate Judge James C. Francis. Motions referred to James C. Francis. (Signed by Judge Lewis A. Kaplan on 3/18/2013) (mro) (Entered: 03/19/2013) |
| 03/19/2013 | 926 | OPPOSITION BRIEF re: 884 Memorandum of Law, *Supplemental Brief in Response to Chevron's Supplemental Brief on Security Risks in Ecuador*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G–1, # 9 Exhibit G–2, # 10 Exhibit H, # 11 Exhibit I)(Doyle, Tyler) (Entered: 03/19/2013) |
| 03/20/2013 | 927 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/20/2013) |
| 03/20/2013 | 928 | SEALED DOCUMENT placed in vault.(nm) (Entered: 03/20/2013) |
| 03/20/2013 | 929 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties that Stratus' time to answer the Dismissal and Summary Judgment Motion is extended to and including April 4, 2013; and reply papers shall be submitted by April 19, 2013; and IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be signed in counterparts and filed without further notice with the Clerk of the Court, and that facsimile and electronic copies shall be deemed originals., ( Responses due by 4/4/2013., Replies due by 4/19/2013.) (Signed by Magistrate Judge James C. Francis on 3/20/2013) (lmb) (Entered: 03/20/2013) |
| 03/20/2013 | 930 | JOINDER to join re: 916 MOTION to Strike Document No. 746 *Affidavits Accompanying Motion for Partial Summary Judgment*. MOTION to Strike Document No. 746 *Affidavits Accompanying Motion for Partial Summary Judgment*.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Werdegar, Matthew) (Entered: 03/20/2013) |
| 03/20/2013 | 931 | JOINDER to join re: 926 Opposition Brief, *Joinder in Supplemental Brief of Defendants Hugo Gerardo Camacho and Javier Piaguaje Payaguaje in Response to Chevron's Supplemental Brief on Security Risks in Ecuador*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Werdegar, Matthew) (Entered: 03/20/2013) |
| 03/22/2013 | 932 | MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2)*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 03/22/2013) |
| 03/22/2013 | 933 | MEMORANDUM OF LAW in Support re: 932 MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2)*. MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2)*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/22/2013) |
| 03/22/2013 | 934 | DECLARATION OF RANDY M. MASTRO in Support re: 932 MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2)*. MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2)*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 03/22/2013) |
| 03/22/2013 | 1001 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 905 Memorandum & Opinion. (sj) (Entered: 04/11/2013) |

| 03/25/2013 | 935 | ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R CIV. P. 41(a)(2) granting 932 Motion for Order to Show Cause. ORDERED that the Donziger Defendants and the Lago Agrio Plaintiff Defendants show cause before this Court, at the United States District Courthouse, Room 21B, 500 Pearl Street, New York, New York, on April 1, 2013, why an order should not be entered Chevron and the Stratus Defendants Joint Motion By Order to Show Cause to (1) Stay All Deadlines as to the Stratus Defendants and (2) for an Order for an Order Pursuant to Fed. R. Civ. P. 41(a)(2); and ORDERED that either Chevron or the Stratus Defendants shall serve counsel for the Donziger Defendants and the Lago Agrio Plaintiff defendants electronically, by hand, facsimile, or e–mail a copy of this Order to Show Cause and all papers submitted in support thereof on or before 3:00 p.m. on March 25, 2013; and Ordered that papers in opposition to the Motion, if any, shall be served and filed electronically at or before 1 p.m. on March 29, 2013; and Ordered that reply papers, if any, shall be served and filed electronically at or before 1 p.m. on April 1, 2013; and it is further Ordered that pending further order of the Court, all the deadlines as against the Stratus Defendants are hereby stayed, including but not limited to the following: the March 21, 2013 deadline for the Stratus Defendants' Opposition to Chevron's Motion for Partial Summary Judgment; March 24, 2013 deadline for notification by all parties of the identities of fact witnesses they intend to depose; April 1, 2013 deadline for joint submission by all parties of a list of witnesses to be deposed in the U.S. Embassy in Lima, Peru and a schedule for doing so; April 4, 2013 deadline for the Stratus Defendants' Opposition to Chevron's Motion to Dismiss and/or Strike Stratus's Counterclaims; April 11, 2013 noticed deposition of Ann Maest; April 22, 2013 deadline for Rebuttal Expert Disclosures; May 17, 2013 noticed deposition of Douglas Beltman; May 31, 2013 deadline for completion of discovery by all parties; June 30, 2013 deadline for the parties to file a Joint Pretrial Order, Jury Instructions, Proposed Verdict Form and it accompanying Joint Status Report; and the October 15, 2013 scheduled start of trial, and it is further Ordered, that this motion will be taken on submission unless the Court otherwise orders. (Signed by Judge Lewis A. Kaplan on 3/23/2013) (mro) (Entered: 03/25/2013) |
| 03/25/2013 | 936 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from John W. Keker dated 3/21/13 re: Counsel writes on behalf of the Donziger defendants to object to Your Honor's referral to Magistrage Judge Francis of Chevron's Motion to Dismiss the Donziger Defendants' Counter–Claims (Dkt. No. 925). ENDORSEMENT: Counsel evidently has overlooked the facts that (1) the Court has not stayed discovery on the counterclaims, (2) it repeatedly referred motions to the magistrate judge in the Court of action, and (3) this Court has heavy responsibility in this and other cases. Denied. (Signed by Judge Lewis A. Kaplan on 3/25/2013) (mro) Modified on 3/25/2013 (mro). (Entered: 03/25/2013) |
| 03/25/2013 | 937 | ***VACATED pursuant to Order dated 6/6/13, Dkt. No. 1216*** ENDORSED LETTER addressed to Judge Lewis A. Kaplan from John W. Keker dated 3/21/13 re: Counsel for the Donziger defendants writes regarding Dkt No 912, where the Court granted Chevron's motion to compel and ordered Donziger and the Ecuadorian Plaintiffs to produce, by 3/25/13, certain recordings and materials concerning interactions between Chevron's counsel Andres Rivero and Ecuadorian Judge Zambrano. Donziger submits that the Court's bases for granting Chevron's motion do not support the ordered relief. ENDORSEMENT: The Court treats this as a motion for reconsideration, grants the motion, and vacates the 3/15/13 order referred to. (Signed by Judge Lewis A. Kaplan on 3/25/2013) (mro) Modified on 6/6/2013 (mro). (Entered: 03/25/2013) |
| 03/25/2013 | 938 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 3/21/13 re: Counsel for Chevron Corporation writes to request an additional four days, until April 1, for Chevron to file its reply to Defendants' oppositions to Chevron's Motion for Partial Summary Judgment on all claims, counterclaims, and Affirmative Defenses and Summary Judgment on Defendants' Affirmative defense collateral Estoppel filed on 3/18 and for an expansion of the page limit to permit counsel to file a 20–page reply brief. ENDORSEMENT: Granted. So ordered. ( Replies due by 4/1/2013.) (Signed by Judge Lewis A. Kaplan on 3/25/2013) (mro) (Entered: 03/25/2013) |
| 03/25/2013 | | Set/Reset Deadlines: Show Cause Response due by 3/29/2013. (mro) (Entered: 03/26/2013) |

| | | |
|---|---|---|
| 03/26/2013 | 939 | MEMORANDUM AND ORDER granting in part and denying in part 798 Motion for Discovery. For the foregoing reasons, Chevron's motion [DI 798] is granted to the extent that the Court determines that all defendants were "present or represented" at the 1782 Depositions, thus satisfying Rule 32(a)(1)(A) and (a)(8) and making them usable "to the same extent as if taken in [this] action." It is denied in all other respects. (Signed by Judge Lewis A. Kaplan on 3/26/2013) (mro) (Entered: 03/26/2013) |
| 03/26/2013 | 940 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 3/25/13 re: Counsel writes to request a longer extension regarding Chevron's reply to defendants oppositions to Chevron's Motion for Partial Summary Judgment until 4/5/13. ENDORSEMENT: Granted. ( Replies due by 4/5/2013.) (Signed by Judge Lewis A. Kaplan on 3/26/2013) (mro) (Entered: 03/26/2013) |
| 03/26/2013 | 941 | ORDER: For all of the foregoing reasons, depositions of witnesses resident in Ecuador shall take place at the United States Embassy in Lima, Peru, or at such other embassy outside of Ecuador as may be agreed by the parties and approved by the Court. (Signed by Judge Lewis A. Kaplan on 3/26/2013) (mro) (Entered: 03/26/2013) |
| 03/26/2013 | 942 | ORDER OF APPOINTMENT: The Court on March 1, 2013 granted Chevron's motion for the appointment of a special master to the extent that it ruled that it would appoint at least two special masters in order to handle depositions in this matter. Affidavits of Messrs. Max Gitter and Theodore H. Katz, whom the Court is considering for appointment, have been filed pursuant to Fed. R. Civ. P. 53(b)(3)(A), and the parties were given an opportunity to object. Having considered the parties' responses, it is hereby ORDERED, as follows: The objections to the appointment of Mr. Gitter, all or most of which have been considered and rejected on previous occasions, all are without merit and are overruled. The special master shall Preside at such depositions as the parties may agree or as the Court may designate and, at each such deposition, exercise such powers (save with respect to contempt) as the trial judge could exercise if the witness were testifying at trial including without limitation to regulate the conduct of counsel and witnesses, rule on objections to questions (including privilege objections), and direct witnesses to answer questions. Establish deposition schedules consistent with the Court's scheduling order, resolve all issues relating to the scheduling and conduct of depositions save to the extent that the Court previously has resolved or hereafter resolves such issues, as further listed herein. Mr. Gitter shall be compensated at the hourly rate schedule he maintains at Cleary, Gottlieb, Steen & Hamilton ("Cleary"), and Judge Katz shall be compensated at the hourly rate schedule he maintains at JAMS. The time records, compensation, and expenses of the special masters and any assistants (infra paragraph 9) shall be administered by Cleary and JAMS, respectively. They and any assistants shall also be reimbursed for disbursements in accordance with the policies of their respective organizations, as well as for the costs of travel, lodging, meals, and incidental expenses, while traveling in order to perform their duties hereunder. The special masters shall bill monthly for their compensation, disbursements, and expenses. On an interim basis, each shall bill plaintiff for 50 percent of the cost and defendants (other than the Stratus Defendants) for 50 percent of the costs. The defendants other than the Stratus Defendants shall be jointly and severally liable for payment of the bills. The ultimate allocation of the costs of the special masters shall be fixed at the conclusion of their services, taking into account the factors enumerated in Fed. R. Civ. P. 53(g)(3). See Lago Agrio Plaintiffs v. Chevron Corp., 409 Fed. Appx. 393, 395 (2d Cir. 2010). Mr. Gitter is authorized to employ up to one Cleary associate and up to one Cleary legal assistant to facilitate the performance of his duties hereunder. Any such assistants may travel in connection with their duties only if and to the extent the Court subsequently may authorize. (Signed by Judge Lewis A. Kaplan on 3/26/2013) (mro) (Entered: 03/26/2013) |
| 03/26/2013 | 943 | Letter addressed to Judge Lewis A. Kaplan from John W. Keker dated 3/18/13 re: Counsel for the Donziger defendants writes to object to the appointment of any Special Masters in this case, and in particular to the appointment of Max Glitter. Document filed by Steven Donziger, Donziger & Associates, PLLC.(mro) (Entered: 03/26/2013) |
| 03/26/2013 | 944 | Letter addressed to Judge Lewis A. Kaplan from Craig Smyser dated 3/18/13 re: Counsel writes to join in Mr. John Keker's 3/18/13 letter on behalf of the Donziger defendants objecting to the appointment of any Special Masters in this case. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(mro) |

| | | (Entered: 03/26/2013) |
|---|---|---|
| 03/26/2013 | 945 | Letter addressed to Judge Lewis A. Kaplan from Randy Mastro dated 3/20/13 re: Counsel writes in response to the letters objecting to the appointment of Special Masters in this case. Document filed by Chevron Corporation.(mro) (Entered: 03/26/2013) |
| 03/26/2013 | 946 | ORDER: The LAP Representatives' letter request of March 18, 2013 for a conference is denied, as they have not suggested anything to warrant a conclusion that there is any need. They are well aware of how to proceed in the circumstances. (Signed by Judge Lewis A. Kaplan on 3/26/2013) (mro) (Entered: 03/26/2013) |
| 03/26/2013 | 947 | RESPONSE in Opposition re: 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS..* Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 03/26/2013) |
| 03/26/2013 | 948 | DECLARATION of MATTHEW M. WERDEGAR in Opposition re: 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS..* Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Keker, John) (Entered: 03/26/2013) |
| 03/26/2013 | 949 | MOTION to Compel *Non−Settling Defendants' Motion to Compel Production of Declarations and to Extend the Date for Their Response to the Order to Show Cause Regarding Chevron/Stratus Settlement.* Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Doyle, Tyler) (Entered: 03/26/2013) |
| 03/26/2013 | 950 | MEMORANDUM OF LAW in Opposition re: 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS..* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 03/26/2013) |
| 03/26/2013 | 951 | DECLARATION of Jarod Stewart in Opposition re: 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS..* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Doyle, Tyler) (Entered: 03/26/2013) |
| 03/26/2013 | 952 | DECLARATION of Craig Smyser in Opposition re: 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS..* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 03/26/2013) |
| 03/27/2013 | 953 | TRANSCRIPT of Proceedings re: CONFERENCE held on 3/5/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Rose Prater, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/22/2013. Redacted Transcript Deadline set for 5/2/2013. Release of Transcript Restriction set for 6/28/2013.(Rodriguez, Somari) (Entered: 03/27/2013) |
| 03/27/2013 | 954 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/5/13 has been filed by |

| | | |
|---|---|---|
| | | the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Rodriguez, Somari) (Entered: 03/27/2013) |
| 03/28/2013 | 955 | ORDER denying 949 Motion to Compel Non–Settling Defendants' Motion to Compel Production of Declarations and to Extend the Date for Their Response to the Order to Show Cause Regarding Chevron/Stratus Settlement. On March 26, 2013, the non–settling defendants moved for certain discovery in connection with the motion by the settling defendants and for additional time in which to respond to the settling defendants' motion. Accordingly, the Court will deal with this problem in stages. In the first instance, it will limit its consideration of the settling defendants' motion to matters that do not involve consideration of the propriety of the substantive terms of the settlement, focusing principally on whether those substantive terms are any proper concern of the Court. For that purpose, no discovery is required and no significant additional time is required. Should it later appear that the Court should consider the propriety of any substantive terms of the settlement in order to pass on the settling defendants' motion, the non–settling defendants will be afforded an opportunity to address that subject. For the moment, however, so much of the non–settling defendants' motion as seeks discovery and additional time in order to respond to the non–settling defendants' motion is denied save that the time for filing their answering papers, as limited in light of this order, is extended to and including April 1, 2013 and the time for the filing of reply papers is extended to and including April 3, 2013. (Signed by Judge Lewis A. Kaplan on 3/28/2013) (mro) (Entered: 03/28/2013) |
| 03/28/2013 | 956 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 3/27/13 re: Counsel writes in respond to the Donziger Defendants and the Lago Agrio Plaintiffs' March 26 Motion to Compel Production of Declarations and the Extend the date for their response to the Order to show cause regarding Chevron/Stratus Settlement (Dkt. 949). Counsel states that the Stratus Defendants have until Thursday, March 28, to respond––one day before the due date for their Opposition to the Joint Motion. Accordingly, Chevron seeks clarification and guidance from the Court, at its earliest convenience, so that it knows whether it must file an opposition to this Motion or whether it can address the merits of the Motion in its Reply due Monday. ENDORSEMENT: In view of DI 949, this request is moot. (Signed by Judge Lewis A. Kaplan on 3/28/2013) (mro) (Entered: 03/28/2013) |
| 03/28/2013 | 957 | MOTION for Jarod R. Stewart to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8368202. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Affidavit Declaration of Doyle, # 2 Affidavit Declaration of Stewart, # 3 Proof of Service, # 4 Text of Proposed Order)(Doyle, Tyler) (Entered: 03/28/2013) |
| 03/29/2013 | 958 | ORDER granting 957 Motion for Jarod R. Stewart to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 3/29/2013) (Kaplan, Lewis) (Entered: 03/29/2013) |
| 03/29/2013 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 957 MOTION for Jarod R. Stewart to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8368202. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bwa)** (Entered: 03/29/2013) |
| 03/29/2013 | 959 | MOTION for Reconsideration re; 905 Memorandum & Opinion,,,,, *Memorandum of Law in Support of Defendants' Joint Motion to Reconsider the Court's March 15, 2013 Order Regarding Chevron's Subpoena to Patton Boggs*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Doyle, Tyler) (Entered: 03/29/2013) |
| 04/01/2013 | 960 | RESPONSE in Opposition re: 932 MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2).* MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL* |

| | | |
|---|---|---|
| | | *DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2)..* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 04/01/2013) |
| 04/01/2013 | 961 | DECLARATION of Craig Smyser in Opposition re: 932 MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2).* MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2)..* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit, # 2 Exhibit)(Doyle, Tyler) (Entered: 04/01/2013) |
| 04/01/2013 | 962 | RESPONSE re: 910 Order,,,,,,,,,,,, *Joint Report of the Parties Regarding The Scheduling of Foreign Depositions.* Document filed by Hugo Gerardo Camacho Naranjo, Chevron Corporation, Steven Donziger, Donziger & Associates, PLLC. (Mastro, Randy) (Entered: 04/01/2013) |
| 04/02/2013 | 964 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Max Gitter dated 4/2/13 re: Special Master states that it is appropriate to reduce his hourly charge from Cleary Gottlieb's rate schedule for senior counsel to match Judge Katz's hourly rate of $700 per hour. ENDORSEMENT: Approved. So ordered. (Signed by Judge Lewis A. Kaplan on 4/2/2013) (mro) (Entered: 04/02/2013) |
| 04/02/2013 | 965 | REPLY MEMORANDUM OF LAW in Support re: 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/02/2013) |
| 04/02/2013 | 966 | DECLARATION of Anne Champion in Support re: 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3601–3605, # 2 Exhibit 3606–3610, # 3 Exhibit 3611–3615, # 4 Exhibit 3616–3620, # 5 Exhibit 3621–3625, # 6 Exhibit 3626, # 7 Exhibit 3627–3631)(Mastro, Randy) (Entered: 04/02/2013) |
| 04/03/2013 | 967 | MEMORANDUM OF LAW in Support re: 935 Order on Motion for Order to Show Cause,,,,,,,,,, 932 MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2).* MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2). /Stratus Defendants' Reply Memorandum of law in support of motion to approve Dismissal pursuant to Fed.R. Civ. P. 41(A)(2).* Document filed by Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. (Krause, Stuart) (Entered: 04/03/2013) |
| 04/03/2013 | 968 | MOTION Strike Chevron's Excessive and Irrelevant Experts. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35)(Doyle, Tyler) (Entered: 04/03/2013) |

| 04/03/2013 | 969 | REPLY MEMORANDUM OF LAW in Support re: 932 MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2).* MOTION for Order to Show Cause – *[PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2)..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/03/2013) |
|---|---|---|
| 04/03/2013 | 970 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/04/2013) |
| 04/04/2013 | 971 | JOINT ORDER NO. 1: Given the contentiousness of the parties even in response to our request for objective information pertaining to scheduling, and the need to address preliminary matters, we will hold a relatively short (no more than one hour) conference call either tomorrow, March 30, at 12:00 p.m. New York time or Monday, April 1, at 6:00 p.m. New York time. We expect to use this conference call principally to ask questions, and we will make determinations, including when to hold an organizational meeting, after the call. Counsel are directed to inform Mr. Ormand, by separate email (not copying any counsel) before 8:00 p.m. New York time tonight, as to which of the above–referenced times they prefer. We will then advise you all of the day and the time of the conference call and will circulate dial–in information. If lead counsel cannot attend the call at the designated time, they shall send a delegate in their stead. The email to Mr. Ormand shall contain no argument and no criticism of opposing counsel whatsoever. We find, as did Judge Kaplan, that the contentious exchanges among counsel are counter–productive and unprofessional, and expect them to cease as we move forward in this proceeding. Finally, in light of the proposed settlement between Chevron and Stratus, the stay of discovery deadlines with respect to Stratus, and the unlikelihood that Stratus will be participating to a significant degree in discovery, we do not think Stratus presence is necessary at this point. Stratus is welcome to participate if they wish to do so. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 3/29/2013) (mro) (Entered: 04/04/2013) |
| 04/04/2013 | 972 | JOINT ORDER NO. 2: A preliminary conference call will be held on Monday, April 1, at 6:00 p.m. New York time. Dial–in details, including an international dial–in (for Mr. Kekers convenience), are set forth below. The purpose of this preliminary call is to elicit information pertaining to matters requiring immediate attention, such as depositions scheduled for the next few weeks, who intends to attend those depositions, whether Special Master supervision will be required, and other similar issues. Regrettably, as the dispute early yesterday between Mr. Mastro and Mr. Veselka about a deposition planned for Friday, April 5 proved, these matters cannot all be deferred for a full week, until Mr. Keker returns. As stated in Joint Order No. 1, if lead counsel are unable to attend the call, they shall send a delegate in their stead. Counsel for Chevron is directed to engage a court reporter to transcribe the call. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 3/30/2013) (mro) (Entered: 04/04/2013) |
| 04/04/2013 | 973 | MOTION to Supplement the Summary Judgment Record with New Evidence re: 917 Memorandum of Law in Opposition to Motion, *Chevron's Motion for Partial Summary Judgment on All Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment on Defendants' Affirmative Defense of Collateral Estoppel.* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Doyle, Tyler) (Entered: 04/04/2013) |
| 04/04/2013 | 974 | DECLARATION of Craig Smyser in Support re: 973 MOTION to Supplement the Summary Judgment Record with New Evidence re: 917 Memorandum of Law in Opposition to Motion, *Chevron's Motion for Partial Summary Judgment on All Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment MOTION to Supplement the Summary Judgment Record with New Evidence re: 917 Memorandum of Law in Opposition to Motion, Chevron's Motion for Partial Summary Judgment on All Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1 Part 1, # 2 Exhibit 1 Part 2, # 3 Exhibit 1 Part 3, # 4 Exhibit 1 Part 4, # 5 Exhibit 1 Part 5, # 6 Exhibit 1 Part 6, # 7 Exhibit 1 Part 7, # 8 Exhibit 2, # 9 Exhibit 3)(Doyle, Tyler) (Entered: 04/04/2013)* |

| | | |
|---|---|---|
| 04/04/2013 | <u>975</u> | JOINDER to join re: <u>973</u> MOTION to Supplement the Summary Judgment Record with New Evidence re: <u>917</u> Memorandum of Law in Opposition to Motion, *Chevron's Motion for Partial Summary Judgment on All Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment MOTION to Supplement the Summary Judgment Record with New Evidence re: 917 Memorandum of Law in Opposition to Motion, Chevron's Motion for Partial Summary Judgment on All Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.*(Werdegar, Matthew) (Entered: 04/04/2013) |
| 04/04/2013 | <u>976</u> | MEMORANDUM OF LAW in Opposition re: <u>916</u> MOTION to Strike Document No. <u>746</u> *Affidavits Accompanying Motion for Partial Summary Judgment.* MOTION to Strike Document No. <u>746</u> *Affidavits Accompanying Motion for Partial Summary Judgment..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/04/2013) |
| 04/04/2013 | <u>977</u> | DECLARATION of Randy M. Mastro in Opposition re: <u>916</u> MOTION to Strike Document No. <u>746</u> *Affidavits Accompanying Motion for Partial Summary Judgment.* MOTION to Strike Document No. <u>746</u> *Affidavits Accompanying Motion for Partial Summary Judgment..* Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 3632, # <u>2</u> Exhibit 3633, # <u>3</u> Exhibit 3634, # <u>4</u> Exhibit 3635, # <u>5</u> Exhibit 3636, # <u>6</u> Exhibit 3637, # <u>7</u> Exhibit 3638, # <u>8</u> Exhibit 3639, # <u>9</u> Exhibit 3640, # <u>10</u> Exhibit 3641, # <u>11</u> Exhibit 3642, # <u>12</u> Exhibit 3643, # <u>13</u> Exhibit 3644, # <u>14</u> Exhibit 3645)(Mastro, Randy) (Entered: 04/04/2013) |
| 04/05/2013 | <u>978</u> | Letter addressed to Judge Lewis A. Kaplan from Max Gitter dated 4/2/13 re: In light of the fact that there are two Special Masters in this matter I have concluded that it is appropriate to reduce my hourly charge from Cleary Gottlieb's rate schedule for senior counsel to match Judge Katz's hourly rate of $700 per hour. He and I jointly request Your Honor's approval of this change. (mro) (Entered: 04/05/2013) |
| 04/05/2013 | <u>979</u> | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Ethan D. Dettmer to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8392879. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Chevron Corporation. (Attachments: # <u>1</u> Affidavit Declaration of Randy Mastro, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Text of Proposed Order, # <u>5</u> Certificate of Service)(Mastro, Randy) Modified on 4/5/2013 (bcu). (Entered: 04/05/2013) |
| 04/05/2013 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice regarding Document No. <u>979</u> MOTION for Ethan D. Dettmer to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8392879. Motion and supporting papers to be reviewed by Clerk's Office staff.. The filing is deficient for the following reason(s): Missing Certificate of Good Standing. Certificates of Good Standing must be issued by State Court. Re–file the document as a Corrected Motion to Appear Pro Hac Vice and attach a valid Certificate of Good Standing, issued within the past 30 days.** (bcu) (Entered: 04/05/2013) |
| 04/05/2013 | <u>980</u> | STIPULATION AND ORDER: WHEREAS, on November 29, 2012, Chevron Corporation, the plaintiff in the above–captioned matter, issued a subpoena for the production of documents and communications from the United States District Court for the Northern District of Georgia to non–party David Russell for the above–captioned proceeding ("2012 Subpoena"); IT IS HEREBY STIPULATED, by and between, Chevron, Mr. Russell, Donziger, and Camacho/Piaguaje that, to the extent there are documents subject to a claim of attorney–client privilege or work product protection by Donziger or Camacho/Piaguaje, Mr. Russell may produce such documents to Chevron in order to avoid litigation regarding such assertion of privilege and/or work product, and Chevron shall not argue that such disclosure constitutes a waiver of any privilege or protection pursuant to Federal Rule of Evidence 502(d); and IT IS FURTHER STIPULATED that the production of any documents or the disclosure of any information by Mr. Russell to Chevron shall not, pursuant to Federal Rule of Evidence 502(d), constitute a subject matter waiver of any privilege or protection; and IT IS FURTHER STIPULATED that any documents produced by Mr. Russell pursuant to this stipulation may be designated "Confidential" pursuant to the protective order in effect in this action (Dkt. 723), except that Chevron reserves its right to challenge any such designation pursuant to paragraphs 13 and 14 |

| | | |
|---|---|---|
| | | of that order; and IT IS FURTHER STIPULATED that Chevron may use any document produced or testimony provided pursuant to this stipulation for any purpose subject to the terms, conditions and restrictions of the protective order in this action and further subject to any objections to the relevance, authenticity or admissibility of any document, all of which objections are expressly reserved. (Signed by Judge Lewis A. Kaplan on 4/2/2013) (mro) Modified on 4/5/2013 (mro). (Entered: 04/05/2013) |
| 04/05/2013 | 981 | STIPULATION AND ORDER: WHEREAS, on November 15, 2012, Chevron Corporation, the plaintiff is the above–captioned matter, issued a subpoena for the production of documents and communications from the Southern District of New York to non–party Orin Kramer for the above–captioned proceeding. Now, therefore it is hereby Stipulated, by and between, Chevron, Mr. Kramer, Donziger, and Camacho/Piaguaje that, to the extent there are documents subject to a claim of attorney–client privilege or work product protection by Donziger or Camacho/Piaguaje, Mr. Kramer may produce such documents to Chevron in order to avoid litigation regarding such assertion of privilege and/or work product, and Chevron shall not argue that such disclosure constitutes a waiver of any privilege or protection pursuant to Federal Rules of Evidence 502(d); and IT IS FURTHER STIPULATED that the production of any documents or the disclosure of any information by Mr. Kramer to Chevron shall not, pursuant to Federal Rule of Evidence 502(d); constitute a subject matter waiver of any privilege or protection; and IT IS FURTHER STIPULATED that any documents produced by Mr. Kramer pursuant to this stipulation may be designated "Confidential" pursuant to the protective order in effect in this action (Dkt. 723), except that Chevron reserves its right to challenge any such designation pursuant to paragraphs 13 and 14 of that order; and IT IS FURTHER STIPULATED that Chevron may use any document produced or testimony provided pursuant to this stipulation for any purpose subject to the terms, conditions and restrictions of the protective order in this action and further subject to any objections to the relevance, authenticity or admissibility of any document, all of which objections are expressly reserved. (Signed by Judge Lewis A. Kaplan on 4/2/2013) (mro) (Entered: 04/05/2013) |
| 04/05/2013 | 982 | RESPONSE in Opposition re: 968 MOTION Strike Chevron's Excessive and Irrelevant Experts.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 04/05/2013) |
| 04/08/2013 | 983 | ORDER: The Court rules as follows with respect to the positions of the parties concerning depositions that are set forth in their joint letter to the Special Masters, dated April 5, 2013: With respect to each witness deposed who resides outside the geographic area within which the witness could be subpoenaed for trial in this Court and each witness listed as a deponent by both plaintiff and defendants (e.g., Centeno, Curipoma, Reyes, and Zambrano) the time permitted for examination shall be divided equally between plaintiff, on the one hand, and defendants, on the other hand, except that the parties, with the approval of the Special Master presiding, may agree or the Special Master presiding may rule otherwise. Depositions conducted in Spanish shall be subject to the same presumptive seven hour limit as those conducted in English except to the extent the parties agree in writing or the Special Master allows a longer duration. A Special Master shall preside in person over the depositions listed in paragraphs 5 through 7 set forth in the April 5 joint letter at pages 2–3 except to any extent that the relevant Special Master concludes otherwise. With respect to defendants' position stated in paragraph 5 on page 3 of the April 5 joint letter, the objection is overruled without prejudice to a renewed application in the event defendants agree that Donziger's deposition in the Section 1782 action is usable in this case to the extent that it would be usable had it been taken in this case. The defendants cannot appropriately be heard to seek to limit the length of the deposition in this case on the basis of the existence of the Section 1782 action deposition while preserving the right to resist use of the Section 1782 deposition in this case on the ground that it was taken in another action. In the event the non–settling defendants wish to designate additional fact witnesses for deposition in the event Chevron's claims against Stratus are dismissed, they shall do so within 48 hours following the entry of an order granting leave to dismiss those claims. (Signed by Judge Lewis A. Kaplan on 4/8/2013) (mro) (Entered: 04/08/2013) |
| 04/08/2013 | 984 | NOTICE OF APPEARANCE by Jefferson Eliot Bell on behalf of Chevron Corporation (Bell, Jefferson) (Entered: 04/08/2013) |

| | | |
|---|---|---|
| 04/08/2013 | 985 | NOTICE OF APPEARANCE by Jeffrey David Coren on behalf of Chevron Corporation (Coren, Jeffrey) (Entered: 04/08/2013) |
| 04/08/2013 | 986 | NOTICE OF CHANGE OF ADDRESS by Jefferson Eliot Bell on behalf of Chevron Corporation. New Address: Gibson Dunn & Crutcher, LLP, 200 Park Ave, 47th Floor, New York, NY, USA 10166, (212) 351–4000. (Bell, Jefferson) (Entered: 04/08/2013) |
| 04/08/2013 | 987 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 4/5/13 re: Counsel writes to request a one week extension of Chevron's time to submit its reply papers in further support of its summary judgment motion, due today, up to and including 4/12/13. ENDORSEMENT: Granted nunc pro tunc as of 4/5/13. (Signed by Judge Lewis A. Kaplan on 4/8/2013) (mro) Modified on 4/10/2013 (mro). (Entered: 04/08/2013) |
| 04/08/2013 | | Set/Reset Deadlines as to 744 MOTION for Partial Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Replies due by 4/12/2013.* (mro) (Entered: 04/08/2013) |
| 04/08/2013 | 988 | MEMORANDUM AND ORDER: For the foregoing reasons, as amplified in some respects by the March 28, 2013 order,the joint motion [DI 935] is granted to the extent that Chevron's action as against the Stratus Defendants and the counterclaims of the Stratus Defendants against Chevron are dismissed with prejudice and without costs or attorneys' fees, provided, however, that this dismissal will be vacated upon the filing, on or before April 12, 2013, of a written notice by any of Chevron and the Stratus Defendants that the Settlement Agreement has not become effective, and provided further that this Court retains continuing jurisdiction over Chevron and the Stratus Defendants as set forth in Section 4 of the Settlement Agreement. The motion is otherwise denied. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 4/08/2013) (ama) (Entered: 04/08/2013) |
| 04/09/2013 | 989 | ORDER: The Special Masters hereby are appointed, pursuant to Fed. R. Civ. P. 28(a)(1)(B), to administer oaths and take testimony at depositions in this case within the United States, and commissioned, pursuant to Fed. R. Civ. P. 28(b)(1)(D), to administer any necessary oath and take testimony at depositions in this case in foreign countries. (Signed by Judge Lewis A. Kaplan on 4/9/2013) (mro) (Entered: 04/09/2013) |
| 04/09/2013 | 990 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 4/8/13 re: Counsel for the plaintiff writes in reply to the April 5 letter sent to the Court by the LAPs and Donziger defendants concerning the Settlement Agreement between Chevron and Stratus. Document filed by Chevron Corporation.(mro) (Entered: 04/09/2013) |
| 04/09/2013 | 991 | Letter addressed to Judge Lewis A. Kaplan from Craig Smyser and Matthew Werdegar dated 4/4/13 re: Counsel for Non–settling Defendants Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje and the Donziger Defendants requests that the Court enter the form stipulation attached hereto as Exhibit 1, with the inclusion of express language that the order does not address or approve any terms of the proposed Settlement Agreement and Mutual Release. (mro) (Entered: 04/09/2013) |
| 04/09/2013 | 992 | Letter addressed to Judge Lewis A. Kaplan from Craig Smyser and Matthew Werdegar dated 4/5/13 re: Counsel for Non–settling Defendants Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje and the Donziger Defendants in response to Mr. Mastro's letter of April 5, 2013. Counsel states that the Court should not and cannot approve the settlement agreement.(mro) (Entered: 04/09/2013) |
| 04/09/2013 | 993 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 4/8/13 re: Counsel for Chevron writes in reply to the April 5 letter by the LAPs and Donziger defendants concerning the Settlement Agreement between Chevron and Stratus. (mro) (Entered: 04/09/2013) |
| 04/09/2013 | 994 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 4/5/13 re: Counsel for Chevron writes in response to the April 4, 2013 letter sent by the LAPs and Donziger defendants. Chevron respectfully requests that the Court address and reject the frivolous accusations, and find the terms of the settlement proper as required |

| | | |
|---|---|---|
| | | by Rule 41 (a)(2). (mro) (Entered: 04/09/2013) |
| 04/09/2013 | 995 | SEALED DOCUMENT placed in vault.(nm) (Entered: 04/09/2013) |
| 04/09/2013 | 996 | ORDER: Unless requested to do so by the Court in a specific instance, counsel henceforth shall not send letters to the Court. All applications for relief shall be made by notice of motion or, if appropriate circumstances exist, see S.D.N.Y. Civ. R. 6.1 (d), brought on by order to show cause. Motions seeking extensions of time or leave to file memoranda in excess of the maximum length otherwise permitted shall be responded to, if at all, no later than three days after they are filed. Any replies to oppositions to such motions shall be filed the day after the opposition. The filing of Sur–replies is prohibited.Courtesy copies of papers filed electronically shall be (1) marked "Courtesy Copy" and (2) properly bound and shall include appropriate exhibit tabs and labels. They shall not be accompanied by any other correspondence.SO ORDERED. (Signed by Judge Lewis A. Kaplan on 4/09/2013) (ama) (Entered: 04/09/2013) |
| 04/09/2013 | 999 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from John W. Keker and Craig Smyser dated 3/28/2013 re: Accordingly, we are writing to advise that, unless circumstances change, neither Mr. Donziger nor Camacho and Piaguaje are going to be able to pay any bills submitted by Mr. Gitter or Judge Katz. ENDORSEMENT: Counsel and their clients, whose claims of financial hardship are undocumented, proceed at their own risk. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 4/09/2013) (ama) (Entered: 04/10/2013) |
| 04/10/2013 | 997 | ORDER: There is now pending before the Court a motion by Chevron Corporation for sanctions and other relief [DI 893]. At the time a schedule was set for the briefing of that motion, which was completed on April 5, 2013, the Court alerted counsel to the fact that an evidentiary hearing might be appropriate and, if so, that the Court would be available for that purpose in April and early May. Donziger's counsel responded that April was fine with him subject to travel plans he already had from April 27 through May 5. Counsel for Chevron and defendants Camacho and Payaguage (the "LAP Representatives") raised no objection. The Court now has determined that an evidentiary hearing on certain issues pertinent to the motion could be helpful. Accordingly, it will hold such a hearing commencing at 9:30 a.m. on April 16, 2013. As Chevron is the movant, it shall proceed first. The taking of evidence will be limited to the following issues: Whether and to what extent Donziger, the LAP Representatives, and their respective U.S. counsel acted in good faith to produce documents that are responsive to Chevron's First Set of Requests for Production of Documents and that are located in Ecuador. Whether and to what extent Donziger, the LAP Representatives, and their respective U.S. counsel have acted in good faith to comply with this Court's order of February 13, 2013 [DI 787]. Whether and to what extent Donziger, the LAP Representatives, and their respective U.S. counsel acted improperly or in bad faith with respect to the commencement, prosecution, and disclosure or lack thereof of proceedings in Ecuador that culminated in Exhibit A to DI 734 and in relation to the delay of proceedings in this Court during the pendency of that Ecuadorian proceeding. Whether and to what extent Donziger, individually and through his U.S. counsel, has and has had the practical ability to obtain documents and information from the LAPs' Ecuadorian counsel, Luis Yanza, Selva Viva, and the Amazon Defense Front. Whether and to what extent the LAP Representatives, individually and through Donziger, Donziger's U.S. counsel, and their own U.S. counsel, have and have had the practical ability to obtain documents and information from the LAPs' Ecuadorian counsel, Luis Yanza, Selva Viva, and the Amazon Defense Front. Unless otherwise ordered, the Court will allocate up to the equivalent of three trial days for the hearing. It will be available for this purpose, if necessary in addition to April 16, on April 17, and until 1 pm on each of April 18 and 19. If the hearing is not concluded earlier and April 18 proves inconvenient because a deposition is scheduled that day, the Court will make itself available on the afternoon of April 22 in place of April 18. Absent a different agreement by the parties with respect to the division of the time, the plaintiff on the one hand and the defendants on the other shall divide the available time equally, with the clock running against the examining side during its questioning, whether on direct or cross–examination. The parties shall confer promptly and advise the Court by the close of business on April 12 of the identities of the witnesses they propose to call. Any witnesses who are attorneys that have appeared in this action shall appear to testify if requested to do so |

| | | |
|---|---|---|
| | | by an adversary although the Court of course expects counsel to cooperate and extend routine courtesies where appropriate. ( Evidentiary Hearing set for 4/16/2013 at 09:30 AM before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 4/10/2013) (mro) Modified on 4/11/2013 (mro). (Entered: 04/10/2013) |
| 04/10/2013 | | Set/Reset Deadlines: Deposition due by 4/18/2013. (mro) (Entered: 04/10/2013) |
| 04/10/2013 | 998 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from James K. Leader dated 3/28/13 re: Counsel writes to request the Court's clarification with respect to whether Your Honor intended to require Patton Boggs to produce documents related to the Judgment Trust as indicated in Specification 35. ENDORSEMENT: In view of Chevron's failures to seek revision of the Court's November 16, 2012 ruling with respect to Specification 35 and to respond to PB's letter of March 28, 2013, the March 15, 2013 Opinion (DI 905) (the "Opinion") is modified by deleting Specification 35 from the list of Specifications to which PB must respond pursuant to the Opinion. (Signed by Judge Lewis A. Kaplan on 4/10/2013) (mro) (Entered: 04/10/2013) |
| 04/10/2013 | 1000 | MOTION to Serve / *CHEVRON CORPORATION'S MOTION FOR LEAVE TO SERVE A SECOND DOCUMENT SUBPOENA ON AMAZON WATCH*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Mastro, Randy) (Entered: 04/10/2013) |
| 04/11/2013 | 1002 | STIPULATION OF VOLUNTARY DISMISSAL PURSUANT TO COURT ORDER OF APRIL 8, 2013: IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that: the Dismissal Order satisfies the conditions precedent to the Settlement Agreement and makes the Agreement effective such that Chevron's claims against each of the Stratus Defendants and the counterclaims of Stratus Consulting, Inc. against Chevron are dismissed with prejudice; each party will bear its own costs and attorneys' fees; the Court shall retain continuing jurisdiction over Chevron and the Stratus Defendants as set forth in Section 4 of the Settlement Agreement. (Signed by Judge Lewis A. Kaplan on 4/11/2013) (mro) (Entered: 04/11/2013) |
| 04/11/2013 | 1003 | MEMO ENDORSEMENT denying 860 CHEVRON CORPORATION'S NOTICE OF MOTION TO DISMISS AND/OR STRIKE STRATUS CONSULTING, INC.'S COUNTERCLAIMS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT. ENDORSEMENT: Denied as moot. So ordered. (Signed by Judge Lewis A. Kaplan on 4/11/2013) (mro) (Entered: 04/11/2013) |
| 04/11/2013 | 1004 | MOTION FOR COUNSEL TO BRING ELECTRONIC DEVICES INTO THE DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE FOR USE AT A PROCEEDING. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Keker, John) (Entered: 04/11/2013) |
| 04/11/2013 | 1005 | MOTION for Counsel to bring Electronic Devices into the Daniel Patrick Moynihan United States Courthouse for use at a Proceeding. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A)(Doyle, Tyler) (Entered: 04/11/2013) |
| 04/12/2013 | 1006 | REPLY MEMORANDUM OF LAW in Support re: 744 MOTION for Partial Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/12/2013)* |
| 04/12/2013 | 1007 | DECLARATION of Jason B. Stavers in Support re: 744 MOTION for Partial Summary Judgment – *CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3650 to 3659, # 2 Exhibit 3660 to 3668, # 3 Exhibit 3669, Part 1, # 4 Exhibit 3669, Part 2, # 5 Exhibit 3670 to 3674, # 6 Exhibit 3675 to 3677, # 7 Exhibit 3678 to 3681)(Mastro, Randy) (Entered: 04/12/2013)* |

| | | |
|---|---|---|
| 04/12/2013 | <u>1008</u> | RULE 56.1 STATEMENT. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/12/2013) |
| 04/12/2013 | <u>1009</u> | NOTICE OF APPEARANCE by Thomas Key Richards on behalf of Patton Boggs LLP (Richards, Thomas) (Entered: 04/12/2013) |
| 04/12/2013 | <u>1010</u> | MEMO ENDORSEMENT terminating <u>1004</u> MOTION FOR COUNSEL TO BRING ELECTRONIC DEVICES INTO THE DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE FOR USE AT A PROCEEDING. ENDORSEMENT: The Clerk shall terminate this application. (Signed by Judge Lewis A. Kaplan on 4/12/2013) (mro) Modified on 4/12/2013 (mro). (Entered: 04/12/2013) |
| 04/12/2013 | <u>1011</u> | MEMO ENDORSEMENT terminating <u>1005</u> Motion for Counsel to bring Electronic Devices into the Daniel Patrick Moynihan United States Courthouse for use at a Proceeding. ENDORSEMENT: The Clerk shall terminate this application. (Signed by Judge Lewis A. Kaplan on 4/12/2013) (mro) (Entered: 04/12/2013) |
| 04/12/2013 | <u>1012</u> | MEMORANDUM AND ORDER: The Court will permit Donziger and the LAP Representatives to submit a brief addressing the appealability of this order provided it is filed on or before April 22, 2013. If such a brief is submitted, Chevron may respond on or before May 6, 2013. Chevron's motions to compel Garr and Kohn are granted. The request for Section 1292(b) certification is denied. Decision is reserved on the request for a stay pending appeal. The documents shall be produced no later than May 11, 2013 absent a stay by this Court. (Signed by Judge Lewis A. Kaplan on 4/12/2013) (mro) Modified on 4/12/2013 (mro). (Entered: 04/12/2013) |
| 04/12/2013 | | Set/Reset Deadlines: Brief due by 4/22/2013. (mro) (Entered: 04/12/2013) |
| 04/12/2013 | | Set/Reset Deadlines: Responses to Brief due by 5/6/2013 (mro) (Entered: 04/12/2013) |
| 04/12/2013 | <u>1013</u> | NOTICE of Notice of Witnesses for Evidentiary Hearing. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 04/12/2013) |
| 04/12/2013 | <u>1014</u> | MEMORANDUM OF LAW in Opposition re: <u>973</u> MOTION to Supplement the Summary Judgment Record with New Evidence re: <u>917</u> Memorandum of Law in Opposition to Motion, *Chevron's Motion for Partial Summary Judgment on All Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment MOTION to Supplement the Summary Judgment Record with New Evidence re: 917 Memorandum of Law in Opposition to Motion, Chevron's Motion for Partial Summary Judgment on All Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment / CHEVRON CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJES MOTION, JOINED BY THE DONZIGER DEFENDANTS, TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD WITH NEW EVIDENCE. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/12/2013)* |
| 04/12/2013 | <u>1015</u> | DECLARATION of Jason B. Stavers in Opposition re: <u>973</u> MOTION to Supplement the Summary Judgment Record with New Evidence re: <u>917</u> Memorandum of Law in Opposition to Motion, *Chevron's Motion for Partial Summary Judgment on All Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment MOTION to Supplement the Summary Judgment Record with New Evidence re: 917 Memorandum of Law in Opposition to Motion, Chevron's Motion for Partial Summary Judgment on All Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3682, # 2 Exhibit 3683, # 3 Exhibit 3684, # 4 Exhibit 3685)(Mastro, Randy) (Entered: 04/12/2013)* |
| 04/12/2013 | <u>1016</u> | NOTICE of Notice of Witnesses for Evidentiary Hearing re: <u>997</u> Order, Set Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,, Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/12/2013) |
| 04/12/2013 | <u>1017</u> | MOTION for Ethan D. Dettmer to Appear Pro Hac Vice. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Chevron Corporation. (Attachments: # <u>1</u> Affidavit Declaration of Randy M. Mastro, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Text of Proposed Order, # <u>5</u> Certificate of |

| | | |
|---|---|---|
| | | Service)(Mastro, Randy) Modified on 4/15/2013 (bcu). Modified on 4/15/2013 (bwa). (Entered: 04/12/2013) |
| 04/12/2013 | 1018 | RESPONSE in Opposition re: 1000 MOTION to Serve / *CHEVRON CORPORATION'S MOTION FOR LEAVE TO SERVE A SECOND DOCUMENT SUBPOENA ON AMAZON WATCH*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 04/12/2013) |
| 04/12/2013 | 1019 | MOTION for Protective Order *re Evidentiary Hearing*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 04/12/2013) |
| 04/12/2013 | 1022 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED, by and between Chevron, Donziger, and Camacho/Piaguaje that, to the extent there are documents subject to an unresolved claim of attorney–client privilege or work product protection by Donziger or Camacho/Piaguaje, Partners In Health may produce such documents to Chevron in order to avoid litigation regarding such assertion of privilege and/or work product, and Chevron shall not argue that such disclosure constitutes a waiver of any privilege or protection pursuant to Federal Rule of Evidence 502(d); and IT IS FURTHER STIPULATED that the production of any documents or the disclosure of any information by Partners In Health to Chevron shall not, pursuant to Federal Rule of Evidence 502(d), constitute a subject matter waiver of any privilege or protection; and IT IS FURTHER STIPULATED that any documents produced by Partners In Health pursuant to this stipulation may be designated "Confidential" pursuant to the protective order in effect in this action (Dkt. 723), except that Chevron reserves its right to challenge any such designation pursuant to paragraphs 13 and 14 of that order; and IT IS FURTHER STIPULATED that Chevron may use any document produced or testimony provided pursuant to this stipulation for any purpose subject to the terms, conditions and restrictions of the protective order in this action and further subject to any objections to the relevance, authenticity or admissibility of any docuinent, all of which objections are expressly reserved. (Signed by Judge Lewis A. Kaplan on 4/12/2013) (mro) (Entered: 04/15/2013) |
| 04/14/2013 | 1020 | MOTION for Extension of Time *to Respond to Chevron Corporation's Modified Subpoena*. Document filed by Patton Boggs LLP.(Leader, James) (Entered: 04/14/2013) |
| 04/14/2013 | 1021 | MEMORANDUM OF LAW in Support re: 1020 MOTION for Extension of Time *to Respond to Chevron Corporation's Modified Subpoena*.. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 04/14/2013) |
| 04/15/2013 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 1017 MOTION for Ethan D. Dettmer to Appear Pro Hac Vice. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bwa)** (Entered: 04/15/2013) |
| 04/15/2013 | 1023 | MOTION to Compel THE LAP REPRESENTATIVES to PRODUCE THE EMAIL EXCHANGE ON OR ABOUT OCTOBER 9, 2012 BETWEEN PABLO FAJARDO AND JAROD STEWART OF THE SMYSER FIRM REFERENCED IN PARAGRAPH 9 OF THE STEWART DECLARATION (DKT. 951). Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 04/15/2013) |
| 04/15/2013 | 1024 | ORDER: I hereby authorize the attorney/technology consultant herein to bring the General Purpose Computing Device(s) listed herein into the Courthouse for use in trial or proceeding in the action entitled Chevron Corp. v. Donziger, et al. No. 11–civ–0691–LAK–JCF on April 15, 2013 in order to test the equipment. (Signed by Judge Lewis A. Kaplan on 4/15/2013) (mro) (Entered: 04/15/2013) |
| 04/15/2013 | 1025 | REPORT AND RECOMMENDATION re: 696 MOTION to Dismiss filed by Chevron Corporation. For the foregoing reasons, I recommend that the plaintiff's motion to dismiss (Docket no. 696) be granted and the defendants' counterclaims be dismissed. Objections to R&R due by 5/2/2013. (Signed by Magistrate Judge James C. Francis on 4/15/2013) Copies Mailed By Chambers. (lmb) Modified on 4/15/2013 (lmb). (Entered: 04/15/2013) |

| | | |
|---|---|---|
| 04/15/2013 | 1026 | NOTICE OF APPEARANCE by Reed Michael Brodsky on behalf of Chevron Corporation (Brodsky, Reed) (Entered: 04/15/2013) |
| 04/15/2013 | 1027 | NOTICE OF CHANGE OF ADDRESS by Reed Michael Brodsky on behalf of Chevron Corporation. New Address: Gibson, Dunn & Crutcher LLP, 200 Park Avenue, 47th Floor, New York, New York, USA 10166, 212–351–4000. (Brodsky, Reed) (Entered: 04/15/2013) |
| 04/15/2013 | 1028 | RESPONSE in Opposition re: 1019 MOTION for Protective Order *re Evidentiary Hearing. Joint Response in Opposition to Chevron Motion for Protective Order Prohibiting Defendants from Calling Randy Mastro Anne Champion or the Chevron Officers as Witnesses at the Sanctions Evidentiary Hearing Dkt 1019*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 04/15/2013) |
| 04/15/2013 | 1029 | REPLY MEMORANDUM OF LAW in Support re: 916 MOTION to Strike Document No. 746 *Affidavits Accompanying Motion for Partial Summary Judgment*. MOTION to Strike Document No. 746 *Affidavits Accompanying Motion for Partial Summary Judgment*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 04/15/2013) |
| 04/15/2013 | 1030 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** DECLARATION of Ty Doyle in Support re: 916 MOTION to Strike Document No. 746 *Affidavits Accompanying Motion for Partial Summary Judgment*. MOTION to Strike Document No. 746 *Affidavits Accompanying Motion for Partial Summary Judgment*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A, # 2 Exhibit B, Part 1, # 3 Exhibit B, Part 2)(Doyle, Tyler) Modified on 4/16/2013 (db). (Entered: 04/15/2013) |
| 04/15/2013 | 1031 | MOTION to Compel DEFENDANTS to PRODUCE DOCUMENTS AND OTHER MATERIALS FOR THE SANCTIONS EVIDENTIARY HEARING SCHEDULED TO BEGIN ON APRIL 16, 2013. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit)(Mastro, Randy) (Entered: 04/15/2013) |
| 04/15/2013 | 1032 | MEMORANDUM OF LAW in Opposition re: 959 MOTION for Reconsideration re: 905 Memorandum & Opinion,,,,, *Memorandum of Law in Support of Defendants' Joint Motion to Reconsider the Court's March 15, 2013 Order Regarding Chevron's Subpoena to Patton Boggs*. MOTION for Reconsideration re: 905 Memorandum & Opinion,,,,, *Memorandum of Law in Support of Defendants' Joint Motion to Reconsider the Court's March 15, 2013 Order Regarding Chevron's Subpoena to Patton Boggs. CHEVRON CORPORATION'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO RECONSIDER THE COURT'S MARCH 15, 2013 ORDER REGARDING CHEVRON'S SUBPOENA TO PATTON BOGGS, DKT. 905*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/15/2013) |
| 04/15/2013 | 1033 | ORDER: I hereby authorize the attorneys listed herein to bring the General Purpose Computing Devices listed herein into the Courthouse for use in an evidentiary proceeding in the action entitled Chevron v. Donziger, et al., No 11–cv–00691(LAK), which proceeding begins on April 16, 2013, and is anticipated to conclude on or before April 22, 2013. (Signed by Judge Lewis A. Kaplan on 4/15/2013) (mro) (Entered: 04/16/2013) |
| 04/16/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Tyler Geoffrey Doyle to RE–FILE Document 1030 Declaration in Support of Motion. ERROR(S): No signature or s/. (db)** (Entered: 04/16/2013) |
| 04/16/2013 | 1034 | DECLARATION of Ty Doyle in Support re: 916 MOTION to Strike Document No. 746 *Affidavits Accompanying Motion for Partial Summary Judgment*. MOTION to Strike Document No. 746 *Affidavits Accompanying Motion for Partial Summary Judgment*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A, # 2 Exhibit B, part 1, # 3 Exhibit B, part 2)(Doyle, Tyler) (Entered: 04/16/2013) |
| 04/16/2013 | 1035 | MOTION for Protective Order. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Little, Jan) (Entered: 04/16/2013) |

| 04/16/2013 | 1036 | MEMORANDUM OF LAW in Opposition re: 1020 MOTION for Extension of Time *to Respond to Chevron Corporation's Modified Subpoena..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 04/16/2013) |
| --- | --- | --- |
| 04/16/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Contempt Hearing with witnesses held on 4/16/2013. (ja) (Entered: 04/23/2013) |
| 04/17/2013 | 1037 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Leave to File *DECLARATION OF ANNE CHAMPION IN FURTHER SUPPORT OF OPPOSITION TO DEFENDANTS' JOINT MOTION TO RECONSIDER MARCH 15, 2013 ORDER ON SUBPOENA TO PATTON BOGGS.* Document filed by Chevron Corporation. (Attachments: # 1 MOTION FOR LEAVE TO FILE DECLARATION OF ANNE CHAMPION IN FURTHER SUPPORT OF OPPOSITION TO MOTINO TO RECONSIDER (DKT 905), # 2 DECLARATION OF ANNE CHAMPION IN FURTHER SUPPORT OF OPPOSITION TO MOTINO TO RECONSIDER (DKT 905))(Mastro, Randy) Modified on 4/17/2013 (db). (Entered: 04/17/2013) |
| 04/17/2013 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Randy M. Mastro to RE–FILE Document 1037 MOTION for Leave to File DECLARATION OF ANNE CHAMPION IN FURTHER SUPPORT OF OPPOSITION TO DEFENDANTS' JOINT MOTION TO RECONSIDER MARCH 15, 2013 ORDER ON SUBPOENA TO PATTON BOGGS. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 04/17/2013) |
| 04/17/2013 | 1038 | MOTION for Leave to File Declaration of Anne Champion in Further Support of Chevron Corporation's Opposition to Defendants' joint Motion to Reconsider Order Regarding Subpoena to Patton Boggs. Document filed by Chevron Corporation. (Attachments: # 1 Motion for Leave to File Declaration of Anne Champion in Further Support of Opposiiton to Joint Motion to Reconsider Order Regarding Patton Boggs Subpoena)(Mastro, Randy) (Entered: 04/17/2013) |
| 04/17/2013 | 1039 | DECLARATION of Anne Champion in Support re: 1038 MOTION for Leave to File Declaration of Anne Champion in Further Support of Chevron Corporation's Opposition to Defendants' joint Motion to Reconsider Order Regarding Subpoena to Patton Boggs.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3686, # 2 Exhibit 3687)(Mastro, Randy) (Entered: 04/17/2013) |
| 04/17/2013 | 1040 | MOTION for Extension of Time *to respond to Chevron's Motions to Compel.* Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Werdegar, Matthew) (Entered: 04/17/2013) |
| 04/17/2013 | 1041 | ORDER denying 1040 Motion for Extension of Time. (Signed by Judge Lewis A. Kaplan on 4/17/2013) (Kaplan, Lewis) (Entered: 04/17/2013) |
| 04/17/2013 | 1042 | RESPONSE in Opposition re: 1023 MOTION to Compel THE LAP REPRESENTATIVES to PRODUCE THE EMAIL EXCHANGE ON OR ABOUT OCTOBER 9, 2012 BETWEEN PABLO FAJARDO AND JAROD STEWART OF THE SMYSER FIRM REFERENCED IN PARAGRAPH 9 OF THE STEWART DECLARATION (DKT. 951). MOTION to Compel THE LAP REPRESENTATIVES to PRODUCE THE EMAIL EXCHANGE ON OR ABOUT OCTOBER 9, 2012 BETWEEN PABLO FAJARDO AND JAROD STEWART OF THE SMYSER FIRM REFERENCED IN PARAGRAPH 9 OF THE STEWART DECLARATION (DKT. 951). *Defendants Hugo Gerado Camacho Naranjo and Javier Piguaje Payaguaje's Opposition to Chevron's Motion.* Document filed by Hugo Gerardo Camacho Naranjo. (Doyle, Tyler) (Entered: 04/17/2013) |
| 04/17/2013 | 1043 | DECLARATION of S. Alyssa Young in Support re: 1020 MOTION for Extension of Time *to Respond to Chevron Corporation's Modified Subpoena..* Document filed by Patton Boggs LLP. (Attachments: # 1 Exhibit A)(Young, S. Alyssa) (Entered: 04/17/2013) |
| 04/17/2013 | 1044 | RESPONSE in Opposition re: 1031 MOTION to Compel DEFENDANTS to PRODUCE DOCUMENTS AND OTHER MATERIALS FOR THE SANCTIONS EVIDENTIARY HEARING SCHEDULED TO BEGIN ON APRIL 16, 2013.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & |

| | | |
|---|---|---|
| | | Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 04/17/2013) |
| 04/17/2013 | 1045 | MEMO ENDORSEMENT on re: 1040 MOTION for Extension of Time *to respond to Chevron's Motions to Compel* filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger. ENDORSEMENT: This motion is entirely unnecessary. As movants' counsel are very well aware, Donziger's counsel suggested to the Court during the examination of Mr. Stewart this morning that all of the emails that are the subject of both of Chevron's motions be provided to the Court for in camera review and that "after lunch or sometime we can finish this today if he is the last witness, you look at the documents,...make a decision about what is going to happen, and if Mr. Stewart or Mr. Smyser needs to testify further about them, whatever, we can do it today rather than come back tomorrow if that meets with the court's approval." Tr., Apr. I7, 20I3, at 269–70. In order to accommodate Donziger's counsel, and without objection from the LAP Representatives' counsel, documents were furnished in camera over the lunch hour with this goal in view. Following the luncheon recess, and well before this motion for an extension was filed the Court ruled that any privilege with respect to the chain of two emails dated October 9, 2012–the subject of the first of Chevron's two motions (DI 1023)–had been waived by the reliance of defendants on counsel's accounts of the substance of those email communications while at the same time resisting production of the mails themselves. That motion, moreover, was decided without reaching the question whether any otherwise applicable privilege was vitiated by the crime–fraud exception. Id., at 276. In view of the foregoing, the motion for an extension of time with respect to Chevron's motion to compel the production of the October 9, 2012 e–mail chain (DI 1023) is moot. Moreover, in view of the fact that it was decided without reaching the crime–fraud issue– the presence of which is the only basis cited as warranting an extension of time to respond–there was absolutely no basis for granting an extension. The motion seeks an extension also with respect to Chevron's motion (DI 1031) to compel the production of certain other documents. At least some of those already have been provided to the Court for in camera inspection. These have been produced to Chevron without waiver under Rule 502, also in order to facilitate a ruling as the earliest possible moment. Once again, the sole basis for the requested extension is counsel's claimed need for more time in order to respond to the crime–fraud allegations, DI 1040, at 1, this despite the fact that the first ground on which Chevron seeks disclosure is the contention that defendants placed the contents of those communications in issued and thereby waived any otherwise applicable claim of privilege. In the circumstances, this aspect of the motion is denied as well, albeit without prejudice to renewal during tomorrow's proceedings. (Signed by Judge Lewis A. Kaplan on 4/17/2013) (mro) Modified on 4/19/2013 (mro). (Entered: 04/18/2013) |
| 04/17/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Contempt Hearing with witnesses held on 4/17/2013. (ja) (Entered: 04/23/2013) |
| 04/18/2013 | 1046 | MEMORANDUM OF LAW in Opposition re: 1035 MOTION for Protective Order.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 04/18/2013) |
| 04/18/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Contempt Hearing with witnesses held on 4/18/2013. Judge's Decision: Reserved. (ja) (Entered: 04/23/2013) |
| 04/19/2013 | 1047 | ORDER: Plaintiff shall show cause, on or before April 25, 2013, why its motion to compel [DI 854] should not be denied as moot in light of the materials submitted in connection with DI 973. (Signed by Judge Lewis A. Kaplan on 4/19/2013) (mro) (Entered: 04/19/2013) |
| 04/19/2013 | 1048 | MEMO ENDORSEMENT granting 1019 Motion for Protective Order. ENDORSEMENT: Motion granted for reasons stated on the record April 16, 2013. (Signed by Judge Lewis A. Kaplan on 4/19/2013) (mro) Modified on 4/19/2013 (mro). (Entered: 04/19/2013) |
| 04/19/2013 | 1049 | MEMO ENDORSEMENT disposing 1023 Motion to Compel. ENDORSEMENT: Motion disposed of as indicated on the record during 4/16–18/2013 hearing. (Signed by Judge Lewis A. Kaplan on 4/19/2013) (mro) (Entered: 04/19/2013) |

| | | |
|---|---|---|
| 04/19/2013 | 1050 | MEMO ENDORSEMENT disposing of and denying as moot 1031 Motion to Compel. ENDORSEMENT: Motion disposed of in major part indicated on record during 4/16–18/13 hearing and in all other respects denied as moot. (Signed by Judge Lewis A. Kaplan on 4/19/2013) (mro) (Entered: 04/19/2013) |
| 04/19/2013 | 1051 | MEMO ENDORSEMENT denying 1000 Motion to Serve a Second Document Subpoena on Amazon Watch. ENDORSEMENT: Magistrate Judge Cousins in the Northern District of California recently quashed a subpoena served by Chevron on Amazon Watch on the ground, among others, that the subpoena was overbroad but, subject to an important qualification, granted Chevron leave to issue new subpoenas by today. The important qualification was the Magistrate Judge's statement that he did "not intend...to alter Judge Kaplan's schedule and defers to his case management deadlines regarding the appropriateness of Chevron's serving another, more tailored subpoena to Amazon Watch." DI 1000, at 10. Chevron therefore brought this motion for leave to serve a second subpoena on Amazon Watch in the California proceeding. The essence of Chevron's problem is of its own making. The law in the Ninth Circuit, notably the Perry case, was relatively clear when Chevron served the first Amazon Watch subpoena. By framing the subpoena as broadly as it did, it took its chances of the result reached by Magistrate Judge Cousins. Nor did it seek to modify its first subpoena to Amazon Watch during the pendency of the extensive proceedings on the motion to quash in the California district court despite the approach and then expiration of the deadline for the service of document requests in this action and despite earlier litigation in this Court concerning the timeliness of the service of the first Amazon Watch subpoena. See DI 819. Thus, while Chevron is free to seek review of the Magistrate Judge's ruling with respect to the first subpoena and to make whatever arguments and suggestions it thinks appropriate to the California district court, leave to serve another one is denied. In all the circumstances, the motion [DI 1000] is denied. (Signed by Judge Lewis A. Kaplan on 4/19/2013) (mro) Modified on 4/23/2013 (mro). (Entered: 04/19/2013) |
| 04/19/2013 | 1052 | MEMO ENDORSEMENT denying 968 Motion to Strike Chevron's Excessive and Irrelevant Experts. ENDORSEMENT: The motion (DI 968) is denied substantially for the reasons set forth in plaintiff's opposition. Without setting forth in extenso all of the grounds, the Court notes the following: 1. The motion is premature. 2. Movants have made no serious effort–in their four page submission with respect to 35 different witnesses–to address the question whether the testimony of the particular experts in question would be admissible at trial. Their failure is aggravated by the fact that they have attached to their motion 35 exhibits totaling several hundred pages without even providing a list of which expert's report is which exhibit, thus greatly increasing the burden on the Court. It is further aggravated by the movants' having provided the Court, apart from the electronic version of their motion, only with a hard copy or copies of their papers that are unbound, and lack labels or exhibit tabs or markers. In other words, counsel has simply dumped a large pile of paper and, in the case of the electronic version, a large set of digital files on the Court without making the slightest effort to facilitate reference to relevant material. The Court is not obliged to tolerate with such behavior. 3. What movants term the "Count 9 Topics" remain in this case by virtue of their affirmative defenses of collateral estoppel and their own concession that, in order to succeed on a collateral estoppel defense based on a foreign judgment, that judgment must be entitled to recognition and enforcement here. See Chevron Corp. v Donziger, 886 F. Supp.2d 235, 278 (S.D.N.Y. 2012) (citing DI 450 (Defs.' Mem at 1). This ruling is without prejudice to well supported applications at an appropriate time. (Signed by Judge Lewis A. Kaplan on 4/19/2013) (mro) Modified on 4/19/2013 (mro). (Entered: 04/19/2013) |
| 04/19/2013 | 1053 | MEMO ENDORSEMENT granting 973 Motion to Supplement the Summary Judgment Record with New Evidence. ENDORSEMENT: Defendants move [DI 973] to supplement their evidence in opposition to Chevron's motion for partial summary judgment by filing a declaration of former Judge Nicolas Zambrano and certain other materials. Chevron opposes the motion. It contends, inter alia, that the declaration may not properly be considered because (1) defendants have not shown that Mr. Zambrano is prepared to testify in this action at all and, even if he were, (2) many of the statements contained in the declaration would be inadmissible. Chevron's first argument, whatever its merit in different circumstances or at a later point in this litigation, is not persuasive right now. At least as far as the record discloses, there has been no clear statement from the defendants or Mr. Zambrano, one way or the other, |

as to whether Mr. Zambrano will give a deposition or seek to testify at any trial. The second argument is misdirected. Evidence in support of and in opposition to motions for summary judgment must be such that it would be admissible at trial. Chevron's evidentiary objection is noted, but the existence of that objection does not bear on whether the declaration should be filed. Accordingly, defendants' motion [DI 973] is granted without prejudice to (a) a motion to strike the declaration and other evidence should it become apparent that Mr. Zambrano will not testify, and (b) Chevron's evidentiary objections to the evidence, which will be considered in connection with the summary judgment motion to the extent they are material to its disposition. As this motion grants defendants the relief they seek, there is no need to put them to the unnecessary expense of preparing and filing reply papers, assuming they otherwise would have been disposed to do so, or await any reply papers they might file before ruling on it. (Signed by Judge Lewis A. Kaplan on 4/19/2013) (mro) Modified on 4/19/2013 (mro). Modified on 4/22/2013 (mro). (Entered: 04/19/2013)

| | | |
|---|---|---|
| 04/19/2013 | 1054 | MOTION for Leave to File 1 REPLY MEMORANDUM TO CHEVRON'S OPPOSITION [DKT. 1046] AND 2 REPLY MEMORANDUM. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Little, Jan) (Entered: 04/19/2013) |
| 04/22/2013 | 1055 | MEMO ENDORSEMENT denying 1054 DONZIGER DEFENDANTS' 1 MOTION FOR LEAVE TO FILE REPLY MEMORANDUM TO CHEVRON'S OPPOSITION [DKT. 1046] AND 2 REPLY MEMORANDUM. ENDORSEMENT: This filing by the Donziger Defendants asserts that Chevron's counsel mischaracterized or uttered falsehoods about (a) the contents of a recent motion by Donziger, (b) the Court's April 8 order, and (c) a January 17, 2013 email. As all three of these papers are well known to the Court, which in fact wrote the April 8 order just 14 days ago, the present filing serves no purpose beyond venting its authors' spleen at opposing counsel. This is just the latest example of incivility and bickering among counsel that does no credit to any of them on either side. The present motion [DI 1054] is denied. Counsel proceed in this vein at their peril. (Signed by Judge Lewis A. Kaplan on 4/22/2013) (mro) Modified on 4/23/2013 (mro). (Entered: 04/22/2013) |
| 04/22/2013 | 1056 | MEMORANDUM OF LAW re: 1012 Order,, *Concerning Appealability of the Court April 12 2013 Order Compelling Discovery From Garr and Kohn*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 04/22/2013) |
| 04/22/2013 | 1057 | DECLARATION of Laura J. Garr in Support re: 1056 Memorandum of Law. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 04/22/2013) |
| 04/22/2013 | 1058 | SPECIAL MASTERS ORDER NO. 3: Except to the extent the relevant Special Master directs otherwise, the following ground rules shall apply to all depositions supervised by a Special Master. Depositions scheduled to occur in Lima, Peru will be addressed by separate order. To ensure seven hours of actual testimony per day, depositions will commence at 9:00 a.m. sharp, with a 15 minute break in the morning, a 45 minute break for lunch, and a 15 minute break in the afternoon. Counsel should be prepared to arrive early and stay late to address any issues that do not require the presence of the witness. There shall be no speaking objections in the presence of the witness: objections shall be limited to "objection, form"; "objection, relevance"; "objection, privilege"; etc. If counsel object on privilege grounds to and instruct a witness to refrain from answering a particular question, the objection will be addressed, if practical, at the next break, or the witness will be asked to leave the deposition room, and the objection will be addressed by the Special Master at that point. To the extent film clips or audio recordings will be used in a given deposition, counsel shall ensure that each such clip or recording is accompanied by an official transcript (with English translation where required). Such transcripts should be marked as sub–exhibits to the clip or recording to which they relate. If the clip is used to describe action or inaction rather than speech content, counsel should, through questioning, elicit all the relevant action/inaction, in part to ensure that any reader of the transcript will understand the context of the questions being asked. Counsel are directed to ensure that a printer and internet access are available in the Special Master's break–out room. Counsel hosting the deposition shall further ensure that the court reporter has the ability to print portions of the transcript if requested to do so by the Special Master. To the extent a given witness is represented by counsel who have |

| | | |
|---|---|---|
| | | not appeared in this matter, counsel for Chevron is directed to serve a copy of this Order on the witness's counsel as far in advance of the deposition date as is practicable. (Signed by Special Master Theordore H. Katz and Special Master Max Gitter on 4/22/2013) (mro) (Entered: 04/23/2013) |
| 04/23/2013 | 1059 | MEMO ENDORSEMENT denying 1038 Motion for Leave to File Declaration of Anne Champion in Further Support of Chevron Corporation's Opposition to Defendants' joint Motion to Reconsider Order Regarding Subpoena to Patton Boggs. ENDORSEMENT: In the interests of concluding the litigation of the motion for reconsideration, and consistent with S.D.N.Y. Civ. R. 6.3 (which prohibits the filing of affidavits on a motion for reconsideration or reargument absent direction by the court), the declarations will not be considered on the motion for reconsideration. The motion therefore is denied. (Signed by Judge Lewis A. Kaplan on 4/23/2013) (mro) (Entered: 04/23/2013) |
| 04/23/2013 | 1060 | MEMO ENDORSEMENT denying 1035 Motion for Protective Order. ENDORSEMENT: The fact that Donziger was deposed extensively in the Section 1782 proceeding does not warrant restricting his deposition in this case to one as opposed to three days. Donziger is a central and perhaps the central figure in this dispute. The 1782 deposition was taken beginning in late 2010 and concluding in or about late January 2011. Since that time, there have been many highly pertinent events, including among other things the rendition of the judgment in Ecuador. In addition, a great deal of evidence–including evidence relating directly to Donziger–has come to light only recently including, but not limited to, the recently filed declarations of former judge Guerra, Messrs. Reyes, Beltman and Bogart, and Ms. Maest. This is a basis for denying this motion that is entirely independent of the Court's April 8 order. The motion [DI 1035] is denied. (Signed by Judge Lewis A. Kaplan on 4/23/2013) (mro) (Entered: 04/23/2013) |
| 04/23/2013 | 1061 | NOTICE OF APPEARANCE by Avi Weitzman on behalf of Chevron Corporation (Weitzman, Avi) (Entered: 04/23/2013) |
| 04/23/2013 | 1062 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Theodore H. Katz and Max Gitter dated 4/22/2013 re: We write to make two requests relating to Your Honor's Order appointing us as Special Masters (DI 942). We jointly request that the Order be clarified/modified to permit both Special Masters to avail themselves of the assistance of Mr. Ormand. Clearly Gottlieb has agreed to reduce Mr. Omand's hourly rate, solely for this matter, to $630/hour. We jointly request such authorization for travel to Lima, Denver, and San Francisco, as well as lodging and meals in those locations. Clearly Gottlieb has agreed to limit its disbursement charge to coach fare in each instance. ENDORSEMENT: Granted. (Signed by Judge Lewis A. Kaplan on 4/23/2013) (tro) (Entered: 04/23/2013) |
| 04/24/2013 | 1063 | ORDER denying 744 Motion for Partial Summary Judgment. Plaintiff Chevron Corporation has moved for partial summary judgment as to liability and dismissing certain affirmative defenses and counterclaims asserted by defendants (DI 744) and, in the alternative, for the entry of an order, pursuant to Fed. R. Civ. P. 56(g), "stating any material fact...that is not genuinely in dispute and treating the fact as established in the case" (DI 745, at 25). Insofar as the motion seeks partial summary judgment, it is denied (a) as to the Donziger Defendants Camacho and Piaguaje without prejudice and with leave to renew after the conclusion of the discovery period or at such other time as the Court may permit, (b) as to the Stratus Defendants on the ground that the motion has been mooted by the Rule 41 dismissal of the claims between and among Chevron and the Status Defendants. The alternative request for an order under Rule 56(g) remains under advisement. In the event Chevron seeks to renew the motion, it first shall seek a conference with the Court so that the Court may discuss with the parties how to avoid or minimize the submission of additional papers.. (Signed by Judge Lewis A. Kaplan on 4/24/2013) (mro) Modified on 4/25/2013 (mro). (Entered: 04/24/2013) |
| 04/24/2013 | 1064 | ORDER granting in part and denying in part 1020 Motion for Extension of Time. Patton Boggs LLP ("PB") moves to extend the times provided by the Court's March 15, 2013 order [DI 905] for completion of the production of documents and for furnishing the final installment of its rolling privilege log to June 3 and June 10, respectively. This is based on its assertion that it was reviewing documents at a rate of 4,000 to 5,000 per day at the time the motion was filed. PB admits that, "[a]s with any |

complex, large scale review, the rate at which documents are being reviewed has increased steadily" for a variety of reasons. Thus, there is every reason to conclude that the rate has increased since the time the motion was filed ten days ago and will continue to increase. This implies that the June 3 and June 10 proposed dates, which are based explicitly on the 4,000 to 5,000 per day review rate actually overstate the amount of time needed even if no additional resources are devoted to the task. Moreover, PB has not suggested that it cannot increase the rate even more by devoting some additional resources to the task. In all the circumstances, PB's motion for an extension of time [DI 1020] is granted to the extent that (a) production of all responsive documents as to which attorney–client privilege or opinion work product is not claimed shall be completed by May 15, 2013, and (b) the final installment of the final privilege log shall be produced no later than May 22, 2013. It is denied in all other respects. (Signed by Judge Lewis A. Kaplan on 4/24/2013) (mro) (Entered: 04/24/2013)

| 04/24/2013 | 1065 | MOTION to Quash Notice of Deposition of Edward Scott. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mastro, Randy) (Entered: 04/24/2013) |
| 04/24/2013 | 1066 | DECLARATION of Edward B. Scott II in Support re: 1065 MOTION to Quash Notice of Deposition of Edward Scott.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/24/2013) |
| 04/24/2013 | 1067 | MOTION to Quash Deposition Notice of John Watson. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Mastro, Randy) (Entered: 04/24/2013) |
| 04/24/2013 | 1068 | DECLARATION of John S. Watson in Support re: 1067 MOTION to Quash Deposition Notice of John Watson.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/24/2013) |
| 04/24/2013 | 1069 | MOTION to Quash Notice of Deposition of Kroll, Inc.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mastro, Randy) (Entered: 04/24/2013) |
| 04/25/2013 | 1070 | ORDER: There is a motion pending in 10 MC 0002 to hold defendant Donziger in civil contempt on the ground that he failed to produce, pursuant to subpoena and court order, certain documents said to be in the personal possession or control of Laura Garr, who in turn is said to be under Donziger's practical control. Ms. Garr allegedly has declined to turn the documents over to Donziger for production pursuant to the subpoena and this Court's order. Represented in that regard by Donziger's counsel, she seeks to justify that position on the basis of protection of a claim of privilege or work product of the Lago Agrio Plaintiffs ("LAPs"). In addition, this Court on April 12, 2013 granted a motion in 11 Civ. 0691 to compel Ms. Garr and Joseph Kahn and his law firm (collectively, "Kohn") to produce documents pursuant to subpoenas served upon them in that action over claims of privilege and work product, also made on behalf of the LAPs. The documents that are the subject of that order insofar as it is directed to Ms. Garr appear to be the same as those implicated by the contempt motion in 10 MC 0002. The Court assumes that both Ms. Garr and Kohn have provided Chevron with privilege logs. It appears to the Court that the dispute regarding the Garr documents might well be resolved entirely, or at least narrowed, if counsel to Chevron were permitted to view the allegedly privileged documents without prejudice to the position Ms. Garr has asserted on behalf of the LAPs. The same may well be true with respect to the Kohn documents. It may well be, for example, that Chevron, having seen the documents, may conclude that it need not press its demands for some or all of them. The proposed procedure was employed to good effect during the recent evidentiary hearing in 11 Civ. 0691. Accordingly, counsel for all of the parties to these two matters shall meet and confer, on or before May 3, 2013 in order to explore these possibilities. They shall report to the Court by joint, non–argumentative letter and provide the Court with copies of any privilege logs that have been served on or before May 6, 2013. Should those concerned reach any helpful agreement, the Court would entertain an application for an appropriate Fed. R. Evid. 502(d) order. Further, the parties shall furnish the Court, on or before May 6, 2013, with a copy of each privilege log served with respect to the Garr and Kohn subpoenas so that the Court may make an informed judgment as to whether to conduct an in camera inspection of any documents as to which privilege or work |

| | | | |
|---|---|---|---|
| | | | product protection has been claimed. In the circumstances, the date for production of documents fixed by the April 12, 2013 order in 11 Civ. 0691 is extended to and including May 15, 2013. (Signed by Judge Lewis A. Kaplan on 4/25/2013) (mro) (Entered: 04/25/2013) |
| 04/25/2013 | 1071 | | MEMO ENDORSEMENT denying 916 Motion to Strike Document No. 746 Affidavits Accompanying Motion for Partial Summary Judgment. ENDORSEMENT: Defendants move to strike the affidavit of Alberto Guerra Bastidas and the affidavits of Messrs. Callejas, Racines, Campuzano and Carvajal "that Chevron submitted in support of its motion for partial summary judgment." They argue that "the Guerra affidavit was purchased by Chevron," that all four "affidavits contain [some allegedly] inadmissible hearsay," and that Chevron improperly failed to disclose the affidavits of Messrs. Callejas, Racines, Campuzano and Carvajal during discovery. On April 24, 2013, the Court denied Chevron's motion, insofar as it sought partial summary judgment against the remaining defendants, "without prejudice and with leave to renew after the conclusion of the discovery period or at such other time as the Court may permit." The Court reserved judgment as to so much of the motion as seeks an order, pursuant to Fed. R. Civ. P. 56(g), "stating any material fact...that is not genuinely in dispute and treating the fact as established in the case." While the motion for partial summary judgment may be renewed, the motion to strike is moot unless and until (a) the motion is renewed, and (b) the renewed motion relies on these affidavits. The Court will rule on defendants' contentions as to the admissibility and utility of these affidavits in connection with any ruling on Chevron's alternative request for entry of a Rule 56(g) order to the extent the affidavits prove material for that purpose. Accordingly, the present motion to strike [DI 916] is denied without prejudice to the extent indicated above. (Signed by Judge Lewis A. Kaplan on 4/25/2013) (mro) Modified on 4/25/2013 (mro). (Entered: 04/25/2013) |
| 04/25/2013 | 1072 | | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non–Dispositive Motion/Dispute: DI#1065 Chevron's mot. for protective order; DI#1067 Chevron's mot. for protective order; DI#1069 Chevron's mot. for protective order. Referred to Magistrate Judge James C. Francis. Motions referred to James C. Francis. (Signed by Judge Lewis A. Kaplan on 4/25/2013) (mro) (Entered: 04/25/2013) |
| 04/25/2013 | 1073 | | SEALED DOCUMENT placed in vault.(nm) (Entered: 04/25/2013) |
| 04/25/2013 | 1074 | | RESPONSE in Support re: 854 MOTION to Compel LAP REPRESENTATIVES AND DONZIGER DEFENDANTS to PRODUCE DOCUMENTS AND RECORDINGS OF ALLEGED INTERACTIONS BETWEEN CHEVRON AND POTENTIAL WITNESSES. *PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO THIS COURT'S ORDER (DI 1047) TO SHOW CAUSE WHY CHEVRON'S MOTION TO COMPEL [DI 854] SHOULD NOT BE DENIED AS MOOT IN LIGHT OF THE MATERIALS SUBMITTED IN CONNECTION WITH DI 973*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/25/2013) |
| 04/25/2013 | 1075 | | DECLARATION of Randy M. Mastro in Support re: 854 MOTION to Compel LAP REPRESENTATIVES AND DONZIGER DEFENDANTS to PRODUCE DOCUMENTS AND RECORDINGS OF ALLEGED INTERACTIONS BETWEEN CHEVRON AND POTENTIAL WITNESSES.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Mastro, Randy) (Entered: 04/25/2013) |
| 04/25/2013 | 1076 | | REPLY MEMORANDUM OF LAW in Support re: 959 MOTION for Reconsideration re; 905 Memorandum & Opinion,,,,, *Memorandum of Law in Support of Defendants' Joint Motion to Reconsider the Court's March 15, 2013 Order Regarding Chevron's Subpoena to Patton Boggs*. MOTION for Reconsideration re; 905 Memorandum & Opinion,,,,, *Memorandum of Law in Support of Defendants' Joint Motion to Reconsider the Court's March 15, 2013 Order Regarding Chevron's Subpoena to Patton Boggs*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 04/25/2013) |
| 04/26/2013 | 1077 | | SPECIAL MASTERS ORDER NO. 4: By letter dated April 22, 2013, plaintiff Chevron Corporation moved for a protective order limiting the scope of the deposition of Andres Rivero scheduled for April 24, 2013. Defendants Hugo Gerardo Camacho |

| | | |
|---|---|---|
| | | Naranjo and Javier Piaguaje Payaguaje opposed the motion. The Special Master addressed the issues raised in Chevron's motion, to the extent necessary, during the course of Mr. Rivero's deposition. Chevron's motion is accordingly denied as moot. (Signed by Special Master Theodore H. Katz on 4/26/2013) (mro) (Entered: 04/26/2013) |
| 04/26/2013 | 1078 | RESPONSE in Opposition re: 1069 MOTION to Quash Notice of Deposition of Kroll, Inc... Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1)(Doyle, Tyler) (Entered: 04/26/2013) |
| 04/26/2013 | 1079 | RESPONSE in Opposition re: 1065 MOTION to Quash Notice of Deposition of Edward Scott., 1067 MOTION to Quash Deposition Notice of John Watson. *Redacted Public Version*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A, # 2 Exhibit B FILED UNDER SEAL, # 3 Exhibit C, # 4 Exhibit D FILED UNDER SEAL, # 5 Exhibit E)(Doyle, Tyler) (Entered: 04/26/2013) |
| 04/28/2013 | 1080 | NOTICE of Supplemental Submission on Ecuadorian Law in Response to the Court's Inquiry on April 18, 2013. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Doyle, Tyler) (Entered: 04/28/2013) |
| 04/29/2013 | 1081 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/29/2013) |
| 04/29/2013 | 1082 | TRANSCRIPT of Proceedings re: TRIAL held on 4/16/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/23/2013. Redacted Transcript Deadline set for 6/3/2013. Release of Transcript Restriction set for 8/1/2013.(McGuirk, Kelly) (Entered: 04/29/2013) |
| 04/29/2013 | 1083 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 4/16/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 04/29/2013) |
| 04/29/2013 | 1084 | TRANSCRIPT of Proceedings re: TRIAL held on 4/17/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/23/2013. Redacted Transcript Deadline set for 6/3/2013. Release of Transcript Restriction set for 8/1/2013.(McGuirk, Kelly) (Entered: 04/29/2013) |
| 04/29/2013 | 1085 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 4/17/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 04/29/2013) |
| 04/29/2013 | 1086 | TRANSCRIPT of Proceedings re: TRIAL held on 4/18/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/23/2013. Redacted Transcript Deadline set for 6/3/2013. Release of Transcript Restriction set for 8/1/2013.(McGuirk, Kelly) (Entered: 04/29/2013) |
| 04/29/2013 | 1087 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 4/18/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) |

| | | | |
|---|---|---|---|
| | | | calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 04/29/2013) |
| 04/29/2013 | 1088 | | OBJECTION to 1025 Report and Recommendations Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Werdegar, Matthew) (Entered: 04/29/2013) |
| 04/29/2013 | 1089 | | DECLARATION of Jason Stavers in Support re: 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3688, # 2 Exhibit 3689, # 3 Exhibit 3690, # 4 Exhibit 3691, # 5 Exhibit 3692, # 6 Exhibit 3693, # 7 Exhibit 3694, # 8 Exhibit 3695, # 9 Exhibit 3696, # 10 Exhibit 3697, # 11 Exhibit 3698)(Mastro, Randy) (Entered: 04/29/2013) |
| 04/29/2013 | 1090 | | DECLARATION of Randy M. Mastro in Support re: 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Mastro, Randy) (Entered: 04/29/2013) |
| 05/01/2013 | 1091 | | MANDATE of USCA (Certified Copy) as to 729 Notice of Interlocutory Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo USCA Case Number 13–332. Upon due consideration, it is hereby ORDERED that the motion to strike portions of Chevron's reply is DENIED but the alternative request for leave to file the provided sur–reply is GRANTED. It is further ORDERED that the motion to dismiss the appeal is GRANTED. It is further ORDERED that the request for a writ of mandamus is DENIED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 05/01/2013. (nd) (Entered: 05/02/2013) |
| 05/01/2013 | 1092 | | SPECIAL MASTERS ORDER NO.5: For these reasons, Chevrons application to extend the presumptive length of Mr. Zambranos deposition is granted, only to the following extent: Chevrons time to depose Mr. Zambrano will be extended beyond 3.5 hours, in an amount of time to be determined by the presiding Special Master during the first day of Mr. Zambranos deposition. As requested by counsel for Messrs. Camacho and Piaguaje, his 3.5 hour examination of Mr. Zambrano will come first, and upon his completion of those 3.5 hours counsel for Chevrons examination will commence. Mr. Zambrano should therefore expect to appear for deposition at the Embassy on both Thursday, May 16, and Friday, May 17. On a related issue: Counsel for Messrs. Camacho and Piaguaje have stated that they have not been able to confirm whether Mr. Zambrano will appear for deposition but expect to be able to do so by the end of the week. Counsel for Chevron insisted during the conference call that basic fairness, the need to finalize travel arrangements, and the need to decide what to prepare require prompt certainty on that score earlier. Formalizing the ruling we made at the conference call, we hereby order counsel for Messrs. Camacho and Piaguaje to advise counsel for Chevron and the Special Masters definitively by the close of business on Thursday, May 2 (the median time between that proposed by such counsel and that demanded by Chevrons counsel) whether Mr. Zambrano will appear for deposition at the Embassy as scheduled. Counsel for Messrs. Camacho and Piaguaje are directed to serve a copy of this Order upon Mr. Zambrano promptly. SO ORDERED. (Signed by Special Masters Theodore H. Katz and Max Gitter on 5/01/2013) (ama) (Entered: 05/02/2013) |
| 05/02/2013 | 1093 | | SPECIAL MASTERS ORDER NO. 6: For the reasons stated on the record, even if Defendants had been able to establish entitlement to some work product protection pursuant to the common interest doctrine that had not otherwise been waived, Chevron has a substantial need for the work product at issue here. First, as Chevron's counsel argued, these documents and related testimony are not merely highly relevant to the issue of whether there was a fraud on the court or obstruction of justice in connection with the Stratus 1782 proceedings: they are sui generis. Second, Defendants' and their agents' position that the recent settlement between Stratus and Chevron resulted from intimidation and pressure by Chevron is analogous to a charge |

| | | |
|---|---|---|
| | | of "recent fabrication" by Stratus principals Douglas Beltman and Ann Maest about the behavior of the LAPs' lawyers during the Stratus 1782 proceedings: 7 as the above quotations from S&D's documents (and others) show, S&D's documents and related testimony are probative of prior consistent statements made years before the recent settlement. In light of all the foregoing threshold, independent grounds for rejecting all of Defendants' claims of privilege under the "common interest" doctrine, I do not at this juncture need to reach Chevron's additional ground for rejecting these claims, i.e., the crime–fraud exception. Defendants' counsel concurred that I should not reach that issue at this time. Beier Tr. at 146:11–13. (Signed by Special Master Max Gitter on 5/2/2013) (mro) Modified on 5/3/2013 (mro). (Entered: 05/02/2013) |
| 05/02/2013 | 1094 | MOTION for Order to Show Cause *For An Order Further Protecting The Confidential Declaration of Doe 3 and Granting Leave to Supplement the Record with Doe 3's Declaration*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 05/02/2013) |
| 05/02/2013 | 1095 | MEMORANDUM OF LAW in Support re: 1094 MOTION for Order to Show Cause *For An Order Further Protecting The Confidential Declaration of Doe 3 and Granting Leave to Supplement the Record with Doe 3's Declaration*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/02/2013) |
| 05/02/2013 | 1096 | DECLARATION of Randy M. Mastro in Support re: 1094 MOTION for Order to Show Cause *For An Order Further Protecting The Confidential Declaration of Doe 3 and Granting Leave to Supplement the Record with Doe 3's Declaration*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mastro, Randy) (Entered: 05/02/2013) |
| 05/02/2013 | 1097 | MOTION to Amend/Correct 910 Order,,,,,,,,,,,,,, *Plaintiff Chevron Corporation's Motion to Change Its Deponent List*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Mastro, Randy) (Entered: 05/02/2013) |
| 05/02/2013 | 1099 | MANDATE of USCA (Certified Copy) as to 673 Notice of Interlocutory Appeal filed by Patton Boggs LLP, 670 Notice of Interlocutory Appeal filed by Republic of Ecuador USCA Case Number 12–5005(L), 12–5031 (Con). Chevron Corporation, through counsel, moves to dismiss the appeals for lack of jurisdiction. Appellants, through counsel, oppose the motions. Upon due consideration, it is hereby ORDERED that the motion to dismiss is GRANTED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 05/02/2013. (nd) (Entered: 05/03/2013) |
| 05/03/2013 | 1098 | MOTION for Protective Order *re Rule 30(b)(6) Notice*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Mastro, Randy) (Entered: 05/03/2013) |
| 05/03/2013 | 1100 | MEMORANDUM OF LAW in Support *OF KEKER & VAN NEST LLP'S MOTION BY ORDER TO SHOW CAUSE FOR AN ORDER PERMITTING IT TO WITHDRAW AS COUNSEL FOR DONZIGER DEFENDANTS*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 05/03/2013) |
| 05/03/2013 | 1101 | DECLARATION of JOHN W. KEKER in Support re: 1100 Memorandum of Law in Support,. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Keker, John) (Entered: 05/03/2013) |
| 05/03/2013 | 1102 | MEMORANDUM OF LAW in Support *of Application by Order to Show Cause Why Smyser Kaplan & Veselka Motion to Withdraw as Attorney in Charge for Defendants Camacho and Piaguaje Should Not be Granted*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 05/03/2013) |
| 05/03/2013 | 1103 | DECLARATION of Craig Smyser in Support re: 1102 Memorandum of Law in Support,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 05/03/2013) |

| 05/03/2013 | 1104 | NOTICE of Proposed Order to Show Cause re: 1102 Memorandum of Law in Support,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 05/03/2013) |
|---|---|---|
| 05/03/2013 | 1105 | NOTICE of Proposed Order to Show Cause re: 1100 Memorandum of Law in Support,. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 05/03/2013) |
| 05/03/2013 | 1106 | MOTION to Compel H5 to Produce Documents. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32)(Mastro, Randy) (Entered: 05/03/2013) |
| 05/06/2013 | 1107 | MEMO ENDORSEMENT on PROPOSED ORDER TO SHOW CAUSE WHY SMYSER KAPLAN & VESELKA, L.L.P.'S MOTION TO WITHDRAW AS ATTORNEY IN CHARGE FOR DEFENDANTS HUGO CAMACHO AND JAVIER PIAGUAJE SHOULD NOT BE GRANTED. ENDORSEMENT: The Order to Show Cause request is denied. Counsel may proceed by motion. Discovery shall continue as scheduled. (Signed by Judge Loretta A. Preska on 5/6/2013) (mro) (Entered: 05/06/2013) |
| 05/06/2013 | 1108 | MEMO ENDORSEMENT on PROPOSED ORDER TO SHOW CAUSE WHY KEKER & VAN NEST, LLP SHOULD NOT BE PERMITTED TO WITHDRAW AS COUNSEL FOR DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER & ASSOCIATES, PLLC. ENDORSEMENT: The request for an Order to Show Cause is denied. Counsel may proceed by motion. Discovery shall proceed as scheduled. (Signed by Judge Loretta A. Preska on 5/6/2013) (mro) (Entered: 05/06/2013) |
| 05/06/2013 | 1109 | MOTION for John W. Keker to Withdraw as Attorney. Document filed by Steven Donziger, Donziger & Associates, PLLC, Daniel Ehuengei, Onenca Enomenga, Pego Enomenga, Wina Enomenga, Frente de Defensa De La Amazonia, Laura J Garr, Max Gitter, Olga Gloria Grefa Cerda, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Heleodoro Pataron Guaraca, Compa Guiquita, Bebanca Tega Huani, Cope Tega Huani, Dabota Tega Huani, Kemperi Baihua Huani, Nama Baihua Huani, Omari Apica Huani, Omene Baihua Huani, Wagui Coba Huani, Weica Apica Huani, Yehua Tega Huani, gaware Tega Huani, Carlos Grefa Huatatoca, Wane Ima, Jose Miguel Ipiales Chicaiza, Theodore H. Katz, Miipo Yatehue Kemperi, Joseph C. Kohn, Kohn Swift & Graf, P.C., Daniel Carlos Lusitande Yaiguaje, Emilio Martin Lusitande Yaiguaje, Reinaldo Lusitande Yaiguaje, Ann Maest, Pablo Fajardo Mendoza, Bai Baihua Miipo, Martin Baihua Miipo, Pentibo Baihua Miipo, Nantoqui Nenquimo, Nenquimo Venancio Nihua, Okata Quipa Nihua, Cahuiya Omaca, Abamo Omene, Patton Boggs LLP, Guillermo Vicente Payaguaje Lusitante, Alfredo Donaldo Payaguaje Payaguaje, Delfin Leonidas Payaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Luis Agustin Payaguaje Piaguaje, Angel Justino Piaguaje Lucitant, Teodoro Gonzalo Piaguaje Payaguaje, Armando Wilfrido Piaguaje Payaguaje, Fermin Piaguaje Payaguaje, Javier Piaguaje Payaguaje, Elias Roberto Piyahuaje Payahuaje, Cai Baihua Quemperi, Conta Nenquimo Quimontari, Maria Clelia Reascos Revelo, Republic of Ecuador, Jose Gabriel Revelo Llore, John Rodgers, Maria Magdalena Rodriguez Barcenes, Catalina Antonia Aguinda Salazar, Maria Aguinda Salazar, Selva Viva Selviva CIA, Ltda, Stratus Consulting, Inc., Stratus Consulting, Inc., Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Luisa Delia Tanguila Narvaez, Narcisa Aida Tanguila Narvaez, Franciso Victor Tanguilla Grefa, Ehuenguinto Tega, Mencay Baihua Tega, Teweyene Luciana Nam Tega, The Law Offices of Steven R. Donziger.(Keker, John) (Entered: 05/06/2013) |
| 05/06/2013 | 1110 | MEMORANDUM OF LAW in Support re: 1109 MOTION for John W. Keker to Withdraw as Attorney.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 05/06/2013) |
| 05/06/2013 | 1111 | DECLARATION of John W. Keker in Support re: 1109 MOTION for John W. Keker to Withdraw as Attorney.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit |

|  |  | A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F)(Keker, John) (Entered: 05/06/2013) |
|---|---|---|
| 05/06/2013 | <u>1112</u> | MOTION for Craig Smyser to Withdraw as Attorney *in Charge for Defendants Camacho and Piaguaje*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Doyle, Tyler) (Entered: 05/06/2013) |
| 05/06/2013 | <u>1113</u> | MEMORANDUM OF LAW in Support re: <u>1112</u> MOTION for Craig Smyser to Withdraw as Attorney *in Charge for Defendants Camacho and Piaguaje.*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 05/06/2013) |
| 05/06/2013 | <u>1114</u> | DECLARATION of Craig Smyser in Support re: <u>1112</u> MOTION for Craig Smyser to Withdraw as Attorney *in Charge for Defendants Camacho and Piaguaje.*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 05/06/2013) |
| 05/06/2013 | <u>1115</u> | REPLY MEMORANDUM OF LAW in Support re: <u>1047</u> Order. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 05/06/2013) |
| 05/06/2013 | <u>1116</u> | MEMORANDUM OF LAW in Opposition re: <u>1097</u> MOTION to Amend/Correct <u>910</u> Order,,,,,,,,,,,,,, *Plaintiff Chevron Corporation's Motion to Change Its Deponent List*. MOTION to Amend/Correct <u>910</u> Order,,,,,,,,,,,,,, *Plaintiff Chevron Corporation's Motion to Change Its Deponent List.*. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 05/06/2013) |
| 05/06/2013 | <u>1117</u> | RESPONSE in Opposition re: <u>1097</u> MOTION to Amend/Correct <u>910</u> Order,,,,,,,,,,,,,, *Plaintiff Chevron Corporation's Motion to Change Its Deponent List*. MOTION to Amend/Correct <u>910</u> Order,,,,,,,,,,,,,, *Plaintiff Chevron Corporation's Motion to Change Its Deponent List.*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 05/06/2013) |
| 05/06/2013 | <u>1118</u> | RESPONSE re: <u>1056</u> Memorandum of Law – *CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW CONCERNING THE APPEALABILITY OF THE COURT'S APRIL 12, 2013 ORDER COMPELLING DISCOVERY FROM GARR AND KOHN (DKT. 1012)*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/06/2013) |
| 05/07/2013 | <u>1119</u> | MEMORANDUM AND ORDER denying <u>1065</u> Motion to Quash; denying <u>1067</u> Motion to Quash; denying <u>1069</u> Motion to Quash. For the reasons discussed above, Chevron's motions to quash the depositions of Mr. Watson (Docket no. 1067), Mr. Scott (Docket no. 1065), and Kroll (Docket no. 1069) are each denied. (Signed by Magistrate Judge James C. Francis on 5/7/2013) Copies Mailed By Chambers. (lmb) (Entered: 05/07/2013) |
| 05/07/2013 | <u>1120</u> | RESPONSE in Opposition re: <u>1098</u> MOTION for Protective Order *re Rule 30(b)(6) Notice.*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 05/07/2013) |
| 05/07/2013 | <u>1121</u> | NOTICE OF APPEARANCE by Frederick Reed Kessler on behalf of H5 (Kessler, Frederick) (Entered: 05/07/2013) |
| 05/07/2013 | <u>1122</u> | SPECIAL MASTERS ORDER NO. 7: We dispose of the five numbered requests in Mr. Mastros letter as follows: (1) The requests in Par. 1 were obviously denied, sub silentio, as we did not issue an order directing defendants to do anything by 5:00 p.m. Friday. (2) In Par. 2 Mr. Mastro requests that Chevron be given some reasonable period of time to depose Mr. Zambrano first before he is examined by Defendants and that defendants would then examine Mr. Zambrano for 3.5 hours, followed by a reasonable period of time [for Chevron] to conduct a cross–examination[.] Defendants, for their part, have made a mirror image request: After the conclusion of Mr. Guerras deposition on May 2, Mr. Veselka, on behalf of defendants, requested off the record that whatever additional time beyond 3.5 hours is allowed to Chevron at the Zambrano deposition under our Order No. 5 be split 50% to defendants. Fleshing out the logic of Mr. Veselkas expectation, he would have defendants begin by examining Mr. Zambrano for 3.5 hours, Chevron would then examine for 3.5 hours plus 50% of any additional time granted, and then defendants would examine again, |

for the remaining 50% of any additional time granted. We reject both of these renvoi–like requests and adhere to our Order No. 5, which not only sets out a more orderly approach but also will enable the supervising Special Master to determine the appropriate amount of additional time for Chevrons examination of Mr. Zambrano.(3) The requests in Pars. 3 and 4, which are in essence document or informational discovery requests, presumably have been (or could have been) dealt with through discovery demands or interrogatories served in advance of the deposition. If Mr. Zambrano appears for deposition, Chevron will of course be free to elicit testimony about his communications with defendants or their counsel (whether directly or through an intermediary) and to test the adequacy of defendants document productions insofar as they relate to information obtained by defendants from Mr. Zambrano. For these reasons, among others, Chevrons requests in Pars. 3 and 4 are denied. (4) Our denial of the requests in Pars. 1 through 4 renders Chevrons request in Par. 5 that Mr. Zambrano be removed from the deposition schedule academic. Nevertheless, it should be noted that this schedule has been so–ordered several times, including as recently as yesterday. See Memo Endorsement, ECF No. 1108 (Discovery shall proceed as scheduled.). SO ORDERED. (Signed by Special Masters Theodore H. Katz and Max Gitter on 5/07/2013) (ama) Modified on 5/16/2013 (ama). (Entered: 05/07/2013)

| 05/07/2013 | 1123 | RESPONSE to Motion re: 1106 MOTION to Compel H5 to Produce Documents.. Document filed by H5. (Kessler, Frederick) (Entered: 05/07/2013) |
|---|---|---|
| 05/07/2013 | 1124 | RESPONSE in Opposition re: 1106 MOTION to Compel H5 to Produce Documents.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1)(Doyle, Tyler) (Entered: 05/07/2013) |
| 05/08/2013 | 1125 | MOTION to Take Deposition from JAMES TYRRELL. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 05/08/2013) |
| 05/08/2013 | 1126 | STIPULATION AND ORDER: IT IS STIPULATED by and between, Chevron, Donziger, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Garr, and Kohn that, with respect to the documents held by Garr and Kohn responsive to Chevron's subpoenas served on them in the above–captioned actions for which a claim of privilege or work product protection has been asserted and the Court ruled has been waived, the documents shall be produced to Chevron, and Chevron shall not argue that such disclosure pursuant to this Stipulation constitutes a subject matter waiver of any privilege or protection pursuant to Rule 502(d) of the Federal Rules of Evidence; and IT IS FURTHER STIPULATED that production of these documents to Chevron pursuant to this Stipulation and Order shall not constitute a subject matter waiver of any privilege or protection as provided by Federal Rule of Evidence 502(d); and IT IS FURTHER STIPULATED that, following the production of these documents, Chevron shall review the documents, shall identify those for which it will continue to seek disclosure, and shall remove from Chevron's files (both electronic and hard–copy) and return (or discard) all copies of documents Chevron chooses not to continue to seek; IT IS FURTHER STIPULATED that, unless otherwise ordered by the Court, any documents disclosed to Chevron pursuant to this Stipulation and Order shall not be used in any manner in this or any other litigation other than to identify the subset of documents for which Chevron will continue to seek disclosure, in order to narrow the universe of documents remaining in dispute; as further set forth herein. (Signed by Judge Lewis A. Kaplan on 5/8/2013) (mro) (Entered: 05/09/2013) |
| 05/08/2013 | 1127 | MEMO ENDORSEMENT granting in part and denying in part 1097 PLAINTIFF CHEVRON CORPORATION'S MOTION TO CHANGE ITS DEPONENT LIST. ENDORSEMENT: Chevron moves to add Andres Snaider as a deposition witness (within the limited number previously fixed) and to substitute James Tyrel of Patton Boggs ("PB") in place of the previously noticed PB Rule 30(b)(6) witness. Chevron long has known of Mr. Snaider, left him off its list of deponents, and now assigns a reason for the last minute attempt to add him that is not very persuasive in all the circumstances. PB and Mr. Tyrell state that they "do not object to the substitution of Tyrell for a Patton Boggs 30(b)(6) on the deposition list." DI 1116, at 1 (emphasis in original, footnote omitted). But they then proceed to argue that the subpoena served upon him should be quashed because his testimony would be cumulative and inappropriate under the standard articulated in In re Friedman, 350 F.3d 65 (2d Cir. 2003). In other words, they do not object to his name being listed–they object only to |

| | | |
|---|---|---|
| | | his actually testifying and to receiving, in the bargain, the withdrawal of the 30(b)(6) notice. The contention that his testimony would be cumulative is frivolous. The Friedman question may prove more substantial. Accordingly, Chevron's motion [DI 1097] is granted to the extent that Mr. Tyrell is added to Chevron's list of deponents (without exceeding the previously established maximum number) and denied as to Mr. Snaider. As Chevron has not responded to the application to quash the Tyrell subpoena−which was made only in response to Chevron's motion to add him to the deposition witness list rather than in a separate motion−the Court will reserve judgment on that question pending further briefing. Chevron shall respond to that application no later than May 13. PB and Mr. Tyrell may reply to any response by Chevron no later than May 17, 2013. (Signed by Judge Lewis A. Kaplan on 5/8/2013) (mro) (Entered: 05/09/2013) |
| 05/08/2013 | | Set/Reset Deadlines: Responses due by 5/13/2013 Replies due by 5/17/2013. (mro) (Entered: 05/09/2013) |
| 05/08/2013 | 1128 | ORDER TO SHOW CAUSE FOR AN ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATION OF DOE 3 AND GRANTING LEAVE TO SUPPLEMENT THE RECORD WITH DOE 3'S DECLARATION: WHEREAS, on May 2, 2013, petitioner Chevron Corporation ("Chevron") filed a Motion By Order to Show Cause For an Order Further Protecting the Confidential Declaration of Doe 3 and Granting Leave to Supplement the Record With Doe 3's Declaration. The Court has considered the evidence and arguments presented, and sufficient reason appearing, it is hereby: ORDERED that Chevron shall serve counsel for Defendants, by hand, facsimile, or e−mail a copy of this Order to Show Cause and all papers submitted in support thereof on or before 5:00 p.m. on May 9, 2013; and ORDERED that papers in opposition to the Motion, if any, shall be served and filed electronically on or before 10:00 a.m. on May 15, 2013; and Ordered that ORDERED that reply papers, if any, shall be served and filed electronically on or before 10:00 a.m. on May 17, 2013; ORDERED that Defendants must show cause before this Court on May 17, 2013 why an order should not be entered granting Chevron's Motion for an Order Further Protecting the Confidential Declaration of Doe 3 and Granting Leave to Supplement the Record with Doe 3's Declaration, restricting the Doe 3 declaration, the identity of Doe 3, or any of Doe 3's identifying information, to a single individual appearing as counsel of record in this action for each Defendant and granting leave to supplement the record with Doe 3's Declaration. ENDORSEMENT: The motion will be taken on submission. (Signed by Judge Lewis A. Kaplan on 5/8/2013) (mro) (Entered: 05/09/2013) |
| 05/09/2013 | 1129 | ORDER: The parties by May 15, 2013 jointly shall provide to the Court a list setting forth (1) the depositions conducted in the 11 Civ. 3718 action and the dates on which those depositions were conducted, (2) the depositions conducted in this action and the dates on which those depositions were conducted, (3) the remaining depositions in this action and the dates on which they are scheduled to occur, and (4) the total number of documents each party has produced in response to document requests in each of this action and the 11 Civ. 3718 action. (Signed by Judge Lewis A. Kaplan on 5/9/2013) (mro) (Entered: 05/09/2013) |
| 05/09/2013 | 1130 | MEMO ENDORSEMENT granting in part and denying in part 1098 PLAINTIFF CHEVRON CORPORATION'S MOTION FOR A PROTECTIVE ORDER REGARDING DEFENDANTS' RULE 30(b)(6) NOTICE OF DEPOSITION. ENDORSEMENT: Chevron moves for a protective order striking from the permissible Subjects of examination of a Chevron Rule 30(b)(6) witness by the LAP Representatives Subjects 1, 6−9, 12, 19, 20, and 24−29 and deferring any examination on Subject 21 pending a decision on the motion to dismiss defendant Donziger's counterclaim. Chevron claims that Subjects 1, 22, and 28 improperly target privileged matters and legal conclusions and that Subject 1, in addition, is overly broad and would be an improper use of Rule 30(b)(6). Subjects 6 and 7 are not relevant on the basis of considerations that the Court has expressed more than once. Subjects 24−27, which are utterly unlimited as to time, all go to the question of the propriety of piercing the corporate veil between Texaco and Chevron, which the LAP Representatives say is made "relevant by [Chevron's] continuing to insist on an improper ruling about whether the Ecuadorian Judgment is entitled to recognition in New York." DI 1120, at 4. Any examination on Subject 21 should be deferred unless and until the Court rejects Magistrate Judge Francis' recommendation that defendant |

| | | |
|---|---|---|
| | | Donziger's counterclaim be dismissed, as it is relevant only to that. For the foregoing reasons, Chevron's motion for a protective order [DI 1098] is granted to the extent that Subjects 6–9, 12, 24–27, and 29 are stricken, Subject 1 is modified as set forth above, and any examination on Subject 21 is stayed as indicated. The motion is denied as to Subjects 19, 20, and 22; as further set forth herein. (Signed by Judge Lewis A. Kaplan on 5/9/2013) (mro) (Entered: 05/09/2013) |
| 05/09/2013 | 1131 | ORDER: In view of the parties' stipulation [DI 1126] and their report that they hope to complete the process and report to the Court by May 14, 2013, the date for production of documents fixed by the April 12, 2013 order in 11 Civ. 0691 (LAK) is further extended to and including May 17, 2013. (Signed by Judge Lewis A. Kaplan on 5/9/2013) (mro) (Entered: 05/09/2013) |
| 05/09/2013 | 1132 | ORDER: Chevron Corporation ("Chevron") moves to compel the law firms of Constantine Cannon LLP and Brownstein Hyatt Farber Schreck, LLP (collectively, the "Firms") to produce documents pursuant to subpoenas served upon each of them. The documents relate to the firms' brief representation of the Lago Agrio Plaintiffs (the "LAPs"), two of whom are defendants here (the "LAP Representatives"), in opposing discovery sought by Chevron in 2010 in a 28 U.S.C. § 1782 proceeding against Stratus Consulting, Inc. and others in the District of Colorado. Both firms resigned, allegedly when they learned, as Chevron puts it, that "Donziger [one of the LAPs' U.S. lawyers] intended for them to fraudulently conceal Stratus's role as the ghostwriter–in–chief of an Ecuadorian court expert report by making false statements and taking unsupported positions." DI 850, at 1. Neither Firm claims any independent basis for withholding documents responsive to the subpoenas. Each, acting on the instructions of the LAPs and Donziger, has asserted privilege and work product with respect to the responsive documents. Neither Firm is alleged knowingly to have participated in any crime, fraud, or other misconduct. It appears to the Court that the dispute regarding the Firms' documents might well be resolved entirely, or at least narrowed, if counsel to Chevron were permitted to view the allegedly privileged documents without prejudice to the position defendants have asserted regarding privilege and work product. It may be, for example, that Chevron, having seen the documents, may conclude that it need not press its demands for some or all of them. The proposed procedure was employed to good effect during the recent evidentiary hearing in 11 Civ. 0691, and is currently being employed in attempt to resolve the motions to compel other non–parties in this action. Accordingly, counsel for all of the parties to this matter shall meet and confer, on or before May 15, 2013 in order to explore these possibilities. They shall report to the Court by joint, non–argumentative letter and provide the Court with copies of any privilege logs that have been served on or before May 16, 2013. Should those concerned reach any helpful agreement, the Court would entertain an application for an appropriate Fed. R. Evid. 502(d) order. (Signed by Judge Lewis A. Kaplan on 5/9/2013) (mro) (Entered: 05/09/2013) |
| 05/09/2013 | 1133 | MOTION for Robert C. Blume to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8497663. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Chevron Corporation. (Attachments: # 1 Declaration of Randy M. Mastro, # 2 Exhibit 1 – Certificate of Good Standing, # 3 Text of Proposed Order)(Mastro, Randy) (Entered: 05/09/2013) |
| 05/09/2013 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 1133 MOTION for Robert C. Blume to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8497663. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 05/09/2013) |
| 05/09/2013 | 1134 | Objection re: 1119 Order on Motion to Quash,,,,, *CHEVRON CORPORATION'S OBJECTIONS TO JUDGE FRANCIS'S ORDER DENYING CHEVRON'S MOTIONS FOR A PROTECTIVE ORDER AND TO QUASH THE DEPOSITIONS OF JOHN WATSON AND EDWARD SCOTT (DKT. 1119).* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/09/2013) |
| 05/10/2013 | 1135 | **FILING ERROR – NOT ALL FILERS SELECTED –** JOINT NOTICE OF INTERLOCUTORY APPEAL from 1012 Order,,. Document filed by The Law Offices of Steven R. Donziger. Filing fee $ 455.00, receipt number 0208–8500905. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Doyle, Tyler) Modified on 5/10/2013 (nd). (Entered: 05/10/2013) |

| 05/10/2013 | 1136 | **FILING ERROR – ALL FILERS WERE NOT SELECTED –** JOINT NOTICE OF INTERLOCUTORY APPEAL from 1012 Order,.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Doyle, Tyler) Modified on 5/10/2013 (nd). (Entered: 05/10/2013) |
| 05/10/2013 | 1137 | CORRECTED NOTICE OF APPEAL re: 1135 Notice of Interlocutory Appeal, 1136 Notice of Interlocutory Appeal, 1012 Order,,. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 05/10/2013) |
| 05/10/2013 | | **\*\*\*NOTE TO ATTORNEY REGARDING DEFICIENT APPEAL. Note to Attorney Tyler Doyle to RE–FILE Document No. 1135 Notice of Interlocutory Appeal,. The filing is deficient for the following reason: the Filers were NOT Selected. Re–file the document as a Corrected Notice of Appeal event and select the correct Filers. (nd)** (Entered: 05/10/2013) |
| 05/10/2013 | | **\*\*\*NOTE TO ATTORNEY REGARDING DEFICIENT APPEAL. Note to Attorney Tyler Doyle to RE–FILE Document No. 1136 Notice of Interlocutory Appeal,. The filing is deficient for the following reason: the Filers were NOT Selected. Re–file the document as a Corrected Notice of Appeal event and select the correct Filers. (nd)** (Entered: 05/10/2013) |
| 05/10/2013 | | Appeal Fee Paid electronically via Pay.gov: for 1137 Corrected Notice of Appeal,. Filing fee $ 455.00. Pay.gov receipt number 0208–8500905, paid on 05/10/2013. (nd) (Entered: 05/10/2013) |
| 05/10/2013 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 1137 Corrected Notice of Appeal,. (nd) (Entered: 05/10/2013) |
| 05/10/2013 | 1138 | MEMORANDUM OF LAW in Opposition re: 1125 MOTION to Take Deposition from JAMES TYRRELL.. Document filed by Patton Boggs LLP. (Attachments: # 1 Exhibit 1)(Young, S. Alyssa) (Entered: 05/10/2013) |
| 05/10/2013 | 1139 | RESPONSE re: 1088 Objection to Report and Recommendations. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/10/2013) |
| 05/11/2013 | 1140 | RESPONSE to Motion re: 1109 MOTION for John W. Keker to Withdraw as Attorney., 1112 MOTION for Craig Smyser to Withdraw as Attorney *in Charge for Defendants Camacho and Piaguaje*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/11/2013) |
| 05/11/2013 | 1141 | RESPONSE to Motion re: 1109 MOTION for John W. Keker to Withdraw as Attorney., 1112 MOTION for Craig Smyser to Withdraw as Attorney *in Charge for Defendants Camacho and Piaguaje. Declaration of Jason B. Stavers In Support of Response*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3701–3705, # 2 Exhibit 3706–3710, # 3 Exhibit 3711–3720, # 4 Exhibit 3721–3732)(Mastro, Randy) (Entered: 05/11/2013) |
| 05/13/2013 | 1142 | REPLY to Response to Motion re: 1109 MOTION for John W. Keker to Withdraw as Attorney.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Keker, John) (Entered: 05/13/2013) |
| 05/14/2013 | 1143 | MEMORANDUM OF LAW in Opposition re: 1116 Patton Bogg's application to quash any depositions of Patton Boggs attorneys. Document filed by Chevron Corporation. (Mastro, Randy) Modified on 5/15/2013 (lb). (Entered: 05/14/2013) |
| 05/14/2013 | 1144 | ORDER granting 1017 Application for the Court to Request Counsel. (Signed by Judge Lewis A. Kaplan on 5/14/2013) (Kaplan, Lewis) (Entered: 05/14/2013) |
| 05/14/2013 | 1145 | ORDER granting 1133 Motion for Robert C Blume to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 5/14/2013) (Kaplan, Lewis) (Entered: 05/14/2013) |
| 05/14/2013 | 1146 | SPECIAL MASTERS' INTERIM REPORT NO. 1: Pursuant to Paragraph 2(e) of the Court's Order of appointment dated March 26, 2013, ECF No. 942, we hereby issue our first Interim Report, dealing with the depositions to be held at the United States Embassy in Lima, Peru. By email dated SundaY, April 28, 2013, Mr. Veselka, counsel |

| | | |
|---|---|---|
| | | for defendants Camacho and Piaguaje, wrote to Mr. Weitzman, counsel for Chevron, to inform Mr. Weitzman that defendants planned to withdraw their notices of deposition for the following witnesses: Messrs. Guerrero, Racines, Campuzano, Carvajal, and Cuirpoma, whose depositions were noticed by defendants, and Ms. Centeno, whose deposition was cross–noticed. Mr. Weitzman forwarded that email to us on that same date, and requested that we convene a conference call the following day to address several issues, including primarily scheduling issues, that arose as a result of Mr. Veselka's April 28 email. We held a conference call with the parties on April 29, 2013; the relevant portions of the transcript of that call are attached hereto as Exhibit A. During the call, Mr. Veselka confirmed that defendants had indeed withdrawn their deposition notices with respect to the above–referenced witnesses. During that same call, Mr. Mastro, on behalf of Chevron, confirmed that Chevron would not seek to depose Ms. Centeno if she was not going to appear to be deposed by defendants. See id. at 5:21–24 ("we simply wanted to preserve our rights to cross–examine her if she did appear"). The depositions of Messrs. Reyes, Camacho and Piaguaje–and, if he appears, Mr. Zambrano–will be taken at the Embassy in Lima during the week of May 13. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 5/10/2013) (mro) (Entered: 05/14/2013) |
| 05/14/2013 | 1147 | NOTICE OF APPEARANCE by Steven Robert Donziger on behalf of Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger (Donziger, Steven) (Entered: 05/14/2013) |
| 05/14/2013 | 1148 | MEMORANDUM AND ORDER: Accordingly, the Court sua sponte has reconsidered so much of its May 9, 2013 order as struck Subjects 24–27 from the LAP Representatives' Rule 30(b)(6) notice of deposition. On reconsideration, it adheres to its original conclusion. (Signed by Judge Lewis A. Kaplan on 5/14/2013) (mro) (Entered: 05/14/2013) |
| 05/14/2013 | 1149 | ORDER: Chevron appeals from Magistrate Judge James C. Francis IV's order of May 7, 2013, which denied Chevron's motion to quash deposition notices for its chief executive officer and a vice president and general counsel of a Chevron business group, John Watson and Edward Scott, respectively. It argues first that the magistrate judge erred in applying the principles that apply to so–called "apex depositions" such as these. It then contends that the order improperly "finds that Mr. Watson must testify about: (a) his experiences as CEO 'monitor[ing] litigation that creates potential liability for Chevron in the tens of billions of dollars,' and (b) Chevron's 'integration effort following the Chevron–Texaco merger' which, Chevron maintains, are not relevant here. Next, it argues that defendants have utterly failed to articulate any relevant, non–privileged subject on which they propose to examine Mr. Scott. Fourth, it argues that examination with respect to any topics relevant only to Donziger's counterclaims (which Judge Francis has recommended be dismissed) should not occur unless and until the Court rejects that recommendation. Finally, if it fails to obtain an order quashing both depositions, it submits that only one of these two individuals should be deposed or, alternatively, that the deposition of each should be limited to 3.5 hours. The bottom line of all of this is simple enough. The motion before Judge Francis was to quash the deposition notices. He declined to do so. The Court finds no error of law or fact or abuse of discretion in that ruling. Accordingly, the holding–viz., that the depositions may go forward–is affirmed. The relevance and permissibility of questions put to the witnesses will be determined by the special master(s) presiding over them, who will apply this Court rulings and, in the absence of pertinent rulings, use their own best judgment, in each case subject to review by this Court. It makes far more sense for such determinations to be made in the context of specific questions than in the abstract. Chevron's final request also is rejected subject to the fact that the duration of each deposition is entirely subject, in the first instance, to the discretion of the special master presiding. Among the options available are shortening or lengthening the duration of any deposition for good cause. For the foregoing reasons, the May 7, 2013 order, to the extent it denied Chevron's motion to quash the deposition notices for Messrs. Watson and Scott, is affirmed. The scope and duration of the depositions will be controlled by the special master(s) presiding subject to review by the undersigned. (Signed by Judge Lewis A. Kaplan on 5/14/2013) (mro) (Entered: 05/14/2013) |
| 05/14/2013 | 1150 | MEMO ENDORSEMENT denying 1106 Motion to Compel. Chevron moves to compel the production of documents from H5, a "litigation support firm that has |

assisted Donziger and the Lago Agrio Plaintiffs with litigation–related tasks and ices." DI 1124, at 1. Acting on the instructions of the LAPs and Donziger, H5 has asserted privilege and work product with respect to the responsive documents. H5 claims no independent basis for withholding documents responsive to the subpoena. DI 1123. Defendants oppose the motion, contending, inter alia, that Chevron's motion is premature and procedurally improper, as Chevron has failed to exhaust the meet and confer process. Defendants are correct. It is clear from the correspondence between the parties that Chevron sought court intervention while efforts to resolve the privilege disputes were ongoing. Moreover, for reasons not clear to the Court, Chevron has refused to negotiate a "modified [Rule] 502 agreement" (DI 1124, Ex. 1)–in which Chevron would be permitted to view the allegedly privileged documents without prejudice to the position defendants have asserted regarding privilege and work product–despite that it apparently initially suggested one (DI 1106, Ex. 31), and despite that such procedure is being used to resolve privilege disputes in other motions that raise issues substantially similar to this one. Indeed, the procedure seems an entirely appropriate way to deal with, or, at least, narrow this dispute. Accordingly, counsel for all of the parties to this matter shall meet and confer, on or before May 17, 2013, in order to explore these possibilities. They shall report to the Court by joint, argumentative letter and provide the Court with copies of any privilege logs that have been served on or before May 20, 2013. Should those concerned reach any helpful agreement, the Court would entertain an application for an appropriate Fed. R. Evid. 502(d) order. The motion [DI 1106] is denied without prejudice to renewal should it remain necessary following the meet and confer process. There is one more thing to be said on this motion. Chevron contends that certain of H5's documents are subject to the crime–fraud exception to the attorney client privilege and work product doctrine and therefore must be produced. While, in light of the above, it is not necessary at this time to reach this contention, an important point must be made. In arguing that the crime–fraud exception applies, Chevron states that "this Court has concluded [that] probable cause exists to suspect Defendants of criminal and fraudulent activity, including...using 'case experts' in an attempt to cleanse the record." DI 1106, at 3 (citing Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK), 2013 WL 1087236 (S.D.N.Y. Mar. 15, 2013). This statement is entirely inaccurate. The opinion to which Chevron refers actually concluded that: "on the present record, there is insufficient factual basis to suspect that the cleansing reports themselves were fraudulent." Donziger, 2013 WL 1087236, at *29. The Court on more than one occasion has warned the parties against citing cases that "do [not] even remotely support what is said in [a] brief." Mar. 5, 2013 Tr. at 34:19–35:9. (Signed by Judge Lewis A. Kaplan on 5/14/2013) (mro) (Entered: 05/14/2013)

| 05/14/2013 | 1151 | MEMORANDUM AND OPINION re: #103195 959 MOTION for Reconsideration re; 905 Memorandum & Opinion *Memorandum of Law in Support of Defendants' Joint Motion to Reconsider the Court's March 15, 2013 Order Regarding Chevron's Subpoena to Patton Boggs*. MOTION for Reconsideration re; 905 Memorandum & Opinion *Memorandum of Law in Support of Defendants' Joint Motion to Reconsider the Court's March 15, 2013 Order Regarding Chevron's Subpoena to Patton Boggs* filed by Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger. For the foregoing reasons, defendants' motion for reconsideration [DI 959] is granted. On reconsideration, the Court adheres to the result previously reached. The discussion of the Prieto e–mail in the Opinion will be amended to reflect the final point made above. (Signed by Judge Lewis A. Kaplan on 5/14/2013) (mro) Modified on 5/17/2013 (jab). (Entered: 05/14/2013) |
| 05/14/2013 | 1152 | MOTION for Thomas A. Manakides to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8510090. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Chevron Corporation. (Attachments: # 1 Declaration of Randy M. Mastro, # 2 Exhibit 1, # 3 Text of Proposed Order)(Mastro, Randy) (Entered: 05/14/2013) |
| 05/14/2013 |  | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 1152 MOTION for Thomas A. Manakides to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8510090. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 05/14/2013) |

| 05/14/2013 | 1153 | REPLY to Response to Motion re: 1112 MOTION for Craig Smyser to Withdraw as Attorney *in Charge for Defendants Camacho and Piaguaje*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Doyle, Tyler) (Entered: 05/14/2013) |
| 05/14/2013 | 1154 | RESPONSE in Opposition re: 1094 MOTION for Order to Show Cause *For An Order Further Protecting The Confidential Declaration of Doe 3 and Granting Leave to Supplement the Record with Doe 3's Declaration*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Doyle, Tyler) (Entered: 05/14/2013) |
| 05/14/2013 | 1155 | DECLARATION of Larry R. Veselka in Support re: 1154 Response in Opposition to Motion,. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit Filed Under Seal, # 2 Exhibit Filed Under Seal)(Doyle, Tyler) (Entered: 05/14/2013) |
| 05/14/2013 | 1156 | STATUS REPORT. *PLAINTIFF'S AND DEFENDANTS' JOINT STATUS REPORT REGARDING THE PRODUCTION OF GARR AND KOHN DOCUMENTS PURSUANT TO RULE 502(D)* Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 05/14/2013) |
| 05/15/2013 | 1157 | SEALED DOCUMENT placed in vault.(nm) (Entered: 05/15/2013) |
| 05/15/2013 | 1158 | STATUS REPORT. *JOINT REPORT BY PLAINTIFF CHEVRON CORPORATION DONZIGER DEFENDANTS AND HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE REGARDING DEPOSITIONS AND DOCUMENT PRODUCTION* Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 05/15/2013) |
| 05/16/2013 | 1159 | SEALED DOCUMENT placed in vault.(mps) (Entered: 05/16/2013) |
| 05/16/2013 | 1160 | ORDER: In view of Chevron's report [DI 1156] that the parties are in the process of meeting and conferring in an attempt to resolve the disputes over the production of documents from Garr and Kohn, the date for the production fixed by May 9, 2013 order is further extended to and including May 20, 2013. (Signed by Judge Lewis A. Kaplan on 5/16/2013) (mro) (Entered: 05/16/2013) |
| 05/17/2013 | 1161 | REPLY MEMORANDUM OF LAW in Support re: 1094 MOTION for Order to Show Cause *For An Order Further Protecting The Confidential Declaration of Doe 3 and Granting Leave to Supplement the Record with Doe 3's Declaration*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/17/2013) |
| 05/17/2013 | 1162 | ORDER: Accordingly, upon completion of the ongoing discussions or the close of business on May 20, 2013, whichever first occurs, Garr and Kohn shall produce forthwith to Special Master Gitter for in camera review the roughly 450 documents Chevron that has identified or such smaller number as remains in dispute. Mr. Gitter will rule on (1) whether and to what extent the documents are in fact privileged or protected by the opinion work product doctrine (independent of any waiver and of any showing of crime–fraud), and (2) to whatever extent they are, whether any such protection has been vitiated by the crime–fraud exception. Any party may object to the Special Master's rulings by appropriate filing in this Court within three business days Production shall not be required prior to the expiration of that period and, if any objections are filed, with respect to any particular documents required to be produced pending this Court's determination of the objections. Following the resolution of all objections by this Court, the Court will rule on the LAPs' request for a stay of the April 12 order pending appeal if and to the extent it has not been mooted. The April 12 order requiring production, as modified, by May 20, 2013, is stayed pending further order of the Court. (Signed by Judge Lewis A. Kaplan on 5/17/2013) (mro) (Entered: 05/17/2013) |
| 05/17/2013 | 1163 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED, by and between, Chevron, Donziger and Camacho/Piaguaje that, to the extent there are documents subject to an unresolved claim of attorney–client privilege or work product protection by Donziger or Camacho/Piaguaje, the Firms will produce such documents to Chevron in order to avoid litigation regarding such assertion of privilege and/or work product, and Chevron shall not argue that such disclosure constitutes a waiver of any |

|  |  | privilege or protection pursuant to Federal Rule of Evidence 502(d) and such disclosure shall not be deemed a waiver as set forth in Federal Rule of Evidence 502(d); and IT IS FURTHER STIPULATED that the production of these documents or the disclosure of any information by the Firms to Chevron shall not, pursuant to Federal Rule of Evidence 502(d), constitute a waiver or subject matter waiver of any privilege or protection as set forth in Federal Rule of Evidence 502(d); and IT IS FURTHER STIPULATED that any documents produced by the Firms pursuant to this stipulation may be designated "Confidential" pursuant to the protective order in effect in this action (Dkt. 723), except that Chevron reserves its right to challenge any such designation pursuant to paragraphs 13 and 14 of that order; and IT IS FURTHER STIPULATED that Chevron may use any document produced or testimony provided pursuant to this stipulation for any purpose subject to the terms, conditions and restrictions of the protective order in this action and further subject to any objections to the relevance, authenticity or admissibility of any document, all of which objections are expressly reserved; and IT IS FURTHER STIPULATED that, except as explicitly stated herein, the parties to this stipulation do not waive any rights or protections afforded them by the Court's individual practices, applicable Local Civil Rules, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable authority, including, but not limited to, work product and attorney−client privileges, and this Stipulation and Order is without prejudice to any parties' rights thereunder. (Signed by Judge Lewis A. Kaplan on 5/17/2013) (mro) (Entered: 05/17/2013) |
| 05/17/2013 | 1164 | MEMORANDUM AND ORDER granting 1109 Motion to Withdraw as Attorney; granting 1112 Motion to Withdraw as Attorney. The motions of Keker and Smyser (as those terms are defined above) to withdraw as attorneys for the Donziger defendants and the LAP Representatives [DI 1109, 1112] are granted although the Court retains jurisdiction over each of the withdrawing attorneys. The pro hac vice admissions of John Keker [DI 192], Jan Nielsen Little [DI 197], Matthew Werdegar [DI 270], Craig Smyser [DI 393], and Larry Veselka [DI 437] lapse with this order. Unless otherwise ordered, the information concerning Doe 1 and Doe 2 that is covered by the protective order in this case shall not be disclosed to Donziger. (Signed by Judge Lewis A. Kaplan on 5/17/2013) (mro) Modified on 5/17/2013 (mro). (Entered: 05/17/2013) |
| 05/17/2013 | 1165 | ORDER: Brownstein Hyatt Farber Schreck, LLP and Constantine Cannon, LLP are hereby ordered to produce all of the documents on their respective privilege logs and provide testimony subject to the Federal Rule of Evidence 502(d) Stipulation between the parties to this action. This order constitutes a court order requiring disclosure of information relating to the representation of a client for the purposes of Colorado Rules of Professional Conduct 1.6(b)(7) and 1.9(c)(2). (Signed by Judge Lewis A. Kaplan on 5/17/2013) (mro) (Entered: 05/17/2013) |
| 05/17/2013 | 1166 | Letter addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 5/16/13 re: Pursuant to the Court's May 9 Order, attached are the privilege logs produced by Brownstein Hyatt Farber Schreck, LLP and Constantine Cannon LLP. (mro) (Entered: 05/17/2013) |
| 05/17/2013 | 1167 | REPLY MEMORANDUM OF LAW in Opposition re: 1097 MOTION to Amend/Correct 910 Order,,,,,,,,,,,,,,, *Plaintiff Chevron Corporation's Motion to Change Its Deponent List*. MOTION to Amend/Correct 910 Order,,,,,,,,,,,,,,, *Plaintiff Chevron Corporation's Motion to Change Its Deponent List*.. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 05/17/2013) |
| 05/20/2013 | 1168 | MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Donziger, Steven) (Entered: 05/20/2013) |
| 05/20/2013 |  | ***DELETED DOCUMENT. Deleted document number 1169 Sealed Document. The document was incorrectly filed in this case. (nm) (Entered: 05/20/2013) |
| 05/20/2013 | 1169 | SPECIAL MASTERS ORDER NO. 8: Defendants have not shown good cause sufficient to justify a continuation of Mr. Guerra's deposition. Their application is denied. (Signed by Special Master Max Gitter on 5/8/2013) (Document was unsealed pursuant to Order 1265 on 6/12/2013 and originally sealed in envelope #1157.) (mro) Modified on 5/20/2013 (mro). Modified on 6/13/2013 (mro). (Entered: 05/20/2013) |

| 05/20/2013 | 1170 | SPECIAL MASTERS ORDER NO. 9: Although Ted Dunkelberger previously had been listed as a witness by Chevron not warranting any Special Master supervision, Chevron now requests personal supervision by a Special Master evidently because the witness has retained as his counsel Adlai Small, of counsel at the Patton Boggs firm. Mr. Weitzman, counsel for Chevron, suggests that Mr. Small may be an obstructionist at the Dunkelberger deposition "[g]iven the motion practice that occurred in connection with discovery requests of Patton Boggs and other third parties represented by Patton Boggs, as well as the challenges we had scheduling the deposition of Mr. Dunkelberger once Patton Boggs began representing him[.]" Defendants oppose Chevron's request. This request by Chevron, on this ground, is at best premature. We are not prepared simply to assume that Mr. Small will behave in an obstructionist manner at the deposition. Were he to do so, there are a host of remedies available to the Special Master, including a continuation of the deposition and extension of the deposition time, the latter of which is mandatory in the event "the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Provided sufficient advance notice is given, a Special Master will be available by phone on the date of the Dunkelberger deposition. Except to that extent, Chevron's application is denied, without prejudice to a renewed application, including an application on a phone call during the deposition, in the event circumstances warranting further intervention by a Special Master develop during Mr. Dunkelberger's deposition. A copy of this Order shall be delivered by Chevron to counsel for the witness together with Special Masters Order No. 3, ECF No. 1058. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 5/13/2013) (mro) (Entered: 05/20/2013) |
| 05/20/2013 | 1171 | SPECIAL MASTERS ORDER NO. 10: In a letter brief submitted to us on May 15, 2013, Chevron requests that we limit the length of the depositions of Mr. John Watson, Chevron's CEO, and Mr. Ed Scott, Chevron's General Counsel, to 3.5 hours each, and that we limit the subjects of permissible examination in advance of those depositions. Defendants oppose Chevrons requests. (Copies of the parties' letter briefs are annexed to this Order.) First, Chevron's request that the depositions be limited to 3.5 hours is denied. The length of the depositions will be determined by the presiding Special Master after that Special Master has heard an appropriate amount of examination. The Special Master will take a number of considerations into account in making this determination, including the presumptive seven hour time limit as well as the extent to which the examinations show (or do not show) that these particular witnesses have knowledge of relevant facts. Second, with respect to Chevron's request that we limit the subjects of permissible examination in advance of the depositions, we refer the parties to Judge Kaplan's prior rulings on the scope of permissible discovery in this matter, including rulings relating Chevron's acquisition of Texaco's shares and the environmental conditions in Ecuador. We deny Chevron's application because it asks us either to do something that would be presumptuous for us to do (modify Judge Kaplan's orders) or unnecessary (simply reiterate his orders). Any applications that are appropriate at the depositions should be made to the Special Master supervising them. The dates for these depositions have heretofore been a point of contention; however, it appears that remaining counsel are amenable to the dates proposed by Chevron as well as an attempt to reach agreement on the scheduling of remaining depositions. To that end, we direct counsel to attend a conference call on Sunday, May 19, at 6:00 p.m. New York time. The call shall be attended by Mr. Gomez on behalf Messrs. Camacho and Piaguaje; Mr. Donziger on behalf of himself; and Mr. Mastro and no more than one other Gibson Dunn attorney on behalf of Chevron (an attorney who has been involved in deposition scheduling). In the meantime, the notices of the Watson and Scott depositions with unilaterally set dates served by outgoing defense counsel are hereby vacated. Counsel shall use the information herein dial–in for the call. Counsel for Chevron shall engage a court reporter for the call. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 5/17/2013) (mro) (Main Document 1171 replaced on 5/22/2013) (mro). (Entered: 05/20/2013) |
| 05/20/2013 | 1172 | Letter addressed to Judge Lewis A. Kaplan from Lawrence W. Treece dated 5/17/13 re: Counsel writes to to inform the Court and the parties that the May 17 Order fully alleviates Brownstein's concerns as expressed in counsel's previous letter of today. Counsel states that Brownstein will be producing all documents contained on its privilege log pursuant the May 17 Order. These documents will be delivered early this afternoon Mountain Time to Gibson, Dunn & Crutcher for distribution to the other |

| | | parties. Mr. McDermott will testify on May 21 pursuant to the May 17 Order, which Brownstein interprets as relieving it of all obligations to interpose objections to the disclosure of attorney/client privileged and work product information. Mr. McDermott will answer all questions to which the Defendants make no objection based on the assertion of privilege or work product. Should any Defendant interpose a privilege or work product objection, Mr. McDermott will not answer the question to which objection is made until the objection is resolved by the Master or by the Court. (mro) (Entered: 05/20/2013) |
|---|---|---|
| 05/20/2013 | 1173 | Letter addressed to Judge Lewis A. Kaplan from Lawrence W. Treece dated 5/17/13 re: Counsel writes concerning Brownstein's analysis and position. (mro) (Entered: 05/20/2013) |
| 05/20/2013 | 1174 | NOTICE OF CHANGE OF ADDRESS by Steven Robert Donziger on behalf of Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. New Address: Law Officesof Steven R. Donziger, P.C., 245 W. 104th Street, #7D, New York, New York, USA 10025, 917–678–3943. (Donziger, Steven) (Entered: 05/20/2013) |
| 05/20/2013 | 1175 | NOTICE of Substitution of Attorney. Old Attorney: John W. Keker, New Attorney: Steven R. Donziger, Address: Law Offices of Steven R. Donziger, 245 W. 104th Street, #7D, New York, New York, USA 10025, 917–678–3943. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 05/20/2013) |
| 05/21/2013 | 1176 | ORDER: Mr. Donziger yesterday moved for what he describes as transitional procedural safeguards which he says would permit a "workable transition" to his pro se representation. The "procedural safeguards" include, among other things, a request for a two week delay of all depositions and other deadlines ("while maintaining the current trial schedule"). He asks also for disclosure to him of certain affidavits previously disclosed to his former counsel. This matter should be taken up promptly. The Court requests a report from the Special Masters, as promptly as is feasible, with respect to the deposition schedule and other matters pending before them that are implicated by Mr. Donziger's procedural requests. Any objection by Chevron to those procedural requests shall be file no later than 5/22/2013. Any objection by Chevron to the request with respect to the sealed affidavits shall be filed no later than 5/24/2013 with any reply filed at Mr. Donziger's convenience. The Court will conduct a conference with respect to the procedural matters on 5/23/2013 at 4:00 p.m. in Courtroom 21B. In light of the facts that none of the depositions scheduled to take place between now and this Friday was noticed by Mr. Donzinger, none involves him as a witness and no interim stay has been sought, the few depositions scheduled for the rest of this week – none of which appears to involve anyone central to the case – will go forward. The Court will deal with the additional remaining depositions – most notably those of Mr. Donzinger, two senior Chevron executives and one or more Rule 30(b)(6) deposition on behalf of Chevron – on May 23. If either or both Messrs. Donziger and Gomez will be out of town on May 23, 2013, they may participate in the conference by video conference. If they wish to do so, they must make arrangements to do so no later than 12 noon tomorrow and preferably today through the Court's deputy clerk, Mr. Mohan. (Status Conference set for 5/23/2013 at 04:00 PM before Judge Lewis A. Kaplan in Courtroom 21B.) (Signed by Judge Lewis A. Kaplan on 5/21/2013) (tro) (Entered: 05/21/2013) |
| 05/21/2013 | 1177 | ORDER: For the foregoing reasons, PB's request to quash the deposition subpoena served on Mr. Tyrrell and to foreclose Chevron from adding back a PB 30(b)(6) witness is granted to the extent that there will be no 30(b)(6) deposition of PB given present circumstances. It is denied in all other respects. Mr. Tyrrell shall comply with the subpoena. re: terminating 1125 Motion to Take Deposition from JAMES TYRRELL. (Signed by Judge Lewis A. Kaplan on 5/21/2013) (sac) (Entered: 05/21/2013) |
| 05/21/2013 | 1178 | STIPULATION AND ORDER: NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between, Chevron, Donziger, and Camacho/Piaguaje that, to the extent there are documents subject to a claim of attorney–client privilege or work product protection by Donziger or Camacho/Piaguaje, Industrial Economics, Inc. may produce such documents to Chevron in order to avoid litigation regarding such assertion of privilege and/or work product, and Chevron shall not argue that such |

| | | disclosure constitutes a waiver of any privilege or protection pursuant to Federal Rule of Evidence 502(d).IT IS FURTHER STIPULATED that the production of any documents or the disclosure of any information by Industrial Economics, Inc. to Chevron shall not, pursuant to Federal Rule of Evidence 502(d), constitute a subject matter waiver of any privilege or protection.IT IS FURTHER STIPULATED that any documents produced by Industrial Economics, Inc. pursuant to this stipulation may be designated "Confidential" pursuant to the protective order in effect in this action (Dkt. 723), except that Chevron reserves its right to challenge any such designation pursuant to paragraphs 13 and 14 of that order. IT IS FURTHER STIPULATED that Chevron may use any document produced or testimony provided pursuant to this stipulation for any purpose subject to the terms, conditions and restrictions of the protective order in this action and further subject to any objections to the relevance, authenticity or admissibility of any document, all of which objections are expressly reserved. IT IS FURTHER STIPULATED that, except as explicitly stated herein, the parties to this stipulation do not waive any rights or protections afforded them by the Court's individual practices, applicable Local Civil Rules, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable authority, including, but not limited to, work product and attorney–client privileges, and this STIPULATION is without prejudice to any parties' rights thereunder. (Signed by Judge Lewis A. Kaplan on 5/20/2013) (tro) (Entered: 05/21/2013) |
|---|---|---|
| 05/22/2013 | 1179 | STIPULATION AND ORDER: IT IS STIPULATED by and between, Chevron, Donziger, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Garr, and Kohn that Chevron may use a maximum of 150 Garr Documents ("Selected Garr Documents") and 300 Kohn Documents ("Selected Kohn Documents") that Chevron selects at its discretion in the above–captioned cases, and the arbitration currently pending in the Permanent Court of Arbitration (the Hague, Netherlands, under the U.S.–Ecuador Bilateral Investment Treaty, PCA Case No. 2009–23), and any action relating to Lago Agrio litigation (including proceedings under 28 U.S.C. § 1782) (collectively, "Related Litigations") in any respect, including but not limited to all depositions, court submissions, hearings, and trial, and Chevron shall not argue that such disclosure and use pursuant to this Stipulation and Order constitutes a waiver or subject matter waiver of any privilege or protection pursuant to Rule 502(d) of the Federal Rules of Evidence and such disclosure shall not constitute such a waiver; and IT IS FURTHER STIPULATED that any documents of the Selected Garr Documents and the Selected Kohn Documents shall be marked "Confidential" pursuant to the Protective Order in effect in this action (Dkt. 723); and IT IS FURTHER STIPULATED that Chevron may use the Selected Garr Documents and the Selected Kohn Documents for any purpose subject to the terms, conditions, and restrictions of the Protective Order in this action (Dkt. 723) and further subject to any objections to the relevance or admissibility of any document, all of which objections are expressly reserved (and the parties do not contest the authenticity of the Selected Garr Documents and the Selected Kohn Documents); as further set forth herein. (Signed by Judge Lewis A. Kaplan on 5/22/2013) (mro) (Entered: 05/22/2013) |
| 05/22/2013 | 1180 | MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893) re: 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mastro, Randy) (Entered: 05/22/2013) |
| 05/22/2013 | 1181 | MEMORANDUM OF LAW in Opposition re: 1168 MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits. MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/22/2013) |
| 05/22/2013 | 1182 | DECLARATION of Jason B. Stavers in Opposition re: 1168 MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits. MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit 1 through 7, # 3 Exhibit 8 through 13)(Mastro, Randy) |

| | | |
|---|---|---|
| | | (Entered: 05/22/2013) |
| 05/23/2013 | 1183 | SPECIAL MASTERS INTERIM REPORT NO. 2: Pursuant to Your Honor's Order dated May 21, 2013, ECF No. 1176, we respectfully submit this report, and our recommendation, concerning the scheduling of the remaining depositions. The rationale for our proposed schedule, which is attached as Exhibit A, is set forth herein, following a brief discussion of the relevant background. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 5/23/2013) (mro) (Entered: 05/23/2013) |
| 05/23/2013 | 1184 | ORDER: As it has been twenty−one days since it was issued, the Special Masters' Order No. 6 [DI 1093] is ordered unsealed. (Signed by Judge Lewis A. Kaplan on 5/23/2013) (mro) (Entered: 05/23/2013) |
| 05/23/2013 | | Transmission to Sealed Records Clerk. Transmitted re: 1184 Order, to the Sealed Records Clerk for the sealing or unsealing of document or case. (mro) (Entered: 05/23/2013) |
| 05/23/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Motion Hearing held on 5/23/2013 re: 1168 MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits. MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger. Judge's Decision: See DI #1185. (mro) (Entered: 05/28/2013) |
| 05/24/2013 | 1185 | ORDER granting in part and disposing in part 1168 Motion for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits. The Donziger Defendants' application [DI 1168] is granted to the extent that the deadline for the completion of the remaining depositions is extended until June 28, 2013 with the scheduling left to the discretion of the special masters. It is disposed of in all other respects as indicated on the record at today's conference. (Signed by Judge Lewis A. Kaplan on 5/23/2013) (mro) (Entered: 05/24/2013) |
| 05/24/2013 | | Set/Reset Deadlines: Deposition due by 6/28/2013. (mro) (Entered: 05/24/2013) |
| 05/24/2013 | 1186 | MEMORANDUM OF LAW in Opposition re: 1168 MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits. MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/24/2013) |
| 05/24/2013 | 1187 | DECLARATION of Jason B. Stavers in Opposition re: 1168 MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits. MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Mastro, Randy) (Entered: 05/24/2013) |
| 05/24/2013 | 1188 | SPECIAL MASTERS ORDER NO. 11: With respect to the remaining depositions, we hereby ORDER as follows: (1) Judge Kaplan took action and we were prepared to take action on the representations made in Mr. Donziger's motion and by Mr. Donziger in his direct statements to us, and to Judge Kaplan during yesterday's hearing. Before sending us any proposed further scheduling modifications, Mr. Gomez and Mr. Donziger are hereby ORDERED to confirm in a letter to the Special Masters, copying all counsel, in the clearest possible terms, that Mr. Donziger's request for a total, two−week hiatus has been abandoned. They shall do so tonight. (2) In that same letter, having heard from Mr. Mastro yesterday that Mr. Scott is unavailable for a lengthy period of time in mid−June and has already made travel plans to be in New York next Tuesday, Mr. Gomez is hereby ORDERED to explain, in as much detail as possible, the reason for his request to adjourn the Scott deposition while preserving three other depositions next week. (3) An in person conference of all counsel will be held at 8:30 a.m. New York time on Wednesday, May 29, at Gibson Dunn's offices in New York (from which the Woods deposition will be supervised via videoconference beginning no earlier than 10:00 a.m. New York time) to discuss scheduling and other issues, including privilege issues that remain unresolved. In advance of the meeting, the parties are directed to gather information relating to the availability of counsel, witnesses within the parties control, and third−party witnesses |

and their counsel, throughout the month of June. In the meantime, counsel shall inform third–party witnesses and their counsel to hold the currently scheduled dates. (4) We agree with Judge Kaplan that an effort should be made to reduce the number of remaining depositions. At the in person meeting, we will make every effort to eliminate unnecessary witnesses and to shorten full days to half days. In that connection, we will in some instances make recommendations for elimination of a heretofore–scheduled witness and may require an in camera showing or offer of proof by a party to explain why it claims to need such witness. We will also make a determined effort to have the parties avoid wasting examination time authenticating or qualifying documents that are routinely stipulated as business records. (5) Further to item (4) above, and to maintain the parity insisted upon by Mr. Donziger, the presumptive length of the 30(b)(6) depositions of Chevron and Mr. Donziger's firm is hereby reduced from the 20 hours informally agreed by the parties to 14 hours. The Special Masters of course retain discretion to reassess the appropriate length of these depositions after hearing an appropriate amount of examination and testimony. (6) Mr. Dunkelberger's deposition is adjourned to a date to be determined following the in person conference on May 29. (7) After the in person conference, we will issue a scheduling order. That order will not be subject to modification absent a showing of extraordinary circumstances requiring relief. A further order will be issued with respect to the Scott deposition once we learn from Chevron precisely when Mr. Scott plans to travel. This order is issued on behalf of myself and Special Master Gitter, who is traveling but who has reviewed a draft of this order and approves it. (Signed by Special Master Theodore H. Katz on 5/24/2013) (mro) Modified on 5/28/2013 (mro). (Entered: 05/28/2013)

| 05/28/2013 | 1189 | SPECIAL MASTERS ORDER NO. 12: Special Masters Order No. 11 is amended as follows and only to this limited extent: (1) All the depositions scheduled for this coming week (i.e., those of Messrs. Scott, Woods, Watson and Kohn) are hereby adjourned to a date to be determined following the in person conference scheduled for May 29, 2013 (the deposition of Mr. Dunkelberger having already been adjourned in Order No. 11). (2) That conference will now proceed at 10:00 a.m. New York time at Cleary Gottlieb, One Liberty Plaza, New York, New York 10006. Counsel for Chevron shall advise Mr. Ormand in advance of the conference who will be attending on Chevrons behalf. (3) The requirements of numbered paragraph (3) in Special Masters Order No. 11 now, of course, also apply with respect to Messrs. Scott, Woods, Watson and Kohn. The email correspondence relevant to this Order is annexed hereto. Absent some emergency requiring our immediate attention, we do not expect to hear from the parties before the May 29 conference. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 5/25/2013) (mro) (Entered: 05/28/2013) |
| --- | --- | --- |
| 05/29/2013 | 1190 | SPECIAL MASTERS ORDER NO. 13. In Special Masters Order No. 11, ECF No. 1188, as amended by Special Masters Order No. 12, ECF No. 1189, we set a conference with the parties for today's date to discuss, among other things, scheduling the remaining depositions. Annexed hereto is the schedule for those depositions, which the parties should consider immutable. As the parties are aware, this schedule is "not subject to modification absent a showing of extraordinary circumstances requiring relief." Special Masters Order No. 11 at 4. The total presumptive time allotted to the Chevron 30(b)(6) deposition is 14 hours, of which 1 hour and 39 minutes was used by defendants during the Callejas deposition. The remaining 12 hours and 21 minutes shall be divided among the three remaining witnesses, Sara McMillen, Ricardo Reis–Vega, and Rhonda Zygocki, as defendants see fit, subject to the discretion of the supervising Special Master. The total presumptive time allotted to the 30(b)(6) deposition of Mr. Donziger's firm is likewise 14 hours, again subject to the discretion of the supervising Special Master, and also subject to reduction per the Order of Judge Kaplan dated April 8, 2013, ECF No. 983. Examining counsel are admonished to conduct their depositions efficiently, as discussed at the conference this morning, and to avoid spending time eliciting testimony for which they have no substantial need. The presiding Special Master of course may reduce the foregoing presumptive times aboveeven down to the presumptive time of seven hours specified in Rule 30(d)(1) of the Federal Rules of Civil Procedure if examining counsel fail to do both. So ordered. (Signed by Theodore H. Katz, Special Master and Max Gitter, Special Master on 5/29/2013). (rjm) (Entered: 05/30/2013) |

| | | |
|---|---|---|
| 05/31/2013 | 1191 | STIPULATION AND ORDER: IT IS STIPULATED, by and between Chevron and PB, that if Chevron and PB are unable to reach an agreement pursuant to Rule 502(d), Chevron shall be permitted to move to compel PB to produce certain documents on PB's privilege logs before the discovery deadline of May 31, 2013, and PB shall not contend that the motion is untimely or should be denied based on its date of filing, including that such motion is filed after the close of discovery. (Signed by Judge Lewis A. Kaplan on 5/31/2013) (mro) (Entered: 05/31/2013) |
| 05/31/2013 | 1192 | ORDER granting 1152 Motion for Thomas A Manakides to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 5/31/2013) (Kaplan, Lewis) (Entered: 05/31/2013) |
| 05/31/2013 | 1193 | MOTION to Compel Chevron to Produce *Documents*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Gomez, Julio) (Entered: 05/31/2013) |
| 05/31/2013 | 1194 | MOTION to Compel Steven Donziger to Produce Documents Withheld. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Mastro, Randy) (Entered: 05/31/2013) |
| 05/31/2013 | 1195 | MOTION to Compel LAP Defendants to Produce Documents Withheld. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12)(Mastro, Randy) (Entered: 05/31/2013) |
| 06/01/2013 | 1196 | **FILING ERROR – ELECTRONIC FILING OF NON–ECF DOCUMENT –** DECLARATION of MOTION EXHIBIT 2, PART 1 in Support re: 1195 MOTION to Compel LAP Defendants to Produce Documents Withheld. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit Exhibit 2, Part 2)(Mastro, Randy) Modified on 6/3/2013 (db). (Entered: 06/01/2013) |
| 06/01/2013 | 1197 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION to Stay *and Procedural Safeguards*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Affidavit Declaration of Steven R. Donziger In Support of Motion for Stay and Procedural Safeguards, # 2 Affidavit Declaration of Denis Collins In Support of Motion for Stay and Procedural Safeguards)(Donziger, Steven) Modified on 6/3/2013 (db). (Entered: 06/01/2013) |
| 06/03/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – NON–ECF DOCUMENT ERROR. Note to Attorney Randy M. Mastro. Document No. 1196 Exhibit. This document is not filed via ECF. Exhibits are only added AS ATTACHMENTS to documents that are permitted to be filed via the rules of ECF. (db)** (Entered: 06/03/2013) |
| 06/03/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Steven Robert Donziger to RE–FILE DOCUMENT 1197 MOTION to Stay *and Procedural Safeguards*. ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 06/03/2013) |
| 06/03/2013 | 1198 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/03/2013) |
| 06/03/2013 | 1199 | SPECIAL MASTERS ORDER NO. 14: By consent of the parties, the schedule for remaining depositions set forth in Special Masters Order No. 13 is amended as follows: (1) The deposition of Sara McMillen will proceed on June 14, 2013 in New York. (2) The deposition of Ricardo Reis–Vega will proceed on June 17, 2013 in San Francisco. We accept this application solely because it is consented to. We note especially defendants' statement that they consented notwithstanding their view that the stated reason for the application does not rise to an "extraordinary" event warranting relief. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 6/3/2013) (mro) (Entered: 06/03/2013) |
| 06/03/2013 | 1200 | ORDER: Any response defendants wish to make to the Special Masters' request for instructions shall be filed no later than June 10, 2013 at 2 p.m. (Signed by Judge Lewis A. Kaplan on 6/3/2013) (mro) (Entered: 06/03/2013) |

| 06/03/2013 | 1201 | STIPULATION AND ORDER: IT IS STIPULATED by and between Chevron, the Donziger Defendants, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje that the Defendants shall instruct Woods to produce the 1782 Documents to Chevron within two (2) days of the entry of this Order; IT IS FURTHER STIPULATED that within four (4) days of Chevron's receipt of the 1782 Documents Chevron shall identify the produced documents of which it will seek disclosure pursuant to Rule 502(d), and shall remove from Chevron's files (both electronic and hard–copy) and discard all copies of documents Chevron chooses not to continue to seek; IT IS FURTHER STIPULATED that within four (4) days of Defendants' receipt of the above referenced identification, Defendants shall indicate to Chevron which, if any, of the produced documents Defendants intend to assert privilege over; IT IS FURTHER STIPULATED that, subject to resolution of any privilege claims asserted by Defendants, Chevron may use the 1782 Documents in the above–captioned case, and the arbitration currently pending in the Permanent Court of Arbitration (the Hague, Netherlands, under the U.S.–Ecuador Bilateral Investment Treaty, PCA Case No. 2009–23), and any action relating to Lago Agrio litigation (including proceedings under 28 U.S.C. § 1782) (collectively, "Related Litigations") in any respect, including, but not limited to, all depositions, court submissions, hearings, and trial, and Chevron shall not argue that such disclosure and use pursuant to this Stipulation and Order constitutes a waiver or subject matter waiver of any privilege or protection pursuant to Rule 502(d) of the Federal Rules of Evidence and such disclosure shall not constitute such a waiver; and IT IS FURTHER STIPULATED that the 1782 Documents shall be marked "Confidential" pursuant to the Protective Order in effect in this action (Dkt. 723); and IT IS FURTHER STIPULATED that Chevron may use the 1782 Documents for any purpose subject to the terms, conditions, and restrictions of the Protective Order in this action (Dkt. 723) and further subject to any objections to the relevance or admissibility of any document, all of which objections are expressly reserved (and the parties do not contest the authenticity of the 1782 Documents); and IT IS FURTHER STIPULATED that, except as explicitly stated herein, the parties to this stipulation do not concede or waive any argument, including without limitation any argument concerning jurisdiction, or waive any rights or protections afforded them by any court's individual practices, applicable Local Civil Rules, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable authority. including, but not limited to, work product and attorney–client privileges. and this Stipulation and Order is without prejudice to any parties' rights thereunder. (Signed by Judge Lewis A. Kaplan on 6/3/2013) (mro) (Entered: 06/03/2013) |
| 06/03/2013 | 1202 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED, by and between Chevron, Donziger, and Camacho/Piaguje that, with respect to the documents held by H5 responsive to Chevron's subpoena served on it for which a claim of privilege or work product protection has been asserted on behalf of Donziger and/or Camacho/Piaguaje, the documents shall be made available for inspection to Chevron. and Chevron shall not argue that such disclosure pursuant to this Stipulation and Order constitutes a subject matter waiver of any privilege or protection, pursuant to Rule 502(d) of the Federal Rules of Evidence; and IT IS FURTHER STIPULATED that the disclosure of any documents or the disclosure of any information by H5 to Chevron shall not, pursuant to Federal Rule of Evidence 502(d), constitute a subject matter waiver of any privilege or protection; and IT IS FURTHER STIPULATED that any documents disclosed by H5 pursuant to this Stipulation and Order may be designated "Confidential" pursuant to the protective order in effect in this action (Dkt. 723), except that such designation need not be made until such time, if ever, that the documents are produced to Chevron for use in the case and Chevron reserves its right to challenge any such designation pursuant to paragraphs 13 and 14 of that order; as further set forth herein. (Signed by Judge Lewis A. Kaplan on 5/31/2013) (mro) (Entered: 06/03/2013) |
| 06/03/2013 | 1203 | STIPULATION AND ORDER: NOW, THEREFORE, IT IS STIPULATED, by and between Chevron, the Donziger Defendants, and the LAPs that, in the event that the production of the above–referenced categories of documents related to Woods is not complete by May 31, 2013, production shall be completed on a reasonable schedule extending past May 31, 2013; and IT IS FURTHER STIPULATED that Chevron may move to compel the Donziger Defendants and/or the LAPs to produce the above–referenced categories of documents related to Woods following May 31, 2013, and the Donziger Defendants and the LAPs shall not contend that any such motion is |

| | | |
|---|---|---|
| | | untimely or should be denied based on its filing after May 31, 2013; and IT IS FURTHER STIPULATED that, in the event that the negotiation of a revised stipulation related to the Kohn documents is not complete by May 31, 2013, any supplemental production pursuant to that revised stipulation shall be completed on a reasonable schedule extending past May 31, 2013. (Signed by Judge Lewis A. Kaplan on 6/3/2013) (mro) (Entered: 06/03/2013) |
| 06/03/2013 | 1204 | Letter addressed to Judge Lewis A. Kaplan from Theodore H. Katz dated 5/31/13 re: Special Master Theodore H. Katz writes on behalf of himself and Mr. Gitter concerning the payment of our and Cleary Gottlieb's fees in this matter. Following Your Honor's order appointing us as Special Masters, and on several occasions thereafter, we were told in the most unmistakable terms by defendants' counsel that defendants will not be paying any portion of our bills. A sampling of this correspondence is enclosed. Because sending a bill in these circumstances would, in our view, be futile, we have heretofore avoided sending any bills to the parties on behalf of ourselves or Cleary Gottlieb (although my assistant did send a mistaken retainer invoice, which prompted some of the enclosed correspondence). (mro) (Entered: 06/03/2013) |
| 06/03/2013 | 1205 | MOTION for Extension of Time to File Response/Reply as to 1194 MOTION to Compel Steven Donziger to Produce Documents Withheld.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1)(Donziger, Steven) (Entered: 06/03/2013) |
| 06/04/2013 | 1206 | RESPONSE to Motion re: 1205 MOTION for Extension of Time to File Response/Reply as to 1194 MOTION to Compel Steven Donziger to Produce Documents Withheld.. MOTION for Extension of Time to File Response/Reply as to 1194 MOTION to Compel Steven Donziger to Produce Documents Withheld.. *PLAINTIFF CHEVRON CORPORATION'S STATEMENT OF LIMITED NON–OPPOSITION TO DONZIGER DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 06/04/2013) |
| 06/04/2013 | 1207 | MEMO ENDORSEMENT granting 1205 Motion for Extension of Time to File Response re 1194 MOTION to Compel. ENDORSEMENT: The Court expresses no view on the merit of movant's arguments but grants the motion for an extension to 6/11/13. (Signed by Judge Lewis A. Kaplan on 6/4/2013) (mro) (Entered: 06/04/2013) |
| 06/04/2013 | 1208 | MEMORANDUM OF LAW in Opposition re: 1193 MOTION to Compel Chevron to Produce *Documents*. *CHEVRON CORPORATION'S OPPOSITION TO HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PIAGUAJE'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND DISCLOSURE OF OTHER INFORMATION ON CHEVRON'S PRIVILEGE LOG*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Mastro, Randy) (Entered: 06/04/2013) |
| 06/04/2013 | 1209 | NOTICE of Joinder re: 1197 MOTION to Stay *and Procedural Safeguards*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 06/04/2013) |
| 06/04/2013 | 1210 | MEMORANDUM OF LAW in Opposition re: 1195 MOTION to Compel LAP Defendants to Produce Documents Withheld.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 06/04/2013) |
| 06/05/2013 | 1211 | MOTION to Stay., MOTION for Procedural Safeguards. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 06/05/2013) |
| 06/05/2013 | 1212 | AFFIDAVIT of Steven Donziger in Support re: 1211 MOTION to Stay. MOTION for Procedural Safeguards.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 06/05/2013) |
| 06/05/2013 | 1213 | AFFIDAVIT of Denis Collins in Support re: 1211 MOTION to Stay. MOTION for Procedural Safeguards.. Document filed by Steven Donziger, Donziger & Associates, |

| | | |
|---|---|---|
| | | PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 06/05/2013) |
| 06/05/2013 | 1214 | TRANSCRIPT of Proceedings re: CONFERENCE held on 5/23/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Patricia Nilsen, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/1/2013. Redacted Transcript Deadline set for 7/11/2013. Release of Transcript Restriction set for 9/6/2013.(Rodriguez, Somari) (Entered: 06/05/2013) |
| 06/05/2013 | 1215 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 5/23/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Rodriguez, Somari) (Entered: 06/05/2013) |
| 06/06/2013 | 1216 | ORDER: Chevron moves to compel the defendants to produce documents and recordings that LAP agents have publicly claimed they have relating to alleged contacts between Chevron representatives and witnesses in Ecuador. Among other foci of the motion are alleged recordings of a conversation between a private attorney representing Chevron and former Ecuadorian Judge Zambrano. Defendants initially declined to produce these materials on the ground that they were created after July 10, 2012. In responding to this motion, however, the LAP Representatives claimed also that they "do not have the recordings that are the subject of Chevron's motion" and that they "have not decided to use recordings that they do not possess in the trial of this case." DI 870, at 1. The Donziger defendants adhered to their position that the materials fell outside the date range of required production, adding only that they "do not intend to rely on these materials at trial." DI 871, at 1. On March 15, 2013, the Court granted Chevron's motion and required production. DI 912. Donziger then sought reconsideration, again arguing that the materials were created after July 10, 2012 and that they did not fall within Chevron's request for production because Donziger "does not intend to use the documents at trial." The Court on March 25, 2013 granted reconsideration and vacated the March 15 order. DI 937. On April 1, 2013, Chevron sought clarification of the March 25 order. DI 1075–2. It sought a determination as to whether the March 15 order had been vacated not only with respect to the Donziger defendants, but also as to the LAP Representatives and as to whether the Donziger defendants had waived the right to introduce evidence regarding alleged interactions between Chevron and certain potential witnesses, presumably referring to interactions as to which there are documents and recordings that were the subject of the motion to compel. In the fullness of (not very much) time, it developed that the claims that the defendants did not have the recordings and documents in question and in any case that they did not intend to use them at trial rested, at best, on hair splitting and questionable distinctions between (1) personal physical possession on their individual parts and the possession, custody or control of the materials by the LAPs' attorneys or other agents in Ecuador, 1 and (2) use at trial versus use on motions. The proof lies in the fact that, on April 4, 2013, the LAP Representatives, joined by the Donziger defendants, moved to supplement the record on Chevron's motion for partial summary judgment to include transcriptions of two of the recordings that are among the subjects of Chevron's motion. Motion [DI 973]; Smyser Decl. [DI 974] Exs. 2–3 ; Joinder [DI 975]. In the circumstances, the March 25, 2013 order [DI 937] is vacated in all respects. This leaves in place the Court's March 15, 2013 order requiring production. Any failure to produce all of the requested documents and recordings may result in sanctions which may include, but may not be limited to, preclusion of the use of evidence that is or is related to the requested documents and recordings. (Signed by Judge Lewis A. Kaplan on 6/6/2013) (mro) (Entered: 06/06/2013) |
| 06/06/2013 | 1217 | MEMO ENDORSEMENT on PLAINTIFF CHEVRON CORPORATION'S MOTION TO COMPEL CONSTANTINE CANNON LLP AND BROWNSTEIN HYATT FARBER SCHRECK, LLP TO PRODUCE DOCUMENTS finding as moot 850 Motion to Compel. In the circumstances, this motion to compel the Firms to produce the subpoenaed documents is moot. The Clerk shall terminate the motion. SO |

| | | |
|---|---|---|
| | | ORDERED. (Signed by Judge Lewis A. Kaplan on 6/06/2013) (ama) (Entered: 06/06/2013) |
| 06/06/2013 | 1218 | MOTION to Compel Chevron to Produce *Documents*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Gomez, Julio) (Entered: 06/06/2013) |
| 06/07/2013 | 1219 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/07/2013) |
| 06/07/2013 | 1220 | MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893) re: 893 MOTION for Sanctions */ PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 06/07/2013) |
| 06/07/2013 | 1221 | MOTION for Discovery *and Protective Order*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Donziger, Steven) (Entered: 06/07/2013) |
| 06/07/2013 | 1222 | MOTION FOR REMEDIAL MEASURES CONCERNING VIOLATION OF PROTECTIVE ORDER. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Mastro, Randy) (Entered: 06/07/2013) |
| 06/08/2013 | 1223 | ORDER temporarily denying 1221 Motion for Discovery. (Signed by Judge Lewis A. Kaplan on 6/8/2013) (Kaplan, Lewis) (Main Document 1223 replaced on 6/12/2013) (mro). (Entered: 06/08/2013) |
| 06/10/2013 | 1224 | SPECIAL MASTERS ORDER NO. 15: By email of 3:16 p.m. yesterday, defendants move to adjourn the 30(b)(6) deposition of Kroll, Inc. scheduled for this coming Monday, June 10 stated to be made in light of a motion to compel filed Thursday evening by Messrs. Camacho and Piaguaje relating to certain investigatory materials Chevron has withheld as privileged, see Motion to Compel, ECF No. 1218, as well as in light of a prior motion to compel made on May 31, see Motion to Compel, ECF No. 1193. On May 29, 2013, we held a lengthy conference with the parties called solely for the purpose of establishing a final immutable deposition schedule, heard all the views of the parties at great length, and then set a schedule for the remaining depositions. Special Masters Order No. 13, ECF No. 1190. "As the parties are aware, this schedule is 'not subject to modification absent a showing of extraordinary circumstances requiring relief.'" Id. at 1 (citing and quoting Special Masters Order No. 11 at 4). That showing has not been made here. The current, immutable deposition schedule was set two days before the close of document discovery at a time when the parties clearly expected additional litigation over documents. Indeed, two days after the May 29 conference, defendants filed a motion to compel that specifically related, among other things, to investigatory materials withheld by Chevron as privileged. See Motion to Compel, ECF No. 1193. At no time during the May 29 conference did defendants suggest that the Kroll deposition should be put off (or even placed at the end of the schedule) pending resolution of remaining privilege disputes. The most recent dispute cited in support of the request for adjournment does not add to or detract from that omission. For that reason and others, the application to adjourn the Kroll deposition is denied. Today, we received an application from Chevron's counsel requesting an adjournment of the Tyrrell deposition (in addition to sur–replies from both Chevron and Mr. Donziger relating to the Kroll deposition) because, among other reasons, the parties have been unable to reach a Rule 502 stipulation with respect to documents on Patton Boggs' privilege logs and Patton Boggs will be making additional document productions. Chevrons application is also denied, for similar but not identical reasons to those set forth above. Finally, with respect to both applications now being made, if the production of additional documents occurs and a party believes there is just cause for making an application, that party can do so at that time. We express no views on the merits of the parties pending document disputes. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on |

| | | |
|---|---|---|
| | | 6/8/2013) (mro) Modified on 6/11/2013 (mro). (Entered: 06/10/2013) |
| 06/10/2013 | 1225 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/10/2013) |
| 06/10/2013 | 1226 | MEMORANDUM OF LAW in Opposition re: 1218 MOTION to Compel Chevron to Produce *Documents*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, Part 1, # 4 Exhibit 3, Part 2)(Mastro, Randy) (Entered: 06/10/2013) |
| 06/10/2013 | 1227 | MEMO ENDORSEMENT on PROPOSED ORDER TO SHOW CAUSE FOR AN ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATION OF DOE 3 AND GRANTING LEAVE TO SUPPLEMENT THE RECORD WITH DOE 3'S DECLARATION. ENDORSEMENT: The order to show cause requested by this application was not signed. Defendants, however, treated it as a motion made on notice and responded to it on the merits. The motion is granted in all respects, substantially for the reasons relied upon in granting similar relief with respect to Doe 1 and Doe 2. Chevron Corp. v. Donziger, No. 11 Civ. 0691 (LAK), 2013 WL 646399 (S.D.N.Y. Feb. 21, 2013). (Signed by Judge Lewis A. Kaplan on 6/10/2013) (mro) (Entered: 06/11/2013) |
| 06/11/2013 | 1228 | MEMO ENDORSEMENT granting 1180 CHEVRON CORPORATION'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893). ENDORSEMENT: The motion, which has not been opposed, is granted. (Signed by Judge Lewis A. Kaplan on 6/11/2013) (mro) (Entered: 06/11/2013) |
| 06/11/2013 | 1229 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/11/2013) |
| 06/11/2013 | 1230 | RESPONSE in Opposition re: 1220 MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893) re: 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893) re: 893 MOTION for Sanctions / PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE. Document filed by Steven Donziger, Donziger & Associates, PLLC. (Donziger, Steven) (Entered: 06/11/2013)* |
| 06/11/2013 | 1231 | RESPONSE in Opposition re: 1194 MOTION to Compel Steven Donziger to Produce Documents Withheld.. Document filed by Steven Donziger, Donziger & Associates, PLLC. (Attachments: # 1 Exhibit A)(Donziger, Steven) (Entered: 06/11/2013) |
| 06/11/2013 | 1232 | RESPONSE in Opposition re: 1222 MOTION FOR REMEDIAL MEASURES CONCERNING VIOLATION OF PROTECTIVE ORDER.. Document filed by Steven Donziger, Donziger & Associates, PLLC. (Donziger, Steven) (Entered: 06/11/2013) |
| 06/11/2013 | 1234 | MEMO ENDORSEMENT denying 1218 JAVIER PIAGUAJE PAYAGUAJE'S AND HUGO GERARDO CAMACHO NARANJO'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS IDENTIFIED ON CHEVRON'S LATE–PRODUCED PRIVILEGE LOG OF JUNE 1, 2013. ENDORSEMENT: The LAP Representatives, without even discussing their concerns with Chevron, brought this motion to compel the production of documents on Chevron's supplementary privilege log, which they inaccurately characterize as being of June 1, 2013 when in fact it first was served on May 31, 2013. In support of the motion, they spin quite a tale, substantially all of it unsupported by any affidavit, declaration or documentary evidence. The essential predicate is that two motions to compel production of documents, one by the LAP Representatives and the other by Chevron, were filed between 10:35 pm and 12:59 pm. on May 31, 2013 and remain pending. DI 1193, 1195. Among the documents sought by the LAP Representatives' motion are documents relating to the activities of investigators hired by Chevron as to which Chevron has claimed privilege or work produce protection. The LAP Representatives say that there had been discussions about those two motions (more likely about the disagreements that eventually led to their filing) during which Chevron sought to persuade them not to pursue their motion to compel against Chevron and offered to |

|  |  |  |
|---|---|---|
|  |  | drop (or not make) its own motion to compel in exchange. Chevron, they say, did not mention the documents now listed on the supplemental privilege log during those discussions. They assert that Chevron was determined to strike the bargain to drop (or not make) the competing motions to compel and, had the bargain been struck, would not have served the supplemental privilege log. The motive, according to the LAP Representatives, was "to deny Defendants access to these documents before the Kroll [a prominent investigation firm, among other things] 30(b)(6) deposition." Di 1218, at 1. Chevron has submitted a declaration under penalty of perjury that explains the genesis of the supplementary privilege log. It is attached to this memorandum endorsement. It states, in brief summary, that certain documents had been omitted inadvertently from the review process, that the error was discovered in mid–April, that the documents then were reviewed, that some were produced and others listed on the supplementary privilege log, that very few of the documents on the supplementary privilege log related to Kroll, that approximately 35 percent of a random sample of documents on the supplementary log overlapped with documents listed on earlier privilege logs, and that the service of this supplementary log was made within two weeks of the May 17 production, consistent with the parties' agreed–upon protocol and practice. There is no basis for the claim of some nefarious scheme. There is no basis for concluding that the accidental and inadvertent failure to include these latest documents waived any privilege or work product protection. The Kroll deposition did not occur until June 8, a week or more after the supplementary privilege log was produced. Accordingly, the present motion [DI 1218] is denied in all respects without prejudice to the LAP Representatives' contentions with respect to these documents in connection with DI 1195. (Signed by Judge Lewis A. Kaplan on 6/11/2013) (mro) (Entered: 06/12/2013) |
| 06/12/2013 | 1233 | NOTICE of Notice of Joinder re: 1232 Response in Opposition to Motion. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 06/12/2013) |
| 06/12/2013 | 1235 | ORDER: As it has been more than twenty–one days since it was issued, the Special Masters Order No. 8 [DI 1169] is ordered unsealed. (Signed by Judge Lewis A. Kaplan on 6/12/2013) (mro) Modified on 6/12/2013 (mro). (Entered: 06/12/2013) |
| 06/12/2013 |  | Transmission to Sealed Records Clerk. Transmitted re: 1235 Order, to the Sealed Records Clerk for the sealing or unsealing of document or case. (mro) (Entered: 06/12/2013) |
| 06/12/2013 | 1236 | MEMO ENDORSEMENT denying 1222 PLAINTIFF CHEVRON CORPORATION'S MOTION FOR REMEDIAL MEASURES CONCERNING VIOLATION OF PROTECTIVE ORDER. ENDORSEMENT: This motion is denied without prejudice to renewal in the event of any future violation. The parties are reminded of their obligations under the Protective Order which was agreed to on behalf of all of them and is an order of the Court. Future violations, if any, may result in the imposition of sanctions, whether in this action or in other appropriate proceedings. (Signed by Judge Lewis A. Kaplan on 6/12/2013) (mro) (Entered: 06/12/2013) |
| 06/12/2013 | 1237 | MEMO ENDORSEMENT granting 1220 CHEVRON CORPORATION'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893). ENDORSEMENT: The Donziger Defendants oppose Chevron's motion to supplement the record with excerpts from the recent deposition testimony of Laura Garr, an attorney who formerly worked for Mr. Donziger and visited Ecuador with him, which Chevron asserts is relevant to the pending sanctions motion pending against the Donziger Defendants. The Donziger Defendants assert that Ms. Garr's observations when she was in Ecuador two or three years ago are not relevant to the questions whether Mr. Donziger has and at relevant times had control over or the practical ability to obtain evidence from Ecuador and whether there actually are physical documents there. And they rest this argument on the premise that, whatever the situation may have been when Ms. Garr last was in Ecuador, it has changed. Evidence is relevant "if...it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. No one questions the relevance to the sanctions motion of the existence or nonexistence in Ecuador of documents that the Court has ordered produced. Nor does anyone question that Mr. Donziger's control |

|  |  | over or practical ability to obtain responsive documents, if any, is pertinent to the pending sanctions motion. Ms. Garr's observations as to the existence or non–existence of documents in the relevant office or offices and of Mr. Donziger's ability, or lack of ability, to access and obtain them when she was there have a tendency to make facts at issue here more or less probable than without the evidence. Indeed, the Donziger Defendants would not suggest that testimony by Ms. Garr, had she given such testimony, that there were no documents in the office or that she had observed those at the office refusing requests by Mr. Donziger for documents would be irrelevant. The fact that Mr. Donziger may have denied the present existence of many physical documents and of control or ability to obtain them for production here is not conclusive. The baseless opposition to this motion is an interesting use of time and resources by someone who claims to be overwhelmed with the burdens of this litigation. The motion to supplement the record [DI 1220] is granted. (Signed by Judge Lewis A. Kaplan on 6/12/2013) (mro) (Entered: 06/12/2013) |
| 06/12/2013 | 1238 | SPECIAL MASTERS ORDER NO. 16: By an email letter dated June 5, 2013, all defendants jointly request that we "consider the full day for each of Chevron's 30(b)(6) witnesses as a separate allotment of time that will not detract from the time available to the last witness presented" and "allot[] a total of 20 total hours for all of the witnesses as originally agreed to by the parties." Chevron opposes these requests. We have considered all of defendants' remaining points and find them to be irrelevant or without merit. The request to extend the presumptive length of the Chevron 30(b)(6) deposition from 14 hours to 20 hours is denied. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 6/11/2013) (mro) (Entered: 06/12/2013) |
| 06/12/2013 | 1239 | MEMORANDUM OF LAW in Opposition re: 1221 MOTION for Discovery *and Protective Order*., 1211 MOTION to Stay. MOTION for Procedural Safeguards.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/12/2013) |
| 06/12/2013 | 1240 | DECLARATION of Jason Stavers in Opposition re: 1221 MOTION for Discovery *and Protective Order*., 1211 MOTION to Stay. MOTION for Procedural Safeguards.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18)(Mastro, Randy) (Entered: 06/12/2013) |
| 06/13/2013 | 1241 | MOTION to Strike *Certain of Chevron's Confidentiality Designations and for an Order Requiring Chevron to Demonstrate Why Other Documents Merit Protection*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1–18 (filed under seal), # 2 Exhibit 19–22)(Gomez, Julio) (Entered: 06/13/2013) |
| 06/13/2013 | 1242 | SPECIAL MASTERS ORDER NO. 17: By letter dated June 10, 2013, Chevron seeks a protective order precluding or limiting defendants from questioning it about Topic No. 20 of Messrs. Camacho and Piaguaje's notice of Chevron's deposition pursuant to Rule 30(b)(6), which relates to certain "preinspection videos." But as both Chevron and defendants note, Judge Kaplan has already denied a motion by Chevron for a protective order relating to Topic 20. Without expressing any views on the merits of the parties' positions, we believe the better course here is for the presiding Special Master to await examining counsel's questions on this topic and rule on any objections at that time. Chevron's motion for a protective order is accordingly denied without prejudice to its right to object to particular questions about Topic 20 during the Chevron 30(b)(6) deposition. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 6/13/2013) (mro) (Entered: 06/13/2013) |
| 06/13/2013 | 1243 | NOTICE of re Reply In Support of Motions for Stay and Procedural Safeguards re: 1239 Memorandum of Law in Opposition to Motion. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 06/13/2013) |
| 06/14/2013 | 1244 | SEALED DOCUMENT placed in vault.(nm) (Entered: 06/14/2013) |
| 06/14/2013 | 1245 | NOTICE of Joinder re: 1241 MOTION to Strike *Certain of Chevron's Confidentiality Designations and for an Order Requiring Chevron to Demonstrate Why Other Documents Merit Protection*.. Document filed by Steven Donziger, Donziger & |

| | | Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 06/14/2013) |
|---|---|---|
| 06/17/2013 | 1246 | Objection *to Special Master's Ruling at Deposition of Joseph Kohn Waiving Defendants' Claims of Privilege and Work Product Preserved by the Parties' Stipulation and Order Pursuant to Fed. R. Civ. P. 502(D)*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1 (filed under seal))(Gomez, Julio) (Entered: 06/17/2013) |
| 06/17/2013 | 1247 | MEMORANDUM OF LAW in Opposition re: 1241 MOTION to Strike *Certain of Chevron's Confidentiality Designations and for an Order Requiring Chevron to Demonstrate Why Other Documents Merit Protection*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 06/17/2013) |
| 06/17/2013 | 1248 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION Vacate Special Master's Rulings re Kroll Deposition. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit a)(Donziger, Steven) Modified on 6/19/2013 (db). (Entered: 06/18/2013) |
| 06/18/2013 | 1249 | REPLY to Response to Motion re: 1221 MOTION for Discovery *and Protective Order*., 1211 MOTION to Stay. MOTION for Procedural Safeguards.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 06/18/2013) |
| 06/18/2013 | 1250 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/18/2013) |
| 06/18/2013 | 1251 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/18/2013) |
| 06/18/2013 | 1254 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/19/2013) |
| 06/19/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Steven Robert Donziger to RE–FILE Document 1248 MOTION Vacate Special Master's Rulings re Kroll Deposition. Use the event type Objection (non–motion) found under the event list Other Answers. (db)** (Entered: 06/19/2013) |
| 06/19/2013 | 1252 | Objection *to Special Master's Rulings re Kroll 30(b)(6) Deposition*. Document filed by Steven Donziger, Donziger & Associates, PLLC. (Attachments: # 1 Exhibit A)(Donziger, Steven) (Entered: 06/19/2013) |
| 06/19/2013 | 1253 | ORDER: Subsequent to the appointment of the special masters, the remaining defendants continue to claim that they are unable to pay anything toward the costs of the special masters. Yet they have failed to this date to substantiate that claim with any competent evidence. As former Magistrate Judge Theodore H. Katz, one of the special masters, stated in a letter to the Court dated May 31, 2013, "[f]ollowing Your Honor's order appointing us as Special Masters, and on several occasions thereafter, we were told in the most unmistakable terms by defendants' counsel that defendants will not be paying any portion of our bills." He therefore solicited the Court's instructions. The Court invited defendants to respond no later than June 10, 2013, but they have not done so. In these circumstances, the Court directs as follows: 1. The Special Masters shall bill the defendants and Chevron as contemplated by the order of appointment and the March 1, 2013 order. 2. The parties shall show cause, on or before June 24, 2013, why an order should not be entered directing as follows: (a) Absent full payment by defendants of each bill addressed to them within twenty days of its rendition, the Special Masters shall so inform Chevron. Chevron thereupon shall advance, for the account of the defendants, jointly and severally, the funds owed by the defendants. (b) When the Court determines the appropriate ultimate allocation of costs of the Special Masters among the parties as contemplated by the Order of Appointment, Chevron shall have judgment against the defendants for any funds advanced by Chevron with respect to the Special Masters for the account of the defendants. 3. This order, and any order entered in consequence of paragraph 2, shall be without prejudice to any application by (a) any party to review the reasonableness, amount or recommended allocation of any bills of the Special Masters, or (b) Chevron for any other relief with respect to the non–payment of any bills of the Special Masters. Any application to review the reasonableness, amount or recommended allocation of any bills of the Special Masters shall be made no earlier |

| | | |
|---|---|---|
| | | than the filing by the Special Masters with the Court of their recommendation as to the ultimate allocation among the parties and no later than thirty days thereafter. (Signed by Judge Lewis A. Kaplan on 6/19/2013) (mro) (Entered: 06/19/2013) |
| 06/20/2013 | | Appeal Record Sent to USCA (Electronic File). **USCA Case No. 13–1878–cv.** Certified Indexed record on Appeal Electronic Files for 1043 Declaration in Support of Motion filed by Patton Boggs LLP, 871 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 786 MOTION for Protective Order *Regarding Chevron's Deposition Notices for Alban, Simon and Saenz.* filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 999 Endorsed Letter, 858 Status Report filed by Patton Boggs LLP, 1150 Order on Motion to Compel,,,,,,,,,,, 773 Declaration in Opposition, filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 1164 Order on Motion to Withdraw as Attorney,,,,,, 1121 Notice of Appearance filed by H5, 1038 MOTION for Leave to File Declaration of Anne Champion in Further Support of Chevron Corporation's Opposition to Defendants' joint Motion to Reconsider Order Regarding Subpoena to Patton Boggs. filed by Chevron Corporation, 1010 Order on Motion for Miscellaneous Relief, 1205 MOTION for Extension of Time to File Response/Reply as to 1194 MOTION to Compel Steven Donziger to Produce Documents Withheld.. MOTION for Extension of Time to File Response/Reply as to 1194 MOTION to Compel Steven Donziger to Produce Documents Withheld.. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1047 Order, Set Motion and R&R Deadlines/Hearings,,,, 1193 MOTION to Compel Chevron to Produce *Documents.* filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 810 MOTION to Compel The Stratus Defendants to Answer Interrogatories. filed by Chevron Corporation, 1042 Response in Opposition to Motion,, filed by Hugo Gerardo Camacho Naranjo, 801 Stipulation and Order, Set Deadlines,,,, 1172 Letter,,,, 1019 MOTION for Protective Order *re Evidentiary Hearing.* filed by Chevron Corporation, 1246 Objection (non–motion), Objection (non–motion) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1016 Notice (Other) filed by Chevron Corporation, 1177 Order on Motion to Take Deposition, 1031 MOTION to Compel DEFENDANTS to PRODUCE DOCUMENTS AND OTHER MATERIALS FOR THE SANCTIONS EVIDENTIARY HEARING SCHEDULED TO BEGIN ON APRIL 16, 2013. filed by Chevron Corporation, 740 Order on Motion to Amend/Correct,,,,, 989 Order, 863 Declaration in Support of Motion,,,, filed by Chevron Corporation, 1077 Order,, 822 Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 931 Joinder, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 789 Stipulation and Order, Set Deadlines, Set Hearings,,,,,,,,,, 736 Declaration in Support of Motion, filed by Chevron Corporation, 1044 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 833 Response in Opposition to Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1154 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 903 Stipulation and Order, Set Deadlines,, 843 Memorandum & Opinion,,,,, 1086 Transcript,, 913 Stipulation and Order, Set Motion and R&R Deadlines/Hearings,,,,,, 1220 MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893) re: 893 MOTION for Sanctions */ PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893) re: 893 MOTION for Sanctions / PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE filed by Chevron Corporation, 1106 MOTION to Compel H5 to Produce Documents. filed by Chevron Corporation, 968 MOTION Strike Chevron's Excessive and Irrelevant Experts. filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 1013 Notice (Other) filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 945 Letter* |

*filed by Chevron Corporation, 915 Memo Endorsement,, 986 Notice of Change of Address filed by Chevron Corporation, 922 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 890 Status Report, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 895 Declaration in Support of Motion,, filed by Chevron Corporation, 1053 Order on Motion for Miscellaneous Relief,,,,,,,, 1213 Affidavit in Support of Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1245 Notice (Other), Notice (Other) filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1100 Memorandum of Law in Support, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 939 Order on Motion for Discovery, 1174 Notice of Change of Address, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 743 Memorandum of Law in Support of Motion filed by Chevron Corporation, 837 Protective Order, 812 MOTION to Compel Chevron Corporation to Respond to Interrogatories and Requests for Admission. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 960 Response in Opposition to Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 826 Order on Motion to Strike,,,, 741 Letter,,,, 859 MOTION for Protective Order Regarding Chevron's Deposition Notices for Camacho and Piaguaje. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1117 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1186 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 1088 Objection to Report and Recommendations filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 850 MOTION to Compel CONSTANTINE CANNON LLP and BROWNSTEIN HYATT FARBER SCHRECK, LLP to PRODUCE DOCUMENTS. filed by Chevron Corporation, 846 Endorsed Letter,, 1222 MOTION FOR REMEDIAL MEASURES CONCERNING VIOLATION OF PROTECTIVE ORDER. filed by Chevron Corporation, 906 Letter,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 753 MOTION for Reconsideration re; 738 Memo Endorsement,,,,, Partial Reconsideration of Order Granting LAPs' Motion for a Protective Order. MOTION for Reconsideration re; 738 Memo Endorsement,,,, Partial Reconsideration of Order Granting LAPs' Motion for a Protective Order. filed by Chevron Corporation, 748 Notice of Filing Transcript, 756 MOTION for Reconsideration re; 738 Memo Endorsement,,,,, – MOTION IN SUPPORT OF PLAINTIFF CHEVRON CORPORATION'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER STRIKING SUBPOENAS. MOTION for Reconsideration re; 738 Memo Endorsement,,,,, – MOTION IN SUPPORT OF PLAINTIFF CHEVRON CORPORATION'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER STRIKING SUBPOENAS. filed by Chevron Corporation, 1037 MOTION for Leave to File DECLARATION OF ANNE CHAMPION IN FURTHER SUPPORT OF OPPOSITION TO DEFENDANTS' JOINT MOTION TO RECONSIDER MARCH 15, 2013 ORDER ON SUBPOENA TO PATTON BOGGS. filed by Chevron Corporation, 875 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 814 MOTION to Compel Defendant Steven Donziger to Answer Requests for Admission. filed by Chevron Corporation, 745 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 1234 Order on Motion to Compel,,,,,,,,,,,, 1011 Order on Motion for Miscellaneous Relief, 1146 Order,,,,,, 794 Letter,, filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 1120 Response in Opposition to Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1014 Memorandum of Law in Opposition to Motion,,, filed by Chevron Corporation, 1218 MOTION to Compel Chevron to Produce Documents. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 802 Protective Order, 757 MOTION for Order to Show Cause – ORDER TO SHOW CAUSE WHY AN ORDER AND TEMPORARY RESTRAINING ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATIONS OF DOE 1 OR DOE 2 SHOULD NOT BE ENTERED. filed by Chevron Corporation, 1103 Declaration in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1233 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 821 Memorandum of Law in Opposition to Motion, filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 907 Order, 792 Letter,, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 813 MOTION to Compel Chevron Corporation to Produce*

*Documents. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1197 MOTION to Stay and Procedural Safeguards. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 967 Memorandum of Law in Support,,, filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 996 Order,,, 965 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 738 Memo Endorsement,,,,, 762 Order,, 807 Response in Opposition to Motion, filed by Chevron Corporation, 1039 Declaration in Support of Motion, filed by Chevron Corporation, 1176 Order, Set Hearings,,,,,,,,,,,,, 787 Order on Motion to Compel,,,, 1207 Order on Motion for Extension of Time to File Response/Reply, 797 MOTION to Appoint Special Master / CHEVRON CORPORATION'S MOTION TO APPOINT SPECIAL MASTER TO OVERSEE PARTY AND PARTY–RELATED DEPOSITIONS IN THIS MATTER. filed by Chevron Corporation, 905 Memorandum & Opinion,,,, 1125 MOTION to Take Deposition from JAMES TYRRELL. filed by Chevron Corporation, 1112 MOTION for Craig Smyser to Withdraw as Attorney in Charge for Defendants Camacho and Piaguaje. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1206 Response to Motion,, filed by Chevron Corporation, 869 Response to Motion, filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 1136 Notice of Interlocutory Appeal, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 934 Declaration in Support of Motion,, filed by Chevron Corporation, 827 Response in Opposition to Motion filed by Chevron Corporation, 860 MOTION to Dismiss / CHEVRON CORPORATION'S NOTICE OF MOTION TO DISMISS AND/OR STRIKE STRATUS CONSULTING, INC.'S COUNTERCLAIMS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT. filed by Chevron Corporation, 836 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1215 Notice of Filing Transcript,, 1020 MOTION for Extension of Time to Respond to Chevron Corporation's Modified Subpoena. filed by Patton Boggs LLP, 1235 Order, 1211 MOTION to Stay. MOTION for Procedural Safeguards. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1006 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 932 MOTION for Order to Show Cause – [PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2). MOTION for Order to Show Cause – [PROPOSED] CHEVRON CORPORATION AND THE STRATUS DEFENDANTS ORDER TO SHOW CAUSE TO (1) STAY ALL DEADLINES AS TO THE STRATUS DEFENDANTS AND (2) FOR AN ORDER PURSUANT TO FED. R. CIV. P. 41(a)(2). filed by Chevron Corporation, 1152 MOTION for Thomas A. Manakides to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8510090. **Motion and supporting papers to be reviewed by Clerk's Office staff.** filed by Chevron Corporation, 985 Notice of Appearance filed by Chevron Corporation, 957 MOTION for Jarod R. Stewart to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8368202. **Motion and supporting papers to be reviewed by Clerk's Office staff.** filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1232 Response in Opposition to Motion filed by Donziger & Associates, PLLC, Steven Donziger, 909 Order on Motion to Strike,,,,,, 1149 Order,,,,,,,,, 1029 Reply Memorandum of Law in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 862 Rule 56.1 Statement filed by Chevron Corporation, 976 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 1030 Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1076 Reply Memorandum of Law in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 767 Joinder,, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 992 Letter, 1243 Notice (Other), Notice (Other) filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 902 Order on Motion to Compel,,,,,,,,,, 1075 Declaration in Support of Motion, filed by Chevron Corporation, 734 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1187 Declaration in Opposition to Motion, filed by Chevron Corporation, 1116 Memorandum of Law in Opposition to Motion, filed by Patton Boggs LLP, 1022 Stipulation and Order,,,,, 776 Letter filed by Donziger & Associates, PLLC, Steven Donziger, 874 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger,*

*1183 Order, 834 Memorandum of Law in Opposition to Motion filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 1204 Letter,,, 1049 Order on Motion to Compel, 1027 Notice of Change of Address filed by Chevron Corporation, 1165 Order,, 805 Declaration in Opposition to Motion,, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 1209 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1178 Stipulation and Order,,,,,,, 1111 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1012 Order,, 1162 Order,,,, 1084 Transcript,, 735 MOTION for Peter E. Seley to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208−8167894. **Motion and supporting papers to be reviewed by Clerk's Office staff.** filed by Chevron Corporation, 1188 Order,,,,,,,,,,, 828 Response in Opposition to Motion filed by Chevron Corporation, 855 Stipulation and Order,,,,,,, 795 Letter, filed by Chevron Corporation, 1115 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 975 Joinder,, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 961 Declaration in Opposition to Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 921 Declaration in Opposition to Motion,, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1122 Order,,,,,,,,, 956 Endorsed Letter,,, 948 Declaration in Opposition to Motion,, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 840 Notice of Filing Transcript, 1212 Affidavit in Support of Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 870 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1048 Order on Motion for Protective Order, 920 Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 872 Notice (Other), Notice (Other) filed by Chevron Corporation, 988 Order,,, 811 MOTION to Compel Chevron Corporation to Produce Documents. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 877 Response in Opposition to Motion, filed by Chevron Corporation, 946 Order, 1252 Objection (non−motion) filed by Donziger & Associates, PLLC, Steven Donziger, 761 Order to Show Cause,,,,,, 901 Order on Motion to Compel,, 1133 MOTION for Robert C. Blume to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208−8497663. **Motion and supporting papers to be reviewed by Clerk's Office staff.** filed by Chevron Corporation, 1147 Notice of Appearance filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1007 Declaration in Support of Motion,, filed by Chevron Corporation, 1058 Order,,,,,,, 1194 MOTION to Compel Steven Donziger to Produce Documents Withheld. filed by Chevron Corporation, 1015 Declaration in Opposition to Motion,, filed by Chevron Corporation, 853 MOTION for Joe L. Silver to Withdraw as Attorney for Stratus Defendants. filed by Stratus Consulting, Inc., Stratus Consulting, Inc., 891 Status Report filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 950 Memorandum of Law in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1064 Order on Motion for Extension of Time,,,,, 848 Order on Motion to Compel,, 1091 USCA Mandate,, 912 Order on Motion to Compel,,,,,,, 1139 Response filed by Chevron Corporation, 1036 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 1023 MOTION to Compel THE LAP REPRESENTATIVES to PRODUCE THE EMAIL EXCHANGE ON OR ABOUT OCTOBER 9, 2012 BETWEEN PABLO FAJARDO AND JAROD STEWART OF THE SMYSER FIRM REFERENCED IN PARAGRAPH 9 OF THE STEWART DECLARATION (DKT. 951). MOTION to Compel THE LAP REPRESENTATIVES to PRODUCE THE EMAIL EXCHANGE ON OR ABOUT OCTOBER 9, 2012 BETWEEN PABLO FAJARDO AND JAROD STEWART OF THE SMYSER FIRM REFERENCED IN PARAGRAPH 9 OF THE STEWART DECLARATION (DKT. 951). filed by Chevron Corporation, 825 Endorsed Letter, Set Hearings,, 835 Response in Opposition to Motion filed by Chevron Corporation, 923 Response filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1056 Memorandum of Law filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 904 Order on Motion to Compel,,,,,, 1033 Order, 1221 MOTION for Discovery and Protective Order. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1231 Response in Opposition to Motion filed by Donziger & Associates, PLLC, Steven Donziger, 778 Response in Opposition to Motion filed by Javier Piaguaje Payaguaje,*

Hugo Gerardo Camacho Naranjo, *947* Response in Opposition to Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, *763* Declaration in Support of Motion,, filed by Chevron Corporation, *1082* Transcript,, *1090* Declaration in Support of Motion, filed by Chevron Corporation, *969* Reply Memorandum of Law in Support of Motion,, filed by Chevron Corporation, *746* Declaration in Support of Motion,, filed by Chevron Corporation, *1132* Order,,,,,,,, *1189* Order,,,, *964* Endorsed Letter, *1185* Order on Motion for Miscellaneous Relief,, *1155* Declaration in Support, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, *1105* Notice (Other) filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, *849* Letter, filed by Chevron Corporation, *832* Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, *974* Declaration in Support of Motion,,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, *771* MOTION to Strike Document No. [152, 154−5, 154−6]. filed by Chevron Corporation, *886* Declaration in Support of Motion filed by Chevron Corporation, *1127* Order on Motion to Amend/Correct,,,,,, *1208* Memorandum of Law in Opposition to Motion,, filed by Chevron Corporation, *1179* Stipulation and Order,,,,,, *899* Letter, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, *1052* Order on Motion for Miscellaneous Relief,,,,,, *1129* Order,, *1062* Endorsed Letter,,, *1114* Declaration in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, *790* Letter, *1079* Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, *844* Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, *866* Endorsed Letter, *910* Order,,,,,,,,,,,,, *780* Order, Set Deadlines,, *1102* Memorandum of Law in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, *1066* Declaration in Support of Motion filed by Chevron Corporation, *1141* Response to Motion, filed by Chevron Corporation, *816* MOTION to Stay / CHEVRON CORPORATION'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS STRATUS CONSULTING, INC.'S COUNTERCLAIMS. filed by Chevron Corporation, *977* Declaration in Opposition to Motion,, filed by Chevron Corporation, Terminate Deadlines, *911* Order on Motion for Protective Order,,, *880* Memo Endorsement,, *963* Internet Citation, *1195* MOTION to Compel LAP Defendants to Produce Documents Withheld. filed by Chevron Corporation, *1201* Stipulation and Order,,,,,,,,, *768* Answer to Complaint, Counterclaim,, filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., *852* MOTION for Martin D Beier to Withdraw as Attorney for Stratus Defendants. filed by Stratus Consulting, Inc., Stratus Consulting, Inc., *924* Order Referring Case to Magistrate Judge, *854* MOTION to Compel LAP REPRESENTATIVES AND DONZIGER DEFENDANTS to PRODUCE DOCUMENTS AND RECORDINGS OF ALLEGED INTERACTIONS BETWEEN CHEVRON AND POTENTIAL WITNESSES. filed by Chevron Corporation, *991* Letter, *1158* Status Report, filed by Chevron Corporation, *1083* Notice of Filing Transcript, *885* Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, *1226* Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, *841* Response, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, *883* Reply to Response to Motion, filed by Stratus Consulting, Inc., *1046* Memorandum of Law in Opposition to Motion filed by Chevron Corporation, *1001* Internet Citation, *1003* Order on Motion to Dismiss, *1253* Order,,,,,,,, *766* Redacted Document filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, *966* Declaration in Support of Motion,, filed by Chevron Corporation, *1148* Order, *851* Order,, *1163* Stipulation and Order,,,,,,, *1210* Memorandum of Law in Opposition to Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, *867* Stipulation and Order,,,,,,,,, *1072* Order Referring Case to Magistrate Judge, *823* Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, *917* Memorandum of Law in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, *749* Transcript,, *1196* Declaration in Support of Motion, filed by Chevron Corporation, *1071* Order on Motion to Strike,,,,,, *800* Order, Set Deadlines, Set Hearings,,,,,,,,,,, *914* Response, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, *1080* Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, *1143* Memorandum of Law in Opposition filed by Chevron Corporation, *764* Rule 56.1 Statement filed by Chevron Corporation, *981* Stipulation

*and Order,,,,,,, 864 Order on Motion to Compel,,,,, 926 Opposition Brief, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 973 MOTION to Supplement the Summary Judgment Record with New Evidence re: 917 Memorandum of Law in Opposition to Motion, Chevron's Motion for Partial Summary Judgment on All Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment MOTION to Supplement the Summary Judgment Record with New Evidence re: 917 Memorandum of Law in Opposition to Motion, Chevron's Motion for Partial Summary Judgment on All Claims, Counterclaims, and Affirmative Defenses, and Summary Judgment filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1104 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 760 Order to Show Cause, Set Deadlines,,,,,,,,,,, 982 Response in Opposition to Motion filed by Chevron Corporation, 785 Declaration in Support of Motion, filed by Chevron Corporation, 1004 MOTION FOR COUNSEL TO BRING ELECTRONIC DEVICES INTO THE DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE FOR USE AT A PROCEEDING. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 893 MOTION for Sanctions / PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS. filed by Chevron Corporation, 1169 Order, 1113 Memorandum of Law in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1184 Order, 1190 Order,,,,,,, 1191 Stipulation and Order,, 783 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 806 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 808 Stipulation and Order, Set Deadlines,,,,,,,,,,,,,,, 752 Rule 56.1 Statement filed by Chevron Corporation, 1108 Memo Endorsement, 1249 Reply to Response to Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 994 Letter, 1063 Order on Motion for Partial Summary Judgment,,,,, 1131 Order, 1223 Order on Motion for Discovery, 742 MOTION to Strike Document No. [Nos. 731 and 732] CHEVRON CORPORATION'S NOTICE OF MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS. filed by Chevron Corporation, 896 Affidavit, 1217 Order on Motion to Compel, 759 Declaration in Support of Motion,, filed by Chevron Corporation, 804 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 984 Notice of Appearance filed by Chevron Corporation, 990 Letter, filed by Chevron Corporation, 1175 Notice of Substitution of Attorney, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1137 Corrected Notice of Appeal, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 1024 Order, 781 MOTION to Compel Steven Donziger and the LAP Defendants to Answer the Interrogatories. filed by Chevron Corporation, 868 Declaration, filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 1018 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 1025 Report and Recommendations, 1230 Response in Opposition to Motion,, filed by Donziger & Associates, PLLC, Steven Donziger, 1200 Order, 819 Order on Motion for Protective Order, Order on Motion for Reconsideration,,,,,,, 820 Memorandum of Law in Opposition to Motion, filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 889 Order on Motion for Reconsideration,,,,,, 942 Order,,,,,,,,,, 937 Endorsed Letter,,, 774 Order, 1140 Response to Motion filed by Chevron Corporation, 755 Declaration in Support of Motion,,,, filed by Chevron Corporation, 1156 Status Report filed by Chevron Corporation, 1224 Order,,,,,,,,, 733 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 838 Memorandum & Opinion,,, 879 Letter,,, 1135 Notice of Interlocutory Appeal, filed by The Law Offices of Steven R. Donziger, 788 Endorsed Letter,,, 1237 Order on Motion for Miscellaneous Relief,,,,,,,, 935 Order on Motion for Order to Show Cause,,,,,,,, 793 Letter, filed by Chevron Corporation, 933 Memorandum of Law in Support of Motion,, filed by Chevron Corporation, 930 Joinder, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 952 Declaration in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1180 MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO*

*HOLD DEFENDANTS IN CONTEMPT (DKT. 893) re: 893 MOTION for Sanctions / PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893) re: 893 MOTION for Sanctions / PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE filed by Chevron Corporation, 796 Declaration in Support, filed by Chevron Corporation, 1238 Order,,, 971 Order,,,,,, 737 MOTION for Peter E. Seley to Appear Pro Hac Vice.* **Motion and supporting papers to be reviewed by Clerk's Office staff.** *filed by Chevron Corporation, 1160 Order, 919 Counter Statement to Rule 56.1 filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1050 Order on Motion to Compel, 873 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 765 Declaration in Opposition to Motion, filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 856 Stipulation and Order,,,,,,,, 1059 Order on Motion for Leave to File Document,, 779 Declaration in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1055 Order on Motion for Leave to File Document,,, 777 Letter,,, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 959 MOTION for Reconsideration re; 905 Memorandum & Opinion,,,,, Memorandum of Law in Support of Defendants' Joint Motion to Reconsider the Court's March 15, 2013 Order Regarding Chevron's Subpoena to Patton Boggs. MOTION for Reconsideration re; 905 Memorandum & Opinion,,,, Memorandum of Law in Support of Defendants' Joint Motion to Reconsider the Court's March 15, 2013 Order Regarding Chevron's Subpoena to Patton Boggs. filed by Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 1166 Letter, 936 Endorsed Letter,, 1107 Memo Endorsement, 754 Declaration in Support of Motion,,,,,,, filed by Chevron Corporation, 1087 Notice of Filing Transcript, 876 Response to Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1067 MOTION to Quash Deposition Notice of John Watson. filed by Chevron Corporation, 1054 MOTION for Leave to File 1 REPLY MEMORANDUM TO CHEVRON'S OPPOSITION [DKT. 1046] AND 2 REPLY MEMORANDUM. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1074 Response in Support of Motion, filed by Chevron Corporation, 1228 Order on Motion for Miscellaneous Relief, 940 Endorsed Letter, Set Motion and R&R Deadlines/Hearings, Terminate Deadlines,,, 791 Letter, filed by Chevron Corporation, 979 MOTION for Ethan D. Dettmer to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8392879.* **Motion and supporting papers to be reviewed by Clerk's Office staff.** *filed by Chevron Corporation, 817 MOTION to Compel Chevron Corp. to produce documents and respond to interrogatories. filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 1203 Stipulation and Order,,, 1248 MOTION Vacate Special Master's Rulings re Kroll Deposition. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 865 Order on Motion to Appoint Expert,,,,,,,,,, 809 Order on Motion to Compel, 983 Order,,,,,,, 929 Stipulation and Order, Set Deadlines,,, 1161 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 829 Brief, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, 1065 MOTION to Quash Notice of Deposition of Edward Scott. filed by Chevron Corporation, 1017 MOTION for Ethan D. Dettmer to Appear Pro Hac Vice.* **Motion and supporting papers to be reviewed by Clerk's Office staff.** *filed by Chevron Corporation, 888 Order on Motion to Withdraw as Attorney,,, 987 Endorsed Letter, 1119 Order on Motion to Quash,,,,, 1098 MOTION for Protective Order re Rule 30(b)(6) Notice. filed by Chevron Corporation, 798 MOTION for Discovery / PLAINTIFF CHEVRON CORPORATION'S MOTION TO RESOLVE DISPUTED ISSUE OF ADMISSIBILTY OF DEPOSITIONS TAKEN IN PRIOR ACTIONS. filed by Chevron Corporation, 1051 Order on Motion to Serve,,,,,, 1040 MOTION for Extension of Time to respond to Chevron's Motions to Compel. filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 1123 Response to Motion filed by H5, 1236 Order on Motion for Miscellaneous Relief,, 1061 Notice of Appearance filed by Chevron Corporation, 918 Declaration in Opposition to Motion,,,,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 878 Order on Motion for Summary Judgment, 1026 Notice of Appearance filed by Chevron Corporation, 1118 Response, filed by Chevron Corporation, 1247*

*Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 1009 Notice of Appearance filed by Patton Boggs LLP, 1035 MOTION for Protective Order. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 972 Order,,,, 784 Declaration in Support of Motion, filed by Chevron Corporation, 845 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 815 MOTION to Compel Defendants Camacho and Payaguaje to Answer Requests for Admission. filed by Chevron Corporation, 892 Status Report filed by Chevron Corporation, 1239 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 1173 Letter, 744 MOTION for Partial Summary Judgment − CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES, AND SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPE filed by Chevron Corporation, 1182 Declaration in Opposition to Motion, filed by Chevron Corporation, 1000 MOTION to Serve / CHEVRON CORPORATION'S MOTION FOR LEAVE TO SERVE A SECOND DOCUMENT SUBPOENA ON AMAZON WATCH. filed by Chevron Corporation, 1089 Declaration in Support of Motion,, filed by Chevron Corporation, 882 Order,,,,,,,,,,,,, 955 Order on Motion to Compel,,,,, 1168 MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits. MOTION Request for (1) Transitional Procedural Safeguards and (2) Disclosure of Secret Affidavits. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 944 Letter, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 839 Transcript,, 1078 Response in Opposition to Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1034 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1101 Declaration in Support, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 978 Letter, 962 Response, filed by Donziger & Associates, PLLC, Chevron Corporation, Hugo Gerardo Camacho Naranjo, Steven Donziger, 1138 Memorandum of Law in Opposition to Motion filed by Patton Boggs LLP, 993 Letter, 1069 MOTION to Quash Notice of Deposition of Kroll, Inc.. filed by Chevron Corporation, 831 Response in Opposition to Motion, filed by Chevron Corporation, 1005 MOTION for Counsel to bring Electronic Devices into the Daniel Patrick Moynihan United States Courthouse for use at a Proceeding. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 847 Status Report filed by Patton Boggs LLP, 1124 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 1240 Declaration in Opposition to Motion,, filed by Chevron Corporation, 1110 Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 1202 Stipulation and Order,,,,, 1214 Transcript,, 1153 Reply to Response to Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1199 Order,, 1085 Notice of Filing Transcript, 1021 Memorandum of Law in Support of Motion filed by Patton Boggs LLP, 1060 Order on Motion for Protective Order,,, 1032 Memorandum of Law in Opposition to Motion,,, filed by Chevron Corporation, 1227 Memo Endorsement,, 1142 Reply to Response to Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 980 Stipulation and Order,,,,,,, 941 Order, 1171 Order,,,,,,,,, 861 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 1242 Order,,, 1181 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 998 Endorsed Letter,,,,,,, 1130 Order on Motion for Protective Order,,,,,, 803 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 747 Transcript,, 750 Notice of Filing Transcript, 1057 Declaration in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 949 MOTION to Compel Non−Settling Defendants' Motion to Compel Production of Declarations and to Extend the Date for Their Response to the Order to Show Cause Regarding Chevron/Stratus Settlement. filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 1151 Memorandum & Opinion,,, 916 MOTION to Strike Document No. 746 Affidavits Accompanying Motion for Partial Summary Judgment. MOTION to Strike Document No. 746 Affidavits Accompanying Motion for Partial Summary Judgment. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 951 Declaration in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 1045 Memo Endorsement,,,,,,,,,,, 1109 MOTION for John W. Keker to*

*Withdraw as Attorney. filed by Donziger & Associates, PLLC, Luis Agustin Payaguaje Piaguaje, Pego Enomenga, Franciso Victor Tanguilla Grefa, Nantoqui Nenquimo, Ehuenguinto Tega, Okata Quipa Nihua, Joseph C. Kohn, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Miipo Yatehue Kemperi, Angel Justino Piaguage Lucitant, Martin Baihua Miipo, Reinaldo Lusitande Yaiguaje, Beatriz Mercedes Grefa Tanguila, Kemperi Baihua Huani, Carlos Grefa Huatatoca, Abamo Omene, Teweyene Luciana Nam Tega, Kohn Swift & Graf, P.C., Bebanca Tega Huani, Laura J Garr, Javier Piaguaje Payaguaje, Republic of Ecuador, Miguel Mario Payaguaje Payaguaje, Alfredo Donaldo Payaguaje Payaguaje, Pentibo Baihua Miipo, Stratus Consulting, Inc., Teodoro Gonzalo Piaguaje Payaguaje, Gloria Lucrecia Tanguila Grefa, Max Gitter, Yehua Tega Huani, Bertha Antonia Yumbo Tanguila, Theodore H. Katz, Compa Guiquita, Weica Apica Huani, Armando Wilfrido Piaguaje Payaguaje, Bai Baihua Miipo, Dabota Tega Huani, Lucio Enrique Grefa Tanguila, Wina Enomenga, John Rodgers, Mencay Baihua Tega, Maria Aguinda Salazar, Cope Tega Huani, Frente de Defensa De La Amazonia, Maria Clelia Reascos Revelo, Pablo Fajardo Mendoza, Narcisa Aida Tanguila Narvaez, Delfin Leonidas Payaguaje Payaguaje, Emilio Martin Lusitande Yaiguaje, Omene Baihua Huani, Catalina Antonia Aguinda Salazar, Daniel Ehuengei, Patton Boggs LLP, Ann Maest, Wagui Coba Huani, Cai Baihua Quemperi, Jose Miguel Ipiales Chicaiza, Wane Ima, Fermin Piaguaje Payaguaje, Luisa Delia Tanguila Narvaez, Jose Gabriel Revelo Llore, Heleodoro Pataron Guaraca, Cahuiya Omaca, Conta Nenquimo Quimontari, Selva Viva Selviva CIA, Ltda, Omari Apica Huani, Elias Roberto Piyahuaje Payahuaje, Olga Gloria Grefa Cerda, Stratus Consulting, Inc., Nenquimo Venancio Nihua, Steven Donziger, Maria Magdalena Rodriguez Barcenes, The Law Offices of Steven R. Donziger, Guillermo Vicente Payaguaje Lusitante, Daniel Carlos Lusitande Yaiguaje, 758 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 1002 Stipulation and Order of Voluntary Dismissal,, 782 MOTION for Reconsideration re; 468 Memorandum & Opinion,,, PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL RECONSIDERATION OF THIS COURT'S MAY 14, 2012 ORDER AND TO REINSTATE CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) </MOTION for Reconsideration re; 468 Memorandum & Opinion,,, PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION FOR PARTIAL RECONSIDERATION OF THIS COURT'S MAY 14, 2012 ORDER AND TO REINSTATE CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) </ filed by Chevron Corporation, 1241 MOTION to Strike Certain of Chevron's Confidentiality Designations and for an Order Requiring Chevron to Demonstrate Why Other Documents Merit Protection. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 884 Memorandum of Law, filed by Chevron Corporation, 1008 Rule 56.1 Statement filed by Chevron Corporation, 925 Order Referring Case to Magistrate Judge, 830 Brief, filed by Javier Piaguaje Payaguaje, 799 MOTION for F. Gerald Maples to Withdraw as Attorney of Record. filed by Javier Piaguaje Payaguaje, 898 Order,, 897 Affidavit, 1070 Order,,,,,,,,,, 881 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 1028 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, The Law Offices of Steven R. Donziger, 1167 Reply Memorandum of Law in Oppisition to Motion, filed by Patton Boggs LLP, 894 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 1126 Stipulation and Order,,,,,, 1068 Declaration in Support of Motion filed by Chevron Corporation, 900 Status Report filed by Chevron Corporation, 943 Letter, filed by Donziger & Associates, PLLC, Steven Donziger, 1128 Order to Show Cause,,,,,, 953 Transcript,, 1170 Order,,,,,, 824 Letter, 954 Notice of Filing Transcript,, 997 Order, Set Hearings,,,,,,,,,,,,,,,,,,,, 770 Declaration in Support of Motion, filed by Chevron Corporation, 730 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 1134 Objection (non−motion), Objection (non−motion) filed by Chevron Corporation, 1099 USCA Mandate,, 769 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 1216 Order, 678 JOINT MOTION for Order to Show Cause Declaration of Craig Smyser and Proposed Show Cause Order Why Further Supplemental Briefing on Crime Fraud Exception as to Patton Boggs Should Not be Stayed filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 728 SECOND MOTION for Protective Order to Strike Chevron Subpoenas to Produce Documents filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 722 Memorandum of Law in Opposition to Motion filed by Donziger &*

*Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 692 Status Report, filed by Chevron Corporation, 684 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 717 Declaration in Opposition filed by Chevron Corporation, 683 Endorsed Letter, 680 Scheduling Order, 682 Stipulation and Order, 677 JOINT MOTION for Order to Show Cause Why Further Supplemental Briefing on Crime Fraud Exception Should Not be Stayed filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 729 Notice of Interlocutory Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 718 Memorandum of Law in Opposition filed by Patton Boggs LLP, 716 Affidavit in Opposition filed by Chevron Corporation, 686 Letter, 708 Order on Motion for Protective Order, 726 Endorsed Letter, 700 Reply to Response to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 695 Memorandum of Law in Support of Motion filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 691 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 687 Reply Memorandum of Law in Oppisition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 681 Order on Motion for Order to Show Cause, 710 Declaration in Support of Motion, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Yehua Tega Huani, Nenquimo Venancio Nihua, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 694 Declaration in Support of Motion, filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 719 Stipulation and Order, Set Deadlines/Hearings, 707 Memorandum & Opinion, 699 MOTION for Leave to File Excess Pages filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 711 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 727 Reply Memorandum of Law in Support of Motion filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 689 Memorandum of Law in Opposition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 685 Stipulation and Order, Set Deadlines/Hearings, 693 MOTION to Amend/Correct 499 Amended Answer to Complaints to add counterclaims filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 714 Declaration in Opposition, filed by Chevron Corporation, 723 Protective Order, 720 Order, 712 Memorandum of Law in Opposition, filed by Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, 709 Reply Memorandum of Law in Support of Motion, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua*

*Miipo, Dabota Tega Huani, Tapare Ahua Yete, 721 Order, 688 Declaration in Opposition to Motion filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 704 Status Report, filed by Chevron Corporation, 690 Joinder filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 698 MOTION for Protective Order to Strike Plaintff Chevron Corporation's Subpoenas to Produce Documents, Information, or Objects and for Clarification on the Status of Three Specific Subpoenas Issued by Defendants filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 702 Order, 706 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 705 Status Report, filed by Chevron Corporation, 703 Stipulation and Order, Set Deadlines/Hearings, 697 Memorandum of Law in Support of Motion filed by Chevron Corporation, 725 Order, 715 Declaration in Opposition, filed by Patton Boggs LLP, 679 Memorandum & Opinion, 724 Order on Motion to Intervene, 713 Memorandum of Law in Opposition, filed by Chevron Corporation, 696 MOTION to Dismiss filed by Chevron Corporation, 438 MOTION to Strike CHEVRON CORPORATION'S MARCH 16, 2012 LETTER BRIEF filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 24 Declaration in Support, filed by Chevron Corporation, 141 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 239 Rule 26(f) Discovery Plan Report filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., Stratus Consulting, Inc., 388 Order on Motion to Withdraw as Attorney, 139 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 254 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 194 Order on Motion to Appear Pro Hac Vice, 96 Declaration in Support, filed by Chevron Corporation, 168 Letter, filed by Chevron Corporation, 434 Order, Set Motion and R&R Deadlines/Hearings, 237 Order to Show Cause, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 249 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 107 Declaration in Support, filed by Chevron Corporation, 284 Order to Show Cause, 109 Declaration in Support, filed by Chevron Corporation, 430 Reply, filed by Chevron Corporation, 199 Order to Show Cause, 134 Affidavit, filed by Chevron Corporation, 80 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 268 MOTION for Nikki K. Vo to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 93 Declaration in Support filed by Chevron Corporation, 78 Order, Set Deadlines/Hearings, 132 Declaration in Opposition filed by The Law Offices of Steven R. Donziger, Steven Donziger, 102 Declaration in Support, filed by Chevron Corporation, 282 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 111 Declaration in Support, filed by Chevron Corporation, 138 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 267 Order, Set Scheduling Order Deadlines, 30 Declaration in Support, filed by Chevron Corporation, 82 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 360 MOTION for Carlos A. Zelaya, II to Withdraw as Attorney. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 230 Declaration in Support, filed by Chevron Corporation, 307 Answer to Amended Complaint filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 163 Certificate of Service Other, filed by Chevron Corporation, 420 Response to Order to Show Cause filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 454 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 270 MOTION for Matthew M. Werdegar to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 461 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 409 Affidavit in Support of Motion, filed by Chevron Corporation, 339 Letter, filed by Chevron Corporation, 460 Notice (Other) filed by Chevron Corporation, 357 Certificate of Service Other, filed by Chevron Corporation, 405 Memorandum of Law in Support of Motion filed by Chevron Corporation, 17 Declaration in Support, filed by Chevron Corporation, 178 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 241 Order, 374 MOTION to Strike Document No. [355, 356, 370] Declarations of Hendricks and Maloney filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 370 Declaration in Support of Motion, filed by Chevron Corporation, 146 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 359 Notice of Change of Address filed*

*by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 32 Declaration in Support, filed by Chevron Corporation, 193 Order, Set Deadlines/Hearings, 341 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 318 Notice (Other) filed by Chevron Corporation, 416 Status Report filed by Chevron Corporation, 140 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 212 Jury Demand filed by The Law Offices of Steven R. Donziger, Steven Donziger, 384 Notice (Other) filed by Chevron Corporation, 161 Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 75 Affidavit of Service Other, filed by Chevron Corporation, 248 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 91 Reply Memorandum of Law in Support filed by Chevron Corporation, 208 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 170 Endorsed Letter, 309 Order, Add and Terminate Attorneys, 330 MOTION to Strike – CHEVRON CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING CERTAIN DEFENSES ASSERTED BY DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN DONZIGER, DONZIGER & ASSOCIATES, PLLC, HUGO filed by Chevron Corporation, 457 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 226 Jury Demand filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 121 Declaration filed by Chevron Corporation, 68 Affidavit of Service Complaints, filed by Chevron Corporation, 285 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 361 Affidavit in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 257 Rule 7.1 Corporate Disclosure Statement filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 180 Letter, 136 Stipulation and Order, Set Deadlines/Hearings, 435 Order on Motion to Appear Pro Hac Vice, 315 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 250 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 443 Order on Motion to Strike, 166 MOTION for John W. Keker to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, 211 Notice (Other), Notice (Other) filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 445 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 182 Order on Motion to Transfer Case, 64 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 127 Order, Set Deadlines, 31 Declaration in Support, filed by Chevron Corporation, 92 Declaration in Support filed by Chevron Corporation, 314 USCA Order – Other, 100 Declaration in Support filed by Chevron Corporation, 439 Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 437 Order on Motion to Appear Pro Hac Vice, 369 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 22 Declaration in Support, filed by Chevron Corporation, 381 Letter, 320 MOTION to Dismiss Amended complaint filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 326 Order, Set Deadlines, 280 Order, 97 Declaration in Support, filed by Chevron Corporation, 458 Declaration in Support of Motion, filed by Chevron Corporation, 297 Memorandum of Law in Opposition filed by Chevron Corporation, 234 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 448 Transcript, 218 Jury Demand filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 433 Order on Motion to Appear Pro Hac Vice, 53 Declaration in Support, filed by Chevron Corporation, 154 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 217 MOTION for Paula L. Blizzard, Matthew M. Werdegar, William S. Hicks, Christopher J. Young, and Nikki H. Vo to Appear Pro Hac Vice filed by The Law Offices of Steven R. Donziger, Steven Donziger, 304 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 181 Memorandum & Opinion, 57 Declaration in Support, filed by Chevron Corporation, 195 Order, 131 Notice (Other) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 337 Stipulation and Order, Set Deadlines/Hearings, 397 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 355 Declaration in Support of Motion, filed by Chevron Corporation, 235 Order on Motion to Appear Pro Hac Vice, 286 Affidavit in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 39 Declaration in Support, filed by Chevron Corporation, 401 Declaration in Support of*

*Motion, filed by Chevron Corporation, 87 Order, 198 Bond filed by Chevron Corporation, 206 Declaration in Support, filed by Chevron Corporation, 125 Certificate of Service Other filed by The Law Offices of Steven R. Donziger, Steven Donziger, 418 Costs Taxed, 35 Declaration in Support, filed by Chevron Corporation, 231 Order, Set Deadlines/Hearings, 449 Notice of Filing Transcript, 185 Letter, 3 Notice of Case Assignment/Reassignment, 49 Declaration in Support, filed by Chevron Corporation, 106 Declaration in Support, filed by Chevron Corporation, 399 Declaration in Support of Motion, filed by Chevron Corporation, 382 Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 34 Declaration in Support, filed by Chevron Corporation, 33 Declaration in Support, filed by Chevron Corporation, 202 Certificate of Service Other, filed by Chevron Corporation, 427 Endorsed Letter, 333 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 417 Notice (Other) filed by Chevron Corporation, 412 Endorsed Letter, 406 Affidavit in Support of Motion, filed by Chevron Corporation, 95 Declaration in Support filed by Chevron Corporation, 462 Declaration in Support of Motion, filed by Chevron Corporation, 421 Declaration in Support, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 40 Declaration in Support, filed by Chevron Corporation, 21 Declaration in Support,, filed by Chevron Corporation, 67 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 346 Notice of Filing Transcript, 122 Declaration filed by Chevron Corporation, 152 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, 319 Reply Memorandum of Law in Support, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 390 USCA Mandate, 400 Declaration in Support of Motion, filed by Chevron Corporation, 52 Declaration in Support, filed by Chevron Corporation, 120 Declaration filed by Chevron Corporation, 83 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 19 Declaration in Support, filed by Chevron Corporation, 214 Certificate of Service Other, filed by Chevron Corporation, 60 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 317 Notice (Other) filed by Chevron Corporation, 272 Order on Motion to Appear Pro Hac Vice, 196 Order on Motion to Appear Pro Hac Vice, 183 Order on Motion for Leave to File Document, 332 Notice of Appeal filed by The Law Offices of Steven R. Donziger, Steven Donziger, 219 MOTION for F. Gerald Maples to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 124 Notice of Appearance filed by The Law Offices of Steven R. Donziger, Steven Donziger, 441 Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 269 MOTION for Christopher J. Young to Appear Pro Hac Vice. filed by The Law Offices of Steven R. Donziger, Steven Donziger, 243 Memorandum of Law in Support of Motion filed by The Law Offices of Steven R. Donziger, Steven Donziger, 425 Declaration in Support of Motion, filed by Chevron Corporation, 37 Declaration in Support, filed by Chevron Corporation, 323 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 118 Declaration filed by Chevron Corporation, 85 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 2 Rule 7.1 Corporate Disclosure Statement filed by Chevron Corporation, 354 Memorandum of Law in Support of Motion filed by Chevron Corporation, 123 Declaration filed by Chevron Corporation, 278 Memorandum & Opinion, 229 Reply Memorandum of Law in Support filed by Chevron Corporation, 42 Declaration in Support, filed by Chevron Corporation, 14 Declaration in Support, filed by Chevron Corporation, 86 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 271 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 452 Reply Memorandum of Law in Support of Motion filed by Chevron Corporation, 244 Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 367 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 338 Letter, filed by Chevron Corporation, 50 Declaration in Support, filed by Chevron Corporation, 343 Memorandum & Opinion, 375 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 228 Endorsed Letter, 358 Order, 56 Declaration in Support, filed by Chevron Corporation, 281 Notice of Appearance filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 70 Affidavit of Service Complaints filed by Ann Maest, 365 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo*

*Camacho Naranjo, Steven Donziger, 300 Declaration in Opposition filed by Chevron Corporation, 88 Order, 391 MOTION for Recusal. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 157 Stipulation and Order, Set Deadlines/Hearings, 1 Complaint, filed by Chevron Corporation, 73 Affidavit of Service Other, filed by Chevron Corporation, 201 Declaration in Support, filed by Chevron Corporation, 377 Memorandum & Opinion, 220 Response to Order to Show Cause filed by The Law Offices of Steven R. Donziger, Steven Donziger, 114 Letter, 142 Declaration in Support, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 287 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 28 Declaration in Support, filed by Chevron Corporation, 256 Declaration in Support filed by Chevron Corporation, 262 Supplemental ROA Sent to USCA – Index, 143 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 263 Order, 149 Memorandum of Law in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 345 Transcript, 215 Certificate of Service Other filed by Chevron Corporation, 79 Order, Set Deadlines/Hearings, 76 Notice (Other) filed by Steven Donziger, 153 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 298 Declaration in Opposition, filed by Chevron Corporation, 293 MOTION to Intervene Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates, PLLC's Memorandum of Law In Support of Application by Order to Show Cause Why They Should Not be Permitted to Intervene in the Declaratory Jud filed by The Law Offices of Steven R. Donziger, Steven Donziger, 81 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 379 Declaration, 290 Transcript, 294 Declaration in Support of Motion, filed by The Law Offices of Steven R. Donziger, Steven Donziger, 349 USCA Mandate, 71 Affidavit of Service Complaints filed by Chevron Corporation, 179 Declaration in Opposition to Motion, filed by Chevron Corporation, 302 MOTION to Dismiss (Notice of Motion to Dismiss Chevron Corporation's Amended Complaint) filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 305 Reply Memorandum of Law in Support filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 74 Affidavit of Service Other, filed by Chevron Corporation, 117 Declaration filed by Chevron Corporation, 238 Pre−Conference Statement filed by Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger, 150 MOTION Increase the Bond (on Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 376 Response in Support of Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 26 Declaration in Support, filed by Chevron Corporation, 277 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 255 Response filed by Chevron Corporation, 383 Notice (Other) filed by Chevron Corporation, 392 Order on Motion for Recusal,,,, 335 Order,, 313 Declaration in Support filed by Chevron Corporation, 362 Order on Motion to Withdraw as Attorney, 356 Declaration in Support of Motion, filed by Chevron Corporation, 347 Notice of Change of Address, filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 12 Declaration in Support, filed by Chevron Corporation, 442 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 62 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 147 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 177 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 308 Endorsed Letter, Set Deadlines, 386 MOTION for Jessica R. Torbin to Withdraw as Attorney of Record filed by Ann Maest, Douglas Beltman, Stratus Consulting, Inc., 151 Memorandum of Law in Support of Motion filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 260 Response, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 279 Scheduling Order, 204 Certificate of Service Other, filed by Chevron Corporation, 160 MOTION to Transfer Case – Application for Transfer of Case as Related to Aguinda, et al. v. Texaco, et al., 93−CV−07527 JSR, Pursuant to Rule 15 of the Division of Business Among District Judges, Southern District filed by The Law Offices of Steven R. Donziger, Steven Donziger, 334 Certificate of Service Other, filed by Chevron Corporation, 43 Declaration in Support, filed by Chevron Corporation, 242 MOTION to Dismiss (Notice of Motion to Dismiss) filed by The Law Offices of Steven R. Donziger, Steven Donziger, 350 Amended Answer to Complaints filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 245 Declaration in*

*Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 133 Affidavit in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 25 Declaration in Support, filed by Chevron Corporation, 419 Certificate of Service Other filed by Chevron Corporation, 414 Status Report, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Stratus Consulting, Inc., Hugo Gerardo Camacho Naranjo, Steven Donziger, Stratus Consulting, Inc., The Law Offices of Steven R. Donziger, Douglas Beltman, Ann Maest, 336 Amended Notice of Appeal filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 431 Declaration in Support, filed by Chevron Corporation, 415 Notice (Other) filed by Chevron Corporation, 207 Notice of Appearance filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 274 Order on Motion to Appear Pro Hac Vice, 371 Endorsed Letter, 159 Notice (Other), Notice (Other) filed by Steven Donziger, The Law Offices of Steven R. Donziger, 162 Certificate of Service Other, filed by Chevron Corporation, 144 MOTION to Increase Bond Amount (On Short Notice) MOTION to Increase Bond Amount (On Short Notice) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 213 Stipulation and Order, Set Deadlines, 327 Memorandum & Opinion, 463 Letter, filed by Chevron Corporation, 65 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 116 Declaration in Support filed by Chevron Corporation, 240 Pre−Conference Statement filed by Chevron Corporation, 266 Order on Motion for Oral Argument, 289 Order, Set Deadlines, 368 Memo Endorsement, 130 Notice of Appearance filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 252 Declaration in Opposition, filed by Chevron Corporation, 98 Declaration in Support filed by Chevron Corporation, 353 MOTION for Attachment Defendants' Assets / CHEVRON CORPORATION'S NOTICE OF MOTION FOR AN ORDER OF ATTACHMENT AND OTHER RELIEF filed by Chevron Corporation, 29 Declaration in Support, filed by Chevron Corporation, 77 Order, Set Deadlines/Hearings, 171 MOTION for Martin D. Beier, Joe L. Silver and Jessica R. Torbin to Appear Pro Hac Vice. filed by Stratus Consulting, Inc., Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 172 MOTION for Leave to File Supplemental Opposition to Chevron Corporation's Motion for Preliminary Injunction. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 210 Order on Motion to Appear Pro Hac Vice, 69 Affidavit of Service Complaints filed by Chevron Corporation, 48 Declaration in Support, filed by Chevron Corporation, 322 Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 402 Declaration in Support of Motion, filed by Chevron Corporation, 8 Declaration in Support, filed by Chevron Corporation, 10 Declaration in Support, filed by Chevron Corporation, 303 Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 115 Declaration in Support filed by Chevron Corporation, 348 Memorandum & Opinion, 447 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 352 USCA Mandate, 224 Response to Order to Show Cause filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 413 Order to Show Cause, 340 Reply Memorandum of Law in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 190 MOTION for Carlos A Zelaya, II to Appear Pro Hac Vice filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 408 Declaration in Support of Motion filed by Chevron Corporation, 440 Declaration in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 119 Declaration filed by Chevron Corporation, 27 Declaration in Support, filed by Chevron Corporation, 227 Order, 283 Amended Complaint, filed by Chevron Corporation, 156 Notice of Substitution of Attorney, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 275 Response, filed by Chevron Corporation, 422 Declaration, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 112 Order, 5 Memorandum of Law in Support filed by Chevron Corporation, 324 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 158 Letter, 389 Order, 410 Declaration in Support of Motion, filed by Chevron Corporation, 44 Declaration in Support, filed by Chevron Corporation, 331 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 373 Response in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 428 Endorsed Letter, 258 Answer to Complaint filed by Stratus Consulting, Inc., Ann*

*Maest, Douglas Beltman, 203 Certificate of Service Other, filed by Chevron Corporation, 184 Letter, 310 Memorandum & Opinion, 328 Order, 23 Declaration in Support, filed by Chevron Corporation, 105 Declaration in Support, filed by Chevron Corporation, 45 Declaration in Support, filed by Chevron Corporation, 429 Letter, filed by Chevron Corporation, 456 Joinder, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 61 Memorandum of Law in Opposition filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 38 Declaration in Support, filed by Chevron Corporation, 444 Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 424 Memorandum of Law in Support of Motion filed by Chevron Corporation, 7 Declaration in Support, filed by Chevron Corporation, 325 Reply Memorandum of Law in Support of Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 292 Order to Show Cause, 36 Declaration in Support, filed by Chevron Corporation, 41 Declaration in Support, filed by Chevron Corporation, 113 MOTION for Scott A. Edelman, William E. Thomson and Andrea E. Neuman to Appear Pro Hac Vice filed by Chevron Corporation, 411 Declaration in Support of Motion, filed by Chevron Corporation, 126 Order on Motion to Appear Pro Hac Vice, 426 Memo Endorsement, 186 Letter, 46 Declaration in Support, filed by Chevron Corporation, 273 Order on Motion to Appear Pro Hac Vice, 6 Declaration in Support, filed by Chevron Corporation, 200 Memorandum of Law in Support filed by Chevron Corporation, 135 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 128 Letter, filed by Pablo Fajardo Mendoza, 316 Notice (Other) filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 251 Memorandum of Law in Opposition filed by Chevron Corporation, 59 Notice of Appearance filed by Chevron Corporation, 222 Rule 7.1 Corporate Disclosure Statement filed by Stratus Consulting, Inc., 423 MOTION for Order to Show Cause / [PROPOSED] ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT EXONERATE CHEVRON'S $21.8 MILLION BOND. filed by Chevron Corporation, 197 MOTION for Jan Nielsen Little to Appear Pro Hac Vice filed by Steven Donziger, The Law Offices of Steven R. Donziger, 464 Letter, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 47 Declaration in Support, filed by Chevron Corporation, 366 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 94 Declaration in Support filed by Chevron Corporation, 90 Endorsed Letter, 110 Declaration in Support, filed by Chevron Corporation, 432 Certificate of Service Other filed by Chevron Corporation, 104 Declaration in Support filed by Chevron Corporation, 223 Memorandum of Law in Opposition filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 11 Declaration in Support, filed by Chevron Corporation, 63 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 192 Order on Motion to Appear Pro Hac Vice, 99 Declaration in Support filed by Chevron Corporation, 103 Declaration in Support, filed by Chevron Corporation, 189 Reply Memorandum of Law in Support of Motion filed by Steven Donziger, The Law Offices of Steven R. Donziger, 54 Declaration in Support, filed by Chevron Corporation, 299 Declaration in Opposition filed by Chevron Corporation, 20 Declaration in Support, filed by Chevron Corporation, 101 Declaration in Support filed by Chevron Corporation, 155 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 129 Stipulation and Order, Set Deadlines, 4 Order to Show Cause, 276 Declaration, filed by Chevron Corporation, 436 Order on Motion to Appear Pro Hac Vice, 233 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 72 Affidavit of Service Other, filed by Chevron Corporation, 321 Declaration in Support of Motion filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 18 Declaration in Support, filed by Chevron Corporation, 188 Order on Motion for Miscellaneous Relief, 66 Affirmation in Opposition, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 291 Notice of Filing Transcript, 342 Order on Motion to Dismiss, 363 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 385 USCA Order, 169 Letter, 404 MOTION for Order to Show Cause Why Attachment of Defendants' Assets Should Not Be Ordered filed by Chevron Corporation, 16 Declaration in Support, filed by Chevron Corporation, 13 Declaration in Support, filed by Chevron Corporation, 58 Declaration in Support,*

*filed by Chevron Corporation, 344 Order, 288 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 312 Memorandum of Law in Opposition, filed by Chevron Corporation, 295 Memorandum of Law in Support, filed by Steven Donziger, The Law Offices of Steven R. Donziger, 296 Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, 396 MOTION for Summary Judgment CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES OF RES JUDICATA AND COLLATERAL ESTOPPEL. filed by Chevron Corporation, 259 Answer to Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 372 MOTION for Leave to File Sur Reply to Motion for Attachment and Other Relief.. filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 465 Notice of Appeal filed by Patton Boggs LLP, 450 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 301 Rule 7.1 Corporate Disclosure Statement filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 453 Declaration in Support of Motion, filed by Chevron Corporation, 451 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 148 Declaration in Support of Motion,, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 209 Stipulation and Order, Add and Terminate Attorneys,, 216 Certificate of Service Other filed by Chevron Corporation, 364 Memorandum of Law in Opposition to Motion, filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 459 Memorandum & Opinion, 351 USCA Order, 387 Certificate of Service Other filed by Stratus Consulting, Inc., Ann Maest, Douglas Beltman, 145 Declaration in Support of Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 264 Letter filed by Steven Donziger, 15 Declaration in Support, filed by Chevron Corporation, 205 Notice (Other), Notice (Other) filed by Chevron Corporation, 246 Certificate of Service Other, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 446 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, The Law Offices of Steven R. Donziger, 89 Notice of Appearance filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 167 Notice (Other), Notice (Other) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 398 Rule 56.1 Statement filed by Chevron Corporation, 407 Declaration in Support of Motion filed by Chevron Corporation, 380 Letter,, filed by Chevron Corporation, 137 Memorandum of Law in Opposition filed by Steven Donziger, The Law Offices of Steven R. Donziger, 306 Declaration in Support, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 187 Order, 329 Order, 108 Declaration in Support, filed by Chevron Corporation, 378 Order on Motion for Leave to File Document, Order on Motion to Strike,, 221 Declaration in Support filed by Steven Donziger, The Law Offices of Steven R. Donziger, 236 Order, Set Deadlines/Hearings, 55 Declaration in Support filed by Chevron Corporation, 51 Declaration in Support, filed by Chevron Corporation, 9 Declaration in Support, filed by Chevron Corporation, 455 Declaration in Opposition to Motion, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 225 MOTION for Oral Argument REQUEST for Oral Argument in Connection with Chevron's Motion to Bifurcate Declaratory Judgment Claim in Whole or in Part filed by Steven Donziger, The Law Offices of Steven R. Donziger, 311 Answer to Amended Complaint filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 84 Certificate of Service Other filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, 626 Endorsed Letter,, 624 MOTION to Compel Chevron Corporation to Produce. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, 676 JOINT MOTION for Protective Order. filed by Chevron Corporation, 674 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 607 Endorsed Letter, 646 Memorandum of Law in Support of Motion,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua*

*Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihui Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Yehua Tega Huani, Nenquimo Venancio Nihua, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete,* 477 *Notice of Appearance filed by Joseph C. Kohn, Kohn Swift & Graf, P.C.,* 525 *Declaration in Support of Motion filed by Patton Boggs LLP,* 675 *Declaration in Opposition to Motion, filed by Chevron Corporation,* 618 *MOTION for Protective Order to Strike the LAPs Requests for Production. filed by Chevron Corporation,* 482 *Notice (Other) filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger,* 599 *Notice of Filing Transcript,* 643 *Counterclaim filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger,* 498 *Order on Motion for Discovery,,,,,,* 471 *Order,* 653 *Order,,* 588 *Memo Endorsement,,,,* 625 *Letter,,, filed by Chevron Corporation,* 647 *Declaration in Support of Motion,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete,* 556 *Declaration in Support of Motion filed by Patton Boggs LLP,* 659 *Declaration in Support filed by Patton Boggs LLP,* 549 *Declaration in Opposition to Motion, filed by Chevron Corporation,* 575 *Declaration in Opposition to Motion, filed by Chevron Corporation,* 567 *Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger,* 601 *Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje,* 576 *Order on Motion to Appear Pro Hac Vice,* 562 *MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS. filed by Chevron Corporation,* 559 *Memorandum of Law in Opposition to Motion filed by Chevron Corporation,* 629 *Memorandum of Law in Opposition to Motion filed by Chevron Corporation,* 496 *Response in Opposition to Motion, filed by Chevron Corporation,* 487 *MOTION for Patricia M. Hamill to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C.,* 621 *Order,* 536 *Letter,, filed by Chevron Corporation,* 495 *Order on Motion for Discovery,,,,,* 555 *Declaration in Support of Motion filed by Patton Boggs LLP,* 649 *MOTION for Certificate of Appealability Notice of Motion for Certification of the Court's November 27, 2012 Order for Interlocutory Appeal. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje,* 539 *Reply filed by Joseph C. Kohn, Kohn Swift & Graf, P.C.,* 611 *Memorandum of Law in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger,* 632 *Reply filed by Chevron Corporation,* 505 *Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation,* 668 *Notice of Appearance filed by Chevron Corporation,* 513 *Opposition Brief filed by Laura J Garr,* 475 *MOTION for Discovery to Carry Over and Calendar Chevron's Motions to Compel Directed to Joseph Kohn, Andrew Woods, and Laura Garr. filed by Chevron Corporation,* 540 *Opposition Brief, filed by Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger,* 596 *Notice of Filing Transcript,,* 522 *MOTION to Quash Subpoena Duces Tecum of Patton Boggs. filed by Patton Boggs LLP,* 499 *Amended Answer to Complaints filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman,* 614 *Counter Statement to Rule 56.1 filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger,* 566 *MOTION for Leave to File Amended Answer and Counterclaims. filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger,* 533 *Endorsed Letter, Set Motion and R&R Deadlines/Hearings,,* 563 *Response in Opposition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje,* 639 *Notice of Appearance,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega,*

*Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 635 Memo Endorsement,,,, 504 MOTION for Jason B. Stavers to Appear Pro Hac Vice. filed by Chevron Corporation, 503 Notice of Appearance filed by Chevron Corporation, 483 MOTION for Summary Judgment. filed by Chevron Corporation, 472 Order on Motion to Dismiss,, 518 Memorandum of Law in Support of Motion filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 595 Transcript,, 594 Order, 631 Declaration in Support of Motion,, filed by Chevron Corporation, 554 MOTION for Justina K. Sessions to Appear Pro Hac Vice Corrected. Motion and supporting papers to be reviewed by Clerk's Office staff. filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 648 Endorsed Letter, Set Hearings,,,, 604 Transcript,, 506 Declaration in Support of Motion filed by Chevron Corporation, 636 Order, 617 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 548 Affidavit in Opposition to Motion filed by Chevron Corporation, 502 Memorandum of Law in Opposition to Motion filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 657 Response filed by Chevron Corporation, 608 MOTION to Compel DEFENDANTS STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOCIATES, PLLC, JAVIER PIAGUAJE PAYAGUAJE, AND HUGO GERARDO CAMACHO NARANJO to PRODUCE DOCUMENTS. filed by Chevron Corporation, 602 Transcript,, 538 Endorsed Letter,,, 660 Declaration,, filed by Patton Boggs LLP, 537 Endorsed Letter, Set Deadlines,,,, 577 Stipulation and Order,,, 485 Declaration in Support of Motion filed by Chevron Corporation, 665 Memorandum of Law in Support, filed by Patton Boggs LLP, 553 MOTION for Leave to File Second Amended Answer to Amended Complaint Separate Defenses, and Jury Trial Demand. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 667 MOTION for Protective Order / CHEVRON'S MOTION FOR PROTECTIVE ORDER TO STRIKE DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMIS filed by Chevron Corporation, 473 Notice (Other) filed by Chevron Corporation, 519 Affidavit in Support of Motion filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 488 MOTION for James J. Rohn to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 591 MOTION to Quash. filed by John Rodgers, 507 Order on Motion to Appear Pro Hac Vice, 652 Stipulation and Order,,,,, 587 Order, Set Deadlines/Hearings,,, 593 Notice of Appearance filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 664 Declaration filed by Patton Boggs LLP, 582 Order, Set Deadlines/Hearings,, 494 Order, Set Deadlines/Hearings,,, 564 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 619 MOTION for Protective Order Striking the LAPs Request for Production (CORRECTED). MOTION for Protective Order Striking the LAPs Request for Production (CORRECTED). filed by Chevron Corporation, 622 Reply Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 638 Order on Motion for Leave to File Document,, 673 Notice of Interlocutory Appeal filed by Patton Boggs LLP, 672 Response in Opposition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 584 Memorandum of Law in Support of Motion, filed by Chevron Corporation, 561 Declaration in Opposition to Motion,,, filed by Chevron Corporation, 508 SECOND MOTION for Discovery for Miscellaneous Relief in Connection with Responding to Non–Party Subpoena Propounded by Chevron Corporation. filed by Patton Boggs LLP, 645 MOTION to Intervene. filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam*

Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 535 Endorsed Letter,, 669 Notice of Appearance filed by Republic of Ecuador, 585 Rule 56.1 Statement filed by Chevron Corporation, 541 Memorandum of Law in Opposition to Motion filed by Chevron Corporation, 474 Answer to Amended Complaint filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 616 Response in Opposition to Motion,, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 583 MOTION for Summary Judgment – CHEVRON CORPORATION'S NOTICE OF MOTION FOR SUMMARY JUDGMENT ON ITS EIGHTH CLAIM FOR RELIEF (VIOLATION OF NEW YORK JUDICIARY LAW 487). filed by Chevron Corporation, 620 Stipulation and Order, Set Deadlines/Hearings,, 550 Memorandum & Opinion,,,,,,,,,, 655 Status Report filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 633 Order on Motion to Compel, Order on Motion for Protective Order,,,,,,,,,,,,, 527 Memorandum of Law in Support of Motion filed by Patton Boggs LLP, 640 Notice of Appearance,,, filed by Wina Enomenga, Pego Enomenga, Mencay Baihua Tega, Nantoqui Nenquimo, Cope Tega Huani, Ehuenguinto Tega, Okata Quipa Nihua, gaware Tega Huani, Nama Baihua Huani, Onenca Enomenga, Apara Quemperi Yate, menemo Huani Baihua, Omene Baihua Huani, Miipo Yatehue Kemperi, Martin Baihua Miipo, Minihua Huani Yate, Daniel Ehuengei, Kemperi Baihua Huani, Abamo Omene, Teweyene Luciana Nam Tega, Wagui Coba Huani, Ahuame Huani Baihua, Ahua Baihua Caiga, Cai Baihua Quemperi, Namo Huani Yate, Wane Ima, Bebanca Tega Huani, Pentibo Baihua Miipo, Tepaa Quimontari Waiwa, Omayihue Baihua, Mima Yeti, Cahuiya Omaca, Conta Nenquimo Quimontari, Omari Apica Huani, Nenquimo Venancio Nihua, Yehua Tega Huani, Comita Huani Yate, Compa Guiquita, Weica Apica Huani, Bai Baihua Miipo, Dabota Tega Huani, Tapare Ahua Yete, 531 Response, filed by Chevron Corporation, 644 Order, 609 Stipulation and Order, Set Deadlines,, 612 Counter Statement to Rule 56.1 filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 592 MOTION to Quash. filed by Laura Belanger, 581 Reply Memorandum of Law in Support of Motion filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 557 Declaration in Support of Motion, filed by Patton Boggs LLP, 670 Notice of Interlocutory Appeal filed by Republic of Ecuador, 476 Notice of Appearance filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 579 Response to Discovery filed by Patton Boggs LLP, 523 Declaration in Support of Motion filed by Patton Boggs LLP, 529 Declaration in Support of Motion, filed by Patton Boggs LLP, 605 Notice of Filing Transcript,, 491 Order on Motion to Appear Pro Hac Vice, 479 Response in Opposition to Motion, filed by Andrew Woods, Laura J Garr, 600 MOTION for Judgment on the Pleadings Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje's Notice of Motion for Judgment on the Pleadings. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 497 Endorsed Letter,,,, 551 Order on Motion for Summary Judgment, 558 Reply Memorandum of Law in Support of Motion filed by Patton Boggs LLP, 580 Reply Memorandum of Law in Oppisition to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 663 Status Report, filed by Chevron Corporation, 510 Response filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 615 Memorandum of Law in Opposition to Motion, filed by Chevron Corporation, 470 Letter,, filed by Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Steven Donziger, 666 Status Report, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 654 Letter, 468 Memorandum & Opinion,,, 489 MOTION for Joshua J. Voss to Appear Pro Hac Vice. filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 501 Declaration in Opposition to Motion filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 469 Certificate of Clerk, 598 Transcript,, 478 Response to Motion filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 613 Declaration in Support of Motion,, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 597 Order on Motion to Quash,,,, 547 Affidavit in Opposition to Motion filed by Chevron Corporation, 484 Memorandum of Law in Support of Motion filed by Chevron Corporation, 534 Endorsed Letter, Set Deadlines/Hearings,, 493 MOTION for Discovery for Miscellaneous Relief in Connection with Responding to Non–Party Subpoena propounded by Chevron Corporation. filed by Patton Boggs LLP, 586

|  |  | *Declaration in Support of Motion,,, filed by Chevron Corporation, 546 Declaration in Opposition to Motion, filed by Chevron Corporation, 517 MOTION to Dismiss for Lack of Jurisdiction. filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 532 Declaration in Support of Motion, filed by Patton Boggs LLP, 610 Stipulation and Order, Set Motion and R&R Deadlines/Hearings,,,, 467 Order on Motion for Order to Show Cause, 509 Affidavit in Support of Motion filed by Patton Boggs LLP, 606 Order,,,,, 481 Response in Opposition to Motion, filed by Ann Maest, Stratus Consulting, Inc., Douglas Beltman, 486 Rule 56.1 Statement filed by Chevron Corporation, 480 Response in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 524 Declaration in Support of Motion filed by Patton Boggs LLP, 630 Reply Memorandum of Law in Support of Motion, filed by Chevron Corporation, 565 Declaration in Opposition to Motion, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 500 Order, 627 Letter, filed by Chevron Corporation, 514 Response to Motion, filed by Chevron Corporation, 662 Declaration in Support filed by Patton Boggs LLP, 658 Declaration in Support,,,, filed by Chevron Corporation, 511 Declaration filed by Joseph C. Kohn, Kohn Swift & Graf, P.C., 634 Order on Motion for Judgment on the Pleadings,,,, 623 Response to Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 656 Response, filed by Chevron Corporation, 492 Order on Motion to Appear Pro Hac Vice, 490 Order on Motion to Appear Pro Hac Vice, 526 Joinder filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 671 Endorsed Letter, Set Deadlines,,,, 590 Endorsed Letter, 651 Memorandum of Law in Support of Motion, filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, 512 Opposition Brief, filed by Donziger & Associates, PLLC, Steven Donziger, The Law Offices of Steven R. Donziger, 637 Order on Motion for Leave to File Document, 589 Stipulation and Order, Set Motion and R&R Deadlines/Hearings were transmitted to the U.S. Court of Appeals. (nd) (Entered: 06/20/2013)* |
|---|---|---|
| 06/20/2013 | 1255 | MOTION to Strike Document No. [1039−02] *the Declaration of Christopher Bogart from the Docket, for an Order Granting Camacho and Piaguaje Leave to Serve a Limited Document Subpoena on Burford Capital LLC and its Affiliates, for an Order Striking Confidentiality Designations, and for Sanctions Against Chevron and Burford*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 06/20/2013) |
| 06/20/2013 | 1256 | MEMORANDUM OF LAW in Support *of Motion to Strike the Declaration of Christopher Bogart from the Docket, for an Order Granting Camacho and Piaguaje Leave to Serve a Limited Document Subpoena on Burford Capital LLC and its Affiliates, for an Order Striking Confidentiality Designations, and for Sanctions Against Chevron and Buford*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 06/20/2013) |
| 06/20/2013 | 1257 | DECLARATION of Julio C. Gomez in Support. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11 (filed under seal), # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15−16 (filed under seal), # 17 Exhibit 17, # 18 Exhibit 18−20 (filed under seal), # 19 Exhibit 21, # 20 Exhibit 22, # 21 Exhibit 23, # 22 Exhibit 24, # 23 Exhibit 25, # 24 Exhibit 26, # 25 Exhibit 27, # 26 Exhibit 28, # 27 Exhibit 29, # 28 Exhibit 30)(Gomez, Julio) (Entered: 06/20/2013) |
| 06/20/2013 | 1258 | **FILING ERROR − DUPLICATE DOCKET ENTRY −** DECLARATION of Julio C. Gomez in Support. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 31, # 2 Exhibit 32, # 3 Exhibit 33 (filed under seal), # 4 Exhibit 34, # 5 Exhibit 35, # 6 Exhibit 36, # 7 Exhibit 37, # 8 Exhibit 38−42 (filed under seal), # 9 Exhibit 43, # 10 Exhibit 44−46 (filed under seal), # 11 Exhibit 47, # 12 Exhibit 48, # 13 Exhibit 49−53 (filed under seal), # 14 Exhibit 54, # 15 Exhibit 55, # 16 Exhibit 56−71 (filed under seal), # 17 Exhibit 72, # 18 Exhibit 73, # 19 Exhibit 74 (filed under seal), # 20 Exhibit 75, # 21 Exhibit 76 (filed under seal), # 22 Exhibit 77, # 23 Exhibit 78, # 24 Exhibit 79)(Gomez, Julio) Modified on 6/21/2013 (db). (Entered: 06/20/2013) |

| | | |
|---|---|---|
| 06/20/2013 | 1259 | MOTION to Compel Patton Boggs to Produce Documents from Its Privilege Logs. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Mastro, Randy) (Entered: 06/20/2013) |
| 06/21/2013 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Julio C. Gomez to RE–FILE Document 1258 Declaration in Support of Motion. ERROR(S): Duplicate Docket Entry. Refile document so PDF First page reads SUPPLEMENTAL DECLARATION OF JULIO C. GOMEZ IN SUPPORT OF MOTION (Exhibits 31–79). Make sure to sign or s/ new document. (db) (Entered: 06/21/2013) |
| 06/21/2013 | 1260 | DECLARATION of Julio C. Gomez in Support. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 31, # 2 Exhibit 32, # 3 Exhibit 33 (filed under seal), # 4 Exhibit 34, # 5 Exhibit 35, # 6 Exhibit 36, # 7 Exhibit 37, # 8 Exhibit 38–42 (filed under seal), # 9 Exhibit 43, # 10 Exhibit 44–46 (filed under seal), # 11 Exhibit 47, # 12 Exhibit 48, # 13 Exhibit 49–53 (filed under seal), # 14 Exhibit 54, # 15 Exhibit 55, # 16 Exhibit 56–71 (filed under seal), # 17 Exhibit 72, # 18 Exhibit 73, # 19 Exhibit 74 (filed under seal), # 20 Exhibit 75, # 21 Exhibit 76 (filed under seal), # 22 Exhibit 77, # 23 Exhibit 78, # 24 Exhibit 79)(Gomez, Julio) (Entered: 06/21/2013) |
| 06/21/2013 | 1261 | SEALED DOCUMENT placed in vault.(nm) (Entered: 06/21/2013) |
| 06/21/2013 | 1262 | RESPONSE re: 1252 Objection (non–motion) / CHEVRON CORPORATION'S OPPOSITION TO DEFENDANT DONZIGER'S OBJECTIONS TO RULINGS BY THE SPECIAL MASTER IN THE DEPOSITION OF DANIEL E. KARSON (KROLL, INC. 30(b)(6)). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mastro, Randy) (Entered: 06/21/2013) |
| 06/21/2013 | 1263 | RESPONSE re: 1246 Objection (non–motion), Objection (non–motion) / CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS HUGO GERARDO CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJES OBJECTION TO SPECIAL MASTERS' RULING AT DEPOSITION OF JOSEPH KOHN WAIVING DEFENDANTS' CLAIM OF PRIVILEGE AND WORK PRODUCT PRESERVED BY THE PARTIES' STIPULATION AND ORDER PURSUANT TO FED. R. CIV. P. 502(D). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit Exhibits A and B – Under Seal, # 2 Exhibit C)(Mastro, Randy) (Entered: 06/21/2013) |
| 06/24/2013 | 1264 | ORDER: The Special Masters are requested, in accordance with the Order of Appointment and Fed. R. Civ. P. 53, to file at their earliest convenience such materials as are appropriate to ensure that the complete record is before the Court with respect to those of their rulings as to which either side has requested or hereafter requests review. (Signed by Judge Lewis A. Kaplan on 6/24/2013) (mro) (Entered: 06/24/2013) |
| 06/24/2013 | 1265 | NOTICE of CHEVRON CORPORATION'S NOTICE OF NON–OPPOSITION TO THE COURT'S JUNE 19, 2013 ORDER REGARDING PAYMENTS FOR THE SERVICES RENDERED BY THE SPECIAL MASTERS re: 1253 Order,,,,,,,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 06/24/2013) |
| 06/24/2013 | 1266 | MOTION for Extension of Time to Respond to Order to Show Cause. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 06/24/2013) |
| 06/24/2013 | 1267 | OPPOSITION BRIEF re: 1253 Order,,,,,,,,,,. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Donziger, Steven) (Entered: 06/24/2013) |
| 06/25/2013 | 1268 | ORDER denying 1221 Motion for Immediate Protective Order. The motion for an "immediate protective order staying the progress of discovery in this case until such time as the Court can rule on [Mr. Donziger's] earlier request for relief or, in the alternative, other relief [DI 1221] is denied. The Court will issue a decision on the June 5 motion [DI 1211] as promptly as is practicable in all of the circumstances. (Signed by Judge Lewis A. Kaplan on 6/25/2013) (mro) Modified on 6/25/2013 (mro). (Entered: 06/25/2013) |

| | | |
|---|---|---|
| 06/25/2013 | 1269 | SEALED DOCUMENT placed in vault.(nm) (Entered: 06/26/2013) |
| 06/25/2013 | 1271 | ORDER granting in part and denying in part 1266 Motion for Extension of Time. The motion of the LAP Representatives for an extension of time within which to respond to the order to show cause, dated June 19, 2013, is granted to the extent that their time, as well as that of the Donziger Defendants, is extended to and including July 5, 2013, and otherwise denied. (Show Cause Response due by 7/5/2013.) (Signed by Judge Lewis A. Kaplan on 6/25/2013) (mro) (Entered: 06/27/2013) |
| 06/26/2013 | 1270 | MOTION for Protective Order. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 06/26/2013) |
| 06/26/2013 | 1283 | ORDER: On April 18, 2013, the Court directed Mr. Smyser, formerly counsel in this action for the LAP Representative defendants, to provide the Court with two copies of each of two particular sets of motion papers, properly labeled and with indices to the exhibits. Tr., Apr. 18, 2013, at 306:6–21. This was necessitated by the very large volume of the motion papers and the inability to work effectively with them absent labels and indices. Mr. Smyser has not complied with that order, perhaps having overlooked the need to do so. The order, however, shall be complied with no later than July 8, 2013. (Signed by Judge Lewis A. Kaplan on 6/26/2013) (mro) Copies Mailed by Chambers. Modified on 7/9/2013 (mro). (Entered: 07/03/2013) |
| 06/27/2013 | 1272 | SPECIAL MASTERS ORDER NO. 18: By an email sent to us yesterday at 11:29 p.m., Mr. Donziger requests that the remaining (presumptive) 2 hours and 42 minutes of his deposition, scheduled to continue at 1:00 p.m. on Friday, June 28, 2013, be adjourned sine die pending Judge Kaplan's ruling on a motion for a protective order Mr. Donziger filed yesterday (ECF No. 1270). Chevron opposes. The application is denied. As a general matter, the "filing of a motion for a protective order does not stay [a] noticed deposition[.]" Berisford Int'l v. Weiss, No. 92 Civ. 3459 (JFK), 1992 WL 296427, at *1 (S.D.N.Y. Oct. 2, 1992) (citing FAA v. Landy, 705 F.2d 624, 634–35 (2d Cir. 1983)). If Mr. Donziger's motion for a protective order had any merit, we might consider a stay. But it does not. Among other reasons set forth herein. The foregoing are merely some of the many reasons for denying the application, in addition to the reasons cited in Chevron's opposition, which is annexed hereto along with Mr. Donziger's application. Mr. Donziger is ORDERED to appear at 1:00 p.m. tomorrow for the remainder of his deposition. Absent a further order from Judge Kaplan, the filing of an appeal from this Order does not stay the parties obligations hereunder. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 6/27/2013) (mro) (Entered: 06/27/2013) |
| 06/27/2013 | 1273 | MEMORANDUM AND ORDER: Defendant Steven Donziger has been directed by a special master to appear tomorrow and testify at his deposition (which also is the Rule 30(b)(6) deposition of one of his law firms) for an additional 2 hours and 42 minutes, thus completing a second (and probably final) full day of examination in this case. He now moves for review of the special master's order, mislabeling his application as one for a protective order. He further characterizes the application, misleadingly, as one to prevent "Chevron from taking an 18th day of deposition from Steven Donziger." To this it might be added that Mr. Donziger, after filing this motion but without advising this Court that he had done so, moved before the special masters for a stay of the remainder of his deposition pending this Court's ruling on this motion. That motion was denied a short time ago. Special Masters Order No. 18 ("SMO 18"). The motion to review the special master's ruling directing Mr. Donziger to appear for and testify on Friday, June 28, 2013, is denied. Mr. Donziger shall comply with the special master's directions. (Signed by Judge Lewis A. Kaplan on 6/27/2013) (mro) (Entered: 06/27/2013) |
| 06/28/2013 | 1274 | SPECIAL MASTERS INTERIM REPORT NO. 3: Pursuant to Your Honors Order of June 24, 2013 (ECF No. 1264), the Order of Appointment (ECF No. 942), and Rule 53 of the Federal Rules of Civil Procedure, we respectfully submit this report and the exhibits annexed hereto to ensure that the complete record is before the Court[,]" Order at 1 (ECF No. 1264), in connection with defendants appeals from two rulings, one made at the 30(b)(6) deposition of Kroll, Inc. (ECF No. 1252) and the other at the deposition of Joseph Kohn (ECF No. 1246). With respect to the appeal from the ruling at the Kroll deposition, we annex as Exhibit A the entirety of the transcript of the June 10, 2013 deposition of Daniel Karson, Krolls 30(b)(6) designee (filed under |

|  |  | seal pursuant to paragraph five of the operative protective order in this case, ECF No. 723; the transcript should be unsealed as of Monday, July 1).With respect to the ruling at the Kohn deposition, we annex the following: Exhibit B: Transcript of the May 21, 2013 deposition of John McDermott Exhibit C: Transcript of the June 5, 2013 deposition of Laura Garr Exhibit D: Transcript of the June 6, 2013 deposition of Joseph Kohn Exhibit E: Emails from Justin Ormand to all counsel on June 6 and 7 immediately following the appealed–from ruling at the Kohn deposition attaching the emails and page:line references to the McDermott and Garr transcripts that were identified by the Special Master in the body of that ruling. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 6/28/2013) (js) (Additional attachment(s) added on 6/28/2013: # 1 Exhibit D, # 2 Exhibit E) (js). (Additional attachment(s) added on 6/28/2013: # 3 Exhibit B) (js). (Additional attachment(s) added on 6/28/2013: # 4 Exhibit C) (js). (Additional attachment(s) added on 7/1/2013: # 5 Exhibit A) (mro). (Entered: 06/28/2013) |
|---|---|---|
| 06/28/2013 | 1275 | MEMORANDUM AND ORDER (corrected): Defendant Steven Danziger has been directed by a special master to appear tomorrow and testify at his deposition (which also is the Rule 30(b)(6) deposition of one of his law firms) for an additional 2 hours and 42 minutes, thus completing a second (and probably final) full day of examination in this case. He now moves for review of the special master's order, mislabeling his application as one for a protective order. He further characterizes the application, misleadingly, as one to prevent "Chevron from taking an 18th day of deposition from Steven Danziger." To this it might be added that Mr. Danziger, after filing this motion but without advising this Court that he had done so, moved before the special masters for a stay of the remainder of his deposition pending this Court's ruling on this motion. That motion was denied a short time ago. Special Masters Order No. 18 ("SMO 18") The motion to review the special master's ruling directing Mr. Donziger to appear for and testify on Friday, June 28, 2013, is denied. Mr. Donziger shall comply with the special master's directions. All other provisions as further set forth in this order (Signed by Judge Lewis A. Kaplan on 6/28/2013) (js) Modified on 7/10/2013 (js). Modified on 7/11/2013 (Mohan, Andrew). (Entered: 06/28/2013) |
| 06/28/2013 | 1276 | MEMORANDUM OPINION: #103346 For the foregoing reasons, the motion [DI 1193] is granted to the extent that Chevronshall make the production for in camera inspection described above. It is denied in all otherrespects. (Signed by Judge Lewis A. Kaplan on 6/28/2013) (js) Modified on 7/19/2013 (jab). (Entered: 06/28/2013) |
| 06/28/2013 | 1277 | MEMO ENDORSED ON OBJECTIONS TO RULINGS BY THE SPECIAL MASTER IN THE JUNE 6, 2013 DEPOSITION OF DANIEL E. KARSON KROLL INC. 30(b)(6)ENDORSEMENT: So Ordered (Signed by Judge Lewis A. Kaplan on 6/28/2013) (js) (Entered: 06/28/2013) |
| 06/28/2013 | 1278 | MEMO ENDORSEMENT on DEFENDANTS HUGO GERARDO CAMACHO NARANJO'S AND JAVIER PIAGUAJE PAYAGUAJE'S OBJECTION TO SPECIAL MASTER'S RULING AT DEPOSITION OFJOSEPH KOHN WAIVING DEFENDANTS' CLAIMS OF PRIVILEGE AND WORK PRODUCT PRESERVED BY THE PARTIES' STIPULATION AND ORDER PURSUANT TO FED. R. CIV. P. 502(D) re: 1246 Objection (non–motion), Objection (non–motion) filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo ENDORSEMENT: The LAP Representatives' objection to the special master's ruing at the Joseph Kohn deposition [DI 1246] is overruled. SO ORDERED.(Signed by Judge Lewis A. Kaplan on 6/28/2013) (ama) (Entered: 06/28/2013) |
| 07/01/2013 | 1279 | MEMORANDUM OF LAW in Opposition re: 1259 MOTION to Compel Patton Boggs to Produce Documents from Its Privilege Logs.. Document filed by Patton Boggs LLP. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R)(Leader, James) (Entered: 07/01/2013) |
| 07/01/2013 | 1328 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 1163 Stipulation and Order. (sj) (Entered: 07/31/2013) |
| 07/02/2013 | 1280 | MEMO ENDORSEMENT denying 1241 JAVIER PIAGUAJE PAYAGUAJE'S AND HUGO GERARDO CAMACHO NARANJO'S MOTION STRIKING CERTAIN OF CHEVRON'S CONFIDENTIALITY DESIGNATIONS AND FOR AN ORDER |

| | | |
|---|---|---|
| | | REQUIRING CHEVRON TO DEMONSTRATE WHY OTHER DOCUMENTS MERIT PROTECTION. ENDORSEMENT: The protective order in this case, agreed to by all parties, permits either side to designate as Confidential Information any information that the producing party in good faith believes reflects, inter alia, "confidential business information, including, for example, non–public...commercial...or other information that the Producing Party believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G)." DI 723 paragraph 2b. Confidential Information is protected against public disclosure subject to the right of any non–producing party to object to the designation of information as Confidential Information. In the event of such an objection, "[t]he Producing Party bears the burden of persuading the Court that the information is in fact Confidential as set forth above." Id. paragraph 14. The LAP Representatives here challenge as improper the Confidential designations by Chevron of up to 16 documents and, on the assumption that those designations were improper, ask that all of Chevron's designations be stricken. 1. Even if Chevron improperly classified these 16 or 18 documents as Confidential, that would be no excuse for striking its designations as to thousands of others, the designations of which have not been challenged. 2. Paragraph 14 of the Confidentiality Order requires any party objecting to a designation of a document as Confidential to notify the Producing Party in writing and then to meet and confer to resolve the challenge without court intervention. Movants do not claim that they satisfied this requirement. Chevron states, without contradiction, that defendants raised objections with respect to only four of the documents, never mentioned the others challenged on this motion, and filed the motion within 24 hours of the challenge as to the four documents. DI 1247, Ex. 1. Thus, there was no good faith compliance with the requirements of paragraph 14, which is sufficient to deny the motion. Accordingly, the motion [DI 1241] is denied. In view of the foregoing, the Court has no need to consider the propriety of the designations of the remaining 11 documents. (Signed by Judge Lewis A. Kaplan on 7/2/2013) (mro) Modified on 7/3/2013 (mro). (Entered: 07/02/2013) |
| 07/02/2013 | 1281 | Objection *to Rulings by the Special Master on the Scope of Rule 30(b)(6) Depositions of Chevron*. Document filed by Steven Donziger, Donziger & Associates, PLLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Donziger, Steven) (Entered: 07/02/2013) |
| 07/03/2013 | 1282 | MEMO ENDORSEMENT (CORRECTED) re: 1280 MEMO ENDORSEMENT denying 1241 JAVIER PIAGUAJE PAYAGUAJE'S AND HUGO GERARDO CAMACHO NARANJO'S MOTION STRIKING CERTAIN OF CHEVRON'S CONFIDENTIALITY DESIGNATIONS AND FOR AN ORDER REQUIRING CHEVRON TO DEMONSTRATE WHY OTHER DOCUMENTS MERIT PROTECTION. ENDORSEMENT: The protective order in this case, agreed to by all parties, permits either side to designate as Confidential Information any information that the producing party in good faith believes reflects, inter alia, "confidential business information, including, for example, non–public...commercial...or other information that the Producing Party believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G)." DI 723 paragraph 2b. Confidential Information then is protected against public disclosure subject to the right of any non–producing party to object to the designation of information as Confidential Information. In the event of such an objection, "[t]he Producing Party bears the burden of persuading the Court that the information is in fact Confidential as set forth above." Id. paragraph 14. The LAP Representatives here challenge as improper the Confidential designations by Chevron of up to 16 documents and, on the assumption that those designations were improper, ask that all of Chevron's designations be stricken. 1. Even if Chevron improperly classified these 16 documents as Confidential, that would be no excuse for striking its designations as to thousands of others, the designations of which have not been challenged. 2. Paragraph 14 of the Confidentiality Order requires any party objecting to a designation of a document as Confidential to notify the Producing Party in writing and then to meet and confer to resolve the challenge without court intervention. Movants do not claim that they satisfied this requirement. Chevron states, without contradiction, that defendants raised objections with respect to only four of the documents, never mentioned the others challenged on this motion, and filed the motion within 24 hours of the challenge as to the four documents. DI 1247, Ex. I. Thus, there was no good faith compliance with the requirements of paragraph 14, which is sufficient to deny the motion. 3. Chevron has acknowledged that two of the 16 documents mistakenly were |

| | | designated Confidential and has withdrawn its designation of three others. DI 1247, Ex. 1. Accordingly, the motion [DI 1241] is denied. In view of the foregoing, the Court has no need to consider the propriety of the designations of the remaining 11 documents. (Signed (Corrected) by Judge Lewis A. Kaplan on 7/3/2013) (mro) (Entered: 07/03/2013) |
|---|---|---|
| 07/05/2013 | 1284 | JOINT RESPONSE *to Order to Show Cause (Dkt. 1253)*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 07/05/2013) |
| 07/08/2013 | 1285 | ORDER: Chevron Corporation has moved to compel Patton Boggs LLP ("PB") to produce documents responsive to a subpoena as modified as to which it claims privilege or work product protection. The documents fall into two categories– 334 documents which Chevron claims should be produced because they were in furtherance of a crime or fraud as to which this Court previously held there was probable cause ("Group I") and a larger number as to which it claims that PB's privilege log is insufficient, thus requiring production of those documents ("Group II"). PB shall produce the documents listed on its privilege logs to Magistrate Judge Francis for in camera inspection on or before July 12, 2013. Magistrate Judge Francis shall determine as to each Group I document the privilege or protection otherwise available as to that document, if any, has been vitiated by the crime–fraud exception. He shall determine as to theGroup II documents whether the privilege log is sufficient and, if not, whether some or all of those documents therefore should be produced. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/08/2013) (ama) (Entered: 07/08/2013) |
| 07/08/2013 | 1286 | MEMORANDUM OF LAW in Opposition re: 1281 Objection (non–motion), Objection (non–motion). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Filed Under Seal, # 2 Exhibit 2 – Filed Under Seal, # 3 Exhibit 3 – Filed Under Seal)(Mastro, Randy) (Entered: 07/08/2013) |
| 07/09/2013 | 1287 | ORDER: After considering the parties' responses to the request for instructions, the Court rules as follows: 1. Chevron shall advance all of the fees and expenses of the special masters as billed subject to a determination at the conclusion of their services (or, with leave of the Court, earlier) of any objections it may have to the reasonableness of their charges. Any such objections shall be made by motion no later than 14 days after the submission of the special masters' final billings or as the Court otherwise may provide. In the event that any objections are sustained, the amount by which the charges advanced by Chevron exceeded the reasonable charges shall be reimbursed to Chevron by the special masters. 2. Within 14 days after the later of (a) the submission of the special masters' final billings and (b) the determination of any objections thereto by Chevron, Chevron may move, pursuant to Fed. R. Civ. P. 53(g)(3), for an allocation of part of the fees and costs advanced by it to one or more of the defendants. The motion shall include all bills and substantiation provided to Chevron by the special masters. Defendants shall file any objections to Chevron's motions within 14 days of its service. The Court has considered the parties' responses to the request for instructions in making this determination. Two points warrant particular note. First, the defendants once again assert that they are unable to pay any of the cost and, indeed, now contend for the first time that they have submitted "sworn statements attesting to a lack of funds to support the defense of this case," citing DI 822, DI 1111, DI 1114. The suggestion that they have submitted competent evidence of inability to pay is inaccurate. DI 822 is not a sworn statement at all but simply a memorandum containing conclusory unsworn assertions. While DI 1114 is a declaration by the LAP Representatives' former counsel, it merely confirmed that the LAP Representatives had not paid their U.S. lawyers for some time and had instead informed the lawyers that the LAP Representatives and "their representatives in Ecuador have been unable to raise sufficient funds to meet their contractual obligations" to their counsel. This hearsay statement, along with the failure to provide any sworn statements from the LAP Representatives or their Ecuadorian counsel themselves or any other evidence of the financial circumstances of the Ecuadorian plaintiffs and their allies, is insufficient to establish that the failure of the LAP Representatives to pay all of the bills of their former counsel in this action reflects anything other than a decision to focus their resources elsewhere and plead poverty here. And while DI 1110 is a declaration by Mr. Donziger's former counsel, it stated only that Mr. Donziger had not kept current in fee payments since September 2012 |

and that counsel was "unaware of any current prospect for receiving" the overdue payments or for being paid any substantial sums going forward and made a vague allusion to what was described as Mr. Donziger's "funding limitations." But there was no contention that counsel had personal knowledge of anything relevant to this point save that he had not been paid, which is as consistent with unwillingness as with inability to pay. There was no disclosure of any details of Mr. Donziger's financial situation and no discussion of the millions of dollars raised by the defendants to fund this and other litigation with Chevron. Moreover, the Court repeatedly has made quite clear to Mr. Donziger and the other defendants that it is perfectly willing to consider competent evidence on these points. But they have failed to submit any. In any case, the Court is obliged by Rule 53(g)(3) to consider among other factors "the parties' means" in allocating payment obligations later in the litigation. It will do so if, as and when (a) Chevron seeks an order requiring that all or part of the cost it now will advance be allocated to the defendants, and (b) defendants again seek to place their means in issue. Second, defendants complain that they are entitled to know the amount of the costs that may be imposed upon them. And so they shall–at such point as Chevron seeks an order requiring them to pay all or part of the costs it will advance pursuant to this order. But by requiring Chevron to advance all of the costs for the time being and deferring until a much later point any litigation concerning the allocation of any of those advances to the defendants, the need to know has been deferred as well. (Signed by Judge Lewis A. Kaplan on 7/9/2013) (mro) (Entered: 07/09/2013)

| | | |
|---|---|---|
| 07/09/2013 | <u>1288</u> | STIPULATION: IT IS HEREBY STIPULATED AND AGREED, by and between counsel for non–party Patton Boggs LLP ("Patton Boggs") and counsel for the plaintiff Chevron Corporation ("Chevron"), that Patton Boggs' time to oppose Chevron's Motion to Compel Patton Boggs to Produce Documents on its Privilege Logs in the above referenced action is hereby extended to July 1, 2013. Nunc pro tunc. (Signed by Judge Lewis A. Kaplan on 7/8/2013) (mro) (Entered: 07/09/2013) |
| 07/09/2013 | <u>1289</u> | STIPULATION: It is hereby Stipulated and Agreed that Chevron's times to oppose the Motion to Strike is extended to July 15, 2013 and the Movants' time to file a reply in further support of the Motion to Strike is extended to the earlier or August 1, 2013 or 17 days after Chevron files its opposition. Set Deadlines/Hearing as to <u>1255</u> Motion to Strike:( Responses due by 7/15/2013, Replies due by 8/1/2013.) (Signed by Judge Lewis A. Kaplan on 7/8/2013) (mro) (Entered: 07/09/2013) |
| 07/09/2013 | <u>1290</u> | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non–Dispositive Motion/Dispute: DI # 1259 Motion to Compel Patton Boggs to Produce Documents from its Privilege Logs. Referred to Magistrate Judge James C. Francis. Motions referred to James C. Francis. (Signed by Judge Lewis A. Kaplan on 7/9/2013) (mro) (Entered: 07/09/2013) |
| 07/09/2013 | 1291 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/10/2013) |
| 07/10/2013 | <u>1292</u> | ORDER: The Individual Practices of the undersigned require that: "Two (2) courtesy copies [of each set of motion papers] for the use of Chambers should be delivered to the Marshals at the Worth Street entrance, 500 Pearl Street (at the time the originals are filed)." The parties and their counsel are hereby directed to supply these copies as indicated. (Signed by Judge Lewis A. Kaplan on 7/10/2013) (mro) (Entered: 07/10/2013) |
| 07/10/2013 | <u>1293</u> | ORDER (Corrected) correcting <u>1287</u> Order. After considering the parties' responses to the request for instructions, the Court rules as follows: 1. Chevron shall advance all of the fees and expenses of the special masters as billed subject to a determination at the conclusion of their services (or, with leave of the Court, earlier) of any objections it may have to the reasonableness of their charges. 2. Within 14 days after the later of the submission of the special masters' final billings, Chevron may move, pursuant to Fed. R. Civ. P. 53(g)(3), for an allocation of part of the fees and costs advanced by it to one or more of the defendants and may object to the reasonableness of any fees and costs charged. The motion shall include all bills and substantiation provided to Chevron by the special masters. Defendants shall file any objections to Chevron's motion and to the reasonableness of any charges within 14 days of its service. The Court has considered the parties' responses to the request for instructions in making this determination. Two points warrant particular note. First, the defendants once |

|  |  | again assert that they are unable to pay any of the cost and, indeed, now contend for the first time that they have submitted "sworn statements attesting to a lack of funds to support the defense of this case," citing DI 822, DI 1111, DI 1114. The suggestion that they have submitted competent evidence of inability to pay is inaccurate. DI 822 is not a sworn statement at all but simply a memorandum containing conclusory unsworn assertions. While DI 1114 is a declaration by the LAP Representatives' former counsel, it merely confirmed that the LAP Representatives had not paid their U.S. lawyers for some time and had instead informed the lawyers that the LAP Representatives and "their representatives in Ecuador have been unable to raise sufficient funds to meet their contractual obligations" to their counsel. This hearsay statement, along with the failure to provide any sworn statements from the LAP Representatives or their Ecuadorian counsel themselves or any other evidence of the financial circumstances of the Ecuadorian plaintiffs and their allies, is insufficient to establish that the failure of the LAP Representatives to pay all of the bills of their former counsel in this action reflects anything other than a decision to focus their resources elsewhere and plead poverty here. And while DI 1110 is a declaration by Mr. Donziger's former counsel, it stated only that Mr. Donziger had not kept current in fee payments since September 2012 and that counsel was "unaware of any current prospect for receiving" the overdue payments or for being paid any substantial sums going forward and made a vague allusion to what was described as Mr. Donziger's "funding limitations." But there was no contention that counsel had personal knowledge of anything relevant to this point save that he had not been paid, which is as consistent with unwillingness as with inability to pay. There was no disclosure of any details of Mr. Donziger's financial situation and no discussion of the millions of dollars raised by the defendants to fund this and other litigation with Chevron. Moreover, the Court repeatedly has made quite clear to Mr. Donziger and the other defendants that it is perfectly willing to consider competent evidence on these points. But they have failed to submit any. In any case, the Court is obliged by Rule 53(g)(3) to consider among other factors "the parties' means" in allocating payment obligations later in the litigation. It will do so if, as and when (a) Chevron seeks an order requiring that all or part of the cost it now will advance allocated to the defendants, and (b) defendants again seek to place their means in issue. Second, defendants complain that they are entitled to know the amount of the costs that may be imposed upon them. And so they shall –at such point as Chevron seeks an order requiring them to pay all or part of the costs it will advance pursuant to this order. But by requiring Chevron to advance all of the costs for the time being and deferring until a much later point any litigation concerning the allocation of any of those advances to the defendants, the need to know has been deferred as well. (Signed/Corrected by Judge Lewis A. Kaplan on 7/10/2013) (mro) (Entered: 07/10/2013) |
| 07/12/2013 | 1294 | MOTION for Reconsideration re; 1276 Memorandum & Opinion, *and Clarification of the Court's Opinion Denying Motion to Compel*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 07/12/2013) |
| 07/15/2013 | 1295 | NOTICE of Withdrawal of Portion of Joint Motion Docket 1255. Document filed by Patton Boggs LLP. (Young, S. Alyssa) (Entered: 07/15/2013) |
| 07/15/2013 | 1296 | ORDER: A portion of Chevron's response to the Court's June 28, 2013 order to submit certain materials for in camera inspection is in the form of a letter containing factual assertions. Chevron promptly shall submit any factual assertions that it wishes the Court to consider in the form of a declaration or affidavit. (Signed by Judge Lewis A. Kaplan on 7/15/2013) (mro) (Entered: 07/15/2013) |
| 07/15/2013 | 1297 | MEMORANDUM OF LAW in Opposition *to Motion to Strike Bogart Decl. etc*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 07/15/2013) |
| 07/16/2013 | 1298 | DECLARATION of Jason B. Stavers in Opposition. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, Part 1, # 2 Exhibit A, Part 2, # 3 Exhibit B, # 4 Exhibit 3801, # 5 Exhibit 3802, # 6 Exhibit 3803, # 7 Exhibit 3804, # 8 Exhibit 3805 to 3830, # 9 Exhibit 3831 to 3843, # 10 Exhibit 3844 to 3853, # 11 Exhibit 3854 to 3857, # 12 Exhibit 3858, # 13 Exhibit 3859, # 14 Exhibit 3860 to 3872, # 15 Exhibit 3873 to 3875, # 16 Exhibit 3876, # 17 Exhibit 3877 to 3901, # 18 Exhibit 3902 to 3908, # 19 Exhibit 3909, Part 1, # 20 Exhibit 3909, Part 2, # 21 Exhibit 3909, Part 3, # 22 Exhibit 3909, Part 4, # 23 Exhibit 3910 to 3921)(Mastro, Randy) (Entered: 07/16/2013) |

| | | |
|---|---|---|
| 07/16/2013 | 1299 | **FILING ERROR – DUPLICATE DOCKET ENTRY –** DECLARATION of Jason B. Stavers in Opposition. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 3818)(Mastro, Randy) Modified on 7/17/2013 (db). (Entered: 07/16/2013) |
| 07/16/2013 | 1300 | SPECIAL MASTERS INTERIM REPORT NO. 4: Pursuant to Your Honor's Order of June 24, 2013 (ECF No. 1264), the Order of Appointment (ECF No. 942), and Rule 53 of the Federal Rules of Civil Procedure, we respectfully submit this report and the exhibits annexed hereto "to ensure that the complete record is before the Court[,]" Order at 1 (ECF No. 1264), in connection with defendants' appeals from rulings relating to the scope of the Rule 30(b)(6) deposition of Chevron. Exhibit A: Transcript of the June 14, 2013 deposition of Sara McMillen. Exhibit B: Transcript of the June 17, 2013 deposition of Ricardo Reis–Vega. Exhibit C: Transcript of the June 21, 2013 deposition of Rhonda Zygocki. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 7/16/2013) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(mro) Modified on 7/16/2013 (mro). (Entered: 07/16/2013) |
| 07/16/2013 | 1301 | MEMORANDUM AND ORDER: The Donziger Defendants object to certain rulings or alleged rulings made by the special masters at Rule 30(b)(6) depositions of plaintiff Chevron Corporation ("Chevron"). In resolving the objections, the Court examines findings of fact for clear error, legal conclusions de novo, and procedural rulings for abuse of discretion. Fed. R. Civ. P. 53(f)(3)–(5). For the foregoing reasons, the objections are overruled on the alternative grounds that they are untimely and, even if timely, without merit. (Signed by Judge Lewis A. Kaplan on 7/16/2013) (mro) (Entered: 07/16/2013) |
| 07/16/2013 | 1302 | MEMORANDUM AND ORDER denying 1211 Motion to Stay; denying 1211 Motion for Procedural Safeguards. For the foregoing reasons, the Donziger Defendants' motion for a stay of proceedings in this case or, alternatively, other relief [DI 1211] is denied in all respects. (Signed by Judge Lewis A. Kaplan on 7/16/2013) (mro) Modified on 7/17/2013 (mro). (Entered: 07/16/2013) |
| 07/16/2013 | 1303 | MEMORANDUM OF LAW in Opposition re: 1294 MOTION for Reconsideration re; 1276 Memorandum & Opinion, *and Clarification of the Court's Opinion Denying Motion to Compel..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 07/16/2013) |
| 07/17/2013 | 1304 | NOTICE of Emergent Circumstances. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Notice of Unsafe Structure)(Gomez, Julio) (Entered: 07/17/2013) |
| 07/17/2013 | 1305 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/17/2013) |
| 07/17/2013 | 1306 | MEMO ENDORSEMENT on re: 1295 NOTICE AND ORDER of Withdrawal of Portion of Joint Motion Docket 1255 filed by Patton Boggs LLP. ENDORSEMENT: The motion is withdrawn in the respects indicated. (Signed by Judge Lewis A. Kaplan on 7/17/2013) (mro) (Entered: 07/17/2013) |
| 07/17/2013 | 1307 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 7/12/13 re: Counsel states that the parties request confirmation that the pretrial order should follow the form of revised Annex A. Counsel also requests an adjournment of all pretrial submissions (i.e., proposed joint pretrial order, jury instructions, proposed verdict form,joint report, etc.) until September 30, 2013. ENDORSEMENT: Confirmed. The Court confirms that the joint pretrial order shall follow the revised Annex A, which has simplified that in use earlier. The proposed joint pretrial order and proposed verdict form shall be submitted by July 30, 2013. Proposed jury instructions shall be submitted by September 1, 2013. ( Proposed Pretrial Order due by 7/30/2013.) (Signed by Judge Lewis A. Kaplan on 7/16/2013) (mro) (Entered: 07/17/2013) |
| 07/18/2013 | 1308 | ORDER: As stated in open court today, the parties shall file any motions for summary judgment on or before July 30, 2013. The parties shall file their proposed verdict forms as well as the joint pretrial order on or before August 30, 2013. Proposed jury instructions shall be filed on or before September 23, 2013. ( Motions due by 7/30/2013., Pretrial Order due by 8/30/2013.) (Signed by Judge Lewis A. Kaplan on 7/18/2013) (mro) (Entered: 07/18/2013) |

| | | |
|---|---|---|
| 07/18/2013 | 1309 | SEALED DOCUMENT placed in vault.(nm) (Entered: 07/18/2013) |
| 07/18/2013 | 1310 | ORDER (Corrected): As stated in open court today, the parties shall file any motions for summary judgment on or before August 16, 2013. The parties shall file their proposed verdict forms as well as the joint pretrial order on or before August 30, 2013. Proposed jury instructions shall be filed on or before September 23, 2013. ( Motions due by 8/16/2013., Pretrial Order due by 8/30/2013.) (Signed by Judge Lewis A. Kaplan on 7/18/2013) (mro) (Entered: 07/18/2013) |
| 07/18/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Scheduling Conference held on 7/18/2013. (Court Reporter Kristen Carranante) (Mohan, Andrew) (Entered: 07/18/2013) |
| 07/18/2013 | 1311 | ORDER: In the memorandum and order dated June 28, 2013 [DI 1276], the Court held that the LAP Representatives' contention, on their motion to compel [DI 1193], that they had demonstrated substantial need justifying production of work product consisting of or relating to surveillance photos and videos was "largely baseless" subject to the possibility that "one point–on certain factual assumptions that ha[d] not been made out...theoretically might have a grain of merit." DI 1276, at 6. Notwithstanding the LAP Representatives' failure to offer evidence sufficient to make out those factual assumptions, the Court, in the interest of justice, directed Chevron to submit for in camera inspection documents sufficient to show the dates and hours, if any, during which Chevron, its attorneys, or any contractors employed by Chevron or its attorneys, had any of Messrs. Zambrano, Fajardo, Danziger, Yanza and Guerra under physical surveillance in Ecuador during the periods October 1, 2009 through March 12, 2010 and October 1, 2010 through February 14, 2011. The object was to determine whether the unsupported assumptions upon which the LAP Representatives relied had sufficient basis to justify production of the requested work product. The Court has reviewed Chevron's submissions, which have been or will be filed under seal. The in camera submissions make clear that any surveillance during the relevant period occurred over no more than a handful of days and observed no more than one of the individuals noted above. It therefore has no probative value with respect to the credibility of former judge Guerra. The Court therefore holds, on the basis of the in camera submissions and the lack of substantiation by the LAP Representatives, that the LAP Representatives have not shown the substantial need required by Rule 26(b)(3)(A)(ii) in order to overcome the work product protection that attaches to the documents in question. Accordingly, to the limited extent that the motion to compel [DI 1193] was not disposed of by the June 28 memorandum and order, that motion now is denied in its entirety. (Signed by Judge Lewis A. Kaplan on 7/18/2013) (mro) (Entered: 07/19/2013) |
| 07/19/2013 | 1313 | MEMORANDUM AND ORDER terminating 1259 Motion to Compel. For the reasons set forth above, by July 26, 2013, Patton Boggs shall produce the documents identified in Appendix A as subject to disclosure and shall produce a revised privilege log with modified descriptions of the documents identified in Appendix B. It shall also submit forthwith for in camera inspection typed versions of the two handwritten documents. To the extent that Chevron requests in camera review of any of the documents for which Patton Boggs supplies revised descriptions, it shall do so by August 2, 2013, and shall articulate the basis for each such request. (Signed by Magistrate Judge James C. Francis on 7/19/2013) Copies Mailed By Chambers. (tro) (Entered: 07/22/2013) |
| 07/23/2013 | 1312 | MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime–Fraud as to the Cleansing Experts (Dkt. 905)*. Document filed by Chevron Corporation. (Attachments: # 1 Attachment 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H – FILED UNDER SEAL, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O)(Mastro, Randy) Modified on 7/23/2013 (mro). (Entered: 07/19/2013) |
| 07/23/2013 | 1314 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/23/2013) |
| 07/23/2013 | 1315 | ORDER: Chevron Corporation ("Chevron") has moved, pursuant to S.D.N.Y. Civ. R. 6.3, for leave to move for reconsideration of the Court's March 15, 2013 order insofar as it declined to find that the first prong of the crime–fraud exception had been satisfied with respect to documents relating to the "cleansing reports." It alleges that such relief is warranted by newly discovered evidence. S.D.N.Y. Civ. R. 6.3 permits a |

|  |  | motion for reconsideration or reargument on the ground that the Court overlooked matters or controlling decisions in reaching the decision sought to be reopened. It is not a vehicle "to advance new facts, issues or arguments not previously presented to the Court." In re Rezulin Prods. Liab. Litig., 224 F.R.D. 346, 349 (S.D.N.Y. 2004); Word v. Croce, No. 00 CIV. 6496 (SAS), 2001 WL 755394, at *2 (S.D.N.Y. July 5, 2001). The argument Chevron makes is available under Fed. R. Civ. P. 54(b). E.g., In re Rezulin Prods. Liab. Litig., 224 F.R.D. at 349–50. Moreover, no leave of court is required to file such a motion. Accordingly, Chevron's proposed motion is treated as a motion to alter or amend the March 15, 2013 order. It is deemed served and filed today. Responsive papers, if any, are due accordingly. (Signed by Judge Lewis A. Kaplan on 7/23/2013) (mro) (Entered: 07/23/2013) |
| 07/25/2013 | 1316 | ORDER granting 854 Motion to Compel. Chevron's motion to compel [DI 854] is reinstated and granted to the extent indicated herein. (Signed by Judge Lewis A. Kaplan on 7/25/2013) (mro) (Entered: 07/25/2013) |
| 07/25/2013 | 1317 | MOTION to Strike Document No. [Dkt. 1312–01] *or, In the Alternative, For Procedural Clarification*. Document filed by Patton Boggs LLP.(Leader, James) (Entered: 07/25/2013) |
| 07/26/2013 | 1318 | TRANSCRIPT of Proceedings re: CONFERENCE held on 7/18/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Kristen Carannante, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/19/2013. Redacted Transcript Deadline set for 8/29/2013. Release of Transcript Restriction set for 10/28/2014.(McGuirk, Kelly) (Entered: 07/26/2013) |
| 07/26/2013 | 1319 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 7/18/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 07/26/2013) |
| 07/29/2013 | 1320 | ORDER granting in part and denying in part 1317 Motion to Strike. Patton Boggs' motion to strike or for other relief [DI 1317] is granted to the extent that the Court confirms that its papers in opposition to Chevron's motion shall be filed on or before August 9, 2013 and that its memorandum of law shall not exceed 20 pages. It is denied in all other respects. (Signed by Judge Lewis A. Kaplan on 7/29/2013) (mro) (Entered: 07/29/2013) |
| 07/29/2013 |  | Set/Reset Deadlines: Responses due by 8/9/2013 (mro) (Entered: 07/29/2013) |
| 07/29/2013 | 1321 | MEMORANDUM OPINION #103426 re: 696 MOTION to Dismiss filed by Chevron Corporation. For the foregoing reasons, Chevron's motion to dismiss the Donziger Defendants' counterclaims [DI 696] is granted. (Signed by Judge Lewis A. Kaplan on 7/29/2013) (mro) Modified on 7/29/2013 (mro). Modified on 8/1/2013 (sdi). (Entered: 07/29/2013) |
| 07/29/2013 | 1322 | ORDER: It is hereby ORDERED as follows: 1. Documents nos. 0120, 0123, 0932, and 1624 are opinion work product for which there is no probable cause to believe that they were created or communicated in furtherance of any crime or fraud, and they therefore need not be produced. 2. By August 5, 2013, Patton Boggs shall produce Document no. 0899, which is in furtherance of the Cabrera fraud. 3. Patton Boggs need not submit a revised privilege log description for Documents nos. 0906, 0907, 1290, 1344, 1616, or 1668, as the existing descriptions are sufficient. 4. By August 5, 2013, Patton Boggs shall produce Document no. 1351, as I previously reviewed it and determined that it was subject to the crime–fraud exception. (Signed by Magistrate Judge James C. Francis on 7/29/2013) Copies Mailed By Chambers. (lmb) (Entered: 07/29/2013) |
| 07/30/2013 | 1323 | MEMORANDUM OF LAW in Support *of Motion to Strike the Declaration of Christopher Bogart from the Docket, for an Order Granting Camacho and Piaguaje Leave to Serve a Limited Document Subpoena on Burford Capital LLC and Its Affiliates, for an Order Striking Confidentiality Designations, and for Sanctions* |

|  |  | *Against Chevron and Burford (Revised version).* Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 07/30/2013) |
|---|---|---|
| 07/30/2013 | 1324 | DECLARATION of Julio C. Gomez in Support. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A, # 2 Exhibit 1–5, # 3 Exhibit 6–14, # 4 Exhibit 15–20, # 5 Exhibit 21–34, # 6 Exhibit 35, # 7 Exhibit 36, # 8 Exhibit 37–55, # 9 Exhibit 56–70, # 10 Exhibit 71–72, # 11 Exhibit 73–75, # 12 Exhibit 76, # 13 Exhibit 77, # 14 Exhibit 78–79)(Gomez, Julio) (Entered: 07/30/2013) |
| 07/30/2013 | 1325 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non–Dispositive Motion/Dispute: DI #'s 1195 and 1195. Referred to Magistrate Judge James C. Francis. Motions referred to James C. Francis. (Signed by Judge Lewis A. Kaplan on 7/30/2013) (mro) (Entered: 07/30/2013) |
| 07/30/2013 | 1326 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non–Dispositive Motion/Dispute. Referred to Magistrate Judge James C. Francis. Motions referred to James C. Francis. (Signed by Judge Lewis A. Kaplan on 7/30/2013) (tro) (Entered: 07/30/2013) |
| 07/30/2013 | 1327 | ORDER: Trial is scheduled to commence on October 15, 2013. In preparation therefor, it is hereby ORDERED, as follows: 1. Any motions in limine and any motions for separate trial or bifurcation of any claims or issues shall be filed no later than September 8, 2013. Any answering and reply papers shall be filed no later than September 19, 2013, and September 25, 2013, respectively. Supporting and opposing memoranda shall not exceed ten double spaced pages; any reply papers shall not exceed five double–spaced pages. The parties are discouraged from filing in limine motions with respect to matters that could more efficiently be handled at trial. 2. As a preliminary matter, the Court is disposed to use a questionnaire directed solely to the issue of hardship in selecting the jury in this matter. Potential jurors would be summoned to report on October 8, 2013 solely for the purpose of completing the questionnaire. Copies of the completed questionnaires would be provided to counsel on or about October 9, 2013. Counsel would be required to notify the jury department by the morning of October 13, 2013 of the numbers of potential jurors whom they jointly agree to excuse from service on this case without further involvement by the Court. Prospective jurors thus identified then would be excused by the clerk's office. Jury selection would begin as scheduled on October 15, 2013. An example of a possible questionnaire is attached for counsel's consideration. Any objections to this procedure and/or to the attached exemplar questionnaire shall be filed no later than September 9, 2013. 3. As reflected in the Rule 16 orders dated March 7 and 15, 2013 (DI 882, DI 910), the parties agreed and the Court ordered that no foreign witness who declined to testify at a deposition abroad in a United States Embassy will be permitted to testify at trial absent leave of the Court granted on an application by the proponent of the witness and the submission by the witness prior to any trial testimony to a deposition in the United States in connection with the trial. Any application for leave to present trial testimony by any such foreign witness shall be filed on or before September 3, 2013 and any response thereto shall be filed no later than September 20, 2013 in order to ensure sufficient time for consideration of the application and the conduct of any deposition without disruption of the trial. The parties, moreover, would be well advised to take immediate steps, if they have not already done so, to obtain any necessary visas for the entry into the United States of any foreign witnesses whom they propose to call. 4. Any party that intends to rely upon foreign law shall file, on or before September 5, 2013, a statement identifying each proposition of foreign law asserted and provide the Court with the (English language) materials that, in its view, are relevant to determination of the issue. Any other party disputing any proposition of foreign law thus identified shall file, on or before September 15, 2013, a statement contesting each proposition that it disputes and provide the Court with the (English language) materials that, in its view, are relevant to determination of the issue. ( Motions due by 9/8/2013., Responses due by 9/19/2013, Replies due by 9/25/2013.) (Signed by Judge Lewis A. Kaplan on 7/30/2013) (mro) (Entered: 07/30/2013) |

| | | |
|---|---|---|
| 07/31/2013 | 1329 | JOINT MEMORANDUM OF LAW in Support *of Motion to Strike the Declaration of Christopher Bogart from the Docket, for an Order Granting Camacho and Piaguaje Leave to Serve a Limited Document Subpoena on Burford Capital LLC and Its Affiliates, for an ORder Striking Confidentiality Designations, and for Sanctions Against Chevron and Burford (Revised)*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 07/31/2013) |
| 08/01/2013 | 1330 | JOINT REPLY MEMORANDUM OF LAW in Support *of Javier Piaguaje Payaguaje's, Hugo Gerardo Camacho Naranjo's and Non−Party Patton Boggs LLP's Motion to Strike the Declaration of Christopher Bogart from the Docket, for an Order Granting Camacho and Piaguaje Leave to Serve a Limited Document Subpoena on Burford Capital LLC and Its Affiliates, for an Order Striking Confidentiality Designations, and For Sanctions Against Chevron and Burford*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 08/01/2013) |
| 08/01/2013 | 1331 | DECLARATION of Julio C. Gomez in Support. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Gomez, Julio) (Entered: 08/01/2013) |
| 08/02/2013 | 1332 | MEMORANDUM OF LAW re: 1313 Order on Motion to Compel,, *PLAINTIFF CHEVRON CORPORATION'S REQUEST FOR IN CAMERA REVIEW OF DOCUMENTS ON PATTON BOGGS' PRIVILEGE LOG*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Mastro, Randy) (Entered: 08/02/2013) |
| 08/09/2013 | 1333 | MEMORANDUM AND ORDER granting in part and denying in part 1194 Motion to Compel; granting in part and denying in part 1195 Motion to Compel. For the foregoing reasons, Chevron's motion to compel as against Mr. Donziger (Docket no. 1194) and its motion to compel as against Mr. Naranjo and Mr. Payaguaje (Docket no. 1195) are each granted in part and denied in part as discussed above. These defendants shall produce amended privilege logs within two weeks of the date of this order. In addition, within that same time Mr. Donziger shall produce all documents identified as having been improperly withheld. (Signed by Magistrate Judge James C. Francis on 8/9/2013) Copies Mailed By Chambers. (lmb) (Entered: 08/09/2013) |
| 08/09/2013 | 1334 | MEMORANDUM OF LAW in Opposition re: 1332 Memorandum of Law, *re: 1313 Order on Motion to Compel,, PLAINTIFF CHEVRON CORPORATION'S REQUEST FOR IN CAMERA REVIEW OF DOCUMENTS ON PATTON BOGGS' PRIVILEGE LOG*. Document filed by Patton Boggs LLP. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Leader, James) (Entered: 08/09/2013) |
| 08/09/2013 | 1335 | MEMORANDUM OF LAW in Opposition re: 1312 MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime−Fraud as to the Cleansing Experts (Dkt. 905)*. MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime−Fraud as to the Cleansing Experts (Dkt. 905)*. MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime−Fraud as to the Cleansing Experts (Dkt. 905)*.. Document filed by Patton Boggs LLP. (Leader, James) (Entered: 08/09/2013) |
| 08/09/2013 | 1336 | DECLARATION of James K. Leader in Opposition re: 1312 MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime−Fraud as to the Cleansing Experts (Dkt. 905)*. MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime−Fraud as to the Cleansing Experts (Dkt. 905)*. MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime−Fraud as to the Cleansing Experts (Dkt. 905)*.. Document filed by Patton Boggs LLP. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16 part 1, # 17 Exhibit 16 part 2, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19)(Leader, James) (Entered: 08/09/2013) |
| 08/12/2013 | 1337 | STIPULATION: WHEREAS, on July 30, 2013, Defendants Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo and non−party Patton Boggs (collectively, "Movants") re−filed their Joint Memorandum of Law in Support of |

| | | Motion to Strike the Declaration of Christopher Bogart ("Joint Memo") as Docket No. 1323 in the above–captioned matter; WHEREAS, counsel for Defendants represents that this error was inadvertent, the Joint Memo (Dkt. 1323) was improperly redacted; WHEREAS, upon being notified of the redaction issue by counsel for Plaintiff Chevron Corporation ("Chevron"), counsel for Javier Piaguaje Payaguaje and Hugo Gerardo Camacho Naranjo notified the CM/ECF clerk and Judge Kaplan's deputy clerk that Dkt. 1323 should be removed from the public docket; WHEREAS, Dkt. 1323 has been sealed; NOW, THEREFORE, IT IS STIPULATED by and between Chevron and Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje that Dkt. 1323 should remain sealed; and IT IS FURTHER STIPULATED THAT Movants shall file a redacted version of the Joint Memo on the public docket. (Signed by Judge Lewis A. Kaplan on 8/9/2013) (mro) Modified on 8/13/2013 (mro). (Entered: 08/12/2013) |
|---|---|---|
| 08/12/2013 | | Transmission to Sealed Records Clerk. Transmitted re: 1337 Stipulation and Order, to the Sealed Records Clerk for the sealing or unsealing of document or case. (mro) (Entered: 08/12/2013) |
| 08/12/2013 | 1338 | LETTER addressed to Judge Kaplan from Derek T. Ho, Esq. dated 08/05/2013 re: Certain defendants' and Patton Boggs' reply memorandum in connection with their motion to strike the declaration of Christopher Bogart and, in the alternative, for leave to serve a subpoena on non–party Burford (DI # 1330).(Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Mohan, Andrew) (Entered: 08/12/2013) |
| 08/14/2013 | 1339 | ORDER (Corrected): Trial is scheduled to commence on October 15, 2013. In preparation therefor, it is hereby ORDERED, as follows: 1. Any motions in limine and any motions for separate trial or bifurcation of any claims or issues shall be filed no later than September 8, 2013. Any answering and reply papers shall be filed no later than September 19, 2013, and September 25, 2013, respectively. Supporting and opposing memoranda shall not exceed ten double spaced pages; any reply papers shall not exceed five double–spaced pages. The parties are discouraged from filing in limine motions with respect to matters that could more efficiently be handled at trial. 2. As a preliminary matter, the Court is disposed to use a questionnaire directed solely to the issue of hardship in selecting the jury in this matter. Potential jurors would be summoned to report on October 8, 2013 solely for the purpose of completing the questionnaire. Copies of the completed questionnaires would be provided to counsel on or about October 9, 2013. Counsel would be required to notify the jury department by the morning of October 11, 2013 of the numbers of potential jurors whom they jointly agree to excuse from service on this case without further involvement by the Court. Prospective jurors thus identified then would be excused by the clerk's office. Jury selection would begin as scheduled on October 15, 2013. An example of a possible questionnaire is attached for counsel's consideration. Any objections to this procedure and/or to the attached exemplar questionnaire shall be filed no later than September 9, 2013. 3. As reflected in the Rule 16 orders dated March 7 and 15, 2013 (DI 882, DI 910), the parties agreed and the Court ordered that no foreign witness who declined to testify at a deposition abroad in a United States Embassy will be permitted to testify at trial absent leave of the Court granted on an application by the proponent of the witness and the submission by the witness prior to any trial testimony to a deposition in the United States in connection with the trial. Any application for leave to present trial testimony by any such foreign witness shall be filed on or before September 3, 2013 and any response thereto shall be filed no later than September 20, 2013 in order to ensure sufficient time for consideration of the application and the conduct of any deposition without disruption of the trial. The parties, moreover, would be well advised to take immediate steps, if they have not already done so, to obtain any necessary visas for the entry into the United States of any foreign witnesses whom they propose to call. 4. Any party that intends to rely upon foreign law shall file, on or before September 5, 2013, a statement identifying each proposition of foreign law asserted and provide the Court with the (English language) materials that, in its view, are relevant to determination of the issue. Any other party disputing any proposition of foreign law thus identified shall file, on or before September 15, 2013, a statement contesting each proposition that it disputes and provide the Court with the (English language) materials that, in its view, are relevant to determination of the issue. ( Motions due by 9/8/2013., Responses due by 9/20/2013, Replies due by 9/25/2013.) (Signed (Corrected) by Judge Lewis A. Kaplan on 8/14/2013) (mro) Modified on 8/15/2013 (mro). (Entered: 08/14/2013) |

| | | |
|---|---|---|
| 08/15/2013 | 1340 | MOTION TO SUBSTITUTE EXPERT AND TO SUPPLEMENT EXPERT DISCLOSURE. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 08/15/2013) |
| 08/15/2013 | 1341 | MEMORANDUM OF LAW in Support re: 1340 MOTION TO SUBSTITUTE EXPERT AND TO SUPPLEMENT EXPERT DISCLOSURE.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/15/2013) |
| 08/15/2013 | 1342 | DECLARATION of JAMES M. SABOVICH in Support re: 1340 MOTION TO SUBSTITUTE EXPERT AND TO SUPPLEMENT EXPERT DISCLOSURE.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Mastro, Randy) (Entered: 08/15/2013) |
| 08/16/2013 | 1343 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION for Order to Show Cause *Why Defendants' Motion for an Adjournment of all Dates for 30 Days Should Not Be Granted*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Gomez, Julio) Modified on 8/19/2013 (db). (Entered: 08/16/2013) |
| 08/16/2013 | 1344 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** BRIEF re: 1343 MOTION for Order to Show Cause *Why Defendants' Motion for an Adjournment of all Dates for 30 Days Should Not Be Granted*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Gomez, Julio) Modified on 8/19/2013 (ka). (Entered: 08/16/2013) |
| 08/16/2013 | 1345 | DECLARATION of Julio Gomez in Support re: 1343 MOTION for Order to Show Cause *Why Defendants' Motion for an Adjournment of all Dates for 30 Days Should Not Be Granted*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Gomez, Julio) (Entered: 08/16/2013) |
| 08/16/2013 | 1346 | DECLARATION of Steven Donziger in Support re: 1343 MOTION for Order to Show Cause *Why Defendants' Motion for an Adjournment of all Dates for 30 Days Should Not Be Granted*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Gomez, Julio) (Entered: 08/16/2013) |
| 08/16/2013 | 1347 | ORDER TO SHOW CAUSE WHY DEFENDANTS' MOTION FOR AN ADJOURNMENT OF ALL DATES FOR 30 DAYS SHOULD NOT BE GRANTED: Upon sufficient cause appearing from Defendants' Memorandum of Law in Support of Motion for an Adjournment of all Dates in the Action for Thirty Days; and the accompanying Declarations of Julio Gomez and Steven Donziger, it is hereby: ORDERED that service of a copy of this Order and of all the papers submitted in support thereof, by electronic filing, upon counsel for Plaintiff Chevron Corporation on 8/16/2013, shall be deemed good and sufficient service thereof; and it is further: ORDERED that papers in opposition to Defendants' Motion for Adjournment, if any, shall be served and filed electronically on or before 5:00 p.m. EDT on 8/23/2013; and it is further ORDERED that reply papers, if any, shall be served and filed electronically on or before 5 p.m. EDT on 8/26/2013. (Show Cause Response due by 8/23/2013. Replies due by 8/26/2013.) (Signed by Judge Lewis A. Kaplan on 8/16/2013) (tro) (Entered: 08/16/2013) |
| 08/16/2013 | 1348 | MOTION for Partial Summary Judgment *On Its RICO Claim, Summary Judgment on Certain Affirmative Defenses, and an Order Establishing Findings of Fact Pursuant to Fed. R. Civ. P. 56(g)*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 08/16/2013) |
| 08/16/2013 | 1349 | MEMORANDUM OF LAW in Support re: 1348 MOTION for Partial Summary Judgment *On Its RICO Claim, Summary Judgment on Certain Affirmative Defenses, and an Order Establishing Findings of Fact Pursuant to Fed. R. Civ. P. 56(g)*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/16/2013) |
| 08/16/2013 | 1350 | ORDER granting in part and denying in part 1343 Motion for Order to Show Cause. (Signed by Judge Lewis A. Kaplan on 8/16/2013) (Kaplan, Lewis) (Entered: 08/16/2013) |

| 08/16/2013 | 1351 | DECLARATION of Jason Stavers in Support re: 1348 MOTION for Partial Summary Judgment *On Its RICO Claim, Summary Judgment on Certain Affirmative Defenses, and an Order Establishing Findings of Fact Pursuant to Fed. R. Civ. P. 56(g)..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit 4101 – Filed Under Seal, # 4 Exhibit 4102, # 5 Exhibit 4103 – Filed Under Seal, # 6 Exhibit 4104, # 7 Exhibit 4105, # 8 Exhibit 4106, # 9 Exhibit 4107, # 10 Exhibit 4108, # 11 Exhibit 4109)(Mastro, Randy) (Entered: 08/16/2013) |
|---|---|---|
| 08/16/2013 | 1352 | RULE 56.1 STATEMENT. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/16/2013) |
| 08/19/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Julio Cesar Gomez to RE–FILE Document 1344 Brief. Use the event type Memorandum of Law in Support(non–motion) found under the event list Other Answers. (ka)** (Entered: 08/19/2013) |
| 08/19/2013 | 1353 | MEMORANDUM OF LAW in Support re: 1343 MOTION for Order to Show Cause *Why Defendants' Motion for an Adjournment of all Dates for 30 Days Should Not Be Granted..* Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Gomez, Julio) (Entered: 08/19/2013) |
| 08/19/2013 | 1354 | REPLY MEMORANDUM OF LAW in Support re: 1312 MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime–Fraud as to the Cleansing Experts (Dkt. 905).* MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime–Fraud as to the Cleansing Experts (Dkt. 905).* MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime–Fraud as to the Cleansing Experts (Dkt. 905)..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/19/2013) |
| 08/19/2013 | 1355 | DECLARATION of CLAUDIA M. BARRETT in Support re: 1312 MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime–Fraud as to the Cleansing Experts (Dkt. 905).* MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime–Fraud as to the Cleansing Experts (Dkt. 905).* MOTION for Leave to File Motion for Reconsideration *of The Court's March 15, 2013 Order Finding no Crime–Fraud as to the Cleansing Experts (Dkt. 905)..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Mastro, Randy) (Entered: 08/19/2013) |
| 08/20/2013 | 1356 | ORDER: There are certain questions of Ecuadorian law that may be germane to the Court's resolution of so much of Chevron's January 28, 2013 motion as seeks an order under Fed. R. Civ. P. 56(g) and/or at trial. The Court pursuant to Fed. R. Civ. P. 44.1 therefore invites the parties on or before September 18, 2013 to respond to the following questions and to provide such declarations and copies of English language versions of pertinent Ecuadorian codes, rules, and other legal materials as may be necessary or helpful to the Court's resolution of the questions listed herein. (Signed by Judge Lewis A. Kaplan on 8/20/2013) (mro) Modified on 8/20/2013 (mro). (Entered: 08/20/2013) |
| 08/20/2013 | 1357 | MOTION for Order to Show Cause */ ORDER TO SHOW CAUSE FOR AN ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATION OF DOE 4 AND GRANTING LEAVE TO SUPPLEMENT THE RECORD WITH DOE 4'S DECLARATION*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 08/20/2013) |
| 08/20/2013 | 1358 | MEMORANDUM OF LAW in Support re: 1357 MOTION for Order to Show Cause */ ORDER TO SHOW CAUSE FOR AN ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATION OF DOE 4 AND GRANTING LEAVE TO SUPPLEMENT THE RECORD WITH DOE 4'S DECLARATION..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 08/20/2013) |
| 08/21/2013 | 1359 | NOTICE OF CHANGE OF ADDRESS by Stuart Alan Krause on behalf of Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. New Address: Zeichner Ellman & Krause LLP, 1211 Avenue of the Americas, New York, New York, U.S.A. 10036, |

| | | |
|---|---|---|
| | | 212–223–0400. (Krause, Stuart) (Entered: 08/21/2013) |
| 08/21/2013 | 1360 | SEALED DOCUMENT placed in vault.(nm) (Entered: 08/21/2013) |
| 08/21/2013 | 1361 | NOTICE OF CHANGE OF ADDRESS by Michael Erik Sims on behalf of Douglas Beltman, Ann Maest, Stratus Consulting, Inc.. New Address: Zeichner Ellman & Krause LLP, 1211 Avenue of the Americas, New York, New York, U.S.A. 10036, 212–223–0400. (Sims, Michael) (Entered: 08/21/2013) |
| 08/22/2013 | 1362 | MEMORANDUM OPINION re: #103538 1348 MOTION for Partial Summary Judgment *On Its RICO Claim, Summary Judgment on Certain Affirmative Defenses, and an Order Establishing Findings of Fact Pursuant to Fed. R. Civ. P. 56(g)* filed by Chevron Corporation. Plaintiffs' motion for partial summary judgment [DI 1348] is denied insofar as it seeks "(1) an order finding that the facts set forth in Chevron's accompanying Rule 56.1 Statement of Facts have been 'established in this case' (Rule 56(g)); (2) partial summary judgment on Chevron's claim under 18 U.S.C. § 1962(1) to the effect that Defendant Stephen R. Donziger committed predicate acts of wire fraud (18 U.S.C. § 1343);" and (3) partial summary judgment dismissing defendants' defenses of collateral estoppel based on the Judgment. The Court does not now decide the balance of the motion. Answering and reply papers with respect thereto shall be served and filed no later than September 29, 2013, and October 6, 2013, respectively. (Signed by Judge Lewis A. Kaplan on 8/22/2013) (mro) Modified on 9/5/2013 (ca). (Entered: 08/22/2013) |
| 08/22/2013 | | Set/Reset Deadlines as to 1348 MOTION for Partial Summary Judgment *On Its RICO Claim, Summary Judgment on Certain Affirmative Defenses, and an Order Establishing Findings of Fact Pursuant to Fed. R. Civ. P. 56(g)* Responses due by 9/29/2013 Replies due by 10/6/2013. (mro) (Entered: 08/22/2013) |
| 08/22/2013 | 1363 | ORDER TO SHOW CAUSE FOR AN ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATION OF DOE 4 AND GRANTING LEAVE TO SUPPLEMENT THE RECORD WITH DOE 4'S DECLARATION: It is hereby ORDERED that Chevron's application for an order to show cause [DI 1357] is granted and defendants shall show cause why Chevron's Motion For an Order Further Protecting the Confidential Declaration of Doe 4 and Granting Leave to Supplement the Record With Doe 4's Declaration should not be granted, and it is further ORDERED that papers in opposition to the motion, if any, shall be served and filed electronically on or before September 3, 2013, this being without prejudice to any application by defendants for additional time within which to respond, and it is further ORDERED that reply papers, if any, shall be served and filed electronically on or before the third business day following the service and filing of any papers in opposition, and it is further ORDERED that, unless otherwise ordered, the motion will be decided on submission without oral argument. (Show Cause Response due by 9/3/2013.) (Signed by Judge Lewis A. Kaplan on 8/22/2013) (mro) (Entered: 08/22/2013) |
| 08/22/2013 | 1364 | ORDER: Chevron Corporation's Request for In Camera Review of Documents on Patton Boggs' Privilege Log (the "Request") (Docket no. 1332) is granted to the extent that Patton Boggs shall submit for my inspection the documents identified by Chevron in Exhibits A–D of its Request for which Patton Boggs was required to submit a revised description pursuant to my July 19, 2013 order; Chevron's Request is denied to the extent that it now seeks review of documents that were previously properly described. Patton Boggs shall submit the documents as required by this order no later than August 30, 2013. (Signed by Magistrate Judge James C. Francis on 8/22/2013) Copies Mailed By Chambers. (lmb) (Entered: 08/22/2013) |
| 08/23/2013 | 1365 | ORDER re: 1343 MOTION for Order to Show Cause *Why Defendants' Motion for an Adjournment of all Dates for 30 Days Should Not Be Granted* filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger. Status Conference set for 9/3/2013 at 04:00 PM in Courtroom 21B, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan. (Signed by Judge Lewis A. Kaplan on 8/23/2013) (tn) (Entered: 08/23/2013) |
| 08/23/2013 | 1366 | MEMORANDUM OF LAW re: 1347 Order to Show Cause, Set Deadlines,,,,,,,, *Chevron Corporation's Memorandum of law In Opposition to Defendants' Application By Order to Show Cause Why All Deadlines in this Matter Should Not Be* |

| | | |
|---|---|---|
| | | *Adjourned 30 days.* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/23/2013) |
| 08/23/2013 | [1367](#) | DECLARATION of Avi Weitzman in Support re: [1366](#) Memorandum of Law,. Document filed by Chevron Corporation. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8, # [9](#) Exhibit 9, # [10](#) Exhibit 10, # [11](#) Exhibit 11)(Mastro, Randy) (Entered: 08/23/2013) |
| 08/26/2013 | [1368](#) | RESPONSE in Opposition re: [1340](#) MOTION TO SUBSTITUTE EXPERT AND TO SUPPLEMENT EXPERT DISCLOSURE. *(Interim Opposition).* Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Gomez, Julio) (Entered: 08/26/2013) |
| 08/27/2013 | [1369](#) | JOINT MOTION for Order to Show Cause *(Proposed Order).* Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Gomez, Julio) (Entered: 08/27/2013) |
| 08/27/2013 | [1370](#) | JOINT MEMORANDUM OF LAW in Support re: [1369](#) JOINT MOTION for Order to Show Cause *(Proposed Order)..* Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Gomez, Julio) (Entered: 08/27/2013) |
| 08/27/2013 | [1371](#) | DECLARATION of Julio Gomez in Support re: [1369](#) JOINT MOTION for Order to Show Cause *(Proposed Order)..* Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Gomez, Julio) (Entered: 08/27/2013) |
| 08/27/2013 | [1372](#) | ORDER TO SHOW CAUSE WHY PROCEEDINGS SHOULD NOT BE STAYED PENDING DISPOSITION OF PETITION FOR A WRIT OF MANDAMUS UNDER CONSIDERATION BY THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT: Upon sufficient cause appearing from Defendants' Memorandum of Law in Support of Joint Application By Order to Show Cause Why Proceedings Should Not Be Stayed Pending Disposition of Petition For a Writ of Mandamus Under Consideration By The United States Court of Appeals for the Second Circuit, dated August 27, 2013; and the Declaration of Julio C. Gomez, dated August 27, 2013, it is hereby: ORDERED that service of a copy of this Order and of all of the papers submitted in support thereof, by electronic filing, upon counsel for Plaintiff Chevron Corporation ("Chevron"), on Tuesday, August 27, 2013, shall be deemed good and sufficient service thereof; and it is further ORDERED that papers in opposition to Defendants' motion for a stay, if any, shall be served and filed electronically on or before 10:00 a.m. EDT on September 2, 2013; and it is further ORDERED that reply papers, if any, shall be served and filed electronically on or before 10:00 a.m. EDT on Tuesday, September 3, 2013; and it is further ORDERED that Chevron must show cause before this Court, at Room 21B, United States District Courthouse, 500 Pearl Street, in the City, County, and State of New York, on September 3, 2013, at 4:00 p.m. EDT, why an order should not be issued staying all proceedings before this Court until such time as the United States Court of Appeals for the Second Circuit rules upon Defendants' Petition for a Writ of Mandamus, No. 13–772–cv (2d Cir.), as to which oral argument has been calendared for September 26, 2013. (Show Cause Hearing set for 9/3/2013 at 04:00 PM in Courtroom 21B, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 8/27/2013) (mro) (Entered: 08/27/2013) |
| 08/27/2013 | | Set/Reset Deadlines: Responses due by 9/2/2013 Replies due by 9/3/2013. (mro) (Entered: 08/27/2013) |
| 08/27/2013 | | ORDER terminating [1369](#) Motion for Order to Show Cause (HEREBY ORDERED by Judge Lewis A. Kaplan)(Text Only Order) (Kaplan, Lewis) (Entered: 08/27/2013) |
| 08/28/2013 | [1373](#) | ORDER: To avoid any confusion, the Court makes clear that its termination on ECF of defendants' motion for an order to show cause (DI 1369) reflects only that the application for the order to show cause had been ruled on. The motion remains pending. As stated in the order to show cause issued yesterday, papers in opposition, if any, shall be submitted no later than 10:00 a.m. on September 2, 2013. Reply papers, if any, shall be submitted no later than 10:00 am on September 3, 2013. The |

| | | |
|---|---|---|
| | | hearing on the motion for an order to show cause will proceed at 4:00 p.m. on September 3, 2013 in Courtroom 21B. (Signed by Judge Lewis A. Kaplan on 8/28/2013) (mro) (Entered: 08/28/2013) |
| 08/28/2013 | 1374 | MOTION to Compel Steven Donziger and LAPs to Produce Withheld Materials. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Mastro, Randy) (Entered: 08/28/2013) |
| 08/30/2013 | 1375 | RESPONSE in Opposition re: 1374 MOTION to Compel Steven Donziger and LAPs to Produce Withheld Materials.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 08/30/2013) |
| 08/31/2013 | 1376 | PROPOSED JURY INSTRUCTIONS. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Gomez, Julio) (Entered: 08/31/2013) |
| 08/31/2013 | 1377 | JOINT PRELIMINARY TRIAL REPORT. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit List 1, # 2 Exhibit List 2)(Gomez, Julio) (Entered: 08/31/2013) |
| 08/31/2013 | 1378 | PROPOSED JURY INSTRUCTIONS. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 08/31/2013) |
| 09/02/2013 | 1379 | RESPONSE TO ORDER TO SHOW CAUSE re: 1372 Order to Show Cause,,,,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/02/2013) |
| 09/03/2013 | 1380 | MEMO ENDORSEMENT granting in part and denying in part 1374 PLAINTIFF CHEVRON CORPORATION'S MOTION TO COMPEL DONZIGER AND THE LAPS TO PRODUCE WITHHELD MATERIALS. ENDORSEMENT: Chevron's motion to compel [DI 1374] is granted in all respects except as to Mr. Donziger's passports, as to which it is denied. Mr. Donziger shall produce the documents listed in Exhibit 3 to Chevron's motion (except the passports) forthwith. (Signed by Judge Lewis A. Kaplan on 9/3/2013) (mro) (Entered: 09/03/2013) |
| 09/03/2013 | 1381 | ORDER denying 1255 Motion to Strike. The motion is denied in all respects. The declaration is sufficiently relevant as to making striking it inappropriate. There is no basis for any award of fees or costs. Insofar as movants seek to issue a subpoena to Burford, the request comes far too late, particularly given the LAP Representatives' complete awareness months ago of Burford's allegations against Donziger and PB and their failure to seek discovery against Burford during the discovery period. The arguments in Chevron's memorandum against reopening discovery [DI 1297, at 29–32] are entirely persuasive. In addition to the grounds referred to above, the motion is denied insofar as it was brought on behalf of PB on the additional ground that PB is not a party to this action, did not seek to intervene in it for purposes of making the motion, and PB therefore lacks any standing whatever to seek relief. The fact that it was served with a non–party witness subpoena over a year ago gives it no standing in this action except with respect to that subpoena. The motion [DI 1255], to the extent not previously withdrawn, is denied. (Signed by Judge Lewis A. Kaplan on 9/3/2013) (mro) (Entered: 09/03/2013) |
| 09/03/2013 | 1382 | NOTICE of Foreign Witnesses re: 1327 Order, Set Deadlines,,,,,,,,,,,,,,,,,,,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/03/2013) |
| 09/03/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Oral Argument held on 9/3/2013 re: 1372 Order to Show Cause.(Mohan, Andrew) (Entered: 09/18/2013) |
| 09/04/2013 | 1383 | RESPONSE in Opposition to Motion re: 1357 MOTION for Order to Show Cause / ORDER TO SHOW CAUSE FOR AN ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATION OF DOE 4 AND GRANTING LEAVE TO SUPPLEMENT THE RECORD WITH DOE 4'S DECLARATION.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Gomez, Julio) (Entered: 09/04/2013) |

| | | |
|---|---|---|
| 09/04/2013 | 1384 | ORDER SUBSTANTIALLY GRANTING MOTION FOR EXTENSIONS OF TIME FOR PRETRIAL SUBMISSIONS re: 1344 Brief, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger Defendants' motion to "adjourn all deadlines in this matter by thirty days, including without limitation those set in the Order by Judge James Francis" (DI 1344) is granted to the extent that: The deadline for supplementing the deficient privilege logs set by Judge Francis's August 9 order is extended until the later of October 22, 2013 or, if the trial begins on October 15, 2013, until further order of this Court (which will not fix an earlier date). This extension is at least double that sought by the defendants' motion. The deadline for submission by all parties of requests to charge is extended until October 23, 2013. This extension is exactly what defendants' motion seeks. The deadline for defendants' time for compliance with paragraph 4 of the July 30 Order (relating to foreign law) is extended until October 4, 2013. This extension is at least double that sought by the defendants' motion. The deadline for submission of requests to charge is extended until October 21, 2013. This extension is exactly what defendants' motion seeks. The motion is denied as moot insofar as it seeks additional time to ( 1) respond to Chevron's partial summary judgment motion because defendants already have been given the full thirty days they here seek to respond to that limited part of the motion that has not already been denied, (2) submit a proposed special verdict form and defendants' witness and exhibit lists, their principal contribution to the joint pretrial order, as those have been submitted, and (3) make any application to present trial testimony of any foreign witnesses who previously declined to give depositions abroad, as defendants yesterday sought and obtained an extension of the time within which to do so only until September 4, 2013. The motion is denied as academic as to any enumerated pretrial motions by defendants and as premature as to defendants' time to respond to any enumerated pretrial motions by Chevron. It is denied to the extent, if any, that it seeks any other extension that is not dealt with above. As noted above, this order, together with the prior order on Chevron's partial summary judgment motion, grants defendants substantially all of the relief sought by their motion. SO ORDERED.(Signed by Judge Lewis A. Kaplan on 9/04/2013) (ama) (Entered: 09/04/2013) |
| 09/04/2013 | 1385 | MOTION Foreign Witness Application. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Gomez, Julio) (Entered: 09/04/2013) |
| 09/04/2013 | 1386 | **FILING ERROR – ELECTRONIC FILING OF NON–ECF DOCUMENT –** MOTION Foreign Witness Application (Proposed Order) re: 1385 MOTION Foreign Witness Application.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Gomez, Julio) Modified on 9/5/2013 (db). (Entered: 09/04/2013) |
| 09/05/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – NON–ECF DOCUMENT ERROR. Note to Attorney Julio Cesar Gomez to E–MAIL Document No. 1386 Order to judgments@nysd.uscourts.gov. This document is not filed via ECF. (db)** (Entered: 09/05/2013) |
| 09/06/2013 | 1387 | MOTION for Protective Order. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Donziger, Steven) (Entered: 09/06/2013) |
| 09/08/2013 | 1388 | MOTION in Limine */ CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1389 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine */ CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #1: TO EXCLUDE IRRELEVANT AND PREJUDICIAL STATEMENTS REGARDING ALLEGED ENVIRONMENTAL ISSUES IN ECUADOR*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/08/2013) |

| | | |
|---|---|---|
| 09/08/2013 | 1390 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #2: TO EXCLUDE IRRELEVANT AND PREJUDICIAL STATEMENTS REGARDING CHEVRONS PURPORTED LITIGATION CONDUCT*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1391 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #3: TO PRECLUDE REFERENCES OR EVIDENCE RELATED TO CHEVRON'S SIZE, FINANCIAL STATUS, AND SIZE OF LEGAL TEAM AND LITIGATION COSTS, CHEVRON'S PUBLIC RELATIONS AND LOBBYING CONDUCT, AND THE GENERAL ENERGY INDUSTRY, OTHER MISCONDUCT, AND MASS TORT DEFENSES*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1392 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #4: TO PRECLUDE DEFENDANTS FROM RELYING ON THE ECUADORIAN JUDGMENT FOR THE TRUTH OF ANY MATTER ASSERTED THEREIN, INCLUDING ANY ARGUMENT THAT IT RESOLVED CHEVRON'S CLAIMS, REJECTED CHEVRON'S EVIDENCE, OR EXONERATED THE DEFENDANTS*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1393 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #5: TO PRECLUDE CERTAIN IRRELEVANT AND PREJUDICIAL ARGUMENTS MADE BY DEFENDANTS*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1394 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #6: TO PRECLUDE DEFENDANTS FROM ASSERTING AN ADVICE−OF−COUNSEL DEFENSE AT TRIAL*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1395 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #7: TO EXCLUDE TESTIMONY BY DONZIGER INCONSISTENT WITH HIS TESTIMONY IN THE DONZIGER & ASSOCIATES, PLLC RULE 30(b)(6) DEPOSITION*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1396 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #8: TO STRIKE ECUADORIAN DOCUMENTS, OMNIBUS EXHIBITS, AND INADMISSIBLE HEARSAY FROM DEFENDANTS EXHIBIT LIST*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1397 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. # 9 to Preclude References*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1398 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #10: TO PRECLUDE DEFENDANTS FROM CALLING CERTAIN WITNESSES AT TRIAL*. Document filed by Chevron Corporation. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1399 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. #11 to Limit Expert Testimony*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1400 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #12: TO EXCLUDE THE EXPERT TESTIMONY OF RAL ROSERO RIVAS, FARITH RICARDO SIMON CAMPAA, AND JUAN PABLO ALBAN ALENCASTRO*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1401 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. #13 to Protect Doe Witnesses*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1402 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMRANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #14: TO PRECLUDE EVIDENCE OR ARGUMENTS CONTRARY TO THE SPECIAL MASTERS ORDERS*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1403 | MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE #15: TO ALLOW ADMISSION OF EVIDENCE PERTAINING TO THE CORDOVA ACTION*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1404 | NOTICE of Waiver of Money Damages Against Camacho & Piaguaje. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1405 | MOTION to Bifurcate *Trial*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 09/08/2013) |
| 09/08/2013 | 1406 | MEMORANDUM OF LAW in Support re: 1405 MOTION to Bifurcate *Trial*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/08/2013) |
| 09/09/2013 | 1407 | MEMORANDUM AND ORDER DENYING CONTINUANCE AND STAY OF PROCEEDINGS PENDING DISPOSITION OF MANDAMUS PETITION: denying 1369 Motion for Order to Show Cause. For the foregoing reasons, defendants' motion to for a continuance of the trial and a stay of all other proceedings pending the disposition by the Second Circuit of their petition for a writ of mandamus [DI 1369] is denied. (Signed by Judge Lewis A. Kaplan on 9/9/2013) (lmb) Modified on 9/9/2013 (lmb). (Entered: 09/09/2013) |
| 09/09/2013 | 1408 | MEMO ENDORSEMENT on ORDER TO SHOW CAUSE FOR AN ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATION OF DOE 4 AND GRANTING LEAVE TO SUPPLEMENT THE RECORD WITH DOE 4'S DECLARATION. ENDORSEMENT: Chevron seeks an order precluding counsel for defendants from disclosing the declaration of Doe 4, or any of Doe 4's "identifying information... to anyone other than a single individual acting as counsel of record in this action for each Defendant – with the exception of Steven Donziger himself – without prior Court approval." DI 1358, at 1. Chevron did not serve counsel with Doe 4's declaration, however, and defendants contend that they cannot respond adequately to Chevron's motion without knowledge of Doe 4's identity or the substance of the declaration. The Court agrees. Accordingly, Chevron shall serve Mr. Julio Gomez, counsel of record for the LAP Representatives, and one counsel of record for the Donziger Defendants who enters an appearance in this case – other than Mr. Donziger himself – by September 12, 2013 at 5 pm. Defendants shall file any further opposition |

| | | |
|---|---|---|
| | | to Chevron' motion for an order to show cause further protecting the confidential declaration of Doe 4 and granting leave to supplement the record with the Doe 4 declaration (DI 1357) by September 19, 2013. Chevron shall file any reply by September 24, 20l3. The Court confirms that, unless and until it orders otherwise, the Doe 4 declaration and Doe 4's identifying information shall not be disclosed to anyone other than Mr. Gomez and counsel of record for the Donziger Defendants (other than Mr. Donziger) in this case., ( Responses due by 9/19/2013., Replies due by 9/24/2013.) (Signed by Judge Lewis A. Kaplan on 9/9/2013) (lmb) (Entered: 09/09/2013) |
| 09/09/2013 | 1409 | Objection re: 1339 Order, Set Deadlines,,,,,,,,,,,,,,,,,,,,,,,, *(Juror Questionnaire)*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 09/09/2013) |
| 09/10/2013 | 1410 | MEMORANDUM AND ORDER re: 1405 MOTION to Bifurcate *Trial* filed by Chevron Corporation. For the foregoing reasons, Chevron's motion to bifurcate the trial [DI 1405], to the extent – and only to the extent – that the motion seeks a separate trial as to the liability of the defendant LAP Representatives on all claims as to which they are defendants, with that trial to follow the conclusion of jury proceedings with respect to the claims against the Donziger Defendants that are triable as of right to a jury, is denied. The balance of the motion remains pending. Accordingly, the Clerk shall not terminate the motion. (Signed by Judge Lewis A. Kaplan on 9/10/2013) (lmb) (Entered: 09/10/2013) |
| 09/10/2013 | 1411 | NOTICE of INTENT TO RAISE ISSUES OF FOREIGN LAW PURSUANT TO RULE 44.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE re: 1327 Order, Set Deadlines,,,,,,,,,,,,,,,,,,,,,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/10/2013) |
| 09/10/2013 | 1412 | MEMORANDUM OF LAW in Opposition re: 1387 MOTION for Protective Order.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U)(Mastro, Randy) (Entered: 09/10/2013) |
| 09/10/2013 | 1413 | DECLARATION of Jason Stavers in Support re: 1411 Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 to 10, # 2 Exhibit 11 to 20, # 3 Exhibit 21 to 30, # 4 Exhibit 31 to 40, # 5 Exhibit 41 to 50, # 6 Exhibit 51 to 60, # 7 Exhibit 61 to 70, # 8 Exhibit 71 to 80, # 9 Exhibit 81 to 90, # 10 Exhibit 91, # 11 Exhibit 92, # 12 Exhibit 93 to 96, # 13 Exhibit 97, # 14 Exhibit 98, # 15 Exhibit 99, # 16 Exhibit 100, # 17 Exhibit 101, # 18 Exhibit 102, # 19 Exhibit 103, # 20 Exhibit 104, # 21 Exhibit 105, # 22 Exhibit 106, # 23 Exhibit 107, # 24 Exhibit 108, # 25 Exhibit 109, # 26 Exhibit 110, # 27 Exhibit 111, # 28 Exhibit 112)(Mastro, Randy) (Entered: 09/11/2013) |
| 09/11/2013 | 1414 | MOTION for Order to Show Cause *Why Chevron Should Not Be Required to State with Finality the Nature of Its Claims and Why All Deadlines and the Trial Date Should Not Be Suspended in the Interim*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 09/11/2013) |
| 09/11/2013 | 1415 | MEMORANDUM OF LAW in Support re: 1414 MOTION for Order to Show Cause *Why Chevron Should Not Be Required to State with Finality the Nature of Its Claims and Why All Deadlines and the Trial Date Should Not Be Suspended in the Interim*.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 09/11/2013) |
| 09/11/2013 | 1416 | MEMO ENDORSEMENT denying 1294 Motion for Reconsideration. ENDORSEMENT: Denied. (Signed by Judge Lewis A. Kaplan on 9/11/2013) (lmb) (Entered: 09/11/2013) |
| 09/12/2013 | 1417 | ORDER TO SHOW CAUSE BY CHEVRON SHOULD NOT BE REQUIRED TO STATE WITH FINALITY THE NATURE OF ITS CLAIMS AND WHY ALL DEADLINES AND THE TRIAL DATE SHOULD NOT BE SUSPENDED IN THE INTERIM: granting 1414 Motion for Order to Show Cause. It is hereby: ORDERED that service of a copy of this Order and of all of the papers submitted in support |

| | | thereof, by facsimile or email, upon counsel for Plaintiff Chevron Corporation ("Chevron"), on or before 2:00 p.m. EDT on September 12, 2011, shall be deemed good and sufficient service thereof; and it is further: ORDERED that papers in opposition to the Motion, if any, shall be served and filed electronically on or before 5:00 p.m. on September 16, 2013. (Signed by Judge Lewis A. Kaplan on 9/12/2013) (lmb) (Entered: 09/12/2013) |
|---|---|---|
| 09/12/2013 | | Set/Reset Deadlines: Show Cause Response due by 9/16/2013. (lmb) (Entered: 09/12/2013) |
| 09/12/2013 | 1418 | MEMO ENDORSEMENT denying 1312 Motion for Leave to File Document. ENDORSEMENT: In view of the combined effect of (1) the imminence of trial and (2) the interval between the completion of the Dunkelberger deposition and the filing of Chevron's motion, the motion (DI 1312) is denied. In these circumstances, it is unnecessary to express any view as to whether the Dunkelberger deposition testimony, whether alone or in combination with other evidence, satisfies the first prong of the crime–fraud exception with respect to information relating to the so–called cleansing reports. (Signed by Judge Lewis A. Kaplan on 9/12/2013) (lmb) (Entered: 09/12/2013) |
| 09/12/2013 | 1419 | ORDER: The Court hereby adopts the questionnaire and procedure set forth in the July 30 order. DI 1327. Prospective jurors will be summoned to the courthouse on October 8 for the purpose of filling out the questionnaire. The procedure with respect to the questionnaire shall conform to the set out in the July 30 order. (Signed by Judge Lewis A. Kaplan on 9/12/2013) (lmb) (Entered: 09/12/2013) |
| 09/12/2013 | 1420 | ORDER: Defendants are relieved of any obligation to respond in writing to any foregoing requests although they are free to do so if they wish. Accordingly, the only requests for relief that remain pending as part of Chevron's in limine motion are Requests 1 and 11 through 13. (Signed by Judge Lewis A. Kaplan on 9/12/2013) (lmb) (Entered: 09/12/2013) |
| 09/12/2013 | 1421 | PRETRIAL ORDER: The parties have failed to submit a joint pretrial order as required by the individual practices of this Court. Plaintiff, however, has submitted its proposed joint pretrial order, which contains among other things its exhibit and witness lists and deposition designations. Defendants have separately filed a document entitled Defendants' Proposed Pretrial Order Submissions (hereinafter "Def. PTO") (DI 1377), which contains among other things their respective exhibit and witness lists. (They have been granted additional time within which to submit their deposition designations.) In view of the parties' failure to submit a joint pretrial order, the following is adopted as the Pretrial Order herein. (Signed by Judge Lewis A. Kaplan on 9/12/2013) (lmb) (Entered: 09/12/2013) |
| 09/12/2013 | 1422 | MOTION for Sanctions *Terminating Action Based on Chevron's Repeated Efforts to Corrupt Witness Testimony*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 09/12/2013) |
| 09/12/2013 | 1423 | DECLARATION of Steven R. Donziger in Support re: 1422 MOTION for Sanctions *Terminating Action Based on Chevron's Repeated Efforts to Corrupt Witness Testimony*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit)(Donziger, Steven) (Entered: 09/12/2013) |
| 09/12/2013 | 1424 | TRANSCRIPT of Proceedings re: ARGUMENT held on 9/3/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Samuel Mauro, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/7/2013. Redacted Transcript Deadline set for 10/18/2013. Release of Transcript Restriction set for 12/16/2013.(Rodriguez, Somari) (Entered: 09/12/2013) |
| 09/12/2013 | 1425 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 9/3/13 has been filed by the |

| | | |
|---|---|---|
| | | court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Rodriguez, Somari) (Entered: 09/12/2013) |
| 09/12/2013 | 1426 | MEMO ENDORSEMENT denying 1387 Motion for Protective Order. ENDORSEMENT: The scheduling order in this case required the service of all document requests by December 1, 2012 and the completion of all discovery by May 31, 2013 as further set forth in this order. This issue may become moot, as the case is scheduled for trial on October 15, 2013. The likelihood of ultimate resolution of the appeals from the orders denying the motions to quash before the end of the trial perhaps is not great. Nevertheless, the protective order defendants seek is unwarranted. It (DI 1387) therefore is denied. (Signed by Judge Lewis A. Kaplan on 9/12/2013) (lmb) (Entered: 09/12/2013) |
| 09/13/2013 | 1427 | MEMORANDUM AND ORDER: that on the basis of my examination of each of the documents, I find that there is probable cause to believe that the following documents facilitated what has been characterized as the Cabrera fraud and must therefore be produced: 1818–03, 1818–04, 1818–05, 1818–06, 1818–07, 1818–08, 1818–09, and 1818–10. No other document is fairly characterized as being "in furtherance" of any crime or fraud. (Signed by Magistrate Judge James C. Francis on 9/13/2013) Copies Mailed By Chambers. (tn) Modified on 9/17/2013 (tn). (Entered: 09/13/2013) |
| 09/13/2013 | 1428 | MEMO ENDORSEMENT on re: 1387 MOTION for Protective Order filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger. ENDORSEMENT: The scheduling order in this case required the service of all document requests by December 1, 2012 and the completion of all discovery by May 31, 2013 as further set forth in this order. This issue may become moot, as the case is scheduled for trial on October 15, 2013. The likelihood of ultimate resolution of the appeals from the orders denying the motions to quash before the end of the trial perhaps is not great. Nevertheless, the protective order defendants seek is unwarranted. It (DI 1387) therefore is denied. (Signed by Judge Lewis A. Kaplan on 9/13/2013 (corrected)) (lmb) (Entered: 09/13/2013) |
| 09/13/2013 | 1429 | MEMO ENDORSEMENT on re: 1340 MOTION TO SUBSTITUTE EXPERT AND TO SUPPLEMENT EXPERT DISCLOSURE filed by Chevron Corporation. ENDORSEMENT: Chevron filed a motion to substitute expert Spencer Lynch for a previously–designated testifying expert and to supplement the expert disclosure on August 15, 2013, on the ground that the previously–designated expert was unable to testify due to an illness. DI 1340. Defendants responded that "Chevron [had] failed to append Mr. Lynch's expert report to [its] motion," and that defendants could not "take a position on the matter of Chevron's request to substitute until the replacement report is made available for everyone's inspection." DI 1368. Defendants therefore requested that Chevron's motion" be held in abeyance until such time as Chevron serves a full and complete copy of Mr. Lynch's expert report; and that the Court enter an order allowing defendants to supplement [their] [o]pposition within 7 days after the service of the expert report." Id. Accordingly, in the event that it has not done so already, Chevron shall serve a complete copy of Mr. Spencer Lynch's expert report on defendants no later than September 13, 2013 at 5 p.m. It shall apprise the Court whether and when it has done so. Defendants shall file any further opposition to Chevron's motion to substitute its expert and to supplement the expert disclosure no later than September 20, 2013. Chevron shall file any reply no later than September 27, 2013., ( Responses due by 9/20/2013., Replies due by 9/27/2013.) (Signed by Judge Lewis A. Kaplan on 9/13/2013) (lmb) Modified on 9/13/2013 (lmb). (Entered: 09/13/2013) |
| 09/13/2013 | 1430 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S SERVICE OF THE EXPERT REPORT OF SPENCER LYNCH ON DEFENDANTS. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/13/2013) |
| 09/13/2013 | 1431 | MOTION for Leave to File Amended Witness and Exhibit Lists. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 09/13/2013) |

| 09/14/2013 | 1432 | DECLARATION of Steven R. Donziger in Support re: 1431 MOTION for Leave to File Amended Witness and Exhibit Lists.. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Appendix 1, # 2 Appendix 2, # 3 Appendix 2–A, # 4 Appendix 2–B, # 5 Appendix 2–C, # 6 Appendix 2–D, # 7 Appendix 2–E, # 8 Appendix 2–F, # 9 Appendix 2–G, # 10 Appendix 2–H, # 11 Appendix 2–I, # 12 Appendix 2–J, # 13 Appendix 2–K, # 14 Exhibit 1)(Donziger, Steven) (Entered: 09/14/2013) |
|---|---|---|
| 09/16/2013 | 1433 | MEMORANDUM OF LAW in Opposition re: 1417 Order on Motion for Order to Show Cause,,, *MEMORANDUM OF LAW IN RESPONSE TO ORDER TO SHOW CAUSE WHY CHEVRON SHOULD NOT BE REQUIRED TO STATE WITH FINALITY THE NATURE OF ITS CLAIMS AND WHY ALL DEADLINES AND THE TRIAL SHOULD NOT BE SUSPENDED IN THE INTERIM*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/16/2013) |
| 09/16/2013 | 1434 | DECLARATION of Jason B. Stavers in Opposition re: 1417 Order on Motion for Order to Show Cause,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mastro, Randy) (Entered: 09/16/2013) |
| 09/16/2013 | 1435 | LETTER MOTION for Extension of Time to File *Response to DI 1356* addressed to Judge Lewis A. Kaplan from Steven R. Donziger dated 9/16/2013. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 09/16/2013) |
| 09/17/2013 | 1436 | MEMORANDUM AND ORDER denying 1417 Order on Motion for Order to Show Cause. For the reasons set forth herein, the Donziger Defendants' motion [DI1417] is denied in all respects. (Signed by Judge Lewis A. Kaplan on 9/17/2013) (tro) (Entered: 09/17/2013) |
| 09/17/2013 | 1437 | ORDER granting in part 1435 Letter Motion for Extension of Time to File Response to DI 1356 addressed to Judge Lewis A. Kaplan from Steven R. Donziger dated 9/16/2013. Nonetheless, giving the Donziger Defendants the benefit of an enormous doubt, and in the interest of permitting this case to move forward to an efficient and simplified trial, the Court will yet again provide the Donziger Defendants with substantially the relief they seek. The motion for an extension [DI 1435] is granted to the extent that the Donziger Defendants' time to submit material pursuant to Fed. R. Civ. P. 44.1 concerning the questions enumerated above is extended until 9/24/2013 at 1 pm. No further extension shall be granted. (Signed by Judge Lewis A. Kaplan on 9/17/2013) (tro) (Entered: 09/17/2013) |
| 09/18/2013 | 1438 | MOTION for Extension of Time *Regarding August 20, 2013 Order (DI 1356)*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 09/18/2013) |
| 09/18/2013 | 1439 | MEMORANDUM OF LAW in Opposition re: 1438 MOTION for Extension of Time *Regarding August 20, 2013 Order (DI 1356)*. *CHEVRON CORPORATION'S OPPOSITION TO DEFENDANTS HUGO CAMACHO AND JAVIER PIAGUAJE'S MOTION TO EXTEND TIME TO RESPOND TO THE COURT'S AUGUST 20, 2013 ORDER REGARDING ECUADORIAN LAW OR, IN THE ALTERNATIVE, FOR AN EQUAL EXTENSION OF TIME*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/18/2013) |
| 09/18/2013 | 1440 | MEMO ENDORSEMENT granting 1438 Motion for Extension of Time. ENDORSEMENT: Extension to 9/24/13 granted notwithstanding lack of support for claims of limited resources. The Court expresses no view on anything else in this submission. (Signed by Judge Lewis A. Kaplan on 9/18/2013) (lmb) (Entered: 09/18/2013) |
| 09/18/2013 | 1441 | RESPONSE re: 1356 Order,, *CHEVRON CORPORATION'S RESPONSE TO THE COURT'S AUGUST 20, 2013 ORDER REGARDING CERTAIN QUESTIONS OF ECUADORIAN LAW*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/18/2013) |
| 09/18/2013 | 1442 | MOTION for Reconsideration re: 1436 Order. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 09/18/2013) |

| | | |
|---|---|---|
| 09/19/2013 | 1443 | ORDER denying 1442 Motion for Reconsideration re 1436 Order. Thus, contrary to the Danziger Defendants' premise, the Court (1) recognized the fact that the Danziger Defendants intend to oppose a non–jury trial in the event Chevron withdraws its claim for damages against them, questionable though their prospects may be in that event, but (2) in recognition of the fact that Chevron has not done so and the Danziger Defendants had not been fully heard on the question, declined to decide the issue, which had not yet been presented. This motion is denied in all respects. (Signed by Judge Lewis A. Kaplan on 9/19/2013) (lmb) (Entered: 09/19/2013) |
| 09/19/2013 | 1444 | NOTICE of Relevant Authority. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 09/19/2013) |
| 09/19/2013 | 1445 | MEMORANDUM OF LAW in Opposition re: 1405 MOTION to Bifurcate *Trial*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 09/19/2013) |
| 09/19/2013 | 1446 | MEMORANDUM OF LAW in Opposition re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE. Nos. 1, and 11–13*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Gomez, Julio) (Entered: 09/20/2013) |
| 09/20/2013 | 1447 | NOTICE of of Corrected Brief re: 1446 Memorandum of Law in Opposition to Motion,. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Errata Brief with Corrections)(Gomez, Julio) (Entered: 09/20/2013) |
| 09/20/2013 | 1448 | MEMORANDUM OF LAW in Opposition re: 1385 MOTION Foreign Witness Application.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/20/2013) |
| 09/20/2013 | 1449 | MEMORANDUM OF LAW in Opposition re: 1340 MOTION TO SUBSTITUTE EXPERT AND TO SUPPLEMENT EXPERT DISCLOSURE.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gomez, Julio) (Entered: 09/20/2013) |
| 09/20/2013 | 1450 | **FILING ERROR – WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY** – DECLARATION of Jason B. Stavers in Opposition re: 1385 MOTION Foreign Witness Application.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 4200, # 2 Exhibit 4201, # 3 Exhibit 4202, # 4 Exhibit 4203, # 5 Exhibit 4204, # 6 Exhibit 4205, # 7 Exhibit 4206, # 8 Exhibit 4207, # 9 Exhibit 4208)(Mastro, Randy) Modified on 9/23/2013 (lb). (Entered: 09/20/2013) |
| 09/21/2013 | 1451 | DECLARATION of Jason B. Stavers in Opposition re: 1385 MOTION Foreign Witness Application.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 4200, # 2 Exhibit 4201, # 3 Exhibit 4202, # 4 Exhibit 4203, # 5 Exhibit 4204, # 6 Exhibit 4205, # 7 Exhibit 4206, # 8 Exhibit 4207, # 9 Exhibit 4208)(Mastro, Randy) (Entered: 09/21/2013) |
| 09/23/2013 | 1452 | ORDER: Defendants shall file any reply in support of their motion for leave to call former judge Zambrano at trial no later than September 26, 2013., ( Replies due by 9/26/2013.) (Signed by Judge Lewis A. Kaplan on 9/23/2013) (lmb) (Entered: 09/23/2013) |
| 09/24/2013 | 1453 | ORDER TO SHOW CAUSE WHY DOCKET NOS 1432–5 AND 1432–7 SHOULD NOT BE TEMPORARILY SEALED WHILE THE DONZIGER DEFENDANTS' VIOLATIONS OF RELATED PROTECTIVE ORDERS CAN BE ADDRESSED: that Chevron shall serve counsel for Defendants, by hand, facsimile, or email a copy of this Order to Show Cause and all papers submitted in support thereof on or before 5:00 p.m. on 9/25/2013. Show Cause Response due on or before 5:00 p.m. on 10/9/2013. Replies due on or before 5:00 p.m. on 10/16/2013. Defendants shall show cause on 10/16/2013 as to why an Order should not be entered granting Chevron's Motion for continued sealing of Dkts. 1432–5 and 1432–7. Public access to docket entries 1432–5 and 1432–7 shall be prohibited pending resolution of this motion. |

| | | Pending the hearing on this matter, Defendants may not refile on the public docket the material at docket entries 1432−5 or 1432−7, or other material potentially subject to the protective orders in question; and ORDERED, that the motion will be taken on submission. (Signed by Judge Lewis A. Kaplan on 9/24/2013) (tro) (Entered: 09/24/2013) |
|---|---|---|
| 09/24/2013 | 1454 | REPLY MEMORANDUM OF LAW in Support re: 1357 MOTION for Order to Show Cause / *ORDER TO SHOW CAUSE FOR AN ORDER FURTHER PROTECTING THE CONFIDENTIAL DECLARATION OF DOE 4 AND GRANTING LEAVE TO SUPPLEMENT THE RECORD WITH DOE 4'S DECLARATION..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 09/24/2013) |
| 09/24/2013 | 1455 | NOTICE of Responses to Rule 44.1 Questions of Foreign Law Posed by the Court (DI 1356). Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Gomez, Julio) (Entered: 09/24/2013) |
| 09/25/2013 | 1456 | REPLY MEMORANDUM OF LAW in Support re: 1388 MOTION in Limine / *CHEVRON CORPORATION'S NOTICE OF MOTIONS IN LIMINE..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 09/25/2013) |
| 09/25/2013 | 1457 | REPLY MEMORANDUM OF LAW in Support re: 1405 MOTION to Bifurcate *Trial..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/25/2013) |
| 09/27/2013 | 1458 | REPLY to Response to Motion re: 1385 MOTION Foreign Witness Application.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Gomez, Julio) (Entered: 09/27/2013) |
| 09/27/2013 | 1459 | LETTER MOTION for Extension of Time addressed to Judge Lewis A. Kaplan from Steven R. Donziger. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 09/27/2013) |
| 09/27/2013 | 1460 | NOTICE of Filing of Replacement Redacted Copies of DIs 1432−5 and 1432−7 re: 1432 Declaration in Support of Motion,,. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1 (Replacement of DI 1432−5, Appendix 2−C), # 2 Exhibit 2 (Replacement of DI 1432−7, Appendix 2−E))(Donziger, Steven) (Entered: 09/27/2013) |
| 09/27/2013 | 1461 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** NOTICE of Response to the Court's Order to Show Cause DI 1453 re: 1453 Order to Show Cause, Set Deadlines. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Donziger, Steven) Modified on 9/27/2013 (db). (Entered: 09/27/2013) |
| 09/27/2013 | 1462 | ORDER granting in part and denying in part 1459 Letter Motion for Extension of Time. Defendants move for extensions of time for responding to what remains of Chevron's third summary judgment motion, most of which already has been denied, and for filing their deposition designations. The motion rehearses yet again the much repeated – and at least as often unsubstantiated – claims of lack of resources and offers little other justification. In particular, the Court sees no justification whatever for yet another extension of time – however brief – to respond to the remaining part of the summary judgment motion, which addresses only certain of affirmative defenses defendants pleaded over two years ago. Defendants have had abundant time – including a recent thirty day extension – in which to reflect on what those conclusory assertions are based upon and to come forward with it. Nevertheless, the motion [DI 1459] is granted to the extent that the time within which to file the deposition designations is extended to and including October 4, 2013. It is denied in all other respects. (Signed by Judge Lewis A. Kaplan on 9/27/2013) (lmb) (Entered: 09/27/2013) |

| 09/27/2013 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Steven Robert Donziger to RE–FILE Document **1461** Notice (Other), Notice (Other). Use the event type Response (non–motion) found under the event list Other Answers. (db)** (Entered: 09/27/2013) |
|---|---|---|
| 09/27/2013 | 1463 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/27/2013) |
| 09/27/2013 | 1464 | RESPONSE TO ORDER TO SHOW CAUSE re: 1453 Order to Show Cause, Set Deadlines,,,,,,,,. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 09/27/2013) |
| 09/27/2013 | 1465 | MOTION for Sanctions *The Donziger Defendants For Disobeying The Court's Discovery Orders*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 09/27/2013) |
| 09/27/2013 | 1466 | MEMORANDUM OF LAW in Support re: 1465 MOTION for Sanctions *The Donziger Defendants For Disobeying The Court's Discovery Orders*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/27/2013) |
| 09/27/2013 | 1467 | DECLARATION of Jefferson E. Bell in Support re: 1465 MOTION for Sanctions *The Donziger Defendants For Disobeying The Court's Discovery Orders*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mastro, Randy) (Entered: 09/27/2013) |
| 09/30/2013 | 1468 | MEMORANDUM OF LAW in Opposition re: 1348 MOTION for Partial Summary Judgment *On Its RICO Claim, Summary Judgment on Certain Affirmative Defenses, and an Order Establishing Findings of Fact Pursuant to Fed. R. Civ. P. 56(g)*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 09/30/2013) |
| 09/30/2013 | 1469 | NOTICE of Intent to Waive Money Damages Against Donziger Defendants. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/30/2013) |
| 09/30/2013 | 1470 | MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY REINSTATEMENT OF CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) SHOULD NOT BE ORDERED*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 09/30/2013) |
| 09/30/2013 | 1471 | MEMORANDUM OF LAW in Support re: 1470 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY REINSTATEMENT OF CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) SHOULD NOT BE ORDERED*.. Document filed by Chevron Corporation. (Entered: 09/30/2013) |
| 09/30/2013 | 1472 | DECLARATION of ADOLFO CALLEJAS RIBADENEIRA in Support re: 1470 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY REINSTATEMENT OF CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) SHOULD NOT BE ORDERED*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 09/30/2013) |
| 09/30/2013 | 1473 | DECLARATION of RANDY M. MASTRO in Support re: 1470 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY REINSTATEMENT OF CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) SHOULD NOT BE ORDERED*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/30/2013) |
| 09/30/2013 | 1474 | MEMORANDUM OF LAW in Opposition re: 1422 MOTION for Sanctions *Terminating Action Based on Chevron's Repeated Efforts to Corrupt Witness Testimony. REDACTED VERSION*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/30/2013) |
| 09/30/2013 | 1475 | DECLARATION of JASON B. STAVERS in Opposition re: 1422 MOTION for Sanctions *Terminating Action Based on Chevron's Repeated Efforts to Corrupt Witness Testimony*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 4301, # 2 Exhibit 4302, # 3 Exhibit 4303, # 4 Exhibit 4304, # 5 Exhibit 4305, |

| | | |
|---|---|---|
| | | # <u>6</u> Exhibit 4306, # <u>7</u> Exhibit 4307, # <u>8</u> Exhibit 4308, # <u>9</u> Exhibit 4309, # <u>10</u> Exhibit 4310, Part 1, # <u>11</u> Exhibit 4310, Part 2, # <u>12</u> Exhibit 4311, # <u>13</u> Exhibit 4312, # <u>14</u> Exhibit 4313, # <u>15</u> Exhibit 4314, # <u>16</u> Exhibit 4315, # <u>17</u> Exhibit 4316, # <u>18</u> Exhibit 4317, # <u>19</u> Exhibit 4318, # <u>20</u> Exhibit 4319, # <u>21</u> Exhibit 4320, # <u>22</u> Exhibit 4321)(Mastro, Randy) (Entered: 09/30/2013) |
| 09/30/2013 | <u>1476</u> | MOTION to Amend/Correct / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF ITS CROSS–MOTION TO AMEND ITS WITNESS AND EXHIBIT LISTS*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 09/30/2013) |
| 09/30/2013 | <u>1477</u> | MEMORANDUM OF LAW in Opposition re: <u>1476</u> MOTION to Amend/Correct / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF ITS CROSS–MOTION TO AMEND ITS WITNESS AND EXHIBIT LISTS*., <u>1431</u> MOTION for Leave to File Amended Witness and Exhibit Lists. / *CHEVRON CORPORATION'S MEMORANDUM OF LAW (1) IN OPPOSITION TO DONZIGER DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED WITNESS AND EXHIBIT LISTS TO THE PRETRIAL ORDER, AND (2) IN SUPPORT OF CHEVRON'S CROSS–MOTION TO AMEND ITS WITNESS AND EXHIBIT LISTS*. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Appendix A, # <u>2</u> Appendix B, # <u>3</u> Appendix C)(Mastro, Randy) (Entered: 09/30/2013) |
| 09/30/2013 | <u>1478</u> | DECLARATION of JEFFERSON E. BELL in Opposition re: <u>1476</u> MOTION to Amend/Correct / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF ITS CROSS–MOTION TO AMEND ITS WITNESS AND EXHIBIT LISTS*., <u>1431</u> MOTION for Leave to File Amended Witness and Exhibit Lists.. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 4501, # <u>2</u> Exhibit 4502, # <u>3</u> Exhibit 4503, # <u>4</u> Exhibit 4504)(Mastro, Randy) (Entered: 09/30/2013) |
| 10/01/2013 | <u>1479</u> | MEMO ENDORSEMENT granting <u>1340</u> Motion to SUBSTITUTE EXPERT AND TO SUPPLEMENT EXPERT DISCLOSURE. ENDORSEMENT: Chevron filed a motion to substitute expert Spencer Lynch for a previously–designated testifying expert and to supplement the expert disclosure on August 15, 2013, on the ground that the previously–designated expert was unable to testify due to an illness. DI 1340. Defendants responded that "Chevron [had] failed to append Mr. Lynch's expert report to [its] motion," and that defendants could not "take a position on the matter of Chevron's request to substitute until the replacement report is made available for everyone's inspection." DI 1368. Defendants therefore requested that Chevron's motion "be held in abeyance until such time as Chevron serves a full and complete copy of Mr. Lynch's expert report; and that the Court enter an order allowing defendants to supplement [their] [o]pposition within 7 days after the service of the expert report." Id. The Court accordingly ordered Chevron to serve a complete copy of Mr. Spencer Lynch's expert report in the event it had not already done so, and afforded defendants additional opportunity to oppose Chevron's motion. DI 1429.That same day, Chevron informed the Court that it had served Mr. Lynch's report on defendants two weeks earlier, on August 30. DI 1430. Defendants then submitted their supplemental opposition, stating that they were "opposed to the substitution of expert Spencer Lynch to the extent that his opinions or analyses supplement or exceed the work performed by" Chevron's previously–designated expert. DI 1449, at 1. They further requested that "Chevron make Mr. Lynch available for a deposition at a time that is mutually convenient for the parties." Id. at 2. The Court grants Chevron's motion [DI 1340] to substitute expert Spencer Lynch for a previously–testifying expert and to supplement the expert disclosure subject to Chevron's production of Mr. Lynch for deposition by the defendants. To the extent Mr. Lynch's report covers topics the previous expert's report did not, defendants, having had the opportunity to question him on these topics, will suffer no prejudice from the substitution of his report. The parties shall agree amongst themselves to the time and location of Mr. Lynch's deposition. To the extent they are unable to agree, they shall so inform the Court and the time and location will be determined by the special masters. (Signed by Judge Lewis A. Kaplan on 10/1/2013) (lmb) Modified on 10/2/2013 (lmb). (Entered: 10/01/2013) |
| 10/01/2013 | <u>1480</u> | ORDER TO SHOW CAUSE WHY REINSTATEMENT OF CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) SHOULD NOT BE ORDERED: The Court having considered the evidence and arguments presented, and sufficient reason appearing, it is hereby: ORDERED that Chevron shall serve counsel for Defendants, by hand, facsimile, or e–mail a copy of this Order to Show Cause and all papers |

| | | |
|---|---|---|
| | | submitted in support thereof on or before 9:00 a.m. on 10/2/2013; and ORDERED that papers in opposition to the Motion, if any, shall be served and filed electronically on or before Midnight on October 8, 2013; and ORDERED that reply papers, if any, shall be served and filed electronically on or before Midnight on October 10, 2013; and ORDERED that Defendants must show cause before this Court on October 10, 2013 why an order should not be entered granting Chevron's Motion for an Order Reinstating Chevron's Unjust Enrichment Claim (Count 6). The motion will be taken on submission., ( Replies due by 10/10/2013.) Show Cause Response due by 10/8/2013. (Signed by Judge Lewis A. Kaplan on 10/1/2013) (lmb) (Entered: 10/01/2013) |
| 10/01/2013 | 1481 | NOTICE of Filing of Replacement Redacted Copy of DI 1422 re: 1422 MOTION for Sanctions *Terminating Action Based on Chevron's Repeated Efforts to Corrupt Witness Testimony*.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit Replacement of DI 1422)(Donziger, Steven) (Entered: 10/01/2013) |
| 10/01/2013 | 1482 | MOTION for Leave to File / SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893). Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/01/2013) |
| 10/01/2013 | 1483 | MEMORANDUM OF LAW in Support re: 1482 MOTION for Leave to File / SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893).. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/01/2013) |
| 10/01/2013 | 1484 | DECLARATION of JEFFERSON E. BELL in Support re: 1482 MOTION for Leave to File / SUPPLEMENT THE RECORD IN CONNECTION WITH PENDING MOTION FOR SANCTIONS AND TO HOLD DEFENDANTS IN CONTEMPT (DKT. 893).. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 4401, # 2 Exhibit 4402, # 3 Exhibit 4403, # 4 Exhibit 4404, # 5 Exhibit 4405, # 6 Exhibit 4406, # 7 Exhibit 4407, # 8 Exhibit 4408, # 9 Exhibit 4409, # 10 Exhibit 4410, # 11 Exhibit 4411, # 12 Exhibit 4412, # 13 Exhibit 4413, # 14 Exhibit 4414, # 15 Exhibit 4415, # 16 Exhibit 4416)(Mastro, Randy) (Entered: 10/01/2013) |
| 10/01/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Telephone Conference held on 10/1/2013. (Court Reporter Rivka Teich)(Mohan, Andrew) (Entered: 10/02/2013) |
| 10/02/2013 | 1485 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/02/2013) |
| 10/02/2013 | 1486 | ORDER granting 1385 Motion for Foreign Witness Application. Accordingly, defendants' joint motion is granted to the extent that Mr. Zambrano may be called as a witness at trial provided all of the following conditions are satisfied: 1. Defendants shall have provided plaintiff's counsel, no later than fourteen days prior to the start of the deposition, with evidence that Mr. Zambrano holds a current passport and a visa permitting him to enter the United States both for his deposition as hereinafter provided and for trial. 2. Mr. Zambrano shall have agreed in writing that he will appear as a witness and testify at trial if so requested by any party and shall have accepted service of a subpoena requiring his presence. 3. Mr. Zambrano shall have testified at a deposition as hereinafter provided, which shall have been completed no later than October 30, 2013. The Court makes the following additional directions with respect to the deposition of Mr. Zambrano. The deposition of Mr. Zambrano shall take place in the Daniel Patrick Moynihan Courthouse and shall be presided over by a special master previously appointed by the Court. Subject to paragraph 3, the date(s) for the deposition shall be as agreed in writing by all parties or, in default of such agreement, fixed by the special master designated to preside. Chevron shall be entitled to question the witness first for a period not to exceed seven hours. Defendants then may examine Mr. Zambrano for a period not to exceed seven hours. In the event defendants elect to examine Mr. Zambrano, Chevron may reexamine Mr. Zambrano for a period not to exceed half the time used by defendants to examine Mr. Zambrano. These time limits, however, may be varied by the special master presiding for appropriate cause. (Signed by Judge Lewis A. Kaplan on 10/2/2013) (lmb) (Entered: 10/02/2013) |

| 10/02/2013 | | Set/Reset Deadlines: Deposition due by 10/30/2013. (lmb) (Entered: 10/02/2013) |
|---|---|---|
| 10/03/2013 | 1487 | MEMORANDUM AND ORDER granting 1388 Motion in Limine. For the foregoing reasons, Chevron's application to preclude the fifteen witnesses from testifying as experts, which is part of the relief sought by DI 1388, is granted. (Signed by Judge Lewis A. Kaplan on 10/3/2013) (lmb) (Entered: 10/03/2013) |
| 10/03/2013 | 1488 | ORDER: The Court on July 10, 2013 ordered that the parties and their counsel comply with the "Individual Practices of the undersigned, which require that: 'Two (2) courtesy copies [of each set of motion papers] for use of Chambers should be delivered to the Marshals at the Worth Street entrance, 500 Pearl Street (at the time the originals are filed).'" DI 1292. The Donziger Defendants repeatedly have failed to comply with this order. They are hereby directed to deliver forthwith courtesy copies of any outstanding motions, supporting documents, and opposing papers that were not delivered to the Marshals in the first instance. Failure to do so may result in outright denial of any such motions and/or other sanctions. (Signed by Judge Lewis A. Kaplan on 10/3/2013) (lmb) (Entered: 10/03/2013) |
| 10/03/2013 | 1489 | MOTION Relief from "Narrative" Declaration Requirement in the Court's Individual Rules of Practice. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 10/03/2013) |
| 10/04/2013 | 1490 | NOTICE of Joinder re: 1432 Declaration in Support of Motion,, 1431 MOTION for Leave to File Amended Witness and Exhibit Lists.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 10/04/2013) |
| 10/04/2013 | 1491 | REPLY *To The Courts Oral Order To Show Cause Why Defendants Should Not Be Deprived Of A Jury Despite Chevrons Withdrawal Of Its Money Damages Claims.* Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 10/04/2013) |
| 10/04/2013 | 1492 | NOTICE of Submission of Chevron Corporation's Proposed Pretrial Order. Document filed by Chevron Corporation. (Attachments: # 1 Chevron's Proposed Pretrial Order, # 2 Exhibit A, # 3 Exhibit A–1, # 4 Exhibit A–2, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D)(Mastro, Randy) (Entered: 10/04/2013) |
| 10/04/2013 | 1493 | MEMORANDUM OF LAW in Opposition re: 1489 MOTION Relief from "Narrative" Declaration Requirement in the Court's Individual Rules of Practice.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/04/2013) |
| 10/04/2013 | 1494 | NOTICE of pursuant to R. 44.1 of the Federal Rules of Civil Procedure of Intent to Raise Issues of Foreign Law. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Gomez, Julio) (Entered: 10/04/2013) |
| 10/04/2013 | 1495 | NOTICE of Submission of Defendants' Deposition Designations and Counter–Designations. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Donziger, Steven) (Entered: 10/04/2013) |
| 10/05/2013 | 1496 | RESPONSE re: 1491 Reply, / *CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S ORAL ORDER TO SHOW CAUSE ON WHY DEFENDANTS SHOULD NOT BE DEPRIVED OF A JURY DESPITE CHEVRON'S WITHDRAWAL OF ITS MONEY DAMAGES CLAIMS.* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mastro, Randy) (Entered: 10/05/2013) |
| 10/06/2013 | 1497 | REPLY MEMORANDUM OF LAW in Support re: 1348 MOTION for Partial Summary Judgment *On Its RICO Claim, Summary Judgment on Certain Affirmative Defenses, and an Order Establishing Findings of Fact Pursuant to Fed. R. Civ. P. 56(g)..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/06/2013) |

| 10/06/2013 | 1498 | DECLARATION of Jason B. Stavers in Support re: 1348 MOTION for Partial Summary Judgment *On Its RICO Claim, Summary Judgment on Certain Affirmative Defenses, and an Order Establishing Findings of Fact Pursuant to Fed. R. Civ. P. 56(g)..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Mastro, Randy) (Entered: 10/06/2013) |
|---|---|---|
| 10/06/2013 | 1499 | SPECIAL MASTERS ORDER NO. 19: Given that the parties will be on trial during weekdays beginning on October 15, 2013, Mr. Zambrano's deposition, which will be supervised by a Special Master, will proceed on the weekend of either October 19, 2013 or October 26, 2013, in accordance with Judge Kaplan's Order of October 2, 2013 (ECF No. 1486). The parties are directed to confer and report in a joint submission by no later than close of business on Wednesday, October 9, 2013, which of those weekends they have selected. We will issue a further order concerning the conduct of the deposition in due course. (Signed by Special Master Theodore H. Katz and Special Master Max Gitter on 10/6/2013) (mro) (Entered: 10/07/2013) |
| 10/07/2013 | 1500 | MEMORANDUM OPINION: #103659 The Court has considered all of defendants arguments and concluded that all are without merit. Accordingly, the Court holds that there is no right to trial by jury. The Court declines to order a jury trial in this case. (Signed by Judge Lewis A. Kaplan on 10/7/2013) (djc) Modified on 10/8/2013 (sdi). (Entered: 10/07/2013) |
| 10/07/2013 | 1501 | MEMORANDUM AND ORDER granting in part and denying in part 1489 Motion re: 1489 MOTION Relief from "Narrative" Declaration Requirement in the Court's Individual Rules of Practice. Defendants' motion [DI 1489] is granted to the extent set forth above and otherwise denied. (Signed by Judge Lewis A. Kaplan on 10/7/2013) (djc) (Entered: 10/07/2013) |
| 10/07/2013 | 1502 | MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ACCEPT AND REVIEW IN CAMERA RECENTLY OBTAINED DOCUMENTS AND ORDER THAT THE DOCUMENTS BE DISCLOSED TO CHEVRON.* Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/07/2013) |
| 10/07/2013 | 1503 | MEMORANDUM OF LAW in Support re: 1502 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ACCEPT AND REVIEW IN CAMERA RECENTLY OBTAINED DOCUMENTS AND ORDER THAT THE DOCUMENTS BE DISCLOSED TO CHEVRON. MOTION for Order to Show Cause / [PROPOSED] ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ACCEPT AND REVIEW IN CAMERA RECENTLY OBTAINED DOCUMENTS AND ORDER THAT THE DOCUMENTS BE DISCLOSED TO CHEVRON..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/07/2013) |
| 10/07/2013 | 1504 | DECLARATION of RANDY M. MASTRO in Support re: 1502 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ACCEPT AND REVIEW IN CAMERA RECENTLY OBTAINED DOCUMENTS AND ORDER THAT THE DOCUMENTS BE DISCLOSED TO CHEVRON. MOTION for Order to Show Cause / [PROPOSED] ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ACCEPT AND REVIEW IN CAMERA RECENTLY OBTAINED DOCUMENTS AND ORDER THAT THE DOCUMENTS BE DISCLOSED TO CHEVRON..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/07/2013) |
| 10/07/2013 | 1505 | DECLARATION of JASON B. STAVERS in Support re: 1502 MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ACCEPT AND REVIEW IN CAMERA RECENTLY OBTAINED DOCUMENTS AND ORDER THAT THE DOCUMENTS BE DISCLOSED TO CHEVRON. MOTION for Order to Show Cause / [PROPOSED] ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ACCEPT AND REVIEW IN CAMERA RECENTLY OBTAINED DOCUMENTS AND ORDER THAT THE DOCUMENTS BE DISCLOSED TO CHEVRON..* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 10/07/2013) |
| 10/07/2013 | 1506 | RESPONSE in Opposition to Motion re: 1465 MOTION for Sanctions *The Donziger Defendants For Disobeying The Court's Discovery Orders..* Document filed by |

| | | |
|---|---|---|
| | | Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 10/07/2013) |
| 10/07/2013 | 1509 | ORDER: Chevron has applied for an order to show cause to bring on a motion to direct "the Clerk of the Court [to] accept" certain documents under seal from Chevron's newly retained outside counsel. DI 1502. It further requests that the Court, or a magistrate judge or special master, review the documents and "determine their relevance to this action and whether any of the documents may be subject to privilege." Id. The parties shall be prepared to discuss this matter at the Rule 16 conference on October 9, 2013 at 9:30 am. The Court will decide whether and how to proceed at that time., ( Status Conference set for 10/9/2013 at 09:30 AM before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 10/7/2013) (lmb) (Entered: 10/08/2013) |
| 10/08/2013 | 1507 | MOTION for Richard H. Friedman and Zoe B. Littlepage to Appear Pro Hac Vice. Document filed by Steven Donziger.(Donziger, Steven) (Entered: 10/08/2013) |
| 10/08/2013 | 1508 | DEFENDANTS STEVEN DONZIGER, THE LAW OFFICE OF STEVEN R. DONZIGER AND DONZIGER & ASSOCIATES, PLLC'S RESPONSES AND OBJECTIONS TO CHEVRON CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(lmb) (Entered: 10/08/2013) |
| 10/08/2013 | 1510 | NOTICE of Lodging of Exhibits. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/08/2013) |
| 10/08/2013 | 1511 | MEMORANDUM OF LAW in Opposition re: 1470 MOTION for Order to Show Cause / *[PROPOSED] ORDER TO SHOW CAUSE WHY REINSTATEMENT OF CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) SHOULD NOT BE ORDERED.*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 10/08/2013) |
| 10/09/2013 | 1512 | REPLY MEMORANDUM OF LAW in Support re: 1465 MOTION for Sanctions *The Donziger Defendants For Disobeying The Court's Discovery Orders.*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/09/2013) |
| 10/09/2013 | 1513 | DECLARATION of Jefferson E. Bell in Support re: 1465 MOTION for Sanctions *The Donziger Defendants For Disobeying The Court's Discovery Orders.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mastro, Randy) (Entered: 10/09/2013) |
| 10/09/2013 | 1514 | LETTER addressed to Magistrate Judge James C. Francis IV from Randy M. Mastro dated October 9, 2013 re: New Doucment Submissions. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/09/2013) |
| 10/09/2013 | 1515 | REPLY MEMORANDUM OF LAW in Support re: 1470 MOTION for Order to Show Cause / *[PROPOSED] ORDER TO SHOW CAUSE WHY REINSTATEMENT OF CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) SHOULD NOT BE ORDERED.*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/09/2013) |
| 10/09/2013 | 1516 | DECLARATION of ADOLFO CALLEJAS RIBADENEIRA in Support re: 1470 MOTION for Order to Show Cause / *[PROPOSED] ORDER TO SHOW CAUSE WHY REINSTATEMENT OF CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) SHOULD NOT BE ORDERED.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 4601, Part 1, # 2 Exhibit 4601, Part 2, # 3 Exhibit 4601, Part 3, # 4 Exhibit 4602, # 5 Exhibit 4603, # 6 Exhibit 4604, # 7 Exhibit 4605, # 8 Exhibit 4606, # 9 Exhibit 4607)(Mastro, Randy) (Entered: 10/09/2013) |
| 10/09/2013 | 1517 | DECLARATION of RANDY M. MASTRO in Support re: 1470 MOTION for Order to Show Cause / *[PROPOSED] ORDER TO SHOW CAUSE WHY REINSTATEMENT OF CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) SHOULD NOT BE ORDERED.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 4608)(Mastro, Randy) (Entered: 10/09/2013) |
| 10/09/2013 | 1518 | NOTICE of OF LODGING OF WITNESS STATEMENTS. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/09/2013) |

| | | |
|---|---|---|
| 10/09/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Final Pretrial Conference held on 10/9/2013. (Court Reporter Jennifer Thun)(Mohan, Andrew) (Entered: 10/10/2013) |
| 10/10/2013 | 1519 | LETTER MOTION for Extension of Time to Complete Discovery *Review and Determine the Relevance of New Document Submissions* addressed to Magistrate Judge James C. Francis IV from Randy Mastro dated October 9, 2013. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/10/2013) |
| 10/10/2013 | 1520 | MEMO ENDORSEMENT denying 1465 Motion for Sanctions. ENDORSEMENT: Subject to Mr. Danziger's satisfaction of the conditions the Court imposed at the conference on October 9, 2013, the motion is denied as moot. (Signed by Judge Lewis A. Kaplan on 10/10/2013) (lmb) (Entered: 10/10/2013) |
| 10/10/2013 | 1521 | MOTION For An Order To Show Cause Why The Court Should Not Dismiss Counts 1 And 2 In Light Of Chevrons Waiver Of Any Claim To Money Damages (Proposed Order). Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 10/10/2013) |
| 10/10/2013 | 1522 | MEMORANDUM OF LAW in Support re: 1521 MOTION For An Order To Show Cause Why The Court Should Not Dismiss Counts 1 And 2 In Light Of Chevrons Waiver Of Any Claim To Money Damages (Proposed Order). MOTION For An Order To Show Cause Why The Court Should Not Dismiss Counts 1 And 2 In Light Of Chevrons Waiver Of Any Claim To Money Damages (Proposed Order).. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 10/10/2013) |
| 10/10/2013 | 1523 | EMERGENCY MOTION for modified trial procedures. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 10/10/2013) |
| 10/10/2013 | 1524 | DECLARATION of Steven R. Donziger in Support re: 1521 MOTION For An Order To Show Cause Why The Court Should Not Dismiss Counts 1 And 2 In Light Of Chevrons Waiver Of Any Claim To Money Damages (Proposed Order). MOTION For An Order To Show Cause Why The Court Should Not Dismiss Counts 1 And 2 In Light Of Chevrons Waiver Of Any Claim To Money Damages (Proposed Order).. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 10/10/2013) |
| 10/10/2013 | 1525 | MOTION Requesting A Judicial Inspection To View Chevron's Contamination In The Oriente Region Of Ecuador. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 10/10/2013) |
| 10/10/2013 | 1526 | ORDER: The Court on April 16–18, 2013 held an evidentiary hearing on Chevron's motion for sanctions and to hold the defendants in contempt of court. DI 1082, 1084, 1086. On April 17, the Court ordered that Mr. Donziger produce to Chevron a redacted version of a document, which was then marked as Court Exhibit A and filed under seal. DI 1084, at 272:11–13. The unredacted portions of that document now are ordered unsealed. (Signed by Judge Lewis A. Kaplan on 10/10/2013) (lmb) (Entered: 10/10/2013) |
| 10/10/2013 | 1527 | MOTION to Intervene *pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure*. Document filed by Republic of Ecuador.(Mitchell, Charles) (Entered: 10/10/2013) |
| 10/10/2013 | | Transmission to Sealed Records Clerk. Transmitted re: 1526 Order, to the Sealed Records Clerk for the sealing or unsealing of document or case. (lmb) (Entered: 10/10/2013) |
| 10/10/2013 | 1528 | MEMORANDUM OF LAW in Support re: 1527 MOTION to Intervene *pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure*.. Document filed by Republic of Ecuador. (Mitchell, Charles) (Entered: 10/10/2013) |

| | | |
|---|---|---|
| 10/10/2013 | 1529 | OPINION ON MOTIONS TO COMPEL AND FOR SANCTIONS re: #103676 893 MOTION for Sanctions / *PLAINTIFF CHEVRON CORPORATION'S NOTICE OF MOTION TO SANCTION AND HOLD THE DONZIGER DEFENDANTS AND LAP REPRESENTATIVES IN CONTEMPT OF COURT FOR DISOBEYING THE COURT'S DISCOVERY ORDERS* filed by Chevron Corporation. For the foregoing reasons, Chevron's motion to sanction and hold the Donziger Defendants and the LAP Representatives in contempt of court [DI 893] is granted in part and denied in part as set forth above. (Signed by Judge Lewis A. Kaplan on 10/10/2013) (lmb) Modified on 10/17/2013 (sdi). (Entered: 10/10/2013) |
| 10/10/2013 | 1530 | MEMO ENDORSEMENT denying 1525 Motion Requesting A Judicial Inspection To View Chevron's Contamination In The Oriente Region Of Ecuador. ENDORSEMENT: Denied. (Signed by Judge Lewis A. Kaplan on 10/10/2013) (lmb) (Entered: 10/10/2013) |
| 10/10/2013 | 1531 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non–Dispositive Motion/Dispute: Order to Show Cause DI #1502. Referred to Magistrate Judge James C. Francis. Motions referred to James C. Francis. (Signed by Judge Lewis A. Kaplan on 10/10/2013) (lmb) (Entered: 10/10/2013) |
| 10/10/2013 | 1532 | ORDER granting 1507 Motion for Richard H. Friedman and Zoe B. Littlepage to Appear Pro Hac Vice. Steven Danziger, an attorney and a member of the Bar of this Court, appeared as counsel for himself, Danziger & Associates PLLC, and The Law Offices of Steven R. Danziger, all defendants in this case on May 13, 2013, knowing that the trial of this action was scheduled to begin on October 15, 2013. After the denial of his latest effort to delay the trial, he moved, on October 8, 2013, for the admission pro hac vice of out–of–state attorneys Richard Epstein and Zoe Littlepage. (DI 1507). The Court discussed the applications with counsel at a Rule 16 conference on October 9, 2013. Mr. Epstein and Ms. Littlepage assured the Court in substance that the trial would proceed on October 15, 2013 without delay if their applications were granted and that they have been engaged through the completion of this case in this Court. On the basis of those representations and certain additional assurances made on the record by Ms. Littlepage, the application for leave to appear in this case pro hac vice [DI 1507] is granted, provided, however, that nothing herein or in the appearance of these attorneys pro hac vice constitutes or approves a substitution of any of them for Mr. Danziger as counsel for the Danziger Defendants or the withdrawal of Mr. Danziger's appearance on their behalf. (Signed by Judge Lewis A. Kaplan on 10/10/2013) (lmb) Modified on 10/11/2013 (lmb). (Entered: 10/10/2013) |
| 10/10/2013 | 1533 | ORDER denying 1521 Motion for For An Order To Show Cause Why The Court Should Not Dismiss Counts 1 And 2 In Light Of Chevrons Waiver Of Any Claim To Money Damages. Accordingly, the Court declines to address the issue on the expedited basis sought by the Donziger Defendants, let alone to do so in the absence of a complete factual record that may inform its ultimate disposition. The Donziger Defendants' application for an order to show cause to bring on this motion on short notice [DI 1521] is denied. The Donziger Defendants of course may make an appropriate motion under Rule 50 at the close of plaintiffs' case and/or of all the evidence. (Signed by Judge Lewis A. Kaplan on 10/10/2013) (lmb) (Entered: 10/10/2013) |
| 10/10/2013 | | **\*\*\*DELETED DOCUMENT. Deleted document number 1534 Memo Endorsement. The document was incorrectly filed in this case. (lmb)** (Entered: 10/10/2013) |
| 10/10/2013 | 1534 | MEMO ENDORSEMENT denying 1405 Motion to Bifurcate. ENDORSEMENT: Denied. (Signed by Judge Lewis A. Kaplan on 10/10/2013) (lmb) (Entered: 10/10/2013) |
| 10/10/2013 | 1535 | MOTION for Mary Beth Maloney to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208–8963840. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Chevron Corporation. (Attachments: # 1 Declaration of Randy M. Mastro in Support, # 2 Exhibit 1, # 3 Text of Proposed Order)(Mastro, Randy) (Entered: 10/10/2013) |
| 10/10/2013 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 1535 MOTION for Mary Beth Maloney to Appear Pro Hac Vice. Filing fee $** |

| | | |
|---|---|---|
| | | **200.00, receipt number 0208–8963840. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 10/10/2013) |
| 10/10/2013 | 1538 | ENDORSED LETTER: addressed to Mr. Mohanfrom Steven R. Donziger dated 10/10/2013 re: please permit Court Connect to establish a single data connection line in the witness room tomorrow, October 11, 2013, at 9:00 a.m.. ENDORSEMENT: Granted subject to compliance with all Court Rules. So Ordered. (Signed by Judge Lewis A. Kaplan on 10/10/2013) (js) (Entered: 10/11/2013) |
| 10/11/2013 | 1536 | ORDER granting 1535 Motion for Mary Beth Maloney to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lewis A. Kaplan)(Text Only Order) (Kaplan, Lewis) (Entered: 10/11/2013) |
| 10/11/2013 | 1537 | NOTICE of withdrawal of witnesses by the parties. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit)(Gomez, Julio) (Entered: 10/11/2013) |
| 10/11/2013 | 1539 | ORDER granting in part and denying in part 1431 Motion for Leave to File Document. Accordingly, the Donziger Defendants' motion to file amended witness and exhibit lists [DI 1431] is granted to the extent that the 28 witnesses and DX 1109–1120 are added to defendants' witness and exhibit lists incorporated in the pretrial order. It is denied in all other respects. (Signed by Judge Lewis A. Kaplan on 10/11/2013) (lmb) (Entered: 10/11/2013) |
| 10/11/2013 | 1540 | ORDER denying 1482 Motion for Leave to File Document. Plaintiff's motion to supplement the record in connection with a motion for sanctions pending at the time the motion to supplement was made [DI 1482] is denied as moot in light of the determination of the motion for sanctions. (Signed by Judge Lewis A. Kaplan on 10/11/2013) (lmb) Modified on 10/15/2013 (lmb). (Entered: 10/11/2013) |
| 10/11/2013 | 1541 | NOTICE of further withdrawal of witnesses. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 10/11/2013) |
| 10/11/2013 | 1542 | MEMORANDUM OF LAW in Opposition re: 1523 EMERGENCY MOTION for modified trial procedures.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/11/2013) |
| 10/11/2013 | | Minute Entry for proceedings held before Magistrate Judge James C. Francis: Telephone Conference held on 10/11/2013. (djc) (Entered: 10/18/2013) |
| 10/13/2013 | 1543 | NOTICE OF APPEARANCE by Zoe Littlepage on behalf of Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Littlepage, Zoe) (Entered: 10/13/2013) |
| 10/13/2013 | 1544 | MEMORANDUM OF LAW in Support re: 1519 LETTER MOTION for Extension of Time to Complete Discovery */ Review and Determine the Relevance of New Document Submissions* addressed to Magistrate Judge James C. Francis IV from Randy Mastro dated October 9, 2013.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, Part 1, # 2 Exhibit A, Part 2, # 3 Exhibit B)(Mastro, Randy) (Entered: 10/13/2013) |
| 10/13/2013 | 1545 | ORDER granting 1527 Motion to Intervene. The Republic Of Ecuador plainly has standing to assert privilege with respect to the documents obtained by Chevron from Margaret Petito, and its motion to intervene is therefore granted solely for purposes of litigating any privilege. (HEREBY ORDERED by Magistrate Judge James C. Francis)(Text Only Order) (Francis, James) (Entered: 10/13/2013) |
| 10/13/2013 | 1546 | ORDER granting in part and denying in part 1502 Motion for Order to Show Cause. Having reviewed in camera the documents provided to Chevron by Margaret Petito, and having considered the submissions of Chevron and of intervenor Republic of Ecuador ("ROE"), I find that the following documents are subject to the attorney−client privilege and may not be reviewed or utilized by Chevron: DC 01–02, DC 03–04 (top half), DC 13–16. I note that Ms. Petito's possession of the documents does not constitute a waiver of the privilege, particularly as the ROE can hardly be expected to explain how she came to receive them from an anonymous source. I also note that although some documents reference the media, they are still privileged as long as they involve the provision of legal rather than public relations advice. The |

| | | following documents are not privileged, or the privilege has been waived, and they must be turned over to Chevron: DC 04 (bottom half)−05, DC 06−12, DC 24−42. The following documents, though possibly not privileged, are not relevant to the issues in the litigation and shall not be reviewed by Chevron: DC 17−23, DC 43−47. I offer no opinion of the authenticity or admissibility of any of the documents. (HEREBY ORDERED by Magistrate Judge James C. Francis)(Text Only Order) (Francis, James) (Entered: 10/13/2013) |
|---|---|---|
| 10/13/2013 | 1547 | ORDER granting in part and denying in part 1519 Letter Motion for Extension of Time to Complete Discovery. Application disposed of by Order (Docket no. 1546). (HEREBY ORDERED by Magistrate Judge James C. Francis)(Text Only Order) (Francis, James) (Entered: 10/13/2013) |
| 10/13/2013 | 1548 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION for Rainey C. Booth to Appear Pro Hac Vice. Document filed by Steven Donziger.(Donziger, Steven) Modified on 10/15/2013 (ldi). (Entered: 10/13/2013) |
| 10/13/2013 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Steven Robert Donziger to RE–FILE Document 1548 MOTION for Rainey C. Booth to Appear Pro Hac Vice. Use the event type Appear Pro Hac Vice found under the event list Motions. (ldi)** (Entered: 10/15/2013) |
| 10/14/2013 | 1549 | RESPONSE re: 1494 Notice (Other), Notice (Other) / *STATEMENT CONTESTING DEFENDANTS' NOTICE PURSUANT TO RULE 44.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE OF INTENT TO RAISE ISSUES OF FOREIGN LAW.* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/14/2013) |
| 10/14/2013 | 1550 | DECLARATION of Jason B. Stavers in Support re: 1549 Response,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Mastro, Randy) (Entered: 10/14/2013) |
| 10/14/2013 | 1551 | NOTICE of THE PARTIES' FAILURE TO REACH AGREEMENT ON THE USE OF CONFIDENTIAL INFORMATION AT TRIAL. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mastro, Randy) (Entered: 10/14/2013) |
| 10/15/2013 | 1552 | ORDER: As a matter of clarification, with respect to the documents for which the attorney−client privilege was upheld, I find that none of those documents were "in furtherance" of any crime or fraud, either the crimes for frauds previously identified by Judge Kaplan or those that Chevron has more recently alleged. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of documents addressed in the October 13 order shall not constitute a waiver of privilege in any other state or federal proceeding. (Signed by Magistrate Judge James C. Francis on 10/15/2013) Copies Mailed By Chambers. (tn) (Entered: 10/15/2013) |
| 10/15/2013 | 1553 | NOTICE of FILING OF WITNESS STATEMENT OF RICARDO REIS VEIGA. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/15/2013) |
| 10/15/2013 | 1554 | NOTICE OF APPEARANCE by Mary Beth Maloney on behalf of Chevron Corporation. (Maloney, Mary) (Entered: 10/15/2013) |
| 10/15/2013 | 1555 | NOTICE of Filing of Objections to the Witness Statement of Ricardo Reis Veiga re: 1553 Notice (Other). Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit A)(Donziger, Steven) (Entered: 10/15/2013) |
| 10/15/2013 | 1556 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Rainey C Booth to Appear Pro Hac Vice. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje.(Donziger, Steven) Modified on 10/16/2013 (wb). (Entered: 10/15/2013) |
| 10/15/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial begun on 10/15/2013. (Court Reporter Tara Jones and Eve Giniger)(Mohan, Andrew) (Entered: 10/16/2013) |

| | | |
|---|---|---|
| 10/16/2013 | 1557 | TRIAL BRIEF / *PLAINTIFF CHEVRON CORPORATION'S BRIEF REGARDING RELEVANCE AND ADMISSIBILITY OF SURVEILLANCE EVIDENCE.* Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/16/2013) |
| 10/16/2013 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice regarding Motion No. 1556 MOTION for Rainey C Booth to Appear Pro Hac Vice. Motion and supporting papers to be reviewed by Clerk's Office staff.. The filing is deficient for the following reason(s): Filing fee not paid.Missing Certificate of Good Standing. Certificate of Good Standing must be issued from the Supreme Court of Alabama with a Clerk of Court Signature. Re–file the document as a Corrected Motion to Appear Pro Hac Vice and attach a valid Certificate of Good Standing, issued within the past 30 days. (wb)** (Entered: 10/16/2013) |
| 10/16/2013 | 1558 | RESPONSE *Memorandum Regarding Relevance And Substantial Need To Elicit Basic Testimony On The Nature And Extent Of Chevrons Admitted Extensive Surveillance Campaign Against Defendants And Their Counsel.* Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 10/16/2013) |
| 10/16/2013 | 1559 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – NOTICE of FILING OF WITNESS STATEMENT OF CHRISTOPHER BOGART. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) Modified on 10/16/2013 (db). (Entered: 10/16/2013) |
| 10/16/2013 | 1560 | NOTICE of Filing of Witness Statement of Christopher Bogart – Corrected. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/16/2013) |
| 10/16/2013 | 1561 | NOTICE of Filing of Witness Statement of David L. Russell. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/16/2013) |
| 10/16/2013 | 1562 | REPLY MEMORANDUM OF LAW in Support re: 1453 Order to Show Cause, Set Deadlines,,,,,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mastro, Randy) (Entered: 10/16/2013) |
| 10/16/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 10/16/2013. (Court Reporters Tara Jones/Eve Giniger)(Mohan, Andrew) (Entered: 10/16/2013) |
| 10/16/2013 | 1563 | STIPULATION AND ORDER: IT IS STIPULATED, by and between Chevron, Donziger, Hugo Gerardo Camacho Naranjo, and Javier Piaguaje Payaguaje that Chevron may use a maximum of 1,000 H5 Documents (the "Selected H5 Documents") that Chevron selects at its discretion) for use in the above–captioned case–as well as in the arbitration currently pending in the Permanent Court of Arbitration (the Hague, Netherlands, under the U.S.–Ecuador Bilateral Investment Treaty, PCA Case No. 2009–23), and in any action relating to Lago Agrio litigation (including proceedings under 28 U.S.C. § 1782) (collectively with the aforementioned arbitration, "Related Litigations")–in any respect, including, but not limited to, at all depositions, in court submissions, at hearings, and trial, and Chevron shall not argue that such disclosure and use pursuant to this Stipulation and Order constitute a waiver or subject matter waiver of any privilege or protection pursuant to Rule 502(d) of the Federal Rules of Evidence, and such disclosure shall not constitute such a waiver; and IT IS FURTHER STIPULATED that, immediately after signing this Stipulation and Order, Chevron shall promptly identify the Selected H5 Documents by control numbers to Donziger, Camacho/Piaguaje, and H5; and IT IS FURTHER STIPULATED that, counsel for Donziger and Camacho/Piaguaje will instruct H5 to (i) use its best efforts to produce the Selected H5 Documents to Chevron within 4 business days of the entry of the Stipulation and Order in the same format as H5's earlier production; and (ii) export Chevron's work product (currently on H5's review platform) to Chevron within 4 business days of the entry of the Stipulation and Order as further set forth in this order. (Signed by Judge Lewis A. Kaplan on 10/16/2013)(lmb) (Entered: 10/16/2013) |
| 10/16/2013 | 1564 | NOTICE of of Filing of Objections to the Direct Testimony Statement of David Russell re: 1561 Notice (Other). Document filed by Hugo Gerardo Camacho Naranjo, |

| | | |
|---|---|---|
| | | Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Exhibit A)(Friedman, Richard) (Entered: 10/16/2013) |
| 10/16/2013 | | Pro Hac Vice Fee Payment: for 1556 MOTION for Rainey C Booth to Appear Pro Hac Vice. **Motion and supporting papers to be reviewed by Clerk's Office staff..** Filing fee $ 200.00, receipt number 0208–8980731.(Donziger, Steven) (Entered: 10/16/2013) |
| 10/16/2013 | 1565 | NOTICE of Lodging of Witness Statements. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/16/2013) |
| 10/16/2013 | 1566 | NOTICE of CHEVRON'S REQUEST FOR MEASURES TO PROTECT THE DOES. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 10/16/2013) |
| 10/17/2013 | 1567 | RESPONSE re: 1555 Notice (Other), Notice (Other) / *CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE WITNESS STATEMENT OF RICARDO REIS VEIGA*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/17/2013) |
| 10/17/2013 | 1568 | TRIAL BRIEF *PLAINTIFF CHEVRON CORPORATION'S BRIEF REGARDING PROPER SCOPE OF DAVID RUSSELL CROSS–EXAMINATION*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/17/2013) |
| 10/17/2013 | 1569 | NOTICE of FILING OF WITNESS STATEMENT OF SARA MCMILLEN. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/17/2013) |
| 10/17/2013 | 1570 | TRANSCRIPT of Proceedings re: CONFERENCE held on 10/9/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Jennifer Thun, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/12/2013. Redacted Transcript Deadline set for 11/21/2013. Release of Transcript Restriction set for 1/18/2014.(Rodriguez, Somari) (Entered: 10/17/2013) |
| 10/17/2013 | 1571 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 10/9/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Rodriguez, Somari) (Entered: 10/17/2013) |
| 10/17/2013 | 1572 | RESPONSE re: 1564 Notice (Other), Notice (Other) / *CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE WITNESS STATEMENT OF DAVID RUSSELL*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/17/2013) |
| 10/17/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial continued on 10/17/2013 and adjourned to 10/21/13. (Court Reporters Tara Jones/Eve Giniger)(Mohan, Andrew) (Entered: 10/21/2013) |
| 10/18/2013 | 1573 | MOTION for Rainey C. Booth to Appear Pro Hac Vice. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Steven Donziger.(Donziger, Steven) (Entered: 10/18/2013) |
| 10/18/2013 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 1573 MOTION for Rainey C. Booth to Appear Pro Hac Vice. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 10/18/2013) |
| 10/18/2013 | 1574 | NOTICE of Revised Witness Order. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/18/2013) |
| 10/18/2013 | 1583 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/21/2013) |

| 10/18/2013 | 1585 | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Telephone Conference held on 10/18/2013. (Court Reporter Tara Jones) (Mohan, Andrew) (Entered: 10/21/2013) |
|---|---|---|
| 10/19/2013 | 1575 | NOTICE of Filing of Objections to the Testimony and Exhibits of Christopher Bogart re: 1560 Notice (Other). Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit EX A)(Friedman, Richard) (Entered: 10/19/2013) |
| 10/20/2013 | 1576 | NOTICE OF APPEARANCE by Georgia K. Winston on behalf of Chevron Corporation. (Winston, Georgia) (Entered: 10/20/2013) |
| 10/20/2013 | 1577 | NOTICE of of Filing of Objections to the Direct Testimony Statement of Sara McMillen re: 1569 Notice (Other). Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Exhibit A)(Friedman, Richard) (Entered: 10/20/2013) |
| 10/20/2013 | 1578 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 10/20/2013 re: Chevron Corp. v. Donziger, et al., Case No. 11 Civ. 0691 (LAK). Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/20/2013) |
| 10/20/2013 | 1579 | NOTICE of SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF CHEVRON CORPORATION'S MOTION TO REINSTATE CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) re: 1480 Order to Show Cause, Set Deadlines,,,,,,,,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/20/2013) |
| 10/20/2013 | 1580 | RESPONSE re: 1575 Notice (Other), Notice (Other) *of Filing of Objections to the Testimony and Exhibits of Christopher Bogart*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/20/2013) |
| 10/21/2013 | 1581 | NOTICE of Conference Regarding Defendants' Objections to Chevron's Exhibits. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Bell, Jefferson) (Entered: 10/21/2013) |
| 10/21/2013 | 1582 | NOTICE OF APPEARANCE by Robert C. Blume on behalf of Chevron Corporation. (Blume, Robert) (Entered: 10/21/2013) |
| 10/21/2013 | 1584 | NOTICE of Filing of Witness Statement of Spencer Lynch. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/21/2013) |
| 10/21/2013 | 1586 | NOTICE of of Filing of Objections to Plaintiff's Trial Exhibits. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit Exhibit A)(Friedman, Richard) (Entered: 10/21/2013) |
| 10/21/2013 | 1587 | NOTICE of Filing of Witness Statement of Robert A. Leonard. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/21/2013) |
| 10/21/2013 | 1588 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** NOTICE of Filing of Witness Statement of Adolfo Callejas Ribadeneira. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) Modified on 11/6/2013 (db). (Entered: 10/21/2013) |
| 10/21/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial continued on 10/21/2013. Spanish interpreters Jesus Rivera and Steven Mines present.(Court Reporter Tara Jones/Eve Giniger)(Mohan, Andrew) (Entered: 10/21/2013) |
| 10/21/2013 | 1589 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE DIRECT TESTIMONY OF SARA MCMILLEN re: 1577 Notice (Other), Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 10/21/2013) |
| 10/22/2013 | 1590 | TRIAL BRIEF *Regarding Defendants' Entitlement To Prove Validity Of Criminal Charges If Criminal Charges Remain At Issue In The Case*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier |

|  |  | Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 10/22/2013) |
|---|---|---|
| 10/22/2013 | 1591 | ORDER granting 1573 Motion for Booth Rainey to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lewis A. Kaplan)(Text Only Order) (Kaplan, Lewis) (Entered: 10/22/2013) |
| 10/22/2013 |  | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 10/22/2013. (Court Reporters Tara Jones/Eve Giniger)(Mohan, Andrew) (Entered: 10/23/2013) |
| 10/23/2013 | 1592 | MOTION for Protective Order *To Be Lifted as to Doe 3 or to allow Investigation (Filed Under Seal)*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit Deposition Transcript)(Gomez, Julio) (Entered: 10/23/2013) |
| 10/23/2013 | 1593 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** TRIAL BRIEF *Regarding Procedural Issues Necessary To Establish The Record And Maintain A Fair Trial*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) Modified on 10/24/2013 (ka). (Entered: 10/23/2013) |
| 10/23/2013 | 1594 | SEALED DOCUMENT placed in vault.(nm) (Entered: 10/23/2013) |
| 10/23/2013 | 1595 | NOTICE of Filing of Witness Statement of James Spigelman, AC QC. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/23/2013) |
| 10/23/2013 | 1596 | NOTICE of Filing of Witness Statement of Alberto Guerra Bastidas. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, Part 1, # 2 Exhibit A, Part 2, # 3 Exhibit A, Part 3)(Mastro, Randy) (Entered: 10/23/2013) |
| 10/23/2013 | 1597 | NOTICE of FILING OF WITNESS STATEMENT OF TROY A. DAHLBERG. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/23/2013) |
| 10/23/2013 | 1598 | RESPONSE re: 1590 Trial Brief, *PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' TRIAL BRIEF RE ENTITLEMENT TO PROVE VALIDITY OF CRIMINAL CHARGES IF CRIMINAL CHARGES REMAIN AT ISSUE IN THE LAWSUIT*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/23/2013) |
| 10/23/2013 |  | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 10/23/2013. (Court Reporters Tara Jones/Eve Giniger)(Spanish Interpreters Jesus Rivera and Elisa Cabal present)(Mohan, Andrew) (Entered: 10/24/2013) |
| 10/23/2013 | 1610 | SPECIAL MASTERS ORDER NO. 20: Solely for purposes of the Zambrano deposition, currently scheduled for the weekend of November 1–3, 2013, our Order No. 3 (ECF No. 1058) is amended as set forth in the numbered paragraphs below, in order to afford all concerned the time allotments set forth in Judge Kaplan's Order of October 2, 2013 (ECF No. 1486), without the undue burden on the witness and other participants of unnecessarily long deposition days and as further set forth in this order., ( Deposition due by 11/3/2013.) (Signed by Theodore H. Katz, Special Master and Max Gitter, Special Master on 10/23/2013) (lmb) (Entered: 10/24/2013) |
| 10/23/2013 | 1852 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 1529 Memorandum & Opinion. (Attachments: # 1 Internet Citation) (sj) (Entered: 01/02/2014) |
| 10/24/2013 | 1599 | RESPONSE to Motion re: 1592 MOTION for Protective Order *To Be Lifted as to Doe 3 or to allow Investigation (Filed Under Seal)*. MOTION for Protective Order *To Be Lifted as to Doe 3 or to allow Investigation (Filed Under Seal)*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1600 | TRIAL BRIEF *Requesting Judicial Notice Of Four Ecuadorian Court Decisions*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. |

| | | |
|---|---|---|
| | | Donziger.(Donziger, Steven) (Entered: 10/24/2013) |
| 10/24/2013 | 1601 | SECOND MOTION For Leave To Amend Witness List. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 10/24/2013) |
| 10/24/2013 | 1602 | DECLARATION of Julio C. Gomez in Support re: 1601 SECOND MOTION For Leave To Amend Witness List.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Donziger, Steven) (Entered: 10/24/2013) |
| 10/24/2013 | 1603 | TRIAL BRIEF *Regarding The Admissibility Of Banco Pinchincha Deposit Slips Putatively Signed By Ximena Centano And Testimony Of Alberto Guerra Regarding The Same*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 10/24/2013) |
| 10/24/2013 | 1604 | TRIAL BRIEF *Regarding the Admissibility of Documents and Testimony of Alberto Guerra*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1605 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF DOUGLAS ALLEN. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1606 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF LAWRENCE BARNTHOUSE. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1607 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF MARTIN BEIER. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1608 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF CRISTOBAL BONIFAZ. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1609 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF CHARLES CALMBACHER. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1611 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF HUGO GERARDO CAMACHO NARANJO. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1612 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF STEVEN DONZIGER. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1613 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF TED DUNKELBERGER. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1614 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF JOHN MCDERMOTT. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1615 | RESPONSE re: 1593 Trial Brief */ PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DONZIGER'S LETTER RE TRIAL PROCEDURES [DKT. 1593]*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1616 | NOTICE OF APPEARANCE by Richard Henry Friedman on behalf of Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Friedman, Richard) (Entered: 10/24/2013) |

| | | |
|---|---|---|
| 10/24/2013 | 1617 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF AARON PAGE. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1618 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF BRIAN PARKER. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1619 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF JAVIER PIAGUAJE. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1620 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF CARLOS PICONE. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1621 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF MARK QUARLES. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1622 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF RAMIRO FERNANDO REYES. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1623 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF ROBERT SCARDINA. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1624 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OFJONATHAN SHEFFTZ. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1625 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF JOE SILVER. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1626 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF CRAIG SMYSER. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1627 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF JAROD STEWART. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1628 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF ANDREW WOODS. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | 1629 | NOTICE of FILING OF DESIGNATIONS FROM THE TESTIMONY OF ALBERTO WRAY. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/24/2013) |
| 10/24/2013 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Donziger, Steven to RE–FILE Document 1593 Trial Brief. Use the event type Letter found under the event list Other Documents. (ka) (Entered: 10/24/2013) |
| 10/24/2013 | 1630 | MANDATE of USCA (Certified Copy) USCA Case Number 13–772.On August 8, 2013, the Petitioners filed a motion requesting permission to file certain exhibits under seal. IT IS HEREBY ORDERED that the motion is DENIED as moot in light of the order dated September 26, 2013. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Mandate issued on: 10/24/2013. (nd) (Entered: 10/24/2013) |
| 10/24/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 10/24/2013. (Court Reporter Tara Jones/Eve Giniger)(Spanish interpreters Jesus Rivera and Elisa Cabal present).(Mohan, Andrew) (Entered: 10/24/2013) |
| 10/24/2013 | 1631 | MOTION for Reconsideration of Sanctions. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje |

| | | Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Gomez, Julio) (Entered: 10/24/2013) |
|---|---|---|
| 10/25/2013 | 1632 | NOTICE of Notice of the Objections to the Direct Testimony of Adolfo Callejas Ribdeneira. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit Exhibit A)(Friedman, Richard) (Entered: 10/25/2013) |
| 10/25/2013 | 1633 | NOTICE of Notice of Objections to the Direct Testimony of Troy A. Dahlberg. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit Exhibit A)(Friedman, Richard) (Entered: 10/25/2013) |
| 10/25/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 10/25/2013. (Court Reporter Tara Jones/Eve Giniger)(Spanish interpreters Elisa Cabal and Jesus Rivera present) Trial adjourned until 10/31/13 at 9:30am.(Mohan, Andrew) (Entered: 10/25/2013) |
| 10/25/2013 | 1634 | STIPULATION AND ORDER: IT IS STIPULATED, by and between Chevron, Donziger, Hugo Gerardo Camacho Naranjo, and Javier Piaguaje Payaguaje that Chevron may use a maximum of 1,000 H5 Documents (the "Selected H5 Documents") that Chevron selects at its discretion for use in the above–captioned case––as well as in the arbitration currently pending in the Permanent Court of Arbitration (the Hague, Netherlands, under the U.S.–Ecuador Bilateral Investment Treaty, PCA Case No. 2009–23), and in any action relating to Lago Agrio litigation (including proceedings under 28 U.S.C. § 1782) (collectively with the aforementioned arbitration, "Related Litigations")––in any respect, including, but not limited to, at all depositions, in court submissions, at hearings, and trial, and Chevron shall not argue that such disclosure and use pursuant to this Stipulation and Order constitute a waiver or subject matter waiver of any privilege or protection pursuant to Rule 502(d) of the Federal Rules of Evidence, and such disclosure shall not constitute such a waiver and as further set forth in this order. (Signed by Judge Lewis A. Kaplan on 10/25/2013) (lmb) (Entered: 10/25/2013) |
| 10/26/2013 | 1635 | NOTICE of Regarding Defendants Withdrawal Of Objections To Crude Clip Exhibits. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 10/26/2013) |
| 10/26/2013 | 1636 | NOTICE of RESPONSE re Filing of Objections to the Testimony and Exhibits of Troy Dahlberg re: 1597 Notice (Other), 1633 Notice (Other), Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/26/2013) |
| 10/26/2013 | 1637 | NOTICE of RESPONSE re Filing of Objections to the Testimony and Exhibits of Adolfo Callejas re: 1632 Notice (Other), Notice (Other), 1588 Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Affidavit A)(Mastro, Randy) (Entered: 10/26/2013) |
| 10/28/2013 | 1638 | MEMORANDUM OF LAW in Opposition re: 1601 SECOND MOTION For Leave To Amend Witness List. *PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' APPLICATION FOR LEAVE TO AMEND WITNESS LIST TO ADD JAQUE TARCO*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/28/2013) |
| 10/28/2013 | 1639 | DECLARATION of Jason B. Stavers in Opposition re: 1601 SECOND MOTION For Leave To Amend Witness List.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Mastro, Randy) (Entered: 10/28/2013) |
| 10/30/2013 | 1640 | MOTION To Strike The Testimony Of Alberto Guerra Bastides. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 10/30/2013) |

| | | |
|---|---|---|
| 10/30/2013 | 1641 | REPLY to Response to Motion re: 1601 SECOND MOTION For Leave To Amend Witness List.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Friedman, Richard) (Entered: 10/30/2013) |
| 10/30/2013 | 1642 | THIRD MOTION To Amend Witness List. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 10/30/2013) |
| 10/30/2013 | 1643 | DECLARATION of Julio C. Gomez in Support re: 1642 THIRD MOTION To Amend Witness List.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Donziger, Steven) (Entered: 10/30/2013) |
| 10/30/2013 | 1644 | NOTICE of LODGING OF WITNESS STATEMENTS re: 1501 Order on Motion for Miscellaneous Relief,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/30/2013) |
| 10/31/2013 | 1645 | MOTION To Strike Witnesses. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 10/31/2013) |
| 10/31/2013 | 1646 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** TRIAL BRIEF *Regarding Unresolved Due Process Issues*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) Modified on 11/1/2013 (ka). (Entered: 10/31/2013) |
| 10/31/2013 | 1647 | MOTION to Preclude *the Testimony of Jeffrey Shinder*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Exhibit 1 (Deposition Transcript))(Gomez, Julio) (Entered: 10/31/2013) |
| 10/31/2013 | 1648 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION to Preclude / *CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE OR LIMIT CERTAIN DEFENSE WITNESSES AT TRIAL*. Document filed by Chevron Corporation.(Mastro, Randy) Modified on 11/1/2013 (db). (Entered: 10/31/2013) |
| 10/31/2013 | 1649 | DECLARATION of Jason B. Stavers in Support re: 1648 MOTION to Preclude / *CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE OR LIMIT CERTAIN DEFENSE WITNESSES AT TRIAL*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Mastro, Randy) (Entered: 10/31/2013) |
| 10/31/2013 | 1650 | ORDER denying 1422 Motion for Sanctions; denying 1640 Motion To Strike The Testimony Of Alberto Guerra Bastides. Defendants' motions to impose "termination sanctions" and to strike the testimony of Alberto Guerra Bastides [DI 1422, DI 1640] both are denied. Both are frivolous. As our Court of Appeals repeatedly has made plain, "[i]t is the province of the [trier of fact] and not of the court to determine [as a matter of law] whether a witness who may have been inaccurate, contradictory and even untruthful in some respects was nonetheless entirely credible in the essentials of his testimony." United States v. Truman, 688 F.3d 129, 140 (2d Cir. 2012) (quoting United States v. O'Connor, 650 F.3d 850, 855 (2d Cir. 2011) (internal quotation marks omitted)). The Court will carefully consider the credibility of all witnesses before making its ultimate findings of fact. Moreover, any claims of professional or other misconduct are appropriately considered in other contexts, particularly in view of the fact that Chevron acted on the basis of substantial outside expert advice. See, e.g., DI 1474, at 28–30 (citing expert opinions). (Signed by Judge Lewis A. Kaplan on 10/31/2013) (lmb) (Entered: 10/31/2013) |
| 10/31/2013 | 1651 | NOTICE of Filing of Witness Statement of James I. Ebert, Ph.D.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/31/2013) |
| 10/31/2013 | 1652 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/31/2013) |

| | | |
|---|---|---|
| 10/31/2013 | 1653 | NOTICE of Filing of Witness Statement of Michael Green. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/31/2013) |
| 10/31/2013 | 1654 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/31/2013) |
| 10/31/2013 | 1655 | NOTICE of Filing of Witness Statement of Yerim Kim. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/31/2013) |
| 10/31/2013 | 1657 | STIPULATION AND ORDER REGARDING ATTORNEYS' FEES INCURRED BY CHEVRON CORPORATION: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, as follows: 1. Beginning in December 2009, Plaintiff Chevron Corporation initiated a series of § 1782 proceedings in United States District Courts to obtain discovery from parties residing in the United States regarding an alleged fraudulent scheme, including whether Richard Stalin Cabrera Vega ("Cabrera") had colluded with the Lago Agrio Plaintiffs representatives, and whether the Cabrera Report was drafted, in whole or in part, by the Lago Agrio Plaintiffs' representatives through agents acting in the United States as further set forth in this order. (Signed by Judge Lewis A. Kaplan on 10/31/2013) (lmb) (Entered: 11/01/2013) |
| 10/31/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial continued on 10/31/2013 and adjourned until 11/4/2013.(Court Reporters Steve Griffing & Eve Giniger)(Mohan, Andrew) (Entered: 11/04/2013) |
| 11/01/2013 | 1656 | ORDER: 1. The LAP Representatives motion for modified trial procedures [DI 1523], as reflected by rulings made in open court with respect to the motion and the trial schedule, is granted in part and denied in part. 2. As indicated on the record on October 31, 2013, defendants' motion to lift the protective order as to Doe 3 or for other relief[DI 1592] is denied without prejudice to a renewed application in the event plaintiff elects to call Doe 3 as a witness.3. Defendants' motion to strike or preclude certain witnesses [DI 1645] is denied. The motion is moot insofar as it addressed to Mr. Ryan. Dr. Ebert, Mr. Green and Ms. Kim all testified yesterday and the Court declines to strike their testimony; to whatever extent there is any merit to defendants ' positions with respect to these witnesses, it goes to weight rather than admissibility. The latter point is true also with respect to Mr. Hernandez. Dr. Rayner's testimony is or, at least, may be relevant to the question whether former judge Zambrano in fact is the author of the judgment in question, though its weight may be debatable.4, The motion to preclude the testimony of Jeffrey Shinder [DI 164 7] is denied as moot. (Signed by Judge Lewis A. Kaplan on 11/1/2013) (js) Modified on 11/1/2013 (js). (Entered: 11/01/2013) |
| 11/01/2013 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Donziger, Steven to RE–FILE Document 1646 Trial Brief,. Use the event type Letter found under the event list Other Documents. (ka) (Entered: 11/01/2013) |
| 11/01/2013 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Randy M. Mastro to RE–FILE Document 1648 MOTION to Preclude / *CHEVRON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE OR LIMIT CERTAIN DEFENSE WITNESSES AT TRIAL*. Use the event type Memorandum in Support of Motion found under the event list Replies, Opposition and Supporting Documents. (db) (Entered: 11/01/2013) |
| 11/01/2013 | 1658 | MOTION to Preclude *OR LIMIT CERTAIN DEFENSE WITNESSES AT TRIAL*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 11/01/2013) |
| 11/01/2013 | 1659 | DECLARATION of Jason B. Stavers in Support re: 1658 MOTION to Preclude *OR LIMIT CERTAIN DEFENSE WITNESSES AT TRIAL*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Mastro, Randy) (Entered: 11/01/2013) |
| 11/01/2013 | 1660 | MOTION to Strike *Admisibility of Bank and Airline Records from Alberto Guerra*. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Friedman, Richard) (Entered: 11/01/2013) |

| 11/01/2013 | 1661 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 10/21/2013 re: As the Court directed, I write as Chevron's counsel to provide information regarding the Crude clip exhibits on Chevron's proposed exhibit list. Document filed by Chevron Corporation.(lmb) Modified on 11/1/2013 (lmb). (Entered: 11/01/2013) |
|---|---|---|
| 11/01/2013 | 1662 | MEMO ENDORSEMENT on re: 1470 MOTION for Order to Show Cause / [PROPOSED] ORDER TO SHOW CAUSE WHY REINSTATEMENT OF CHEVRON'S UNJUST ENRICHMENT CLAIM (COUNT 6) SHOULD NOT BE ORDERED filed by Chevron Corporation. ENDORSEMENT: Chevron's motion to reinstate its previously dismissed claim for unjust enrichment is denied. There still is no basis for any suggestion that any of the defendants has been enriched. Even if there were, the Court as a matter of sound case management would decline to inject this claim, which appears to rest on what may be fairly complicated facts and law, in the midst of a trial. (Signed by Judge Lewis A. Kaplan on 11/1/2013) (lmb) (Entered: 11/01/2013) |
| 11/01/2013 | 1663 | MEMO ENDORSEMENT granting 1476 Motion to Amend/Correct. ENDORSEMENT: Motion granted without opposition. (Signed by Judge Lewis A. Kaplan on 11/1/2013) (lmb) (Entered: 11/01/2013) |
| 11/02/2013 | 1664 | RESPONSE in Opposition to Motion re: 1658 MOTION to Preclude OR LIMIT CERTAIN DEFENSE WITNESSES AT TRIAL.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Friedman, Richard) (Entered: 11/02/2013) |
| 11/03/2013 | 1665 | MOTION to Strike Testimony of Witnesses. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Friedman, Richard) (Entered: 11/03/2013) |
| 11/04/2013 | 1666 | RESPONSE to Motion re: 1642 THIRD MOTION To Amend Witness List.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1667 | MOTION to Strike Inadmissible Portions of the Witness Statement of Karen Hinton. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – REDACTED, # 2 Exhibit B – REDACTED, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1668 | NOTICE of Filing of Witness Statement of Joseph C. Kohn. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1669 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MEMORANDUM OF LAW in Opposition re: 1660 MOTION to Strike Admisibility of Bank and Airline Records from Alberto Guerra. MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PX 1713, 1689, 1704, 1705, 1708, 1739, 1682, 1722, 1723, 1724, 1725, 1726, and 1721 [DKT. 1660]. Document filed by Chevron Corporation. (Mastro, Randy) Modified on 11/4/2013 (ka). (Entered: 11/04/2013) |
| 11/04/2013 | 1670 | MEMORANDUM OF LAW in Opposition re: 1660 MOTION to Strike Admisibility of Bank and Airline Records from Alberto Guerra. MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PX 1713, 1689, 1704, 1705, 1708, 1739, 1682, 1722, 1723, 1724, 1725, 1726, and 1721 [DKT. 1660]. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1671 | DECLARATION of KAYE OWEN in Opposition re: 1660 MOTION to Strike Admisibility of Bank and Airline Records from Alberto Guerra.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1672 | DECLARATION of JASON B. STAVERS in Opposition re: 1660 MOTION to Strike Admisibility of Bank and Airline Records from Alberto Guerra.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: |

| | | 11/04/2013) |
|---|---|---|
| 11/04/2013 | 1673 | NOTICE of Filing of Witness Statement of Patrick Juola, Ph.D.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1674 | NOTICE of Filing of Witness Statement of Samuel Hernandez, Jr.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A Part 1, # 2 Exhibit A Part 2, # 3 Exhibit A Part 3)(Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1675 | NOTICE of Filing of Witness Statement of Sandra Elena. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A Part 1, # 2 Exhibit A Part 2)(Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1676 | MOTION to Strike / *CHEVRON CORPORATION'S CORRECTED MOTION TO STRIKE INADMISSIBLE PORTIONS OF THE WITNESS STATEMENT OF KAREN HINTON*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1677 | DECLARATION of JASON B. STAVERS in Support re: 1676 MOTION to Strike / *CHEVRON CORPORATION'S CORRECTED MOTION TO STRIKE INADMISSIBLE PORTIONS OF THE WITNESS STATEMENT OF KAREN HINTON*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1678 | MEMORANDUM OF LAW in Opposition re: 1631 MOTION for Reconsideration *of Sanctions*. *CHEVRON CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THIS COURT'S OCTOBER 10, 2013 OPINION ON MOTIONS TO COMPEL AND FOR SANCTIONS*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1679 | DECLARATION of JEFFERSON E. BELL in Opposition re: 1631 MOTION for Reconsideration *of Sanctions*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | 1680 | NOTICE of THE STATUS OF TRIAL WITNESSES. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/04/2013) |
| 11/04/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 11/4/2013. (Court Reporters Steve Griffing & Eve Giniger)(Mohan, Andrew) (Entered: 11/06/2013) |
| 11/05/2013 | 1681 | ORDER: Defendants' second and third motions for leave to amend their witness list [Dkts. 1601, 1642], as well as Chevron's motion in limine number one [Dkt. 1388], all are disposed of as indicated in open court on November 4, 2013. The clerk shall terminate Dkts. 1601 and 1642. (Signed by Judge Lewis A. Kaplan on 11/5/2013) (js) Modified on 11/5/2013 (js). (Entered: 11/05/2013) |
| 11/05/2013 | 1682 | SEALED DOCUMENT placed in vault.(mps) (Entered: 11/05/2013) |
| 11/05/2013 | 1683 | ORDER: Defendants' motion [DI 1600] therefore is denied. As there is no question as to the authenticity of PX 400 and 429–31, the fact that these decisions were rendered and contain the statements therein is undisputed. No purposes would be served by judicially noticing them, as doing so would establish nothing that is not otherwise established. (Signed by Judge Lewis A. Kaplan on 11/5/2013) (lmb) (Entered: 11/05/2013) |
| 11/05/2013 | 1684 | LETTER addressed to Judge Lewis A. Kaplan from Christopher J. Gowen dated 10/31/2013 re: It has come to my attention that the lawyers for Chevron and Ms. Lachter, attorney for Mr. Shinder, have raised an objection about the conversation I had with Ms. Lachter at a break during trial earlier today. Document filed by Steven Donziger.(lmb) (Entered: 11/05/2013) |

| | | |
|---|---|---|
| 11/05/2013 | 1685 | MANDATE of USCA (Certified Copy) as to 1135 Notice of Interlocutory Appeal, filed by The Law Offices of Steven R. Donziger, 1136 Notice of Interlocutory Appeal, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, Steven Donziger, 1137 Corrected Notice of Appeal, filed by Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger, Hugo Gerardo Camacho Naranjo, Steven Donziger USCA Case Number 13–1878.Appellee, through counsel, moves to dismiss the appeal. This Court has determined that it lacks jurisdiction over this appeal because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291, and the order compelling production of documents is not otherwise appealable. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978); *Perlman v. United States,* 247 U.S. 7 (1918); *In re Air Crash at Belle Harbor on Nov. 21, 2001,* 490 F.3d 99,106 (2d Cir. 2007). Upon due consideration, it is hereby ORDERED that Appellee's motion is GRANTED and the appeal is DISMISSED. In dismissing, we recall our previous Jacobson remand, *see Lago Agrio Plaintiffs v. Chevron Corp.,* 409 F. App'x 393, 396 (2d Cir. 2010); any subsequent appeal related to the disposition of the subpoenas referenced in that order, which are the subject of the instant motion, will be assigned to this panel. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 11/05/2013. (nd) (Entered: 11/05/2013) |
| 11/05/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 11/5/2013. (Court Reporters Tara Jones & Eve Giniger)(Spanish interpreters Elisa Cabal and Jesus Rivera)(Mohan, Andrew) (Entered: 11/06/2013) |
| 11/06/2013 | 1686 | MEMORANDUM OF LAW in Opposition re: 1665 MOTION to Strike *Testimony of Witnesses. CHEVRON CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE TESTIMONY OF WITNESSES [DKT. 1665].* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mastro, Randy) (Entered: 11/06/2013) |
| 11/06/2013 | 1687 | NOTICE of Filing of Revised Witness Statement of Adolfo Callejas Ribadeneira. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A Part 1, # 2 Exhibit A Part 2)(Mastro, Randy) (Entered: 11/06/2013) |
| 11/06/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 11/6/2013. (Court Reporters Tara Jones and Eve Giniger)(Mohan, Andrew) (Entered: 11/07/2013) |
| 11/07/2013 | 1688 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** TRIAL BRIEF *IN RESPONSE TO DONZIGER OCT 31 LETTER BRIEF 1646 .* Document filed by Chevron Corporation.(Mastro, Randy) Modified on 11/8/2013 (ka). (Entered: 11/07/2013) |
| 11/07/2013 | 1689 | DECLARATION of Jason B. Stavers re: 1688 Trial Brief *re Donziger Oct 31 Letter Brief.* Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mastro, Randy) (Entered: 11/07/2013) |
| 11/07/2013 | 1690 | NOTICE of Filing of Witness Statement of Keith Rayner, Ph.D. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A Part 1, # 2 Exhibit A Part 2)(Mastro, Randy) (Entered: 11/07/2013) |
| 11/07/2013 | 1691 | NOTICE of Filing of Witness Statement of Weston Anson. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A Part 1, # 2 Exhibit A Part 2)(Mastro, Randy) (Entered: 11/07/2013) |
| 11/07/2013 | 1692 | NOTICE of Filing of Witness Statement of Vladimiro Alvarez Grau. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A Part 1, # 2 Exhibit A Part 2, # 3 Exhibit A Part 3, # 4 Exhibit A Part 4)(Mastro, Randy) (Entered: 11/07/2013) |
| 11/07/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 11/7/2013 and adjourned until Tuesday, 11/12/13 at 9:30am. (Court Reporter Tara Jones & Eve Giniger)(Spanish interpreters Jesus Rivera, Elisa Cabal, and Steven Mines present)(Mohan, Andrew) (Entered: 11/07/2013) |
| 11/08/2013 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Note to Attorney Randy M. Mastro to RE–FILE Document 1688 Trial Brief. Use the event type Memorandum of Law in Opposition(non–motion) found under the event list Other Answers. (ka)** (Entered: 11/08/2013) |

| 11/08/2013 | 1693 | MEMORANDUM OF LAW in Opposition re: 1646 Trial Brief, *CHEVRON CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO DONZIGER DEFENDANTS' LETTER BRIEF [DKT. 1646]*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/08/2013) |
| --- | --- | --- |
| 11/08/2013 | 1694 | DECLARATION of JASON B. STAVERS in Opposition re: 1646 Trial Brief,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mastro, Randy) (Entered: 11/08/2013) |
| 11/11/2013 | 1695 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated November 10, 2013 re: Trial Schedule. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 11/11/2013) |
| 11/11/2013 | 1696 | LETTER addressed to Judge Lewis A. Kaplan from Richard H. Friedman dated November 11, 2013 re: Response to R. Mastro letter dated November 10, 2013. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Friedman, Richard) (Entered: 11/11/2013) |
| 11/11/2013 | 1697 | MOTION to Strike */ PLAINTIFF CHEVRON CORPORATION'S MOTION TO STRIKE PORTIONS OF THE WITNESS STATEMENT OF DONALD RAFAEL MONCAYO JIMENEZ*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 11/11/2013) |
| 11/11/2013 | 1698 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S REVISED RESPONSE TO DEFENDANTS' OBJECTIONS TO THE DIRECT TESTIMONY OF SARA MCMILLEN re: 1577 Notice (Other), Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Revised Response to Objections, # 2 Exhibit PX 3317, # 3 Exhibit PX 3318, # 4 Exhibit PX 3370, # 5 Exhibit PX 3371, # 6 Exhibit PX 3372, # 7 Exhibit PX 3373)(Mastro, Randy) (Entered: 11/11/2013) |
| 11/12/2013 | 1699 | MOTION Admissibility of Contamination Evidence. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Gomez, Julio) (Entered: 11/12/2013) |
| 11/12/2013 | 1700 | NOTICE of of Filing of Witness Staments (Calva, Hinton, Moncayo and Ponce). Document filed by Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Gomez, Julio) (Entered: 11/12/2013) |
| 11/12/2013 | 1701 | TRIAL BRIEF *re Alleged State of Mind Evidence*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 11/12/2013) |
| 11/12/2013 | 1702 | NOTICE of of Supplemental Rule 44.1 Statements of Foreign Law. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Gomez, Julio) (Entered: 11/12/2013) |
| 11/12/2013 | 1703 | MOTION to Strike *Portions of Witness Statement by Karen Hinton*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 11/12/2013) |
| 11/12/2013 | 1704 | MEMORANDUM OF LAW in Support re: 1658 MOTION to Preclude *OR LIMIT CERTAIN DEFENSE WITNESSES AT TRIAL. re Testimony of Alejandro Ponce Villacis*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 11/12/2013) |
| 11/12/2013 | 1705 | NOTICE of Notice of Objections to Witness Statement of Rhonda I. Zygocki. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit Exhibit A)(Friedman, Richard) (Entered: 11/12/2013) |
| 11/12/2013 | 1706 | ORDER: For the foregoing reasons, the Court adheres to its ruling excluding examination regarding defendants' contention that there was merit to the criminal charges that they successfully sought to have initiated in Ecuador, and it denies their request to recall Mr. Reis Veiga. The foregoing should not be taken to indicate that |

| | | the Court has made any determination as to whether Mr. Donziger's alleged conduct constitutes extortion under the law or the facts. It has merely decided that the validity and/or merits of the criminal charges are irrelevant to making that determination and therefore are not at issue in this case. (Signed by Judge Lewis A. Kaplan on 11/12/2013) (mro) (Entered: 11/12/2013) |
|---|---|---|
| 11/12/2013 | 1707 | SEALED DOCUMENT placed in vault.(mps) (Entered: 11/12/2013) |
| 11/12/2013 | 1708 | SEALED DOCUMENT placed in vault.(mps) (Entered: 11/12/2013) |
| 11/12/2013 | 1709 | ORDER IMPOSING CONDITIONS ON JAQUE TARCO AND CALVA ERAZO TESTIMONY: On November 5, 2013, this matter came before the Court regularly for trial, and the Court issued the following rulings: 1. Evelyn Yuleisy Calva Erazo and Milton Efrain Jaque Tarco shall be permitted to testify in this matter at trial, provided all of the following conditions are satisfied: a) Ms. Calva Erazo and Mr. Jaque Tarco shall each have testified in a serious and well prepared deposition, which shall take place in New York); b) Ms. Calva Erazo and Mr. Jaque Tarco shall each have agreed in writing to appear as a witness and testify at trial if called by either party, and shall each have accepted service of a subpoena requiring his or her presence; c) Ms. Calva Erazo shall have produced, at least 48 hours prior to her deposition, all documents in her possession or control that relate to the subjects of her October 30, 2013 declaration, as well as any documents responsive to Chevron's written demands. d) Mr. Jaque Tarco shall have produced, at least 48 hours prior to his deposition: i) Both computers that he allegedly examined and/or verifiable or authenticable clones or images of both hard drives that he allegedly examined. ii) A copy of the report that he described in his declaration as the "report that was presented to the Nueva Loja Prosecutor's Office." (Dkt. 1639–1 paragraph 2). iii) All relevant documents in his possession or control that relate to the subjects of his October 21, 2013 declaration, as well as any documents responsive to Chevron's written demands. 2. Chevron shall be permitted to demand documents from Ms. Calva Erazo and Mr. Jaque Tarco, prior to each witness's deposition, provided that any such demand shall be provided to Defendants' counsel well in advance of the witness's deposition and shall be accompanied by a Spanish translation of the demand. 3. If Defendants or Mr. Jaque Tarco are unable to provide the items required above, including the hard drive images and the report, Defendants shall notify the Court and demonstrate that they have used their best efforts to obtain the items but have been unsuccessful. (Signed by Judge Lewis A. Kaplan on 11/6/2013) (mro) (Entered: 11/12/2013) |
| 11/12/2013 | 1710 | NOTICE of Filing of Witness Statement of Rhonda I. Zygocki. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 11/12/2013) |
| 11/12/2013 | 1711 | LETTER addressed to Judge Lewis A. Kaplan from Steven R. Donziger dated Nov. 12, 2013 re: Progress regarding witness statement. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 11/12/2013) |
| 11/12/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 11/12/2013. (Court Reporter Tara Jones & Eve Giniger)(Spanish interpreters Stephen Mines, Selva Nebbia, and Vivian Goa present)(Mohan, Andrew) (Entered: 11/13/2013) |
| 11/12/2013 | 1713 | ORDER granting in part 1703 Motion to Strike. This case is being tried without a jury. Consistent with the practice of the undersigned and many other judges of this Court, the direct testimony of most party and party–friendly witnesses is being taken in the form of affidavits or declarations ("Witness Statements"). Unfortunately, none of the parties has resisted the temptation to include in Witness Statements material as to which witnesses lack personal knowledge or that is inadmissible for other reasons such as hearsay, argumentation, and the like. In some cases, the disputes that this practice inevitably generated have been resolved consensually. In others, the Court has been compelled in essence to edit Witness Statements in order to confine them to admissible material and thus to avoid needless cross–examination on material that should not have been included in the first place. Plaintiff moved to exclude substantial parts of the proposed Witness Statement of Karen Hinton (DI 1676–1), who handled media relations for some or all of the defendants for a number of years. Much of her Statement consists of argument, materials for which she has failed to demonstrate |

| | | personal knowledge, and other content for which no proper foundation as been laid. Plaintiffs characterization of the Witness Statement as little more than a press release is accurate to a certain extent. Defendants belatedly submitted a proposed revised Witness Statement for Ms. Hinton (DI 1700–2). While the proposed revision makes some wording changes, it is very largely the same as its predecessor. The Court therefore consolidates Chevron's previous motion with its new motion to strike parts of the revised statement (DI 1703). Accordingly, plaintiff's motion to strike portions of Ms. Hinton's Witness Statement (DI 1703) is granted to the extent that the portions listed herein are stricken. (Signed by Judge Lewis A. Kaplan on 11/12/2013) (mro) (Entered: 11/13/2013) |
|---|---|---|
| 11/12/2013 | 1714 | ORDER: The clerk's office shall file the subpoena served today on Mr. Donald Rafael Moncayo Jimenez, as well as the accompanying proof of service, in the above captioned action. (Signed by Judge Lewis A. Kaplan on 11/12/2013) (mro) (Entered: 11/13/2013) |
| 11/13/2013 | 1712 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated 11/13/2013 re: Testimony of Steven Donziger. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 11/13/2013) |
| 11/13/2013 | 1715 | STIPULATION AND ORDER REGARDING TESTIMONY OF JUAN PABLO ALBAN ALENCASTRO: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, as follows: 1. Chevron will not to object to Defendants' submission of the Alban witness statement dated November 6, 2013 as a supplement to Alban's prior affidavit in support of Defendants' notice under Federal Rule of Civil Procedure 44.1 (Dkt. 1494–3), provided that Chevron may file a written response, including a declaration from a single expert, within seven days of the Court's approval and entry of this stipulation; and 2. Defendants shall not call Alban to testify at trial, in accordance with the Court's prior rulings with respect to hearing live testimony of foreign law experts under Rule 44.1. (Signed by Judge Lewis A. Kaplan on 11/13/2013) (mro) (Entered: 11/13/2013) |
| 11/13/2013 | 1716 | ORDER directing the Clerk of Court shall accept a copy of Mr. Donald Rafael Moncayo Jimenezs hard drive for filing under seal and shall hold it under seal pending further order of this Court. (Signed by Judge Lewis A. Kaplan on 11/13/13)(Mohan, Andrew) (Entered: 11/13/2013) |
| 11/13/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 11/13/2013. (Court Reporter Tara Jones and Eve Giniger)(Mohan, Andrew) (Entered: 11/13/2013) |
| 11/13/2013 | 1717 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO WITNESS STATEMENT OF RHONDA I. ZYGOCKI re: 1705 Notice (Other), Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 11/13/2013) |
| 11/14/2013 | 1718 | SEALED DOCUMENT placed in vault.(mps) (Entered: 11/14/2013) |
| 11/14/2013 | 1719 | NOTICE of Filing of Witness Statement of Dr. Joshua Lipton. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 11/14/2013) |
| 11/14/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial continued on 11/14/2013 and adjourned until Monday, 11/18/13 at 9:30am. (Court Reporter Tara Jones/Eve Giniger)(Mohan, Andrew) (Entered: 11/15/2013) |
| 11/15/2013 | 1720 | ORDER: The redacted documents related to the Assemblea and any others that were discussed in open court recently shall be submitted to the undersigned for in camera review as promptly as the translations are available. This will avoid potential delay in consequence of any appeals from orders embodying rulings by a magistrate judge or special master. (Signed by Judge Lewis A. Kaplan on 11/15/2013) (tro) (Entered: 11/15/2013) |
| 11/15/2013 | 1721 | TRIAL BRIEF re Redacted Assembly Meeting Notes. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 11/15/2013) |
| 11/15/2013 | 1722 | MOTION to Strike Inadmissible Testimony of Steven Donziger. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 |

| | | Exhibit D, # <u>5</u> Exhibit E)(Mastro, Randy) (Entered: 11/15/2013) |
|---|---|---|
| 11/15/2013 | <u>1723</u> | RESPONSE in Opposition to Motion re: <u>1699</u> MOTION Admissibility of Contamination Evidence.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/15/2013) |
| 11/18/2013 | <u>1724</u> | NOTICE of Defendants' Filing of Witness Statements of Defendants Steven Donziger and Javier Piaguaje. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Gomez, Julio) (Entered: 11/18/2013) |
| 11/18/2013 | <u>1725</u> | SUPPLEMENTAL MEMORANDUM OF LAW in Support re: <u>1722</u> MOTION to Strike *Inadmissible Testimony of Steven Donziger*.. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C)(Mastro, Randy) (Entered: 11/18/2013) |
| 11/18/2013 | <u>1726</u> | Objection re: <u>1724</u> Notice (Other), Notice (Other) *CHEVRON CORPORATIONS OBJECTIONS TO THE WITNESS STATEMENT OF JAVIER PIAGUAJE PAYAGUAJE*. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit A)(Mastro, Randy) (Entered: 11/18/2013) |
| 11/18/2013 | <u>1727</u> | MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE FOR AN ORDER REQUIRING THAT ANYONE CLAIMING PROTECTION OVER MATERIALS SUBPOENAED FROM DONALD RAFAEL MONCAYO JIMENEZ COME FORTH AND GIVE REASONS, PRIVILEGES OR OTHERWISE, WHY SUCH DOCUMENTS SHOULD NOT BE PRODUCED IMMEDIATELY*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 11/18/2013) |
| 11/18/2013 | <u>1728</u> | MEMORANDUM OF LAW in Support re: <u>1727</u> MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE FOR AN ORDER REQUIRING THAT ANYONE CLAIMING PROTECTION OVER MATERIALS SUBPOENAED FROM DONALD RAFAEL MONCAYO JIMENEZ COME FORTH AND GIVE REASONS, PRIVILEGES OR OTHERWISE, WHY SUCH DOCUM MOTION for Order to Show Cause / [PROPOSED] ORDER TO SHOW CAUSE FOR AN ORDER REQUIRING THAT ANYONE CLAIMING PROTECTION OVER MATERIALS SUBPOENAED FROM DONALD RAFAEL MONCAYO JIMENEZ COME FORTH AND GIVE REASONS, PRIVILEGES OR OTHERWISE, WHY SUCH DOCUM. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6)(Mastro, Randy) (Entered: 11/18/2013)* |
| 11/18/2013 | <u>1729</u> | DECLARATION of Christopher Spiker in Support re: <u>1727</u> MOTION for Order to Show Cause */ [PROPOSED] ORDER TO SHOW CAUSE FOR AN ORDER REQUIRING THAT ANYONE CLAIMING PROTECTION OVER MATERIALS SUBPOENAED FROM DONALD RAFAEL MONCAYO JIMENEZ COME FORTH AND GIVE REASONS, PRIVILEGES OR OTHERWISE, WHY SUCH DOCUM MOTION for Order to Show Cause / [PROPOSED] ORDER TO SHOW CAUSE FOR AN ORDER REQUIRING THAT ANYONE CLAIMING PROTECTION OVER MATERIALS SUBPOENAED FROM DONALD RAFAEL MONCAYO JIMENEZ COME FORTH AND GIVE REASONS, PRIVILEGES OR OTHERWISE, WHY SUCH DOCUM. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/18/2013)* |
| 11/18/2013 | <u>1730</u> | JOINT LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated November 18, 2013 re: Trial Transcript Corrections. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 11/18/2013) |
| 11/18/2013 | <u>1742</u> | ORDER ruling in part on <u>1722</u> Motion to Strike. Chevron has moved for an order striking substantial portions of the current version of the witness statement and prohibiting Mr. Donziger from changing his direct testimony further. Given that this is a bench trial, it often is unnecessary to rule immediately upon evidentiary objections, as the Court may resolve those that prove material to a decision after the taking of evidence has been concluded. The Court has followed that practice in this trial in many instances. In some circumstances, however, the nature and extent of the allegedly inadmissible material is such that an earlier ruling is appropriate, at least in some respects, in order to give the cross–examiner(s) guidance as to whether particular portions of the direct will be excluded (and therefore need not be dealt with |

on cross) and in that way cabin the duration and scope of both the cross– and redirect examinations. In some respects, this is such an instance. That is most particularly so with respect to Mr. Donziger's proffer of testimony and other evidence which goes to the merits of the Ecuadorian litigation which – despite the state–of–mind justification is offered without limitation of purpose and thus, if accepted, would go not only to his state of mind (if indeed it properly and sufficiently does that) but also to the truth of the allegations against Chevron in Ecuador. It is true also with respect to other matters, including Mr. Donziger's attribution to Chevron–based in some cases on hearsay, rumor, and speculation – of alleged misconduct in relation to the Ecuadorian litigation. It therefore is appropriate to rule now on some aspects of Chevron's motion (while leaving all others to later determination) so that all counsel will have some basic parameters concerning the permissible scope of cross– and redirect examination. 1. Chevron's objections to paragraphs and portions of paragraphs of Mr. Donziger's statement that are shaded in the markup of the statement that appears as DI 1722–2 (the "Objections") and listed below are sustained and those paragraphs and portions of paragraphs are stricken from the statement: Paragraphs 1, 6 through 8, 10, 12, 15, 16, 18, 19, 21, 22, 24 through 28, 61 through 66, 69, 70, 73, 77, 102, 103, 107 through 109, 112, 122 through 124 and 126. 2. The Objections to the second shaded portion of paragraph 78 are sustained and that portion stricken. 3. The Objections to the shaded portion of the first sentence and to the second, third, and sixth sentences of paragraph 79 are sustained and they are stricken. The fourth sentence will not be considered for the truth of the matters attributed to the unidentified members of the Ecuadorian legal team. 4. The Objections to the third, fourth, sixth, seventh and eighth sentences and to the shaded portion of the second sentence of paragraph 90 are sustained and they are stricken. 5. The Objections to the shaded portions of paragraph 29 through 59, 67, 68, 80 through 90, 91 through 101 and 104, 105, 113 through 116, and 118 are sustained to the extent that they will not be considered for the truth of the matters asserted (other than Mr. Donziger's alleged state of mind and motives if the Court determines that they are relevant and otherwise admissible for that purpose). Decision is reserved with respect to Chevron's other objections to these paragraphs and portions thereof, including without limitation its contentions that none of this material is relevant to any issue in this case and that the requirements of the state of mind exception to the hearsay rule have not been satisfied. 6. The Objections to the phrase "I later learned in discovery that he had in fact been doing just that for some time with Chevron representatives, and was even pitching Chevron to hire him to "prepare a study to revise the cost estimate down" in paragraph 121 is sustained and it is stricken. (Signed by Judge Lewis A. Kaplan on 11/18/2013) (mro) (Entered: 11/19/2013)

| 11/18/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 11/18/2013. (Court Reporter Tara Jones & Eve Giniger) (Spanish interpreters Elisa Cabal, Jesus Rivera, and Steven Mines)(Mohan, Andrew) (Entered: 11/20/2013) |
| 11/19/2013 | 1731 | NOTICE of OBJECTIONS TO SPENCER LYNCHS DIRECT TESTIMONY. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit Exhibit A)(Friedman, Richard) (Entered: 11/19/2013) |
| 11/19/2013 | 1732 | NOTICE of OBJECTIONS TO DIRECT TESTIMONY OF ROBERT A. LEONARD. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit Exhibit A)(Friedman, Richard) (Entered: 11/19/2013) |
| 11/19/2013 | 1733 | NOTICE of OBJECTIONS TO JAMES SPIGELMAN, AC QCS DIRECT TESTIMONY. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Friedman, Richard) (Entered: 11/19/2013) |
| 11/19/2013 | 1734 | NOTICE of Objections to Direct Testimony of JAMES I. EBERT, PHD. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Friedman, Richard) (Entered: 11/19/2013) |

| | | |
|---|---|---|
| 11/19/2013 | 1735 | NOTICE of Objections to Direct Testimony of Michael Green. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Friedman, Richard) (Entered: 11/19/2013) |
| 11/19/2013 | 1736 | NOTICE of Objections to Direct Testimony of Yerim Kim. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Friedman, Richard) (Entered: 11/19/2013) |
| 11/19/2013 | 1737 | NOTICE of Objections to Direct Testimony of Patrick Juala, PhD. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Friedman, Richard) (Entered: 11/19/2013) |
| 11/19/2013 | 1738 | NOTICE of Objections to Direct Testimony of Samuel Hernandez, Jr.. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Friedman, Richard) (Entered: 11/19/2013) |
| 11/19/2013 | 1739 | NOTICE of Objections to Direct Testimony of Sandra Elena. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Friedman, Richard) (Entered: 11/19/2013) |
| 11/19/2013 | 1740 | TRIAL BRIEF *Regarding the Relevance of Information About Defendants' Funding Sources*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 11/19/2013) |
| 11/19/2013 | 1741 | NOTICE of Status of Compliance with Subpoena to Donald Moncayo [Dkt. 1714] re: 1714 Order. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mastro, Randy) (Entered: 11/19/2013) |
| 11/19/2013 | 1743 | ORDER denying 1727 Motion for Order to Show Cause. Chevron's application for an order to show cause (DI 1727) is denied without prejudice in light of the directions given on the record in open court. (Signed by Judge Lewis A. Kaplan on 11/19/2013) (lmb) (Entered: 11/19/2013) |
| 11/19/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 11/19/2013. (Court Reporter Tara Jones & Eve Giniger)(Mohan, Andrew) (Entered: 11/20/2013) |
| 11/20/2013 | 1744 | ORDER The schedule for the remainder of the trial is as follows: 1. If Mr. Piaguaje is to be called, the remainder of the defendant LAP Representatives case will commence on Monday, November 25, 2013 at 9:30 a.m. When they have rested their case in chief, plaintiff shall proceed immediately with any rebuttal evidence. Closing argument will commence on Tuesday, November 26, 2013. 2. If the LAP Representatives commit by 4:30 p.m. today that Mr. Piaguaje is not to be called and that they are ready to rest their case in chief, the Court is prepared to hear Chevrons rebuttal case on Thursday, November 21, 2013 at 9:30 a.m. In that event, closing argument will take place commencing at 9:00 a.m. on Friday, November 22, 2013. (Signed by Judge Lewis A. Kaplan on 11/20/2013)(Mohan, Andrew) (Entered: 11/20/2013) |
| 11/20/2013 | 1745 | MEMO ENDORSEMENT on re: 1730 Joint Letter filed by trial counsel regarding corrections regarding the admission of certain exhibits. SO ORDERED.(Signed by Judge Lewis A. Kaplan on 11/20/2013)(Mohan, Andrew) (Entered: 11/20/2013) |
| 11/20/2013 | 1746 | RESPONSE re: 1734 Notice (Other), Notice (Other) *CHEVRON CORPORATIONS RESPONSE TO DEFENDANTS OBJECTIONS TO THE WITNESS STATEMENT OF JAMES I. EBERT*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/20/2013) |
| 11/20/2013 | 1747 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO WITNESS STATEMENT OF YERIM KIM re: 1736 Notice (Other), Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 11/20/2013) |

| | | |
|---|---|---|
| 11/20/2013 | 1748 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE DIRECT TESTIMONY OF SANDRA ELENA re: 1739 Notice (Other), Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mastro, Randy) (Entered: 11/20/2013) |
| 11/20/2013 | 1749 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO WITNESS STATEMENT OF PATRICK JUOLA, PH.D re: 1737 Notice (Other), Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 11/20/2013) |
| 11/20/2013 | 1750 | RESPONSE re: 1702 Notice (Other), Notice (Other) / SUPPLEMENTAL STATEMENT IN RESPONSE TO DEFENDANTS' SUPPLEMENTAL SUBMISSION PURSUANT TO RULE 44.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE REGARDING ISSUES OF FOREIGN LAW. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/20/2013) |
| 11/20/2013 | 1751 | DECLARATION of JASON B. STAVERS in Support re: 1750 Response,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Mastro, Randy) (Entered: 11/20/2013) |
| 11/20/2013 | 1752 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO WITNESS STATEMENT OF JAMES SPIGELMAN, AC QC re: 1733 Notice (Other), Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 11/20/2013) |
| 11/20/2013 | 1753 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO WITNESS STATEMENT OF SAMUEL HERNANDEZ, JR re: 1738 Notice (Other), Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 11/20/2013) |
| 11/20/2013 | 1754 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO WITNESS STATEMENT OF MICHAEL GREEN re: 1735 Notice (Other), Notice (Other). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 11/20/2013) |
| 11/21/2013 | 1755 | MOTION For Additional Information Necessary To Prepare To Address Chevrons Purported Rebuttal Witnesses. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 11/21/2013) |
| 11/21/2013 | 1756 | MEMORANDUM AND ORDER: For the foregoing reasons, defendants shall produce forthwith to Chevron the January 15 minutes (DX 246) in unredacted form. (Signed by Judge Lewis A. Kaplan on 11/21/2013) (lmb) (Entered: 11/21/2013) |
| 11/21/2013 | 1757 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO WITNESS STATEMENT OF ROBERT A. LEONARD. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 11/21/2013) |
| 11/21/2013 | 1758 | NOTICE of PLAINTIFF CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO WITNESS STATEMENT OF SPENCER LYNCH. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 11/21/2013) |
| 11/21/2013 | 1759 | LETTER addressed to Judge Lewis A. Kaplan from All Counsel of Record/Joint Submission dated November 21, 2013 re: Trial transcript corrections. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 11/21/2013) |
| 11/21/2013 | 1760 | MEMO ENDORSEMENT on re: 1759 Letter filed by Chevron Corporation. ENDORSEMENT: The reporter shall make the requested corrections. (Signed by Judge Lewis A. Kaplan on 11/21/2013) (lmb) (Entered: 11/21/2013) |
| 11/24/2013 | 1761 | MOTION to Strike Rebuttal of Spencer Lynch. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Friedman, Richard) (Entered: |

| | | 11/24/2013) |
|---|---|---|
| 11/24/2013 | 1762 | RESPONSE in Opposition to Motion re: 1761 MOTION to Strike *Rebuttal of Spencer Lynch.*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/24/2013) |
| 11/25/2013 | 1763 | DECLARATION of Jason B. Stavers in Opposition re: 1761 MOTION to Strike *Rebuttal of Spencer Lynch.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D Part 1, # 5 Exhibit D Part 2)(Mastro, Randy) (Entered: 11/25/2013) |
| 11/25/2013 | 1764 | MOTION to Strike *Portions of the Witness Statement of Humberto Piaguaje Lucitante*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 11/25/2013) |
| 11/25/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial held on 11/25/2013. Closing arguments scheduled to be heard on 11/26/13 at 9:30am.(Court Reporter Tara Jones and Eve Giniger)(Spanish Interpreters Jesus Rivera and Elisa Cabal present)(Mohan, Andrew) (Entered: 11/25/2013) |
| 11/25/2013 | 1765 | LETTER addressed to Judge Lewis A. Kaplan from All Counsel of Record/Joint Submission dated November 25, 2013 re: transcript corrections. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 11/25/2013) |
| 11/25/2013 | 1766 | NOTICE of Objections to Plaintiff's Rebuttal Deposition Designations. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Friedman, Richard) (Entered: 11/25/2013) |
| 11/26/2013 | 1767 | NOTICE of Defendants' Objections to Chevron's Rebuttal Exhibits. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Friedman, Richard) (Entered: 11/26/2013) |
| 11/26/2013 | 1768 | NOTICE of Filing of Witness Statement of Humberto Piaguaje. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Gomez, Julio) (Entered: 11/26/2013) |
| 11/26/2013 | 1769 | NOTICE of Filing of Objections to Joseph C. Kohn Direct Testimony. Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit A)(Friedman, Richard) (Entered: 11/26/2013) |
| 11/26/2013 | 1770 | RESPONSE to Motion re: 1761 MOTION to Strike *Rebuttal of Spencer Lynch*. / *CHEVRON CORPORATION'S SUPPLEMENTAL BRIEF REGARDING THE JAQUE TARCO DECLARATION*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/26/2013) |
| 11/26/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Bench Trial completed on 11/26/2013. (Court Reporter Tara Jones and Eve Giniger)(Mohan, Andrew) (Entered: 12/02/2013) |
| 12/02/2013 | 1771 | ORDER: 1. Chevron shall provide the Court and defendants' counsel with Plaintiff's Objections to Defendants' Trial Exhibits (based on Defendants' Trial Exhibit List of November 25, 2013) in Excel spreadsheet form in order to permit the Court to filter from this lengthy documents a list of those defendants' exhibits as to which the aforementioned objection has been made. 2. Defendants shall show cause, on or before December 10, 2013, why the Spanish language exhibits (including any exhibits that are partly in Spanish) submitted without complete certified English translations should not be excluded. Any responsive papers shall be filed no later than December 16, 2013., ( Motions due by 12/10/2013., Responses due by 12/16/2013.) (Signed by Judge Lewis A. Kaplan on 12/2/2013) (lmb) Modified on 12/2/2013 (lmb). (Entered: 12/02/2013) |
| 12/02/2013 | 1772 | STIPULATION AND ORDER REGARDING RECORD DOCUMENTS RELATING TO THE LAGO AGRIO LITIGATION: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, as follows: Exhibit DX |

| | | |
|---|---|---|
| | | 1353 consists of 16 individual pages from different documents, and each of the pages in Exhibit DX 1353 is found in the hand–numbered, stamped pages of the Lago Agrio trial court record. Exhibit DX 1353 may be admitted into evidence not for the truth of any matter asserted therein. Exhibit PX 6405 is Chevron's Trial Court Alegato filed on January 6, 2011, at 5:55 p.m., found in the hand–numbered stamped pages of the Lago Agrio trial record at pages 215,823–216,119. Exhibit PX 6405 has been admitted into evidence not for the truth of any matter asserted therein (Tr. 1962:16); as further set forth herein. No excerpt as otherwise stated herein, this order does not receive into evidence any of these documents. (Signed by Judge Lewis A. Kaplan on 12/2/2013) (mro) (Entered: 12/03/2013) |
| 12/03/2013 | 1773 | NOTICE of COMPLIANCE WITH COURT ORDER OF DECEMBER 2, 2013 [DKT. 1771] re: 1771 Order, Set Deadlines,,,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/03/2013) |
| 12/03/2013 | 1774 | STIPULATION AND ORDER: IT IS STIPULATED by and between, Chevron, Donziger, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, and Moncayo that Chevron may use the Potentially Responsive Documents in the above–captioned cases, and the arbitration currently pending in the Permanent Court of Arbitration (the Hague, Netherlands, under the U.S.–Ecuador Bilateral Investment Treaty, PCA Case No. 2009–23), and any action relating to Lago Agrio litigation (including proceedings under 28 U.S.C. § 1782) (collectively, "Related Litigations") in any respect, including but not limited to all depositions, court submissions, hearings, and trial, and Chevron shall not argue that such disclosure and use pursuant to this Stipulation and Order constitutes a waiver or subject matter waiver of any privilege or protection pursuant to Rule 502(d) of the Federal Rules of Evidence and such disclosure shall not constitute such a waiver as further set forth in this order. (Signed by Judge Lewis A. Kaplan on 12/2/2013) (lmb) (Entered: 12/03/2013) |
| 12/03/2013 | 1775 | MOTION for Order to Show Cause / *[PROPOSED] ORDER TO SHOW CAUSE TO COMPEL PRODUCTION OF DOCUMENTS ON DONALD MONCAYO'S PRIVILEGE LOG OR ALTERNATIVELY FOR AN ORDER REQUIRING IN CAMERA REVIEW*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 12/03/2013) |
| 12/03/2013 | 1776 | MEMORANDUM OF LAW in Support re: 1775 MOTION for Order to Show Cause / *[PROPOSED] ORDER TO SHOW CAUSE TO COMPEL PRODUCTION OF DOCUMENTS ON DONALD MONCAYO'S PRIVILEGE LOG OR ALTERNATIVELY FOR AN ORDER REQUIRING IN CAMERA REVIEW*. MOTION for Order to Show Cause / *[PROPOSED] ORDER TO SHOW CAUSE TO COMPEL PRODUCTION OF DOCUMENTS ON DONALD MONCAYO'S PRIVILEGE LOG OR ALTERNATIVELY FOR AN ORDER REQUIRING IN CAMERA REVIEW.*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mastro, Randy) (Entered: 12/03/2013) |
| 12/04/2013 | 1777 | SEALED DOCUMENT placed in vault.(nm) (Entered: 12/04/2013) |
| 12/04/2013 | 1778 | SEALED DOCUMENT placed in vault.(nm) (Entered: 12/04/2013) |
| 12/04/2013 | 1779 | SEALED DOCUMENT placed in vault.(nm) (Entered: 12/04/2013) |
| 12/04/2013 | 1780 | MEMO ENDORSEMENT on PROPOSED ORDER TO SHOW CAUSE TO COMPEL PRODUCTION OF DOCUMENTS ON DONALD MONCAYO'S PRIVILEGE LOG OR ALTERNATIVELY FOR AN ORDER REQUIRING IN CAMERA REVIEW. ENDORSEMENT: Mr. Moncayo shall produce to the Court for in camera review all 20 documents listed on his privilege log by 6:00 p.m. today. Any papers in opposition to Chevron's motion shall be filed by Friday, December 6, 2013 at 5:00 p.m. (Show Cause Response due by 12/6/2013.) (Signed by Judge Loretta A. Preska on 12/4/2013) (tro) (Entered: 12/04/2013) |
| 12/04/2013 | 1781 | NOTICE of LODGING OF PX 1 IN EXCEL FORMAT. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/04/2013) |
| 12/06/2013 | 1782 | NOTICE of JOINT NOTICE OF DEPOSITION DESIGNATIONS. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/06/2013) |

| 12/06/2013 | 1783 | RESPONSE to Motion re: 1775 MOTION for Order to Show Cause / *[PROPOSED] ORDER TO SHOW CAUSE TO COMPEL PRODUCTION OF DOCUMENTS ON DONALD MONCAYO'S PRIVILEGE LOG OR ALTERNATIVELY FOR AN ORDER REQUIRING IN CAMERA REVIEW*. MOTION for Order to Show Cause / *[PROPOSED] ORDER TO SHOW CAUSE TO COMPEL PRODUCTION OF DOCUMENTS ON DONALD MONCAYO'S PRIVILEGE LOG OR ALTERNATIVELY FOR AN ORDER REQUIRING IN CAMERA REVIEW*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Affidavit)(Gomez, Julio) (Entered: 12/06/2013) |
|---|---|---|
| 12/06/2013 | 1784 | NOTICE of CLARIFICATION OF CHEVRON CORPORATION'S POSITION RE CHEVRON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON DONALD MONCAYO'S PRIVILEGE LOG [DKT. 1776] re: 1776 Memorandum of Law in Support of Motion,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/06/2013) |
| 12/06/2013 | 1785 | MOTION – CHEVRON CORPORATION'S MOTION FOR LEAVE TO ADD DOCUMENTS PRODUCED BY DONALD MONCAYO TO THE TRIAL RECORD. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 12/06/2013) |
| 12/06/2013 | 1786 | MEMORANDUM OF LAW in Support re: 1785 MOTION – CHEVRON CORPORATION'S MOTION FOR LEAVE TO ADD DOCUMENTS PRODUCED BY DONALD MONCAYO TO THE TRIAL RECORD.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/06/2013) |
| 12/09/2013 | 1787 | ORDER: 1. In view of the submissions with respect to the designations of the depositions of Mr. Beltman and Ms. Maest, the parties would be well advised to brief fully the question whether PX 5208 and PX 5210 should be received for the truth of the matters asserted and, if plaintiff so contends, all bases for that assertion. This shall be done with post trial briefs already scheduled to be filed later this month. 2. PX 5200, the direct testimony of Dr. Lipton, was received in evidence but never provided to the Court in electronic form. Counsel for Chevron shall remedy the omission by sending it in appropriate format both to Chambers and to defendants' counsel. (Signed by Judge Lewis A. Kaplan on 12/9/2013) (lmb) (Entered: 12/09/2013) |
| 12/10/2013 | 1788 | TRANSCRIPT of Proceedings re: TRIAL held on 10/15/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1789 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 10/15/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1790 | TRANSCRIPT of Proceedings re: TRIAL held on 10/16/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Eve Giniger, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1791 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 10/16/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |

| | | |
|---|---|---|
| 12/10/2013 | 1792 | TRANSCRIPT of Proceedings re: TRIAL held on 10/17/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1793 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 10/17/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1794 | TRANSCRIPT of Proceedings re: TRIAL held on 10/21/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Eve Giniger, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1795 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 10/21/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1796 | TRANSCRIPT of Proceedings re: TRIAL held on 10/22/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1797 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 10/22/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1798 | TRANSCRIPT of Proceedings re: TRIAL held on 10/23/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Eve Giniger, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1799 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 10/23/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1800 | TRANSCRIPT of Proceedings re: TRIAL held on 10/24/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court |

| | | Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
|---|---|---|
| 12/10/2013 | 1801 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 10/24/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1802 | TRANSCRIPT of Proceedings re: TRIAL held on 10/25/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Eve Giniger, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1803 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 10/25/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1804 | TRANSCRIPT of Proceedings re: TRIAL held on 10/31/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Steven Griffing, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1805 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 10/31/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1806 | TRANSCRIPT of Proceedings re: TRIAL held on 11/4/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Eve Giniger, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1807 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 11/4/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1808 | TRANSCRIPT of Proceedings re: TRIAL held on 11/5/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set |

| | | |
|---|---|---|
| | | for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1809 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 11/5/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1810 | TRANSCRIPT of Proceedings re: TRIAL held on 11/6/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Eve Giniger, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1811 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 11/6/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1812 | TRANSCRIPT of Proceedings re: TRIAL held on 11/7/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1813 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 11/7/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1814 | TRANSCRIPT of Proceedings re: TRIAL held on 11/12/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1815 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 11/12/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1816 | TRANSCRIPT of Proceedings re: TRIAL held on 11/13/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |

| | | |
|---|---|---|
| 12/10/2013 | 1817 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 11/13/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1818 | TRANSCRIPT of Proceedings re: TRIAL held on 11/14/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Eve Giniger, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1819 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 11/14/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1820 | TRANSCRIPT of Proceedings re: TRIAL held on 11/18/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1821 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 11/18/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1822 | TRANSCRIPT of Proceedings re: TRIAL held on 11/19/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1823 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 11/19/2013 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1824 | TRANSCRIPT of Proceedings re: TRIAL held on 11/25/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1825 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 11/25/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) |

| | | |
|---|---|---|
| | | calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1826 | TRANSCRIPT of Proceedings re: TRIAL held on 11/26/2013 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Tara Jones, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2014. Redacted Transcript Deadline set for 1/13/2014. Release of Transcript Restriction set for 3/13/2014.(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1827 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 11/26/13 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/10/2013) |
| 12/10/2013 | 1828 | BRIEF re: 1771 Order, Set Deadlines,,,,,, *Defendants' Brief on Order to Show Cause re: Spanish Language Exhibits.* Document filed by Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger.(Friedman, Richard) (Entered: 12/10/2013) |
| 12/13/2013 | 1829 | ORDER: The Court on December 4, 2013 ordered Donald Moncayo, a witness at trial, to produce documents listed on his privilege log to the Court for in camera review. The Court has reviewed the documents and rules as follows: 1. Documents Bates–labeled Moncayo 001463 – 001471 shall be produced to Chevron. These documents reflect an email from Pablo Fajardo to Mr. Moncayo and others attaching a ruling from a criminal case in Ecuador. Although it is a communication between an attorney and a client, Mr. Moncayo has not sustained his burden of establishing that it was "made for the purpose of obtaining or providing legal advice" and therefore is not privileged. Moreover, the Court previously has ruled that the criminal ruling at issue is relevant to this case as further set forth in this order. 3. The remaining documents at issue contain material that is privileged, work product for which Chevron has no substantial need, or not relevant to any issue in this case. The Court therefore declines to order production of the remaining documents listed on Mr. Moncayo's privilege log. (Signed by Judge Lewis A. Kaplan on 12/13/2013) (lmb) (Entered: 12/13/2013) |
| 12/13/2013 | 1830 | ORDER: Notwithstanding the lack of justification for defendants' position, the Court rules as follows: All exhibits offered by defendants that are entirely or partly in Spanish are stricken except to the extent that defendants, no later than the date on which their reply to Chevron's post–trial brief is due, identifies each such document on which it relies and provides Chevron and the Court with complete, certified English translations of the Spanish language content of each. The translations shall be marked DX [appropriate number]–T. The parties shall file, no later than 10 days after the date on which reply briefs are due, a stipulation identifying by exhibit number each of defendants' exhibits stricken pursuant to this order. (Signed by Judge Lewis A. Kaplan on 12/13/2013) (lmb) (Entered: 12/13/2013) |
| 12/16/2013 | 1831 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated December 16, 2013 re: Permission to File Amicus Brief. Document filed by Chevron Corporation. (Attachments: # 1 Attachment 1, # 2 Attachment 2)(Mastro, Randy) (Entered: 12/16/2013) |
| 12/16/2013 | 1832 | NOTICE of Notion of Unopposed Supplement to Motion to Supplement the Trial Record (Dkt. 1785) re: 1785 MOTION – CHEVRON CORPORATION'S MOTION FOR LEAVE TO ADD DOCUMENTS PRODUCED BY DONALD MONCAYO TO THE TRIAL RECORD.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/17/2013) |
| 12/16/2013 | 1833 | MEMO ENDORSED denying 1665 Motion to Strike. ENDORSEMENT: The motion to strike the testimony of Ms. Sandra Elena [DI 1665] raises questions going chiefly to the weight to be given to the testimony although aspects of the motion raise Daubert issues. Consistent with the common practice in non–jury cases, the Court |

| | | |
|---|---|---|
| | | will give the testimony of Ms. Sandra Elena such weight, if any, that it deems appropriate. To the extent it gives it weight, it will so indicate in its decision. The motion [DI 1655] therefore is denied without prejudice to so much of it as goes to admissibility. (Signed by Judge Lewis A. Kaplan on 12/16/2013) (cd) (Entered: 12/17/2013) |
| 12/16/2013 | 1834 | MEMO ENDORSED terminating 1676 Motion to Strike. ENDORSEMENT: This motion [DI 1676] was effectively decided by DI 1713. The Clerk shall terminate this motion. (Signed by Judge Lewis A. Kaplan on 12/16/2013) (cd) (Entered: 12/17/2013) |
| 12/16/2013 | 1835 | MEMO ENDORSED terminating 1761 Motion to Strike. ENDORSEMENT: This motion [DI 1761] was ruled upon in open court. Tr. 2781–90. The Clerk shall terminate the motion. (Signed by Judge Lewis A. Kaplan on 12/16/2013) (cd) (Entered: 12/17/2013) |
| 12/16/2013 | 1836 | MEMO ENDORSED denying as moot 1658 Motion to Preclude. ENDORSEMENT: On November 1,2013, Chevron moved to preclude or limit certain defense witnesses at trial. The trial now has been completed. Insofar as the motion was directed at anticipated defense witnesses Escobar, Soltani and Berlinger, it is moot because defendants did not call those witnesses. Insofar as the motion was directed at anticipated defense witnesses Humberto Piaguaje, Moncayo, and Ponce Villacis, all of whom testified, it is moot to the extent that the Court ruled on Chevron's objections at trial. To the extent it did not so rule, which it did not in some respects with respect to their direct testimony because it was submitted in writing, the Court will deal with any remaining material objections at or before the date on which it renders its decision. Accordingly, the motion is unnecessary. The motion sought also to "require Defendants to make an offer of proof(under seal) explaining in detail what non–expert testimony they intend to elicit from Alban relating to the Doe witnesses (which could not happen in open court anyway under this Court's current protections for the Doe witnesses), why that would be relevant to any claim or defense in this case, and why good cause exists to permit them to offer this evidence now for the first time." DI 1658, at 20. Dr. Alban was not called at trial. Accordingly, this aspect of the motion is moot as well. To the extent objections remain to Dr. Alban's written expert testimony, they are raised by submissions other than this motion. Accordingly, the motion [DI 1658] is denied as moot with respect to Escobar, Soltani, Berlinger and Alban and denied without prejudice as unnecessary in light of the preservation by other means of Chevron's objections with respect to defendants Humbert Piaguaje, Moncayo, and Ponce Villacis. (Signed by Judge Lewis A. Kaplan on 12/16/2013) (cd) (Entered: 12/17/2013) |
| 12/16/2013 | 1837 | MEMO ENDORSED denying as moot 815 Motion to Compel. ENDORSED: This motion [DI 815] is denied as moot in view of the completion of the trial of this action. (Signed by Judge Lewis A. Kaplan on 12/16/2013) (cd) (Entered: 12/17/2013) |
| 12/16/2013 | 1838 | MEMO ENDORSED denying 814 Motion to Compel. ENDORSEMENT: This motion [DI 814] is denied as moot in view of the completion of the trial of this action. (Signed by Judge Lewis A. Kaplan on 12/16/2013) (cd) (Entered: 12/17/2013) |
| 12/16/2013 | 1839 | MEMO ENDORSED terminating 1667 Motion to Strike. ENDORSEMENT: Chevron made this motion to strike portions of Ms. Hinton's proposed witness statement on November 4,2013. Defendants subsequently submitted a revised proposed witness statement for Ms. Hinton. Chevron again moved to strike portions of the new document. [DI 1703] The Court consolidated this motion (addressed to the initial proposed witness statement) with the subsequent motion (addressed to the revised proposed witness statement) and ruled on the motion. DI1713. Accordingly, this motion [DI 1667] has been decided by DI 1713. The Clerk shall terminate this motion. (Signed by Judge Lewis A. Kaplan on 12/16/2013) (cd) (Entered: 12/17/2013) |
| 12/16/2013 | 1840 | MEMO ENDORSED denying 1755 Motion. ENDORSEMENT: This motion [DI 1755] is denied as moot. (Signed by Judge Lewis A. Kaplan on 12/16/2013) (cd) (Entered: 12/17/2013) |
| 12/17/2013 | 1841 | ORDER granting 1785 Motion for LEAVE TO ADD DOCUMENTS PRODUCED BY DONALD MONCAYO TO THE TRIAL RECORD. Chevron's unopposed motions to supplement the record [DI 1785, DI 1832] are granted. PX 7077, 7087–88, |

| | | |
|---|---|---|
| | | 8091–92,8100–04, 4104 and 4106 are received in evidence. As this disposes of all outstanding matters relating to the content of the trial record, the trial record now is closed in all respects. (Signed by Judge Lewis A. Kaplan on 12/17/2013) (lmb) (Entered: 12/17/2013) |
| 12/17/2013 | 1842 | MEMO ENDORSEMENT terminating 1775 Motion for Order to Show Cause. ENDORSEMENT: This motion [DI 1775] effectively was decided by DI 1780. In any case, the Court now has completed its in camera inspection and ruled on the privilege claims. The Clerk shall terminate this motion. (Signed by Judge Lewis A. Kaplan on 12/17/2013) (lmb) (Entered: 12/17/2013) |
| 12/17/2013 | 1843 | MOTION for Extension of Time *Regarding Post–Trial Briefing Schedule*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 12/17/2013) |
| 12/18/2013 | 1844 | MEMORANDUM OF LAW in Opposition re: 1843 MOTION for Extension of Time *Regarding Post–Trial Briefing Schedule*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/18/2013) |
| 12/19/2013 | 1845 | ORDER granting in part and denying in part 1843 Motion for Extension of Time. Accordingly, the LAP Representatives' motion [DI 1843] is granted to the extent that the time within which reply briefs shall be filed is extended to and including January 10, 2014. The motion is denied in all other respects. Reply due by 1/10/2014. (Signed by Judge Lewis A. Kaplan on 12/19/2013) (lmb) (Entered: 12/19/2013) |
| 12/20/2013 | 1846 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated December 20, 2013 re: Exhibit List and Exhibits Added to Record. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 12/20/2013) |
| 12/23/2013 | 1847 | POST TRIAL MEMORANDUM. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Mastro, Randy) (Entered: 12/23/2013) |
| 12/23/2013 | 1848 | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. Document filed by Chevron Corporation. (Attachments: # 1 Appendix 1, # 2 Appendix 2, # 3 Appendix 3)(Mastro, Randy) (Entered: 12/23/2013) |
| 12/23/2013 | 1849 | DECLARATION of JASON B. STAVERS in Support re: 1847 Post Trial Memorandum,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Mastro, Randy) (Entered: 12/23/2013) |
| 12/23/2013 | 1850 | POST TRIAL MEMORANDUM. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit Ex. 1)(Friedman, Richard) (Entered: 12/23/2013) |
| 12/23/2013 | 1851 | TRIAL BRIEF. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 12/23/2013) |
| 01/06/2014 | 1853 | SECOND MOTION for Extension of Time to File Response/Reply. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 01/06/2014) |
| 01/07/2014 | 1854 | MEMO ENDORSEMENT granting 1853 Motion for Extension of Time to File Response/Reply. ENDORSEMENT: Defendants move for an extension of the schedule for the filing of reply memoranda from January 10, 2014, itself an extended date, to and including January 24, 2014. The motion [DI 1853] is granted to the extent that reply memoranda by all parties shall be filed and served no later than January 21, 2014. Replies due by 1/21/2014. (Signed by Judge Lewis A. Kaplan on 1/7/2014) (lmb) (Entered: 01/07/2014) |
| 01/21/2014 | 1855 | POST TRIAL MEMORANDUM. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 01/21/2014) |
| 01/21/2014 | 1856 | DECLARATION of Randy M. Mastro re: 1855 Post Trial Memorandum. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, Part 1, # 2 Exhibit A, Part |

| | | |
|---|---|---|
| | | 2, # <u>3</u> Exhibit A, Part 3, # <u>4</u> Exhibit A, Part 4, # <u>5</u> Exhibit A, Part 5, # <u>6</u> Exhibit B, # <u>7</u> Exhibit C, # <u>8</u> Exhibit D, # <u>9</u> Exhibit E)(Mastro, Randy) (Entered: 01/21/2014) |
| 01/21/2014 | <u>1857</u> | POST TRIAL MEMORANDUM. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Friedman, Richard) (Entered: 01/21/2014) |
| 01/22/2014 | <u>1858</u> | POST TRIAL MEMORANDUM. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 01/22/2014) |
| 01/22/2014 | <u>1859</u> | ORDER: The parties are requested to provide to the Court two hard copies of the following documents (including exhibits thereto), properly tabbed and labeled to facilitate easy reference, as well as two copies of any responses to any of these documents not identified herein, at their earliest convenience. It would be helpful if these materials were supplied also in text searchable PDF form.The documents referred to are DI 56, 57, 98, 99, 102, 132–134, 152–155, 215–318, 1356, 1411, 1413, 1455, 1494, 1549, 1702, 1715 and 1750. Chevron is requested also to provide the Court with two hard copies of the additional materials offered in footnote 1 of DI 1411 with copies to defendants. The Court appreciates the parties' assistance. (Signed by Judge Lewis A. Kaplan on 1/22/2014) (lmb) (Entered: 01/22/2014) |
| 01/22/2014 | <u>1860</u> | MOTION to Dismiss for Lack of Jurisdiction *Under Federal Rule of Civil Procedure 12(h)(3)*. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Friedman, Richard) (Entered: 01/22/2014) |
| 01/22/2014 | <u>1861</u> | MEMORANDUM OF LAW in Support re: <u>1860</u> MOTION to Dismiss for Lack of Jurisdiction *Under Federal Rule of Civil Procedure 12(h)(3)*.. Document filed by Steven Donziger, Donziger & Associates, PLLC. (Friedman, Richard) (Entered: 01/22/2014) |
| 01/28/2014 | <u>1862</u> | JOINDER to join re: <u>1860</u> MOTION to Dismiss for Lack of Jurisdiction *Under Federal Rule of Civil Procedure 12(h)(3)*.. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 01/28/2014) |
| 01/30/2014 | <u>1863</u> | MEMORANDUM OF LAW in Opposition re: <u>1860</u> MOTION to Dismiss for Lack of Jurisdiction *Under Federal Rule of Civil Procedure 12(h)(3)*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/30/2014) |
| 02/01/2014 | <u>1864</u> | NOTICE of Defendants' Exhibits. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Stipulation of Defendants' Exhibits)(Mastro, Randy) (Entered: 02/01/2014) |
| 02/03/2014 | <u>1865</u> | NOTICE of Regarding Defendants' Exhibits. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 02/03/2014) |
| 02/06/2014 | <u>1866</u> | RESPONSE in Support of Motion re: <u>1860</u> MOTION to Dismiss for Lack of Jurisdiction *Under Federal Rule of Civil Procedure 12(h)(3)*.. Document filed by Steven Donziger, Donziger & Associates, PLLC. (Attachments: # <u>1</u> Exhibit)(Friedman, Richard) (Entered: 02/06/2014) |
| 02/07/2014 | <u>1867</u> | MOTION for Leave to File Excess Pages. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Friedman, Richard) (Entered: 02/07/2014) |
| 02/17/2014 | <u>1868</u> | MOTION to Stay. Document filed by The Law Offices of Steven R. Donziger.(Friedman, Richard) (Entered: 02/17/2014) |
| 02/18/2014 | 1869 | ORDER denying <u>1868</u> Motion to Stay. (Signed by Judge Lewis A. Kaplan on 2/18/2014) (Kaplan, Lewis) (Entered: 02/18/2014) |
| 02/20/2014 | 1870 | ORDER granting <u>1867</u> Motion for Leave to File Excess Pages. (Signed by Judge Lewis A. Kaplan on 2/20/2014) (Kaplan, Lewis) (Entered: 02/20/2014) |
| 02/20/2014 | <u>1871</u> | ORDER: On December 20, 2013, counsel for plaintiff filed a letter transmitting to the Court and the defendants, an updated list of all plaintiffs' exhibits, including rebuttal exhibits. There has been no objection to the submission. The list thus submitted shall be docketed as an attachment to this Order. (Signed by Judge Lewis A. Kaplan on 2/20/2014) (cd) (Additional attachment(s) added on 2/20/2014: # <u>1</u> Exhibit Court Exhibit F – Plaintiff's Trial Exhibit List) (Mohan, Andrew). (Attachment 1 replaced on 2/20/2014) (Mohan, Andrew). Modified on 2/20/2014 (Mohan, Andrew). Modified |

| | | |
|---|---|---|
| | | on 2/20/2014 (Mohan, Andrew). (Attachment 1 replaced on 2/20/2014) (Mohan, Andrew). (Attachment 1 replaced on 2/20/2014) (Mohan, Andrew). Modified on 2/20/2014 (Mohan, Andrew). (Entered: 02/20/2014) |
| 02/24/2014 | 1872 | ORDER Chevron on November 26, 2013 marked for identification as Court Exhibit D a list of its objections to defendants trial exhibits. The parties agreed that the list included all of defendants exhibits, with the exception of DX 8095. The list was received in evidence. At the Courts request, the parties jointly submitted on February 21, 2014 an updated version of Court Exhibit D, which includes DX 8095. The parties all agree that Court Exhibit D now includes all of defendants exhibits entered at trial. The list thus submitted shall be docketed as an attachment to this Order. (Signed by Judge Lewis A. Kaplan on 02/24/2014) (Attachments: # 1 Exhibit Email chain regarding Court Exhibit D, # 2 Exhibit Court Exhibit D)(Mohan, Andrew) (Entered: 02/24/2014) |
| 02/25/2014 | 1873 | ORDER: The Court on February 24,2013 entered an order attaching as Court Exhibit D a list submitted and agreed to by the parties as including all of defendants' trial exhibits. DI 1872. That list, however, did not include the witness statement of Humberto Piaguaje, which was marked for identification as DX 1900, and which the Court received on November 25, 2014 after striking portions of it. Tr. 2672:15–2676:7. Court Exhibit D therefore shall be amended to include DX 1900 to the extent it was received in evidence. (Signed by Judge Lewis A. Kaplan on 2/25/2014) (cd) (Entered: 02/25/2014) |
| 03/04/2014 | 1874 | OPINION 104161: Following trial, the Court finds that foreign judgment was procured by fraud and that defendants Steven Donziger, The Law Offices of Steven Donziger and Steven R. Donziger & Associates (collectively "Donziger") conducted and conspired to conduct the affairs of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1962(c) and 1962(d). Judgment will enter (1) imposing constructive trust for the benefit of plaintiff on assets of Donziger and defendants Camacho and Piaguaje that are traceable to the foreign Judgment, and (2) enjoining these defendants from seeking to enforce the foreign judgment in the United States or from undertaking any acts to monetize or profit from the Judgment. Defendants' motions to dismiss the complaint for lack of standing [DI 1860 and DI 1862] are denied. (Signed by Judge Lewis A. Kaplan on 3/4/2014) (Attachments: # 1 Appendix)(tro) Modified on 4/4/2014 (nt). (Entered: 03/04/2014) |
| 03/04/2014 | 1875 | JUDGMENT: Judgment entered in favor of plaintiff Chevron Corporation and against defendants Steven Donziger, The Law Offices of Steven Donziger and Steven R. Donziger & Associates (collectively "Donziger"), Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje (1) imposing constructive trust for the benefit of plaintiff on assets of Donziger and defendants Camacho and Piaguaje that are traceable to the foreign judgment, as modified or amended, and any new judgment recognizing or enforcing the foreign judgment, and (2) enjoining these defendants from seeking to enforce the foreign judgment in the United States or from undertaking any acts to monetize or profit from the Judgment. Plaintiff shall recover the costs of the action against these defendants, jointly and severally. There being no just reason for delay, the Clerk shall enter this judgment as a final judgement with respect to the claims between and among plaintiff and these defendants. (Signed by Judge Lewis A. Kaplan on 3/4/2014) (tro) (Additional attachment(s) added on 3/6/2014: # 1 Right to Appeal) (tro). (Entered: 03/04/2014) |
| 03/04/2014 | 1876 | MEMO ENDORSED terminating 1722 Motion to Strike. ENDORSEMENT: Plaintiffs motion to strike portions of the witness statement of Steven Donziger [DI 1722] was granted in part by order dated November 18, 2013 [DI 1742]. To the extent decision was reserved, the matters raised by the motion are dealt with adequately by the opinion and appendices filed today. Accordingly, the Clerk shall terminate the motion. (Signed by Judge Lewis A. Kaplan on 3/4/2014) (cd) (Entered: 03/04/2014) |
| 03/04/2014 | 1877 | MEMO ENDORSED denying 1764 Motion to Strike. ENDORSEMENT: Plaintiff's motion to strike portions of the witness statement of Humberto Piaguaje Lucitante [DI 1764] is denied as moot in light of the determination of the issues it raised in the opinion and appendices filed today. (Signed by Judge Lewis A. Kaplan on 3/4/2014) (cd) (Entered: 03/04/2014) |

| 03/04/2014 | 1878 | MEMO ENDORSED denying 1697 Motion to Strike. ENDORSEMENT: Plaintiff's motion to strike [DI 1697] is denied as moot in light of the determination of the issues it raised in the opinion and appendices filed today. (Signed by Judge Lewis A. Kaplan on 3/4/2014) (cd) (Entered: 03/04/2014) |
|---|---|---|
| 03/04/2014 | 1879 | MEMO ENDORSED denying 1660 Motion to Strike. ENDORSEMENT: Defendants' motion to strike [DI 1660] is denied as moot in light of the determination of the issues it raised in the opinion and appendices filed today. (Signed by Judge Lewis A. Kaplan on 3/4/2014) (cd) (Entered: 03/04/2014) |
| 03/04/2014 | 1880 | MEMO ENDORSED denying 1348 Motion for Partial Summary Judgment. ENDORSEMENT: Plaintiffs motion for partial summary judgment [DI 1348] is denied as moot in light of the opinion and appendices filed today. (Signed by Judge Lewis A. Kaplan on 3/4/2014) (cd) (Entered: 03/04/2014) |
| 03/04/2014 | 1881 | MEMO ENDORSED denying 1699 Motion. ENDORSEMENT: Plaintiffs motion regarding the admissibility of contamination evidence [DI 1699] is denied. It is neither relevant nor material for reasons made clear in the opinion of even date. In addition, defendants have not specified the evidence in question and thus have waived any argument they otherwise might have made. (Signed by Judge Lewis A. Kaplan on 3/4/2014) (cd) (Entered: 03/04/2014) |
| 03/04/2014 | 1882 | ORDER denying 1631 Motion for Reconsideration. Defendants' motion for reconsideration of the Court's ruling on Chevron's motion to compel and motion for sanctions [DI 1631] is denied. (Signed by Judge Lewis A. Kaplan on 3/4/2014) (cd) (Entered: 03/04/2014) |
| 03/04/2014 | 1905 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 1882 Order on Motion for Reconsideration,. (fk) (Entered: 06/09/2014) |
| 03/04/2014 | 1906 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 1874 Memorandum & Opinion. (fk) (Entered: 06/09/2014) |
| 03/04/2014 | 1907 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 1874 Memorandum & Opinion. (fk) (Entered: 06/09/2014) |
| 03/04/2014 | 1908 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 1874 Memorandum & Opinion. (fk) (Entered: 06/09/2014) |
| 03/06/2014 | 1883 | ERRATA re: 1874 Memorandum & Opinion. The opinion filed in this action on March 4, 2014 is corrected as follows: 1. The third sentence in the second full paragraph on page 315 is corrected to read: "In addition, it is threatened with the risk of further disruptive pre–judgment attachment in foreign countries, as occurred in Argentina, with the risk that some foreign country will enforce the Judgment, and with additional enforcement proceedings, including pre–judgment attachment, in the United States." 2. The first sentence of the fourth full paragraph on page 325 is corrected to read: "In late February and early March 2007, Donziger and Fajardo, having concluded that Cabrera would cooperate with them, were giving him the 'hard sell' to accept the global expert appointment." 3. The last sentence on page 325 is corrected by substituting "Cabrera" for "he." (Signed by Judge Lewis A. Kaplan on 3/6/2014) (djc) Modified on 3/7/2014 (djc). (Entered: 03/06/2014) |
| 03/10/2014 | 1884 | SECOND ERRATA re: 1874 Memorandum & Opinion. The opinion filed in this action on March 4, 2014, as corrected by order dated March6, 2014, is corrected further as further set forth in this document. (Signed by Judge Lewis A. Kaplan on 3/10/2014) (cd) (Entered: 03/10/2014) |
| 03/11/2014 | 1885 | SEALED DOCUMENT placed in vault.(nm) (Entered: 03/11/2014) |
| 03/18/2014 | 1886 | NOTICE OF APPEAL from 1874 Memorandum & Opinion,,, 1875 Judgment,,,,. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Gomez, Julio) (Entered: 03/18/2014) |
| 03/18/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 1886 Notice of Appeal. (nd) (Entered: 03/18/2014) |

| 03/18/2014 | | Appeal Fee Due: for 1886 Notice of Appeal.$505.00 Appeal fee due by 4/1/2014. (nd) (Entered: 03/18/2014) |
|---|---|---|
| 03/18/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files ONLY for 1886 Notice of Appeal filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo were transmitted to the U.S. Court of Appeals. (nd) (Entered: 03/18/2014) |
| 03/18/2014 | 1887 | NOTICE OF APPEAL from 1874 Memorandum & Opinion,,, 1875 Judgment,,,,. Document filed by Steven Donziger, Donziger & Associates, PLLC. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Friedman, Richard) (Entered: 03/18/2014) |
| 03/18/2014 | | Appeal Fee Due: for 1887 Notice of Appeal.$505.00 Appeal fee due by 4/1/2014. (nd) (Entered: 03/18/2014) |
| 03/18/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 1887 Notice of Appeal. (nd) (Entered: 03/18/2014) |
| 03/18/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files ONLY for 1887 Notice of Appeal filed by Donziger & Associates, PLLC, Steven Donziger were transmitted to the U.S. Court of Appeals. (nd) (Entered: 03/18/2014) |
| 03/18/2014 | 1888 | EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Friedman, Richard) (Entered: 03/18/2014) |
| 03/18/2014 | 1889 | MOTION for Attorney Fees. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 03/18/2014) |
| 03/18/2014 | 1890 | MEMORANDUM OF LAW in Support re: 1889 MOTION for Attorney Fees.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/18/2014) |
| 03/18/2014 | 1891 | DECLARATION of CHRISTOPHER M. JORALEMON in Support re: 1889 MOTION for Attorney Fees.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Errata C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Mastro, Randy) (Entered: 03/18/2014) |
| 03/20/2014 | 1892 | MEMORANDUM AND SCHEDULING ORDER re defendants emergency motion for a stay pending appeal or, in the alternative, a temporary administrative stay. Accordingly, the motion will be heard on the following schedule, which conforms exactly to that provided by S.D.N.Y. Local R. 6.1(b), read as it must be in conjunction with Fed. R. Civ. P. 6 (including 6(d)) and S.D.N.Y. Local R. 6.4, unless the parties agree in writing to a different schedule. Responses due by 3/31/2014. Replies due by 4/11/2014. (Signed by Judge Lewis A. Kaplan on 3/20/2014) (cd) (Entered: 03/20/2014) |
| 03/31/2014 | 1893 | MEMORANDUM OF LAW in Opposition re: 1888 EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay*.EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay*.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/31/2014) |
| 03/31/2014 | 1894 | DECLARATION of JASON B. STAVERS in Opposition re: 1888 EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay*.EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Mastro, Randy) (Entered: 03/31/2014) |
| 04/01/2014 | | Appeal Fee Payment: for 1886 Notice of Appeal. Filing fee $ 505.00, receipt number 0208–9517745. (Gomez, Julio) (Entered: 04/01/2014) |

| 04/01/2014 | | USCA Case Number 14–0832 from the US Court of Appeals, Second Circuit assigned to 1886 Notice of Appeal filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo. (nd) (Entered: 04/01/2014) |
|---|---|---|
| 04/01/2014 | | USCA Case Number 14–0826–cv from the US Court of Appeals, Second Circuit assigned to 1887 Notice of Appeal filed by Donziger & Associates, PLLC, Steven Donziger. (nd) (Entered: 04/01/2014) |
| 04/01/2014 | | Appeal Fee Payment: for 1887 Notice of Appeal. Filing fee $ 505.00, receipt number 0208–9521020. (Friedman, Richard) (Entered: 04/01/2014) |
| 04/04/2014 | 1895 | MEMORANDUM OF LAW in Opposition re: 1889 MOTION for Attorney Fees.. Document filed by Steven Donziger, Donziger & Associates, PLLC. (Friedman, Richard) (Entered: 04/04/2014) |
| 04/11/2014 | 1896 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** REPLY MEMORANDUM OF LAW in Support re: 1888 EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay.*EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay.*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Affidavit Declaration of Steven Donziger, # 2 Affidavit Declaration of Julio Gomez)(Friedman, Richard) Modified on 4/15/2014 (ldi). (Entered: 04/11/2014) |
| 04/11/2014 | | **\*\*\*NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Richard Henry Friedman to RE–FILE Document 1896 Reply Memorandum of Law in Support of Motion. ERROR(S): Supporting documents must be filed separately, each receiving their own document number. Declaration in Support of Motion is found under the event list Replies, Opposition and Supporting Documents. (ldi)** (Entered: 04/15/2014) |
| 04/14/2014 | 1897 | REPLY MEMORANDUM OF LAW in Support re: 1889 MOTION for Attorney Fees.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/14/2014) |
| 04/16/2014 | 1898 | REPLY MEMORANDUM OF LAW in Support re: 1888 EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay.*EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay.*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Friedman, Richard) (Entered: 04/16/2014) |
| 04/16/2014 | 1899 | DECLARATION of Steven Donziger in Support re: 1888 EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay.*EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay.*. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Friedman, Richard) (Entered: 04/16/2014) |
| 04/16/2014 | 1900 | DECLARATION of Julio C. Gomez in Support re: 1888 EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay.*EMERGENCY MOTION to Stay re: 1874 Memorandum & Opinion,,, 1875 Judgment,,,, *Pending Appeal or, In the Alternative, for a Temporary Administrative Stay.*. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Friedman, Richard) (Entered: 04/16/2014) |
| 04/25/2014 | 1901 | MEMORANDUM AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A STAY PENDING APPEAL #104271 re: 1888 EMERGENCY MOTION to Stay. The motion for a stay pending appeal [DI 1888] is granted to the extent that paragraph 3 of the Judgment, solely pending the determination of the appeal in this case, is modified to read as follows: "Donziger shall execute in favor of the Clerk of this Court a stock power transferring to the Clerk all of his right, title and interest in his shares of Amazonia. The Clerk shall hold the |

|  |  | Amazonia shares thus transferred, and all proceeds thereof,pending the determination of the appeal in this case, for the benefit of Donziger and Chevron, as their interests then may appear. Upon request by Donziger, given on notice to Chevron at least ten days in advance of the date for the proposed vote, the Clerk shall vote, or direct the owner of record thereof such to vote, such shares as directed by Donziger unless otherwise ordered by the Court. Donziger and the LAP Representatives, and each of them, shall execute such other and further documents as Chevron reasonably may request or as the Court hereafter may order to effectuate the foregoing provisions of this Judgment." It is denied in all other respects. This opinion includes the Courts findings of fact and conclusions of law. (Signed by Judge Lewis A. Kaplan on 4/25/2014) (cd) Modified on 4/30/2014 (ca). (Entered: 04/25/2014) |
|---|---|---|
| 04/25/2014 | 1909 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 1901 Memorandum & Opinion. (fk) (Entered: 06/09/2014) |
| 04/29/2014 | 1902 | ORDER terminating 1889 Motion for Attorney Fees. Accordingly, determination of Chevron's motion for attorneys fees [DI 1889], which is fully submitted, is deferred pending the outcome of Danziger's appeal (No. 14–826) from the judgment in this case or further order of this Court, whichever first occurs. The Clerk shall terminate the motion for administrative purposes. Chevron may request that the motion be reactivated within two weeks after the determination of Donziger's appeal or, for good cause, at any other time. (Signed by Judge Lewis A. Kaplan on 4/29/2014) (cd) (Entered: 04/29/2014) |
| 05/30/2014 | 1903 | MOTION for Julio C. Gomez to Withdraw as Attorney . Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje.(Gomez, Julio) (Entered: 05/30/2014) |
| 05/30/2014 | 1904 | DECLARATION of Julio C. Gomez in Support re: 1903 MOTION for Julio C. Gomez to Withdraw as Attorney .. Document filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Gomez, Julio) (Entered: 05/30/2014) |
| 07/10/2014 | 1910 | MEMO ENDORSED denying 1903 Motion to Withdraw as Attorney, as further set forth in the attached endorsement. The motion for leave to withdraw [DI 1903] is denied without prejudice to renewal at an appropriate time. (Signed by Judge Lewis A. Kaplan on 7/10/2014) (cd) (Entered: 07/10/2014) |
| 10/29/2014 | 1911 | LETTER addressed to Judge Lewis A. Kaplan from K. Lee Crawford–Boyd dated 10/29/2014 re: amended caption. Document filed by Ahuame Huani Baihua, Omayihue Baihua, menemo Huani Baihua, Ahua Baihua Caiga, Daniel Ehuengei, Onenca Enomenga, Pego Enomenga, Wina Enomenga, Compa Guiquita, Bebanca Tega Huani, Cope Tega Huani, Dabota Tega Huani, Kemperi Baihua Huani, Nama Baihua Huani, Omari Apica Huani, Omene Baihua Huani, Wagui Coba Huani, Weica Apica Huani, Yehua Tega Huani, gaware Tega Huani, Wane Ima, Miipo Yatehue Kemperi, Bai Baihua Miipo, Martin Baihua Miipo, Pentibo Baihua Miipo, Nantoqui Nenquimo, Nenquimo Venancio Nihua, Okata Quipa Nihua, Cahuiya Omaca, Abamo Omene, Cai Baihua Quemperi, Conta Nenquimo Quimontari, Ehuenguinto Tega, Mencay Baihua Tega, Teweyene Luciana Nam Tega, Tepaa Quimontari Waiwa, Apara Quemperi Yate, Comita Huani Yate, Minihua Huani Yate, Namo Huani Yate, Tapare Ahua Yete, Mima Yeti.(Crawford, Kathryn) (Entered: 10/29/2014) |
| 11/24/2014 | 1912 | MEMO ENDORSEMENT on re: 1911 Letter filed by Wina Enomenga, et al. ENDORSEMENT: Counsel for Kemperi Baihua Huani and other so called "Proposed Huaorani Intervenors" (see letter, DI 1911) (the "PHI") are improperly listed on the docket of the appeal from the judgment in this case against Steven Donziger and two others as "Defendants." The letter states that the PHI "are not Defendants in this action,...do not wish to be identified as Defendants" in it, and request that "the caption in the district court proceedings be amended to remove the [PHI] as 'Defendants.'" On November 28, 2012, the PHI moved to intervene in this action for the purpose, among others, of "protecti[ng]...their share of the Lago Agrio Judgment." DI 641, DI 645. As required by Fed. R. Civ. P. 24(c), the motion was accompanied by a proposed Answer and Cross–Complaint in Intervention. Kimerling Decl. Ex. A [DI 642–1, DI 647–1]. That proposed pleading described the PHI as defendants and cross–claimants. The motion to intervene was denied on January 14, 2013. DI 724. The PHI request is based on a mistaken premise as to the manner in which the PHI are characterized on the docket sheet in this Court, whatever may be the case in the Court of Appeals. This |

| | | |
|---|---|---|
| | | Court's docket sheet describes the PHI as "Intervenor Defendants." That is consistent with the PHI's characterization of themselves in their motion to intervene. In any case, the Court sees no proper basis for altering the characterization that the Clerk's Office made, which seems to have been correct. The request is denied. The matter of the docket in the Court of Appeals is beyond this Court's purview. Any complaint in that regard should be directed to that court. (Signed by Judge Lewis A. Kaplan on 11/24/2014) (mro) (Entered: 11/24/2014) |
| 11/26/2014 | <u>1913</u> | CORRECTED MEMO ENDORSEMENT on re: <u>1911</u> Letter filed by Wina Enomenga, et al. ENDORSEMENT: Counsel for Kemperi Baihua Huani and other so called "Proposed Huaorani Intervenors" (see letter, DI 1911) (the "PHI") contends that they are improperly listed on the docket of the appeal from the judgment in this case against Steven Danziger and two others as "Defendants." The letter states that the PHI "are not Defendants in this action,...do not wish to be identified as Defendants" in it, and request that "the caption in the district court proceedings be amended to remove the [PHI] as 'Defendants.'" On November 28, 2012, the PHI moved to intervene in this action for the purpose, among others, of "protecti[ng]...their share of the Lago Agrio Judgment." DI 641, DI 645. As required by Fed. R. Civ. P. 24(c), the motion was accompanied by a proposed Answer and Cross–Complaint in Intervention. Kimerling Decl. Ex. A [DI 642–1, DI 647–1]. That proposed pleading described the PHI as defendants and cross–claimants. The motion to intervene was denied on January 14, 2013. DI 724. The PHI request is based on a mistaken premise as to the manner in which the PHI are characterized on the docket sheet in this Court, whatever may be the case in the Court of Appeals. This Court's docket sheet describes the PHI as "Intervenor Defendants." That is consistent with the PHI's characterization of themselves in their motion to intervene. In any case, the Court sees no proper basis for altering the characterization that the Clerk's Office made, which seems to have been correct. The request is denied. The matter of the docket in the Court of Appeals is beyond this Court's purview. Any complaint in that regard should be directed to that court. (Signed by Judge Lewis A. Kaplan on 11/24/2014 and Corrected by Judge Lewis A. Kaplan on 11/26/2014) (mro) (Entered: 11/26/2014) |
| 11/03/2016 | <u>1914</u> | MANDATE of USCA (Certified Copy) as to <u>1886</u> Notice of Appeal filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo, <u>1887</u> Notice of Appeal filed by Donziger & Associates, PLLC, Steven Donziger USCA Case Number 14–0826(L); 14–0832(Con). IT IS HEREBY ORDERED, ADJUDGED and DECREED that the district courts judgment is AFFIRMED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 11/3/2016. (tp) (Entered: 11/03/2016) |
| 11/03/2016 | | Transmission of USCA Mandate/Order to the District Judge re: <u>1914</u> USCA Mandate. (tp) (Entered: 11/03/2016) |
| 11/08/2016 | <u>1915</u> | NOTICE OF CHEVRON CORPORATION'S REACTIVATION OF ITS MOTION FOR ATTORNEYS' FEES re: <u>1889</u> MOTION for Attorney Fees.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/08/2016) |
| 11/09/2016 | <u>1916</u> | ORDER: Following the entry of judgment, Chevron moved for attorneys' fees against Steven Donziger and his law firm(s) ("Donziger"). DI 1889. The motion depended entirely upon the fact that Chevron prevailed in this Court on its claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the sufficiency of which, it was anticipated, Donziger would dispute on appeal. Accordingly, by order dated April 29, 2014 [DI 1902], the Court deferred consideration of Chevron's motion pending the determination of Donziger's appeal or further order of the Court, whichever first occurred. The order further provided that Chevron could request that its motion be reactivated within two weeks after the determination of Donziger's appeal or, for good cause, at any other time. The Court of Appeals has decided Donziger's appeal, rejected his challenge to the RICO claim, and denied rehearing. Chevron has requested that its motion for attorneys' fees be reactivated. DI 1915. In all the circumstances the Court declines to reactivate the motion at this time. Chevron may renew its application to reactivate its motion on or after January 26, 2017 or, if Donziger by then has filed a petition for a writ of certiorari, upon the determination of the petition and any ensuing consideration by the Supreme Court. It may apply to reactivate the motion at any time for good cause shown. ( Motions due by 1/26/2017.) (Signed by Judge Lewis A. Kaplan on 11/9/2016) (mro) (Entered: 11/09/2016) |

| | | |
|---|---|---|
| 12/05/2016 | 1917 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** BILL OF COSTS NOTICE OF TAXATION to recover costs against Clide Ramiro Aguinda Aguinda, Lidia Alexandra Aguinda Aguinda, Patricio Wilson Aguinda Aguinda, Francisco Matias Alvarado Yumbo, Lorenzo Jose Alvarado Yumbo, Segundo Angel Amanta Milan, Benancio Fredy Chimbo Grefa, Lourdes Beatriz Chimbo Tanguil, Rosa Teresa Chimbo Tanguila, Luis Armando Chimbo Yumbo, Octavio Ismael Cordova Huanca, Frente de Defensa De La Amazonia, Olga Gloria Grefa Cerda, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Heleodoro Pataron Guaraca, Carlos Grefa Huatatoca, Jose Miguel Ipiales Chicaiza, Daniel Carlos Lusitande Yaiguaje, Emilio Martin Lusitande Yaiguaje, Reinaldo Lusitande Yaiguaje, Pablo Fajardo Mendoza, Guillermo Vicente Payaguaje Lusitante, Alfredo Donaldo Payaguaje Payaguaje, Delfin Leonidas Payaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Luis Agustin Payaguaje Piaguaje, Angel Justino Piaguage Lucitant, Teodoro Gonzalo Piaguaje Payaguaje, Armando Wilfrido Piaguaje Payaguaje, Fermin Piaguaje Payaguaje, Elias Roberto Piyahuaje Payahuaje, Maria Clelia Reascos Revelo, Jose Gabriel Revelo Llore, Maria Magdalena Rodriguez Barcenes, Catalina Antonia Aguinda Salazar, Maria Aguinda Salazar, Selva Viva Selviva CIA, Ltda, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Luisa Delia Tanguila Narvaez, Narcisa Aida Tanguila Narvaez, Franciso Victor Tanguilla Grefa, Celia Irene Viveros Cusangua, Maria Hortencia Viveros Cusangua, Simon Lusitande Yaiguaje, Luis Yanza, Francisco Alvarado Yumbo, Patricio Alberto Chimbo Yumbo. Document filed by Chevron Corporation. The Clerk may tax costs 14 days after this filing. Objections to Bill of Costs due by 12/19/2016 (Attachments: # 1 Declaration of Randy M. Mastro, # 2 Exhibit 1 – Bill of Costs, # 3 Exhibit 2 – Judgment, # 4 Exhibit 3 – Trial Transcript Invoices, # 5 Exhibit 4 – Hearing Transcript Invoices, # 6 Exhibit 5 – Deposition Transcript Invoices, # 7 Exhibit 6 – Interpreters Invoices, # 8 Exhibit 7 – Special Master Invoices, # 9 Exhibit 8 – Process Server Invoices, # 10 Exhibit 9 – Appellate Record Invoice)(Mastro, Randy) Modified on 12/6/2016 (dt). (Entered: 12/05/2016) |
| 12/05/2016 | 1918 | BILL OF COSTS NOTICE OF TAXATION to recover costs against Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. Document filed by Chevron Corporation. The Clerk may tax costs 14 days after this filing. Objections to Bill of Costs due by 12/19/2016 (Attachments: # 1 Declaration of Randy M. Mastro, # 2 Exhibit 1 – Bill of Costs, # 3 Exhibit 2 – Judgment, # 4 Exhibit 3 – Trial Transcript Invoices, # 5 Exhibit 4 – Hearing Transcript Invoices, # 6 Exhibit 5 – Deposition Transcript Invoices, # 7 Exhibit 6 – Interpreters Invoices, # 8 Exhibit 7 – Special Master Invoices, # 9 Exhibit 8 – Proces Server Invoices, # 10 Exhibit 9 – Appellate Record Invoice)(Mastro, Randy) (Entered: 12/05/2016) |
| 12/15/2016 | 1919 | MOTION to Hold Bill of Costs in Abeyance re: 1918 Bill of Costs Notice of Taxation,,, . Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 12/15/2016) |
| 12/29/2016 | 1920 | RESPONSE to Motion re: 1919 MOTION to Hold Bill of Costs in Abeyance re: 1918 Bill of Costs Notice of Taxation,,, . *Notice of Non–Opposition*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/29/2016) |
| 12/30/2016 | 1921 | ORDER granting in part and denying in part 1919 Motion for Hold Bill of Costs in Abeyance re: 1918 Bill of Costs Notice of Taxation. The motion of defendant Steven R. Donziger to hold in abeyance Chevron's bill of costs [DI 1919] is granted to the extent the Clerk shall not tax costs as against the movant until January 26, 2017 or, if Donziger by then has filed a petition for writ of certiorari, until the determination of the petition and any ensuing consideration by the United States Supreme Court. The motion is denied in all other respects. This order is without prejudice to any contention by Chevron that any objections to its bill of costs now are untimely. (Signed by Judge Lewis A. Kaplan on 12/30/2016) (cf) (Entered: 12/30/2016) |
| 06/19/2017 | 1922 | LETTER MOTION to Reopen *Reactivate Chevron Corporation's Motion for Attorneys' Fees and Bill of Costs* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 19, 2017. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 06/19/2017) |

| | | |
|---|---|---|
| 07/17/2017 | <u>1923</u> | ORDER granting in part and denying in part without prejudice <u>1922</u> Letter Motion to Reopen. (1) Plaintiffs motion for attorneys' fees is hereby reactivated The Court notes that Donziger long ago applied for an extension of time within which to "contest the reasonableness of the rates and hours requested." DI 1895, at 5. Bearing in mind that Donziger already has had over three years since the trial court's decision on the merits and just about a full year since the Second Circuit affirmed this Court's judgment, the application for an extension of time is granted to the extent that any papers with respect to those subjects shall be filed on or before August 7, 2017. Unless otherwise ordered, any responsive papers on those subjects shall be filed no later than August 28, 2017 and any reply papers on those subjects shall be filed no later than September 11, 2017. As the motion for attorneys' fees was fully submitted in all other respects, there shall be no papers filed that address subjects other than the reasonableness of the rates and hours requested absent leave of the Court. (2) The Clerk shall proceed to tax costs. (3) Plaintiff requests that the Court require Steven Donziger to comply with the March 4, 2014 judgment. It complains also that Donziger did not comply with that judgment as temporarily modified by order dated April 25, 2014. Whether construed as a request for a further order or for other relief, this aspect of the application may not be made by letter motion. To that extent, it is denied without prejudice to proceeding by formal motion. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/17/2017) (anc) (Entered: 07/17/2017) |
| 07/17/2017 | | Set/Reset Deadlines: Motions due by 8/7/2017. Responses due by 8/28/2017. Replies due by 9/11/2017. (anc) (Entered: 07/17/2017) |
| 07/17/2017 | | Transmission to Judgments and Orders Clerk. Transmitted re: <u>1923</u> Order on Motion to Reopen to the Judgments and Orders Clerk. (anc) (Entered: 07/17/2017) |
| 07/18/2017 | <u>1924</u> | BILL OF COSTS NOTICE OF TAXATION to recover costs against Hugo Gerardo Camacho Naranjo, Steven Donziger, Donziger & Associates, PLLC, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. Document filed by Chevron Corporation. The Clerk may tax costs 14 days after this filing. Objections to Bill of Costs due by 8/1/2017 (Attachments: # <u>1</u> Declaration of Randy M. Mastro, # <u>2</u> Exhibit 1 – Bill of Costs, # <u>3</u> Exhibit 2 – Judgment, # <u>4</u> Exhibit 3 – Trial Transcript Invoices, # <u>5</u> Exhibit 4 – Hearing Transcript Invoices, # <u>6</u> Exhibit 5 – Deposition Transcript Invoices, # <u>7</u> Exhibit 6 – Interpreters Invoices, # <u>8</u> Exhibit 7 – Special Master Invoices, # <u>9</u> Exhibit 8 – Process Server Invoices, # <u>10</u> Exhibit 9 – Appellate Record Invoice)(Mastro, Randy) (Entered: 07/18/2017) |
| 08/01/2017 | <u>1925</u> | BILL OF COSTS OBJECTIONS to re: <u>1924</u> Bill of Costs Notice of Taxation,,,. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 08/01/2017) |
| 08/03/2017 | <u>1926</u> | RESPONSE re: <u>1925</u> Bill of Costs Objections . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/03/2017) |
| 08/07/2017 | 1927 | **\*\*\*STRICKEN DOCUMENT. Deleted document number 1927 from the case record. The document was stricken from this case pursuant to <u>1937</u> Order on Motion to Strike, . Returned documents to counsel by mail on 10/11/2017. (anc)** OPPOSITION BRIEF re: <u>1922</u> LETTER MOTION to Reopen */ Reactivate Chevron Corporation's Motion for Attorneys' Fees and Bill of Costs* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 19, 2017., <u>1889</u> MOTION for Attorney Fees., <u>1923</u> Order on Motion to Reopen,,,,,, . Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) Modified on 10/11/2017 (anc). (Entered: 08/07/2017) |
| 08/08/2017 | | Minute Entry Bill of Costs, done on submission on August 8, 2017, objections filed. (dt) (Entered: 08/08/2017) |
| 08/08/2017 | <u>1928</u> | TAXATION OF COSTS: as to <u>1924</u> Bill of Costs Notice of Taxation, costs are taxed on August 8, 2017, in favor of Cheveron Corporation against Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates, PLLC in the amount of $944,463.85. Done on submission, objections filed. (Attachments: # <u>1</u> Ex. 1–4, # <u>2</u> Ex. 5–6, # <u>3</u> Ex. 7–9, # <u>4</u> Objections to Bill of Costs, # <u>5</u> Response to Objections)(dt) (Entered: 08/08/2017) |
| 08/10/2017 | <u>1929</u> | MOTION to Strike Document No. 1927 . Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 08/10/2017) |

| 08/10/2017 | 1930 | MEMORANDUM OF LAW in Support re: 1929 MOTION to Strike Document No. 1927 . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/10/2017) |
|---|---|---|
| 08/16/2017 | 1931 | BILL OF COSTS OBJECTIONS to re: 1924 Bill of Costs Notice of Taxation,,,. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 08/16/2017) |
| 08/24/2017 | 1932 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** RESPONSE in Opposition to Motion re: 1929 MOTION to Strike Document No. 1927 . . Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) Modified on 8/25/2017 (db). (Entered: 08/24/2017) |
| 08/25/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Steven Robert Donziger to RE–FILE Document 1932 Response in Opposition to Motion. Use the event type Letter found under the event list Other Documents. (db)** (Entered: 08/25/2017) |
| 08/25/2017 | 1933 | LETTER addressed to Judge Lewis A. Kaplan from Steven Donziger dated August 24, 2017 re: Opposition to motion to strike. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 08/25/2017) |
| 08/28/2017 | 1934 | REPLY to Response to Motion re: 1922 LETTER MOTION to Reopen *Reactivate Chevron Corporation's Motion for Attorneys' Fees and Bill of Costs* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 19, 2017. . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 08/28/2017) |
| 08/28/2017 | 1935 | RESPONSE re: 1931 Bill of Costs Objections *OPPOSITION OF CHEVRON CORPORATION TO STEVEN DONZIGER'S AUGUST 15, 2017 LETTER OBJECTING TO THE TAXATION OF COSTS (DKT. 1931)*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/28/2017) |
| 09/12/2017 | 1936 | REPLY to Response to Motion re: 1922 LETTER MOTION to Reopen *Reactivate Chevron Corporation's Motion for Attorneys' Fees and Bill of Costs* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 19, 2017. . Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 09/12/2017) |
| 10/05/2017 | 1937 | MEMO ENDORSEMENT granting 1929 NOTICE OF CHEVRON CORPORATION'S MOTION TO STRIKE DONZIGER'S AUGUST 7, 2017 LETTER–BRIEF 1927 . ENDORSEMENT: Granted substantially for the reasons in DI 1930 and because the letter–brief is repetitious of accounts made elsewhere. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/5/2017) (anc) Modified on 10/11/2017 (anc). (Entered: 10/11/2017) |
| 10/13/2017 | 1938 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/13/2017) |
| 10/31/2017 | | NOTICE OF REDESIGNATION TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Robert W. Lehrburger. Please note that this is a reassignment of the designation only. (wb) (Entered: 10/31/2017) |
| 11/09/2017 | 1939 | ORDER: Special Master Gitter and Cleary Gottlieb, on or before November 21, 2017, shall provide defendant Donziger and the Court with time records (including any description of services the existing records contain) sufficient to show the services rendered that were billed in the invoices included in the bill of costs taxed by the Clerk. In the event that Donziger objects to the reasonableness of the hours devoted to the services performed by any or all of the Special Masters and Mr. Ormond, he shall file his objections on or before December 4, 2017. Any such objections shall be in the form of a memorandum of law (not to exceed 25 double spaced pages), supported by affidavit(s) or declarations(s) containing any factual matter supporting the objections that is not already in the record. Any such papers shall be confined to the question of the reasonableness of the hours in question. The Special Masters are requested to file, on or before December 9, 2017, (a) a report recommending how the costs of the Special Masters should be allocated as among Chevron, Donziger and the LAP |

|  |  | Representatives in the event the Court does not elect to tax all of those costs against the defendants and the rationale for their recommendation, and (b) their bills for the preparation of the report. In making their recommendation, the Special Masters shall take into account the nature and amount of the controversy and the extent to which any party is more responsible than other parties for the reference to a master and for the need for the services performed by them. As Donziger has had a full opportunity to be heard on the parties' means, which the Court ultimately will take into account to whatever extent it considers appropriate and which in any case is not within the Special Masters' unique knowledge by virtue of having performed the services for which costs may be taxed, the Special Masters' recommendation is not to take the parties' means into account. Any objections to the Special Masters' report pursuant to paragraph 3 shall be filed on or before December 23, 2017. Objections shall be in the form of memoranda of law (not to exceed 25 double spaced pages). SO ORDERED. (Signed by Judge Lewis A. Kaplan on 11/9/2017) (anc) (Entered: 11/13/2017) |
|---|---|---|
| 12/06/2017 | 1940 | MEMORANDUM AND ORDER: Accordingly, the Court hereby finds that the hours for and the hourly rates at which the special masters and their assistant billed, as well as the expenses, all were reasonable and appropriate. The Court, however, continues to reserve decision on Donziger's application to review the taxation of costs by the Clerk. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 12/6/2017) (anc) (Entered: 12/06/2017) |
| 12/06/2017 | 1941 | BILL OF COSTS REPLY to re: 1924 Bill of Costs Notice of Taxation,,,. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Annex A, # 2 Annex B, # 3 Annex C)(Donziger, Steven) (Entered: 12/06/2017) |
| 12/08/2017 | 1942 | SPECIAL MASTER'S REPORT. *Special Masters' Final Report and Recommendation on Allocation of their Fees and Costs, dated December 8, 2017.* Document filed by Max Gitter, Theodore H. Katz.(Gitter, Max) (Entered: 12/08/2017) |
| 12/08/2017 | 1943 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Max Gitter dated 12/7/2017 re: We respectfully request that the due date for submitting to the Court the billing for the report/allocation–recommendation be adjourned to January 12, 2018. We do not seek any adjournment of the due date for filing the report itself. ENDORSEMENT: Granted. (Signed by Judge Lewis A. Kaplan on 12/8/2017) (anc) (Entered: 12/08/2017) |
| 12/13/2017 | 1944 | RESPONSE re: 1941 Bill of Costs Reply, *RESPONSE OF CHEVRON CORPORATION TO STEVEN DONZIGER'S DECEMBER 6, 2017 LETTER OBJECTING TO THE FEES OF THE SPECIAL MASTERS (DKT. 1941).* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/13/2017) |
| 12/13/2017 | 1945 | DECLARATION of WILLIAM E. THOMSON in Support re: 1944 Response. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 12/13/2017) |
| 12/27/2017 | 1946 | ORDER re: 1942 SPECIAL MASTER'S REPORT. There having been no objections to the Special Masters' Final Report and Recommendation [DI 1942] and the time for filing such objections having expired, the Court hereby adopts the findings set forth therein while reserving for its determination whether to tax all costs against the defendants or, if not, the manner in which such costs shall be apportioned. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 12/27/2017) (anc) (Entered: 12/27/2017) |
| 12/28/2017 | 1947 | BILL OF COSTS OBJECTIONS to re: 1924 Bill of Costs Notice of Taxation,,,. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 12/28/2017) |
| 01/08/2018 | 1948 | SUPPLEMENTAL LETTER MOTION to Compel Max Gitter, Esq. to produce certain records and invoices addressed to Judge Lewis A. Kaplan from Steven R. Donziger dated January 8, 2018. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 01/08/2018) |
| 01/09/2018 | 1949 | DECLARATION of Joseph M. Kay *dated January 9, 2018, regarding service of the November 21, 2017 letters and enclosed invoices, time detail, and disbursement* |

| | | |
|---|---|---|
| | | *records*. Document filed by Max Gitter, Theodore H. Katz. (Attachments: # 1 Exhibit 1 (Gitter Letter with Enclosures), # 2 Exhibit 2 (Peace Letter with Enclosures), # 3 Exhibit 3 (Kay Email))(Gitter, Max) (Entered: 01/09/2018) |
| 01/12/2018 | 1950 | SPECIAL MASTER'S REPORT. *Supplement to Special Masters' Report and Recommendation Dated December 8, 2017 1942* . Document filed by Max Gitter, Theodore H. Katz. (Attachments: # 1 Bills Appended to Supplement)(Gitter, Max) (Entered: 01/12/2018) |
| 01/16/2018 | 1951 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** SUPPLEMENTAL LETTER MOTION for Discovery *re outstanding issues re Special Masters' submissions* addressed to Judge Lewis A. Kaplan from Steven R. Donziger dated January 16, 2018. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) Modified on 3/20/2018 (ldi). (Entered: 01/16/2018) |
| 02/20/2018 | 1952 | NOTICE OF APPEARANCE by Joel Michael Silverstein on behalf of Chevron Corporation. (Silverstein, Joel) (Entered: 02/20/2018) |
| 02/20/2018 | 1953 | MOTION for Herbert J Stern to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–14719828. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Chevron Corporation. (Attachments: # 1 Affidavit Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order Proposed Order)(Stern, Herbert) (Entered: 02/20/2018) |
| 02/20/2018 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 1953 MOTION for Herbert J Stern to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–14719828. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 02/20/2018) |
| 02/21/2018 | 1954 | ORDER granting 1953 Motion for Herbert J Stern to Appear Pro Hac Vice. (Signed by Judge Lewis A. Kaplan on 2/21/2018) (mro) (Entered: 02/21/2018) |
| 02/22/2018 | 1955 | ORDER terminating 1948 Letter Motion to Compel; terminating 1951 Letter Motion for Discovery. Accordingly, the Court on December 6, 2017 found that "the hours for and the hourly rates at which the special masters and their assistant billed, as well as the expenses, all were reasonable and appropriate," although it reserved decision on the long pending motion by Donziger to review the Clerk's taxation of costs. DI 1940. After failing to object to the reasonableness of any of the hours devoted to the services performed within the time allotted, and after the Court rendered its December 6, 2017 decision, Donziger expressed speculative concern that perhaps Special Master Gitter's time records were not made contemporaneously. DI 1948, DI 1951. The Court does not now express any view as to whether Donziger's "concerns" are sufficiently substantial or, in any case, material. Nonetheless, Mr. Gitter, should he wish to do so, may file a submission with respect to the contemporaneity of the time records produced on November 21, 2017. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/22/2018) (anc) (Entered: 02/22/2018) |
| 02/26/2018 | 1956 | LETTER addressed to Judge Lewis A. Kaplan from Max Gitter dated February 26, 2018 re: In response to the February 22, 2018 Court Order (ECF No. 1955 ).. Document filed by Max Gitter.(Gitter, Max) (Entered: 02/26/2018) |
| 02/27/2018 | 1957 | LETTER addressed to Judge Lewis A. Kaplan from Max Gitter dated February 26, 2018 re: [CORRECTED] In response to the February 22, 2018 Court Order (ECF No. 1955 . Document filed by Max Gitter.(Gitter, Max) (Entered: 02/27/2018) |
| 02/27/2018 | 1958 | LETTER MOTION for Discovery *Regarding Premature Admission of Herbert J. Stern* addressed to Judge Lewis A. Kaplan from Steven R. Donziger dated 2/27/2018. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 02/27/2018) |
| 02/28/2018 | 1959 | MEMORANDUM OPINION re: 1928 TAXATION OF COSTS. For the foregoing reasons, Donziger's motion to review the taxation of costs is granted to the extent that the amount taxed for special master expenses is reduced to $741,526.49 and denied in all other respects. A supplemental judgment in the amount of $813,602.71 shall be entered. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/28/2018) (anc) |

| | | |
|---|---|---|
| | | (Entered: 02/28/2018) |
| 02/28/2018 | | Transmission to Judgments and Orders Clerk. Transmitted re: 1959 Memorandum & Opinion to the Judgments and Orders Clerk. (anc) (Entered: 02/28/2018) |
| 02/28/2018 | 1960 | MEMORANDUM AND ORDER: Donziger's so–called supplemental letter motions (DI 1948, DI 1951) are denied in all respects. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/28/2018) (anc) (Entered: 02/28/2018) |
| 02/28/2018 | 1961 | ORDER denying 1958 Letter Motion for Discovery. The Court construes the attached letter as a request for reconsideration of the order granting leave to Herbert J. Stem to appear pro hac vice. The letter rehashes yet again Donziger's arguments with respect to the credibility of Alberto Guerra, who testified at trial, but now attempts to bring those arguments to bear by (1) accusing Chevron's trial counsel in substance of having been complicit in bribing or suborning Guerra, and (2) using that as an excuse to demand information relating to Judge Stern's involvement, if any, in connection with his application to appear pro hac vice. But there is nothing to any of this. As has been pointed out previously, most recently in other rulings today, the circumstances in which Guerra came to be a witness and Chevron's actions in that regard were gone into at great length at trial. See, e.g., Chevron Corp. v. Donziger, 974 F. Supp.2d 362, 502–05, 513–16 (S.D.N.Y. 2014), aff'd, 833 F.3d 74 (2d Cir. 2016), cert. denied, 137 S. Ct. 2268 (2017). Chevron offered extensive evidence concerning its contacts with Guerra prior to trial, including long interview transcripts, as well as its payments and other assistance to him. Donziger and the other defendants cross–examined Guerra at length on these among other subjects. Defendants submitted in evidence also portions of a long deposition of Andres Rivero, who had many contacts with Guerra on Chevron's behalf before trial. The Court carefully considered this and all other evidence bearing on Guerra's credibility. It ultimately accepted part of his account and rejected another part. 974 F. Supp.2d at 534. To the extent that the Court accepted Guerra's testimony on points that Donziger disputed – and he did not dispute a good deal of that testimony – Donziger litigated and lost. He did not even challenge any of the Court's factual findings o appeal. Donziger's letter does not offer any new evidence. Even if it had, a motion by a Chevron lawyer for leave to appear pro hac vice would not have been an appropriate vehicle for a thinly disguised attempt to relitigate aspects of this case that long since have been concluded. And certainly he will not be heard to repackage his failed arguments regarding Guerra and Chevron's actions with respect to Guerra in the guise of asking for information concerning a routine pro hac vice application. Motion denied. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/28/2018) (anc) (Entered: 02/28/2018) |
| 02/28/2018 | 1962 | SUPPLEMENTAL JUDGMENT AS TO DONZIGER DEFENDANTS AND DEFENDANTS CAMACHO AND PIAGUAJE: Accordingly, the Judgment is supplemented in that it is hereby further ORDERED, ADJUDGED, AND DECREED, that plaintiff shall recover of the Donziger Defendants and the LAP Representatives, jointly and severally, the sum of $813,602.71. (Signed by Judge Lewis A. Kaplan on 2/28/2018) (anc) (Entered: 02/28/2018) |
| 03/01/2018 | 1963 | MEMORANDUM OPINION (CORRECTED) re: 1928 TAXATION OF COSTS. For the foregoing reasons, Donziger's motion to review the taxation of costs is granted to the extent that the amount taxed for special master expenses is reduced to $741,526.49 and denied in all other respects. A supplemental judgment in the amount of $813,602.71 shall be entered. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/28/2018, Corrected 3/1/2018) (anc) Modified on 3/5/2018 (anc). (Entered: 03/01/2018) |
| 03/01/2018 | 1964 | MEMORANDUM AND ORDER (Corrected): Donziger's so–called supplemental letter motions (DI 1948, DI 1951) are denied in all respects. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/28/2018) (anc) (Entered: 03/05/2018) |
| 03/19/2018 | 1965 | **FILING ERROR – ELECTRONIC FILING OF NON–ECF DOCUMENT –** MOTION for Order to Show Cause –*[Proposed] Order to Show Cause to Grant Chevron Corporation's Ex Parte Application for Discovery and a Preservation Order in Furtherance of this Court's March 4, 2014 Judgment and to Set a Hearing Date Subsequent to That Discovery on Chevron's Application to Have Steven Donziger Held in Contempt*. Document filed by Chevron Corporation.(Mastro, Randy) Modified on 3/28/2018 (db). (Entered: 03/19/2018) |

| 03/19/2018 | 1966 | MEMORANDUM OF LAW in Support re: 1965 MOTION for Order to Show Cause –*[Proposed] Order to Show Cause to Grant Chevron Corporation's Ex Parte Application for Discovery and a Preservation Order in Furtherance of this Court's March 4, 2014 Judgment and to Set a Hearing Date Su . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/19/2018)* |
|---|---|---|
| 03/19/2018 | 1967 | DECLARATION of Randy M. Mastro in Support re: 1965 MOTION for Order to Show Cause –*[Proposed] Order to Show Cause to Grant Chevron Corporation's Ex Parte Application for Discovery and a Preservation Order in Furtherance of this Court's March 4, 2014 Judgment and to Set a Hearing Date Su. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Mastro, Randy) (Entered: 03/19/2018)* |
| 03/19/2018 | 1968 | ORDER TO SHOW CAUSE AND PRESERVATION ORDER IN FURTHERANCE OF THIS COURT'S MARCH 4, 2014 JUDGMENT AND APPLICATION TO HAVE STEVEN DONZIGER HELD IN CONTEMPT: It is hereby ORDERED that Chevron shall serve on Donziger, by hand, facsimile, or e–mail a copy of this Order to Show Cause and all papers submitted in support thereof on or before 5:00 p.m. on March 20, 2018; and ORDERED that Donziger, as well as any other person or entity having actual notice of this order and acting at his direction or in concert with him, including, without limitation, Katie Sullivan, Streamline Family Office, Inc., Jonathan Bush, and athenahealth, Inc., preserve and maintain within the United States any and all documents or evidence relating to the Judgment or compliance therewith; ORDERED, that Donziger SHOW CAUSE, on April 20, 2018 at 4 p.m. in Courtroom 26A, 500 Pearl Street, New York, New York, why orders should not be entered (1) adjudicating Donziger in civil contempt of court for failure to comply with the judgment as to Donziger defendants and others [DI 1875] paragraphs 3 and 5 (the latter insofar as Chevron alleges in its memorandum of law [DI 1966] at 15 and in the Grinberg declaration), as supplemented (collectively, the "Judgment"), (2) granting Chevron leave to conduct post–judgment discovery of Donziger and any other person, including without limitation Katie Sullivan, Streamline Family Office, Inc., Jonathan Bush, and athenahealth, Inc., as to all matters relevant to enforcement of paragraphs 3 and 5 of DI 1875, provided, however, that nothing herein precludes Chevron from conducting discovery without leave to the Court as to all matters relevant to enforcement of the monetary provisions of the Judgment, and ORDERED, that any papers in opposition to, and any reply papers in support of, this application shall be served and filed on or before April 3, 2018 and April 13, 2018, respectively. Chevron has presented an ex parte application for an order (1) requiring Donziger and certain others to preserve and maintain within the United States certain evidence, (2) authorizing Chevron to serve post–judgment discovery on Donziger and others, and (3) requiring Donziger to show cause why he should not be held in contempt for his failure to comply with the judgment in this case and setting a briefing schedule and hearing date following a reasonable period within which to conduct discovery on the contempt charge. 1. The attached order grants, in somewhat modified form, so much of the application as seeks a preservation order. 2. It has stricken out the language that, if signed, would have authorized post–judgment discovery for the purpose of enforcing the Judgment, but solely on the grounds that it is superfluous in part and otherwise not relief that the Court will grant ex parte on the present showing. 2.1. Insofar as the judgment is for the payment of money, enforcement proceedings are governed by Fed. R. Civ. P. 69(a). That rule provides in relevant part and in substance that the procedure applicable to enforcement of a money judgment rendered by a federal court is governed by the procedure of the state where the court is located except where a federal statute otherwise provides. Thus, proceedings to enforce a money judgment of this Court generally are governed by the New York CPLR. CPLR § 5223 provides in relevant part that"[a]t any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena... " Rule 5224 provides for the service of subpoenas for depositions and for the production of documents, among other things. Accordingly, to the extent the discovery is sought in aid of enforcement of the monetary portion of the judgment, leave of court is not required. 2.2. Enforcement of judgments requiring a specific act is governed by Fed. R. Civ. P. 70, which among other things provides for contempt proceedings to enforce compliance. Id. 70(e). Contempt is available also for violations of injunctions, whether mandatory or prohibitory. 2.3. In one respect, Chevron's current motion is for |

| | | contempt of a portion of the judgment that directed the performance of a specific act. In another, it contends that Donziger has violated a prohibitory portion of the judgment by virtue of its approach to one possible investor. And it seeks discovery, in part to prove up those contentions and in part to obtain evidence of any other such alleged violations. 2.4. In all the circumstances, the Court concludes that there is no need for a determination with respect to discovery with respect to enforcement of the non−monetary portions of the judgment that is so immediate that Donziger should not be afforded an opportunity respond to so much of the application as seeks discovery with respect to the alleged and possible contempts. SO ORDERED. (Show Cause Hearing set for 4/20/2018 at 04:00 PM in Courtroom 26A, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan.) (Show Cause Response due by 4/3/2018. Replies due by 4/13/2018.) (Signed by Judge Lewis A. Kaplan on 3/19/2018) (anc) Modified on 3/20/2018 (anc). (Entered: 03/19/2018) |
| 03/25/2018 | 1969 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Lewis A. Kaplan from Steven R. Donziger dated March 25, 2018. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 03/25/2018) |
| 03/26/2018 | 1970 | RESPONSE in Opposition to Motion re: 1969 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Lewis A. Kaplan from Steven R. Donziger dated March 25, 2018. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/26/2018) |
| 03/26/2018 | 1971 | ORDER granting in part and denying in part 1969 Letter Motion for Extension of Time to File Response/Reply. (Signed by Judge Lewis A. Kaplan on 3/26/2018) (Kaplan, Lewis) (Entered: 03/26/2018) |
| 03/28/2018 | 1972 | NOTICE OF APPEAL from 1962 Judgment,. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Donziger, Steven) (Entered: 03/28/2018) |
| 03/29/2018 | | Appeal Fee Due: for 1972 Notice of Appeal. Appeal fee due by 4/12/2018. (tp) (Entered: 03/29/2018) |
| 03/29/2018 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 1972 Notice of Appeal. (tp) (Entered: 03/29/2018) |
| 03/29/2018 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 1972 Notice of Appeal filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger were transmitted to the U.S. Court of Appeals. (tp) (Entered: 03/29/2018) |
| 03/29/2018 | 1973 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated March 29, 2018 re: Clarification of March 19, 2018 Order. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 03/29/2018) |
| 03/30/2018 | 1974 | MEMO ENDORSEMENT: on re: 1973 Letter filed by Chevron Corporation. ENDORSEMENT: 1. The hearing shall be May 8, 2018 at 4:30 pm in Courtroom 26A. 2. The Court will deal with any disputes with respect to discovery when, as, and if they are presented. (Show Cause Hearing set for 5/8/2018 at 4:30 PM in Courtroom 26A, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 3/30/2018) (ap) Modified on 4/2/2018 (ap). (Entered: 03/30/2018) |
| 03/30/2018 | 1975 | NOTICE OF APPEAL from 1962 Judgment,. Document filed by Hugo Gerardo Camacho Naranjo. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Donziger, Steven) (Entered: 03/30/2018) |
| 03/30/2018 | | Appeal Fee Due: for 1975 Notice of Appeal. Appeal fee due by 4/13/2018. (tp) (Entered: 04/02/2018) |
| 04/02/2018 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 1975 Notice of Appeal. (tp) (Entered: 04/02/2018) |
| 04/02/2018 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 1975 Notice of Appeal filed by Hugo Gerardo Camacho Naranjo |

| | | |
|---|---|---|
| | | were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/02/2018) |
| 04/07/2018 | 1976 | MOTION for Default Judgment as to *Non–Appearing Defendants*. Document filed by Chevron Corporation. (Attachments: # 1 Text of Proposed Order)(Mastro, Randy) (Entered: 04/07/2018) |
| 04/07/2018 | 1977 | MEMORANDUM OF LAW in Support re: 1976 MOTION for Default Judgment as to *Non–Appearing Defendants*. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/07/2018) |
| 04/07/2018 | 1978 | DECLARATION of RANDY M. MASTRO in Support re: 1976 MOTION for Default Judgment as to *Non–Appearing Defendants*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Complaint, # 2 Exhibit 2 – Clerk's Certificate, # 3 Exhibit 3 – Amended Complaint, # 4 Exhibit 4 – Meeting Minutes, # 5 Exhibit 5 – Article, # 6 Exhibit 6 – Retainer Agreement, # 7 Exhibit 7 – Email, # 8 Exhibit 8 – Witness Statement, # 9 Exhibit 9 – Witness Statement)(Mastro, Randy) (Entered: 04/07/2018) |
| 04/07/2018 | 1979 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** NOTICE of CHEVRON CORPORATION'S NOTICE REQUESTING ENTRY OF DEFAULT AGAINST DEFENDANTS PABLO FAJARDO MENDOZA, LUIS YANZA, FRENTE DE DEFENSA DE LA AMAZONIA A/K/A AMAZON DEFENSE FRONT, SELVA VIVA SELVIVA CIA, LTDA., AND THE 45 DEFAULTING LAGO AGRIO PLAINTIFFS re: 1976 MOTION for Default Judgment as to *Non–Appearing Defendants*.. Document filed by Chevron Corporation. (Attachments: # 1 Declaration of Randy M. Mastro in Support, # 2 Exhibit 1 – Complaint, # 3 Exhibit 2 – Amended Complaint)(Mastro, Randy) Modified on 4/12/2018 (km). (Entered: 04/07/2018) |
| 04/12/2018 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENTS – EVENT TYPE ERROR. Notice to Attorney Randy Mastro to RE–FILE Documents 1979 Notice (Other). Use the event type Request to Enter Default. (Filed under Other Filings, Other Documents), with the Clerk's Certificate as an attachment to the request. Please use the sample clerk's certificate that is on our website (found under forms). Then, an affidavit in support needs to be filed as a separate entry. (Filed under Other Answers, Affidavit in support of a non–motion). Once all 3 documents have been filed, the clerk's certificate needs to be brought into the court (or mailed), in hard copy, to Orders and Judgments in Room 200, so that we can issue it. (km)** (Entered: 04/12/2018) |
| 04/13/2018 | 1980 | REQUEST TO ENTER DEFAULT against Maria Aguinda Salazar, Carlos Grefa Huatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Celia Irene Viveros Cusangua, Francisco Matias Alvarado Yumbo, Francisco Alvarado Yumbo, Olga Gloria Grefa Cerda, Lorenzo Jose Alvarado Yumbo, Narcisa Aida Tanguila Narvaez, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Francisco Victor Tanguila Grefa, Rosa Teresa Chimbo Tanguila, Jose Gabriel Revelo Llore, Maria Clelia Reascos Revelo, Maria Magdalena Rodriguez Barcenes, Jose Miguel Ipiales Chicaiza, Heleodoro Pataron Guaraca, Luisa Delia Tanguila Narvaez, Lourdes Beatriz Chimbo Tanguila, Maria Hortencia Viveros Cusangua, Segundo Angel Amanta Milan, Octavio Ismael Cordova Huanca, Elias Roberto Piyahuaje Payahuaje, Daniel Carlos Lusitande Yaiguaje, Benancio Fredy Chimbo Grefa, Guillermo Vicente Payaguaje Lusitante, Delfin Leonidas Payaguaje Payaguaje, Alfredo Donaldo Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Fermin Piaguaje Payaguaje, Reinaldo Lusitande Yaiguaje, Luis Agustin Payaguaje Piaguaje, Emilio Martin Lusitande Yaiguaje, Simon Lusitande Yaiguaje, Armando Wilfrido Piaguaje Payaguaje, and Angel Justino Piaguage Lucitante . Document filed by Chevron Corporation. (Attachments: # 1 Proposed Clerk's Certificate)(Mastro, Randy) (Entered: 04/13/2018) |
| 04/13/2018 | 1981 | DECLARATION of RANDY M. MASTRO in Support re: 1980 Request to Enter Default,,,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/13/2018) |

| 04/17/2018 | | Appeal Fee Payment: for <u>1972</u> Notice of Appeal. Filing fee $ 505.00, receipt number 0208–14953943. (Donziger, Steven) (Entered: 04/17/2018) |
|---|---|---|
| 04/18/2018 | <u>1982</u> | REQUEST TO ENTER DEFAULT against Pablo Fajardo Mendoza, Luis Yanza, Frente de Defensa de la Amazoniam, Selva Viva Selviva Cia, Ltda., Maria Aguinda Salazar, Carlos Grefa Huatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Celia Irene Viveros Cusangua, Francisco Matias Alvarado Yumbo, Francisco Alvarado Yumbo, Olga Gloria Grefa Cerda, Lorenzo Jose Alvarado Yumbo, Narcisa Aida Tanguila Narvaez, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Francisco Victor Tanguilla Grefa, Rosa Teresa Chimbo Tanguila, Jose Gabriel Revelo Llore, Maria Clelia Reascos Revelo, Maria Magdalena Rodriguez Barcenes, Jose Miguel Ipiales Chicaiza, Heleodoro Pataron Guaraca, Luisa Delia Tanguila Narvaez, Lourdes Beatriz Chimbo Tanguila, Maria Hortencia Viveros Cusangua, Segundo Angel Amanta Milan, Octavio Ismael Cordova Huanca, Elias Roberto Piyahuaje Payahuaje, Daniel Carlos Lusitande Yaiguaje, Benancio Fredy Chimbo Grefa, Guillermo Vicente Payaguaje Lusitante, Delfin Leonidas Payaguaje Payaguaje, Alfredo Donaldo Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Fermin Piaguaje Payaguaje, Reinaldo Lusitande Yaiguaje, Luis Agustin Payaguaje Piaguaje, Emilio Martin Lusitande Yaiguaje, Simon Lusitande Yaiguaje, Armando Wilfrido Piaguaje Payaguaje, and Angel Justino Piaguage Lucitante . Document filed by Chevron Corporation. (Attachments: # <u>1</u> Proposed Clerk's Certificate)(Mastro, Randy) (Entered: 04/18/2018) |
| 04/18/2018 | <u>1983</u> | DECLARATION of RANDY M. MASTRO in Support re: <u>1982</u> Request to Enter Default,,,,,,. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/18/2018) |
| 04/18/2018 | <u>1984</u> | CLERK'S CERTIFICATE OF DEFAULT as to Maria Aguinda Salazar, Carlos GrefaHuatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Celia Irene Viveros Cusangua, Francisco Matias Alvarado Yumbo, Francisco Alvarado Yumbo, Olga Gloria Grefa Cerda, Lorenzo Jose Alvarado Yumbo, Narcisa Aida Tanguila Narvaez, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Francisco Victor Tanguilla Grefa, Rosa Teresa Chimbo Tanguila, Jose Gabriel Revelo Llore, Maria Clelia Reascos Revelo, Maria Magdalena Rodriguez Barcenes, Jose Miguel Ipiales Chicaiza, Heleodoro Pataron Guaraca, Luisa Delia Tanguila Narvaez, Lourdes Beatriz Chimbo Tanguila, Maria Hortencia Viveros Cusangua, Segundo Angel Amanta Milan, Octavio Ismael Cordova Huanca, Elias Roberto Piyahuaje Payahuaje, Daniel Carlos Lusitande Yaiguaje, Benancio Fredy Chimbo Grefa, Guillermo Vicente Payaguaje Lusitante, Delfin Leonidas Payaguaje Payaguaje, Alfredo Donaldo Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Fermin Piaguaje Payaguaje, Reinaldo Lusitande Yaiguaje, Luis Agustin Payaguaje Piaguaje, Emilio Martin Lusitande Yaiguaje, Simon Lusitande Yaiguaje, Armando Wilfrido Piaguaje Payaguaje, and Angel Justino Piaguage Lucitante. (km) (Entered: 04/18/2018) |
| 04/23/2018 | <u>1985</u> | DEFAULT JUDGMENT AS TO DEFAULTED DEFENDANTS: It is hereby ORDERED, ADJUDGED AND DECREED that Chevron Corporation ("Chevron") have judgment as against the Defaulted Defendants as follows: The Court hereby imposes a constructive trust for the benefit of Chevron on an property, whether personal or real, tangible or intangible, vested or contingent, that the Defaulted Defendants have received, or hereafter may receive, directly or indirectly, or to which the Defaulted Defendants now have, or hereafter obtain, any right, title or interest, directly or indirectly, that is traceable to the Judgment or the enforcement of the Judgment anywhere in the world including, without limitation, any and an stock they may hold in Amazonia. The Defaulted Defendants, and each of them, shall transfer and forthwith assign to Chevron all such property that he or she now has or hereafter may obtain; and as further set forth herein. The Defaulted Defendants are hereby enjoined and restrained from: Filing or prosecuting any action for recognition or enforcement of the Judgment or any New Judgment or seeking the seizure or attachment of assets based on the Judgment or any New Judgment, in each case in any |

|  |  | court in the United States. It is hereby further ORDERED, ADJUDGED AND DECREED, as follows: Chevron shall recover from the Defaulted Defendants, jointly and severally, the costs of this action pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920; and as further set forth herein. (Patricio Wilson Aguinda Aguinda, Francisco Matias Alvarado Yumbo, Lorenzo Jose Alvarado Yumbo, Segundo Angel Amanta Milan, Benancio Fredy Chimbo Grefa, Lourdes Beatriz Chimbo Tanguil, Rosa Teresa Chimbo Tanguila, Luis Armando Chimbo Yumbo, Octavio Ismael Cordova Huanca, Frente de Defensa De La Amazonia, Olga Gloria Grefa Cerda, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Heleodoro Pataron Guaraca, Carlos Grefa Huatatoca, Jose Miguel Ipiales Chicaiza, Daniel Carlos Lusitande Yaiguaje, Emilio Martin Lusitande Yaiguaje, Reinaldo Lusitande Yaiguaje, Pablo Fajardo Mendoza, Guillermo Vicente Payaguaje Lusitante, Alfredo Donaldo Payaguaje Payaguaje, Delfin Leonidas Payaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Luis Agustin Payaguaje Piaguaje, Angel Justino Piaguage Lucitant, Teodoro Gonzalo Piaguaje Payaguaje, Armando Wilfrido Piaguaje Payaguaje, Fermin Piaguaje Payaguaje, Elias Roberto Piyahuaje Payahuaje, Maria Clelia Reascos Revelo, Jose Gabriel Revelo Llore, Maria Magdalena Rodriguez Barcenes, Catalina Antonia Aguinda Salazar, Maria Aguinda Salazar, Selva Viva Selviva CIA, Ltda, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Luisa Delia Tanguila Narvaez, Narcisa Aida Tanguila Narvaez, Franciso Victor Tanguilla Grefa, Celia Irene Viveros Cusangua, Maria Hortencia Viveros Cusangua, Simon Lusitande Yaiguaje, Luis Yanza, Francisco Alvarado Yumbo, Patricio Alberto Chimbo Yumbo, Clide Ramiro Aguinda Aguinda and Lidia Alexandra Aguinda Aguinda terminated.) (Signed by Judge Lewis A. Kaplan on 4/23/2018) (anc) Modified on 4/25/2018 (anc). (Entered: 04/23/2018) |
| 04/24/2018 | 1986 | RESPONSE in Opposition to Motion re: 1965 MOTION for Order to Show Cause –*[Proposed] Order to Show Cause to Grant Chevron Corporation's Ex Parte Application for Discovery and a Preservation Order in Furtherance of this Court's March 4, 2014 Judgment and to Set a Hearing Date Su . Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Attachments: # 1 Exhibit 1)(Donziger, Steven) (Entered: 04/24/2018)* |
| 05/04/2018 | 1987 | REPLY MEMORANDUM OF LAW in Support re: 1965 MOTION for Order to Show Cause –*[Proposed] Order to Show Cause to Grant Chevron Corporation's Ex Parte Application for Discovery and a Preservation Order in Furtherance of this Court's March 4, 2014 Judgment and to Set a Hearing Date Su . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/04/2018)* |
| 05/04/2018 | 1988 | DECLARATION of Randy M. Mastro in Support re: 1965 MOTION for Order to Show Cause –*[Proposed] Order to Show Cause to Grant Chevron Corporation's Ex Parte Application for Discovery and a Preservation Order in Furtherance of this Court's March 4, 2014 Judgment and to Set a Hearing Date Su. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 8– Subpoenas, # 2 Exhibit 9– Objections)(Mastro, Randy) (Entered: 05/04/2018)* |
| 05/04/2018 | 1989 | MOTION to Compel Donziger to Respond to Post–Judgment Discovery Requests . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– Notice and Subpoenas, # 2 Exhibit 2– Objections and Responses, # 3 Exhibit 3– Minutes, # 4 Exhibit 4– Letter, # 5 Exhibit 5– Declaration, # 6 Exhibit 6– Letter)(Mastro, Randy) (Entered: 05/04/2018) |
| 05/07/2018 | 1990 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Lewis A. Kaplan from Steven Donziger dated May 7, 2018. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger.(Donziger, Steven) (Entered: 05/07/2018) |
| 05/07/2018 | 1991 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated May 7, 2018 re: 1990 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Lewis A. Kaplan from Steven Donziger dated May 7, 2018. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/07/2018) |
| 05/07/2018 | 1992 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** LETTER MOTION for Conference / *Request Permission to Bring Electronic Equipment into the Courtroom* addressed to Judge Lewis A. Kaplan from Anne |

| | | |
|---|---|---|
| | | Champion dated May 7, 2018. Document filed by Chevron Corporation.(Champion, Anne) Modified on 5/7/2018 (db). (Entered: 05/07/2018) |
| 05/07/2018 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Anne Marie Champion to RE–FILE Document 1992 LETTER MOTION for Conference / Request Permission to Bring Electronic Equipment into the Courtroom addressed to Judge Lewis A. Kaplan from Anne Champion dated May 7, 2018. Use the event type Letter found under the event list Other Documents. (db) (Entered: 05/07/2018) |
| 05/07/2018 | 1993 | LETTER addressed to Judge Lewis A. Kaplan from Anne Champion dated May 7, 2018 re: Request Permission to Bring Electronic Equipment into the Courtroom. Document filed by Chevron Corporation.(Champion, Anne) (Entered: 05/07/2018) |
| 05/07/2018 | 1994 | MOTION for Attorney Fees as to the Defaulted RICO Defendants. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 05/07/2018) |
| 05/07/2018 | 1995 | MEMORANDUM OF LAW in Support re: 1994 MOTION for Attorney Fees as to the Defaulted RICO Defendants. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 05/07/2018) |
| 05/08/2018 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Oral Argument held on 5/8/2018 re: 1989 MOTION to Compel Donziger to Respond to Post–Judgment Discovery Requests . filed by Chevron Corporation, 1990 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Lewis A. Kaplan from Steven Donziger dated May 7, 2018. filed by Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger, Steven Donziger, ( Oral Argument set for 5/15/2018 at 04:30 PM in Courtroom 21B, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan.). The extension requested in DI 1990 was granted by oral order of the Court. (Court Reporter Kristen Carannante and Raquel Robles) (Mohan, Andrew) (Entered: 05/09/2018) |
| 05/09/2018 | 1996 | LETTER MOTION to Adjourn Conference – request to adjourn the Motion to Compel hearing addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated May 9, 2018. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 05/09/2018) |
| 05/09/2018 | 1997 | LETTER addressed to Judge Lewis A. Kaplan from Herbert J. Stern, Esq. dated May 9, 2018 re: Dkt. 1996 LETTER MOTION to Adjourn Conference. Document filed by Chevron Corporation.(Stern, Herbert) (Entered: 05/09/2018) |
| 05/09/2018 | 1998 | NOTICE of re Transfer of Shares and Availability on May 21. Document filed by Steven Donziger, Donziger & Associates, PLLC, The Law Offices of Steven R. Donziger. (Donziger, Steven) (Entered: 05/09/2018) |
| 05/09/2018 | 1999 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated May 9, 2018 re: response to Mr. Donziger's letter of May 9, 2018 (Dkt. No. 1998). Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 05/09/2018) |
| 05/10/2018 | 2000 | LETTER addressed to Judge Lewis A. Kaplan from Steven Donziger dated May 10, 2018 re: Second/affirmed notice of execution of Share Transfer Form. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 05/10/2018) |
| 05/10/2018 | 2001 | ORDER granting 1996 Letter Motion to Adjourn Conference. Application granted. The 5/15/18 appearance is adjourned until Monday, 5/21/2018 at 3:00 pm in courtroom 21B. So Ordered. (Oral Argument set for 5/21/2018 at 03:00 PM in Courtroom 21B, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 5/10/2018) (anc) (Entered: 05/10/2018) |
| 05/10/2018 | 2002 | RESPONSE in Opposition to Motion re: 1989 MOTION to Compel Donziger to Respond to Post–Judgment Discovery Requests . . Document filed by Steven Donziger, Donziger & Associates, PLLC. (Donziger, Steven) (Entered: 05/10/2018) |
| 05/11/2018 | 2003 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated May 10, 2018 re: response to Mr. Donziger's letter of May 10, 2018 (Dkt. No. 2000). Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Transcript |

| | | Excerpts, # 2 Exhibit B – Email, # 3 Exhibit C – Addendum, # 4 Exhibit D – Transcript Excerpt)(Mastro, Randy) (Entered: 05/11/2018) |
|---|---|---|
| 05/14/2018 | 2004 | REPLY MEMORANDUM OF LAW in Support re: 1989 MOTION to Compel Donziger to Respond to Post–Judgment Discovery Requests . . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 7 – Transcript Excerpts, # 2 Exhibit 8 – Retainer Agreement, # 3 Exhibit 9 – Bank Records)(Mastro, Randy) (Entered: 05/14/2018) |
| 05/16/2018 | 2005 | LETTER addressed to Judge Lewis A. Kaplan from Steven Donziger dated May 16, 2018 re: Clarification regarding new points in Chevron's reply. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 05/16/2018) |
| 05/16/2018 | 2006 | MEMORANDUM OPINION. Chevron's motion [DI 1968] is disposed of in part as follows: So much of the motion as seeks a civil contempt adjudication based on violation of paragraph 3 of the judgment is denied without prejudice to further proceedings as indicated above. So much of the motion as seeks leave to conduct discovery with respect to Donziger's compliance with the Judgment is granted save that the timing of such discovery will be resolved by subsequent order. Decision on so much of the motion as seeks a civil contempt adjudication based on alleged violation of paragraph 5 of the judgment relating to the Elliott events is reserved pending a hearing. The hearing will commence on May 22, 2018 at 9:30 a.m. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/16/2018) (anc) (Entered: 05/16/2018) |
| 05/16/2018 | | Set/Reset Hearings: Status Conference set for 5/22/2018 at 09:30 AM before Judge Lewis A. Kaplan. (anc) (Entered: 05/16/2018) |
| 05/16/2018 | 2007 | MEMO ENDORSEMENT on re: 2005 Letter filed by Donziger & Associates, PLLC, Steven Donziger. ENDORSEMENT: Mr. Donziger is free to proceed, or not to proceed with "the process" to which he refers, as he sees fit. The Court declines his invitation to advise as to the effect of the posting of a supersedeas bond, should that occur. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/16/2018) (anc) (Entered: 05/16/2018) |
| 05/16/2018 | 2008 | LETTER addressed to Judge Lewis A. Kaplan from Anne Champion dated May 16, 2018 re: permission to bring electronic devices into the courtroom. Document filed by Chevron Corporation.(Champion, Anne) (Entered: 05/16/2018) |
| 05/17/2018 | 2009 | ORDER ON MOTION TO COMPEL POST–JUDGMENT DISCOVERY granting 1989 Motion to Compel. Accordingly, execution on the judgment is not stayed. Discovery is entirely appropriate; and as further set forth herein. Chevron's motion [DI 1989] to compel Donziger to comply is granted to the following extent. The Donziger Defendants, on or before June 15, 2018, shall comply fully with all of the Money Judgment Discovery Requests, as modified by this order, that are contained in Chevron's First Set of Requests for Production of Documents in Aid of the Supplemental Judgment ("the "RFP"). Full compliance includes, but is not limited to, production of all responsive documents within their possession, custody or control. The Donziger Defendants, on or before June 15, 2018, shall answer fully all of the Money Judgment Discovery Requests, as modified by this order, that are contained in Chevron's First Information Subpoena in Aid of the Supplemental Judgment (the "Information Subpoena"). Full compliance includes, but is not limited to, production of all responsive documents within their possession, custody or control. Donziger shall appear for and testify pursuant to Chevron's Subpoena ad testificandum. The deposition pursuant to the AT Subpoena shall commence on a date mutually agreed by the parties or, if no agreement is reached, on May 29, 2018 and, if complete responses to the RFP and the Information Subpoena, both as modified, have not been furnished before that date, may be adjourned until after that occurs. Any such adjourned date shall be fixed by mutual agreement of the parties or, if no agreement is reached, by the Court. The Court defers decision with respect to the Paragraph 5 Compliance Discovery. The oral argument previously set for May 21, 2018 is cancelled. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/17/2018) (anc) Modified on 5/18/2018 (anc). (Entered: 05/17/2018) |
| 05/17/2018 | | Set/Reset Deadlines: Deposition due by 5/29/2018. (anc) (Entered: 05/17/2018) |

| | | |
|---|---|---|
| 05/17/2018 | <u>2010</u> | TRANSCRIPT of Proceedings re: CORRECTED TRANSCRIPT held on 5/8/2018 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Kristen Carannante, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/7/2018. Redacted Transcript Deadline set for 6/18/2018. Release of Transcript Restriction set for 8/15/2018.(McGuirk, Kelly) (Entered: 05/17/2018) |
| 05/17/2018 | <u>2011</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CORRECTED TRANCRIPT proceeding held on 5/8/18 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 05/17/2018) |
| 05/18/2018 | <u>2012</u> | LETTER MOTION to Adjourn Conference *∕ Evidentiary Hearing set for May 22, 2018* addressed to Judge Lewis A. Kaplan from Steven Donziger dated May 18, 2018. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 05/18/2018) |
| 05/21/2018 | <u>2013</u> | ORDER granting <u>2012</u> Letter Motion to Adjourn Conference. Without expressing any views as to the merit of any of these arguments and extensions, the application is granted to the extent that the hearing is adjourned until June 27, 2018 at 9:30 a.m. Chevron shall file a list of witnesses it plans to call no later than June 13, 2018. Mr. Donziger shall file a list of witnesses he plans to call no later than June 18, 2018. The Court anticipates a hearing lasting one day or less. If either party anticipates that more time will be desired, it shall advise the Court in writing no later than June 18, 2018. SO ORDERED. (Status Conference set for 6/27/2018 at 09:30 AM before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 5/21/2018) (anc) (Entered: 05/21/2018) |
| 05/22/2018 | <u>2014</u> | MANDATE of USCA (Certified Copy) as to <u>1975</u> Notice of Appeal filed by Hugo Gerardo Camacho Naranjo. USCA Case Number 18–904. Ordered that the appeal is DISMISSED for failure to pay filing fee.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 05/22/2018. (nd) (Entered: 05/22/2018) |
| 05/24/2018 | <u>2015</u> | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated May 24, 2018 re: re Canadian appellate decision. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Attachment – Decision)(Mastro, Randy) (Entered: 05/24/2018) |
| 05/25/2018 | <u>2016</u> | LETTER MOTION to Adjourn Conference *and request for date certain for Donzinger to respond to judgment compliance discovery requests* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated May 25, 2018. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 05/25/2018) |
| 05/29/2018 | <u>2017</u> | ORDER granting in part <u>2016</u> Letter Motion to Adjourn Conference. Plaintiff's letter motion of May 25, 2018 [DI 2016] is granted to the extent that the hearing is rescheduled to June 28, 2018 at 9:30 a.m. Decision is reserved with respect to the request that Donziger be required to respond by June 15, 2018 to the Paragraph 5 Compliance Discovery as that term is defined in the Court's prior order. The Court is considering whether to grant that request insofar as the Paragraph 5 Compliance Discovery requests seek information concerning Elliott Management Corporation or the approach to or negotiations with it. Any papers in response to that part of plaintiff's request, as limited by the preceding sentence, shall be filed no later than May 30, 2018. SO ORDERED. (Status Conference set for 6/28/2018 at 09:30 AM before Judge Lewis A. Kaplan.)(Signed by Judge Lewis A. Kaplan on 5/29/2018) (anc) Modified on 5/31/2018 (anc). (Entered: 05/30/2018) |
| 05/31/2018 | <u>2018</u> | MOTION for Declaratory Judgment ., MOTION to Dismiss .( Responses due by 6/14/2018) Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 05/31/2018) |
| 06/01/2018 | <u>2019</u> | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 1, 2018 re: <u>2018</u> MOTION for Declaratory Judgment . MOTION to Dismiss . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/01/2018) |

| | | |
|---|---|---|
| 06/01/2018 | <u>2020</u> | ORDER (Signed by Judge Lewis A. Kaplan on 6/1/2018) (Kaplan, Lewis) (Entered: 06/01/2018) |
| 06/08/2018 | <u>2021</u> | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 8, 2018 re: Third Party Discovery. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 06/08/2018) |
| 06/11/2018 | <u>2022</u> | MEMO ENDORSEMENT on re: <u>2021</u> LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 8, 2018 re: Third Party Discovery. Document filed by Chevron Corporation. ENDORSEMENT: Granted. The order applies to discovery against non–party witnesses. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/11/2018). (rjm) (Entered: 06/11/2018) |
| 06/13/2018 | <u>2023</u> | NOTICE of Witnesses to be called at the Evidentiary Hearing of June 28, 2018. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/13/2018) |
| 06/14/2018 | <u>2024</u> | MEMORANDUM OF LAW in Opposition re: <u>2018</u> MOTION for Declaratory Judgment . MOTION to Dismiss . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/14/2018) |
| 06/15/2018 | <u>2025</u> | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 15, 2018 re: June 13, 2018 Letter from Ms. Sullivan and Streamline Family Office, Inc.. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 1– Letter)(Mastro, Randy) (Entered: 06/15/2018) |
| 06/15/2018 | <u>2026</u> | MOTION for Protective Order *to Protect First Amendment Rights*. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 06/15/2018) |
| 06/19/2018 | <u>2027</u> | ORDER WITH RESPECT TO CERTAIN PRE–HEARING DISCOVERY denying <u>2026</u> Motion for Protective Order. Having considered all the submissions, it is hereby ORDERED as follows: 1. Ms. Sullivan and her company, without further delay, shall produce all requested documents and information concerning: (a) the attempt to obtain funds from Elliott Management Company ("Elliott"), any affiliates of Elliot, and/or any funds managed by Elliott or its affiliates, (b) Donziger's assets, liabilities and financial situation, and (c) any payments to Donziger, past or anticipated, out of proceeds of financing granted in whole or in part in exchange for any portion of any future collections on the Ecuadorian judgment. 2. Ms. Sullivan, individually and as representative of her company, shall appear for and testify at a deposition with respect to the foregoing subjects on a date mutually agreed by by her and the parties to this case or, if the parties cannot agree, on June 26, 2018. 3. The Court continues to reserve decision on further Paragraph 5 Compliance Discovery and any other requested discovery as to which it has not yet ruled, including a possible deposition of Ms. Sullivan and her company on matters in addition to the subjects described in paragraph 1 of this order, until after the June 28, 2018 hearing. 4. The application for a protective order is denied. (Signed by Judge Lewis A. Kaplan on 6/19/2018) (mro) (Entered: 06/19/2018) |
| 06/19/2018 | <u>2028</u> | EMERGENCY MOTION to Stay re: <u>2027</u> Order on Motion for Protective Order,,,,, . Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 06/19/2018) |
| 06/20/2018 | <u>2029</u> | RESPONSE in Opposition to Motion re: <u>2026</u> MOTION for Protective Order *to Protect First Amendment Rights. Letter–Response in Opposition*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/20/2018) |
| 06/21/2018 | <u>2030</u> | STIPULATION: NOW, THEREFORE, IT IS STIPULATED by and between, Chevron, Donziger, and the Donziger Defendants, that Donziger may produce responsive documents that he contends are privileged and/or work product to Chevron pursuant to this stipulation and Chevron shall not argue that such disclosure constitutes a subject matter waiver of any privilege or protection pursuant to Rule 502(d) of the Federal Rules of Evidence; and IT IS FURTHER STIPULATED that, Chevron will identify which of the produced documents and responses it intends to use, and that Donziger and the Donziger Defendants have seven (7) days to either acknowledge that they are not privileged and/or assert any applicable privilege; and as further set forth herein. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/21/2018) (anc) Modified on 6/26/2018 (anc). (Entered: 06/21/2018) |

| 06/21/2018 | 2031 | LETTER addressed to Judge Lewis A. Kaplan from Frank A. Libby, Jr. dated 6/13/2018 re: I write for two principal reasons: First, to notify the Court as to Ms. Sullivan's understanding of the scope of discovery obligations now incumbent upon her, as a function of (1) the Court's June 11, 2018 Memorandum Endorsement Order, granting Chevron's request for "clarification" as to third–party discovery and, by reference thereto (2) the Court's June 1, 2018 "Order with Respect to Discovery For Scheduled Hearing" (Dkt. 2020), issued to the Donziger Defendants. (anc) (Entered: 06/21/2018) |
|---|---|---|
| 06/21/2018 | 2032 | RESPONSE in Support of Motion re: 2018 MOTION for Declaratory Judgment . MOTION to Dismiss . . Document filed by Steven Donziger, Donziger & Associates, PLLC. (Donziger, Steven) (Entered: 06/21/2018) |
| 06/22/2018 | 2033 | LETTER addressed to Judge Lewis A. Kaplan from Anne Champion dated June 22, 2018 re: request for use of electronic devices in the courtroom. Document filed by Chevron Corporation.(Champion, Anne) (Entered: 06/22/2018) |
| 06/22/2018 | 2034 | LETTER addressed to Judge Lewis A. Kaplan from Steven Donziger dated June 22, 2018 re: Reply iso Motion for Protective Order and Construing Motion as Motion for Preliminary Injunction. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 06/22/2018) |
| 06/24/2018 | 2035 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 24, 2018 re: Amazonia Share Transfer. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit Email Exchange with Attachments)(Mastro, Randy) (Entered: 06/24/2018) |
| 06/25/2018 | 2036 | MEMO ENDORSEMENT on re: 2035 Letter filed by Chevron Corporation. ENDORSEMENT: The Federal Rules of Civil Procedure and the rules of this Court require that applications for relief be made by motion. Except in the case of motions that specifically may be made by letter, every motion is to be made by notice of motion or order to show cause and to be accompanied by a memorandum of law and, where the movant relies on factual information or portions of the record, supporting affidavits or declarations. S.D.N.Y. Civ. R. 7.1(a). Similar papers are required in oppositions to motions. Id. 7.1(b). The parties to this case with disturbing frequency have not complied with these rules, which places an unnecessary burden on the Court and, on occasion, adverse counsel. This letter seeks relief in the form of an order of the Court. It is not among the applications permitted to be made by letter motion. S.D.N.Y. ECF Rules & Instructions Rule 13.1. Accordingly, the relief is denied without prejudice to the filing of a motion that complies with S.D.N.Y. Civ. R. 7.1. (Signed by Judge Lewis A. Kaplan on 6/25/2018) (mro) (Entered: 06/25/2018) |
| 06/25/2018 | 2037 | ORDER denying 2018 Motion for Declaratory Judgment; denying 2018 Motion to Dismiss; denying 2028 Letter Motion to Stay. Defendant Donziger's motions for a declaratory judgment and other relief [DI 2018], for a protective order [DI 2026], and for an "emergency administrative stay" [DI 2028] all are denied. An opinion will be filed promptly. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/25/2018) (mml) (Entered: 06/25/2018) |
| 06/26/2018 | 2038 | MANDATE of USCA (Certified Copy) as to 465 Notice of Appeal filed by Patton Boggs LLP, 466 Notice of Appeal, filed by Javier Piaguaje Payaguaje, Hugo Gerardo Camacho Naranjo. USCA Case Number 12–1959 (L), 12–1960 (Con.). By order dated June 4, 2018, the parties were directed to show cause why these appeals should not be dismissed with prejudice. Appellee Chevron responded, renewing its request for dismissal of the appeals. Appellant Patton Boggs LLP, now known as Squire Patton Boggs LLP, responded stating that it has no objection to the dismissal of the appeals with prejudice. Counsel for the firm also represented that it had forwarded the June 4, 2018 order to several counsel for Appellants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje. To date the individual appellants have not filed a response to the order. IT IS HEREBY ORDERED that the appeals are dismissed with prejudice.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 06/26/2018. (nd) (Entered: 06/26/2018) |
| 06/26/2018 | 2039 | LETTER MOTION to Continue *June 28 Hearing* addressed to Judge Lewis A. Kaplan from Steven Donziger dated June 26, 2018. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 06/26/2018) |

| 06/27/2018 | 2040 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 27, 2018 re: 2039 LETTER MOTION to Continue *June 28 Hearing* addressed to Judge Lewis A. Kaplan from Steven Donziger dated June 26, 2018. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/27/2018) |
|---|---|---|
| 06/27/2018 | 2041 | LETTER addressed to Judge Lewis A. Kaplan from Herbert J. Stern dated June 27, 2018 re: the mode of direct testimony by Lee Grinberg at the June 28, 2018 Evidentiary Hearing. Document filed by Chevron Corporation.(Stern, Herbert) (Entered: 06/27/2018) |
| 06/27/2018 | 2042 | LETTER RESPONSE in Support of Motion addressed to Judge Lewis A. Kaplan from Steven Donziger dated June 27, 2018 re: 2039 LETTER MOTION to Continue *June 28 Hearing* addressed to Judge Lewis A. Kaplan from Steven Donziger dated June 26, 2018. . Document filed by Steven Donziger, Donziger & Associates, PLLC. (Donziger, Steven) (Entered: 06/27/2018) |
| 06/27/2018 | 2043 | MEMO ENDORSEMENT on re: 2041 Letter filed by Chevron Corporation. ENDORSEMENT: The direct examination shall be addressed orally. (Signed by Judge Lewis A. Kaplan on 6/27/2018) (mro) (Entered: 06/27/2018) |
| 06/27/2018 | 2044 | ORDER denying 2039 Letter Motion to Continue. Defendant Donziger's letter motion, filed last night, for a continuance of the hearing scheduled to take place tomorrow is denied. His arguments are unpersuasive. 1. He complains that he learned a few days ago that Ms. Sullivan recently produced documents to Chevron and that he now needs more time to review them in order to prepare for the hearing. The fact of the production could have come as no surprise, as he was well aware that this Court on June 19 ordered Ms. Sullivan to produce a subset of the documents Chevron had subpoenaed "without further delay." Moreover, that document production was not made under the pretrial discovery provisions of the Federal Rules of Civil Procedure. It was made pursuant to a subpoena under NY CPLR Article 52, which governs here pursuant to Fed. R. Civ. P. 69 and which does not require notice to judgment debtors like Donziger of subpoenas issued in judgment enforcement proceedings such as this. E.g., Kerr v. John Thomas Fin., No. 14–cv–9168 (KBF) (HBP), slip op. (DI 144), at 3–5 (S.D.N.Y. Oct. 7, 2016)(Pitman, M.J.);ITT Commercial Fin. Corp. v. Bailey, 166 M.2d 24, 25,631 N.Y.S. 2d 225 (Sup. Ct. Chaut. Cty. 1995); Salvan v. Lewis, 50 M.2d 122 (table), 2015 WL 9906076, at *2 (Civ. Ct. N.Y. Co. 2015); 9B CARMODY–WAIT2DNEWYORKPRACTICEWITHFORMS § 64:329 (2018) (judgment debtor not entitled to notice of examination of third persons). Despite the fact that he was not entitled to notice of the subpoena nor to receive copies of the documents produced, he received both as a matter of courtesy. And since he was not entitled to receive the documents at all, the fact that he was questioned at his deposition about some of them is of no moment. Witnesses are questioned about documents they have not been shown in advance in many of cases. Finally, as the scope of the production that the Court ordered was limited to the attempt to obtain funds from Elliott, Donziger's personal finances, and payments to Donziger out of funds obtained in whole or in part in exchange for any portions of future collections on the Ecuadorian judgment–all matters well within his personal knowledge–the claim that he needs more time to prepare rings hollow. 2. Hollow too is Donziger's claim the Sullivan document production, without Sullivan affording him an opportunity to review the documents in advance, prevented him from asserting privilege and work product claims. As Chevron notes, Donziger has had copies of the subpoenas served on Ms. Sullivan for more than two months. And although he sought a protective order on other grounds with respect to certain of the disclosure sought by those subpoenas [DI 2026], privilege and work product were not among the grounds he asserted. Moreover, it bears mention that the filing of the protective order motion, even if it had asserted privilege, would not have stayed disclosure as Donziger never obtained a court order to that effect. See Pioche v. Mines Consol., Inc., v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964) ("[U]nless [the party] has obtained a court order that postpones or dispenses with his duty to appear, that duty remains."); see also Albert v. Starbucks Coffee Co, 213 F. App'x 1, 1(D.C. Cir. 2007); Kingv. Fidelity Bank of Baton Rouge, 712 F.2d 188, 191(5th Cir. 1983); Fed. Aviation Admin. v. Landy, 705 F.2d 624, 634–35 (2d Cir. 1983). Thus, his assertion that he advised Ms. Sullivan's counsel that "any production by her was subject to [his] pending motions for declaratory relief and for a protective order" [DI 2039, at 2] was either devoid of meaning or, if it was intended to mean that Ms. Sullivan was precluded from |

| | | |
|---|---|---|
| | | producing documents until those motions were decided, simply incorrect. To the contrary, as Donziger well knew, Ms.Sullivan was subject to this Court's June 19 order, which required her to produce the documents within its ambit "without further delay." It was not within Donziger's power to suspend the effect of that order simply by moving for a protective order. 3. There is one point in Donziger's letter that may have some merit–the assertion that he was not notified of the occurrence of the Sullivan deposition and therefore was deprived of the ability to attend and object to questions asked of her. Of course, all the Court has on the claim of lack of notice is Donziger's unsworn assertion. It remains to be seen what may be said on the other side of that issue. Passing the question of whether Danziger did or did not have notice of the deposition, the fact remains that, as a matter of the New York law that applies here, he had no right to such notice. He therefore cannot credibly claim any cognizable prejudice simply because Ms. Sullivan was deposed in his absence. That said, however, this Court's June 19, 2018 order, which directed Ms. Sullivan to sit for a deposition on or before June 26, contemplated the possible use of her deposition testimony at the hearing. It assumed that Danziger would be permitted to participate, regardless of whether he had a right to notice or to do so. That is why the order required the deposition to take place on a date to be agreed by the parties or, if they could not agree, on June 26. Accordingly, if Danziger lacked notice of the deposition date or did not agree with it, and if Chevron seeks to offer any part of the deposition as evidence at the hearing, the Court will consider any objection to any portion of it that may be offered. I have considered Donziger's remaining arguments and concluded that they are without merit. The letter motion for a continuance of the hearing [DI 2039] is denied. (Signed by Judge Lewis A. Kaplan on 6/27/2018) (mro) (Entered: 06/27/2018) |
| 06/27/2018 | 2045 | MEMORANDUM OPINION ON DONZIGER'S MOTIONS FOR DECLARATORY JUDGMENT AND DISMISSAL, FOR A PROTECTIVE ORDER AND FOR A STAY: For the foregoing reasons, Donziger's motions for a declaratory judgment and other relief [DI 2018], for a protective order [DI 2026], and for "an emergency administrative stay" [DI 2028] all were denied. (Signed by Judge Lewis A. Kaplan on 6/27/2018) (mro) (Entered: 06/27/2018) |
| 06/27/2018 | 2046 | MOTION to Compel Donziger to execute an unqualified transfer of Amazonia shares and a Transfer and Assignment of Judgment Interests . Document filed by Chevron Corporation. (Attachments: # 1 Text of Proposed Order)(Mastro, Randy) (Entered: 06/27/2018) |
| 06/27/2018 | 2047 | MEMORANDUM OF LAW in Support re: 2046 MOTION to Compel Donziger to execute an unqualified transfer of Amazonia shares and a Transfer and Assignment of Judgment Interests . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/27/2018) |
| 06/28/2018 | 2048 | DECLARATION of Anne Champion in Support re: 2046 MOTION to Compel Donziger to execute an unqualified transfer of Amazonia shares and a Transfer and Assignment of Judgment Interests .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– 6/22/18 Email Chain, # 2 Exhibit 2– Share Transfer Form, # 3 Exhibit 3– Transfer and Assignment of Judgment Interests, # 4 Exhibit 4– 6/25/18 Donziger Deposition Excerpts, # 5 Exhibit 5– 6/25/18 Champion Email, # 6 Exhibit 6– 6/27/18 Email Chain)(Champion, Anne) (Entered: 06/28/2018) |
| 06/28/2018 | 2049 | **FILING ERROR – NO ORDER/JUDGMENT SELECTED FOR APPEAL –** SECOND NOTICE OF APPEAL. Document filed by Steven Donziger, Donziger & Associates, PLLC. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Donziger, Steven) Modified on 6/28/2018 (nd). (Entered: 06/28/2018) |
| 06/28/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Donziger, Steven to RE–FILE Document No. 2049 Notice of Appeal.. The filing is deficient for the following reason(s): the wrong event type was used to file the appeal;. Re–file the appeal using the event type Corrected Notice of Appeal found under the event list Appeal Documents – attach the correct signed PDF – select the correct named filer/filers – select the correct order/judgment being appealed. (nd)** (Entered: 06/28/2018) |

| 06/28/2018 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Evidentiary Hearing held on 6/28/2018 concerning DI# 1968. Decision reserved. (Court Reporter Jerry Harrison) (Mohan, Andrew) (Entered: 06/28/2018) |
|---|---|---|
| 07/05/2018 | | ABSTRACT OF JUDGMENT; in favor Chevron Corporation and against Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Hugo Geraardo Camacho Naranjo and Javier Piaguaje Payaguaje in the amount of $813,602.71, issued on July 5, 2018. (dt) (Entered: 07/05/2018) |
| 07/05/2018 | 2050 | LETTER MOTION for Leave to File further briefing addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated July 5, 2018. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Power of Attorney, # 2 Exhibit B – Transcript, # 3 Exhibit C – Power of Attorney)(Mastro, Randy) (Entered: 07/05/2018) |
| 07/09/2018 | 2051 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Steven Donziger dated July 9, 2018 re: 2050 LETTER MOTION for Leave to File further briefing addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated July 5, 2018. . Document filed by Steven Donziger, Donziger & Associates, PLLC. (Donziger, Steven) (Entered: 07/09/2018) |
| 07/10/2018 | 2052 | ORDER granting 2050 Letter Motion for Leave to File Document. Chevron's motion is granted. Any further submission shall be filed no later than July 24, 2018. Should Danziger wish to respond, he may do so provided his response is filed no later than August 7, 2018. Any reply shall be filed no later than August 14, 2018. Memoranda by either side shall be double spaced and shall not exceed 12 pages. Any further evidentiary material shall be submitted in the form of double spaced affidavits or declarations to which appropriate exhibits may be attached. The Court will reject any papers that do not conform to these requirements. (Signed by Judge Lewis A. Kaplan on 7/10/2018) (kgo) (Entered: 07/10/2018) |
| 07/10/2018 | | Set/Reset Deadlines: Responses due by 8/7/2018 Replies due by 8/14/2018. (kgo) (Entered: 07/10/2018) |
| 07/11/2018 | 2053 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated July 11, 2018 re: suspenison of Steven R. Donziger. Document filed by Chevron Corporation. (Attachments: # 1 Attachment A – Decision, # 2 Attachment B – Statement)(Mastro, Randy) (Entered: 07/11/2018) |
| 07/12/2018 | 2054 | RESPONSE in Opposition to Motion re: 2046 MOTION to Compel Donziger to execute an unqualified transfer of Amazonia shares and a Transfer and Assignment of Judgment Interests . . Document filed by Steven Donziger, Donziger & Associates, PLLC. (Donziger, Steven) (Entered: 07/12/2018) |
| 07/18/2018 | 2055 | REPLY MEMORANDUM OF LAW in Support re: 2046 MOTION to Compel Donziger to execute an unqualified transfer of Amazonia shares and a Transfer and Assignment of Judgment Interests . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 07/18/2018) |
| 07/23/2018 | 2056 | MEMORANDUM AND ORDER: Accordingly, each of Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger and Associates PLLC, on or before August 15, 2018, shall l. Produce to Chevron each document and thing within its possession, custody or control that is described by Requests 18, 21, 22 and 29 of Chevron's request for production of documents, and 2. Serve on Chevron full and complete answers by it to paragraphs 21 through 25 of Chevron's information subpoena. In addition, Chevron is now free to conduct discovery against non–parties with respect to Donziger's compliance or non–compliance with the judgment. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/23/2018) (anc) (Entered: 07/23/2018) |
| 07/24/2018 | 2057 | MEMORANDUM OF LAW in Support re: 2050 LETTER MOTION for Leave to File further briefing addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated July 5, 2018. *CHEVRON CORPORATION'S SUPPLEMENTAL BRIEF REGARDING THE CONTEMPT IMPLICATIONS OF DONZIGER'S RETENTION AGREEMENTS AND OTHER AGREEMENTS AMONG ENTITIES WITH INTERESTS IN THE ECUADORIAN JUDGMENT.* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 07/24/2018) |

| 07/24/2018 | 2058 | DECLARATION of ANNE CHAMPION in Support re: 2050 LETTER MOTION for Leave to File further briefing addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated July 5, 2018.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Email, # 2 Exhibit 2 – Retainer Agreement, # 3 Exhibit 3 – Memorandum, # 4 Exhibit 4 – Subscription Deed, # 5 Exhibit 5 – Articles of Incorporation, # 6 Exhibit 6 – Durable Power of Attorney, # 7 Exhibit 7 – Settlement Agreement, # 8 Exhibit 8 – Settlement Agreement, # 9 Exhibit 9 – Deposition Excerpts, # 10 Exhibit 10 – Hearing Excerpts, # 11 Exhibit 11 – Handwritten Notes, # 12 Exhibit 12 – Handwritten Notes, # 13 Exhibit 13 – Shareholders Agreement, # 14 Exhibit 14 – Email)(Mastro, Randy) (Entered: 07/24/2018) |
|---|---|---|
| 07/24/2018 | 2059 | DECLARATION of JOHN SLAVEK in Support re: 2050 LETTER MOTION for Leave to File further briefing addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated July 5, 2018.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Distribution Analysis, # 2 Exhibit B – Distribution Analysis, # 3 Exhibit C – Distribution Analysis, # 4 Exhibit D – Summary of Deposits)(Mastro, Randy) (Entered: 07/24/2018) |
| 07/26/2018 | 2060 | NOTICE OF APPEAL from 2037 Order on Motion for Declaratory Judgment, Order on Motion to Dismiss, Order on Motion to Stay,,, 2045 Memorandum & Opinion, 2056 Order,.. Document filed by Steven Donziger. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Donziger, Steven) (Entered: 07/26/2018) |
| 07/26/2018 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 2060 Notice of Appeal. (tp) (Entered: 07/26/2018) |
| 07/26/2018 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 2060 Notice of Appeal, filed by Steven Donziger were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/26/2018) |
| 08/03/2018 | 2061 | COUNTER BRIEF re: 2057 Memorandum of Law in Support of Motion, . Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 08/03/2018) |
| 08/07/2018 | 2062 | TRANSCRIPT of Proceedings re: conference held on 6/28/2018 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Jerry Harrison, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/28/2018. Redacted Transcript Deadline set for 9/7/2018. Release of Transcript Restriction set for 11/5/2018.(McGuirk, Kelly) (Entered: 08/07/2018) |
| 08/07/2018 | 2063 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 6/28/18 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 08/07/2018) |
| 08/07/2018 | 2064 | ORDER. The Court will not consider Chevron's claim of a violation of paragraph 1 of the Judgment in ruling on the pending motion, the only portion of which that remains for decision is that relating to paragraph 5. Chevron is at liberty to file a new motion charging contempt of paragraph 1. As far as Donziger is concerned, this is not the first time that he has disregarded specific admonitions of the Court to confo1m to local rules, orders, and otherwise to submit papers in proper form. In this instance, he specifically was told that" [a]ny further evidentiary material shall be submitted in the form of double spaced affidavits or declarations to which appropriate exhibits may be attached" and that "[t]he Court will reject any papers that do not conform to these requirements." Accordingly, the Court will not consider any of the factual assertions in his most recent filing. Should he wish to file an affidavit or declaration, he may do so provided it is filed on or before August 14, 2018. The time within which Chevron may reply is extended to and including August 21, 2018 to permit it to take into account this ruling and, if Donziger files an affidavit or declaration, any such filing. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 8/7/2018) (rjm) (Entered: 08/07/2018) |

| 08/11/2018 | | Appeal Fee Payment: for 2060 Notice of Appeal,. Filing fee $ 505.00, receipt number 0208−15438589. (Donziger, Steven) (Entered: 08/11/2018) |
|---|---|---|
| 08/13/2018 | 2065 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated August 13, 2018 re: Response to August 9, 2018 Letter Application of Frank Libby. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Mastro, Randy) (Entered: 08/13/2018) |
| 08/13/2018 | 2066 | LETTER MOTION to Seal Document 2065 Letter, *[2065−3] Exhibit 3, and [2065−7] Exhibit 7* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated August 13, 2018. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 08/13/2018) |
| 08/13/2018 | 2067 | MOTION to Stay *Discovery Pending Appeal*. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 08/13/2018) |
| 08/14/2018 | 2068 | AMENDED BRIEF re: 2064 Order,,,,, *Opposition and Declaration*. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 08/14/2018) |
| 08/14/2018 | 2069 | ORDER granting 2066 Motion to Seal Document. (Signed by Judge Lewis A. Kaplan on 8/14/2018) (Kaplan, Lewis) (Entered: 08/14/2018) |
| 08/14/2018 | 2070 | SEALED DOCUMENT placed in vault.(rz) (Entered: 08/14/2018) |
| 08/14/2018 | 2071 | MEMORANDUM OF LAW in Opposition re: 2067 MOTION to Stay *Discovery Pending Appeal*. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/14/2018) |
| 08/15/2018 | 2072 | MEMORANDUM AND ORDER granting in part and denying in part 2046 Motion to Compel. Accordingly, Chevron's motion [DI 2046] is granted to the extent that Steven Donziger shall execute, acknowledge before a notary public, and deliver to Chevron's counsel of record in this case, on or before August 21, 2018, the following documents: A transfer document for the Amazonia shares in the form annexed as Exhibit 2 to the declaration of Anne Champion [DI 2048−2] (save that the correct date shall be included in the executed document rather than" June 2018"). A transfer and assignment in the form annexed to this order as Exhibit 1. Donziger shall not qualify, affix or add anything to either document except that he shall (a) sign his name where his signature is required and (b) procure certificates of notaries public to Donziger's acknowledgements as required. Chevron's motion is denied in all other respects. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 8/14/2018) (anc) (Entered: 08/15/2018) |
| 08/16/2018 | 2073 | SECOND MOTION to Compel Steven Donziger to Respond to Post−Judgment Discovery Responses . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Text of Proposed Order Exhibit 10)(Mastro, Randy) (Entered: 08/16/2018) |
| 08/20/2018 | 2074 | MEMORANDUM AND ORDER DENYING SULLIVAN MOTION FOR A PROTECTIVE ORDER: The Court declines to comment on Mr. Libby's exposition as to Ms. Sullivan's understanding of the Court's order beyond this: As a result of the Federal Rules of Civil Procedure, the New York Civil Practice Law and Rules, and the various orders of this Court, Chevron now is free to conduct discovery against parties and non− parties alike with respect to (a) all matters relevant to the enforcement and collection of the monetary portion of the judgment and (b) compliance or non− compliance with all other portions of the judgment. The Court has reviewed the papers submitted by Chevron, including excerpts from the brief deposition by Ms. Sullivan, as well as Mr. Libby's letter. Ms. Sullivan's motion for a protective order is denied in all respects. She is to appear for an submit to a further deposition on a date agreed upon by her and the parties in writing or, if no such agreement on a date is reached by August 27, 2018, on a date fixed by the Court. Counsel for Ms. Sullivan is reminded of the provisions of Fed. R. Civ. P. 30(c)(2): "An objection at the time of the examination−whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition−must be noted on the record, but the examination |

| | | |
|---|---|---|
| | | still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." (Emphasis added). The fact that the Court has noted that Chevron is free to conduct discovery "with respect to (a) all matters relevant to the enforcement and collection of the monetary portion of the judgment and (b) compliance or non–compliance with all other portions of the judgment" shall not be construed as a limitation ordered by the court, as the Court in so stating does no more than summarize the relevant law. N.Y. CPLR 5223 ("judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment") (applicable to satisfaction of the money judgment); State of New York v. Shore Realty Co., 763 F.2d 49, 53 (2d Cir. 1985) ("The District Court had ample authority to issue all orders necessary for the enforcement of its October order. 28 U.S.C. § 1651. Discovery may occur in connection with a pending contempt proceeding... ")(applicable to compliance with all aspects of the judgment). SO ORDERED. (Signed by Judge Lewis A. Kaplan on 8/20/2018) (anc) Modified on 8/22/2018 (anc). (Entered: 08/20/2018) |
| 08/20/2018 | 2075 | LETTER MOTION for Extension of Time *to Execute Notarized Transfers* addressed to Judge Lewis A. Kaplan from Steven Donziger dated August 20, 2018. Document filed by Steven Donziger, Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 08/20/2018) |
| 08/21/2018 | 2076 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated August 21, 2018 re: 2075 LETTER MOTION for Extension of Time *to Execute Notarized Transfers* addressed to Judge Lewis A. Kaplan from Steven Donziger dated August 20, 2018. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/21/2018) |
| 08/21/2018 | 2077 | RESPONSE in Opposition to Motion re: 2073 SECOND MOTION to Compel Steven Donziger to Respond to Post–Judgment Discovery Responses . *and Reiterated Motion to Stay*. Document filed by Steven Donziger, Donziger & Associates, PLLC. (Donziger, Steven) (Entered: 08/21/2018) |
| 08/21/2018 | 2078 | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME granting in part and denying in part 2075 Letter Motion for Extension of Time. Donziger's letter motion for an extension of time [DI 2075] is granted only to the following extent: Danziger shall execute two sets of originals of the required forms on or before August 22, 2018. He shall send one set, which need not have notarized acknowledgments, to Chevron's lead counsel no later than August 22, 2018 by overnight courier. In order to facilitate obtaining notarized acknowledgments at a U.S. Embassy or consulate, the Court will extend his time within which to do that and to deliver fully executed documents to Chevron. Danziger shall acknowledge his signatures on the two documents constituting the second set of originals before a consular official at a U.S. Embassy or consulate no later than August 28, 2018. No later than August 29, 2018, he shall place that fully executed, acknowledged, and notarized set of originals in the hands of an overnight courier for the speediest available delivery to Chevron's lead counsel. (Signed by Judge Lewis A. Kaplan on 8/21/2018) (mro) (Entered: 08/21/2018) |
| 08/21/2018 | 2079 | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME (Corrected) re: 2078 Order on 2075 Letter Motion for Extension of Time. Donziger's letter motion for an extension of time [DI 2075] is granted only to the following extent: Danziger shall execute two sets of originals of the required forms on or before August 22, 2018, He shall send one set, which need not have notarized acknowledgments, to Chevron's lead counsel no later than August 22, 2018 by overnight courier. In order to facilitate obtaining notarized acknowledgments at a U.S. Embassy or consulate, the Court will extend his time within which to do that and to deliver fully executed documents to Chevron. Danziger shall acknowledge his signatures on the two documents constituting the second set of originals before a consular official at a U.S. Embassy or consulate no later than August 28, 2018. No later than August 29, 2018, he shall place that fully executed, acknowledged, and notarized set of originals in the hands of an overnight courier for the speediest available delivery to Chevron's lead counsel. (Signed by Judge Lewis A. Kaplan on 8/21/2018) (mro) (Entered: 08/21/2018) |

| | | |
|---|---|---|
| 08/21/2018 | 2080 | REPLY MEMORANDUM OF LAW in Support re: 2050 LETTER MOTION for Leave to File further briefing addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated July 5, 2018. *This Reply Memorandum of Law is also being filed in support of Dkt. No. 2057 – MEMORANDUM OF LAW in Support re: 2050 LETTER MOTION for Leave to File further briefing addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated July 5, 2018. CHEVRON CORPORATION'S SUPPLEMENTAL BRIEF REGARDING THE CONTEMPT IMPLICATIONS OF DONZIGER'S RETENTION AGREEMENTS AND OTHER AGREEMENTS AMONG ENTITIES WITH INTERESTS IN THE ECUADORIAN JUDGMENT..* Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/21/2018) |
| 08/30/2018 | 2081 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated August 30, 2018 re: Steven Donziger's failure to comply with the Court's August 21, 2018 Order. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 08/30/2018) |
| 09/14/2018 | 2082 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated September 14, 2018 re: notifying the Court of recent international arbitral tribunal award. Document filed by Chevron Corporation. (Attachments: # 1 Attachment – BIT Award)(Mastro, Randy)(Entered: 09/14/2018) |
| 09/17/2018 | 2083 | MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S AUGUST 15 AND 21, 2018 ORDERS . Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 09/17/2018) |
| 09/17/2018 | 2084 | MEMORANDUM OF LAW in Support re: 2083 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S AUGUST 15 AND 21, 2018 ORDERS . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/17/2018) |
| 09/17/2018 | 2085 | DECLARATION of Anne Champion in Support re: 2083 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S AUGUST 15 AND 21, 2018 ORDERS .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– Transfer Document and Donziger Letter, # 2 Exhibit 2– September 7–10, 2018 Email Chain, # 3 Exhibit 3– September 7–14, 2018 Email Chain)(Champion, Anne) (Entered: 09/17/2018) |
| 09/24/2018 | 2086 | LETTER MOTION for Leave to File Excess Pages */ Leave to File a Forty–Page Memorandum of Law* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated September 24, 2018. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 09/24/2018) |
| 09/24/2018 | 2087 | ORDER granting 2086 Letter Motion for Leave to File Excess Pages (HEREBY ORDERED by Judge Lewis A. Kaplan)(Text Only Order) (Kaplan, Lewis) (Entered: 09/24/2018) |
| 09/25/2018 | 2088 | MEMO ENDORSEMENT on MOTION TO STAY DISCOVERY PENDING APPEAL denying 2067 Motion to Stay. ENDORSEMENT: Donziger moves to stay post–judgment discovery pending appeal. The post–judgment discovery is aimed at (a) discovering assets to satisfy the outstanding money judgment in Chevron's favor against Donziger, (b) determining the sources of his income so that it may be applied to satisfaction, and (c) determining whether Donziger has complied with injunctive and other provisions of the judgment. The pending appeals (notices of appeal DI 1972 and DI 2060) challenge (1) the taxation of costs that resulted in the money judgment (DI 1962), (2) the Court's order of June 25, 2018 (DI 2037) denying Donziger's motions for (a) a declaratory judgment with respect to the basis for, or to dismiss, a civil contempt motion filed by Chevron that remains sub judice, and (b) a protective order foreclosing any discovery that: "would tend to reveal the identity of any funder or other material supporter of the Ecuador Litigation and/or the internal operational, organizational, administrative, or financial management practices of the teams of individuals and organizations that directly and indirectly oppose Chevron in the Ecuador Litigation ('Ecuador Litigation Team'), and/or more broadly engage in Ecuador Litigation–related advocacy ('Aguinda Supporters')" (DI 2045, at 13 (quoting Donziger submission DI 2026, at 2)), and (3) the Court's order of July 23, 2018 (DI 2056) that required Donziger, on or before August 15, 2018, to (a) produce to |

| | | |
|---|---|---|
| | | Chevron each and every document and thing within his possession, custody or control that is described by Chevron document requests 18, 21, 22 and 29, and (b) answer fully and completely Chevron information subpoena paragraphs 21 through 25. Donziger's motion is frivolous for a host of reasons including these: 1. Insofar as the post–judgment discovery is directed at obtaining information relevant to enforcement of the money judgment, I note that Donziger has neither posted a supersedeas bond nor applied for a stay of enforcement on any other basis. The judgment creditor has every right to seek to collect on that judgment notwithstanding the pendency of the appeal and to conduct discovery for the purpose of doing so. Moreover, as the Court's opinion with respect to the taxation of costs (DI 1963) demonstrates, the underlying money judgment was the result of careful deliberation and, in my view, is entirely supported by the law. Certainly Donziger's conclusory papers in support of this motion offer no colorable ground for its reversal. 2. The Second Circuit has squarely held that the Court has "ample authority to issue [discovery] orders necessary for the enforcement of its[] order[s]." State of NY. v. Shore Realty Corp., 763 F.2d 49, 53 (2d Cir. 1985); see also 28 U.S.C. § 1651. It therefore properly has required discovery for the purpose of determining whether Donziger is in compliance with the Court's permanent injunction. 3. This Court's opinion denying Donziger's declaratory judgment and protective order motions (DI 2045) amply demonstrate that the rulings were well grounded in fact and in law. Among other things, Donziger's contention that otherwise appropriate discovery designed to obtain information relevant to enforce the money judgment and/or to determine whether Donziger is violating the Court's injunction, which was affirmed by the Court of Appeals – to the extent that it might reveal the identity of any funder or supporter of his efforts – would violate the First Amendment would be unsupportable even if he had not forfeited those arguments and even if he had standing to raise them, which in important or all respects he does not. (DI 2045,passim). In any case, his conclusory papers in support of this motion offer no colorable ground for supposing that he might prevail on appeal. 4. Donziger's claims of irreparable injury are unsubstantiated. Moreover, allowing him to continue to prevent enforcement of the money judgment against him and to frustrate efforts to determine whether he is violating the injunction against him threaten Chevron with irreparable injury. Accordingly, this motion is denied in all respects. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 9/25/2018) (anc) Modified on 9/27/2018 (anc). (Entered: 09/25/2018) |
| 10/01/2018 | 2089 | MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE . Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/01/2018) |
| 10/01/2018 | 2090 | MEMORANDUM OF LAW in Support re: 2089 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/01/2018) |
| 10/02/2018 | 2091 | DECLARATION of Anne Champion in Support re: 2089 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit – 1, # 2 Exhibit – 2, # 3 Exhibit – 3, # 4 Exhibit – 4, # 5 Exhibit – 5, # 6 Exhibit – 6, # 7 Exhibit – 7, # 8 Exhibit – 8, # 9 Exhibit – 9, # 10 Exhibit – 10, # 11 Exhibit – 11, # 12 Exhibit –12, # 13 Exhibit – 13, # 14 Exhibit – 14, # 15 Exhibit – 15, # 16 Exhibit – 16, # 17 Exhibit – 17, # 18 Exhibit – 18, # 19 Exhibit – 19, # 20 Exhibit – 20, # 21 Exhibit – 21, # 22 Exhibit – 22, # 23 Exhibit – 23, # 24 Exhibit – 24, # 25 Exhibit – 25, # 26 Exhibit – 26, # 27 Exhibit – 27, # 28 Exhibit – 28, # 29 Exhibit – 29, # 30 Exhibit – 30, # 31 Exhibit – 31, # 32 Exhibit – 32, # 33 Exhibit – 33, # 34 Exhibit – 34, # 35 Exhibit – 35, # 36 Exhibit – 36, # 37 Exhibit – 37, # 38 Exhibit – 38, # 39 Exhibit – 39, # 40 Exhibit – 40, # 41 Exhibit – 41, # 42 Exhibit – 42, # 43 Exhibit – 43, # 44 Exhibit – 44, # 45 Exhibit – 45, # 46 Exhibit – 46, # 47 Exhibit – 47, # 48 Exhibit – 48, # 49 Exhibit – 49, # 50 Exhibit – 50, # 51 Exhibit – 51, # 52 Exhibit – 52, # 53 Exhibit – 53, # 54 |

| | | |
|---|---|---|
| | | Exhibit – 54, # <u>55</u> Exhibit – 55, # <u>56</u> Exhibit – 56, # <u>57</u> Exhibit – 57, # <u>58</u> Exhibit – 58, # <u>59</u> Exhibit – 59, # <u>60</u> Exhibit – 60, # <u>61</u> Exhibit – 61, # <u>62</u> Exhibit – 62, # <u>63</u> Exhibit – 63, # <u>64</u> Exhibit – 64, # <u>65</u> Exhibit – 65, # <u>66</u> Exhibit – 66, # <u>67</u> Exhibit – 67, # <u>68</u> Exhibit – 68, # <u>69</u> Exhibit – 69, # <u>70</u> Exhibit – 70, # <u>71</u> Exhibit – 71, # <u>72</u> Exhibit – 72, # <u>73</u> Exhibit – 73, # <u>74</u> Exhibit – 74, # <u>75</u> Exhibit – 75, # <u>76</u> Exhibit – 76, # <u>77</u> Exhibit – 77, # <u>78</u> Exhibit – 78, # <u>79</u> Exhibit – 79, # <u>80</u> Exhibit – 80, # <u>81</u> Exhibit – 81, # <u>82</u> Exhibit – 82, # <u>83</u> Exhibit – 83, # <u>84</u> Exhibit – 84, # <u>85</u> Exhibit – 85, # <u>86</u> Exhibit – 86, # <u>87</u> Exhibit – 87, # <u>88</u> Exhibit – 88, # <u>89</u> Exhibit – 89, # <u>90</u> Exhibit – 90, # <u>91</u> Exhibit – 91, # <u>92</u> Exhibit – 92)(Champion, Anne) (Entered: 10/02/2018) |
| 10/02/2018 | <u>2092</u> | DECLARATION of John A. Slavek in Support re: <u>2089</u> MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE .. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3–A, # <u>4</u> Exhibit 3–B, # <u>5</u> Exhibit 4–A, # <u>6</u> Exhibit 4–B, # <u>7</u> Exhibit 4–C, # <u>8</u> Exhibit 5–A, # <u>9</u> Exhibit 5–B, # <u>10</u> Exhibit 5–C, # <u>11</u> Exhibit 6, # <u>12</u> Exhibit 7–A, # <u>13</u> Exhibit 7–B, # <u>14</u> Exhibit 8, # <u>15</u> Exhibit 9)(Mastro, Randy) (Entered: 10/02/2018) |
| 10/02/2018 | <u>2093</u> | DECLARATION of Mary K. Sullivan in Support re: <u>2089</u> MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE .. Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit –1, # <u>2</u> Exhibit – 2, # <u>3</u> Exhibit – 3, # <u>4</u> Exhibit – 4, # <u>5</u> Exhibit – 5, # <u>6</u> Exhibit – 6, # <u>7</u> Exhibit – 7, # <u>8</u> Exhibit – 8, # <u>9</u> Exhibit – 9, # <u>10</u> Exhibit – 10, # <u>11</u> Exhibit – 11, # <u>12</u> Exhibit – 12, # <u>13</u> Exhibit – 13, # <u>14</u> Exhibit – 14, # <u>15</u> Exhibit – 15, # <u>16</u> Exhibit – 16, # <u>17</u> Exhibit – 17, # <u>18</u> Exhibit – 18, # <u>19</u> Exhibit – 19, # <u>20</u> Exhibit – 20, # <u>21</u> Exhibit – 21, # <u>22</u> Exhibit – 22, # <u>23</u> Exhibit – 23, # <u>24</u> Exhibit – 24, # <u>25</u> Exhibit – 25, # <u>26</u> Exhibit – 26, # <u>27</u> Exhibit – 27, # <u>28</u> Exhibit – 28, # <u>29</u> Exhibit – 29, # <u>30</u> Exhibit – 30, # <u>31</u> Exhibit – 31, # <u>32</u> Exhibit – 32, # <u>33</u> Exhibit – 33, # <u>34</u> Exhibit – 34, # <u>35</u> Exhibit – 35, # <u>36</u> Exhibit – 36, # <u>37</u> Exhibit – 37, # <u>38</u> Exhibit – 38, # <u>39</u> Exhibit – 39)(Mastro, Randy) (Entered: 10/02/2018) |
| 10/02/2018 | <u>2094</u> | DECLARATION of Dr. Santiago Velazquez Coello in Support re: <u>2089</u> MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE .. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/02/2018) |
| 10/02/2018 | <u>2095</u> | MOTION to Seal Document <u>2089</u> MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE ., <u>2093</u> Declaration in Support of Motion,,,, <u>2092</u> Declaration in Support of Motion,, <u>2091</u> Declaration in Support of Motion,,,,,,,,, <u>2094</u> Declaration in Support of Motion, <u>2090</u> Memorandum of Law in Support of Motion, . Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/02/2018) |
| 10/03/2018 | <u>2096</u> | MEMO ENDORSEMENT on CHEVRON CORPORATION'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL granting <u>2095</u> Motion to Seal Document. ENDORSEMENT: Granted. Unredacted copies (2 sets) shall be provided to chambers. (Signed by Judge Lewis A. Kaplan on 10/3/2018) (anc) Modified on 10/4/2018 (anc). (Entered: 10/03/2018) |
| 10/05/2018 | <u>2097</u> | LETTER MOTION for Extension of Time to File Response/Reply as to <u>2089</u> MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE . addressed to Judge Lewis A. Kaplan from Steven Donziger dated October 5, 2018. Document filed by Steven Donziger.(Donziger, Steven) (Entered: 10/05/2018) |

| | | |
|---|---|---|
| 10/05/2018 | 2098 | SEALED DOCUMENT placed in vault.(rz) (Entered: 10/05/2018) |
| 10/08/2018 | 2099 | LETTER addressed to Judge Lewis A. Kaplan from Anne Champion dated October 8, 2018 re: submission of redacted exhibits. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 77 – Bank Statement [Redacted], # 2 Exhibit 78 – Bank Statement [Redacted], # 3 Exhibit 80 – Bank Statement [Redacted])(Champion, Anne) (Entered: 10/08/2018) |
| 10/09/2018 | 2100 | MEMO ENDORSEMENT on re: 2099 Letter, filed by Chevron Corporation. ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/9/2018) (jca) (Entered: 10/09/2018) |
| 10/09/2018 | 2101 | ORDER granting in part 2097 Letter Motion for Extension of Time to File Response/Reply re 2089 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE. Without necessarily accepting the accuracy of every part of this letter, Mr. Donziger's time to response to the contempt motion is extended until October 31, 2018. SO ORDERED. (Responses due by 10/31/2018) (Signed by Judge Lewis A. Kaplan on 10/9/2018) (jca) (Entered: 10/09/2018) |
| 10/09/2018 | 2102 | SEALED DOCUMENT placed in vault.(mhe) (Entered: 10/09/2018) |
| 10/10/2018 | 2103 | ORDER with respect to 2083 Motion. Each of the parties shall advise the Court, on or before October 12, 2018, whether so much of plaintiffs motion to hold Steven Donziger in civil contempt for failure to comply with the Court's August 15, 2018 and August 21, 2018 orders [DI 2083] as seeks the imposition of coercive sanctions is moot and of the basis for their position or positions. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/10/2018) (anc) (Entered: 10/10/2018) |
| 10/12/2018 | 2104 | RESPONSE re: 2103 Order on Motion for Miscellaneous Relief, . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/12/2018) |
| 10/12/2018 | 2105 | MEMO ENDORSEMENT on NOTICE OF CHEVRON CORPORATION'S MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S AUGUST 15 AND 21, 2018 ORDERS denying as moot 2083 Motion. ENDORSEMENT: Chevron Corporation ("Chevron") moves to hold Donziger in civil contempt of court for failure to comply with the Court's orders of August 15 and 21, 2018 (the "Orders") and for coercive sanctions to compel compliance. It now acknowledges that Donziger recently executed, acknowledged before a notary, and delivered the document that was the subject of the Orders although he did so very belatedly. [DI 2104] In the circumstances, the motion to impose coercive sanctions to compel compliance with the Orders is denied as moot. This ruling is without prejudice to any application for compensatory or other relief. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/12/2018) (anc) (Entered: 10/12/2018) |
| 10/17/2018 | 2106 | LETTER MOTION for Leave to File unredacted and unsealed versions of materials previously filed under seal addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 17, 2018. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 10/17/2018) |
| 10/17/2018 | 2107 | MOTION to Strike *Steven Donziger's Confidentiality Designations Over Documents Produced by Mary Katherine Sullivan*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 10/17/2018) |
| 10/18/2018 | 2108 | ORDER granting 2073 Motion to Compel. Chevron moves again to compel Danziger to respond to post–judgment discovery requests. It asserts that he has (1) withheld responsive documents on the basis of scope and purported First Amendment objections that the Court already has rejected, unsubstantiated privilege claims, and a supposed lack of resources, (2) refused to answer dozens of questions at his deposition, (3) failed to provide substantive responses to Chevron's Information Requests, (4) concealed the existence of and failed to produce documents from a ID Bank account reflecting payments of hundreds of thousands of dollars to him and alleged co–conspirators, and (5) admittedly failed to make a reasonable search for documents responsive to Chevron's requests and withheld "a few hundred pages" of |

| | | |
|---|---|---|
| | | other responsive documents. Danziger's response essentially is that he has appealed earlier orders in this case and that he should not be required to comply with these discovery requests. The short answer to Danziger's position is that this Court ordered Danziger to respond to certain of Chevron's discovery requests by August 15, 2018. (DI 2056) That order remains in effect and has not been stayed. Danziger is obliged to comply with it in each and every respect on pain of contempt. Without limiting the generality of the foregoing, it is further ORDERED, that Chevron's motion is granted in its entirety. Without limiting the generality of the foregoing, it is further ORDERED, as follows: 1. As Danziger has failed to comply with Fed. R. Civ. P. 26(b)(5) and S.D.N.Y. Civ. R. 26.2 – and as (a) this is not the first time that he has ignored the requirements of those rules, e.g., In re Chevron Corp., 749 F. Supp. 2d 170 (S.D.N.Y. 2010), aff'd sub nom. Lago Agrio Plaintiffs v. Chevron Corp., 409 Fed. App'x 393 (2d Cir. 2010), and (b) Danziger failed to comply even after Chevron asserted that his prior failure should result in waiver of any otherwise applicable privileges – the Court holds that Danziger has waived or forfeited any claim of privilege to responsive documents and information that otherwise might have applied. Accordingly, Danziger shall comply fully with the outstanding discove1y requests forthwith without withholding any responsive documents or information on privilege grounds. 2. Danziger shall appear for and respond to questions at a further deposition on a date to be agreed upon in writing by the parties or, failing such an agreement on or before October 25, 2018, on a date to be fixed by the Court. 3. Given Donziger's stonewalling of post–judgment discove1y and the other circumstances described in Chevron's memorandum, it is appropriate that Danziger's electronic devices be imaged and examined for any responsive documents that Danziger has not thus far produced under appropriate safeguards of the interests of all parties. The parties, on or before October 26, 2018, shall agree upon or, in default of an agreement, notice for settlement an order providing for the selection, compensation and precise duties of a third party to whom Donziger will be obliged to produce for forensic imaging all computers and electronic, optical and magnetic storage devices and media within his possession, custody or control (a "Third Party"). Any such Third Party, at a minimum, will be obliged to retain any forensic images in confidence pending further order of the Court. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/18/2018) (ne) (Entered: 10/18/2018) |
| 10/19/2018 | | WRIT OF EXECUTION issued on October 19, 2018, in favor of plaintiff and against the Donziger Defendants and the LAP Representatives, jointly and severally, the sum of $813,602.71.(Signed by Clerk of Court Ruby Krajick on 10/19/2018) (km) (Entered: 10/19/2018) |
| 10/22/2018 | 2109 | ORDER with respect to 2106 Letter Motion for Leave to File Document. Chevron requests the Court's permission to file unredacted, unsealed versions of materials filed under seal pursuant to the Protective Order [DI 723]. Chevron informs the Court that Donziger has not submitted a declaration explaining why the materials should remain under seal within seven days of their filing, as provided for in Paragraph 19 of the Protective Order. The Protective Order appears not to give anyone but the Producing Party–in this case Katherine Sullivan–the right to advocate for keeping certain information under seal. It is therefore questionable whether Donziger has a right to object to Chevron's request. Without deciding the issue, Donziger shall submit a declaration explaining why he has the right to object in this instance and any reasons why the material should remain under seal on or before October 29, 2018. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/22/2018) (anc) (Entered: 10/22/2018) |
| 10/23/2018 | 2110 | LETTER RESPONSE to Motion addressed to Judge Lewis A. Kaplan from Steven Donziger dated October 23, 2018 re: 2106 LETTER MOTION for Leave to File unredacted and unsealed versions of materials previously filed under seal addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 17, 2018., 2107 MOTION to Strike *Steven Donziger's Confidentiality Designations Over Documents Produced by Mary Katherine Sullivan*. . Document filed by Steven Donziger. (Donziger, Steven) (Entered: 10/23/2018) |
| 10/23/2018 | 2111 | ORDER granting 2106 Letter Motion for Leave to File Document; granting 2107 Motion to Strike. The Court grants Chevron's request [DI 2106] to file unsealed, unredacted versions of materials previously filed under seal pursuant to the Protective Order [DI 723] and its motion to strike [DI 2107] for the following reasons: The |

| | | |
|---|---|---|
| | | Court directed Donziger to submit an affidavit or declaration explaining why he has a right to object to Chevron's request for permission to file unsealed, unredacted versions of the relevant documents [DI 2109], Donziger failed to address this question in his letter to the Court dated October 23, 2018 [DI 2110] and failed also to submit an affidavit or declaration. Donziger has no right under the Protective Order to advocate keeping information that he did not produce confidential and under seal. See DI 723 paragraphs 3, 4, 19. Donziger has not shown good cause for maintaining the confidentiality of the materials and indeed states that he does not object to the Court unsealing them. Indeed, he insists that the Court lift the confidentiality designation on all of Sullivan's documents even though the designation decision with respect to documents produced by another party or non– party is not his to make. See DI 723 paragraphs 3, 4, 14, 19. The Court therefore disregards Donziger's statements regarding confidentiality designations to the extent that they attempt to alter the status of any documents produced by Sullivan. Finally, the Court notes that Donziger complains of alleged harm from the Court's denial of his motion for a protective order, Chevron Corp. V. Donziger, 325 F. Supp. 3d 371 (S.D.N.Y. 2018). Donziger made these arguments to the Court four months ago and the Court rejected them then. Id Nothing has changed since then that would lead to a different result. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/23/2018) (anc) (Entered: 10/24/2018) |
| 10/24/2018 | 2112 | MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE . Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/24/2018) |
| 10/24/2018 | 2113 | MEMORANDUM OF LAW in Support re: 2112 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/24/2018) |
| 10/24/2018 | 2114 | DECLARATION of Anne Champion in Support re: 2112 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibits 1– 10, # 2 Exhibits 11– 23, # 3 Exhibits 24– 31, # 4 Exhibits 32– 34, # 5 Exhibits 35– 38, # 6 Exhibits 39– 41, # 7 Exhibits 42– 62, # 8 Exhibits 63– 84, # 9 Exhibits 85– 92)(Champion, Anne) (Entered: 10/24/2018) |
| 10/24/2018 | 2115 | DECLARATION of John A. Slavek in Support re: 2112 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibits 1– 9)(Mastro, Randy) (Entered: 10/24/2018) |
| 10/24/2018 | 2116 | DECLARATION of Mary K. Sullivan in Support re: 2112 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibits 1– 20, # 2 Exhibits 21– 30, # 3 Exhibits 31– 39)(Mastro, Randy) (Entered: 10/24/2018) |
| 10/24/2018 | 2117 | DECLARATION of Dr. Santiago Velazquez Coello in Support re: 2112 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Mastro, Randy) (Entered: 10/24/2018) |

| | | |
|---|---|---|
| 10/25/2018 | 2118 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** LETTER MOTION to Expedite addressed to Judge Lewis A. Kaplan from Steven Donziger dated October 25, 2018. Document filed by Steven Donziger.(Donziger, Steven) Modified on 11/27/2018 (ldi). (Entered: 10/25/2018) |
| 10/26/2018 | 2119 | LETTER MOTION for Discovery – *submitting proposed Forensic Inspection Protocol and requesting that the Court fix a deposition date and appoint a special master.* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 26, 2018. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit – A, # 2 Exhibit – B, # 3 Exhibit – C)(Mastro, Randy) (Entered: 10/26/2018) |
| 10/30/2018 | 2120 | MEMORANDUM OF LAW in Support re: 2119 LETTER MOTION for Discovery – *submitting proposed Forensic Inspection Protocol and requesting that the Court fix a deposition date and appoint a special master.* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 26, 2018. . Document filed by Chevron Corporation. (Attachments: # 1 Appendix – A)(Mastro, Randy) (Entered: 10/30/2018) |
| 10/30/2018 | 2121 | DECLARATION of Anne Champion in Support re: 2119 LETTER MOTION for Discovery – *submitting proposed Forensic Inspection Protocol and requesting that the Court fix a deposition date and appoint a special master.* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 26, 2018.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit – 1, # 2 Exhibit – 2, # 3 Exhibit – 3, # 4 Exhibit – 4, # 5 Exhibit – 5, # 6 Exhibit – 6, # 7 Exhibit – 7, # 8 Exhibit – 8, # 9 Exhibit – 9, # 10 Exhibit – 10, # 11 Exhibit – 11, # 12 Exhibit – 12, # 13 Exhibit – 13, # 14 Exhibit – 14, # 15 Exhibit – 15, # 16 Exhibit – 16)(Champion, Anne) (Entered: 10/30/2018) |
| 10/31/2018 | 2122 | RESPONSE in Opposition to Motion re: 2089 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE . *and Declaration In Support Thereof*. Document filed by Steven Donziger. (Attachments: # 1 Affidavit Declaration of Steven Donziger)(Donziger, Steven) (Entered: 10/31/2018) |
| 11/01/2018 | 2123 | ORDER: Any response to plaintiff's proposed forensic protocol and associated papers shall be filed no later than November 8, 2018. SO ORDERED. (Responses due by 11/8/2018.) (Signed by Judge Lewis A. Kaplan on 11/1/2018) (anc) (Entered: 11/01/2018) |
| 11/02/2018 | 2124 | MOTION to Compel Chevron / Gibson Dunn to Produce Sullivan Declaration drafts . Document filed by Donziger & Associates, PLLC.(Donziger, Steven) (Entered: 11/02/2018) |
| 11/02/2018 | 2125 | RESPONSE in Opposition to Motion re: 2089 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE . **\*\*TYPO CORRECTED\*\***. Document filed by Steven Donziger. (Donziger, Steven) (Entered: 11/02/2018) |
| 11/06/2018 | 2126 | MEMORANDUM OF LAW in Opposition re: 2124 MOTION to Compel Chevron / Gibson Dunn to Produce Sullivan Declaration drafts . . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Mastro, Randy) (Entered: 11/06/2018) |
| 11/07/2018 | 2127 | REPLY MEMORANDUM OF LAW in Support re: 2089 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/07/2018) |
| 11/07/2018 | 2128 | DECLARATION of Anne Champion in Support re: 2089 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE .. Document filed by Chevron |

| | | |
|---|---|---|
| | | Corporation. (Attachments: # 1 Exhibits 93–105, # 2 Exhibits 106–114, # 3 Exhibit 115.1, # 4 Exhibit 115.2, # 5 Exhibit 115.3)(Champion, Anne) (Entered: 11/07/2018) |
| 11/07/2018 | 2129 | DECLARATION of John A. Slavek in Support re: 2089 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 10)(Mastro, Randy) (Entered: 11/07/2018) |
| 11/07/2018 | 2130 | DECLARATION of Dr. Santiago Velazquez Coello in Support re: 2089 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE .. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/07/2018) |
| 11/08/2018 | 2131 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Steven Donziger dated November 8, 2018 re: 2119 LETTER MOTION for Discovery − *submitting proposed Forensic Inspection Protocol and requesting that the Court fix a deposition date and appoint a special master.* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 26, 2018. . Document filed by Steven Donziger. (Donziger, Steven) (Entered: 11/08/2018) |
| 11/08/2018 | 2132 | RESPONSE to Motion re: 2118 LETTER MOTION to Expedite addressed to Judge Lewis A. Kaplan from Steven Donziger dated October 25, 2018. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/08/2018) |
| 11/26/2018 | 2133 | ORDER denying 2118 Letter Motion to Expedite. Donziger's letter motion overlooks or ignores so much that already is of record in prior decisions by this Court and elsewhere that no purpose would be served by a point–by–point refutation, the preparation of which could serve only to delay that which he seeks to have expedited. It suffices to say that the contempt motions now before the Court will be decided in due course, bearing in mind that this is not the only case on the Court's docket. The motion 2118 is denied. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 11/26/2018) (anc) (Entered: 11/26/2018) |
| 11/26/2018 | 2134 | ORDER: Chevron Corporation indicated that its proposed neutral forensic expert performed document hosting services for it in litigation in Gibraltar. [DI 2120, at 2] While it contends that this is not disqualifying, it stated that it would propose an alterative expert "in the coming days." It has not yet done so. Chevron shall file the name and qualifications of any alternative proposed expert on or before November 28, 2018 at 10 a.m. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 11/26/2018) (anc) (Entered: 11/26/2018) |
| 11/28/2018 | 2135 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated November 28, 2018 re: alternative forensic expert. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A)(Mastro, Randy) (Entered: 11/28/2018) |
| 11/29/2018 | 2136 | ORDER: The parties will appear before the Court on January 8, 2019 at 2:00pm for a conference regarding the proposed forensic protocol [DI2119]. SO ORDERED. ( Status Conference set for 1/8/2019 at 02:00 PM before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 11/29/2018) (ks) (Entered: 11/29/2018) |
| 11/29/2018 | 2137 | ORDER: The plaintiff provided the Court with the name of an alternative neutral forensic expert by letter dated November 28, 2018 [DI 2135]. The plaintiff will advise the Court if the proposed neutral forensic expert, LIFARS, LLC, is or has been retained by Chevron Corporation or Gibson Dunn in any matter, related or otherwise and, if it now is retained, the general nature of the current retention. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 11/29/2018) (anc) (Entered: 11/29/2018) |
| 12/03/2018 | 2138 | MOTION to Compel Gary Greenberg to Respond to Post–Judgment Discovery Requests . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Certificate of Service)(Mastro, Randy) (Entered: 12/03/2018) |

| 12/20/2018 | 2139 | ORDER granting 2138 Motion to Compel. In or about August 2018, plaintiff−judgment creditor Chevron Corporation ("Chevron") served respondent Gary Greenberg, GMG Tax Preparers with, among other process, a subpoena ad testificandum for a deposition, an information subpoena and a subpoena for production of documents in connection with Chevron's efforts to enforce judgments entered in this case against Steven Danziger. Despite repeated efforts by Chevron to obtain compliance, Mr. Greenberg has not complied. Chevron therefore filed this motion to compel compliance. Mr. Greenberg has filed no response to the motion although the time within which to do so has elapsed. Chevron's motion [DI 2138] is granted in all respects. On or before January 4, 2019, Mr. Greenberg shall serve upon Chevron's counsel (a) full and complete answers, under oath, to the information requests contained in the information subpoena, and (b) each and every document within his possession, custody or control that is responsive to the document requests described in Chevron's subpoena. In addition, Mr. Greenberg shall appear for and testify at a deposition to be held at the offices of Chevron's counsel, Gibson, Dunn & Crutcher, 200 Park Avenue, New York, NY commencing on January 11, 2019 at 9:00 a.m. Failure to comply with this order may constitute civil and/or criminal contempt of court and could be punished by fine, imprisonment, or both. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 12/20/2018) (jca) (Entered: 12/20/2018) |
| --- | --- | --- |
| 01/07/2019 | 2140 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated January 7, 2019 re: additional information regarding Chevron's proposed alternative neutral forensic expert pursuant to this Court's November 29, 2018 order (Dkt. 2137). Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 01/07/2019) |
| 01/07/2019 | 2141 | LETTER addressed to Judge Lewis A. Kaplan from Andrea E. Neuman dated January 7, 2019 re: request to bring electronic device into courtroom. Document filed by Chevron Corporation.(Neuman, Andrea) (Entered: 01/07/2019) |
| 01/08/2019 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Status Conference held on 1/8/2019. (Court Reporter Alena Lynch) (Mohan, Andrew) (Entered: 01/08/2019) |
| 01/15/2019 | 2142 | MEMORANDUM OF LAW in Support re: 2119 LETTER MOTION for Discovery − *submitting proposed Forensic Inspection Protocol and requesting that the Court fix a deposition date and appoint a special master.* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 26, 2018. . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit −1)(Mastro, Randy) (Entered: 01/15/2019) |
| 01/15/2019 | 2143 | DECLARATION of Anne Champion in Support re: 2119 LETTER MOTION for Discovery − *submitting proposed Forensic Inspection Protocol and requesting that the Court fix a deposition date and appoint a special master.* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 26, 2018.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit − 1)(Champion, Anne) (Entered: 01/15/2019) |
| 01/15/2019 | 2144 | DECLARATION of Spencer Lynch in Support re: 2119 LETTER MOTION for Discovery − *submitting proposed Forensic Inspection Protocol and requesting that the Court fix a deposition date and appoint a special master.* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 26, 2018.. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/15/2019) |
| 01/15/2019 | 2145 | PROPOSED ORDER. Document filed by Chevron Corporation. (Attachments: # 1 Appendix − A) Related Document Number: [re: 2119 LETTER MOTION for Discovery − submitting proposed Forensic Inspection Protocol and requesting that the Court fix a deposition date and appoint a special master. addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 26, 2018..]. (Mastro, Randy) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 01/15/2019) |
| 01/16/2019 | | **\*\*\*NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 2145 Proposed Order was reviewed and approved as to form. (km)** (Entered: 01/16/2019) |
| 01/18/2019 | 2146 | LETTER MOTION for Extension of Time addressed to Judge Lewis A. Kaplan from Steven Donziger dated January 18, 2019. Document filed by Steven Donziger.(Donziger, Steven) (Entered: 01/18/2019) |

| | | |
|---|---|---|
| 01/19/2019 | 2147 | AMENDED LETTER MOTION for Extension of Time **CORRECT FILE** addressed to Judge Lewis A. Kaplan from Steven Donziger dated January 18, 2019. Document filed by Steven Donziger.(Donziger, Steven) (Entered: 01/19/2019) |
| 01/23/2019 | 2148 | ORDER granting 2147 AMENDED LETTER MOTION for Extension of Time **CORRECT FILE**. Time extended until 1/29/19. (Signed by Judge Lewis A. Kaplan on 1/23/2019) (jca) (Entered: 01/23/2019) |
| 01/23/2019 | | Set/Reset Deadlines: Responses due by 1/29/2019 (jca) (Entered: 01/23/2019) |
| 01/29/2019 | 2149 | TRANSCRIPT of Proceedings re: CORRECTED CONFERENCE held on 1/8/2019 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Alena Lynch, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/19/2019. Redacted Transcript Deadline set for 3/1/2019. Release of Transcript Restriction set for 4/29/2019.(McGuirk, Kelly) (Entered: 01/29/2019) |
| 01/29/2019 | 2150 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CORRECTED CONFERENCE proceeding held on 1/8/19 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 01/29/2019) |
| 01/29/2019 | 2151 | RESPONSE in Opposition to Motion re: 2119 LETTER MOTION for Discovery – *submitting proposed Forensic Inspection Protocol and requesting that the Court fix a deposition date and appoint a special master.* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 26, 2018. *Response and Declaration*. Document filed by Steven Donziger. (Donziger, Steven) (Entered: 01/29/2019) |
| 01/30/2019 | 2152 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Writ of Execution served on T.D. Bank N.A., Multiple Account Nos. on 10/25/2018. Service was accepted by carlina Ferrer – Vice President, Store Manager. Document filed by Chevron Corporation. (aea) (Main Document 2152 replaced on 3/20/2019) (aea). (Entered: 01/30/2019) |
| 02/04/2019 | 2153 | ORDER denying 2124 Motion to Compel Chevron / Gibson Dunn to Produce Sullivan Declaration drafts. Defendant moves this Court to compel the plaintiff to produce "any and all drafts and related correspondence related to the Declaration of Ms. Mary K. Sullivan signed Sept. 28, 2018." The motion is denied substantially for the reasons stated in plaintiff's brief [DI 2126]. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/4/2019) (jca) (Entered: 02/04/2019) |
| 02/04/2019 | 2154 | LETTER MOTION for Leave to File a reply to Donziger's Opposition to Chevron Corporation's Modified Proposed Forensic Protocol (Dkt. 2151) addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated February 4, 2019. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mastro, Randy) (Entered: 02/04/2019) |
| 02/05/2019 | 2155 | ORDER granting 2154 LETTER MOTION for Leave to File a reply to Donziger's Opposition to Chevron Corporation's Modified Proposed Forensic Protocol (Dkt. 2151). Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/5/2019) (jca) (Entered: 02/05/2019) |
| 02/05/2019 | 2156 | REPLY MEMORANDUM OF LAW in Support re: 2119 LETTER MOTION for Discovery – *submitting proposed Forensic Inspection Protocol and requesting that the Court fix a deposition date and appoint a special master.* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 26, 2018. *Granted by court order (Dkt. No. 2155)*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 02/05/2019) |
| 02/05/2019 | 2157 | DECLARATION of ANNE CHAMPION in Support re: 2119 LETTER MOTION for Discovery – *submitting proposed Forensic Inspection Protocol and requesting that the Court fix a deposition date and appoint a special master.* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 26, 2018.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 2 – Report)(Champion, Anne) |

| | | |
|---|---|---|
| | | (Entered: 02/05/2019) |
| 02/07/2019 | 2158 | ORDER: Plaintiff has submitted a proposed forensic protocol [DI 2142−1] that includes under Paragraph 8(a) a procedure for deduplication of documents included in post−judgment discoveIy productions from third parties in this matter. The proposed protocol states that Chevron's forensic expert will complete this deduplication process. The Court is considering transferring that function to the neutral forensic expert, which would require plaintiff to furnish the third party productions to the neutral forensic expert. If plaintiff has any objection to that, it shall submit such an objection to the Court within four business days. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/7/2019) (jca) (Entered: 02/07/2019) |
| 02/08/2019 | 2159 | ORDER: The Court is considering appointment of Ondrej Krehel of Lifars as a neutral forensic expert pursuant to a forensic protocol, the terms of which are under consideration. Assuming Mr. Krehel is willing to serve, he is requested to file an affidavit or declaration disclosing whether he is subject to any ground for disqualification under 28 U.S.C. § 455. In connection with Krehel's potential appointment as a neutral forensic expert, Chevron has indicated in its proposed forensic protocol that it initially will bear the cost of the neutral forensic expert's work. Chevron shall provide the details of such an arrangement to the Court, including but not limited to the terms of the neutral forensic expert's compensation. SO ORDERED. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/8/2019) (jca) (Entered: 02/08/2019) |
| 02/11/2019 | 2160 | ORDER: DI 2009, footnote 2 is corrected as follows: "The specific document requests that the Court deems to be Paragraph 5 Compliance Discovery are Requests 18, 20, 21, 22 and 29. The specific information subpoena requests so deemed are numbers 21 through 25." Additionally, the third paragraph of DI 2056 is corrected as follows: "Accordingly, each of Steven Danziger, The Law Offices of Steven R. Danziger, and Danziger and Associates PLLC, on or before August 15, 2018, shall I. Produce to Chevron each document and thing within its possession, custody or control that is described by Requests 18, 20, 21, 22 and 29 of Chevron's request for production of documents, and 2. Serve on Chevron full and complete answers by it to paragraphs 21 through 25 of Chevron's information subpoena." SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/11/2019) (jca) (Entered: 02/11/2019) |
| 02/12/2019 | 2161 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated February 12, 2019 re: response to the Court's inquiry of February 7, 2019 as the role of the Neutral Forensic Expert. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 02/12/2019) |
| 02/15/2019 | 2162 | LETTER addressed to Judge Lewis A. Kaplan from Steven Donziger dated February 15, 2019 re: Proposed appointment of Ondrej Krehel. Document filed by Steven Donziger.(Donziger, Steven) (Entered: 02/15/2019) |
| 02/16/2019 | 2163 | DECLARATION of Ondrej Krehel re: 2159 Order,,, . Document filed by Chevron Corporation. (Champion, Anne) (Entered: 02/16/2019) |
| 02/16/2019 | 2164 | DECLARATION of Anne Champion re: 2159 Order,,, . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Champion, Anne) (Entered: 02/16/2019) |
| 02/21/2019 | 2165 | ORDER RE ASSIGNMENT OF CONTINGENT FEE: On or about January 5, 2011, Donziger & Associates, PLLC, entered into a retainer agreement with the plaintiffs in the Ecuadorian litigation and others pursuant to which it became entitled to a contingent fee of 6.3 percent of, broadly speaking, any monies paid by any of the defendants in the Ecuadorian case (the "Retainer Agreement"). DI 2004−2. The parties, on or before February 28, 2019, shall file an executed instrument of assignment, failing which each party shall file a letter, not to exceed three double−spaced pages, explaining why no such instrument has been filed, and as further set forth in this Order. (Signed by Judge Lewis A. Kaplan on 2/21/2019) (jca) (Entered: 02/21/2019) |
| 02/21/2019 | 2166 | ORDER: It has been brought to the Court's attention that Ondrej Krehel of LIFARS, who is under consideration for appointment as a Neutral Forensic Expert, at one time worked for Stroz Friedberg. In order for the Court to be fully informed, and without suggesting any view on whether Mr. Krehel would be an appropriate choice, the Court requests an affidavit from Mr. Krehel providing the following information: The |

|  |  | nature and dates of his employment or other relationship to Stroz Friedberg, and as further set forth in this Order. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/21/2019) (jca) (Entered: 02/21/2019) |
|---|---|---|
| 02/27/2019 | 2167 | DECLARATION of Ondrej Krehel re: 2166 Order,, . Document filed by Chevron Corporation. (Champion, Anne) (Entered: 02/27/2019) |
| 02/28/2019 | 2168 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated February 28, 2018 re: explanation of the parties' failure to file an instrument of assignment. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Mastro, Randy) (Entered: 02/28/2019) |
| 03/01/2019 | 2169 | LETTER addressed to Judge Lewis A. Kaplan from Steven Donziger dated March 1, 2019 re: Response as requested in Court's Feb. 21 Order. Document filed by Steven Donziger. (Attachments: # 1 Appendix 1 (Cover letter to Chevron))(Donziger, Steven) (Entered: 03/01/2019) |
| 03/05/2019 | 2170 | ORDER OF APPOINTMENT: It is hereby ORDERED, pursuant to Fed. R. Civ. P. 53(a)(l)(c), as follows: Mr. Ondrej Krehel ofLIFARS shall serve as the Neutral Forensic Expert, and as further set forth in this Order. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 3/5/2019) (jca) (Entered: 03/05/2019) |
| 03/05/2019 | 2171 | MEMORANDUM RE FORENSIC INSPECTION PROTOCOL: For the foregoing reasons, the Court has entered the protocol for imaging and forensic examination of Danziger's electronic devices and media, and as further set forth in this Order. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 3/5/2019) (jca) (Entered: 03/05/2019) |
| 03/05/2019 | 2172 | FORENSIC INSPECTION PROTOCOL: Appointment of a Neutral Forensic Expert: By order of March 5, 2019, the Court has appointed a Neutral Forensic Expert for the purposes of this Forensic Inspection Protocol. The Neutral Forensic Expert shall send his invoices to both parties and Chevron initially will bear the cost of the Neutral Forensic Expert's work as described herein, without prejudice to Chevron's right to seek reimbursement of said costs in these proceedings or otherwise, and as further set forth in this Order. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 3/5/2019) (jca) (Entered: 03/05/2019) |
| 03/12/2019 | 2173 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated March 12, 2019 re: emails on contempt of forensic order. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Email, # 2 Exhibit B – Email)(Mastro, Randy) (Entered: 03/12/2019) |
| 03/18/2019 | 2174 | DECLARATION of Anne Champion re: 2172 Order,, *Protective Order Certifications*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– Certification of Ondrej Krehel, # 2 Exhibit 2– Certification of Jonathan Fisher, # 3 Exhibit 3– Certification of Subham Ghosh)(Champion, Anne) (Entered: 03/18/2019) |
| 03/20/2019 | 2175 | MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S MARCH 5, 2019 ORDER . Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 03/20/2019) |
| 03/20/2019 | 2176 | MEMORANDUM OF LAW in Support re: 2175 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S MARCH 5, 2019 ORDER . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/20/2019) |
| 03/20/2019 | 2177 | DECLARATION of Anne Champion in Support re: 2175 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S MARCH 5, 2019 ORDER .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1)(Champion, Anne) (Entered: 03/20/2019) |
| 03/20/2019 | 2178 | MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF PARAGRAPHS 1 AND 5 OF THE RICO JUDGMENT BASED ON HIS TRANSACTIONS WITH DAVID ZELMAN . Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 03/20/2019) |

| | | |
|---|---|---|
| 03/20/2019 | 2179 | MEMORANDUM OF LAW in Support re: 2178 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF PARAGRAPHS 1 AND 5 OF THE RICO JUDGMENT BASED ON HIS TRANSACTIONS WITH DAVID ZELMAN . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 03/20/2019) |
| 03/20/2019 | 2180 | DECLARATION of Anne Champion in Support re: 2178 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF PARAGRAPHS 1 AND 5 OF THE RICO JUDGMENT BASED ON HIS TRANSACTIONS WITH DAVID ZELMAN .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17)(Champion, Anne) (Entered: 03/20/2019) |
| 03/26/2019 | 2181 | ORDER REGARDING DOCKETING PRACTICES: In view of the size of the record in this case, all papers to which exhibits, appendices, or other such matter are attached ("Attachments") shall be filed and docketed so that each individual Attachment is a separate PDF document with a descriptive title in addition to number or letter designation. Examples of the manner in which such papers are to be filed and docketed are DI 2058 and DI 2085. Examples of papers that would not comply with this order include DI 2091, DI 2114, DI 2121, and DI 2180. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 3/26/2019) (jca) (Entered: 03/26/2019) |
| 04/02/2019 | 2182 | LETTER MOTION for Extension of Time to File Response/Reply as to 2176 Memorandum of Law in Support of Motion, 2179 Memorandum of Law in Support of Motion, addressed to Judge Lewis A. Kaplan from Steven Donziger dated April 2, 2019. Document filed by Steven Donziger. (Attachments: # 1 Appendix A (Simon Taylor letter))(Donziger, Steven) (Entered: 04/02/2019) |
| 04/04/2019 | 2183 | ORDER granting in part and denying in part 2182 Letter Motion for Extension of Time to File Response/Reply. On April 2, 2019, Danziger sought an extension of time to respond to two Chevron civil contempt motions. His response papers were due on April 3, 2019 and none were filed. Danziger contends that additional time is necessary because the motions are "complex" and because of "demands on [his] time from attempts to respond to Chevron's overwhelming on going discovery campaign which already has resulted in more than one dozen depositions, at which I appear pro se to defend my rights and interests." He claims also that he is "working with" a Mr. Zelman to resolve an unspecified issue which, Danziger claims, might obviate any need for court attention. DI 2182. But he ignores the fact that it is unlikely that he could resolve anything that would obviate the need for court attention without Chevron's consent. Neither of the two pending motions is complex in the slightest degree. The first asserts that Danziger has failed to comply with the Court's March 5, 2019 order. DI 2175. Inasmuch as Danziger announced in advance that he would not comply with the order and intended to go into contempt (DI 2177–1), there is nothing complex to resolve or, at least, Danziger has failed to point to any conceivable complexity. The second asserts that Danziger violated paragraphs 1 and 5 of the RICO Judgment in thathe exchanged an interest in the Ecuadorian judgment "from [Donziger's] fees should they be collected" for $14,000 in personal services. DI 2178. There appears to be nothing complex about that either. Danziger either did so or he did not. If Danziger had something more in mind, he was obliged to back up his conclusory claim of complexity. Donziger's Delphic reference to working something out with Mr. Zelman adds nothing. Finally, Donziger's reference to his involvement in "more than one dozen depositions" does not lead to the conclusion that he needs more time to respond to these motions. He does not claim that any of those depositions has taken place since the motions were filed. Nor does he claim either that any future depositions have been scheduled. The fact that depositions were taken in the past does not explain why Danziger could not make a timely response to the motions. For these and other reasons, Danziger has failed to show good cause for any extension of time as required by Fed. R. Civ. P. 6(b)(l)(A). Nevertheless, the Court will afford him a very brief extension as an accommodation. The letter motion for an extension of time (DI 2182) is granted to the extent that any papers in opposition to these two contempt motions shall be filed on or before April 8, 2019. It is denied in all other respects. SO ORDERED. (Responses due by 4/8/2019) (Signed by Judge Lewis A. Kaplan on 4/4/2019) (jca) (Entered: 04/04/2019) |

| 04/08/2019 | 2184 | RESPONSE in Opposition to Motion re: 2175 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S MARCH 5, 2019 ORDER ., 2178 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF PARAGRAPHS 1 AND 5 OF THE RICO JUDGMENT BASED ON HIS TRANSACTIONS WITH DAVID ZELMAN . . Document filed by Steven Donziger. (Donziger, Steven) (Entered: 04/08/2019) |
|---|---|---|
| 04/10/2019 | 2185 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated April 10, 2019 re: an order issued by the Supreme Court of Canada and a letter attached to Donziger's April 2, 2019 request for extension of time. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Supreme Court of Canada Order (April 4, 2019))(Mastro, Randy) (Entered: 04/10/2019) |
| 04/15/2019 | 2186 | REPLY MEMORANDUM OF LAW in Support re: 2175 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S MARCH 5, 2019 ORDER ., 2178 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF PARAGRAPHS 1 AND 5 OF THE RICO JUDGMENT BASED ON HIS TRANSACTIONS WITH DAVID ZELMAN . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/15/2019) |
| 04/19/2019 | 2187 | MOTION to Compel Laura Miller to Respond to Post–Judgment Discovery Requests . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– Subpoena to Laura Miller, # 2 Exhibit 2– Affidavit of Service of Subpoena, # 3 Exhibit 3– Third–Party Productions of Emails Regarding Trip to Ecuador, # 4 Exhibit 4– Third–Party Productions of Investor Emails Copying Laura Miller, # 5 Exhibit 5– 1/7/2019 Email from Laura Miller to Chevron, # 6 Exhibit 6– 10/31/2018 Email from Laura Miller to Chevron, # 7 Exhibit 7– 11/12/2018 Letter from Chevron to Laura Miller, # 8 Exhibit 8– 11/16/2018 Email from Laura Miller to Chevron, # 9 Exhibit 9– 12/12/2018 Letter from Chevron to Laura Miller, # 10 Exhibit 10– Laura Miller Production (LBMiller_000001–7), # 11 Exhibit 11– 1/4/2019 Email from Chevron to Laura Miller)(Mastro, Randy) (Entered: 04/19/2019) |
| 04/19/2019 | 2188 | LETTER MOTION for Leave to File Excess Pages *re: Motion to Compel Laura Miller to Respond to Post–Judgment Discovery Requests (Dkt. 2187)* addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated April 19, 2019. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– J. Slavek Declaration, # 2 Exhibit 2– Exhibit 11 to J. Slavek Declaration, # 3 Exhibit 3– CITI–0004615)(Mastro, Randy) (Entered: 04/19/2019) |
| 04/19/2019 | | ***DELETED DOCUMENT. Deleted document number [2188–1, 2, 3] Exhibits, pursuant to the Order in entry 2200 . (jca) (Entered: 05/08/2019) |
| 04/22/2019 | 2189 | ORDER granting 2188 LETTER MOTION for Leave to File Excess Pages re: Motion to Compel Laura Miller to Respond to Post–Judgment Discovery Requests (Dkt. 2187). Leave to file with excess of page limit granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 4/22/2019) (jca) (Entered: 04/22/2019) |
| 04/22/2019 | 2190 | DECLARATION of John A. Slavek in Support re: 2187 MOTION to Compel Laura Miller to Respond to Post–Judgment Discovery Requests .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 11 to J. Slavek Declaration, # 2 Exhibit– CITI–0004615)(Mastro, Randy) (Entered: 04/22/2019) |
| 04/23/2019 | 2191 | LETTER MOTION for Extension of Time to File Response/Reply as to 2187 MOTION to Compel Laura Miller to Respond to Post–Judgment Discovery Requests . addressed to Judge Lewis A. Kaplan from Steven Donziger dated April 23, 2019. Document filed by Steven Donziger.(Donziger, Steven) (Entered: 04/23/2019) |
| 04/23/2019 | 2192 | LETTER RESPONSE to Motion addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated April 23, 2019 re: 2191 LETTER MOTION for Extension of Time to File Response/Reply as to 2187 MOTION to Compel Laura Miller to Respond to Post–Judgment Discovery Requests . addressed to Judge Lewis A. Kaplan from Steven Donziger dated April 23, . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 04/23/2019) |
| 04/24/2019 | 2193 | ORDER denying 2191 Letter Motion for Extension of Time to File Response/Reply. Accordingly, Donziger's motion [DI2191] is denied and the Clerk shall strike it from the record. The Clerk is further directed to reject any future submissions by Donziger |

| | | |
|---|---|---|
| | | on behalf of Ms. Miller. The Court on its own motion extends Ms. Miller's time within which to serve and file any papers in response to plaintiffs motion to and including May 7, 2019. In the event responsive papers are filed in hard copy, they shall be filed no later than May 8, 2019. As no counsel thus far has appeared on Ms. Miller's behalf, her attention is invited to the section of the Court's public web site entitled Representing Yourself in Federal Court, http://www.nysd.uscourts.gov/prose. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 4/24/2019) (jca) (Entered: 04/24/2019) |
| 04/24/2019 | | Set/Reset Deadlines: Responses due by 5/7/2019 (jca) (Entered: 04/24/2019) |
| 04/24/2019 | 2194 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION to Amend/Correct *and Reinstate Filing Dkt 2191*. Document filed by Steven Donziger.(Donziger, Steven) Modified on 6/18/2019 (ldi). (Entered: 04/24/2019) |
| 04/25/2019 | 2195 | ORDER granting in part and denying in part 2194 Motion to Amend/Correct. Donziger's application is granted to the extent that his time to file responsive papers is also extended to and including 5/7/19. It is denied in all other respects. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 4/24/2019) (jca) (Entered: 04/25/2019) |
| 04/25/2019 | | Set/Reset Deadlines: Responses due by 5/7/2019 (jca) (Entered: 04/25/2019) |
| 05/03/2019 | 2196 | MOTION to Compel LAURA MILLER to APPEAR FOR DEPOSITION . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Deposition Subpoena, # 2 Exhibit 2 – Affidavit of Service, # 3 Exhibit 3 – Letter, # 4 Exhibit 4 – Email, # 5 Exhibit 5 – Email, # 6 Exhibit 6 – Email)(Mastro, Randy) (Entered: 05/03/2019) |
| 05/07/2019 | 2197 | RESPONSE in Opposition to Motion re: 2187 MOTION to Compel Laura Miller to Respond to Post–Judgment Discovery Requests ., 2196 MOTION to Compel LAURA MILLER to APPEAR FOR DEPOSITION . . Document filed by Steven Donziger. (Donziger, Steven) (Entered: 05/07/2019) |
| 05/08/2019 | 2198 | DECLARATION of John A. Slavek (redacted) in Support re: 2187 MOTION to Compel Laura Miller to Respond to Post–Judgment Discovery Requests .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 11 to J. Slavek Declaration, # 2 Exhibit– CITI–0004615 to J. Slavek Declaration (redacted))(Mastro, Randy) (Entered: 05/08/2019) |
| 05/08/2019 | 2199 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated May 8, 2019 re: Redacted Filings. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 05/08/2019) |
| 05/08/2019 | 2200 | ORDER: In view of the filing of redacted replacements, the Clerk of Court shall remove the PDFs underlying the following entries on the docket. DI 2188–1, DI 2188–2, DI 2188–3, DI 2190, DI 2190–1, DI 2190–2. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/8/2019) (jca) (Entered: 05/08/2019) |
| 05/08/2019 | | **\*\*\*DELETED DOCUMENT. Deleted document number 2190 pursuant to the Order in entry 2200 . (jca)** (Entered: 05/08/2019) |
| 05/13/2019 | 2201 | LETTER addressed to Judge Lewis A. Kaplan from Laura Miller dated 5/7/2019 re: I respectfully ask that the Court deny Chevron's motions and order Chevron to leave me out of this process entirely from this point forward. Document filed by Steven Donziger.(jca) (Entered: 05/13/2019) |
| 05/13/2019 | 2202 | MEMORANDUM AND ORDER REGARDING POST–JUDGMENT DISCOVERY FROM LAURA MILLER granting 2187 Motion to Compel; granting 2196 Motion to Compel. For the foregoing reasons, Chevron's motions [DI 2187, DI 2196] are granted. Ms. Miller, on or before May 28, 2019, shall (a) serve full and complete answers to the written questions in the information subpoena and (b) produce all documents responsive to the information subpoena ( other than bank documents that Ms. Miller and Chevron may agree that Chevron already has obtained from Citibank) together with a privilege log with respect to any documents withheld on the ground of privilege. She shall appear for and testify at a deposition commencing on June 11, 2019. Inasmuch as the confidential marital communications privilege may be asserted by either spouse, Donziger may attend the deposition and assert that privilege on his |

| | | |
|---|---|---|
| | | own behalf. In view of his suspension from the practice of law, he may not act as counsel for Ms. Miller. (And as further set forth in this Order). SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/13/2019) (jca) (Entered: 05/13/2019) |
| 05/14/2019 | 2203 | MOTION to Quash Subpoena to AT&T . Document filed by Steven Donziger. (Attachments: # 1 Exhibit 1 (Subpoena to AT&T), # 2 Exhibit 2 (Email to Chevron counsel))(Donziger, Steven) (Entered: 05/14/2019) |
| 05/16/2019 | 2204 | RESPONSE in Opposition to Motion re: 2203 MOTION to Quash Subpoena to AT&T . . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Excerpts from 6.25.18 Donziger Deposition Transcript, # 2 Exhibit 2 – Excerpts from 10.5.18 Rizack Deposition Transcript, # 3 Exhibit 3 – Excerpts from 2.11.19 Ford Deposition Transcript)(Silverstein, Joel) (Entered: 05/16/2019) |
| 05/17/2019 | 2205 | MEMO ENDORSEMENT granting in part and denying in part 2203 Motion to Quash. ENDORSEMENT: The motion to quash is granted to the extent, and only to the extent, that the time period for which documents shall be produced is modified to begin on March 4, 2012. It is denied in all other respects, substantially for the reasons set forth in Chevron's memorandum. And it bears emphasis that it appears unlikely that Chevron would have resorted to service of this subpoena had Donziger not obstructed its efforts to obtain appropriate disclosure from him. As Donziger largely refuses to comply with discovery responsibilities, even when ordered to do so by the Court, it is not surprising or inappropriate for Chevron to pursue information from other sources. This ruling is predicated on the understanding that paragraph 1 (e) of the subpoena specifications does not call for the production of any text message that AT&T may have. See Chevron Mem. [DI 2204] at 2. This ruling is without prejudice to a renewed motion by Donziger if (a) the Court's understanding is incorrect, and (b) the documents called for by the subpoena contain the content of text messages (apart from the telephone numbers of the sender and/or recipient and the date and time of the text). SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/17/2019) (jca) (Entered: 05/17/2019) |
| 05/20/2019 | 2206 | MOTION for Reconsideration re; 2205 Order on Motion to Quash,,,,, . Document filed by Steven Donziger.(Donziger, Steven) (Entered: 05/20/2019) |
| 05/22/2019 | 2207 | RESPONSE in Opposition to Motion re: 2206 MOTION for Reconsideration re; 2205 Order on Motion to Quash,,,,, . . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit Exhibit 1 – Excerpts from transcript of 6.25.18 Donziger deposition, # 2 Exhibit Exhibit 2 – Excerpts from transcript of 6.28.18 hearing)(Silverstein, Joel) (Entered: 05/22/2019) |
| 05/23/2019 | 2208 | ORDER denying 2206 Motion for Reconsideration. The motion for reconsideration is denied. Had reconsideration been granted, the Court would have reached the same result for substantially the same reasons articulated by Chevron in both DI 2204 and DI 2207. It bears emphasis that Danziger has largely or entirely created what he now claims to view as a problem. Had he complied fully and in good faith with the Court's orders to produce responsive documents and otherwise respond properly to discovery requests, it would have been unnecessary for the Court to require a forensic imaging of his devices and storage media and further procedures to identify responsive documents. Had he complied with the forensic protocol, it likely would have been unnecessary for Chevron to seek information from AT&T. But Danziger simply has disregarded his obligations. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/23/2019) (ks) (Entered: 05/23/2019) |
| 05/23/2019 | 2209 | MEMORANDUM OPINION: re: 2175 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S MARCH 5, 2019 ORDER filed by Chevron Corporation, 2089 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE filed by Chevron Corporation, 2178 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF PARAGRAPHS 1 AND 5 OF THE RICO JUDGMENT BASED ON HIS TRANSACTIONS WITH DAVID ZELMAN filed by Chevron Corporation, 2112 MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT |

OF COURT FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE filed by Chevron Corporation. Chevron's motions to hold Donziger and Donziger & Associates, PLLC, in civil contempt of court [DI 1968, DI 2089 and DI 2112, DI 2175, and DI 2178] all are granted to the extent hereafter set forth. With respect to Chevrons October 1, 2018 motion [DI 2089, DI 2112]: Donziger is in wilful civil contempt of paragraph 1 of the RICO Judgment by virtue of his failure to assign and transfer to Chevron all rights to any contingent fee that he now has or hereafter may obtain including without limitation all such rights under the 2017 Retainer. Unless Donziger previously shall have executed, acknowledged, and delivered to Chevron's counsel the form of assignment attached as Exhibit 88 to DI 2091 without any additions, alterations, attachments or addenda (other than to reflect accurately the year in whichthe document was signed), he shall pay a coercive civil fine to the Clerk of Court with respect to May 28, 2019 and each subsequent day from that date until the date on which he fully purges himself of this contempt by doing so. The amount of the coercive fine shall begin at $2,000 for May 28, 2019 and shall double for each subsequent day during which Donziger fails fully to purge himself of this contempt. Donziger is in wilful contempt of paragraph 1 of the RICO Judgment by virtue of his profiting in the amount of $666,476.34 from the sale of interests in the Ecuador Judgment and his failure to assign and transfer to Chevron that profit, which constitutes property that Donziger has received, or to which he had a right, title or interest, that is traceable to the Ecuador Judgment. The Clerk shall enter a second supplemental judgment awarding that sum to Chevron and against Steven Donziger and Donziger & Associates, PLLC, jointly and severally. With respect to the first of Chevron's two motions filed March 20, 2019 [DI 2175]: Donziger is in wilful civil contempt of paragraph 4 of the March 5, 2019 order [DI 2172]. Unless Donziger previously shall have complied fully with each duty imposed upon him by paragraph 4 of the March 5, 2019 order, he shall pay a coercive civil fine to the Clerk of Court with respect to May 28, 2019 and each subsequent day from that date until the date on which he fully purges himself of this contempt by doing so. The amount of the coercive fine shall begin at $2,000 for May 28, 2019 and shall double for each subsequent day during which Donziger fails fully to purge himself of this contempt. With respect to the Chevron's second motion filed March 20, 2019 [DI 2178]: Donziger is in wilful civil contempt of paragraph 5 of the RICO Judgment by virtue of his selling, assigning, pledging, transferring or encumbering part of his putative contingent fee interest to David Zelman in exchange for approximately $11,000 worth of personal services. With respect to each of the wilful civil contempts adjudicated herein(paragraphs 1(a), 1(c), 2(a), and 3(a)), plaintiff shall recover of Donziger and Donziger & Associates, PLLC their reasonable attorneys' fees in prosecuting these applications. The parties each shall file, on or before May 29, 2019 at 1:00 pm, an affidavit or declaration stating whether each of Danziger and Donziger & Associates, PLLC has fully purged him– or itself of each of the civil contempts enumerated in paragraphs 1(a), 1(c), and 2, and if not, each respect in which he or it has not done so. Nothing herein forecloses the possibility of the Court granting additional coercive relief, including increased fines and other measures, in the event the civil contempts hereinare not fully purged. The foregoing constitute the Court's findings of fact and conclusions of law. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/23/2019) (ama) Modified on 5/23/2019 (ama). (Main Document 2209 replaced on 5/23/2019) (ama). (Entered: 05/23/2019)

| 05/23/2019 | | Transmission to Orders and Judgments Clerk. Transmitted re: 2209 Memorandum & Opinion, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, to the Orders and Judgments Clerk. (ama) (Entered: 05/23/2019) |
| --- | --- | --- |
| 05/24/2019 | 2210 | SUPPLEMENTAL JUDGMENT in favor of Chevron Corporation against Donziger & Associates, PLLC, Steven Donziger. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memorandum Opinion dated May 23, 2019, Supplemental Judgment is hereby entered awarding $666,476.34 to Chevron against Steven Donziger and Donzinger Associates, PLLC, jointly and severally. (Signed by Clerk of Court Ruby Krajick on 05/24/2019) (Attachments: # 1 Notice of Right to Appeal)(dt) (Entered: 05/24/2019) |
| 05/27/2019 | 2211 | NOTICE OF APPEAL from 2209 Memorandum & Opinion, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, 2210 Supplemental Judgment,,. Document filed by Steven Donziger. Form C and Form D are due within 14 days to the Court of |

| | | |
|---|---|---|
| | | Appeals, Second Circuit. (Donziger, Steven) (Entered: 05/27/2019) |
| 05/27/2019 | 2212 | LETTER MOTION for Extension of Time to File *Forthcoming Stay Motion* addressed to Judge Lewis A. Kaplan from Steven Donziger dated May 27, 2019. Document filed by Steven Donziger.(Donziger, Steven) (Entered: 05/27/2019) |
| 05/28/2019 | | Appeal Fee Due: for 2211 Notice of Appeal. Appeal fee due by 6/11/2019. (tp) (Entered: 05/28/2019) |
| 05/28/2019 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 2211 Notice of Appeal. (tp) (Entered: 05/28/2019) |
| 05/28/2019 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 2211 Notice of Appeal, filed by Steven Donziger were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/28/2019) |
| 05/28/2019 | 2213 | ORDER: The plaintiff shall advise the Court promptly whether it intends to file a response toDI 2212 and if so, when it anticipates filing such a response. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/28/2019) (jca) (Entered: 05/28/2019) |
| 05/28/2019 | 2214 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated May 28, 2019 re: Anticipated Response to S. Donziger's Motion for Extension. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 05/28/2019) |
| 05/28/2019 | 2215 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated May 28, 2019 re: 2212 LETTER MOTION for Extension of Time to File *Forthcoming Stay Motion* addressed to Judge Lewis A. Kaplan from Steven Donziger dated May 27, 2019. . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Twitter Feed, # 2 Exhibit 2 – Statement in Response, # 3 Exhibit 3 – Press Release)(Mastro, Randy) (Entered: 05/28/2019) |
| 05/29/2019 | 2216 | RESPONSE re: 2209 Memorandum & Opinion, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, – *Declaration of Andrea E. Neuman*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Assignment of Interest, # 2 Exhibit 2 – Email)(Neuman, Andrea) (Entered: 05/29/2019) |
| 05/29/2019 | 2217 | NOTICE of Declaration of Steven Donziger re: 2209 Memorandum & Opinion, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,,,. Document filed by Steven Donziger. (Donziger, Steven) (Entered: 05/29/2019) |
| 05/29/2019 | 2218 | ORDER re: 2212 Letter Motion for Extension of Time to File. ENDORSEMENT: The motion is denied as unnecessary and, in addition, substantially for the reasons stated by Chevron in its response. The Court notes also the following: First, there is no prescribed time period within which to file a motion for a stay pending appeal. Second, it appears from the parties' filings today that Donziger has purged himself of the contempt finding that resulted in the imposition of the first of two coercive fines. They may be in disagreement as to whether that is so with respect to the second. Unless the parties file a stipulation, on or before May 31, 2019, stating that they are in agreement that Donziger has purged himself of both contempts as to which coercive fines were imposed by the May 23, 2019 decision, the Court will hold a hearing at 10:00 a.m. on June 10, 2019 to resolve any remaining disagreement. In any case, Donziger holds the keys in his pocket, figuratively speaking, with respect to any coercive fines imposed by the Court's May 23, 2019 decision. If he fully has purged or hereafter purges himself of the contempts to which they apply, the coercive fines will be avoided. See AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 427–28 (1st Cir. 2015). Third, the enforcement of the supplemental judgment for compensatory damages is stayed by Rule 62(a) for 30 days from its entry unless the Court otherwise orders. This Court has not done so. After the expiration of the 30 day period, it may be stayed further as upon the posting of a bond or other security. Any application for a stay pending appeal ordinarily must be made in the first instance to this Court. FED. R. APP. P. 8. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/29/2019) (kv) (Entered: 05/29/2019) |
| 05/29/2019 | | Set/Reset Hearings: Status Conference set for 6/10/2019 at 10:00 AM before Judge Lewis A. Kaplan. (kv) (Entered: 05/29/2019) |

| 05/29/2019 | 2219 | ORDER re: 2175 MOTION TO HOLD STEVEN DONZIGER IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THE COURT'S MARCH 5, 2019 ORDER . filed by Chevron Corporation. The Court inadvertently failed to dispose fully of Chevron's motion to hold Donziger in contempt for failure to comply with the Court's March 5, 2019 order [DI 2175]. It does so now. The Court finds that Donziger is in wilful contempt of paragraph 5 of the March 5, 2019 order, the Forensic Inspection Protocol [DI 2172]. Unless Donziger previously shall have complied fully with each duty imposed upon him by paragraph 5 of the March 5, 2019 order, he shall pay a coercive civil fine to the Clerk of Court with respect to June 3, 2019 and each subsequent day from that date until the date on which he fully purges himself of this contempt by doing so. The amount of the coercive fine shall begin at $2,000 for June 3, 2019. It shall double for each subsequent day during which Danziger fails fully to purge himself of this contempt until the fine, so calculated, would reach or exceed $100,000, at which point it would become $100,000 for that and each subsequent day that Danziger fails to purge fully the contempt. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/29/2019) (kv) Transmission to Finance Unit (Cashiers) for processing. (Entered: 05/29/2019) |
| --- | --- | --- |
| 05/31/2019 | 2220 | RESPONSE re: 2218 Order on Motion for Extension of Time to File,,,,,,. . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Donziger's May 29, 2019 Declaration, # 2 Exhibit 2 – Letter)(Mastro, Randy) (Entered: 05/31/2019) |
| 06/03/2019 | 2221 | MOTION to Vacate 2219 Order,,,,, . Document filed by Steven Donziger.(Donziger, Steven) (Entered: 06/03/2019) |
| 06/04/2019 | 2222 | ORDER: The Court inadvertently failed to dispose fully of Chevron's motion to hold Donziger in contempt for failure to comply with the Court's March 5, 2019 order [DI 2175]. It does so now. The Court finds that Donziger is in wilful contempt of paragraph 5 of the March 5, 2019 order, the Forensic Inspection Protocol [DI 2172]. Unless Donziger previously shall have complied fully with each duty imposed upon him by paragraph 5 of the March 5, 2019 order, he shall pay a coercive civil fine to the Clerk of Court with respect to June 3, 2019 and each subsequent day from that date until the date on which he fully purges himself of this contempt by doing so. The amount of the coercive fine shall begin at $2,000 for June 3, 2019. It shall double for each subsequent day during which Donziger fails fully to purge himself of this contempt until the fine, so calculated, would reach or exceed $100,000, at which point it would become $100,000 for that and each subsequent day that Donziger fails to purge fully the contempt. Nothing herein forecloses the possibility of the Court granting additional coercive relief, including increased fines and other measures, in the event the civil contempt herein is not fully purged. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/4/2019) (jca) (Entered: 06/04/2019) |
| 06/05/2019 | 2223 | ORDER: Unless the parties file a stipulation, on or before June 7, 2019, stating that they are in agreement that Donziger has purged himself of the contempt as to which coercive fines were imposed by the May 29, 2019 order, as corrected, the Court will hold a hearing at 10:00 a.m. on June 10, 2019 to resolve any remaining disagreement. As previously noted, Donziger holds the keys in his pocket, figuratively speaking, with respect to any coercive fines imposed upon him. If he fully has purged or hereafter purges himself of the contempts to which they apply, the coercive fines will be avoided. See AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 427–28 (1st Cir. 2015). Chevron promptly shall advise the Court as to whether it will respond to Donziger's recent motion to vacate. Any such response shall be filed no later than June 7, 2019. Any reply to any such response shall be filed no later than 8:30 a.m. on June 10, 2019. SO ORDERED. (Responses due by 6/7/2019, Replies due by 6/10/2019., Contempt Hearing set for 6/10/2019 at 10:00 AM before Judge Lewis A. Kaplan.) (Signed by Judge Lewis A. Kaplan on 6/5/2019) (jca) (Entered: 06/05/2019) |
| 06/05/2019 | 2224 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 5, 2019 re: response to Court Order (Dkt. 2223). Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 06/05/2019) |
| 06/06/2019 | 2225 | LETTER MOTION to Continue *June 10 Hearing* addressed to Judge Lewis A. Kaplan from Steven Donziger dated June 6, 2019. Document filed by Steven Donziger.(Donziger, Steven) (Entered: 06/06/2019) |

| 06/06/2019 | 2226 | ORDER: Donziger objects to the briefing schedule set by the Court regarding a motion that he made to vacate the Paragraph 5 Order [DI 2222]. The Court set a short schedule because it appeared to be in Donziger's interest to resolve the motion promptly. The Court grants Donziger a brief extension to file his reply. Any reply shall be filed on or before Tuesday, June 11, 2019 at 12:00 p.m. at which time the motion will be taken on submission unless ordered otherwise. The Paragraph 5 Order remains in effect during the period in which the motion is briefed and under consideration by the Court. SO ORDERED. (Replies due by 6/11/2019.) (Signed by Judge Lewis A. Kaplan on 6/6/2019) (jca) (Entered: 06/06/2019) |
|---|---|---|
| 06/06/2019 | 2227 | ORDER denying 2225 LETTER MOTION to Continue June 10 Hearing. Donziger has moved for a postponement of the hearing previously scheduled for Monday, June 10, 2019 at 10 a.m. The motion is denied. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/6/2019) (jca) (Entered: 06/06/2019) |
| 06/06/2019 | 2228 | MEMORANDUM OF LAW in Opposition re: 2221 MOTION to Vacate 2219 Order,,,,, . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/06/2019) |
| 06/07/2019 | 2229 | RESPONSE re: 2223 Order, Set Deadlines/Hearings,,,,,,, *Chevron Corporation's Statement Regarding Steven Donziger and Donziger & Associates, PLLC's Contempt of the Forensic Inspection Protocol*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/07/2019) |
| 06/07/2019 | 2230 | DECLARATION of ANNE CHAMPION in Support re: 2229 Response,. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – May 29, 2019 S. Donziger Declaration, # 2 Exhibit B – June 3, 2019 S. Donziger Revised Declaration, # 3 Exhibit C – June 5, 2019 A. Neuman Letter to S. Donziger re Revised Decl (REDACTED), # 4 Exhibit D – June 5, 2019 LIFERS and Donziger Correspondence (REDACTED), # 5 Exhibit E – Apple Business Record (REDACTED), # 6 Exhibit F – 2019.06.06 Laura Miller Depo Excerpted (COND)(REDACTED), # 7 Exhibit G – ATT Phone Records (REDACTED), # 8 Exhibit H – May 24, 2007 Email (PX 861), # 9 Exhibit I – Steven Donziger LinkedIn (REDACTED), # 10 Exhibit J – Steven Donziger LinkedIn _2 (REDACTED), # 11 Exhibit K – Skype Logs (DONZ00133934))(Mastro, Randy) (Entered: 06/07/2019) |
| 06/10/2019 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Oral Argument held on 6/10/2019 re: 2227 Order denying Motion to Continue. (Court Reporter Paula Speer) (Mohan, Andrew) (Entered: 06/10/2019) |
| 06/10/2019 | | Appeal Fee Payment: for 2211 Notice of Appeal,. Filing fee $ 505.00, receipt number BNYSDC–17053466. (Donziger, Steven) (Entered: 06/10/2019) |
| 06/11/2019 | 2231 | REPLY MEMORANDUM OF LAW in Support re: 2221 MOTION to Vacate 2219 Order,,,,, . . Document filed by Steven Donziger. (Donziger, Steven) (Entered: 06/11/2019) |
| 06/11/2019 | 2232 | ORDER IMPOSING ADDITIONAL COERCIVE CIVIL CONTEMPT SANCTION: Accordingly, it is hereby ORDERED, that Donziger, on or before June 12, 2019 at 4 p.m., shall surrender to the Clerk of the Court each and every passport issued to him by each and every nation to have issued a passport to him, the Clerk to retain possession thereof unless and until this Court determines that Donziger has complied fully with paragraphs 4 and 5 of the Protocol. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/11/2019) (jca) (Entered: 06/11/2019) |
| 06/11/2019 | 2233 | ORDER denying 2221 Motion to Vacate. The motion to vacate [DI 2221] is denied. This is without prejudice to any application by Donziger for a stay pending appeal made in full compliance with the Federal Rules of Civil and Appellate Procedure and the Local Rules of this Court, including but not limited to Local Civ.R.7.1.(And as further set forth in this Order). SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/11/2019) (jca) (Entered: 06/11/2019) |
| 06/12/2019 | 2234 | EMERGENCY MOTION to Stay re: 2232 Order,, 2222 Order,,,,, 2209 Memorandum & Opinion, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, . Document filed by Steven Donziger.(Donziger, Steven) (Entered: 06/12/2019) |
| 06/13/2019 | 2235 | SEALED DOCUMENT placed in vault.(mhe) (Entered: 06/13/2019) |

| | | |
|---|---|---|
| 06/13/2019 | 2236 | ORDER: Accordingly, Chevron shall file any opposition it may have to Donziger's request for substantially immediate relief by Monday, June 17, 2019 at noon. Donziger, if he wishes, may reply to any such submission by Chevron at or before noon on Thursday, June 20, 2019. If the parties at or before that point are prepared to have the Court decide Donziger's full motion for a stay pending appeal on the record then before the Court, they may dispense with further submissions and the Court will take the motion under submission. If, on the other hand, Chevron wishes to make a fuller submission on the full motion for a stay pending appeal, it shall do so at or before the close of business on Friday, June 21, 2019. Donziger shall file and reply to any such fuller submission on or before the close of business on Tuesday, June 25, 2019. This schedule will allow both sides to make whatever submissions they wish and will result in the matter being ready for plenary consideration less than two weeks after the filing of Donziger's purported motion. SO ORDERED. (Responses due by 6/17/2019, Replies due by 6/25/2019.) (Signed by Judge Lewis A. Kaplan on 6/13/2019) (jca) (Entered: 06/13/2019) |
| 06/17/2019 | 2237 | MEMORANDUM OF LAW in Opposition re: 2234 EMERGENCY MOTION to Stay re: 2232 Order,, 2222 Order,,,,, 2209 Memorandum & Opinion, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/17/2019) |
| 06/17/2019 | 2238 | DECLARATION of ANNE CHAMPION in Opposition re: 2234 EMERGENCY MOTION to Stay re: 2232 Order,, 2222 Order,,,,, 2209 Memorandum & Opinion, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Slides, # 2 Exhibit 2 – Wireless Subscriber Information)(Champion, Anne) (Entered: 06/17/2019) |
| 06/17/2019 | 2239 | SCHEDULING ORDER: The Court set a briefing schedule on Donziger's purported emergency motion to stay fines and sanctions pending appeal or in the alternative for an administrative stay [DI 2236]. In the event that Donziger files a timely reply submission pursuant to the schedule set in DI 2236, Chevron promptly shall notify the Court whether it intends to file a fuller submission on Donziger's motion for a stay pending appeal. If so, it shall do so according to the schedule previously set by the Court, and Donziger may file a reply as previously provided. Otherwise, the Court will take the motion on submission. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/17/2019) (jca) (Entered: 06/17/2019) |
| 06/17/2019 | 2240 | MOTION for Leave to File REGISTRATION OF JUDGMENT PURSUANT TO 28 U.S.C. § 1963 . Document filed by Chevron Corporation. (Attachments: # 1 Text of Proposed Order)(Mastro, Randy) (Entered: 06/17/2019) |
| 06/17/2019 | 2241 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE 2242 Declaration) –** DECLARATION of ANNE CHAMPION in Support re: 2240 MOTION for Leave to File REGISTRATION OF JUDGMENT PURSUANT TO 28 U.S.C. § 1963 .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Deposition Excerpts, # 2 Exhibit 2 – Writ of Execution, # 3 Exhibit 3 – Email, # 4 Exhibit 4 – Objections and Responses, # 5 Exhibit 5 – Mortgage Statement, # 6 Exhibit 6 – Deposition Excerpts, # 7 Exhibit 7 – Apartment Appraisal, # 8 Exhibit 8 – Restraining Notice, # 9 Exhibit 9 – Restraining Notice, # 10 Exhibit 10 – Order, # 11 Exhibit 11 – Notice of Filing, # 12 Exhibit 12 – Hearing Transcripts, # 13 Exhibit 13 – Hearing Transcripts)(Champion, Anne) Modified on 6/19/2019 (db). (Entered: 06/17/2019) |
| 06/18/2019 | 2242 | DECLARATION of ANNE CHAMPION in Support re: 2240 MOTION for Leave to File REGISTRATION OF JUDGMENT PURSUANT TO 28 U.S.C. § 1963 .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Deposition Excerpts, # 2 Exhibit 2 – Writ of Execution, # 3 Exhibit 3 – Email, # 4 Exhibit 4 – Objections and Responses, # 5 Exhibit 5 – Mortgage Statement, # 6 Exhibit 6 – Deposition Excerpts, # 7 Exhibit 7 – Apartment Appraisal, # 8 Exhibit 8 – Restraining Notice, # 9 Exhibit 9 – Restraining Notice, # 10 Exhibit 10 – Order, # 11 Exhibit 11 – Notice of Filing, # 12 Exhibit 12 – Hearing Transcripts, # 13 Exhibit 13 – Hearing Transcripts)(Champion, Anne) (Entered: 06/18/2019) |
| 06/18/2019 | 2243 | MOTION for Attorney Fees *Notice of Chevron Corporation's Motion for Award of Attorneys' Fees*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 06/18/2019) |

| 06/18/2019 | 2244 | MEMORANDUM OF LAW in Support re: 2243 MOTION for Attorney Fees *Notice of Chevron Corporation's Motion for Award of Attorneys' Fees*. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 06/18/2019) |
|---|---|---|
| 06/18/2019 | 2245 | DECLARATION of Anne Champion in Support re: 2243 MOTION for Attorney Fees *Notice of Chevron Corporation's Motion for Award of Attorneys' Fees*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A– Gibson Dunn fees, # 2 Exhibit B– Chronology, # 3 Exhibit C– Kroll fees, # 4 Exhibit D– Peer firm rates, # 5 Exhibit E– Excerpt of Rizack Deposition, # 6 Exhibit F– Email from S. Donziger)(Champion, Anne) (Entered: 06/18/2019) |
| 06/18/2019 | 2246 | DECLARATION of Joel M. Silverstein in Support re: 2243 MOTION for Attorney Fees *Notice of Chevron Corporation's Motion for Award of Attorneys' Fees*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A– Stern Kilcullen fees)(Mastro, Randy) (Entered: 06/18/2019) |
| 06/18/2019 | 2247 | NOTICE of Intent to Adhere to Original Briefing Schedule re: 2239 Order,, 2236 Order, Set Deadlines,,,,,,,. Document filed by Steven Donziger. (Donziger, Steven) (Entered: 06/18/2019) |
| 06/19/2019 | 2248 | RESPONSE in Support of Motion re: 2234 EMERGENCY MOTION to Stay re: 2232 Order,, 2222 Order,,,,, 2209 Memorandum & Opinion, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,,,, . *(Reply re Administrative Stay)*. Document filed by Steven Donziger. (Donziger, Steven) (Entered: 06/19/2019) |
| 06/19/2019 | 2249 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated June 19, 2019 re: response to Donziger's 6/18/2019 letter (Dkt. 2247) and the Court's scheduling order (Dkt. 2239). Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 06/19/2019) |
| 06/25/2019 | 2250 | REPLY AFFIRMATION of Steven Donziger in Support re: 2234 EMERGENCY MOTION to Stay re: 2232 Order,, 2222 Order,,,,, 2209 Memorandum & Opinion, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,, .. Document filed by Steven Donziger. (Attachments: # 1 Exhibit 1 (Letter from Civil Society Orgs), # 2 Exhibit 2 (Declaration re Paragraph 4), # 3 Exhibit 3 (Email from Chevron counsel))(Donziger, Steven) (Entered: 06/25/2019) |
| 06/26/2019 | 2251 | ORDER CONCERNING ALLEGED COMPLIANCE WITHFORENSIC INSPECTION PROTOCOL PARAGRAPH 4: In the circumstances, 1. The parties shall meet in person and confer, on or before July 1, 2019, with respect to whether they agree that Donziger has purged himself of contempt of paragraph 4 of the Protocol. They jointly shall notify the Court, by joint letter filed on or before July 2, 2019, whether that issue has been resolved and, if not, of the areas of remaining dispute. 2. Donziger shall deliver to chambers and, if he has not already done so, deliver to Chevron, on or before June 28, 2019 at 12:00 pm, an unredacted version of Exhibit 2. The version provided to chambers shall be signed manually. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/26/2019) (jca) (Entered: 06/26/2019) |
| 06/28/2019 | 2252 | ORDER CONCERNING COERCIVE CIVIL MONETARY SANCTIONS WITH RESPECT TO CONTEMPT OF FORENSIC INSPECTION PROTOCOL PARAGRAPHS 4 AND 5: By orders dated May 23 and 29, 2019, the Court imposed coercive and increasing monetary civil contempt sanctions for continuing violation of paragraphs 4 and 5, respectively, of the Court's Forensic Inspection Protocol [DI 2172] (the "Protocol"). The contemnors have not purged themselves of contempt of paragraph 5. It is not yet clear whether they have done so with respect to contempt of paragraph 4. They have not paid any of those monetary sanctions. In cmTent circumstances, it does not appear that the further accumulation of monetary civil contempt sanctions for these violations is likely to have the desired effect. Accordingly, the further accumulation of such monetary sanctions with respect to the contempts of paragraphs 4 and 5 of the Protocol is suspended, subject to fmther order of this Court. Nothing herein forecloses the possibility of the Court granting additional coercive relief, including increased fines and other measures, in the event all civil contempts are not fully purged. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/28/2019) (jca) (Entered: 06/28/2019) |

| 07/01/2019 | 2253 | RESPONSE in Opposition to Motion re: 2243 MOTION for Attorney Fees *Notice of Chevron Corporation's Motion for Award of Attorneys' Fees.* . Document filed by Steven Donziger. (Donziger, Steven) (Entered: 07/01/2019) |
|------------|------|---|
| 07/02/2019 | 2254 | MEMO ENDORSEMENT: granting in part and denying in part 2234 EMERGENCY MOTION to Stay re: 2232 Order 2222 Order 2209 Memorandum & Opinion. ENDORSEMENT: This matter is before the Court in consequence of Steven Donziger's virtually absolute refusal to comply with court orders requiring him to produce documents for the purpose of permitting his judgment creditor to locate assets that may be used to satisfy its unstayed money judgment against Donziger and to determine whether and to what extent Donziger has violated an injunction already affirmed by the Court of Appeals and seek contempt remedies as may be appropriate. Donziger has been held in civil contempt for his failure to comply with two provisions of a court order (the "Forensic Inspection Protocol" or "Protocol"), among other misconduct. The Protocol provisions of which he is in contempt (paragraphs 4 and 5) require him to identify his electronic devices and storage media and to turn them over to a court appointed expert for a brief period to permit the devices to be imaged. DI 2172, 4–5. The imaging of these media would protect the integrity of the electronically stored information ("ESI") they contain, detect any spoliation of evidence and permit a technologically assisted search of their contents for "documents" responsive to a document subpoena with which Donziger has not complied despite court orders that he do so. The Court, following a brief grace period, imposed increasing coercive fines for each day during which Donziger failed to comply with the identification and temporary turnover provisions of the Protocol. DT 2209, DJ 2219. The fines are to be expunged if and when Donziger purges himself of contempt. Nevertheless, when the coercive fines did not result in Donziger's compliance, the Courtsuspended the further accumulation of the fines. DI 2252. But in a further and measured attempt to coerce compliance, it directed Donziger to surrender his passport(s) to the Clerk of the Court, the passport to be returned to Donziger upon full compliance with the Court's orders. Donziger initially agreed to turn over the passport(s) if the Court so required but then reneged and refused to comply with the Court's order. Donziger now seeks a stay pending appeal of the coercive fines imposed for his refusal to comply with the relevant provisions of the Protocol until he complies fully with their terms. While he has been held in civil contempt for other misconduct, those determinations are not implicated by the present motion because they did not result in any coercive relief or, in one instance, was purged. Moreover, the further accumulation of coercive fines was suspended after he filed this motion. In determining whether to issue a stay pending appeal, the Court considers"(l) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."'1. The necessary 'level' or 'degree' of possibility of success will vary according to the comt's assessment of the other [stay] factors." 2. Donziger is not entitled to any stay pending appeal under this standard, substantially for the reasons set forth in Chevron's memorandum. DI 2237. In addition to the reasons advanced by Chevron, the Court emphasizes an additional point with respect to each of the passport order and the order holding Danziger in contempt of paragraph 5 of the Forensic Inspection Protocol (the "Protocol"). 1. Danziger has been stalling perfectly legitimate post–judgment discovery since Chevron served its information subpoenas many, many months ago. The Court first directed him to comply with parts of the subpoenas. When Donziger made no serious effort to comply with his court directed obligations, the Court adopted in principle the proposal that Donziger's electronically stored information be located, imaged to protect its integrity and to return Donziger's devices to him as quickly as possible, and searched. Despite Donziger's refusal to play any meaningful role in formulating a process for doing so, the Court laboriously developed the process reflected in the Forensic Inspection Protocol, which is highly protective of Donziger. See generally DI 2171, DI 2172. When Donziger refused to comply with the Protocol, Chevron moved successfully to hold Donziger in civil contempt. As there was no meritorious defense to that motion, it was granted. The Court first resorted to coercive fines to induce compliance. But that measure failed. So the Court elected to require Donziger to surrender his passport(s) pending his compliance with paragraphs 4 and 5 of the Protocol. After initially stating on the record that he would surrender the passport(s), he refused. In this posture, there is no real merit to the stay motion. The further accumulation of coercive fines has been suspended, essentially on |

the ground that it has been ineffective. DI 2252. So all that remains of the stay motion is the order to tum over the passport. District courts have broad discretion to formulate remedies to coerce compliance with their orders. As the Second Circuit has said, "[t]o the extent that a contempt sanction is coercive, thecourt has 'broad discretion to design a remedy that will bring about compliance." ParamedicsElectromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004) (quoting Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 57 (2d Cir. 1982)). Given that coercive fines had failed, it is difficult to imagine any other remedy short of incarceration that might be effective. In my judgment, there is no meaningful possibility that the passport surrender order would be overturned on appeal.2. Donziger's position is even weaker as to the contempt holding with respect to the provision of the Protocol requiring him to tum over his devices and media to the Neutral Forensic Expert, paragraph 5. DI 2219. He has not appealed either from that order (which in any case probably was not appealable) or from the order holding him in civil contempt for failing to comply with paragraph 5. The time within which to have done so has expired with respect to both orders. Quite apart from that, there was no merit to his substantive argument. All of that said, it is relevant to focus on the two different parts of the Forensic Inspection Protocol. The first pa1t involves Donziger adequately identifying and accounting for his devices and media, Donziger turning them over to the Neutral Forensic Expert ("NFE"), and the NFE then imaging the devices and media in order to preserve the integrity of the data and permit return ofthe original items to Donziger. The second involves the analytical and search process that is designed to result in the production to Chevron of the documents that the Court ordered produced a very long time ago and that Donziger has not produced. Any further delay in the first part would be dangerous to the integrity of the data and, moreover, entirely unjustified. A modest further delay of the secondpart would be inconvenient but tolerably so if any appeal were pursued and resolved promptly. In all the circumstances, Donziger's motion for a stay pending appeal of ce1tain relief granted in the Court's contempt ruling (DI 2234) is granted to the extent that those motions of theProtocol as require or permit disclosure to Chevron of information obtained from Donziger – specifically, paragraphs 7 (b), 7 (d)–(f), and 8 through 10 – are stayed pending appeal. In order to avoid unnecessary additional delay, this stay is conditioned explicitly on the following conditions: l. Donziger shall file his appellate brief and appendix in support of his appeal from the decision of May 23, 2019 no later than July 3l, 2019 and his reply brief no later than 14 days after the filing of Chevron's brief. 2. Donziger shall not oppose any motion for the Second Circuit to expedite that or any related appeal. Donziger's motion is denied in all other respects. Without limiting the foregoing, he remains obligated to comply fully with paragraphs 4 and 5 of the Protocol and to surrender his passport(s) to the Clerk as previously directed. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/2/2019) (jca) (Entered: 07/02/2019)

| 07/02/2019 | 2255 | JOINT LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro and Steven R. Donziger dated July 2, 2019 re: Paragraph 4 Contempt. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A– June 28 Meet and Confer Correspondence, # 2 Exhibit B– Further June 28 Meet and Confer Correspondence, # 3 Exhibit C– July 1 Meet and Confer Correspondence, # 4 Exhibit D– Consent Form)(Mastro, Randy) (Entered: 07/02/2019) |
| 07/02/2019 | 2256 | DECLARATION of Spencer Lynch re: 2255 Letter, . Document filed by Chevron Corporation. (Attachments: # 1 Exhibit SL1– Apple's Service and Support Coverage Page for MacBook Air)(Mastro, Randy) (Entered: 07/02/2019) |
| 07/03/2019 | 2257 | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE: Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non–Dispositive Motion/Dispute. Referred to Magistrate Judge Robert W. Lehrburger. Determination of whether Donziger and his PLLC have purged themselves of their contempt of paragraph 4 of the Forensic Inspection Protocol, entered March 5, 2019. The magistrate judge shall conduct such proceedings to do so as may be deemed reasonable and convenient to accomplish the task including, if so advised, conducting any evidentiary hearings. The determination shall include findings of fact and conclusions of law or take the form of a report and recommendation, as may be appropriate. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/3/2019) (jca) (Entered: 07/03/2019) |

| | | |
|---|---|---|
| 07/05/2019 | 2258 | ORDER granting 2240 Motion for Leave to File Document. (Signed by Judge Lewis A. Kaplan on 7/5/2019) (Kaplan, Lewis) (Entered: 07/05/2019) |
| 07/08/2019 | 2259 | ORDER: The issue of whether Donziger has purged his contempt with respect to Paragraph 4 of the forensic inspection protocol has been referred to me. The parties' submissions indicate that there are factual questions to be resolved. Accordingly, a hearing will be held to address the issue of Donziger's compliance. Donziger should be prepared to testify and be cross–examined. The parties shall cooperate with my Deputy Clerk in scheduling the hearing. (Signed by Magistrate Judge Robert W. Lehrburger on 7/8/2019) (rsh) (Entered: 07/08/2019) |
| 07/08/2019 | 2260 | REPLY MEMORANDUM OF LAW in Support re: 2243 MOTION for Attorney Fees / Notice of Chevron Corporation's Motion for Award of Attorneys' Fees. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 07/08/2019) |
| 07/10/2019 | 2261 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated July 10, 2019 re: Dismissal of Canadian Enforcement Action. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A– Order Dismissing Canadian Action, # 2 Exhibit B– Canadian Notice of Motion, # 3 Exhibit C– Letter to Canadian Counsel)(Mastro, Randy) (Entered: 07/10/2019) |
| 07/11/2019 | 2262 | PROPOSED CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT. Clerk's Certification of a Judgment to be Registered in Another District to be Picked up by Party. Document filed by Chevron Corporation. Document Number of Related Judgment: [1962 and 2210]. (Mastro, Randy) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** (Entered: 07/11/2019) |
| 07/12/2019 | | CERTIFICATION OF JUDGMENT issued on July 12, 2019, as to two supplemental judgments dated 2/28/18 and 5/24/19. Certification to be picked up by party. (km) (Entered: 07/12/2019) |
| 07/16/2019 | 2263 | SCHEDULING ORDER: Hearing set for 8/7/2019 at 9:30 AM in Courtroom 18D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Robert W. Lehrburger. (Signed by Magistrate Judge Robert W. Lehrburger on 7/16/2019) (rsh). (Entered: 07/16/2019) |
| 07/16/2019 | 2264 | MEMO ENDORSEMENT granting 2243 MOTION for Attorney Fees / Notice of Chevron Corporation's Motion for Award of Attorneys' Fees. ENDORSEMENT: On May 23, 2019, the Court granted in whole or in part four motions by Chevron Corporation ("Chevron") to hold Steven Donziger and Donziger & Associates, PLLC in civil contempt and found that at least some of those contempts were wilful and ruled that Chevron was entitled to recover reasonable attorneys' fees in prosecuting those applications. DI 2209, at 69–71 & 4. The same order stated that any application for attorneys' fees was to be filed on or before June 18, 2019. Id. at 69. On June 18, 2019, Chevron timely filed this application for attorneys' fees pursuant to the May 23, 2019 decision. DI 2243. Donziger & Associates, PLLC, which has been unrepresented here at least since Steven Danziger was suspended from the practice of law, has not opposed the motion. Donziger himself opposes it on the ground that it is untimely. Donziger's argument is both frivolous and deceptive. Danziger contends that the motion is untimely because: "Fed. R. Civ. P. Rule 54(d)(2)(B) states that '[u]nless a statute or a court order provides otherwise, [a claim for attorney's fees] must...be filed no later than 14 days after the entry of judgment. A 'judgment' is defined to 'include[ ]a decree and any order from which an appeal lies.' Fed. R. Civ. P. 54(a). The Court issued its final opinion and order on the contempt motions on May 23, 2019 ('Contempt Decision'), and the clerk formally entered the new supplemental money judgment associated with the order on May 24, 2019. Nothing in the Contempt Decision provided any alternative deadline. Thus, any attorney's fee motion was due June 6, 2019 or at the latest June 7, 2019. Chevron neglected to file its motion until June 18, 2019–almost twice the time allowed under the rules. It has forfeited any claim to fees regarding the Contempt Decision." Nowhere does he acknowledge that the Court's May 23 order, as expressly permitted by Fed. R. Civ. P. 54(d)(2)(B), specifically and unequivocally fixed June 18 as the date by which Chevron's motion had to be filed. Thus, his timeliness argument is utterly without merit. I have considered Donziger' s other submissions. All are without merit. Indeed, he has not made an serious attempt to address the merits of Chevron's motion. He does not, for example, challenged the reasonableness of the hourly rates charged or, beyond his use |

| | | |
|---|---|---|
| | | of pejorative and conclusory adjectives, address the reasonableness of the services performed or the time devoted to providing them. As a review the chronology provided by Chevron [DI 2245–2] demonstrates, Donziger's intransigence is directly responsible for the considerable efforts Chevron was forced to undertake to get at the pertinent facts. The Court finds that the rates charged, the services performed, and the time devoted to those services were reasonable. Accordingly, Chevron's motion [DI 2243] is granted in all respects. The Clerk shall enter a supplemental judgment awarding to Chevron and against Donziger and Donziger & Associates, PLLC, jointly and severally, the sum of $3,433,384.30 as reasonable attorneys' fees incurred. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/16/2019) (jca) (Entered: 07/16/2019) |
| 07/16/2019 | 2265 | MOTION to Compel Joshua Rizack and The Rising Group Consulting, Inc. to Produce the Mirror Images of their Electronic Devices for Inspection . Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 07/16/2019) |
| 07/16/2019 | 2266 | MEMORANDUM OF LAW in Support re: 2265 MOTION to Compel Joshua Rizack and The Rising Group Consulting, Inc. to Produce the Mirror Images of their Electronic Devices for Inspection . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 07/16/2019) |
| 07/16/2019 | 2267 | DECLARATION of Andrea E. Neuman in Support re: 2265 MOTION to Compel Joshua Rizack and The Rising Group Consulting, Inc. to Produce the Mirror Images of their Electronic Devices for Inspection .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– J. Rizack Deposition Exhibit 5350, # 2 Exhibit 2– J. Rizack Deposition Excerpts, # 3 Exhibit 3– Rizack Financial Spreadsheet, # 4 Exhibit 4– Evidentiary Hearing Before Kaplan Excerpts, # 5 Exhibit 5– S. Donziger Checks, # 6 Exhibit 6– Agreement for Compensation and Investment, # 7 Exhibit 7– D. Yass Deposition Excerpts, # 8 Exhibit 8– J. Goldstein Letter to A. Lenczner, # 9 Exhibit 9– M. Delgass Deposition Excerpts, # 10 Exhibit 10– Wellbeck Responses and Objections, # 11 Exhibit 11– Delgass Email to Cerrata re Wellbeck, # 12 Exhibit 12– Rizack Email to Yass re Ecuador, # 13 Exhibit 13– Rizack's ROI Schedule, # 14 Exhibit 14– J. van Merkensteijn Email to Self re Deal Terms Attached, # 15 Exhibit 15– Donziger Email to Rizack & Page re new Contract, # 16 Exhibit 16– Page Email to Lenczner re 2nd Investment Agreement, # 17 Exhibit 17– Rizack Email to Donziger re Contrato, # 18 Exhibit 18– Rizack Email to Donziger re does this look ok, # 19 Exhibit 19– Donziger Email to Rizack, # 20 Exhibit 20– Rizack Email to Donziger re Daniel Call, # 21 Exhibit 21– Donziger Email to J. van Merkensteijn re Updated Investment Docs, # 22 Exhibit 22– Donziger Email to Rizack re Chevron Subpoena, # 23 Exhibit 23– Email chain between C. Lam and J. Rizack, # 24 Exhibit 24– Donziger Email to J. van Merkensteijn re Ecuador Chart, # 25 Exhibit 25– Donziger Email to Sullivan FW Agreement, # 26 Exhibit 26– Rizack Letter to GDC (Neuman), # 27 Exhibit 27– Rizack Email to GDC (Neuman) re Chevron v Donziger, # 28 Exhibit 28– Email from J. Rizack to V. Eisinger, # 29 Exhibit 29– Email from J. Rizack to V. Eisinger, # 30 Exhibit 30– Goldstein Email to Rizack re Data, # 31 Exhibit 31– Donziger Email to Page re Investment Interests, # 32 Exhibit 32– Donziger Email to Rizack re Chevron v Donziger Case, # 33 Exhibit 33– Donziger Email to Rizack re Letter to Court, # 34 Exhibit 34– Retainer Agreement (PX 0558), # 35 Exhibit 35– Steven Donziger Deposition Excerpts, # 36 Exhibit 36– Donziger Email to Rizack re Chevron Subpoena, # 37 Exhibit 37– Donziger Email to Cordova, # 38 Exhibit 38– Page email to Donziger and Rizack, # 39 Exhibit 39– O'Reilly Email to Rizack, # 40 Exhibit 40– Sherman Email to Donziger and Rizack, # 41 Exhibit 41– Rizack Email to Yass, # 42 Exhibit 42– Rizack Email to Goldstein, # 43 Exhibit 43– Yass Email to Rizack, # 44 Exhibit 44– Yass Email to Rizack, # 45 Exhibit 45– Donziger Email to Rizack and Page, # 46 Exhibit 46– Rizack Email to Donziger and Page re Daniel, # 47 Exhibit 47– D. Israel Email to Donziger, Rizack, etc., # 48 Exhibit 48– A. Gordon Email to Donziger, Rizack, etc., # 49 Exhibit 49– Page Email to Rizack re Agreements, # 50 Exhibit 50– Donziger Email to Rizack re drafting, # 51 Exhibit 51– Rizack Email to Donziger re investment agreement, # 52 Exhibit 52– Rizack Email to Donziger and Page re comments, # 53 Exhibit 53– Page Email to Donziger and Rizack re acceptable email, # 54 Exhibit 54– Rizack Email to Donziger re new draft agreement, # 55 Exhibit 55– Donziger Email to Page and Rizack re important, # 56 Exhibit 56– A. Neuman Letter to J. Rizack)(Neuman, Andrea) (Entered: 07/16/2019) |

| | | |
|---|---|---|
| 07/16/2019 | 2268 | DECLARATION of John A. Slavek in Support re: 2265 MOTION to Compel Joshua Rizack and The Rising Group Consulting, Inc. to Produce the Mirror Images of their Electronic Devices for Inspection .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– Payments to J. Rizack / The Rising Group (Jan. 2012 – Jan. 2017))(Mastro, Randy) (Entered: 07/16/2019) |
| 07/16/2019 | 2269 | DECLARATION of Nancy J. Moore in Support re: 2265 MOTION to Compel Joshua Rizack and The Rising Group Consulting, Inc. to Produce the Mirror Images of their Electronic Devices for Inspection .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– Nancy Moore's Curriculum Vitae, # 2 Exhibit 2– Nancy Moore's List of Expert Witness Testimony, # 3 Exhibit 3–01 – Deposition Transcript Citations regarding Donziger's Speaking Objections, # 4 Exhibit 3–02 – Deposition Video clips regarding Donziger's Improper behavior, # 5 Exhibit 3–03 – Deposition Transcript Citations regarding Donziger's Personal attacks, # 6 Exhibit 3–04 – About Section regarding Steven Donziger retrieved from stevendonziger.com on June 25, 2019, # 7 Exhibit 3–05 – Steven Donziger Deposition Transcript Excerpted, # 8 Exhibit 3–06 – Email from S. Donziger to P. Campbell Ford re outstanding fee issue, # 9 Exhibit 3–07 – CSR Wire Article, "Ecuadorian Villagers Take Steps to Protect Environmental Judgment After Violation of Embargo Order.", # 10 Exhibit 3–08 – UDAPT Press Release (Certified translation), # 11 Exhibit 3–09 – UDAPT Letter regarding Donziger and Yanza called to provide explanations (Certified translation), # 12 Exhibit 3–10 – UDAPT Draft Letter (Certified translation), # 13 Exhibit 3–11 – Steven Donziger Deposition Transcript, # 14 Exhibit 3–12 – Joshua Rizack Deposition Transcript, # 15 Exhibit 3–13 – Email from S. Donziger to S. Donziger regarding Latest on Ecuador case, # 16 Exhibit 3–14 – Email thread between K. Hinton and S. Donziger re From the AP, # 17 Exhibit 3–15 – Mary Katie Sullivan Deposition Transcript, # 18 Exhibit 3–16 – Agreement to Dispute a Case Against Chevron Texaco, Now Chevron, In Ecuador, # 19 Exhibit 3–17 – S. Donziger Retainer Agreement, # 20 Exhibit 3–18 – Excerpted Transcript from June 28, 2018 Contempt Hearing, # 21 Exhibit 3–19 – FDA Press Conference, # 22 Exhibit 3–20 – Email Forwarded by S. Donziger to J. Rizack re Legal basis for funding Ecuador case, # 23 Exhibit 3–21 – Email thread between J. Rizack and M. Delgass re Accounting, # 24 Exhibit 3–22 – Superseding Retainer Agreement, # 25 Exhibit 3–23 – Summary of Donziger–Related Bank Accounts, # 26 Exhibit 3–24 – Investment Agreements Reviewed and Comparison with Known Investor Deposits into Donziger Related Bank Accounts, # 27 Exhibit 3–25 – Detail of Investor Deposits Into Donziger–Controlled Bank Accounts (by Individual Deposits), # 28 Exhibit 3–26 – Detail of Investor Deposits Into Donziger–controlled Bank Accounts (by Year and Investor), # 29 Exhibit 3–27 – Analysis of TD Bank Accounts – Balances, Investor Deposits and Transfers Between Accounts, # 30 Exhibit 3–28 – Analysis of Chase Bank Accounts – Transfers Between Accounts, # 31 Exhibit 3–29 – Analysis of Financial Transactions in the TD Bank Production – Payments Totals from Personal vs Business Accounts – Payees > \$1,000, # 32 Exhibit 3–30 – Summary of TD Bank Visa & American Express Credit Card Expenses – Top 50 Payees, # 33 Exhibit 3–31 – J. Slavek Declaration In Support of Chevron's Motion to Hold S. Donziger in Contempt of Court, # 34 Exhibit 3–32 – Steven Donziger Declaration, # 35 Exhibit 3–33 – John van Merkensteijn Deposition Transcript Excerpted, # 36 Exhibit 3–34 – Cliff Eisler Deposition Transcript Excerpted, # 37 Exhibit 3–35 – Antony Abbiati Deposition Transcript Excerpted, # 38 Exhibit 3–36 – Glenn Krevlin Deposition Transcript Excerpted, # 39 Exhibit 3–37 – Peter Campbell Ford Deposition Transcript Excerpted, # 40 Exhibit 3–38 – Declaration of John A. Slavek in Support of Chevron's Application by Order to Show Cause to Compel Joshua Rizack to Produce Mirror Images of his Electronic Devices for inspection, # 41 Exhibit 3–39 – Judge Kaplan's Memorandum Opinion re Motion to Hold Donziger in Contempt of Court, # 42 Exhibit 3–40 – Statement of Steven Donziger in Responses to Contempt finding, # 43 Exhibit 3–41 – Radiosucumbios.org (FDA press conference), # 44 Exhibit 3–42 – Email From D. Zelman to J. van Merkensteijn re Latest on Ecuador case, # 45 Exhibit 3–43 – Email from S. Donziger regarding Latest on Ecuador case, # 46 Exhibit 3–44 – Email from S. Donziger regarding Latest on Ecuador case, # 47 Exhibit 3–45 – Email from S. Donziger regarding Latest on Ecuador case, # 48 Exhibit 3–46 – S. Donziger Twitter Post re Chevron on day of D. Zelman Deposition, # 49 Exhibit 3–47 – FDA/UDAPT Schism Timeline, # 50 Exhibit 3–48 – DC Court of Appeals Order re Suspension of S. Donziger (Filed on 10/24/2018 [Dkt. 2114–8] Exh. 69 to Champion Decl), # 51 Exhibit 3–49 – FDA Article 'CVX Putting out Inaccurate Information about Ontario Enforcement Action to Hide Risk of \$12b Ecuador Pollution |

| | | |
|---|---|---|
| | | Judgment', # <u>52</u> Exhibit 3–50 – Laura Miller Deposition Transcript Excerpted, # <u>53</u> Exhibit 3–51 – Declaration of the Affected Nationalities in the Province of Sucumbios (Filed on 05/04/2018 [Dkt. 1989–5] Exh. 5 to CVX's MtC, # <u>54</u> Exhibit 3–52 – Joshua Rizack Deposition Transcript Excerpted, # <u>55</u> Exhibit 3–53 – Screen Shot of Youtube teleSUR Interview with Steven Donziger)(Mastro, Randy) (Entered: 07/16/2019) |
| 07/17/2019 | <u>2270</u> | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non–Dispositive Motion/Dispute; DI 2265, Motion to Compel Joshua Rizack and The Rising Group Consulting, Inc. to Produce Mirror Images of their Electronic Devices. Referred to Magistrate Judge Robert W. Lehrburger. SO ORDERED. Motions referred to Robert W. Lehrburger. (Signed by Judge Lewis A. Kaplan on 7/17/2019) (jca) (Entered: 07/17/2019) |
| 07/19/2019 | | Transmission to Orders and Judgments Clerk. Transmitted re: <u>2264</u> Order on Motion for Attorney Fees to the Orders and Judgments Clerk. (cf) (Entered: 07/19/2019) |
| 07/19/2019 | <u>2271</u> | SUPPLEMENTAL JUDGMENT in favor of Chevron Corporation against Donziger & Associates, PLLC, Steven Donziger. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memo–Endorsed Order dated July 16, 2019, Chevron's motion [DI 2243] is granted in all respects; Chevron is awarded the sum of $3,433,384.30, against Donziger and Donzinger Associates, PLLC, jointly and severally, as reasonable attorneys' fees incurred. (Signed by Clerk of Court Ruby Krajick on 07/19/2019) (Attachments: # <u>1</u> Notice of Right to Appeal)(dt) (Entered: 07/19/2019) |
| 07/22/2019 | <u>2272</u> | THIRD MOTION to Compel Laura Miller to Comply with Subpoena . Document filed by Chevron Corporation. (Attachments: # <u>1</u> Exhibit 1– Laura Miller Depo Ex 5600, # <u>2</u> Exhibit 2– 2019.06.06 L. Miller Depo Ex 5667, # <u>3</u> Exhibit 3– 2019.06.06 L. Miller Depo Ex 5653, # <u>4</u> Exhibit 4– 2019.06.06 L. Miller Depo Excerpted, # <u>5</u> Exhibit 5– Speaking Objections – L. Miller, # <u>6</u> Exhibit 6– L. Miller Unanswered Questions)(Mastro, Randy) (Entered: 07/22/2019) |
| 07/25/2019 | <u>2273</u> | MOTION for Christopher M. Joralemon, Avi Weitzman and Georgia K. Winston to Withdraw as Attorney . Document filed by Chevron Corporation. (Attachments: # <u>1</u> Text of Proposed Order)(Mastro, Randy) (Entered: 07/25/2019) |
| 07/25/2019 | <u>2274</u> | DECLARATION of RANDY M. MASTRO in Support re: <u>2273</u> MOTION for Christopher M. Joralemon, Avi Weitzman and Georgia K. Winston to Withdraw as Attorney .. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 07/25/2019) |
| 07/30/2019 | <u>2275</u> | ORDER GRANTING WITHDRAW AS COUNSEL granting <u>2273</u> MOTION for Christopher M. Joralemon, Avi Weitzman and Georgia K. Winston to Withdraw as Attorney. Upon the Notice by Counsel for Plaintiff Chevron Corporation and the accompanying Declaration of Randy M. Mastro, IT IS HEREBY ORDERED that the noticed request to withdraw Christopher M. Joralemon, Avi Weitzman and Georgia K. Winston as counsel for Chevron Corporation is granted, and the appearances of Mr. Joralemon, Mr. Weitzman and Ms. Winston are withdrawn as of the date of this Order. Attorney Georgia K. Winston; Christopher Michael Joralemon and Avi Weitzman terminated. (Signed by Judge Lewis A. Kaplan on 7/30/2019) (jca) (Entered: 07/30/2019) |
| 07/31/2019 | <u>2276</u> | ORDER TO SHOW CAUSE WHY DEFENDANT STEVEN DONZIGER SHOULD NOT BE HELD IN CRIMINAL CONTEMPT: Steven Donziger is herebyORDERED, pursuant to Fed. R. Crim. P. 42, to show cause at a trial beginning at 9:30 a.m. on September 23, 2019 or such later date as the Court may fix, before the Honorable Loretta A. Preska, District Judge, in the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, Courtroom 12A, why he should not be held in criminal contempt of court, pursuant to 18U.S.C. §§ 401(3) and 2 and Fed. R. Crim. P. 42. It is further ORDERED, that the defendant appear personally before the Honorable Loretta A. Preska, District Judge, in the Daniel Patrick Moynihan Courthouse, 500 Pearl street, New York, New York 10007, Courtroom 12A on August 6, 2019 at 10:00 am for an initial conference. (And as further set forth in this Order.) (Initial Conference set for 8/6/2019 at 10:00 AM in Courtroom 12A, 500 Pearl Street, New York, NY 10007 before Judge Loretta A. |

| | | |
|---|---|---|
| | | Preska.) (Show Cause Hearing set for 9/23/2019 at 09:30 AM in Courtroom 12A, 500 Pearl Street, New York, NY 10007 before Judge Loretta A. Preska.) (Signed by Judge Lewis A. Kaplan on 7/30/2019) (jca) (Entered: 07/31/2019) |
| 07/31/2019 | 2277 | ORDER OF APPOINTMENT: It is hereby ORDERED, pursuant to Fed. R. Crim. P. 42(a)(2) and the inherent power of the Court, that Rita M. Glavin, Brian Maloney, and Sareen Armani are hereby appointed to prosecute Steven Donziger on the charges of criminal contempt of court set forth in the Order to Show Cause, dated today, and it is further ORDERED, that these attorneys shall have the same power to investigate, gather evidence and present it to the Court as could any other government prosecutor including, without limitation, the power to issue or procure issuance of subpoenas and apply for and execute or cause the execution of search warrants. UNITED STATES OF AMERICA added, Attorney Rita Marie Glavin, Sareen Karla Armani, Brian Paul Maloney for UNITED STATES OF AMERICA added. (Signed by Judge Lewis A. Kaplan on 7/30/2019) (jca) (Entered: 07/31/2019) |
| 07/31/2019 | 2278 | NOTICE OF APPEARANCE by Michael Lloyd Yaeger on behalf of Rizack Joshua, The Rising Group Consulting, Inc.. (Yaeger, Michael) (Entered: 07/31/2019) |
| 07/31/2019 | 2279 | NOTICE OF APPEARANCE by Alex Brian Silverman on behalf of Rizack Joshua, The Rising Group Consulting, Inc.. (Silverman, Alex) (Entered: 07/31/2019) |
| 07/31/2019 | 2280 | LETTER MOTION for Extension of Time *to respond to Motion to Compel (Dkt. 2265)* addressed to Magistrate Judge Robert W. Lehrburger from Michael L. Yaeger dated 07/31/2019. Document filed by Rizack Joshua, The Rising Group Consulting, Inc.. Return Date set for 8/15/2019 at 11:59 PM.(Yaeger, Michael) (Entered: 07/31/2019) |
| 08/01/2019 | 2281 | ORDER granting 2280 Letter Motion for Extension of Time: The Court applauds Plaintiff and non–party Rizack's efforts to resolve the motion to compel and grants the proposal as set forth in the July 31, 2019 joint letter (Dkt. 2280). To the extent issues remain to be resolved, Chevron and Rizack will submit a joint brief of no more than 15 pages by August 15, 2019. (HEREBY ORDERED by Magistrate Judge Robert W. Lehrburger)(Text Only Order) (Lehrburger, Robert) (Entered: 08/01/2019) |
| 08/02/2019 | 2282 | ORDER: Ms. Laura Miller is an non–party and the respondent on Chevron's third motion to compel her to comply with a subpoena [DI 2272]. There appears to be no stand alone proof in the case file of service of Chevron's motion, although the motion was served electronically on her husband, Steven Donziger. Donziger, however, cannot represent her because he has been suspended from the practice of law and Ms. Miller is not a registered user of the electronic system.While it seems entirely likely that Ms. Miller has had notice of Chevron's motion, Chevron shall file proper proof of service or, if sufficient service has not been made, serve Ms. Miller in accordance with the Federal Rules and file proof thereof. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 8/2/2019) Copies Mailed By Chambers. (jca) Modified on 8/2/2019 (jca). (Entered: 08/02/2019) |
| 08/02/2019 | 2283 | LETTER addressed to Magistrate Judge Robert W. Lehrburger from Randy M. Mastro dated August 2, 2019 re: August 7, 2019 Hearing. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Email)(Mastro, Randy) (Entered: 08/02/2019) |
| 08/02/2019 | 2284 | AFFIDAVIT OF SERVICE of Third Motion to Compel Compliance with Subpoena served on Laura Miller on July 24, 2019. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/02/2019) |
| 08/05/2019 | 2285 | EMERGENCY LETTER MOTION to Continue *August 6, 2019 Status Conference* addressed to Judge Loretta A. Preska from Steven Donziger dated Aug. 5, 2019. Document filed by Steven Donziger. (Attachments: # 1 Exhibit A (Merits brief in pending appeal No. 18–2191))(Donziger, Steven) (Entered: 08/05/2019) |
| 08/05/2019 | 2286 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated August 5, 2019 re: Steven Donziger's pending appeal. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 08/05/2019) |
| 08/05/2019 | 2287 | LETTER addressed to Magistrate Judge Robert W. Lehrburger from Randy M. Mastro dated August 5, 2019 re: response to Donziger's request to stay proceedings |

| | | or, in the alternative, to continue the August 7, 2019 hearing. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 08/05/2019) |
|---|---|---|
| 08/05/2019 | 2288 | LETTER addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated August 5, 2019 re: proof of service on Laura Miller. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Email Chain)(Mastro, Randy) (Entered: 08/05/2019) |
| 08/05/2019 | 2289 | EMERGENCY LETTER MOTION to Continue *August 7, 2019 Hearing* addressed to Magistrate Judge Robert W. Lehrburger from Steven Donziger dated Aug. 5, 2019. Document filed by Steven Donziger.(Donziger, Steven) (Entered: 08/05/2019) |
| 08/05/2019 | 2290 | LETTER addressed to Judge Loretta A. Preska from Rita M. Glavin dated August 5, 2019 re: August 6, 2019 Initial Conference. Document filed by United States of America. (Attachments: # 1 Exhibit 8/1/19 News Article)(Glavin, Rita) (Entered: 08/05/2019) |
| 08/05/2019 | 2291 | ORDER: On July 31, 2019, the Honorable Lewis A. Kaplan issued an order directing Steven Donziger to show cause why he should not be held in criminal contempt of court [dkt. no. 2276]. The Clerk shall assign a criminal docket number to proceedings with respect to the criminal contempt proceeding. All subsequent filings in the criminal contempt proceeding shall bear the caption above, the new criminal docket number, and below the new criminal docket number the notation [11–cv–691]. Papers filed and docket entries made in the criminal case shall be spread also to 11–cv–691. The docket sheet in the new criminal case shall begin with a notation stating that the order to show cause and other papers with respect to the criminal case filed prior to the opening of the criminal file are filed in 11–cv–691. SO ORDERED. (Signed by Judge Loretta A. Preska on 8/5/2019) (mml) Modified on 8/5/2019 (mml). (Entered: 08/05/2019) |
| 08/05/2019 | | Transmission to the Civil Case Openings Clerk. Transmitted re: 2291 Order to the Civil Case Openings Clerk for case processing. (mml) (Entered: 08/05/2019) |
| 08/05/2019 | 2292 | LETTER RESPONSE in Support of Motion addressed to Magistrate Judge Robert W. Lehrburger from Steven Donziger dated Aug. 5, 2019 re: 2289 EMERGENCY LETTER MOTION to Continue *August 7, 2019 Hearing* addressed to Magistrate Judge Robert W. Lehrburger from Steven Donziger dated Aug. 5, 2019. . Document filed by Steven Donziger. (Donziger, Steven) (Entered: 08/05/2019) |
| 08/06/2019 | 2293 | ORDER granting 2289 Letter Motion to Continue. Accordingly, the August 7, 2019 hearing is adjourned until a date to be determined by cooperation of the parties with my Courtroom Deputy, such date to be no earlier than September 16, 2019 (thus providing Donziger with a three–week period to try to obtain counsel, and a two–week–plus period beyond that in the event he is successful in that effort). SO ORDERED. (Signed by Magistrate Judge Robert W. Lehrburger on 8/6/2019) (mml) (Entered: 08/06/2019) |
| 08/06/2019 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Initial Pretrial Conference held on 8/6/2019. (Court Reporter Lisa Fellis) (mph) (Entered: 08/29/2019) |
| 08/07/2019 | 2294 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Order to Show Cause served on Steven Donziger on 7/3/2019. Service was accepted by Laura Miller – Wife. Document filed by United States of America. (vba) (Entered: 08/07/2019) |
| 08/09/2019 | 2295 | ORDER: It is hereby ordered that: 1. Mr. Danziger and counsel shall appear on August 12, 2019 at 12:00P.M. in courtroom 12A, United States Courthouse, 500 Pearl Street, New York, New York for a conference. 2. Mr. Danziger shall turn over today any and all passports in his possession, whether expired or not, and any and all other travel documents in his possession, whether expired or not. (Status Conference set for 8/12/2019 at 12:00 PM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Loretta A. Preska.) (Signed by Judge Loretta A. Preska on 8/9/2019) (jwh) (Entered: 08/09/2019) |
| 08/12/2019 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Interim Pretrial Conference held on 8/12/2019. Next conference scheduled for September 23, 2019 at 10:00 a.m. before Judge Preska. (Court Reporter Present) (mph) Modified on |

| | | |
|---|---|---|
| | | 8/29/2019 (mph). (Entered: 08/29/2019) |
| 08/12/2019 | | Set/Reset Hearings: Pretrial Conference set for 9/23/2019 at 10:00 AM in Courtroom 12A, 500 Pearl Street, New York, NY 10007 before Judge Loretta A. Preska. (mph) (Entered: 08/29/2019) |
| 08/14/2019 | 2296 | LETTER MOTION for Extension of Time *for Joshua Rizack and The Rising Group Consulting, Inc. to respond to Motion to Compel (Dkt. 2265)* addressed to Magistrate Judge Robert W. Lehrburger from Michael L Yaeger, Alex B. Silverman dated 8.14.19. Document filed by Rizack Joshua, The Rising Group Consulting, Inc.. Return Date set for 8/29/2019 at 11:59 PM.(Yaeger, Michael) (Entered: 08/14/2019) |
| 08/14/2019 | 2297 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Robert W. Lehrburger from Randy M. Mastro dated August 14, 2019 re: 2296 LETTER MOTION for Extension of Time *for Joshua Rizack and The Rising Group Consulting, Inc. to respond to Motion to Compel (Dkt. 2265)* addressed to Magistrate Judge Robert W. Lehrburger from Michael L. Yaeger, Alex B. Silverman dated 8.14.19. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/14/2019) |
| 08/14/2019 | 2298 | ORDER granting in part and denying in part 2296 Letter Motion for Extension of Time: With respect to briefing on the subpoena issued to Mr. Rizack, the parties shall adhere to the procedure previously proposed by the parties and ordered by the Court (Dkt. 2281). However, the schedule is modified as follows: the parties shall exchange drafts of their respective sections no later than 5:00 pm on August 22, 2019; exchange revisions no later than 5:00 p.m. on August 27; and file, via Chevron, the joint submission no later than 5:00 p.m. on August 28. As counsel for Mr. Rizack notes, he and Chevron "have had near–daily communications in an effort to resolve the Motion." The parties therefore should not need much time to formulate their points for submission. That said, the Court considers the schedule proposed by Chevron as a bit tight and therefore orders the schedule set forth above. (HEREBY ORDERED by Magistrate Judge Robert W. Lehrburger)(Text Only Order) (Lehrburger, Robert) (Entered: 08/14/2019) |
| 08/19/2019 | 2299 | LETTER addressed to Judge Loretta A. Preska from Andrew J Frisch dated August 17, 2019 re: addressing prosecutor's concerns about restraining notice. Document filed by Steven Donziger.(Frisch, Andrew) (Entered: 08/19/2019) |
| 08/19/2019 | 2300 | LETTER addressed to Judge Loretta A. Preska from Rita M. Glavin dated August 9, 2019 re: Release Conditions and Request for August 12, 2019 Conference. Document filed by United States of America.(Glavin, Rita) (Entered: 08/19/2019) |
| 08/19/2019 | 2301 | LETTER addressed to Judge Loretta A. Preska from Rita M. Glavin dated August 16, 2019 re: Bond Security. Document filed by United States of America. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Glavin, Rita) (Entered: 08/19/2019) |
| 08/19/2019 | 2302 | ORDER terminating 2119 Letter Motion for Discovery (HEREBY ORDERED by Judge Lewis A. Kaplan)(Text Only Order) (Kaplan, Lewis) (Entered: 08/19/2019) |
| 08/20/2019 | 2303 | PROPOSED CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT. Filing fee $ 11.00, receipt number ANYSDC–17462205. Clerk's Certification of a Judgment to be Registered in Another District to be Picked up by Party. Document filed by Chevron Corporation. Document Number of Related Judgment: 2271 . (Mastro, Randy) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** (Entered: 08/20/2019) |
| 08/20/2019 | | CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT ISSUED on August 20, 2019, in favor of Cheveron Corporation against Donzinger and Donzinger Associates, PLLC, jointly and severally, in the amount of $3,433,384.50. Certification of a Judgment to be Registered in Another District to be Picked up by Party. (dt) (Entered: 08/21/2019) |
| 08/21/2019 | 2304 | LETTER addressed to Judge Loretta A. Preska from Rita M. Glavin dated August 21, 2019 re: response to August 17, 2019 letter from Andrew J. Frisch (Dkt. #2299). Document filed by United States of America.(Glavin, Rita) (Entered: 08/21/2019) |
| 08/21/2019 | 2305 | PROPOSED CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT. Filing fee $ 11.00, receipt number |

| | | |
|---|---|---|
| | | ANYSDC−17469746. Clerk's Certification of a Judgment to be Registered in Another District to be Picked up by Party. Document filed by Chevron Corporation. Document Number of Related Judgment: 2271 . (Mastro, Randy) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** (Entered: 08/21/2019) |
| 08/21/2019 | 2306 | PROPOSED CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT. Filing fee $ 11.00, receipt number ANYSDC−17469837. Clerk's Certification of a Judgment to be Registered in Another District to be Picked up by Party. Document filed by Chevron Corporation. Document Number of Related Judgment: 2271 . (Mastro, Randy) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** (Entered: 08/21/2019) |
| 08/21/2019 | 2307 | PROPOSED CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT. Filing fee $ 11.00, receipt number ANYSDC−17469907. Clerk's Certification of a Judgment to be Registered in Another District to be Picked up by Party. Document filed by Chevron Corporation. Document Number of Related Judgment: 2271 . (Mastro, Randy) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** (Entered: 08/21/2019) |
| 08/21/2019 | 2308 | PROPOSED CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT. Filing fee $ 11.00, receipt number ANYSDC−17469950. Clerk's Certification of a Judgment to be Registered in Another District to be Picked up by Party. Document filed by Chevron Corporation. Document Number of Related Judgment: 2271 . (Mastro, Randy) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** (Entered: 08/21/2019) |
| 08/21/2019 | 2309 | LETTER addressed to Judge Lewis A. Kaplan from Laura Miller dated 8/14/2019 re: Chevron's lawyer's efforts to obtain further document production and deposition testimony are merely designed to further intimidate and harass me. I respectfully request that this Court deny Chevron's motion. Alternatively, if this Court is inclined to grant Chevron's motion, I respectfully request that this Court specify in detail exactly what additional documents and information I am required to provide so that I can minimize any further proceedings involving, and intimidation by, Chevron and its lawyers.(jca) (Entered: 08/21/2019) |
| 08/21/2019 | 2310 | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non−Dispositive Motion/Dispute; DI 2272, Third Motion to Compel Laura Miller. Referred to Magistrate Judge Robert W. Lehrburger. SO ORDERED. Motions referred to Robert W. Lehrburger. (Signed by Judge Lewis A. Kaplan on 8/21/2019) (jca) (Entered: 08/21/2019) |
| 08/21/2019 | | CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT ISSUED (4)on August 20, 2019, in favor of Cheveron Corporation against Donzinger and Donzinger Associates, PLLC, jointly and severally, in the amount of $3,433,384.50. (4) Certifications of a Judgment to be Registered in Another District to be Picked up by Party.(dt) (Entered: 08/21/2019) |
| 08/21/2019 | 2311 | ORDER: For the reasons set out in the Prosecution's letters dated August 16, 2019 and August 21, 2019, the Court finds that Defendant has not established that he or his sureties have posted cash or property sufficient to satisfy the $800,000 security condition, as required by the Bond. Defendant and his sureties shall secure the Bond by unrestrained assets no later than August 23, 2019. SO ORDERED. (Signed by Judge Loretta A. Preska on 8/21/2019) (ks) (Entered: 08/21/2019) |
| 08/21/2019 | | Transmission to Finance Unit (Cashiers). Transmitted re: 2311 Order,, to the Finance Unit (Cashiers) for case processing. (ks) (Entered: 10/15/2019) |
| 08/23/2019 | 2312 | LETTER addressed to Judge Loretta A. Preska from Andrew J Frisch dated August 23, 2019 re: Letter to Judge Preska for amendment of bond. Document filed by Steven Donziger.(Frisch, Andrew) (Entered: 08/23/2019) |

| | | |
|---|---|---|
| 08/23/2019 | 2313 | MEMO ENDORSEMENT on re: 2312 Letter filed by Steven Donziger. ENDORSEMENT: SO ORDERED. (Signed by Judge Colleen McMahon on 8/23/2019) (mml) (Entered: 08/23/2019) |
| 08/28/2019 | 2314 | JOINT LETTER addressed to Magistrate Judge Robert W. Lehrburger from Randy M. Mastro and Michael L. Yaeger dated August 28, 2019 re: resolution of issues involved with Chevron's July 16, 2019 Motion to Compel. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Protocal, # 2 Exhibit B – Stipulation, # 3 Exhibit C – Stipulation)(Mastro, Randy) (Entered: 08/28/2019) |
| 08/28/2019 | 2315 | MOTION to Hold Aaron Marr Page and Forum Nobis PLLC in Contempt of Court for Their Violation of the RICO and Default Judgments . Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 08/28/2019) |
| 08/28/2019 | 2316 | MEMORANDUM OF LAW in Support re: 2315 MOTION to Hold Aaron Marr Page and Forum Nobis PLLC in Contempt of Court for Their Violation of the RICO and Default Judgments . . Document filed by Chevron Corporation. (Mastro, Randy) (Main Document 2316 replaced on 10/1/2019) (kv). (Entered: 08/28/2019) |
| 08/28/2019 | 2317 | DECLARATION of Anne Champion in Support re: 2315 MOTION to Hold Aaron Marr Page and Forum Nobis PLLC in Contempt of Court for Their Violation of the RICO and Default Judgments. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– Video clip of Plaintiff trial Exhibit PX 0083, # 2 Exhibit 2– Email from A. Page to S. Donziger re Chevron case, # 3 Exhibit 3– Exhibit 3 (Filed Under Seal), # 4 Exhibit 4– Exhibit 4 (Filed Under Seal), # 5 Exhibit 5– Exhibit 5 (Filed Under Seal), # 6 Exhibit 6– A. Page twitter Feed regarding RICO in 2014, # 7 Exhibit 7– Exhibit 7 (Filed Under Seal), # 8 Exhibit 8– Exhibit 8 (Filed Under Seal), # 9 Exhibit 9– D.C. Bar search for Aaron Page, # 10 Exhibit 10– Iowa Judicial Branch Attorney search for Aaron Page, # 11 Exhibit 11– Draft Letter From A. Page & D. Fisher, # 12 Exhibit 12– A. Page Excerpted deposition Transcript, Sept. 15, 2011, # 13 Exhibit 13– Letter from A. Page to S. Donziger, # 14 Exhibit 14– Intentionally omitted, # 15 Exhibit 15– RICO Excerpted Trial transcript, Nov. 26, 2013, # 16 Exhibit 16– Declaration of R. Friedman, # 17 Exhibit 17– Firm principles section from Forum Nobis website, # 18 Exhibit 18– Forum Nobis press release and Petition to the Inter–American Commission on Human Rights, # 19 Exhibit 19– Email from S. Donziger to A. Page re memo for Kohn, # 20 Exhibit 20– Email from S. Donziger to Page re Chev's Final, # 21 Exhibit 21– Email from S. Donziger to A. Page re Fusion Issue, # 22 Exhibit 22– Email from A. Page to S. Donziger re update (Alegato), # 23 Exhibit 23– Email from A. Page to S. Donziger re merger affidavit, # 24 Exhibit 24– Email from S. Donziger to A. Page re press idea, # 25 Exhibit 25– Email from A. Page to S. Donziger re work update, # 26 Exhibit 26– Email from S. Donziger to A. Page re sa13 Press release, # 27 Exhibit 27– A. Page Letter to DOJ on Oct. 4, 2006, # 28 Exhibit 28– S. Donziger Excerpted Deposition transcript, Dec. 1, 2010, # 29 Exhibit 29– Guide to interested shareholders by A. Page and D. Fisher re Chevron Litigation, # 30 Exhibit 30– Email from A. Page to S. Donziger re update from SRD, # 31 Exhibit 31– Email from L. Garr to S. Donziger and A. Page re Call, # 32 Exhibit 32– S. Donziger Phone records, # 33 Exhibit 33– A. Page Emergency Motion re Chevron's Contempt Motion, # 34 Exhibit 34– A. Page Response to Chevron's "Notice of End of RICO Trial", # 35 Exhibit 35– Notice of Decision RICO Case Filed in A. Page Case, # 36 Exhibit 36– A. Page Motion for reconsideration of Court's Order, # 37 Exhibit 37 (Filed Under Seal), # 38 Exhibit 38 (Filed Under Seal), # 39 Exhibit 39 (Filed Under Seal), # 40 Exhibit 40– J. Rizack Excerpted deposition Transcript, June 27, 2018, # 41 Exhibit 41 (Filed Under Seal), # 42 Exhibit 42 (Filed Under Seal), # 43 Exhibit 43 (Filed Under Seal), # 44 Exhibit 44 (Filed Under Seal), # 45 Exhibit 45 (Filed Under Seal), # 46 Exhibit 46 (Filed Under Seal), # 47 Exhibit 47 (Filed Under Seal), # 48 Exhibit 48 (Filed Under Seal), # 49 Exhibit 49 (Filed Under Seal), # 50 Exhibit 50 (Filed Under Seal), # 51 Exhibit 51 (Filed Under Seal), # 52 Exhibit 52 (Filed Under Seal), # 53 Exhibit 53 (Filed Under Seal), # 54 Exhibit 54 (Filed Under Seal), # 55 Exhibit 55 (Filed Under Seal), # 56 Exhibit 56 (Filed Under Seal), # 57 Exhibit 57 (Filed Under Seal), # 58 Exhibit 58 (Filed Under Seal), # 59 Exhibit 59 (Filed Under Seal), # 60 Exhibit 60 (Filed Under Seal), # 61 Exhibit 61 (Filed Under Seal), # 62 Exhibit 62 (Filed Under Seal), # 63 Exhibit 63 (Filed Under Seal), # 64 Exhibit 64 (Filed Under Seal), # 65 Exhibit 65 (Filed Under Seal), # 66 Exhibit 66 (Filed Under Seal), # 67 Exhibit 67 (Filed Under Seal), # 68 Exhibit 68 (Filed Under Seal), # 69 Exhibit 69 (Filed Under Seal), # 70 Exhibit 70 (Filed Under Seal), # 71 Exhibit 71 (Filed Under Seal), # 72 Exhibit 72 (Filed Under Seal), # 73 |

| | | |
|---|---|---|
| | | Exhibit 73 (Filed Under Seal), # 74 Exhibit 74 (Filed Under Seal), # 75 Exhibit 75 (Filed Under Seal), # 76 Exhibit 76 (Filed Under Seal), # 77 Exhibit 77 (Filed Under Seal), # 78 Exhibit 78 (Filed Under Seal), # 79 Exhibit 79 (Filed Under Seal), # 80 Exhibit 80 (Filed Under Seal), # 81 Exhibit 81 (Filed Under Seal), # 82 Exhibit 82 (Filed Under Seal), # 83 Exhibit 83 (Filed Under Seal), # 84 Exhibit 84 (Filed Under Seal), # 85 Exhibit 85 (Filed Under Seal), # 86 Exhibit 86 (Filed Under Seal), # 87 Exhibit 87 (Filed Under Seal), # 88 Exhibit 88 (Filed Under Seal), # 89 Exhibit 89 (Filed Under Seal), # 90 Exhibit 90 (Filed Under Seal), # 91 Exhibit 91 (Filed Under Seal), # 92 Exhibit 92 (Filed Under Seal), # 93 Exhibit 93 (Filed Under Seal), # 94 Exhibit 94 (Filed Under Seal), # 95 Exhibit 95 (Filed Under Seal), # 96 Exhibit 96 (Filed Under Seal), # 97 Exhibit 97 (Filed Under Seal), # 98 Exhibit 98 (Filed Under Seal), # 99 Exhibit 99 (Filed Under Seal), # 100 Exhibit 100 (Filed Under Seal), # 101 Exhibit 101 (Filed Under Seal), # 102 Exhibit 102 (Filed Under Seal), # 103 Exhibit 103 (Filed Under Seal), # 104 Exhibit 104 (Filed Under Seal), # 105 Exhibit 105 (Filed Under Seal), # 106 Exhibit 106 (Filed Under Seal), # 107 Exhibit 107 (Filed Under Seal), # 108 Exhibit 108 (Filed Under Seal), # 109 Exhibit 109 (Filed Under Seal), # 110 Exhibit 110 (Filed Under Seal), # 111 Exhibit 111 (Filed Under Seal), # 112 Exhibit 112– Forum Nobis Citibank Account Statement, # 113 Exhibit 113– Transfer and Assignment of Contingency Interests Aaron Marr Page)(Champion, Anne) Modified on 10/7/2019 (mt). (Entered: 08/28/2019) |
| 08/28/2019 | 2318 | DECLARATION of John A. Slavek in Support re: 2315 MOTION to Hold Aaron Marr Page and Forum Nobis PLLC in Contempt of Court for Their Violation of the RICO and Default Judgments .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– Chart tracking payments from S. Donziger to A. Page and Forum Nobis, 2006–2019, # 2 Exhibit 2– Analysis of Financial Transactions Comprising the May 23, 2019 Judgment)(Mastro, Randy) (Attachment 2 replaced on 10/1/2019) (kv). (Attachment 1 replaced on 10/1/2019) (kv). (Main Document 2318 replaced on 10/1/2019) (kv). (Entered: 08/28/2019) |
| 08/28/2019 | 2319 | DECLARATION of Spencer Lynch in Support re: 2315 MOTION to Hold Aaron Marr Page and Forum Nobis PLLC in Contempt of Court for Their Violation of the RICO and Default Judgments .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1– Email from A. Page to S. Donziger re Forum Nobis Invoice)(Mastro, Randy) (Attachment 1 replaced on 10/1/2019) (kv). (Main Document 2319 replaced on 10/1/2019) (kv). (Entered: 08/28/2019) |
| 08/28/2019 | 2320 | MOTION to Strike *Confidentiality Designations Over Documents Produced by Aaron Marr Page*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 (Filed Under Seal), # 2 Exhibit 2 (Filed Under Seal), # 3 Exhibit 3– Email from A. Page to S. Donziger re Chevron case, # 4 Exhibit 4– Email from A. Page on Feb. 18, 2019, # 5 Exhibit 5– Email from A. Page on April 5, 2019, # 6 Exhibit 6– Email from A. Page on April 8, 2019, # 7 Exhibit 7– Email from A. Page on April 16, 2019, # 8 Exhibit 8– Email De–designating Three Documents, # 9 Exhibit 9 (Filed Under Seal), # 10 Exhibit 10 (Filed Under Seal), # 11 Exhibit 11 (Filed Under Seal), # 12 Exhibit 12 (Filed Under Seal), # 13 Exhibit 13 (Filed Under Seal), # 14 Exhibit 14 (Filed Under Seal), # 15 Exhibit 15– Emails from on March 22, 2019 and March 26, 2019, # 16 Exhibit 16 (Filed Under Seal), # 17 Exhibit 17 (Filed Under Seal), # 18 Exhibit 18 (Filed Under Seal))(Mastro, Randy) (Entered: 08/28/2019) |
| 08/28/2019 | 2321 | MOTION to Seal . Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 08/28/2019) |
| 08/30/2019 | 2322 | CERTIFICATE OF SERVICE of Motion for Contempt, Motion to Strike, Motion to Seal and supporting documents served on Aaron Marr Page and Forum Nobis PLLC on August 29, 2019. Service was accepted by Aaron Marr Page. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 08/30/2019) |
| 09/04/2019 | 2323 | MEMO ENDORSEMENT granting 2321 Motion to Seal. ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 9/3/2019) (jca) Transmission to Sealed Records Clerk for processing. (Entered: 09/04/2019) |
| 09/04/2019 | | Discovery Hearing to address the Rizack subpoena protocol set for 9/13/2019 at 1:30 PM in Courtroom 18D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Robert W. Lehrburger. (rsh) (Entered: 09/04/2019) |

| | | |
|---|---|---|
| 09/05/2019 | 2324 | DISCOVERY CONFERENCE ORDER: Discovery Conference for Laura Miller to appear in person regarding Docket Index 2272, Motion to Comply with Subpoena scheduled for September 13, 2019, at 3:00 p.m. in Courtroom 18D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Robert W. Lehrburger. Parties are instructed to review and adhere to Judge Lehrburger's individual rules and practices. (Discovery Hearing set for 9/13/2019 at 03:00 PM in Courtroom 18D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Robert W. Lehrburger.) (Signed by Magistrate Judge Robert W. Lehrburger on 9/5/2019) Copies Sent By Chambers. (mml) (Entered: 09/05/2019) |
| 09/06/2019 | 2325 | LETTER addressed to Judge Loretta A. Preska from Andrew J Frisch dated September 6, 2019 re: Amendment of bond. Document filed by Steven Donziger.(Frisch, Andrew) (Entered: 09/06/2019) |
| 09/06/2019 | 2326 | PROPOSED STIPULATION AND ORDER. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/06/2019) |
| 09/06/2019 | 2327 | MEMO ENDORSEMENT on re: 2325 Letter filed by Steven Donziger. ENDORSEMENT: SO ORDERED. (Signed by Judge Loretta A. Preska on 9/6/2019) (mml) (Entered: 09/06/2019) |
| 09/09/2019 | 2328 | STIPULATION AND ORDER FOR EXTENSION OF BRIEFING SCHEDULE DEADLINES: Plaintiff, Chevron Corporation ("Chevron"), and nonparties, Aaron Marr Page and Fonun Nobis PLLC (collectively, "Page") hereby stipulate and agree to, and request the Court to enter, the following schedule for briefing relating to Chevron's motion for contempt against Page (Dkt. 2315) and Chevron's motion to strike Page's designations of confidentiality over his document production (0kt. 2320): 1. On or before September 10, 2019, Page shall file his opposition to Chevron's motion to strike; if Page is not yet activated on ECF by that date, Page's filing will be deemed timely if he sends his filing by overnight delivery to the Court and to Chevron and simultaneously serves Chevron's counsel via email. 2. On or before October 2, 2019, Page shall file his opposition to Chevron's motion for contempt. 3. On or before October 16, 2019, Chevron shall file its reply in support of its motion for contempt. The Court (1) on its own motion adopts the proposed insofar as it relates to Foram Nobis PLLC and (2) approves the stipulation between Chevron and Mr. Page individually. Forum Nobis may not appear in this action except by an attorney already admitted to practice in this Court. Mr. Page is not such an attorney and has not sought leave to appear pro hac vice. ( Responses due by 10/2/2019, Replies due by 10/16/2019.) (Signed by Judge Lewis A. Kaplan on 9/9/2019) (mro) (Entered: 09/09/2019) |
| 09/11/2019 | 2332 | PRO SE CONSENT TO RECEIVE ELECTRONIC SERVICE. The following party: Aaron M. Page consents to receive electronic service via the ECF system. Document filed by Aaron M. Page.(vn) (Entered: 09/18/2019) |
| 09/11/2019 | 2333 | NOTICE OF PRO SE APPEARANCE by Aaron M. Page. (vn) (Entered: 09/18/2019) |
| 09/11/2019 | 2334 | MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING for Aaron M. Page to participate in electronic case filing in this case. Document filed by Aaron M. Page. (vn) (Entered: 09/18/2019) |
| 09/11/2019 | 2335 | RESPONSE AND SUGGESTION OF MOOTNESS AND DECLARATION OF AARON PAGE IN SUPPORT THEREOF. Document filed by Aaron M. Page. (vn) (Entered: 09/18/2019) |
| 09/13/2019 | | Minute entry for proceedings held before Magistrate Judge Robert W. Lehrburger: Orders as reflected in today's transcript for the Discovery Hearing held on 9/13/2019 at 1:30 p.m. (Court Reporter Kris Sellin present). (rsh) (Entered: 09/13/2019) |
| 09/13/2019 | | Minute entry for proceedings held before Magistrate Judge Robert W. Lehrburger: Orders as reflected in today's transcript for the Discovery Hearing held on 9/13/2019 at 3:00 p.m. (Court Reporter Kris Sellin present). (rsh) (Entered: 09/13/2019) |
| 09/13/2019 | 2330 | NOTICE OF LIMITED APPEARANCE OF PRO BONO COUNSEL for Laura Miller. (Dipietro, Anthony) (Entered: 09/13/2019) |
| 09/17/2019 | 2331 | ORDER: This Court scheduled a hearing for August 7, 2019 to address the question of whether Defendant Donziger has purged his contempt of Paragraph 4 of the |

| | | |
|---|---|---|
| | | Forensic Inspection Protocol governing Donziger's identification of electronic devices, online social media and email accounts he has used since 2012 (the "Paragraph 4 Hearing"). Given then recently–initiated criminal contempt proceedings for which Donziger expressed a desire to retain counsel, and at Donziger's request (over Chevron's objection), the Court adjourned the Paragraph 4 Hearing until at least September 16, 2019 to provide Donziger with a three–week period to try to obtain counsel, and a two–week–plus period beyond that in the event he was successful in that effort. As of September 16, 2019, no counsel has appeared on behalf of Donziger in this action, and the parties have not contacted the Court to reset the Paragraph 4 Hearing. Accordingly, Chevron and Donziger, whether represented by counsel or proceeding pro se, shall cooperate and coordinate with the undersigned's Courtroom Deputy to schedule the Paragraph 4 Hearing. (Signed by Magistrate Judge Robert W. Lehrburger on 9/17/2019) (mml) Modified on 9/18/2019 (mml). (Entered: 09/17/2019) |
| 09/18/2019 | 2336 | ORDER granting 2334 Motion for Permission for Electronic Case Filing. (Signed by Judge Lewis A. Kaplan on 9/18/2019) (Kaplan, Lewis) Transmission to Docket Assistant Clerk for processing. (Entered: 09/18/2019) |
| 09/18/2019 | 2337 | ORDER: Non–party Aaron Marr Page refers in DI 2335 to a stipulation dated December 7, 2018. He is directed promptly to file a copy of that stipulation which does not appear or, in any case, is not readily found in the docket. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 9/18/2019) (jca) (Entered: 09/18/2019) |
| 09/19/2019 | 2338 | LETTER addressed to Magistrate Judge Robert W. Lehrburger from Randy M. Mastro dated September 18, 2019 re: hearing rescheduling. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Email)(Mastro, Randy) (Entered: 09/19/2019) |
| 09/20/2019 | 2339 | NOTICE of Hearing: Evidentiary Hearing set for 10/11/2019 at 10:00 AM in Courtroom 18D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Robert W. Lehrburger. Parties are instructed to review and adhere to Judge Lehrburger's individual rules and practices. (rsh) (Entered: 09/20/2019) |
| 09/23/2019 | 2340 | CERTIFICATE OF SERVICE of Motion for Contempt, Motion to Strike, Motion to Seal and supporting documents served on Aaron Marr Page on September 17, 2019. Service was accepted by Aaron Marr Page. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/23/2019) |
| 09/23/2019 | 2341 | CERTIFICATE OF SERVICE of Motion for Contempt, Motion to Strike, Motion to Seal and supporting documents served on Forum Nobis PLLC on September 17, 2019. Service was accepted by Aaron Marr Page. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 09/23/2019) |
| 09/23/2019 | 2342 | LETTER addressed to Judge Lewis A. Kaplan from Aaron M. Page dated September 23, 2019 re: Copy of Stipulation as requested by the Court. Document filed by Aaron M. Page. (Attachments: # 1 Exhibit B (Stipulation dated Dec 7, 2018))(Page, Aaron ) (Entered: 09/23/2019) |
| 09/23/2019 | | Minute Entry for proceedings held before Judge Loretta A. Preska: Interim Pretrial Conference held on 9/23/2019. Next conference scheduled for December 4, 2019 at 9:30 a.m. (Court Reporter Karen Gorlaski) (mph) (Entered: 10/02/2019) |
| 09/23/2019 | | Set/Reset Hearings: Pretrial Conference set for 12/4/2019 at 09:30 AM in Courtroom 12A, 500 Pearl Street, New York, NY 10007 before Judge Loretta A. Preska. (mph) (Entered: 10/02/2019) |
| 09/25/2019 | 2343 | ORDER: In view of Mr. Page's consent to the public filing of all of Chevron's papers in support of its motion to hold him in contempt [DI 2335, at 3], the papers in support of Chevron's motion [DI 2315–2319] all are unsealed. Chevron shall provide the Clerk with electronic copies of the unsealed papers suitable for electronic filing. The Clerk shall substitute the complete and unredacted copies for the redacted predecessors previously filed. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 9/25/2019) (jca) Transmission to Sealed Records Clerk for processing. (Entered: 09/25/2019) |

| | | |
|---|---|---|
| 09/26/2019 | 2344 | LETTER MOTION to Stay addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated September 26, 2019. Document filed by Steven Donziger.(Frisch, Andrew) (Entered: 09/26/2019) |
| 09/27/2019 | 2345 | LETTER MOTION for Extension of Time *to craft a Protocol consistent with the Court's ruling on September 13, 2019* addressed to Magistrate Judge Robert W. Lehrburger from Michael L Yaeger, Alex B. Silverman dated 9/27/19. Document filed by Rizack Joshua, The Rising Group Consulting, Inc.. Return Date set for 10/4/2019 at 11:59 PM.(Yaeger, Michael) (Entered: 09/27/2019) |
| 09/30/2019 | 2346 | ORDER granting 2345 Letter Motion for Extension of Time (HEREBY ORDERED by Magistrate Judge Robert W. Lehrburger)(Text Only Order) (ag) (Entered: 09/30/2019) |
| 10/01/2019 | 2347 | MEMO ENDORSEMENT on re: 2345 LETTER MOTION for Extension of Time *to craft a Protocol consistent with the Court's ruling on September 13, 2019* addressed to Magistrate Judge Robert W. Lehrburger from Michael L Yaeger, Alex B. Silverman dated 9/27/19 filed by The Rising Group Consulting, Inc., Rizack Joshua. ENDORSEMENT: SO ORDERED. (Signed by Magistrate Judge Robert W. Lehrburger on 9/27/2019) (mml) (Entered: 10/01/2019) |
| 10/02/2019 | 2348 | MOTION to Quash Subpoena Duces Tecum and Ad Testificandum of Patricio Salazar Cordova issued by Chevron Corporation . Document filed by Patricio Salazar Cordova.(Bailey, James) (Entered: 10/02/2019) |
| 10/02/2019 | 2349 | DECLARATION of Patricio Salazar Cordova in Support re: 2348 MOTION to Quash Subpoena Duces Tecum and Ad Testificandum of Patricio Salazar Cordova issued by Chevron Corporation .. Document filed by Patricio Salazar Cordova. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Bailey, James) (Entered: 10/02/2019) |
| 10/02/2019 | 2350 | MEMORANDUM OF LAW in Support re: 2348 MOTION to Quash Subpoena Duces Tecum and Ad Testificandum of Patricio Salazar Cordova issued by Chevron Corporation . . Document filed by Patricio Salazar Cordova. (Bailey, James) (Entered: 10/02/2019) |
| 10/03/2019 | 2351 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 2, 2019 re: 2344 LETTER MOTION to Stay addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated September 26, 2019. . Document filed by Chevron Corporation. (Attachments: # 1 Declaration of Randy M. Mastro in Support, # 2 Exhibit A – Transcript Excerpt)(Mastro, Randy) (Entered: 10/03/2019) |
| 10/03/2019 | 2352 | TRANSCRIPT of Proceedings re: CONFERENCE held on 6/10/2019 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Paula Speer, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/24/2019. Redacted Transcript Deadline set for 11/4/2019. Release of Transcript Restriction set for 1/1/2020.(McGuirk, Kelly) (Entered: 10/03/2019) |
| 10/03/2019 | 2353 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 6/10/19 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 10/03/2019) |
| 10/03/2019 | 2354 | RESPONSE in Opposition to Motion re: 2315 MOTION to Hold Aaron Marr Page and Forum Nobis PLLC in Contempt of Court for Their Violation of the RICO and Default Judgments . . Document filed by Aaron M. Page. (Page, Aaron ) (Entered: 10/03/2019) |
| 10/03/2019 | 2355 | DECLARATION of Aaron M. Page in Opposition re: 2315 MOTION to Hold Aaron Marr Page and Forum Nobis PLLC in Contempt of Court for Their Violation of the RICO and Default Judgments .. Document filed by Aaron M. Page. (Attachments: # 1 Exhibit A (2018 Invoices))(Page, Aaron ) (Entered: 10/03/2019) |

| 10/04/2019 | 2356 | LETTER REPLY to Response to Motion addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated October 4, 2019 re: 2344 LETTER MOTION to Stay addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated September 26, 2019. . Document filed by Steven Donziger. (Frisch, Andrew) (Entered: 10/04/2019) |
|---|---|---|
| 10/04/2019 | 2357 | ORDER with respect to 2348 MOTION to Quash Subpoena Duces Tecum and Ad Testificandum of Patricio Salazar Cordova. In the interests of a full and proper briefing of the issues on the motion to quash, Salazar on or before October 11, 2019, may file a supplemental memorandum, not to exceed 10 double spaced pages, addressing the implications of Federal Rule 69 for his motion. Chevron's response to the motion to quash shall be filed on or before October 18, 2019. (And as further set forth in this Order.) SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/4/2019) (jca) (Entered: 10/04/2019) |
| 10/04/2019 | | Set/Reset Deadlines: Responses due by 10/18/2019 (jca) (Entered: 10/04/2019) |
| 10/04/2019 | 2358 | LETTER RESPONSE to Motion addressed to Judge Lewis A. Kaplan from Randy M. Mastro dated October 4, 2019 re: 2344 LETTER MOTION to Stay addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated September 26, 2019. *Response to Steven Donziger's Reply (Dkt. 2356) in support of his letter−motion*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A − Transcript Excerpts)(Mastro, Randy) (Entered: 10/04/2019) |
| 10/04/2019 | 2359 | ORDER (CORRECTED) with respect to 2348 MOTION to Quash Subpoena Duces Tecum and Ad Testificandum of Patricio Salazar Cordova. In the interests of a full and proper briefing of the issues on the motion to quash, Salazar on or before October II, 2019, may file a supplemental memorandum, not to exceed 10 double spaced pages, addressing the implications of Federal Rule 69 for his motion. Chevron's response to the motion to quash shall be filed on or before October 18, 2019. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/4/2019) (jca) (Entered: 10/04/2019) |
| 10/04/2019 | 2360 | JOINT LETTER addressed to Magistrate Judge Robert W. Lehrburger from Michael L Yaeger, Alex B. Silverman dated 10/04/2019 re: Join Cover Letter with Proposed Order and Protocol. Document filed by Rizack Joshua, The Rising Group Consulting, Inc.. (Attachments: # 1 Text of Proposed Order and Protocol)(Yaeger, Michael) (Entered: 10/04/2019) |
| 10/06/2019 | 2361 | LETTER REPLY to Response to Motion addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated October 6, 2019 re: 2344 LETTER MOTION to Stay addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated September 26, 2019. . Document filed by Steven Donziger. (Frisch, Andrew) (Entered: 10/06/2019) |
| 10/07/2019 | 2362 | ORDER: NOW, THEREFORE, IT IS: ORDERED that Chevron and Rizack will abide by the forensic inspection protocol attached to this Order as Appendix A (the "Protocol"); and it is ORDERED that this Order is without prejudice to any motion that Chevron or Rizack may wish to bring pe1iaining to the Motion and/or Protocol. SO ORDERED. (Signed by Magistrate Judge Robert W. Lehrburger on 10/4/2019) (mml) (Entered: 10/07/2019) |
| 10/07/2019 | 2363 | ORDER: Accordingly, without addressing the stay motion before District Judge Kaplan, the Court will adjourn the Paragraph 4 civil contempt hearing to a date shortly after the December 4, 2019 criminal contempt conference. The parties are directed to cooperate with the Deputy Clerk to schedule the hearing date for early to mid−December. SO ORDERED. (Signed by Magistrate Judge Robert W. Lehrburger on 10/7/2019) Copies transmitted to all counsel of record and Steven R. Danziger (by ECF). (mml) (Entered: 10/07/2019) |
| 10/08/2019 | 2364 | ORDER denying without prejudice 2344 Letter Motion to Stay. In view of Magistrate Judge Lehrberger's postponement of the hearing most recently scheduled for October 11, 2019, Donziger's letter motion for a stay of that hearing [DI 2344] is denied without prejudice to renewal following rescheduling of the hearing. Should the motion be renewed, Donziger should bear in mind that facts outside the record of this case and that are not proper subjects of judicial notice should be supported by declarations, affidavits or other competent evidence. Counsel should also make clear whether he is appearing in this case on Donziger' s behalf. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/8/2019) (jca) (Entered: 10/08/2019) |

| | | |
|---|---|---|
| 10/08/2019 | 2365 | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE: Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non–Dispositive Motion/Dispute; DI–2315. Referred to Magistrate Judge Robert W. Lehrburger. SO ORDERED. Motions referred to Robert W. Lehrburger. (Signed by Judge Lewis A. Kaplan on 10/8/2019) (jca) (Entered: 10/08/2019) |
| 10/08/2019 | 2366 | ORDER: On May 23, 2019, the Court held Donziger in civil contempt of court based, among other things, on his disobedience of paragraph 4 of the forensic protocol entered on March 5, 2019. On May 29, 2019, the Court held Donziger in civil contempt of court based on his disobedience of paragraph 5 of the forensic protocol. It imposed coercive monetary sanctions for both of these civil contempts, but these failed to achieve obedience. Accordingly, on June 11, 2019, the Court imposed an additional coercive sanction with respect to each of these contempts. It ordered Donziger to surrender to the Clerk each and every passport issued to him by each and every nation to have done so, the passport(s) to be held by the Clerk unless and until this Court determines that Donziger has purged himself of both of these contempts. Donziger failed to comply with the June 11, 2019 order. On July 31, 2019, the Court charged Donziger with criminal contempt of court. He was arraigned before Judge Preska on August 6, 2019. He was released on bail and on the condition that he surrender each and every passport to Pretrial Services. Donziger remains under the obligation, imposed by this Court's June 11, 2019 order, to surrender his passports to the Clerk to be retained until the Court determines that he has complied fully with both paragraphs 4 and 5 of the forensic protocol. He has surrendered a current and two expired passports. Donziger's obligation to surrender his passports pursuant to Judge Preska's bail conditions is independent of his obligations under this Court's June 11, 2019 order. Accordingly, in the event that the retention by Pretrial Services of the passports surrendered by Donziger is no longer required for bail purposes, Pretrial Services shall deliver them to the Clerk of this Court to be held by her, pursuant to my June 11, 2019 order, pending a determination that Donziger has purged himself of his civil contempt of paragraphs 4 and 5 of the forensic protocol. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/8/2019) (jca) (Entered: 10/08/2019) |
| 10/11/2019 | 2367 | SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 2348 MOTION to Quash Subpoena Duces Tecum and Ad Testificandum of Patricio Salazar Cordova issued by Chevron Corporation . . Document filed by Patricio Salazar Cordova. (Bailey, James) (Entered: 10/11/2019) |
| 10/16/2019 | 2368 | SEALED DOCUMENT placed in vault.(rz) (Entered: 10/16/2019) |
| 10/16/2019 | 2369 | REPLY MEMORANDUM OF LAW in Support re: 2315 MOTION to Hold Aaron Marr Page and Forum Nobis PLLC in Contempt of Court for Their Violation of the RICO and Default Judgments . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/16/2019) |
| 10/16/2019 | 2370 | DECLARATION of ANNE CHAMPION in Support re: 2315 MOTION to Hold Aaron Marr Page and Forum Nobis PLLC in Contempt of Court for Their Violation of the RICO and Default Judgments .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 114 – Transcript)(Champion, Anne) (Entered: 10/16/2019) |
| 10/17/2019 | 2371 | DECLARATION of JOHN A. SLAVEK in Support re: 2315 MOTION to Hold Aaron Marr Page and Forum Nobis PLLC in Contempt of Court for Their Violation of the RICO and Default Judgments .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A–1 – Summary of Inflows and Outflows, # 2 Exhibit A–2 – Summary of Inflows and Outflows, # 3 Exhibit B–1 – Summary of Infows and Outflows, # 4 Exhibit B–2 – Summary of Inflows and Outflows, # 5 Exhibit B–3 – Investor and Client Funds Deposits, # 6 Exhibit B–4 – Vendor Expenditures, # 7 Exhibit B–5 – SRD Deposits, # 8 Exhibit B–6 – SRD Personal Expenditures, # 9 Exhibit B–6.1 SRD Personal Expenditures, # 10 Exhibit B–6.2 SRD Personal Expenditures)(Mastro, Randy) (Entered: 10/17/2019) |
| 10/17/2019 | 2372 | TRANSCRIPT of Proceedings re: CONFERENCE held on 9/13/2019 before Magistrate Judge Robert W. Lehrburger. Court Reporter/Transcriber: Khristine Sellin, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/7/2019. Redacted Transcript Deadline set for 11/18/2019. Release of |

| | | Transcript Restriction set for 1/15/2020.(McGuirk, Kelly) (Entered: 10/17/2019) |
|---|---|---|
| 10/17/2019 | 2373 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 9/13/2019 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 10/17/2019) |
| 10/17/2019 | 2374 | TRANSCRIPT of Proceedings re: CONFERENCE held on 9/13/2019 before Magistrate Judge Robert W. Lehrburger. Court Reporter/Transcriber: Khristine Sellin, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/7/2019. Redacted Transcript Deadline set for 11/18/2019. Release of Transcript Restriction set for 1/15/2020.(McGuirk, Kelly) (Entered: 10/17/2019) |
| 10/17/2019 | 2375 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 9/13/19 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 10/17/2019) |
| 10/20/2019 | 2376 | MEMORANDUM OF LAW in Opposition re: 2348 MOTION to Quash Subpoena Duces Tecum and Ad Testificandum of Patricio Salazar Cordova issued by Chevron Corporation . . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 10/20/2019) |
| 10/20/2019 | 2377 | DECLARATION of ANNE CHAMPION in Opposition re: 2348 MOTION to Quash Subpoena Duces Tecum and Ad Testificandum of Patricio Salazar Cordova issued by Chevron Corporation .. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit 1 – Video Exhibit, # 2 Exhibit 2 – Transcription and Translation, # 3 Exhibit 3 – Email, # 4 Exhibit 4 – Witness Statement, # 5 Exhibit 5 – Email, # 6 Exhibit 6 – Email, # 7 Exhibit 7 – Email, # 8 Exhibit 8 – Press Release, # 9 Exhibit 9 – Under Seal, # 10 Exhibit 10 – Under Seal, # 11 Exhibit 11 – Under Seal, # 12 Exhibit 12 – Under Seal, # 13 Exhibit 13 – Testimony, # 14 Exhibit 14 – Press Release, # 15 Exhibit 15 – Under Seal, # 16 Exhibit 16 – Affidavit, # 17 Exhibit 17 – Annual Report, # 18 Exhibit 18 – Request, # 19 Exhibit 19 – Subpoena)(Champion, Anne) (Entered: 10/20/2019) |
| 10/20/2019 | 2378 | MOTION to Seal *and File Redacted Documents*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 10/20/2019) |
| 10/20/2019 | 2379 | DECLARATION of SHANE BAUMGARDNER re: 2377 Declaration in Opposition to Motion,,, 2376 Memorandum of Law in Opposition to Motion – *Declaration explaning Filing Difficulties*. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Error Notice, # 2 Exhibit B – Email, # 3 Exhibit C – Recipients' Receipt)(Mastro, Randy) (Entered: 10/20/2019) |
| 10/20/2019 | 2380 | PROPOSED STIPULATION AND ORDER. Document filed by Patricio Salazar Cordova. (Bailey, James) (Entered: 10/20/2019) |
| 10/22/2019 | 2381 | MEMO ENDORSEMENT on CHEVRON CORPORATION'S MOTION FOR LEAVE TO FILE DOCUMENTS PROVISIONALLY UNDER SEAL. ENDORSEMENT: So ordered. Granted. Granting 2378 Motion to Seal. (Signed by Judge Lewis A. Kaplan on 10/22/2019) (rjm) Transmission to Sealed Records Clerk for processing. (Entered: 10/22/2019) |
| 10/22/2019 | 2382 | STIPULATION AND ORDER. IT IS HEREBY STIPULATED AND AGREED between the parties and their undersigned counsel: The time for Salazar to file his reply memorandum of law in support of his motion to quash the subpoenas shall be extended to and including October 23, 2019. Salazar stipulates that the service of Chevron's opposition shall be deemed timely. IT IS SO ORDERED. (Replies due by 10/23/2019.) (Signed by Judge Lewis A. Kaplan on 10/22/2019) (rjm) (Entered: |

| | | 10/22/2019) |
|---|---|---|
| 10/22/2019 | 2383 | SEALED DOCUMENT placed in vault.(rz) (Entered: 10/22/2019) |
| 10/23/2019 | | SCHEDULING ORDER: Contempt Hearing set for 12/12/2019 at 10:00 AM in Courtroom 18D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Robert W. Lehrburger. (Signed by Magistrate Judge Robert W. Lehrburger on 10/23/2019) (rsh) (Entered: 10/23/2019) |
| 10/23/2019 | 2384 | REPLY MEMORANDUM OF LAW in Support re: 2348 MOTION to Quash Subpoena Duces Tecum and Ad Testificandum of Patricio Salazar Cordova issued by Chevron Corporation . . Document filed by Patricio Salazar Cordova. (Bailey, James) (Entered: 10/23/2019) |
| 11/04/2019 | 2385 | LETTER addressed to Judge Loretta A. Preska from Andrew J Frisch dated November 4, 2019 re: Modification of terms of release to eliminate home confinement and electronic monitoring. Document filed by Steven Donziger.(Frisch, Andrew) (Entered: 11/04/2019) |
| 11/04/2019 | 2386 | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non–Dispositive Motion/Dispute; DI–2320. Referred to Magistrate Judge Robert W. Lehrburger. SO ORDERED. Motions referred to Robert W. Lehrburger. (Signed by Judge Lewis A. Kaplan on 11/4/2019) (jca) (Entered: 11/04/2019) |
| 11/05/2019 | 2387 | ORDER denying without prejudice to renewal 2320 Motion to Strike. Pursuant to referral (Dkt. 2386), this order resolves Chevron's motion to strike the confidentiality designations for documents produced by non–party Aaron Marr Page (Dkt. 2320). Page has sworn pursuant to declaration that he designated all documents as Confidential in good faith. (Dkt. 2329.) Page has demonstrated a willingness to de–designate documents when asked by Chevron for particular purposes, such as in connection with Chevron's motion to hold Page in contempt. Page also has expressed his continued willingness to do so in the future. Considering all relevant factors and in the interest of efficient and speedy adjudication of disputes, and recognizing that Page is a non–party proceeding prose (although the subject of a motion for contempt), Chevron's motion to strike is denied without prejudice to renew in the event that Page refuses Chevron's requests to de–designate particular documents in the future. (Signed by Magistrate Judge Robert W. Lehrburger on 11/5/2019) Copies transmitted to all counsel of record, Steven R. Danziger, and Aaron Marr Page (by ECF). (mml) (Entered: 11/05/2019) |
| 11/13/2019 | 2388 | LETTER addressed to Judge Loretta A. Preska from Rita M. Glavin dated November 13, 2019 re: opposing Donzigers 11/4/19 request to modify release conditions. Document filed by United States of America.(Glavin, Rita) (Entered: 11/13/2019) |
| 11/18/2019 | 2389 | LETTER addressed to Judge Loretta A. Preska from Andrew J Frisch dated November 18, 2019 re: reply to opposition to motion to eliminate monitoring and home confinement. Document filed by Steven Donziger.(Frisch, Andrew) (Entered: 11/18/2019) |
| 11/19/2019 | 2390 | PROPOSED STIPULATION AND ORDER. Document filed by Chevron Corporation. (Neuman, Andrea) (Entered: 11/19/2019) |
| 11/19/2019 | 2391 | MOTION in Limine *to Preclude Steven Donziger from Raising a Fifth Amendment Defense at the December 12, 2019 Evidentiary Hearing*. Document filed by Chevron Corporation.(Mastro, Randy) (Entered: 11/19/2019) |
| 11/19/2019 | 2392 | MEMORANDUM OF LAW in Support re: 2391 MOTION in Limine *to Preclude Steven Donziger from Raising a Fifth Amendment Defense at the December 12, 2019 Evidentiary Hearing*. . Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 11/19/2019) |
| 11/19/2019 | 2393 | DECLARATION of Anne Champion in Support re: 2391 MOTION in Limine *to Preclude Steven Donziger from Raising a Fifth Amendment Defense at the December 12, 2019 Evidentiary Hearing*.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A– Excerpted AGC Hearing Transcript, # 2 Exhibit B– 2019.05.17 Charter Response to J. Silverstein)(Champion, Anne) (Entered: 11/19/2019) |

| | | |
|---|---|---|
| 11/20/2019 | 2394 | LETTER addressed to Judge Loretta A. Preska from Andrew J Frisch dated November 20, 2019 re: argument on motion for modification of release conditions. Document filed by Steven Donziger.(Frisch, Andrew) (Entered: 11/20/2019) |
| 11/21/2019 | 2395 | LETTER addressed to Judge Loretta A. Preska from Rita M. Glavin dated November 21, 2019 re: response to Donziger's November 18, 2019 Letter.. Document filed by United States of America.(Glavin, Rita) (Entered: 11/21/2019) |
| 11/22/2019 | 2396 | LETTER addressed to Judge Loretta A. Preska from Andrew J Frisch dated November 22, 2019 re: Permission to travel. Document filed by Steven Donziger.(Frisch, Andrew) (Entered: 11/22/2019) |
| 11/27/2019 | 2397 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION for Discovery *Relief Relating to Payment of Reasonable Fees and Modification of Protocol Deadlines*. Document filed by Rizack Joshua, The Rising Group Consulting, Inc..(Yaeger, Michael) Modified on 12/2/2019 (db). (Entered: 11/27/2019) |
| 11/27/2019 | 2398 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE 2400 Memorandum) –** MEMORANDUM OF LAW in Support re: 2397 MOTION for Discovery *Relief Relating to Payment of Reasonable Fees and Modification of Protocol Deadlines*. . Document filed by Rizack Joshua, The Rising Group Consulting, Inc.. (Yaeger, Michael) Modified on 12/2/2019 (db). (Entered: 11/27/2019) |
| 11/27/2019 | 2399 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** DECLARATION of Alex B. Silverman in Support re: 2397 MOTION for Discovery *Relief Relating to Payment of Reasonable Fees and Modification of Protocol Deadlines*.. Document filed by Rizack Joshua, The Rising Group Consulting, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Yaeger, Michael) Modified on 12/2/2019 (db). (Entered: 11/27/2019) |
| 11/27/2019 | 2400 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MEMORANDUM OF LAW in Support re: 2397 MOTION for Discovery *Relief Relating to Payment of Reasonable Fees and Modification of Protocol Deadlines*. *(Corrected Table of Authorities)*. Document filed by Rizack Joshua. (Yaeger, Michael) Modified on 12/2/2019 (db). (Entered: 11/27/2019) |
| 12/02/2019 | 2401 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED AND AGREED between the undersigned parties: 1. Greenberg shall produce all documents responsive to Chevron's subpoenas that are within, his possession, custody, or control on a rolling basis, beginning as of the date of this stipulation, and shall produce all such documents by no later than December 7, 2019. 2. Greenberg shall appear for his deposition on December 9, 2019 at 2:00 PM at Gibson, Dunn & Crutcher LLP, 200 Park Ave., New York, NY 10166. Dated: November 19, 2019. IT IS SO ORDERED. (Deposition due by 12/9/2019.) (Signed by Judge Lewis A. Kaplan on 12/2/2019) (jca) (Entered: 12/02/2019) |
| 12/02/2019 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Michael Lloyd Yaeger to RE–FILE Document 2397 MOTION for Discovery *Relief Relating to Payment of Reasonable Fees and Modification of Protocol Deadlines*. Use the event type Attorney Fees; and Stay (Select both reliefs) found under the event list Motion(s). (db)** (Entered: 12/02/2019) |
| 12/02/2019 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Michael Lloyd Yaeger to RE–FILE Document 2398 Memorandum of Law in Support of Motion, 2400 Memorandum of Law in Support of Motion, 2399 Declaration in Support of Motion. ERROR(S): Document(s) linked to filing error. (db)** (Entered: 12/02/2019) |
| 12/03/2019 | 2402 | MOTION for Attorney Fees *and Costs*., MOTION to Stay *Protocol Deadlines*. Document filed by Rizack Joshua, The Rising Group Consulting, Inc..(Yaeger, Michael) (Entered: 12/03/2019) |
| 12/03/2019 | 2403 | MEMORANDUM OF LAW in Support re: 2402 MOTION for Attorney Fees *and Costs*. MOTION to Stay *Protocol Deadlines*. . Document filed by Rizack Joshua, The Rising Group Consulting, Inc.. (Yaeger, Michael) (Entered: 12/03/2019) |

| | | |
|---|---|---|
| 12/03/2019 | 2404 | DECLARATION of Alex B. Silverman in Support re: 2402 MOTION for Attorney Fees *and Costs*. MOTION to Stay *Protocol Deadlines*.. Document filed by Rizack Joshua, The Rising Group Consulting, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Yaeger, Michael) (Entered: 12/03/2019) |
| 12/03/2019 | 2405 | LETTER MOTION to Stay addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated December 3, 2019. Document filed by Steven Donziger.(Frisch, Andrew) (Entered: 12/03/2019) |
| 12/03/2019 | 2406 | LETTER addressed to Judge Loretta A. Preska from Andrew J Frisch dated December 3, 2019 re: Reconsideration of ruling on conditions of release. Document filed by Steven Donziger.(Frisch, Andrew) (Entered: 12/03/2019) |
| 12/04/2019 | 2407 | LETTER MOTION for Extension of Time *to respond to the Motion by Nonparties Joshua Rizack and the Rising Group Consulting, Inc. for Payment of Reasonable Fees and Modification of Protocol Deadlines* addressed to Magistrate Judge Robert W. Lehrburger from Andrea E. Neuman dated December 4, 2019. Document filed by Chevron Corporation. (Attachments: # 1 Joint Stipulation and Proposed Order)(Neuman, Andrea) (Entered: 12/04/2019) |
| 12/05/2019 | 2408 | JOINT STIPULATION AND ORDER GRANTING EXTENSION OF TIME FOR FILING OF OPPOSITION AND REPLY BRIEF: NOW, THEREFORE, Chevron and Rizack hereby stipulate and request that the Court grant Chevron leave to file the Opposition Brief on Wednesday, December 18, 2019 at 12:00 P.M. and Rizack to file the reply Brief on Tuesday, December 24, 2019. SO ORDERED. Motions terminated: 2407 LETTER MOTION for Extension of Time *to respond to the Motion by Nonparties Joshua Rizack and the Rising Group Consulting, Inc. for Payment of Reasonable Fees and Modification of Protocol Deadlines* addressed to Magistrate Judge Robert W. Lehrburger filed by Chevron Corporation. (Response Brief due by 12/18/2019, Reply Brief due by 12/24/2019.) (Signed by Magistrate Judge Robert W. Lehrburger on 12/5/2019) (mml) (Entered: 12/05/2019) |
| 12/05/2019 | 2409 | REPLY MEMORANDUM OF LAW in Support re: 2391 MOTION in Limine *to Preclude Steven Donziger from Raising a Fifth Amendment Defense at the December 12, 2019 Evidentiary Hearing*., 2405 LETTER MOTION to Stay addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated December 3, 2019. – *CHEVRON CORPORATION'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE STEVEN DONZIGER FROM RAISING A FIFTH AMENDMENT DEFENSE AT THE DECEMBER 12, 2019 EVIDENTIARY HEARING, AND OPPOSITION TO DONZIGER'S MOTION TO STAY EVIDENTIARY HEARING*. Document filed by Chevron Corporation. (Mastro, Randy) (Entered: 12/05/2019) |
| 12/05/2019 | 2410 | DECLARATION of ANNE CHAMPION in Support re: 2391 MOTION in Limine *to Preclude Steven Donziger from Raising a Fifth Amendment Defense at the December 12, 2019 Evidentiary Hearing*., 2405 LETTER MOTION to Stay addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated December 3, 2019.. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Order, # 2 Exhibit B – Transcript, # 3 Exhibit C – Transcript, # 4 Exhibit D – Docket Report)(Champion, Anne) (Entered: 12/05/2019) |
| 12/09/2019 | 2411 | LETTER REPLY to Response to Motion addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated December 9, 2019 re: 2405 LETTER MOTION to Stay addressed to Judge Lewis A. Kaplan from Andrew J Frisch dated December 3, 2019. . Document filed by Steven Donziger. (Frisch, Andrew) (Entered: 12/09/2019) |
| 12/09/2019 | 2412 | MEMORANDUM AND ORDER denying without prejudice 2391 Motion in Limine; denying 2405 Motion to Stay. Donziger's letter motion to stay or adjourn the December 12, 2019 hearing, to hold Chevron's motion in abeyance, and to permit his counsel in the criminal contempt case to make a special appearance or, alternatively, to give Danziger "an opportunity either to address the substance of Chevron's motion or pursue appellate rights [Dkt. 2405] is denied in all respects, 16 provided, however, that the Court has considered the submission by Donziger's criminal defense counsel on United States v. Rylander, 460 U.S. 752, 758 (1983) (holding that a civil contemnor'saffidavit and direct testimony "were properly disregarded by the District Court" because he refused to be cross–examined on Fifth Amendment grounds at his contempt hearing). The prayer for alternative relief is denied because Donziger already has had an opportunity to address the substance of Chevron's motion but |

| | | |
|---|---|---|
| | | elected not to do so. He had the usual fourteen day period from the filing of Chevron's motion within which to file answering papers and, indeed, sought no extension of that period. He instead moved for a stay or adjournment of the December 12 hearing without addressing the substance of Chevron's motion. He thus knowingly took the risk that his attempt to delay the hearing further would be denied and that Chevron's motion would be decided against him. this occasion and, on appropriate application and for good cause, might do so in the future. Chevron's motion in limine for an order precluding Danziger from refusing on the basis of his Fifth Amendment privilege against self incrimination to answer questions as to whether he has cured his contempt of Paragraph 4 of the Forensic Inspection Protocol Order [Dkt. 2391] denied without prejudice to the assertion of its contentions before the Magistrate Judge. (As further set forth in this Order.). (Signed by Judge Lewis A. Kaplan on 12/9/2019) (cf) (Entered: 12/09/2019) |
| 12/10/2019 | 2413 | LETTER addressed to Judge Loretta A. Preska from Rita M. Glavin dated December 10, 2019 re: Response to Donziger's December 3, 2019 Letter. Document filed by United States of America. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Glavin, Rita) (Entered: 12/10/2019) |
| 12/10/2019 | 2414 | LETTER addressed to Magistrate Judge Robert W. Lehrburger from Randy M. Mastro dated December 10, 2019 re: Response to Order denying Motion In Limine dated December 9, 2019. Document filed by Chevron Corporation. (Attachments: # 1 Exhibit A – Memorandum of Law, # 2 Exhibit B – Reply Memorandum of Law, # 3 Exhibit C – Letters, # 4 Exhibit D – Order)(Mastro, Randy) (Entered: 12/10/2019) |
| 12/11/2019 | 2415 | TRANSCRIPT of Proceedings re: argument held on 11/25/2019 before Judge Loretta A. Preska. Court Reporter/Transcriber: Khristine Sellin, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/2/2020. Redacted Transcript Deadline set for 1/13/2020. Release of Transcript Restriction set for 3/10/2020.(McGuirk, Kelly) (Entered: 12/11/2019) |
| 12/11/2019 | 2416 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a argument proceeding held on 11/25/19 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/11/2019) |
| 12/11/2019 | 2417 | LETTER addressed to Magistrate Judge Robert W. Lehrburger from Andrew J Frisch dated December 11, 2019 re: Anticipated emergency application or a stay. Document filed by Steven Donziger.(Frisch, Andrew) (Entered: 12/11/2019) |
| 12/12/2019 | 2418 | **FILING ERROR – NO ORDER SELECTED FOR APPEAL –** NOTICE OF INTERLOCUTORY APPEAL. Document filed by Steven Donziger. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Frisch, Andrew) Modified on 12/12/2019 (tp). (Entered: 12/12/2019) |
| 12/12/2019 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Frisch, Andrew to RE–FILE Document No. 2418 Notice of Interlocutory Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re–file the appeal using the event type Corrected Notice of Appeal found under the event list Appeal Documents – attach the correct signed PDF – select the correct named filer/filers – select the correct order/judgment being appealed. (tp)** (Entered: 12/12/2019) |
| 12/12/2019 | 2419 | LETTER MOTION to Stay addressed to Magistrate Judge Robert W. Lehrburger from Andrew J Frisch dated December 12, 2019. Document filed by Steven Donziger. (Attachments: # 1 Exhibit A)(Frisch, Andrew) (Entered: 12/12/2019) |
| 12/12/2019 | 2420 | NOTICE OF APPEAL from 2412 Memorandum & Order. Document filed by Steven Donziger. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (nd) (Entered: 12/12/2019) |

| 12/12/2019 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 2420 Notice of Appeal. (nd) (Entered: 12/12/2019) |
|---|---|---|
| 12/12/2019 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 2420 Notice of Appeal filed by Steven Donziger were transmitted to the U.S. Court of Appeals. (nd) (Entered: 12/12/2019) |
| 12/12/2019 | | USCA Appeal Fees received $ 505.00 receipt number 465401250186 on 12/12/2019 re: 2420 Notice of Appeal filed by Steven Donziger. (nd) (Entered: 12/12/2019) |